# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

           Plaintiff,

v.

**HENRY FORD HOSPITAL**,

           Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Hon. George Caram Steeh*

/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd, 4th Floor | *Attorneys for Defendant* |
| Detroit, MI  48226-0840 | 39500 High Pointe Blvd., Suite 350 |
| (313) 964-4454 Phone | Novi, MI  48375 |
| (313) 964-4490 Fax | (248) 567-7400 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

/

## JOINT F.R.C.P RULE 26(f) PLAN

A Scheduling Conference in this matter is set for July 17, 2014, at 10:00 a.m. Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a conference regarding discovery and scheduling in this matter and now submit the following report:

# I.    BACKGROUND

## A.    Factual and Legal Issues:

### 1.    Plaintiff's Claims:

Plaintiff was discharged for reporting her employer to the State of Michigan for forcing its employees to work during their unpaid lunches in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*. Her direct supervisor specifically threatened Plaintiff for reporting her and the Defendant to the State mere hours before she was terminated. Plaintiff was allegedly discharged for abandoning her job to go to lunch, even though Defendant had changed its policies to require employees to take a mandatory un-paid lunch due to Plaintiff's reports. Plaintiff has filed this complaint seeking relief under section 215(a)(3) of the FLSA as well as under the Michigan Whistleblower Protection Act (WPA), MCL §15.361 *et seq.,* including back-pay, front-pay, emotional damages, punitive damages, attorney fees, and interest for being wrongfully terminated for just doing the right thing and asserting the rights of herself and her co-workers.

### 2.    Defendant Claims:

Plaintiff's employment with Defendant was terminated for legitimate, non-discirminatory and non-retaliatory reasons. Plaintiff cannot establish a *prima facie* claim under the Fair Labor Standards Act or the Michigan Whistleblowers' Protection Act. Defendant incorporates by reference, its Answer and Affirmative

Defenses but reserves the right to assert additional defenses learned through investigation and/or discovery.

3.      Factual/Legal Issues:

Plaintiff claims this case presents the following factual/legal questions:

>    (a)    Was Plaintiff engaged in protected activity under the Fair Labor Standards Act?
>    (b)    Did Defendant have knowledge of Plaintiff's protected activity?
>    (c)    Did Defendant take an adverse employment action against Plaintiff?
>    (d)    Was there a causal connection between the adverse employment action and Plaintiff's protected activity?
>    (e)    Did Plaintiff report or was she about to report a suspected violation of law to a public body?
>    (f)    Did Defendant have objective notice about Plaintiff's report or intent to report a suspected violation of law to a public body?
>    (g)    Was it reasonable for Plaintiff to suspect that Defendant had violated the law?
>    (h)    Was Plaintiff's termination motivated by Plaintiff's reports or intent to report a violation of law to a public body?
>    (i)    Did Defendant have a legitimate non-discriminatory reason for terminating Plaintiff?
>    (j)    Was Defendant's reason mere pretext?
>    (k)    What are Plaintiff's damages?

Defendant claims this case presents the following factual and legal issues:

>    All of the above, with the addition of:
>    (a) Whether Plaintiff can establish a *prima facie* claim for violation of the Fair Labor Standards Act;
>    (b) Whether Plaintiff can establish a *prima facie* claim for violation of Michigan Whistleblowers' Protection Act;
>    (c) Whether any of Plaintiff's claims are barred by the applicable statute(s) of limitations;
>    (d) Whether Plaintiff has failed to mitigate her alleged damages;
>    (e) Whether Plaintiff is entitled as a matter of fact or law to punitive damages;

(f) Whether any of Plaintiff's claims or alleged damages are barred or limited by the doctrine of after-aquired evidence;

(g) Whether the named Defendant is a proper party.

**B.**     **Proposed Amendments to the Pleadings**:

The parties do not currently foresee the possibility of amending the Pleadings, but do not foreclose the possibility.

**C.**     **Potential for Resolution**:

Plaintiff is hopeful that the parties can resolve this matter early in litigation. Ms. Reeser would like to move on with her life, but also hopes to hold Defendant accountable for its misconduct. Plaintiff believes that early settlement discussions could be fruitful. Otherwise, Plaintiff intends to fully pursue her right to back pay, front pay, emotional distress and pain and suffering, punitive damages, interest and attorney fees to a jury verdict.

## II.     DISCOVERY

**A.**     **Amendment of the Pleadings:**

The parties agree that the deadline for amendment of the pleadings without leave of the Court is August 14, 2014.

**B.**     **Pre-Discovery Disclosures:**

The parties will exchange Rule 26(a)(1) Disclosures on or before August 21, 2014.

4

**C.**   **Discovery Plan:**

1.   The parties jointly propose to the Court the following discovery plan:

    a.   Plaintiff seeks discovery on the following subjects:

        (1)   Plaintiff's complaints, reports, conversations, and discussions with Defendant's managerial agents or government bodies relating to the unpaid lunches her and her co-workers were forced to work;

        (2)   Details regarding other retaliatory acts carried out by Defendant and its agents regarding similar complaints;

        (3)   Correspondence, conversations, and discussions between managerial agents regarding Plaintiff;

        (4)   Plaintiff's work history, compensation, benefits, and hours worked at Defendant;

        (5)   Plaintiff's mental and emotional condition and submission to a Rule 35 mental examination;

        (6)   Details regarding Defendant's operations including information like Defendant's number of employees, number of facilities, and management;

        (7)   Defendants' policies and procedures for lunches and internal/external reporting;

        (8)   Notes drafted by Defendant's managerial agents regarding Plaintiff;

        (9)   The kind of duties performed by Plaintiff;

        (10)   The allegations raised in Plaintiff's Complaint;

        (11)   Matters raised in Defendant's Answer and Affirmative Defenses;

(12)   Any other matters which arise during discovery.

(b)   Defendant will seek discovery on the following subjects:

(1)   Allegations raised in Plaintiff's Complaint;

(2)   Defenses and claims raised in Defendant's Answer and Affirmative Defenses;

(3)   Statute(s) of limitations issues;

(4)   Alleged economic and non-economic damages;

(5)   Mitigation/lack of mitigation of damages;

(6)   Plaintiff's medical and psychological history;

(7)   Plaintiff's employment history;

(8)   Issues related to the doctrine of after-aquired evidence;

(9)   Any other matters which arise during discovery.

The parties do not waive any objections to information sought with respect to the above discovery areas.

2.   All discovery shall be completed by February 9, 2015.

3.   Experts will be disclosed in accordance with the Court's Scheduling Order. Reports, if necessary,from retained experts under Rule 26(a)(2) shall be exchanged as follows:  Plaintiff's expert reports 90 days prior to trial; Defendant's expert reports 60 days prior to trial. Expert discovery will take place in the 60 day period prior to trial. For purposes of a physical or mental examination ordered by the Court pursuant to Federal Rule of Civil Procedure 35, any such examination of Plaintiff shall take place after Plaintiff's applicable expert report(s) have been exchanged and before Defendant's applicable expert report(s) have been exchanged.

**D.**  **Other Matters**:

    1.    <u>Jury Trial Matters</u>:

    A jury trial was demanded.

**E.**  **Electronic Discovery**:

The parties will seek electronic information in the possession of each other.

    1.    The parties request production of electronic information in electronic format on compact disc or other electronic storage device.

    2.    All files should be disclosed in their native format with any attachments included.

**F.**  **Admission of facts and authenticity of documents**:

Discovery has not yet begun and the parties are unable at this time to stipulate to the authenticity of any documents or to admit to any facts beyond its pleadings.

**G.**  **Depositions**:

The Plaintiff does not anticipate the need for depositions to exceed those permitted by the Court Rules. Plaintiff will likely depose Defendants' supervisory and managerial agents as well as other witnesses that come to light during the course of discovery. Defendant does not anticipate the need for depositions to exceed those permitted by the Court Rules. Defendant will depose Plaintiff,

Plaintiff's medical and psychological treaters, and any other witnesses identified in discovery.

**H.     Interrogatories**:

Given the amount of issues involved in this case, the parties may seek leave of court to serve interrogatories exceeding those permitted by the Court Rules.

**I.     Expert Witnesses**:

Plaintiff anticipates expert testimony regarding Plaintiff's damages; also, Plaintiff believes that there may be a possibility of an expert regarding electronically stored information. Defendant may utilize expert testimony regarding Plaintiff's alleged economic damages, mitigation efforts, and her medical and psychological condition(s).

**J.     Case Evaluation Sanctions:**

The parties reject the imposition of costs and sanctions if the case is referred to state court Case Evaluation under Local Rule 16.3.

**K.     Matters not agreed upon or insufficiently addressed by the foregoing**:

Other matters customarily addressed in a Scheduling Order will be left to the discretion of the Court to be determined at the Status and Scheduling Conference currently scheduled for July 17, 2014.

Respectfully submitted,

**AGREED AS TO SUBSTANCE AND FORM:**

**MILLER COHEN, P.L.C.**          **VARNUM LLP**


By: /s/Keith D. Flynn                     By: /s/Terrence J. Miglio (*w/consent*)
   Keith D. Flynn (P74192)             Terrence J. Miglio (P30541)
   *Attorney for Plaintiff*             Barbara E. Buchanan (P55084)
   600 W. Lafayette Blvd, 4th Floor     *Attorneys for Defendant*
   Detroit, MI  48226-0840             39500 High Pointe Blvd., Suite 350
   (313) 964-4454 Phone                Novi, MI  48375
   (313) 964-4490 Fax                  (248) 567-7400 Phone
   kflynn@millercohen.com              (248) 567-7423 Fax
                                       tjmiglio@varnumlaw.com
                                       bebuchanan@varnumlaw.com


Dated:  July 10, 2014                     Dated: July 10, 2014

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

          Plaintiff,

v.

**HENRY FORD HOSPITAL**,

          Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Hon. George Caram Steeh*

---

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd, 4th Floor | *Attorneys for Defendant* |
| Detroit, MI  48226-0840 | 39500 High Pointe Blvd., Suite 350 |
| (313) 964-4454 Phone | Novi, MI  48375 |
| (313) 964-4490 Fax | (248) 567-7400 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

---

## CERTIFICATE OF SERVICE

I hereby certify that on *July 10, 2014*, I electronically filed the foregoing document with the Clerk of the Court using the ECF filing system, which will send notification of such filing to all COUNSEL OF RECORD.

2

Respectfully submitted,

**MILLER COHEN, P.L.C.**


By: /s/Keith D. Flynn

     Keith D. Flynn (P-74192)
     *Attorney for Plaintiff*
     600 W. Lafayette Blvd., 4th Floor
     Detroit, MI 48226
     (313) 964-4454
     kflynn@millercohen.com


Dated: July 10, 2014