## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v.

**HENRY FORD HOSPITAL**,

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS TO PRODUCE AND FOR COSTS

Plaintiff, Natalie Reeser, by her attorneys, Miller Cohen, P.L.C., for her Motion to Compel Defendant to Respond to Plaintiff's Interrogatories and Requests to Produce and for Costs, states as follows:

1.      Plaintiff filed suit against Defendant on May 13, 2014, alleging Retaliation under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) and violation of Michigan's Whistleblower Protection Act.

2.      Plaintiff served her First Set of Interrogatories and Requests to Produce on Defendant on August 18, 2014. (***Exhibit A***) Defendant provided its Response to Plaintiff on September 18, 2014. (***Exhibit B***) In that Response, with the exception of **one interrogatory**, Defendant did not respond at all to Plaintiff's discovery requests. Defendant did provide a response to Interrogatory No. 2, which asked Defendant to identify the reason(s) why Plaintiff was suspended and terminated. But to **all the other discovery requests**, Defendant objected but it did not answer the interrogatories, it did not produce the documents requested by Plaintiff, and it made numerous improper objections. Specifically, Plaintiff seeks answers from Defendant as to all her requests. In addition, Plaintiff requests costs for having to file this Motion to Compel Defendant to perform its already established obligations under the discovery rules.

3.      Plaintiff sought answers from Defendant in an email addressed to Defendant on September 30, 2014. Plaintiff asked Defendant to supplement by the end of the work week. (***Exhibit C***)

4.      Defendant responded on the same date and stated, "We will review our responses and supplement." (***Exhibit C***)

5.     On October 7, 2014, Plaintiff wrote another email to Defendant, saying "we will accept your offer to inspect documents" and offering available dates and a reasonable place for inspection of documents. (*Exhibit C*)

6.     Defendant replied by saying "We are in the process of providing supplemental responses." (*Exhibit C*)

7.     As of today, Plaintiff has still not received any responses to her discovery requests. Defendant's dilatory tactics should not be awarded.

8.     Defendants' conduct is not within the spirit of open discovery and should not be tolerated by this Court. Plaintiff is entitled to and the Court Rules require production of all relevant and discoverable information. Accordingly, this Court should grant Plaintiff's Motion to Compel and order Defendant to provide all the missing information and documents.

9.     Defendant's failure to provide the information and documents has prejudiced Plaintiff's ability to prepare her claims in this matter and forced Plaintiff to seek a court order compelling discovery. Plaintiff's discovery requests sought information necessary to inform Plaintiff's decision to name witnesses for deposition. By the time that this motion is heard, Plaintiff will likely have lost months of discovery. Consequently, Plaintiff also seeks to have discovery extended an additional month to prevent any prejudice from Defendants' dilatory gamesmanship.

10. In support of her motion, Plaintiff relies on Fed. R. Civ. P. 26, 33, 34 and 37.

11. Plaintiff, in accordance with E.D. Mich. LR 7.1(a), made every effort to receive concurrence. Defendant has failed to respond to Plaintiff's attempts. Furthermore, Defendant has failed to answer Plaintiff's discovery requests without providing proper objections; for most requests, Defendant simply did not reply. Consequently, this Court should award costs to Plaintiff for having to litigate this issue.

12. When a motion to compel is granted, "the court must ... require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, among other things, the "opposing party's nondisclosure, response, or objection was substantially justified." Fed.R.Civ.P. 37(a)(5)(A)(ii). In *Carfagno v. Jackson National Life Ins. Co.*, 2001 WL 34059032 (W.D. Mich. 2001), the court found:

> The objections are, on the whole, frivolous. Plaintiffs' document requests were not vague, ambiguous, over broad, or beyond the scope of allowable discovery in most instances. The assertion of frivolous, perfunctory objections to every discovery request has led to unnecessary motion practice. The . . . defendants will be sanctioned $300 for the assertion of objections that were not substantially justified. FED. R. CIV. P. 37(a)(4)(A).

13. Plaintiff requested, but has not received, concurrence in this matter.

**WHEREFORE**, Plaintiff requests that this Court grant her Motion to Compel and enter and Order compelling Defendant to withdraw its objections and to provide all the requested information and documents within one week of the hearing of this Motion, extend discovery and all other subsequent deadlines by thirty (30) days, and award Plaintiff her costs and attorneys' fees under Fed. R. Civ. P. 37(a)(5) as a result of having to file this Motion, and such other relief as this Court deems appropriate.

                                  Respectfully submitted,

                                  **MILLER COHEN, P.L.C.**

By:   /s/Keith D. Flynn
       Keith D. Flynn (P74192)
       Ada A. Verloren (P57541)
       *Attorneys for Plaintiff*
       600 W. Lafayette Blvd., 4th Floor
       Detroit, MI  48226
       (313) 964-4454 Phone
       (313) 964-4490 Fax
       kflynn@millercohen.com
       averloren@millercohen.com

Dated:  October 21, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v.

**HENRY FORD HOSPITAL**,

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226-0840 | 39500 High Pointe Boulevard, Suite 350 |
| (313) 964-4454 Phone | Novi, Michigan 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| averloren@millercohen.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES
AND REQUESTS TO PRODUCE AND FOR COSTS**

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED ......................................................... ii

MOST CONTROLLING AUTHORITY ........................................................... iii

INDEX OF AUTHORITIES ..............................................................................iv

I.    INTRODUCTION ..................................................................................1

II.    STATEMENT OF FACTS .....................................................................1

III.    LEGAL ARGUMENT AND ANALYSIS................................................1

INDEX OF EXHIBITS......................................................................................8

## **STATEMENT OF ISSUES PRESENTED**

1. Should Defendant be required to disclose the requested information?

    Plaintiff answers, "Yes."

2. Is Plaintiff entitled to an award of her attorneys' fees, costs, and any other allowable relief under the Court Rules for having to bring this Motion?

    Plaintiff answers, "Yes."

# MOST CONTROLLING AUTHORITIES

**Case**                                                                  **Page**

Federal Rule of Civil Procedure Rule 37 ................................................................ 6

**Statutes and Rules**

E.D. Mich. LR 7.1(a)

# INDEX OF AUTHORITIES

**Cases**                                                                                                                            **Page**

***Walker v. Lakewood Condominium Owners Ass'n***,
    186 F.R.D. 584 (C.D.Cal.1999)......................................................................................2

***Carfagno v. Jackson Nat'l Life Ins. Co.***,
    2001 WL 34059032 (W.D.Mich. Feb.13, 2001) .............................................................2

***US v. Masschusetts Institute of Technology***,
    957 F.Supp. 301 (D. Mass. 1997).................................................................................2

***US v. Masschusetts Institute of Technology***,
    129 F.3d 681 (1st Cir. 1997) .......................................................................................2

**Other Authorities**

Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)......................................................................2

Fed. R. Civ. P 34(b)(1)(B) ....................................................................................................3

Fed. R. Civ. P 37(a)(5) ........................................................................................................6

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS TO PRODUCE AND FOR COSTS

## I.   INTRODUCTION

Plaintiff filed suit against Defendant on May 13, 2014, alleging Retaliation under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) and violation of Michigan's Whistleblower Protection Act. Plaintiff served her First Set of Interrogatories and Requests to Produce on Defendant on August 18, 2014. (***Exhibit A***) Defendant provided its Response to Plaintiff on September 18, 2014. (***Exhibit B***) In that Response, with the exception of **one interrogatory**, Defendant did not respond at all to Plaintiff's discovery requests. Defendant did provide a response to Interrogatory No. 2, which asked Defendant to identify the reason(s) why Plaintiff was suspended and terminated. But to **all the other discovery requests**, Defendant objected but it did not answer the interrogatories, it did not produce the documents requested by Plaintiff, and it made numerous improper objections.

## II.   STATEMENT OF FACTS

The facts relating to discovery are set out in Plaintiff's Motion to Compel.

## III.   LEGAL ARGUMENT AND ANALYSIS

Defendant has two boilerplate objections to all of Plaintiff's interrogatories and Requests to Produce. First, Defendant improperly objected to a request "because it is overly broad, ambiguous, vague, and seeks information that is neither relevant

to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence." Second, Defendant objected to a request "because it is premature in that discovery has only recently begun."

The filing of boilerplate objections such as these is tantamount to filing no objections at all. ***Walker v. Lakewood Condominium Owners Ass'n***, 186 F.R.D. 584, 587 (C.D.Cal.1999); *see* ***Carfagno v. Jackson Nat'l Life Ins. Co.***, 2001 WL 34059032 at *4 (W.D.Mich. Feb.13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request."). Since Defendant's objections are meaningless boilerplate, Plaintiff moves the Court to compel Defendant to withdraw the objections and supplement its response to ensure that Defendant is not withholding responsive information.

Defendant also generally objected on the basis of work-product privilege, which only applies to 1) documents and tangible things, 2) prepared in anticipation of litigation or for trial, and 3) by the party or the party's representative. ***US v. Masschusetts Institute of Technology***, 957 F.Supp. 301 (D. Mass. 1997) (*rev'd on other grounds*, ***US v. Masschusetts Institute of Technology***, 129 F.3d 681 (1st Cir. 1997). Therefore, Defendant must still produce documents outside of this definition.

And Defendant objected by saying it reserves the right to respond "by making responsive information available for Plaintiff's inspection and copying during normal business hours at a location to be determined by Defendant as well as subject

to reasonable limitations." Plaintiff has accepted Defendant's offer of an opportunity to inspect documents. Fed. R. Civ. P 34(b)(1)(B) requires a request to "specify a reasonable time, place, and manner for the inspection." Plaintiff provided several dates and specified her counsel's office as a reasonable place for such inspection. But Defendant has not allowed Plaintiff to inspect documents. If an inspection is to take place at any future time, Defendant should not be allowed to dictate the place of inspection and it should be at the office of Plaintiff's counsel.

In terms of Defendant's other improper objections and evasive answers that are the subject of this Motion to Compel Discovery, Plaintiff provides the following examples:

    a.    In Defendant's Answer to Plaintiff's Complaint, Defendant denies as untrue almost every allegation in the Complaint. But in response to Plaintiff's interrogatory No. 10, Defendant objects that it is premature to ask for reasons why it claimed the allegations were untrue. And in response to Plaintiff's request for documents showing why the allegations are untrue. Defendant objects on the basis of broadness and relevance. (Requests 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21) Since these are Defendant's answer to Plaintiff's Complaint, it begs the question, did Defendant not have these documents at hand when it raised any or all of the allegations set forth in its answer to Plaintiff's Complaint? Plaintiff has a right to all documents

on which Defendant relied, if any. If there are no such documents, Defendant should say so.

      b.    In Request No. 2, Plaintiff requested "any photographs, magazines, diagrams, schematics, videos, audio recordings, e-mails, or the original electronic hard drive containing e-mails and other evidence related to the allegations of Plaintiff's Complaint and/or Defendant's Answer and Affirmative Defenses." Once again, Defendant provides **<u>NOTHING</u>**. Instead, Defendant objects on the basis of over breadth, burden, and relevance. This is an absurd objection; literally, the request is specifically tied to the pleadings in this case. The request is highly relevant as a result of its narrow scope pertaining only to the allegations in this case. These documents are in Defendant's hands, where Plaintiff has no access. Defendant is the only party in possession, and must produce.

      c.    Number 4 requested documents that "refer to or concern Plaintiff." Number 27 asked Defendant to "[p]rovide all documents reflecting why Plaintiff was terminated and relating to her termination." Besides Plaintiff's personnel file, Defendant produced **<u>NOTHING</u>** and refused to certify whether there were no other documents in Defendant's possession described in Plaintiff's Request Nos. 4 and 27. Instead, Defendant once again placed the same, carbon-copied, improper objections as to over breadth,

4

burden, and relevance. The documents requested were specific to Plaintiff and her whistleblower claims. That is neither overly broad nor unduly burdensome; these are common questions in employment litigation and narrowly tailored to the scope of this litigation. These are also questions that are highly relevant and include information that Plaintiff will certainly need in order to move forward in litigating this case. Consequently, Defendant is under an obligation to provide that information.

    d.    Request Nos. 22, 23, 24, 25, 29 requested documents relating to Defendant's affirmative defenses. Defendant has already asserted its defenses in this case. As to those defenses, Defendant is under an obligation to respond. Plaintiff expects that these requests be answered as to each defense raised and to be continually supplemented according to the Court Rules as soon as new defenses are to be raised.

    e.    Number 30 sought "all rules, manuals, regulations, and policies of [the Defendant] that governed Plaintiff at any time during her employment with [the Defendant]." Here, Defendant repeats the same boilerplate language concerning over breadth, undue burden and relevance Defendant must produce **ALL** documents responsive.

    f.    Defendant's response to number 31 demonstrates that Defendant is not taking the discovery process seriously. Defendant was requested to

5

identify every fact witness known who has knowledge of any discoverable matter. Defendant does not list a single witness including persons who terminated Plaintiff's employment.

    g.    Defendant also attempts to prevent the discovery of documents or exhibits to be used at trial in request 33. Defendant provided **NOTHING** and said the request was premature. While Plaintiff is sure that Defendant's list of documents and exhibits is sure to burgeon, Defendant must have some documents that it intends to use at trial. The rules require that the Defendant answer the interrogatories based on its current state of knowledge. Therefore, those documents must be produced today.

    h.    Similar to the above examples, Defendant literally refused to answer all Plaintiff's interrogatories and it produced no documents in response to Plaintiff's requests.

**WHEREFORE**, Plaintiff requests that this Court grant her Motion to Compel and enter and Order compelling Defendant to withdraw its objections and to provide all the requested information and documents within one week of the hearing of this Motion, extend discovery and all other subsequent deadlines by thirty (30) days, and award Plaintiff her costs and attorneys' fees under Fed. R. Civ. P. 37(a)(5) as a result of having to file this Motion, and such other relief as this Court deems appropriate.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Keith D. Flynn
Keith D. Flynn (P74192)
Ada A Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

Dated:  October 21, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

v.

**HENRY FORD HOSPITAL**,

        Defendant.

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

_____/

## **CERTIFICATE OF SERVICE**

    I hereby certify that on *October 21, 2014*, I electronically filed the foregoing document(s) with the Court using the ECF system, which will send notification of such filing to all counsel of record.

2

                    Respectfully submitted,

                    **MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
      Keith D. Flynn (P74192)
      Ada A Verloren (P57541)
      *Attorneys for Plaintiff*
      600 W. Lafayette Blvd., 4th Floor
      Detroit, MI  48226
      (313) 964-4454 Phone
      (313) 964-4490 Fax
      kflynn@millercohen.com
      averloren@millercohen.com

Dated:  October 21, 2014