# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v.

**HENRY FORD HOSPITAL,**

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Honorable George C. Steeh*

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Mr. Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7400 Main # |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

In terms of Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Natalie Reeser ("Plaintiff"), by and through her attorneys, Miller Cohen, P.L.C., hereby requests that the Defendant Henry Ford Hospital ("Defendant") answer the following First Set of Interrogatories. Answers must be served upon Plaintiff not later than thirty (30) days after service of the Interrogatories upon the Defendant.

# INSTRUCTIONS

1.      These instructions, as well as the definitions and interrogatories that follow, are to be construed to require answers based upon the knowledge of, and information available to, Defendant Henry Ford Hospital, and its agents, representatives, and/or, unless privileged, attorneys.

2.      These interrogatories are continuing in nature to the full extent provided by Federal Rule of Civil Procedure 26(e). Accordingly, the answers to the interrogatories must be supplemented and/or amended in a reasonable and timely manner should the Defendant, its agents, attorneys, and/or representatives come into possession of further or different facts or pertinent information.

3.      If any interrogatory cannot be answered in full, after exercising due diligence to secure the information to do so, the Defendant should state that the interrogatory cannot be answered in full. The Defendant must then answer the interrogatory to the fullest extent possible, providing whatever knowledge or information presently is available concerning the unanswered portion of such interrogatory.

4.      If you object to any Interrogatory, state the grounds for the objection with sufficient particularity and specificity to communicate clearly the basis of such objection. No part of an interrogatory should be left unanswered merely

because an objection is interposed to another part of that interrogatory. If a partial or incomplete answer is provided, state that the answer is partial or incomplete.

5.   If an objection to an interrogatory or part thereof is based upon a privilege, state the particular privilege with specificity in the objection and explain the grounds upon which the privilege is based. In addition, when a claim of privilege is asserted in an objection to any interrogatory or part thereof, and information is not provided on the basis of that claim of privilege, provide the following in the objection to the interrogatory or part thereof, if known or reasonably available:

    a.   For verbal communications:

       i.   the name and position of the person making the communication and the names and positions of the persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

       ii.   the date and place of the communication; and

       iii.   the general subject matter of the communication.

    b.   For documents:

       i.   the type of document;

       ii.   the general subject matter of the document;

       iii.   the date of the document; and

       iv.   such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document; where not apparent, the relationship of the author, addressee, custodian, and any

3

other recipient to each other; and the position of any author, addressee, custodian or other recipient.

6.     In response to any interrogatory not expressly asking for documents, state whether any documents exist -- whether or not those documents are within your possession, custody or control -- that refer, reflect or relate to any information requested in the interrogatory, and identify the custodian(s) of those documents.

7.     If you elect to specify and produce records in answer to any interrogatory, set forth such specification in sufficient detail to permit the Plaintiff to locate and identify the records from which the answer may be ascertained.

8.     Unless otherwise stated, the interrogatories cover the period from __ to the present.

9.     Under Fed. R. Civ. P. 33(b)(1), attach a verification under oath of the answers to the Interrogatories at the end of the response to the interrogatories and include information as to the name(s), address(es), and title(s) of the person(s) verifying the answers.

10.    Answers shall be served within thirty days after service in accordance with Fed. R. Civ. P. 33(a), upon counsel for the Plaintiff, Keith D. Flynn, Miller Cohen, P.L.C., 600 West Lafayette Boulevard, 4th Floor, Detroit, MI 48226.

## **DEFINITIONS**

The following definitions apply to terms used in the Instructions and the Interrogatories:

A.     *Communication.* The term "communication" means the transmittal of information by any means.

B.     *Defendant.* The term "Defendant" means Henry Ford Hospital.

C.     *Documents or Electronically Stored Information.* The phrase "documents or electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of this phrase in Rule 34(a) of the Federal Rules of Civil Procedure. The phrase "documents or electronically stored information" includes, but is not limited to, all matter inscribed by hand, computer, electronic, mechanical, microfilm, photographic and/or other means, as well as audio or visual reproductions. The phrase "documents or electronically stored information" includes all matter stored on or in a cell phone (including but not limited to a Blackberry, Droid, iPhone, Palm or other smart phone), CD-Rom, computer tape, disk, DVD-Rom, flash drive, hard drive, "key" drive, network, personal data assistant (PDA), personal organizer, server, thumb drive, zip drive or otherwise stored by or in a computer, netbook, iPad or other tablet device, whether or not a hard copy (*i.e.*, a paper copy) of the document is now, or was at any time, in existence. This definition shall also include, but is not limited to, analyses, appointment calendars, bills, books of account, bookkeeping entries, charts, checks, computer printouts, computer files (including, but not limited to, MS Access files, MS Excel files, MS PowerPoint files, MS Word files, MS Works

5

files, PDF files, and WordPerfect files), computer program documentation, computer programs, correspondence, data sheets, electronic bulletin boards, e-mails, e-mail attachments, databases, digital audio files, digital photographs, digital videos, files, financial statements, instant messages, Internet data, invoices, letters, logs, graphs, memoranda, news releases, notebooks, notes, orders, pamphlets, periodicals, photographs, records, recordings of verbal conversations, reports, schedules, spreadsheets, statements, studies, tables, tax returns, telegrams, text files, text messages, video files, voicemails, vouchers, web pages and any other writings or documentary material of any nature whatsoever. This definition encompasses all originals and all copies which are different in any way from the original, that are in the possession, custody or control of the Plaintiff, his present or former agents, attorneys, and any and all persons acting on the Plaintiff's behalf. A draft or non-identical copy is a separate document within the meaning of this definition.

D.      *Identify*, *State the Identity of*, or *Identification of*. The term "identify" and the phrases "state the identity of" or "identification of" mean to state, with the respect to a person, the person's full name, current address, employer or last known employer, position, business affiliation and relationship to the Plaintiff. This term and these phrases, with respect to a document, mean to identify the type of document (*e.g.*, letter), the author and each addressee, the location of the

document, and the custodian of the document. The term and phrases mean to state, with respect to a fact, a full and complete explanation of the facts and circumstances that pertain, relate or refer to the fact.

E. *Person(s)*. The term "person" means a natural person, association, corporation, firm, proprietorship, and every other type of entity or organization.

F. *Plaintiff.* The term "Plaintiff" means Natalie Reeser and her agents, attorneys, and/or representatives.

G. *State*, *Describe* or *Explain*. The terms "state," "describe," or "explain," when used with respect to a fact, event or allegation, mean a full and complete explanation of the details pertaining to such fact, event or allegation, including the identification of all documents that evidence, pertain, refer, reflect, or relate in any way to such fact, event or allegation.

H. *You*, *Your*. The terms "you" or "your" refer to Henry Ford Hospital and its agents, attorneys, and/or representatives.

I. Miscellaneous. The present tense includes the past and future tenses. The singular includes the plural and vice versa. When used herein, the term "all" means "any and all" and the term "any" means "any and all." When used herein, the term "including" means "including, but not limited to." When used herein, the terms "and" and "or" mean "and/or." Words in the masculine, feminine or neuter form shall include each of the other genders.

8

## INTERROGATORIES:

**INTERROGATORY NO. 1:** State the name, address, telephone number, title, position and occupation of each person who answered, prepared or was consulted in the preparation of the responses to these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2:** Please identify the reason(s) why Plaintiff was suspended and terminated.

**RESPONSE:**

**INTERROGATORY NO. 3:** As to Plaintiff, please identify:

a.      All persons who made, or participated in, the decision to terminate Plaintiff;

b.      The nature of the input;

c.      The dates on which any discussions regarding the decision took place;

d.      Witnesses/participants to each discussion.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the *Whistleblower Protection Act*, the *Fair Labor Standards Act*, and retaliation. As to each lawsuit, identify:

9

a.     The court in which the actions was filed, the case name and the case number;

b.     The names of all plaintiffs and all defendants, including third-party plaintiffs or third-party defendants;

c.     The subject matter of the claims and the outcome of the litigation.

**RESPONSE:**

**INTERROGATORY NO. 5:** State whether Defendant or any of its subsidiaries or affiliates in Henry Ford Health System received any employee complaints about lunch breaks or non-payment for time worked during the past five (5) years.

a.     Produce a copy of such complaints.

**RESPONSE:**

**INTERROGATORY NO 6:** Identify all employees terminated within the past five (5) years, and as to each employee identify:

a.     Name;

b.     Job title;

c.     Dates of employment; and

d.     Reason for termination.

**RESPONSE:**

**INTERROGATORY NO 7:** State whether Laboratory Sales Manager Fiona Bork was informed of Plaintiff's intention to file paperwork with the State of Michigan regarding unpaid lunch hours, and if so:

    a.     By whom;

    b.     When;

    c.     The participants in every discussion; and

    d.     Produce all e-mails, notes, documents, or reports by Ms. Bork or between Ms. Bork and any other employee regarding Plaintiff's employment.

**RESPONSE:**

**INTERROGATORY NO 8:** State the nature of the relationship between Henry Ford Hospital, Henry Ford Medical Laboratories and Henry Ford Health System.

    a.     Identify all persons with knowledge to testify as to this response.

**RESPONSE:**

**INTERROGATORY NO 9:** Identify any and all phone numbers and the phone company, including work, home and cell, from which Fiona Bork made or received any telephone calls during the period January 1, 2014 to February 28, 2014.

a.     For each number listed, please identify the person to whom the call or text was made or from whom the call or text was received.

b.     If any of the individuals identified above are or were ever Henry Ford employees, identify those individuals.

**RESPONSE:**


**INTERROGATORY NO 10:** In Defendant's Answer to Plaintiff's Complaint, Defendant denies as untrue allegations in Plaintiff's Complaint. For each allegation that Defendant denies as untrue:

a.     Identify all assertions in each paragraph that are untrue;

b.     Identify all persons with knowledge of the truth or falsity of the assertions;

c.     Identify what is untrue, in the Defendant's estimation, about any or all of the assertions; and

d.     Identify the source of knowledge regarding this truth or falsity.

**RESPONSE:**


**INTERROGATORY NO 11:** Notwithstanding your witness list, please identify the name, address and telephone number of all persons you may call as

12

either an expert or a non-expert witness at trial.  For each person listed, please
state:

      a)     The subject matter about which the person is expected to
testify, including   information that the expert is expected to provide;

      b)     The substance of the facts and opinions to which the person is
expected to  testify or that the person will provide;

      c)     For each expert witness, a summary of the grounds for each
opinion;

      d)     Whether the expert has made any written report or statement
regarding the     substance of his/her opinion and/or proposed testimony.  If so,
please identify said report     or statement.

**RESPONSE:**

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:       _Keith Flynn_

Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com

Dated: August 18, 2014

13

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

v.

HENRY FORD HOSPITAL,

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Honorable George C. Steeh*

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Mr. Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7400 Main # |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |

---

## PROOF OF SERVICE

**DIANE BOXIE**, an employee of **Miller Cohen, P.L.C.**, says that on *August 18, 2014*, she served a copy of **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**, along with this *Proof of Service,* upon:

        **VARNUM LLP**
        Mr. Terrance J. Miglio
        39500 High Pointe Boulevard, Suite 350
        Novi, Michigan 48375

via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage fully prepaid, and by depositing the same in the United States Postal Receptacle in Detroit, Michigan.

**DIANE BOXIE**

Subscribed and sworn to before me on
this 18th day of August 2014

**Michelle Coil**, Notary Public
St. Clair County, acting in Wayne County, MI
My Commission Expires: **10/21/2015**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**NATALIE REESER,**

        Plaintiff,

v.

**HENRY FORD HOSPITAL,**

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Honorable George C. Steeh*

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Mr. Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7400 Main # |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

In terms of Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Natalie Reeser ("Plaintiff"), by and through her attorneys, Miller Cohen, P.L.C., hereby requests that the Defendant Henry Ford Hospital ("Defendant") produce the documents as requested in the following First Set of Requests for Production of Documents. The production must be made to the Plaintiff no later than thirty (30)

days after service of the Requests for Production of Documents upon the Defendant.

## INSTRUCTIONS

1.      This Request for the Production of Documents requires the Defendant to produce Documents or Electronically Stored Information that are in the actual or constructive possession, custody or control of the Defendant. The Request also requires the production of Documents or Electronically Stored Information that is in the physical possession of an agent or representative of the Defendant, such as an accountant, advisor or attorney. Each document or electronically stored information is to be produced in its entirety, without abbreviation or redaction.

2.      If an objection is raised to any request, state the nature of the objection and whether the objection is made to all or only part of the request. If the objection is based upon work product or a privilege, then you must further provide the Plaintiff with a privilege log that sets forth the following information:

   a.      The paragraph of the Section entitled "Documents or Electronically Stored Information" to which the document is responsive;

   b.      The type of Document or Electronically Stored Information;

   c.      The person(s) who authorized the preparation of the Document or Electronically Stored Information;

   d.      The author(s) of the Document or Electronically Stored Information;

   e.      The subject matter of the Document or Electronically Stored Information;

2

      f.    The date that the Document or Electronically Stored Information was prepared;

      g.    The addressee(s) and other recipients of the Document or Electronically Stored Information, and, where not apparent, the relationship between the author and these individuals;

      h.    The particular privilege upon which the objection is based, stating briefly the reason why the Document or Electronically Stored Information is claimed to be privileged or constitutes work product; and

      i.    Any other information necessary to enable the Plaintiff to assess the Defendant's claim of privilege.

If an objection is raised to a part of a request or to a particular document, the Defendant must still comply with the remainder of the request and must produce the remaining Documents and Electronically Stored Information that is responsive to the remainder of the request.

      3.    If a Document or Electronically Stored Information has been destroyed, the Respondent shall provide a Destroyed Document or Electronically Stored Information Log that provides the following information:

      a.    The paragraph of the Section entitled "Documents or Electronically Stored Information" to which the Document or Electronically Stored Information is responsive;

      b.    The type of Document or Electronically Stored Information;

      c.    The person(s) who authorized the preparation of the Document or Electronically Stored Information;

      d.    The author(s) of the Document or Electronically Stored Information;

      e.    The subject matter of the Document or Electronically Stored Information;

f.    The date that the Document or Electronically Stored Information was prepared;

g.    The addressee(s) and other recipients of the Document or Electronically Stored Information, and, where not apparent, the relationship between the author and these individuals; and

h.    The circumstances under which the Document or Electronically Stored Information was destroyed.

The obligation to provide this information applies to all Documents or Electronically Stored Information, whether destroyed by inadvertence, in terms of a document retention policy, or otherwise.

4.    Unless otherwise specified, documents should be produced for the time period from __ through the present.

5.    The Defendant shall produce the Document or Electronically Stored Information set forth in this Request in accordance with the following instructions:

a.    The Defendant shall segregate the Documents and Electronically Stored Information in accordance with the numbered paragraphs in the section entitled "Documents or Electronically Stored Information."

b.    The Defendant shall produce documents in their original form. However, if a document is not available in its original form, the Respondent may provide a true copy, which must be identified as a copy.

c.    The Defendant shall produce Electronically Stored Information in its Native File. If the Electronically Stored Information is no longer available in its Native File, then the Respondent must produce a Static Image or a paper printout of the Electronically Stored Information.

6.    Except as provided above, the originals of all documents requested must be produced for inspection and copying; copies are not sufficient. Without waiving the right to inspect original documents, copies may be served upon

4

counsel for the Plaintiff, Keith D. Flynn, Miller Cohen, P.L.C., 600 West Lafayette Boulevard, 4th Floor, Detroit, MI 48226.

## DEFINITIONS

A.  *Communication.* When used in this Request, the term "communication" means the transmittal of information by any means.

B.  *Defendant.* The term "Defendant" means Henry Ford Hospital.

C.  *Documents or Electronically Stored Information.* The phrase "documents or electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of this phrase in Rule 34(a) of the Federal Rules of Civil Procedure. The phrase "documents or electronically stored information" includes, but is not limited to, all matter inscribed by hand, computer, electronic, mechanical, microfilm, photographic and/or other means, as well as audio or visual reproductions. The phrase "documents or electronically stored information" includes all matter stored on or in a cell phone (including but not limited to a Blackberry, Droid, iPhone, Palm or other smart phone), CD-Rom, computer tape, disk, DVD-Rom, flash drive, hard drive, "key" drive, network, personal data assistant (PDA), personal organizer, server, thumb drive, zip drive or otherwise stored by or in a computer, netbook, iPad or other tablet device, whether or not a hard copy (*i.e.*, a paper copy) of the document is now, or was at any time, in existence. This definition shall also include, but is not limited to, analyses,

5

appointment calendars, bills, books of account, bookkeeping entries, charts, checks, computer printouts, computer files (including, but not limited to, MS Access files, MS Excel files, MS PowerPoint files, MS Word files, MS Works files, PDF files, and WordPerfect files), computer program documentation, computer programs, correspondence, data sheets, electronic bulletin boards, e-mails, e-mail attachments, databases, digital audio files, digital photographs, digital videos, files, financial statements, instant messages, Internet data, invoices, letters, logs, graphs, memoranda, news releases, notebooks, notes, orders, pamphlets, periodicals, photographs, records, recordings of verbal conversations, reports, schedules, spreadsheets, statements, studies, tables, tax returns, telegrams, text files, text messages, video files, voicemails, vouchers, web pages and any other writings or documentary material of any nature whatsoever. This definition encompasses all originals and all copies which are different in any way from the original, that are in the possession, custody or control of the Defendant, its present or former agents, attorneys, and any and all persons acting on the Defendant's behalf. A draft or non-identical copy is a separate document within the meaning of this definition.

      D.    *Native File*. The term "Native File" shall refer to electronically stored information in the electronic format of the application in which such ESI is normally created, viewed and/or modified.

E.     *Person(s).* The term "person" means a natural person, association, corporation, firm, proprietorship, and every other type of entity or organization.

F.     *Plaintiff.* The term "Plaintiff" means Natalie Reeser and her agents, attorneys, and/or representatives.

G.     *Static Image.* The term "Static Image" means a representation of electronically stored information produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. To the extent any request permits the option of providing a Static Image in lieu of the Native File, the Static Image must be provided in Portable Document Format ("PDF").

H.     *You, Your.* The terms "you" or "your" refer to Henry Ford Hospital and its agents, attorneys, and/or representatives.

I.     Miscellaneous. The present tense includes the past and future tenses. The singular includes the plural and vice versa. When used herein, the term "all" means "any and all" and the term "any" means "any and all." When used herein, the term "including" means "including, but not limited to." When used herein, the terms "and" and "or" mean "and/or." Words used in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**REQUEST NO. 1:**     Produce any and all documents referenced in or which relate to the allegations set forth in the pleadings so far filed in this case, including the Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

**ANSWER:**


**REQUEST NO. 2:**     Produce any photographs, magazines, diagrams, schematics, videos, audio recordings, e-mails, or the original electronic hard drive containing e-mails and other evidence related to the allegations of Plaintiff's Complaint and/or Defendant's Answer and Affirmative Defenses.

**ANSWER:**


**REQUEST NO. 3:**     Produce each record, document, or data complication of any kind, which in any manner concerns Plaintiff, her employment with Defendant, discipline that she received, Plaintiff's job duties, Plaintiff's complaints about not paying her for hours worked or her working conditions in general, and Plaintiff's pay rate and fringe benefits. This includes but is not limited to Plaintiff's personnel file. This request covers the date from the beginning of Plaintiff's employment to the present.

**ANSWER:**

**REQUEST NO. 4:** Produce all e-mails, notes, documents in the possession or control of the Henry Ford Hospital System or on a Henry Ford Hospital computer system, which refer to or concern Plaintiff.

**ANSWER:**

**REQUEST NO. 5:** In paragraph 1 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 1 of Plaintiff's complaint. Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 6:** In Paragraph 3 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 3 of Plaintiff's complaint: "Henry Ford Hospital is a for-profit corporation headquartered and doing business in Wayne County, Michigan." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 7:** In Paragraph 8 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 8 of Plaintiff's complaint:

> Henry Ford Hospital operates a Clinton Township Outreach Lab Service where Plaintiff was employed since May 16, 2011 as a phlebotomist. During her employment, Plaintiff had strong performance reviews and would routinely receive complements from her co-workers, supervisors, and patients.

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**


**REQUEST NO. 8:** In Paragraph 9 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 9 of Plaintiff's complaint:

> During her employment, Plaintiff became aware that money was being taken out of her paycheck for taking lunches, even though she was at the facility performing her job duties. She was not paid anything – not even minimum wage – for that period of time, even though she was forced to remain at the facility and work.

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**


**REQUEST NO. 9:** In Paragraph 10 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 10 of Plaintiff's complaint:

Plaintiff raised this concern to management throughout her employment. For instance, Plaintiff discussed the matter with her supervisor, Lab Sales Manager Fiona Bork, on or about January 10, 2014. Ms. Bork told her that she was never going to be paid for the time she worked during her lunch and instructed that she was to stop raising the issue or they would place Plaintiff at another site.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 10:** In Paragraph 15 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 15 of Plaintiff's complaint:

Plaintiff contacted Ms. Bork about this inconsistency and Ms. Bork replied that she would be terminated for abandoning her job if she went to Human Resources regarding the lunch pay that day.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 11:** In Paragraph 20 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 20 of Plaintiff's complaint:

That evening, on February 18th, Plaintiff received a call from Ms. Bork chastising her about threatening to report to the State of Michigan regarding the lunches.

11

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**

 

 

**REQUEST NO. 12:** In Paragraph 21 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 21 of Plaintiff's complaint:

> During the February 18th call, Ms. Bork stated things like: "how dare you tell
> Jill that you were filing with the state" and that Plaintiff had made a "big
> mistake" and that "you think you're going to help your co-workers by going
> to the state, but all you're going to do is get yourself terminated."

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**

 

 

**REQUEST NO. 13:** In Paragraph 23 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 23 of Plaintiff's complaint:

> That same day, Ms. Bork called Plaintiff at work to inform her that she was
> being transferred to a different site and that the move was permanent. Ms.
> Bork then went on to chastise Plaintiff for reporting her to Human Resources
> and the State of Michigan. In regards to Plaintiff's threatened report to the
> State, Ms. Bork stated "good luck with that" and hung-up on Plaintiff.

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**

12

**REQUEST NO. 14:** In Paragraph 24 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 24 of Plaintiff's complaint:

> Plaintiff was so emotional over the threatening and abusive phone call that she broke down and requested to leave the facility for lunch to calm herself down. She provided notice to Ms. Bork, the Operations Manager Martha Wiseheart, and the Scheduler Luain Hajjar that she was taking a lunch and none of them objected. Plaintiff posted a note that stated she was gone for lunch pursuant to Defendant's policy.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 15:** In Paragraph 25 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 25 of Plaintiff's complaint:

> Shortly after she returned from lunch, she was greeted by Ms. Bork and two security guards who escorted her out of the facility and would not allow her to take her possessions with her. She was told by Ms. Bork that she was being suspended for abandoning her job. Since that time, Plaintiff has been terminated.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 16:** In Paragraph 28 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 28 of Plaintiff's complaint:

> Plaintiff engaged in protected activity by asserting the rights of her and her
> co-workers on numerous occasions to her supervisors, Human Resources,
> and to the State of Michigan.

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**


**REQUEST NO. 17:** In Paragraph 29 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 29 of Plaintiff's complaint:

> Defendant knew about Plaintiff exercising her rights based on several verbal
> conversations with Defendant's managerial agents and several emails and
> pieces of correspondence that were exchanged by the parties to that effect.

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**ANSWER:**


**REQUEST NO. 18:** In Paragraph 30 of Defendant's Answer, Defendant

denies as untrue the allegations in paragraph 30 of Plaintiff's complaint:

> Defendant terminated Plaintiff mere hours after her direct supervisor
> threatened Plaintiff's employment over Plaintiff's protected activity.

14

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 19:** In Paragraph 32 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 32 of Plaintiff's complaint:

> Plaintiff Reeser reported a suspected violation of law, regulation or rule, promulgated by the state and federal governments, when she reported the Defendant's unscrupulous conduct in violating the rights of its employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 20:** In Paragraph 33 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 33 of Plaintiff's complaint:

> Plaintiff reported these suspected violations of law to the State Department of Licensing and Regulatory Affairs Wage and Hour Division, which is a public body as defined under the Whistleblowers Protection Act.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

15

**REQUEST NO. 21:** In Paragraph 34 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 34 of Plaintiff's complaint:

> Defendant had objective notice of Plaintiff's reports and attempted to curtail her rights under the WPA by threatening Plaintiff's employment, engaging in intimidation, transferring Plaintiff to a less preferred position, and finally terminating her employment because of her reports.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 22:** In Paragraph 6 of Defendant's Affirmative Defenses, Defendant claims that "Defendant was not an employer within the meaning of the Fair Labor Standards Act or the Whistleblower's Protection Act." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**


**REQUEST NO. 23:** In Paragraph 9 of Defendant's Affirmative Defenses, Defendant claims that "Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence or resume fraud." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

16

**REQUEST NO. 24:** In Paragraph 10 of Defendant's Affirmative Defenses, Defendant claims that "The named Defendant is an improper party." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 25:** In Paragraph 13 of Defendant's Affirmative Defenses, Defendant claims that "Plaintiff's request for equitable relief is barred by the doctrine of unclean hands, and laches." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**ANSWER:**

**REQUEST NO. 26:** Produce all witness statements in Defendants' possession that pertain to the allegations of Plaintiff's Complaint or Defendants' Answer and Affirmative Defenses.

**ANSWER:**

**REQUEST NO. 27:** Provide all documents reflecting why Plaintiff was terminated and relating to her termination.

17

**ANSWER:**

**REQUEST NO. 28:** For each person that is likely to have discoverable information:

a.      Provide any and all statements prepared by each individual regarding the claims or defenses in this action;

b.      Produce all documents related to each person's knowledge related to the claims or defenses in this action.

**ANSWER:**

**REQUEST NO. 29:** For each of Defendant's Affirmative Defenses, produce all documents related to the defense.

**ANSWER:**

**REQUEST NO. 30:** Produce a copy of all rules, manuals, regulations and policies of the Henry Ford Health System that governed Plaintiff at any time during her employment with Henry Ford. This includes all employment policies, procedures, work rules and other rules that were in effect from May 2011 through the present.

**ANSWER:**

**REQUEST NO. 31:** For every fact witness known to Defendant who has knowledge of any discoverable matter, including but not limited to the incident(s) that form the basis of Plaintiff's Complaint, provide all documents relating to the person's expected testimony.

**ANSWER:**

**REQUEST NO. 32:** Produce all statements or affidavits prepared by, for, or on behalf of, witnesses that relate to allegations and statements in the pleadings in this case.

**ANSWER:**

**REQUEST NO. 33:** Produce each document, exhibit or record that Defendant may or will use at a trial in support of its allegations and defenses in this lawsuit.

**ANSWER:**

**REQUEST NO. 34:** Produce any subpoenas served by or on behalf of Defendant in this case to any person, firm, or corporation, and any responses to each subpoena.

**ANSWER:**

**REQUEST NO. 35:** Produce all documents related to all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the *Whistleblower Protection Act*, the *Fair Labor Standards Act*, and retaliation.

**ANSWER:**

**REQUEST NO. 36:** Produce all telephone records for the phone numbers identified in response to Interrogatory No. 9.

**ANSWER:**

**REQUEST NO. 37:** Produce all email and text messages exchanged to or from Fiona Bork during the 60 days prior to Plaintiff's discharge and the 60 days after her discharge from Henry Ford Hospital, with respect to Plaintiff or the issues in this litigation.

**ANSWER:**

**REQUEST NO. 38:** Please produce all documents, including but not limited to e-mails, letters, correspondence, memoranda, reports, text messages

and/or summaries, whether in electronic or paper format, that Defendants may utilize as exhibits at trial, or that Defendants will rely upon to support their defenses and/or claims in this litigation.

**ANSWER:**

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: _____

Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com

Dated: August 18, 2014

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER,**

        Plaintiff,

v.

**HENRY FORD HOSPITAL,**

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

*Honorable George C. Steeh*

_____/

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Mr. Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7400 Main # |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |

_____/

## PROOF OF SERVICE

**DIANE BOXIE**, an employee of **Miller Cohen, P.L.C.**, says that on *August 18, 2014*, she served a copy of **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**, along with this *Proof of Service*, upon:

**VARNUM LLP**
Mr. Terrance J. Miglio
39500 High Pointe Boulevard, Suite 350
Novi, Michigan  48375

via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage

fully prepaid, and by depositing the same in the United States Postal Receptacle in

Detroit, Michigan.

_____
**DIANE BOXIE**

Subscribed and sworn to before me on
this 18th day of August 2014

**Michelle Coil**, Notary Public
St. Clair County, acting in Wayne County, MI
My Commission Expires: **10/21/2015**

2