UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,　　　　　　　　　　　　　　　　　Hon. George Caram Steeh
　　　　　　　　　　　　　　　　　　　　　　　　　Case No.: 2:14-cv-11916

v.

HENRY FORD HOSPITAL,

    Defendant.
_____/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

**DEFENDANT'S RESPONSE OPPOSING
PLAINTIFF'S MOTION TO COMPEL DEFENDANT
TO RESPOND TO PLAINTIFF'S INTERROGATORIES
AND REQUESTS TO PRODUCE AND FOR COSTS**

## STATEMENT OF ISSUES PRESENTED

**WHETHER THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL BECAUSE HFH HAS PROVIDED FULL AND ADEQUATE RESPONSES TO PLAINTIFF'S PROPER DISCOVERY REQUESTS AND, AS TO THE REMAINING REQUESTS, DEFENDANT'S OBJECTIONS ARE PROPER.**

HFH answers "yes."

**WHETHER THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR COSTS BECAUSE HFH ATTEMPTED IN GOOD FAITH TO WORK WITH PLAINTIFF AND HAS COMPLIED WITH ITS DISCOVERY OBLIGATIONS.**

HFH answers "yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Civil Procedure 26

*Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir.2009)

I.      **<u>INTRODUCTION AND BACKGROUND</u>**

Plaintiff Natalie Reeser ("Plaintiff") alleges that Henry Ford Hospital ("HFH") discharged her for reporting her employer to the State of Michigan for forcing its employees to work during their unpaid lunches in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq,. She seeks relief under the FLSA and the Michigan Whistleblower Protection Act ("WPA"), including back-pay, front-pay, emotional damages, punitive damages, attorney fees, and interest for wrongful termination.

HFH served its original Objections and Responses to Plaintiff's First Set Of Requests For Production Of Documents and to her First Set Of Interrogatories on September 18, 2014. At that time, counsel for Defendant was about to begin an out-of-state jury trial but, cognizant of Defendant's duty to provide timely objections, provided such objections to Plaintiff at that time. (Ex. B to Plaintiff's Motion.) Counsel for Defendant notified Plaintiff's counsel on September 30, 2014 that he had been in a jury trial, that the jury trial had just ended, and that defense counsel would review its original Responses and would supplement. (Ex      A, email from Miglio to Flynn.)

On October 27, 2014, HFH served its Supplemental Responses To Plaintiff's First Set Of Requests For Production Of Documents and its Supplemental Responses To Plaintiff's First Set Of Interrogatories. (Ex. B and C.) These

4

Supplemental Responses provide full and complete information responsive to Plaintiff's requests, excepting only to those requests that seek information for which proper objections were made. Therefore, denial of Plaintiff's Motion is warranted.

## II.   ARGUMENT

### A.   Standard of Review

First, Rules 26(a)(1) and 26(b) do not give a party the right to unlimited discovery. Both rules provide that a court may limit information to be disclosed and may limit the scope of discovery. *United States v. Markwood*, 48 F.3d 969, 982 (6th Cir. 1995). Discovery is not for the purpose of permitting a party to engage in an unlimited attempt to probe the factual basis of a claim until there is enough evidence to make out a case. *Choate v. Nat'l R.R. Passenger Corp.*, 132 F.Supp. 2d 569, 574 (E.D. Mich. 2001). A party does not have a right to obtain discovery on matters that are privileged or are not relevant to the party's claim. Fed.R.Civ.P. 26(b)(1). In addition, "[d]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir.2007).

### B.   Defendant Has Responded To All Proper Requests For Production Of Documents.

Defendant's Supplemental Responses provided Plaintiff with all responsive documents to her First Set Of Requests For Production of Documents. Plaintiff

made 38 requests for information to Defendant. (Ex. A to Plaintiff's Motion to Compel.) Defendant provided documents responsive to Requests No. 1 – 5, 7 – 33, and 38. Defendant's objections and responses to the remaining requests are proper:

> Request No. 6:
>
> In Paragraph 3 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 3 of Plaintiff's complaint: "Henry Ford Hospital is a for-profit corporation headquartered and doing business in Wayne County, Michigan." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.
>
> Supplemental Response:
>
> Without waiving any objections, Defendant states: Henry Ford Hospital is not a for-profit corporation.

The denial in Defendant's Answer, which is referenced in Request No. 6, and Defendant's Supplemental Response to Request No. 6 are proper because Henry Ford Hospital is an assumed name for Henry Ford Health System, which is a *not-for-profit* corporation.

> Request No. 34:
>
> Produce any subpoenas served by or on behalf of Defendant in this case to any person, firm, or corporation, and any responses to each subpoena.
>
> Response:
>
> See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Supplemental Response:

Without waiving any objections, Defendant states: Plaintiff has been provided with any subpoenas issued on behalf of Defendant and Plaintiff has had the opportunity to obtain any records received in response to such subpoenas.

This Response is proper. All subpoenas for Plaintiff's records have been processed through Michigan Legal Copy. Plaintiff was provided a Notice of Records Deposition for each subpoena issued by Defendant. Plaintiff is able to obtain the records from Michigan Legal Copy.

Request No. 35:

Produce all documents related to all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the Whistleblower Protection Act, the Fair Labor Standards Act, and retaliation.
Response:

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

The objections to Request No. 35 are proper. First, all documents pertaining to all lawsuits involving allegations of Whistleblower Protection Act and Fair Labor Standards Act violations, and retaliation is an overly broad request. Plaintiff's general "right to discovery [must be balanced] with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th

7

Cir.2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir.1998)). Because "information concerning the nature of the lawsuits is contained in public records, Plaintiff can obtain the information [s]he seeks from these public filings. See Fed.R.Civ.P. 26(b)(2)(C)." *Colton v. Cohen*, No. 10-CV-13073, 2013 WL 3724835, at *2 (E.D. Mich. July 15, 2013) (Ex. D.) Second, especially because they are publicly-available, it would be burdensome for Defendant to provide **all** documents related to **all** lawsuits. Finally, Defendant's objection on the ground that Request No. 35 seeks information that is not relevant is proper because Plaintiff has failed to adequately articulate how this information is relevant. The issue here is whether Plaintiff was properly terminated. It is unclear how the identification of and circumstances regarding termination of all other employees terminated in the past five years is germane to that issue and is not simply a "fishing expedition."

>Request No. 36:
>
>Produce all telephone records for the phone numbers identified in response to Interrogatory No. 9.[1]
>
>Response:
>
>See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks

---

[1] Interrogatory No. 9: Identify any and all phone numbers and the phone company, including work, home and cell, from which Fiona Bork made or received any telephone calls during the period January 1, 2014 to February 28, 2014. (a) For each number listed, please identify the person to whom the call or text was made or from whom the call or text was received. (b) If any of the individuals identified above are or were ever Henry Ford employees, identify those individuals.

information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

The objections to Request No. 36 are proper. First, this Request is overly broad, as it is not limited only to information related to Plaintiff. Second, Defendant does not have access to its employees' private and personal telephone call logs. Ms. Bork is not a party to this lawsuit and Defendant is not entitled to ask its employees for their private and personal telephone call logs. Third, Defendant does not maintain telephone records according to user and it would be burdensome, if not impossible, for Defendant to obtain all of the telephone call logs from every telephone that Ms. Bork used during the identified time period and determine whether Ms. Bork was the caller for each call. Moreover, it would be impossible for Defendant to then determine the registrant of each incoming or outgoing telephone number, let alone whether the registrant of each number was the user at the time of each call. ***This Request exemplifies that many of Plaintiff's requests are ridiculous and are designed to be vexatious, rather than to lead to the discovery of relevant information***. Finally, Request No. 36 is not relevant to Plaintiff's claims nor is it likely to lead to the discovery of relevant information because it is overly broad.

Request No. 37:

Produce all email and text messages exchanged to or from Fiona Bork during the 60 days prior to Plaintiff's discharge and the 60 days after

9

her discharge from Henry Ford Hospital, with respect to Plaintiff or the issues in this litigation.

Response:

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant provided all emails from Fiona Bork relating to Plaintiff in its Supplemental Response to Plaintiff's First Set Of Requests For Production Of Documents. Defendant does not have access to its employees' private and personal telephone text message logs. Ms. Bork is not a party to this lawsuit and Defendant is not entitled to require Ms. Bork to provide her private and personal telephone text message log to Defendant. Further, Defendant has no authority to compel private and personal telephone text message logs from any of the parties to Ms. Bork's text messages.

### C. Defendant Has Responded To All Proper Interrogatories.

Plaintiff propounded 11 interrogatories in her First Set Of Interrogatories. Defendant's Supplemental Response provides answers to Interrogatory Nos. 1-3, 7-8, 10-11. (Ex. A to Plaintiff's Motion to Compel.) In fact, where documents were responsive to Plaintiff's Interrogatories, **Defendant provided extensive documents in addition to answering the Interrogatories**. Fed.R.Civ.P. 33(d) permits such form of response to Interrogatories. As for the remaining

10

Interrogatories, Defendant's objections and responses to the remaining interrogatories are proper:

> Interrogatory No. 4:
>
> Identify all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the Whistleblower Protection Act, the Fair Labor Standards Act, and retaliation. As to each lawsuit, identify:
>
> a. The court in which the actions was filed, the case name and the case number;
>
> b. The names of all plaintiffs and all defendants, including third-party plaintiffs or third-party defendants;
>
> c. The subject matter of the claims and the outcome of the litigation.
>
> Response:
>
> See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant's objections to Interrogatory No. 4 are proper. As explained more fully *supra* at Request No. 35, this Interrogatory is overly broad and is no more than a fishing expedition. Because lawsuits are contained in public records, Plaintiff can obtain the information she seeks from these public filings. See Fed.R.Civ.P. 26(b)(2)(C). Interrogatory No. 4 also would impose a significant burden on Defendant in that it requests detailed information for all Whistleblower Protection Act, Fair Labor Standards Act, and retaliation lawsuits filed against

11

Defendant for the past five years. See *Marker v. Union Fidelity Life ins. Co.*, 125 F.R.D. 121, 123-24 (M.D. N.C. 1989) (denying request for corporate defendant's litigation history in light of the nominal relevance and significant burden it would impose). Finally, the Interrogatory is not relevant to the extent that it seeks information that is, at best, remote to the factual issues underlying Plaintiff's claims. It is for these reasons that courts deny requests to produce information about other lawsuits or complaints. See *Moses v. State Farm Mutual Auto. Ins. Co.*, 104 F.R.D. 55, 56 (N.D. Ga. 1984) (denying discovery pertaining to past litigation and noting, "Defendant's conduct regarding [others] is of no consequence to this case."); *Prouty v. Nat'l R.R. Passenger Corp.*; 99 F.R.D. 545, 549 (D.D.C. 1983) (denying discovery pertaining to all lawsuits by discharged employees during a certain period); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 138 (W.D. Okla. 1977) (all lawsuits pertaining to claims of employment discrimination). Plaintiff's Interrogatory No. 4, like Request No. 35, seeks information related to individuals who are not parties to her claims and whose Complaints relate to their individualized circumstances. Therefore, any nominal relevance they may have does not outweigh the significant burden the request imposes on Defendant.

> Interrogatory No. 5:
>
> State whether Defendant or any of its subsidiaries or affiliates in Henry Ford Health System received any employee complaints about lunch breaks or non-payment for time worked during the past five (5) years.

12

    a. Produce a copy of such complaints.

    <u>Response</u>:

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant is a large health care system, which employs over 23,000 individuals. This Interrogatory is overly broad and ambiguous in that it does not specify a particular department or even an employee classification. Relatedly, because its scope is so broad, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because comparables are not possible in a general pool of employees.

    <u>Interrogatory No. 6</u>:

Identify all employees terminated within the past five (5) years, and as to each employee identify:

    a.    Name;

    b.    Job title;

    c.    Dates of employment; and

    d.    Reason for termination.

    <u>Response</u>:

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks

13

information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant's objections to this Interrogatory are proper. "Personnel records" of "non-parties" are considered to be "sensitive" and "confidential." See *Fritz v. Charter Twp. of Comstock, No*. 1:07-CV-1254, 2010 WL 1856481, at *2 (W.D. Mich. May 10, 2010) (Ex. E.) See also *Raclvatz v. The Standard Registry Co*., 177 F.R.D. 446, 447-48 (D. Minn. 1997) (recognizing that disclosure of personnel records and information would constitute a "serious injury" to "privacy"). Thus, courts typically refuse to compel production of such records, unless the party seeking production can show that the information is "clearly relevant" to claims that are being asserted, and that the party seeking production has a "compelling need" for such information. See *Fritz, supra* at *2. See also *Compuware Corp. v. Moody's Investors Servs., Inc*., 222 F.R.D. 124, 134 (E.D. Mich. 2004) quoting *New York Stock Exchange, Inc. v. Sloan, Jr*., Fed. Sec. L. Rep. p. 95,774, 1976 WL 837 (S.D. New York 1976) ("[a] firm's personnel files containing confidential evaluations of employees is not discoverable when the issue is whether the firm conducted an audit properly."); *Miller v. Federal Express Corp*., 186 F.R.D. 376. 384 (W.D. Tenn. 1999) (refusing to order production of personnel records absent a "compelling showing of relevance"). Here, Plaintiff has not demonstrated that the records are "clearly relevant" and, even if she had, she has not demonstrated a

14

compelling need. ***Plaintiff's request to Defendant, an organization that employs more than 23,000 individuals, for detailed information about every employee who has been terminated in the last five years is ridiculous*** *and demonstrates that her requests are designed to impose a burden on Defendant, not to lead to the discovery of relevant information.*

> Interrogatory No. 9:
>
> Identify any and all phone numbers and the phone company, including work, home and cell, from which Fiona Bork made or received any telephone calls during the period January 1, 2014 to February 28, 2014.
>
> a. For each number listed, please identify the person to whom the call or text was made or from whom the call or text was received.
>
> b. If any of the individuals identified above are or were ever Henry Ford employees, identify those individuals.

Defendant's objections to Interrogatory No. 9 are proper. First, as explained in greater detail *supra* at Request No. 36, this Interrogatory is overly broad, as it is not limited only to information related to Plaintiff. Second, Defendant does not have access to its employees' private and personal telephone call and/or text message logs. Third, Defendant does not maintain telephone records according to user and it would be burdensome, if not impossible, for Defendant to obtain all of the telephone call logs from every telephone that Ms. Bork used during the identified time period and determine whether Ms. Bork was the caller for each call.

Moreover, it would be impossible for Defendant then to determine the owner of each incoming or outgoing telephone number, let alone whether the owner of each number was the user at the time of each call. Finally, Interrogatory No. 9 is not relevant to Plaintiff's claims nor is it likely to lead to the discovery of relevant information.

## III.  COSTS ARE NOT WARRANTED

Plaintiff's Motion also seeks sanctions. Her Motion notes that such costs are warranted "[w]hen a motion to compel is granted." (Motion, p. 4.) Moreover, even if a motion to compel is granted, sanctions are not appropriate where the movant "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Rule 37(a)(5)(A)(i). In the present case, counsel for Defendant notified Plaintiff's counsel that he was involved in an out-of-state jury trial and, upon conclusion of that trial, that he was going to review Defendant's original Objections and Responses and would supplement. (Ex. A.) Contrary to the allegations in Plaintiff's Motion, counsel for Defendant did respond to communications from Plaintiff's counsel and the reason his responses were delayed was not due to bad faith or dilatory tactics, but because he was in a jury trial. Therefore, Plaintiff filed the present Motion before providing counsel for Defendant good faith opportunity, once the out-of-state jury trial was complete, to supplement.

16

Similarly, any delay by Defendant in providing discovery responses was "substantially justified." Rule 37(a)(5)(A)(ii) provides that sanctions are not warranted where the "opposing party's nondisclosure, response, or objection was substantially justified." There can be no doubt that Defendant's counsel involvement in an out-of-state jury trial, *about which he informed Plaintiff's counsel*, substantially justifies delay in Defendant's providing its Supplemental Responses to Plaintiff. This Court, therefore, should deny Plaintiff's motion in its entirety.

## IV. CONCLUSION

Defendant has attempted in good faith to work with Plaintiff. It has provided nearly three hundred pages of documents and answers to all non-objectionable interrogatories. Finally, the objections made by Defendant are proper. For all of these reasons, Defendant respectfully requests an order denying Plaintiff's motion in its entirety.

Respectfully submitted,

**VARNUM LLP**

By: /s/ Terrence J. Miglio
TERRENCE J. MIGLIO (P30541)
BARBARA E. BUCHANAN (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Suite 350
Novi, MI 48375

Date: November 17, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2014, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/Terrence J. Miglio