# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

_____/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

**DEFENDANT'S SUPPLEMENTAL  RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF
<u>DOCUMENTS TO DEFENDANT</u>**

NOW COMES the above-named Defendant, HENRY FORD HOSPITAL,

by and through its attorneys, VARNUM LLP, and for its Supplemental  Responses

to Plaintiff's First Set of Requests for Production of Documents, states as follows:

<u>**GENERAL OBJECTIONS AND RESERVATIONS**</u>

**A.**    <u>**Relevance:**</u>

Defendant generally objects to each discovery request on the ground that it

seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**B.**    **Vagueness:**

Defendant generally objects to the language of each discovery request to the extent that it or its terms are vague, ambiguous, incomplete, misleading, uncertain, incomprehensible, assumes facts not asserted by Defendant, or otherwise not specified with reasonable particularity. Defendant further generally objects to any request (or part of a request) that is susceptible to more than one interpretation, understanding, or meaning that may render any related response inadvertently misleading, incomplete, or otherwise non-responsive.

**C.**    **General:**

1.        Defendant generally objects to each discovery request to the extent that it or any of its terms is ambiguous, vague, over broad, unduly burdensome, harassing, vexatious, or otherwise seeks documents or information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence at the time of such request or otherwise.

2.        Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent they require Defendant to produce any documents previously produced by Defendant, received from Plaintiff, or available to Plaintiff through public records.

3.      Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent that they require Defendant to create documents.

## D.   <u>Business Records:</u>

Defendant reserves the right to respond to each discovery request by making information available for Plaintiff's inspection and copying in the manner and form in which such information is regularly maintained, assembled, and/or collected by Defendant in the usual course of business.  Such information accordingly may be made available for Plaintiff's inspection and copying in, *e.g.,* hard copy, microfiche, microfilm copy, computer-generated or other form and may be variously collected and assembled by individual, department, organization, year, month, week or otherwise as that information is regularly, usually, and/or routinely maintained by Defendant in the usual course of business.  Defendant alternatively reserves the right in its sole discretion to organize and label any responsive documents in a manner that generally or specifically corresponds with the categories in Plaintiff's requests.

## E.   <u>Inspection and Copying:</u>

Defendant reserves the right to respond to each request by making responsive information available for Plaintiff's inspection and copying during normal business hours at a location to be determined by Defendant as well as

subject to reasonable limitations.  Such discovery materials selected for copying by Plaintiff shall be Bates-stamped with a discreet prefix (which distinguishes those materials which may have been produced by Defendant to Plaintiff from other materials produced, *e.g.,* by Plaintiff to Defendant), and each party shall bear its own copying, shipment, and storage or other related costs. No original documents shall be removed from any document inspection site, and Plaintiff shall return Defendant's files to it in the same condition and order as those files and their contents had been provided to Plaintiff by Defendant.

**F.**     **Competence:**

Defendant reserves the right and opportunity to object to the competence, relevance, materiality, use and/or admissibility of any response or document as evidence for any purpose in any proceeding, including without limitation, the trial of this, or any other action.

**G.**     **Revision/Supplementation:**

Defendant reserves the right and opportunity to revise, correct, supplement, or otherwise qualify or complete any of Defendant's responses, in whole or in part.

**H.**     **Privilege:**

Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the attorney-client privilege.

4

**I.**     <u>**Work Product:**</u>

Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the work product doctrine.

**J.**     <u>**Personal/Confidential Information:**</u>

Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent they can be construed to require Defendant to release any information without proper authorizations concerning the identity, or other personal or confidential information related to non-parties to this lawsuit.

Without waiving any objections and otherwise, Defendant objects and responds to Plaintiff's First Set of Requests for Production of Documents as follows:

<u>**DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**</u>

<u>**REQUEST NO. 1:**</u>     Produce any and all documents referenced in or which relate to the allegations set forth in the pleadings so far filed in this case, including the Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

<u>**RESPONSE:**</u>

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is

neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see documents bates stamped numbers HFH 01 to HFH 286.

**REQUEST NO. 2:**      Produce    any    photographs,    magazines,    diagrams, schematics, videos, audio recordings, e-mails, or the original electronic hard drive containing e-mails and other evidence related to the allegations of Plaintiff's Complaint and/or Defendant's Answer and Affirmative Defenses.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 3:**      Produce each record, document, or data complication of any kind, which in any manner concerns Plaintiff, her employment with Defendant, discipline that she received, Plaintiff's job duties, Plaintiff's complaints about not paying her for hours worked or her working conditions in general, and Plaintiff's pay rate and fringe benefits. This includes but is not limited to Plaintiff's personnel file. This request covers the date from the beginning of Plaintiff's employment to the present.

**RESPONSE:**

See General Objections.  Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 4:** Produce all e-mails, notes, documents in the possession or control of the Henry Ford Hospital System or on a Henry Ford Hospital computer system, which refer to or concern Plaintiff.

7

**RESPONSE:**

    See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

    Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.


**REQUEST NO. 5:** In paragraph 1 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 1 of Plaintiff's complaint. Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

    See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states:  see Supplemental Response to Request No. 1.


**REQUEST NO. 6:** In Paragraph 3 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 3 of Plaintiff's complaint: "Henry Ford Hospital is a for-profit corporation headquartered and doing business in Wayne County, Michigan." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states:  Henry Ford Hospital is not a for-profit corporation.


**REQUEST NO. 7:**  In Paragraph 8 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 8 of Plaintiff's complaint:

Henry Ford Hospital operates a Clinton Township Outreach Lab Service where Plaintiff was employed since May 16, 2011 as a phlebotomist. During her employment, Plaintiff had strong performance reviews and would routinely receive complements from her co-workers, supervisors, and patients.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states: see Supplemental Responses to Request No. 1 and Request No. 3.


**REQUEST NO. 8:** In Paragraph 9 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 9 of Plaintiff's complaint:

*During her employment, Plaintiff became aware that money was being taken out of her paycheck for taking lunches, even though she was at the facility performing her job duties. She was not paid anything – not even minimum wage – for that period of time, even though she was forced to remain at the facility and work.*

10

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 9:** In Paragraph 10 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 10 of Plaintiff's complaint:

> *Plaintiff raised this concern to management throughout her employment. For instance, Plaintiff discussed the matter with her supervisor, Lab Sales Manager Fiona Bork, on or about January 10, 2014. Ms. Bork told her that she was never going to be paid for the time she worked during her lunch and instructed that she was to stop raising the issue or they would place Plaintiff at another site.*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

11

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 10:** In Paragraph 15 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 15 of Plaintiff's complaint:

> *Plaintiff contacted Ms. Bork about this inconsistency and Ms. Bork replied that she would be terminated for abandoning her job if she went to Human Resources regarding the lunch pay that day.*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental

Response to Request No. 1.


**REQUEST NO. 11:** In Paragraph 20 of Defendant's Answer, Defendant denies as

untrue the allegations in paragraph 20 of Plaintiff's complaint:

> *That evening, on February 18th, Plaintiff received a call from Ms. Bork chastising her about threatening to report to the State of Michigan regarding the lunches.*

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**RESPONSE:**

See General Objections.  Defendant further objects to this Discovery

Request because it is overly broad, ambiguous, burdensome and seeks information

that is neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental

Response to Request No. 1.

**REQUEST NO. 12:** In Paragraph 21 of Defendant's Answer, Defendant denies as

untrue the allegations in paragraph 21 of Plaintiff's complaint:

> *During the February 18th call, Ms. Bork stated things like: "how dare you tell Jill that you were filing with the state" and that Plaintiff had made a "big mistake" and that "you think you're going to help your co-workers by going to the state, but all you're going to do is get yourself terminated."*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objection.  Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 13:** In Paragraph 23 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 23 of Plaintiff's complaint:

> *That same day, Ms. Bork called Plaintiff at work to inform her that she was being transferred to a different site and that the move was permanent. Ms. Bork then went on to chastise Plaintiff for reporting her to Human Resources and the State of Michigan. In regards to Plaintiff's threatened report to the State, Ms. Bork stated "good luck with that" and hung-up on Plaintiff.*

14

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 14:** In Paragraph 24 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 24 of Plaintiff's complaint:

> *Plaintiff was so emotional over the threatening and abusive phone call that she broke down and requested to leave the facility for lunch to calm herself down. She provided notice to Ms. Bork, the Operations Manager Martha Wiseheart, and the Scheduler Luain Hajjar that she was taking a lunch and none of them objected. Plaintiff posted a note that stated she was gone for lunch pursuant to Defendant's policy.*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections.  Defendant further objects to this Discovery

Request because it is overly broad, ambiguous, burdensome and seeks information

that is neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental

Response to Request No. 1.


**REQUEST NO. 15:** In Paragraph 25 of Defendant's Answer, Defendant denies as

untrue the allegations in paragraph 25 of Plaintiff's complaint:

> *Shortly after she returned from lunch, she was greeted by Ms. Bork and two*
> *security guards who escorted her out of the facility and would not allow her*
> *to take her possessions with her. She was told by Ms. Bork that she was*
> *being suspended for abandoning her job. Since that time, Plaintiff has been*
> *terminated.*

Provide all documents in Defendant's possession supporting, refuting, or relating

to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request

because it is overly broad, ambiguous, burdensome and seeks information that is

16

neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 16:** In Paragraph 28 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 28 of Plaintiff's complaint:

> Plaintiff engaged in protected activity by asserting the rights of her and her co-workers on numerous occasions to her supervisors, Human Resources, and to the State of Michigan.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 17:** In Paragraph 29 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 29 of Plaintiff's complaint:

> Defendant knew about Plaintiff exercising her rights based on several verbal conversations with Defendant's managerial agents and several emails and pieces of correspondence that were exchanged by the parties to that effect.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.


**REQUEST NO. 18:** In Paragraph 30 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 30 of Plaintiff's complaint:

> Defendant terminated Plaintiff mere hours after her direct supervisor threatened Plaintiff's employment over Plaintiff's protected activity.

18

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.


**REQUEST NO. 19:** In Paragraph 32 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 32 of Plaintiff's complaint:

> Plaintiff Reeser reported a suspected violation of law, regulation or rule, promulgated by the state and federal governments, when she reported the Defendant's unscrupulous conduct in violating the rights of its employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is

19

neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 20:** In Paragraph 33 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 33 of Plaintiff's complaint:

> Plaintiff reported these suspected violations of law to the State Department of Licensing and Regulatory Affairs Wage and Hour Division, which is a public body as defined under the Whistleblowers Protection Act.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 21:** In Paragraph 34 of Defendant's Answer, Defendant denies as untrue the allegations in paragraph 34 of Plaintiff's complaint:

> Defendant had objective notice of Plaintiff's reports and attempted to curtail her rights under the WPA by threatening Plaintiff's employment, engaging in intimidation, transferring Plaintiff to a less preferred position, and finally terminating her employment because of her reports.

Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 22:** In Paragraph 6 of Defendant's Affirmative Defenses, Defendant claims that "Defendant was not an employer within the meaning of the Fair Labor Standards Act or the Whistleblower's Protection Act." Provide all

documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 23:** In Paragraph 9 of Defendant's Affirmative Defenses, Defendant claims that "Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence or resume fraud." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

Defendant objects to Request No. 23 because it is premature in that discovery in this civil action has only recently begun and the factual basis supporting Defendant's Affirmative Defenses cannot be fully known until it has

had a complete opportunity to discover all facts surrounding Plaintiff's allegations made in her Complaint.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 24:** In Paragraph 10 of Defendant's Affirmative Defenses, Defendant claims that "The named Defendant is an improper party." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

Defendant objects to Request No. 24 because it is premature in that discovery in this civil action has only recently begun and the factual basis supporting Defendant's Affirmative Defenses cannot be fully known until it has had a complete opportunity to discover all facts surrounding Plaintiff's allegations made in her Complaint.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Responses to Request No. 1 and Request No. 3.

**REQUEST NO. 25:** In Paragraph 13 of Defendant's Affirmative Defenses, Defendant claims that "Plaintiff's request for equitable relief is barred by the doctrine of unclean hands, and laches." Provide all documents in Defendant's possession supporting, refuting, or relating to this assertion.

**RESPONSE:**

Defendant objects to Request No. 25 because it is premature in that discovery in this civil action has only recently begun and the factual basis supporting Defendant's Affirmative Defenses cannot be fully known until it has had a complete opportunity to discover all facts surrounding Plaintiff's allegations made in her Complaint.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.


**REQUEST NO. 26:** Produce all witness statements in Defendants' possession that pertain to the allegations of Plaintiff's Complaint or Defendants' Answer and Affirmative Defenses.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information

24

that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 27:** Provide all documents reflecting why Plaintiff was terminated and relating to her termination.

**RESPONSE:**

See General Objections.  Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 28:** For each person that is likely to have discoverable information:

a.    Provide any and all statements prepared by each individual regarding the claims or defenses in this action;

b.    Produce all documents related to each person's knowledge related to the claims or defenses in this action.

**RESPONSE:**

Defendant objects to Request No. 28 because it is premature in that discovery in this civil action has only recently begun and Defendant has not yet determined "each person who is likely to have discoverable information."

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 29:** For each of Defendant's Affirmative Defenses, produce all documents related to the defense.

**RESPONSE:**

See General Objections.  Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 30:** Produce a copy of all rules, manuals, regulations and policies of the Henry Ford Health System that governed Plaintiff at any time during her employment with Henry Ford. This includes all employment policies, procedures, work rules and other rules that were in effect from May 2011 through the present.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 31:** For every fact witness known to Defendant who has knowledge of any discoverable matter, including but not limited to the incident(s) that form the basis of Plaintiff's Complaint, provide all documents relating to the person's expected testimony.

27

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.


**REQUEST NO. 32:** Produce all statements or affidavits prepared by, for, or on behalf of, witnesses that relate to allegations and statements in the pleadings in this case.

**RESPONSE:**

Defendant objects to Request No. 32 because it is premature in that discovery in this civil action has only recently begun and Defendant has not yet determined "each person who is likely to have discoverable information." Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

28

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 33:** Produce each document, exhibit or record that Defendant may or will use at a trial in support of its allegations and defenses in this lawsuit.

**RESPONSE:**

See General Objections.   In addition, Defendant objects to Request to Produce No. 33 on the basis that it is vague and ambiguous, particularly as to the phrase "may or will use at trial." Subject to and without waiving any of these objections, Defendant responds:  This Discovery Request is premature.  Discovery has just begun and Defendant has not yet determined which documents it will "introduce into evidence at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial."   Defendant will provide its Exhibit List pursuant to the Scheduling Order in this case.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

**REQUEST NO. 34:** Produce any subpoenas served by or on behalf of Defendant in this case to any person, firm, or corporation, and any responses to each subpoena.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: Plaintiff has been provided with any subpoenas issued on behalf of Defendant and Plaintiff has had the opportunity to obtain any records received in response to such subpoenas.

**REQUEST NO. 35:** Produce all documents related to all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the *Whistleblower Protection Act*, the *Fair Labor Standards Act*, and retaliation.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is

neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36:** Produce all telephone records for the phone numbers identified in response to Interrogatory No. 9.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 37:** Produce all email and text messages exchanged to or from Fiona Bork during the 60 days prior to Plaintiff's discharge and the 60 days after her discharge from Henry Ford Hospital, with respect to Plaintiff or the issues in this litigation.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 38:** Please produce all documents, including but not limited to e-mails, letters, correspondence, memoranda, reports, text messages and/or summaries, whether in electronic or paper format, that Defendants may utilize as exhibits at trial, or that Defendants will rely upon to support their defenses and/or claims in this litigation.

**RESPONSE:**

See General Objections. In addition, Defendant objects to Request No. 38 on the basis that it is vague and ambiguous, particularly as to the phrase "at depositions or trial." Subject to and without waiving any of these objections, Defendant responds: This Discovery Request is premature. Discovery has just begun and Defendant has not yet determined which documents it will "introduce into evidence at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial." Defendant will provide its Exhibit List pursuant to the Scheduling Order in this case.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: see Supplemental Response to Request No. 1.

Respectfully submitted,

**VARNUM LLP**

By: _____

Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Suite 350
Novi, MI 48375
(248) 567-7400

Dated:  October 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, I caused the foregoing documents to be served upon all parties of record by placing said documents in an envelope with proper postage affixed thereto and placing same in the U.S. Mail.

8865132_1.DOCX