# Exhibit E

2010 WL 1856481
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
W.D. Michigan,
Southern Division.

Sue FRITZ, an individual, Plaintiff,
v.
CHARTER TOWNSHIP OF COMSTOCK, a public body, and Tim Hudson, individually and in his official capacity as Supervisor for the Charter Township of Comstock, Defendants.

No. 1:07–CV–1254. | May 10, 2010.

**Attorneys and Law Firms**

William F. Piper, William F. Piper PLC, Portage, MI, for Plaintiff.

James R. Nelson, Scholten Fant, Grand Haven, MI, John A. Yeager, Willingham & Cote PC, East Lansing, MI, for Defendants.

*OPINION*

ROBERT HOLMES BELL, District Judge.

**\*1** This matter comes before the Court on a motion for protective order filed by Farm Bureau Life Insurance Company of Michigan ("Farm Bureau"). (Dkt. No. 54.)Farm Bureau is not a party to this action. Plaintiff served a subpoena on counsel for Farm Bureau requesting the production of copies of personnel files of current and former Farm Bureau representatives who are not parties to this action.[1] Farm Bureau seeks an order quashing the subpoena because the personnel files are not relevant to this case. In the alternative, Farm Bureau requests an order to protect the privacy of the non-parties whose files have been requested because the files (or portions of them) are confidential and protected from disclosure under the common law and various statutes.

The Township Defendants concur in Farm Bureau's request to quash the subpoena. Defendants contend that the requested documents are not relevant to any claim in this action, and the subpoena was issued after the close of discovery. (Dkt. No. 61, Defs.' Resp.)

Plaintiff's subpoena request is deficient in two respects. First, it is untimely. The discovery deadline in this case was November 1, 2008. (Dkt. No. 13.)Plaintiff did not serve the subpoena on Farm Bureau until April 5, 2010, after the close of discovery.[2]

Although there is some authority to the contrary,[3] a Rule 45 subpoena seeking documents from a third-party has generally been held to constitute discovery that is subject to the same deadlines that apply to all other formal discovery. *See, e.g., MedImmune, LLC v. PDL Biopharma, Inc.,* No. 08–5590, 2010 WL 1266770, at \*1 (N.D.Cal. Apr.1, 2010); *Abrams v. Ciba Specialty Chems. Corp.,* No. 08–68, ––– F.R.D. ––––, 2010 WL 1141411, at \*3 (S.D.Ala. Mar.19, 2010); *Pushko v. Klebener,* No. 3:05–cv–211, 2007 WL 2671263, at \*3 (M.D.Fla. Sept.7, 2007); *see also Estate of Wells ex rel. Wells v. Bureau County,* No. 08–1128, 2010 WL 1416838 (C.D.Ill. Apr.5, 2010) (quashing untimely subpoena). However, although a Rule 45 subpoena cannot be used to circumvent discovery deadlines, it may be employed after discovery is closed for the purpose of memory refreshment, for trial preparation, or to secure the production at trial of original documents previously disclosed during discovery. *Abrams,* 2010 WL 1131311, at \*3 (citing cases).

The information Plaintiff seeks is classic discovery information that should have been pursued during the course of discovery. Plaintiff's subpoena for this information after the close of discovery is untimely.

Plaintiff's subpoena request is also deficient because Plaintiff has not demonstrated a sufficient justification for disclosure of the sensitive personnel files of non-parties. The Federal Rules of Civil Procedure limit the scope of discovery to "nonprivileged" matters that are "relevant" to a party's claim or defense. Fed.R.Civ.P. 26(b)(1). Even if a matter is both nonprivileged and relevant, a district court still has discretion to further limit the scope of discovery "where the information sought is overly broad or would prove unduly burdensome to produce."*Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir.2007) (citing Fed.R.Civ.P. 26(b)(2))."Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing."*Id.* (internal quotations omitted); *see also Cuomo v. Clearing House Ass'n, L.L.C.* ––– U.S. ––––, ––––, 129 S.Ct. 2710, 2719, 174 L.Ed.2d 464

(2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing."). When the subject of a discovery request is personnel files, it is appropriate for the Court to require a heightened showing of relevance and need. *See Compuware Corp. v. Moody's Investors Servs., Inc.* 222 F.R.D. 124, 134 (E.D.Mich.2004) (holding that personnel files were not discoverable where the plaintiff failed to show that they were clearly relevant and that a compelling need existed); *Miller v. Fed. Express Corp.,* 186 F.R.D. 376, 384 (W.D.Tenn.1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Raddatz v. Standard Register Co.,* 177 F.R.D. 446, 447–48 (D.Minn.1977) (noting that because personnel files contain an employee's sensitive and personal data, ordering their disclosure is a highly intrusive act that should not be undertaken lightly).

*2 Plaintiff contends that the personnel files of Neely, Rurwin, Ryder, Woytal, and Naki are relevant to this case because, if she can show that similarly-situated employees who had difficulties with supervisors or employees were not terminated, that makes it more likely that the true reason that Farm Bureau terminated Ms. Fritz was because of her "controversial relation with the local governmental unit."(Dkt. No. 59, Pl.'s Resp. 2.)

This case only involves Plaintiff's claims of First Amendment retaliation and tortious interference with contract against the Township Defendants. This case is not about why Farm Bureau terminated Plaintiff. Plaintiff's termination letter indicated that she was terminated based on her working relationship with Farm Bureau employees, and her controversial community relations with her neighbors and the local governmental unit. A showing that other employees who had poor working relationships with Farm Bureau were not terminated would have little or no probative value on the issue of whether the Township Defendants intentionally interfered with Plaintiff's employment relationship with Farm Bureau. Although Plaintiff contends that the employees whose personnel files she seeks were similarly situated, she does not suggest that any of them had controversial community relations. Neither does she suggest that the nature of their poor working relationships was similar to hers. Moreover, a showing that other employees were not fired is not probative of the Township Defendants' intentional interference with her employment because it fails to establish any interference by the Township Defendants and it fails consider that Farm Bureau might have been concerned about Plaintiff's "controversial community relations" with her neighbors and the local governmental unit even in the absence of any communication from the Township.

Plaintiff contends that the personnel files of Luxmore and Keilen, who participated in the termination decision, are relevant because they "may have left" Farm Bureau or "may have been terminated," and Plaintiff "wonders" whether her situation had anything to do with it, and, in any event, there "may be" information in their files that would be relevant to their credibility. (Pl.'s Resp. 5–6.)

Plaintiff's subpoena for personnel files of Farm Bureau employees strikes the Court as little more than a fishing expedition. Even if medical and financial information is removed from the files, the contents of the files are nevertheless of a sensitive and confidential nature. Plaintiff has not shown that the information is clearly relevant to her claims or that she has a compelling need for it. The likelihood that Plaintiff will discover relevant information in the personnel files is speculative and is outweighed by the employees' privacy interests.

Farm Bureau's motion for a protective order quashing the subpoena will be granted because the subpoena is untimely and because Plaintiff has not demonstrated a sufficient justification for disclosure of the sensitive personnel files of non-parties.

*3 An order consistent with this opinion will be entered.

## Footnotes

| | |
|---|---|
| 1 | The subpoena requests "personnel files including any supervisor desk files of Tracy Neely, Mike Purwin, Ron Ryder, Jason Woytal, Greg Naki, Richard Kielen and Robert Luxmore."(Dkt. No. 55, Ex. A.) |
| 2 | Although the subpoena was issued after the close of discovery, the lapse of time is not as great as it appears because the case was on appeal. This Court issued its judgment on November 26, 2008. The judgment was reversed and remanded on January 28, 2010, and the mandate issued on March 25, 2010. |

| | |
|---|---|
| 3 | *See O'Boyle v. Jensen,* 150 F.R.D. 519, 520 (M.D.Pa.1993) ( "The discovery deadline established by the court ... was not intended to preclude ... parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side."). |

End of Document © 2014 Thomson Reuters. No claim to original U.S. Government Works.