UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v.

**HENRY FORD HOSPITAL**,

      Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE OPPOSING
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Defendant finally served incomplete responses[1] to Plaintiff's discovery requests only after Plaintiff filed her Motion to Compel, and more than two months after Plaintiff served her first discovery requests on Defendant. Yet Defendant never requested an extension. Even though it is now three months after Plaintiff served her first discovery requests, Defendant is continuing with its gamesmanship by objecting to many of Plaintiff's requests and refusing to provide relevant information.

Defendant fails to recognize that Rule 26 is to be liberally construed to permit broad discovery. *See U.S. v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir.1976)* (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery"). Relevancy for discovery purposes is extremely broad, including information that 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 383 (W.D.Tenn.1999).

---

[1] After Plaintiff received Defendant's Supplemental Responses (***Exhibit 1***), Plaintiff wrote an email to Defendant explaining that many of the documents are illegible because the font is so small and the reproduction quality is so poor. (***Exhibit 2***) Plaintiff therefore asked Defendant to provide acceptable copies of the following documents: HFH03-09, 10-18, 19-25, 27, 165-169, 188-191, 195, 196-265. (***Exhibit 3*** is an example of documents) Defendant should be compelled to provide legible and clear copies or originals.

## **INTERROGATORIES**

Defendant claims that it "provided extensive documents in addition to answering the Interrogatories." (Doc #17, p 10) But Defendant failed to specifically identify documents that are responsive to Plaintiff's Interrogatories. And Defendant failed to answer the following interrogatories:

**No. 3** asks about persons who participated in decision to terminate Plaintiff, the nature of the input, the dates on which discussions took place, and witnesses/participants to each discussion. The information is patently relevant since Plaintiff has to know the reasons for her termination and the participants so that she can decide who to depose.

**No. 4** asks about lawsuits re WPA and FLSA: "Discovery of other lawsuits is not a subject that is amenable to a per se rule. The Court must look to the relevance of the other suits to the particular claims at issue." *Kormos v. Sportsstuff, Inc.*, 2007 WL 2571969, *2 (E.D. Mich. Sept. 4, 2007) (N.D. Ohio 2006)) (***Exhibit 4***).[2] The relevance of other lawsuits or charges "depends on the nature of the claims, the time

---

[2] See also *Parrottino v. Bankers Life and Cas. Co.*, 2014 WL 1516195 (E.D. Mich. 2014) (finding plaintiff's request of other lawsuits may lead to the discovery of admissible evidence and ordering defendant to respond) (***Exhibit 5***); *Dixon v. Ashcroft*, 2001 WL 1910055 at *2 (W.D. Tenn. 2001) (finding "[a] plaintiff's discovery of past charges of discrimination against the same protected class . . . could lead to admissible evidence of a predisposition to discriminate . . . .") (***Exhibit 6***) Even in a case cited by Defendant, the defendant provided the plaintiff with a list of lawsuits. *Colton v. Cohen*, 2013 WL 3724835, (E.D. Mich.).

2

when the critical events in each case took place, and the precise involvement of the parties, among other considerations." *Id.* Here, Plaintiff's discovery request has been limited to comply with the considerations specified in *Kormos*. Plaintiff seeks information related only WPA and FLSA lawsuits and only for a recent time period of seven years. Defendant says it would impose an undue burden on it to produce the records, which raises a question regarding the number of lawsuits that Defendant had to defend.

**No. 5** asks about employee complaints about lunch breaks. Plaintiff is willing to limit this interrogatory to employee complaints in the Department of Laboratory Outreach.

**No. 6** asks about employees terminated: Defendant claims that it does not have to produce the documents because of confidentiality and privacy issues with personnel records. But Defendant never requested a protective order. Plaintiff is willing to limit this interrogatory to employees terminated for job abandonment, leaving for lunch, and violation of Defendant's policy that it claims Plaintiff was terminated under.[3]

---

[3] See *Griffith v. Wal-Mart Stores, Inc.*, 163 F.R.D. 4, *5 (E.D. Kentucky) (holding that personnel files are discoverable); *Hoxie v. Livingston County*, 2010 WL 457104 at *3 (E.D. Mich. 2010) (finding that personnel files containing records of disciplinary actions were relevant and allowing defendant to redact any personal information) (**Exhibit 7**). Defendant cites a case that concerns personnel files of a non-party. *Fritz v. Charter Township of Comstock*, 2010 WL 1856481 (W.D. Mich.) That case is inapplicable here.

3

**No. 7** asks about Bork's knowledge about Plaintiff's intention to file paperwork with State of Michigan: Defendant failed to answer. The Whistleblower Protection Act, M.C.L. § 15.361 *et seq.*; MSA 17.428(1) *et seq.* prohibits the discharge of an employee who "reports or is about to report" a suspected violation of a law. (MCL 15.362; MSA 17.428(2)) Defendant should say when Bork knew that Plaintiff reported or was about to report a violation of the wage and hour law.

**No. 8** asks about the Relationship between Henry Ford Hospital, Medical Laboratories, and Health System: Defendant's answer is vague and incomplete. It does not even mention Henry Ford Hospital.

**No. 9** asks about Bork's phone numbers. Plaintiff's claims are based on telephone conversations.[4] Defendant should provide the information.

**No. 10** asks about the reasons why Defendant denies as untrue almost every allegation in Plaintiff's complaint. Defendant fails to explain its answers.

**No. 11** asks about witnesses. Defendant should respond so that Plaintiff can decide which witnesses to depose and so that she can prepare her case.

## <u>REQUESTS FOR PRODUCTION</u>

It is not up to Defendant to decide what a "proper" request for production of documents is. Defendant can file a motion for a protective order, which it has not

---

[4] See *Bailey v. Fast Model Technologies, LLC*, 2012 WL 2601882 at *5 (E.D. Mich. 2012) (relying on telephone records to show that telephone conversations took place) (**Exhibit 8**).

4