# EXHIBIT 6

Not Reported in F.Supp.2d, 2001 WL 1910055 (W.D.Tenn.)
**(Cite as: 2001 WL 1910055 (W.D.Tenn.))**

C
Only the Westlaw citation is currently available.

United States District Court, W.D. Tennessee, Western Division.
Cassandra DIXON, Plaintiff,
v.
John ASHSCROFT, Defendant.

No. 00–3091DV.
Nov. 21, 2001.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

VESCOVO, Magistrate J.

*1 Presently before the court is the October 31, 2001 motion of the plaintiff, Cassandra Dixon, to compel the defendant, the Bureau of Prisons, to answer Interrogatories Nos. 2, 4, 5 and 11 of the plaintiff's First Set of Interrogatories and Requests for Production of Documents. In general, the four interrogatories at issue seek information concerning previous claims and charges of racial and sexual discrimination and retaliation filed by current and former employees of the Federal Correctional Institution in Memphis (FCI Memphis) as well as information concerning employees of FCI Memphis who have been suspended for thirty days.[FN1] The motion was referred to the United States Magistrate Judge for determination.

> FN1. Interrogatory No. 2 asks the defendant "to provide previous claims and/or charges, including informal complaints, for race discrimination filed by current or former employees of the Federal Bureau Prisons for the years 1993 to the present." (Pl.'s Mot. to Compel Discovery at 1.)
>
> Interrogatory No. 4 asks the defendant to provide a list of previous claims and/or charges, including informal complaints, for sex discrimination filed by current or former employees of FCI Memphis for the years 1996 to present. (Pl.'s Mot. to Compel Discovery at 3.)
>
> Interrogatory No. 5 asks the defendant "to provide a list of previous claims and or charges, including informal complaints, for retaliation or reprisal filed by current or former employees of FCI Memphis for the years 1996 to the present." (Pl.'s Mot. to Compel Discovery at 4.)
>
> Interrogatories 3, 4, and 5 state that "the list should include the style of the case and the court or agency where the case or complaint was filed. If a lawsuit was not filed, identify the name and address of complainant and to whom and where the complaint was made." (Pl.'s Mot. to Compel Discovery at 1–4.)
>
> Interrogatory No. 11 asks the defendant "to provide information for each employee who has received a thirty day suspension from the defendant from January 1, 1995 to the present, stat[ing]: (a) name and last known address; (b) sex; (c) race; (d) date of initial employment; (e) job classification or job title, and salary or wage rate and dismissed or fired; (f) date of suspension; (g) reason for suspension; (h) name of the person who authorized or approved of the suspension; and (i) whether the person had participated in any prior EEO activity before the suspension." (Pl.'s Mot. to Compel Discovery at 5.)

Dixon, a black female employee of FCI Memphis, filed suit against the Bureau of Prisons under Title VII of the Civil Rights Act of 1964. In sum, Dixon alleges that she has been the victim of racial and sexual discrimination in the accounting depart-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:14-cv-11916-GCS-SDD ECF No. 18-6, PageID.367 Filed 11/24/14 Page 3 of 4

Not Reported in F.Supp.2d, 2001 WL 1910055 (W.D.Tenn.)
(Cite as: 2001 WL 1910055 (W.D.Tenn.))

ment at FCI Memphis since November 1, 1996, and of retaliation since filing an EEO complaint on February 18, 1997. Specifically, Dixon complains of the discriminatory conduct on the part of her accounting supervisor, Mr. Adrian Guerero, of Safety Manager Mr. Norm Uptagraff's biased investigation of the conduct of Guerero, and of Warden Mark Luttrell's disparity in treatment by affirming disciplinary action (a one day suspension) against the plaintiff for the 1996 incident involving Guerero. Dixon also complains of disparate treatment, unduly harsh discipline (a thirty day suspension), false allegations, and hostile work environment in 1997 based on sex and retaliation on the part of numerous management and staff employees including Warden J.P. Young, Controller Angie Vandiver, AW Christine Marinez, SPC Memphis Camp Administrator Arcola Washington–Adduci, Support Systems Supervisor Valeri LeBlanc, SIS Lieutenant Brad Rosek, Lieutenant Dominic Serafano, Officer William Irby, Ronnie Strickland, Russell Billups, Officer J. Keith Burnett, Employee Development Specialist Kimberly Peppers, Assistant ISM Supervisor Amy Battles, ISM Assistant Manager John O'Brien, ISM Specialist Darryl McCown, Personnel Manager David Young, Officer Paul Landry, Assistant Business Office Manger Charlene Williams, and Contract Supervisor Kevin Megli.

The defendant objects to Interrogatories Nos. 2 and 11 as irrelevant to the extent that they seek information for an arbitrary time period beginning up to three years prior to the alleged discriminatory conduct.[FN2] In addition, the defendant objects to all four interrogatories as irrelevant to the extent they seek information concerning institutions within the Bureau of Prisons other than FCI Memphis. The defendant objects to all four interrogatories as unduly burdensome because the defendant would be required to manually review hundreds of agency discrimination files as the complaints are not indexed within the Bureau of Prisons by agency or alleged discriminatory conduct. Finally, the defendant claims that a response would violate the Privacy Act, 5 U.S.C. § 522A. Nevertheless, in response to Interrogatory No. 11, the defendant did agree to provide the requested information concerning thirty day suspensions with the exception of the race of the persons receiving a thirty day suspension. The defendant insists that Dixon has only alleged discrimination based on sex and retaliation, not race, with respect to the thirty day suspension.

> FN2. Interrogatory No. 2 seeks information for the years 1993 to the present; Interrogatories Nos. 4 and 5 seek information for the years 1996 to the present, and Interrogatory No. 11 seeks information for the years 1995 to the present.

*2 The court agrees with the defendant that to the extent these interrogatories seek information for time periods prior to January 1, 1996, they are overly broad and irrelevant. Also, to the extent the interrogatories seek information concerning facilities other than FCI Memphis, the information sought is unrelated to plaintiff's allegations and is therefore irrelevant. In addition, with regard to the thirty day suspension, the plaintiff has not asserted race discrimination in her EEO charge or in the complaint filed with this court, and therefore the race of employees who received thirty day suspensions is also irrelevant.

With regard to prior charges and complaints of discrimination based on race, sex, and retaliation, the information sought is relevant to the "claim or defense of any party", i.e., the plaintiff's claim of employment discrimination on the basis of race, sex, and retaliation. Fed.R.Civ.P. 26(b)(1). An employee may attempt to prove intentional discrimination by presenting credible, direct evidence of discriminatory intent. *Perkins v. Regents of University of Michigan,* 934 F.Supp. 857, 863 (E.D.Mich.1996). One element of such a claim of intentional discrimination is that the person responsible for the termination decision was "(a) predisposed to discriminate against persons in the protected class and (b) actually acted on that predisposition in the ... decision." *Id.* A plaintiff's discovery of past charges of discrimination against the

Case 2:14-cv-11916-GCS-SDD ECF No. 18-6, PageID.368 Filed 11/24/14 Page 4 of 4

Not Reported in F.Supp.2d, 2001 WL 1910055 (W.D.Tenn.)
(Cite as: 2001 WL 1910055 (W.D.Tenn.))

same protected class of which he or she is a member could lead to admissible evidence of a predisposition to discriminate against the protected class. In this case, the potential probative value of such evidence outweighs the possibility of a chilling effect on EEO or other discrimination complainants.

Accordingly, as to Interrogatory No. 2, information concerning prior race discrimination complaints filed by former or current African American employees of FCI Memphis against Guerero, Uptagraff, and Luttrell, during the relevant time period, January 1, 1996, to the present, is discoverable. As to Interrogatory Nos. 4 and 5, information concerning prior discrimination complaints based on sex filed by current and former female employees of FCI Memphis and information concerning prior discrimination complaints based on retaliation filed by any current and former employees of FCI Memphis against the alleged participants in the discrimination identified in this order during the relevant time period is discoverable.

After balancing the needs of Dixon and the rights of Dixon to this information against the burden on the defendant in producing the information, the court finds Dixon's rights outweigh any burden on the defendant. In an effort to minimize the burden, the time period has been limited to January 1, 1996 to the present, approximately five years.[FN3] To protect the privacy of past discrimination complainants, however, the defendant may withhold the names and addresses of complainants and any other identifying information unless already of record publicly.

> FN3. The court questions whether or not this information is maintained locally at FCI Memphis.

*3 Accordingly, the defendant is ordered to answer Interrogatories Nos. 2, 4, and 5 in part as limited herein within thirty days of entry of this order. The remaining aspects of the plaintiff's motion to compel are denied.

W.D.Tenn.,2001.
Dixon v. Ashcroft
Not Reported in F.Supp.2d, 2001 WL 1910055 (W.D.Tenn.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.