# EXHIBIT 9

Not Reported in F.Supp.2d, 2010 WL 5463837 (E.D.Mich.)
**(Cite as: 2010 WL 5463837 (E.D.Mich.))**

**H**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Michigan,
Southern Division.
Roshanak AMELI–TEHRANI, Plaintiff/
Counter–Defendant,
v.
L. Kent WHITEMAN, Defendant/
Counter–Plaintiff.

Civil Action No. 09–cv–14126.
Dec. 22, 2010.

Karen T. Mendelson, Ann Arbor, MI, Kenneth F. Neuman, Neuman Anderson, Southfield, MI, for Plaintiff/Counter–Defendant.

Christopher A. Andreoff, David J. Poirier, Jaffe, Raitt, Heuer & Weiss, P.C., Southfield, MI, for Defendant/Counter–Plaintiff.

***ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO COMPEL AND FOR SANCTIONS (DOCKET NO. 28) AND GRANT-ING DEFENDANT'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER RELATING TO THE AT & T AND CINGULAR WIRELESS SUBPOENAS (DOCKET NO. 43)***

MONA K. MAJZOUB, United States Magistrate Judge.

**\*1** These matters are before the Court on two motions. The first motion is Defendant/Coun-terPlaintiff's ("Defendant") Second Motion to Compel and for Sanctions. (Docket no. 28). The second motion is Defendant's Motion to Quash and/or Motion for Protective Order Relating to AT & T and Cingular Wireless Subpoenas. (Docket no. 43). The motions are fully briefed. The parties have filed a Joint Statement of Resolved and Unresolved Issues.

(Docket no. 78). These matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 30, 46). The Court heard oral argument on the motions on December 20, 2010. The motions are now ready for ruling.

**1. Defendant's Second Motion to Compel and For Sanctions**

Defendant served his Second Set of Interrog-atories and Document Requests on July 23, 2010, consisting of Interrogatories nos. 5–9 and Requests for Production of Documents nos. 60–78. On September 2, 2010, in response to a prior Motion to Quash filed by the Plaintiff/Counter–Defendant ("Plaintiff"), the Court entered an Order striking Defendant's Second Document Requests nos. 61–72. (Docket no. 32). In the instant motion De-fendant states that Plaintiff failed to serve responses to the remaining discovery requests, which include Defendant's Second Set of Interrogatories nos. 5–9 and Second Requests for Production of Documents nos. 60 and 73–78. The parties' joint statement re-veals that they have narrowed the issues in this mo-tion, but that they have been unable to resolve is-sues pertaining to Second Requests for Production of Documents nos. 77 and 78.

Request for Production no. 77 asks Plaintiff to produce all correspondence to or from any entity or person she subpoenaed in this litigation. At the hearing on this motion Defendant stated on the re-cord that through this request he only seeks to ob-tain a letter sent from Comcast to Plaintiff's counsel which purportedly states that Comcast has no docu-ments responsive to the subpoena. Plaintiff agreed to provide the Comcast letter to defense counsel at his expense. Accordingly, Defendant's Motion to Compel documents responsive to Second Request for Production no. 77 will be granted only as to the Comcast letter. Defendant will be required to pay the Plaintiff's reasonable copying costs and postage fees associated with copying and mailing the letter.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 5463837 (E.D.Mich.)
**(Cite as: 2010 WL 5463837 (E.D.Mich.))**

Second Request for Production no. 78 asks Plaintiff to produce all documents produced by any entity or person subpoenaed in this litigation. Defendant represented at the motion hearing that he has not received documents produced in response to the Plaintiff's Bank of America and Ann Arbor Commerce Bank subpoenas. The Court will grant Defendant's motion as to Second Request for Production no. 78 and will order Plaintiff to produce documents she received in response to subpoenas she sent to Bank of America and Ann Arbor Commerce Bank. Defendant will be required to pay the Plaintiff's reasonable copying costs and postage fees associated with copying and mailing the documents.

**\*2** Defendant's request for attorney's fees and costs will be denied. Fed.R.Civ.P. 37(a)(5)(B).

**2. Defendant's Motion to Quash and/or Motion for Protective Order Relating to the AT & T and Cingular Wireless Subpoenas**

Defendant moves for an order to quash and/or for a protective order relating to two subpoenas duces tecum issued by Plaintiff to AT & T and Cingular Wireless for all of Defendant's home and cell phone records for a three year period. The subpoenas commanded that the documents be produced by September 24, 2010. (Docket no. 43, Ex. A). In response to Defendant's motion, Plaintiff advised the Court that she voluntarily withdrew the two subpoenas on September 10, 2010. (Docket no. 57). She now argues in her joint statement that the phone records have once again become relevant by Defendant's assertion in his Motion for Partial Summary Judgment that the parties ended their personal relationship in 2004. Hence, she now claims in the joint statement that the issue in this motion is unresolved.

Plaintiff has advised the Court and the Defendant that she withdrew the subpoenas on September 10, 2010. Discovery closed on September 15, 2010. (Docket no. 14). The Court will therefore grant Defendant's Motion to Quash on the basis that the subpoenas were voluntarily withdrawn by Plaintiff and

are no longer valid.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Compel and for Sanctions (docket no. 28) is **GRANTED IN PART.** On or before January 7, 2011 Plaintiff's counsel must provide to Defendant's counsel a copy of the letter Comcast served on Plaintiff's counsel in response to Plaintiff's subpoena, along with copies of documents Plaintiff's counsel received in response to subpoenas she sent to Bank of America and Ann Arbor Commerce Bank. Defendant must pay the Plaintiff's reasonable copying costs and postage fees associated with copying and mailing the documents.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Quash and/or Motion for Protective Order Relating to AT & T and Cingular Wireless Subpoenas (docket no. 43) is **GRANTED** as provided in this Order.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

E.D.Mich.,2010.
Ameli-Tehrani v. Whiteman
Not Reported in F.Supp.2d, 2010 WL 5463837 (E.D.Mich.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.