UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

v.

HENRY FORD HOSPITAL,

        Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

| | |
|---|---|
| MILLER COHEN, P.L.C.<br>Keith D. Flynn (P74192)<br>Attorney for Plaintiff<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226<br>313-964-4454<br>kflynn@millercohen.com | VARNUM LLP<br>Terrence J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>Attorneys for Defendant<br>39500 High Pointe Blvd., Ste. 350<br>Novi, MI 48375<br>248-567-7828<br>tjmiglio@varnumlaw.com<br>bebuchanan@varnumlaw.com |

## DEFENDANT'S MOTION TO COMPEL AND FOR REASONABLE EXPENSES PURSUANT TO RULE 37

**NOW COMES** Defendant, **HENRY FORD HOSPITAL**, by and through its attorneys, **VARNUM LLP**, and for its Motion to Compel and for Reasonable Expenses Pursuant to Rule 37 states as follows:

1. In this action, Plaintiff Natalie Reeser ("Plaintiff") alleges claims of retaliation under the Fair Labor Standards Act, and violation of the Michigan's Whistleblower Protection Act.

2.     On July 2, 2014, Defendant served Plaintiff with its First Set of Interrogatories, including generic authorizations for the disclosure of Plaintiff's medical, psychotherapy, and employment records to be executed by Plaintiff. (Exhibit A.)

3.     On August 1, 2014, Plaintiff served Plaintiff's Answers to Defendant's First Interrogatories, failing to provide any executed authorizations. (Exhibit B.)

4.     Plaintiff's Answers to Interrogatory No. 4 and 5, regarding identification of Plaintiff's employment and employment application/job search efforts, included Objections "that if Defendant unilaterally contacts any subsequent employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act."

5.     On September 2, 2014, Plaintiff's counsel provided generic medical and psychotherapy authorizations for Dr. Reza Kahnamouei only, signed by Plaintiff on July 1, 2014; and a blank generic authorization for employment records, signed by Plaintiff on July 1, 2014.   The authorizations expire six months from the date they are signed. (Exhibit C.)

6.   Defendant subpoenaed Plaintiff's records from Dr. Kahnamouei and Plaintiff's employment records, including her current employer Davis Smith, Inc.

7.   In obtaining medical records from Dr. Reza Kahnamouei, Defendant determined Plaintiff was also treated within the Henry Ford Health System ("HFHS"). HFHS requires its specific authorization forms to be signed in order to release any medical or psychotherapy records.

8.   On October 1, 2014, Defendant's counsel emailed Plaintiff's counsel HFHS Patient Information Release Authorizations and Authorization for Disclosure of Psychotherapy Notes Only for Henry Ford Hospital & Health Network and for Henry Ford Macomb Hospitals, requesting that Plaintiff execute the authorizations. (Exhibit D.)

9.   On January 13, 2015, Defendant's counsel emailed Plaintiff's counsel indicating that he had not yet received executed copies of the authorizations sent to him on October 1, 2014; and that Plaintiff had not even answered Interrogatory No. 1. (Exhibit E.)

10.  On February 5, 2015, Plaintiff served Plaintiff's Supplemental Answers to Defendant's First Interrogatories. (Exhibit F.)

11.  Plaintiff's Supplemental Answer to Interrogatory No. 1 indicates that she was treated for anxiety, major depression, and post-traumatic stress

3

disorder, but is unable to remember the dates, and was referred to a psychiatrist.

12.  Plaintiff's Supplemental Answer to Interrogatory No. 4 indicates that she left her employment at Davis Smith, Inc., and currently is employed with Leelin Home Health Care.

13.  The generic authorizations Plaintiff signed on July 1, 2014 expired January 1, 2015.  To obtain supplemental records from Davis Smith, Inc., and from Leelin Home Health Care, Defendant will require another authorization for employment records executed by Plaintiff. (Exhibit G.)

14.  On February 10, 2015, Defendant's counsel again emailed Plaintiff's counsel requesting the authorizations sent on October 1, 2014 to be signed by Plaintiff. (Exhibit H.)

15.  On February 12, 2015, Defendant's counsel again exchanged emails with Plaintiff's counsel indicating the HFHS medical and psych authorizations sent in October had not been signed, even forwarding a copy of the signed generic authorizations to Plaintiff's counsel to prove no HFHS authorizations had been signed.  Plaintiff's counsel continues to insist he has provided them to the point of disregarding the proof of his only correspondence, dated September 2, 2014, providing signed authorizations that contained no HFHS signed authorizations. Plaintiff's counsel also

4

confirmed that Plaintiff provided a signed employment authorization dated in July – which, of course, is now expired and cannot be used to obtain additional records for employers of which Defendant was not previously aware. (Exhibit I.)

16.  Plaintiff's failure to cooperate with Defendant's request for discovery has prejudiced Defendant's ability to prepare its defense in this matter with respect to Plaintiff's claims and has forced Defendant to seek a Court Order compelling discovery.

17.  Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), Defendant now moves the Court for an Order compelling Plaintiff to execute authorizations so Defendant may obtain Plaintiff's records. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendant also seeks an Order awarding it reasonable expenses, including attorneys' fees, incurred in filing this Motion. The evidence and legal authority in support of this Motion are more fully explained in the attached Brief in Support.

18. Concurrence of counsel in the relief sought in this Motion was requested and denied.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant its Motion to Compel Discovery and issue an Order:

(a)     Compelling Plaintiff to produce executed HFHS Patient
        Information Release Authorizations and Authorization
        for Disclosure of Psychotherapy Notes Only for Henry
        Ford Hospital & Health Network and for Henry Ford
        Macomb Hospitals, and a newly executed Authorization
        for the Release and Disclosure of Employment Records;

(b)     Awarding Defendant its costs and expenses, including
        reasonable attorney fees, incurred by having to bring the
        instant Motion; and

(c)     Awarding additional relief to Defendant as the Court
        deems justice requires.

                        Respectfully submitted,

                        VARNUM LLP


                By:     */s/ Terrence J. Miglio*
                        Terrence J. Miglio (P30541)
                        Barbara E. Buchanan (P55084)
                        Attorneys for Defendants
                        39500 High Pointe Blvd, Suite 350
                        Novi, Michigan 48375
                        (248) 567-7828

Dated: February 18, 2015

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

| | |
|---|---|
| MILLER COHEN, P.L.C. | VARNUM LLP |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL AND FOR
<u>REASONABLE EXPENSES PURSUANT TO RULE 37</u>**

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    WHETHER THE COURT MUST COMPEL PLAINTIFF TO
      PRODUCE EXECUTED HFHS PATIENT INFORMATION RELEASE
      AUTHORIZATIONS AND AUTHORIZATION FOR DISCLOSURE
      OF PSYCHOTHERAPY NOTES ONLY FOR HENRY FORD
      HOSPITAL & HEALTH NETWORK AND FOR HENRY FORD
      MACOMB HOSPITALS, AND A NEWLY EXECUTED
      AUTHORIZATION FOR THE RELEASE AND DISCLOSURE OF
      EMPLOYMENT RECORDS.

      Defendant answers "yes."
      The Court should answer "yes."

II.   WHETHER THE COURT MUST AWARD DEFENDANT ITS
      REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES,
      INCURRED IN FILING THIS MOTION UNDER RULE 37(a)(5)(A).

      Defendant answers "yes."
      The Court should answer "yes."

i

## **PRIMARY CONTROLLING AUTHORITY**

Fed. R. Civ. P. 37

**INTRODUCTION**

Plaintiff Natalie Reeser ("Plaintiff") alleges claims of retaliation under the Fair Labor Standards Act, and violation of the Michigan's Whistleblower Protection Act.

Presently before the Court is Defendant's Motion to Compel. On July 2, 2014, Defendant served Plaintiff with its First Set of Interrogatories, including generic authorizations for the disclosure of Plaintiff's medical, psychotherapy, and employment records to be executed by Plaintiff. (Exhibit A.) On August 1, 2014, Plaintiff served Plaintiff's Answers to Defendant's First Interrogatories, failing to provide any executed authorizations. (Exhibit B.) Plaintiff's Answer to Interrogatory No. 4 and 5, regarding identification of Plaintiff's employment and employment application/job search efforts, included Objections "that if Defendant unilaterally contacts any subsequent employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act."

On September 2, 2014, Plaintiff's counsel provided generic medical and psychotherapy authorizations for Dr. Reza Kahnamouei only, that were signed by Plaintiff on July 1, 2014; and a blank generic authorization for employment records, also signed by Plaintiff on July 1, 2014.  The authorizations expire six

months from the date they are signed. (Exhibit C.) Defendant subpoenaed Plaintiff's medical records from Dr. Kahnamouei and Plaintiff's employment records, including her current employer Davis Smith, Inc. In obtaining medical records from Dr. Reza Kahnamouei, Defendant determined Plaintiff was also treated within the Henry Ford Health System ("HFHS"). HFHS requires its specific authorization forms to be signed in order to release any medical or psychotherapy records. On October 1, 2014, Defendant's counsel emailed Plaintiff's counsel HFHS Patient Information Release Authorizations and Authorization for Disclosure of Psychotherapy Notes Only for Henry Ford Hospital & Health Network and for Henry Ford Macomb Hospitals, requesting that Plaintiff execute the authorizations. (Exhibit D.)

On January 13, 2015, Defendant's counsel emailed Plaintiff's counsel indicating that he had not yet received executed copies of the authorizations sent to him on October 1, 2014; and that Plaintiff had not even answered Interrogatory No. 1. (Exhibit E.) On February 5, 2015, Plaintiff served Plaintiff's Supplemental Answers to Defendant's First Interrogatories. (Exhibit F.) Plaintiff's Supplemental Answer to Interrogatory No. 1 indicates that she was treated for anxiety, major depression, and post-traumatic stress disorder, but is unable to remember the dates, and was referred to a psychiatrist. Plaintiff's Supplemental Answer to Interrogatory

2

No. 4 indicates that she left her employment at Davis Smith, Inc., and currently is employed with Leelin Home Health Care. The generic authorizations Plaintiff signed on July 1, 2014 expired January 1, 2015.  To obtain supplemental records from Davis Smith, Inc., and from Leelin Home Health Care, Defendant will require another authorization for employment records signed by Plaintiff. (Exhibit G.)

On February 10, 2015, Defendant's counsel again emailed Plaintiff's counsel requesting the authorizations sent on October 1, 2014 to be signed by Plaintiff. (Exhibit H.) On February 12, 2015, Defendant's counsel again exchanged emails with Plaintiff's counsel indicating the HFHS medical and psych authorizations sent in October had not been signed, even forwarding a copy of the signed generic authorizations to Plaintiff's counsel to prove *no* HFHS authorizations had been signed.  Plaintiff's counsel continues to insist he has provided them to the point of disregarding the proof of his only correspondence dated September 2, 2014 providing signed authorizations that contains *no* HFHS signed authorizations. Defendant's counsel had not even sent them to Plaintiff's counsel until October 1st. Plaintiff's counsel also confirmed that Plaintiff provided a signed employment authorization dated in July – which, of course, is now expired. (Exhibit I.)

3

For the reasons set forth below, Plaintiff's refusal, unsupported by any valid legal basis, mandates that the Court grant Defendant's Motion under Federal Rule of Civil Procedure 37(a)(3)(B), and further, award Defendant its reasonable expenses, including attorney's fees, under Federal Rule of Civil Procedure 37(a)(5)(A).

## **ARGUMENT**

### A. **Pursuant to Rule 37(a)(5)(A), Plaintiff Must Be Compelled To Provide Executed Authorization for Her Records.**

Federal Rule of Civil Procedure 33 states that, an "interrogatory may relate to any matter that may be inquired into under Rule 26(b)," must be answered separately and fully in writing, and any objection must be stated with specificity.

Plaintiff has failed to provide executed authorizations that Defendant has requested numerous times and has given Plaintiff an inordinate amount of time to sign.   Accordingly, pursuant to Rule 37(a)(3)(B), the Court must enter an Order compelling Plaintiff to execute the HFHS Patient Information Release Authorizations and Authorization for Disclosure of Psychotherapy Notes Only for Henry Ford Hospital & Health Network and for Henry Ford Macomb Hospitals, and a currently dated Authorization for the Release and Disclosure of Employment Records.

4

**B.      Pursuant to Rule 37(a)(5)(A), Plaintiff Must Be Ordered To Pay Henry Ford Hospital's Reasonable Expenses, Including Attorneys' Fees, Incurred in Filing This Motion.**

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." See also *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003) ("Rule 37 allows courts to impose the fees and costs incurred in making a motion to compel as a discovery sanction").

As set forth above, the discovery Defendant seeks in this Motion is highly relevant to Plaintiff's claims. Plaintiff has not identified any valid legal justification for her refusal to provide these executed authorizations, therefor Plaintiff has left Defendant with no choice but to file this Motion. Under Rule 37(a)(5)(A), Defendant is entitled to recover its reasonable expenses, including attorneys' fees, for having to do so.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Honorable Court grant its Motion, enter an Order requiring Plaintiff to provide these executed authorizations, and award Defendant its reasonable expenses, including attorneys' fees, incurred in filing this Motion.

Respectfully submitted,

VARNUM LLP


By:   */s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendants
39500 High Pointe Blvd, Suite 350
Novi, Michigan 48375
Dated: February 18, 2015   (248) 567-7828
tjmiglio@varnumlaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/Terrence J. Miglio*
Terrence J. Miglio (P30541)
39500 High Pointe Blvd.
Suite 350
Novi, Michigan 48375
(248) 567-7828
tjmiglio@varnumlaw.com
