Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Case No. 2:14-cv-11916

---

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

## DEFENDANT'S SET OF FIRST INTERROGATORIES TO PLAINTIFF

**PLEASE TAKE NOTICE** that pursuant to FRCP. 33, you are hereby required to answer, in writing and under oath, each and every one of the Interrogatories set forth below within thirty (30) days after service hereof.

The information sought must be given whether secured by you, your agent, your representative or attorney, or any other person who has made this knowledge known to you or from whom you can get this information and who is competent to testify as to the facts stated.

1

The Interrogatories herein shall be deemed continuing, and supplemental answers shall be required within fifteen (15) days of the receipt by you, either directly or indirectly, of further or different information from the time the answers hereto are served.

## DEFINITIONS AND INSTRUCTIONS

A. As used herein, "document" or "documents" includes, without limitation, the complete original and/or non-identical copies of any written or graphic matter, no matter how produced, recorded, stored (*i.e.* electronically or hard copy), or reproduced, including, but not limited to, any writing; letter; envelope; electronic mail; electronic message sent by a portable, hand-held cellular device (such as a Blackberry or iPhone); meeting minute; memorandum; statement; book; record; study; handwritten note; note of an oral conversation; working paper; chart; graph; data sheet; data processing card; printout; microfilm; index; appointment book; calendar; diary; diary entry; telephone message slip; voice recording; tape; inter- and intra- office communications; interview or communication note; or any other data compilation in Plaintiff's possession, custody, or control, including all drafts of such document or documents.

B. As used herein, "you," "your," "Plaintiff," or "Plaintiff's" means Natalie Reeser, and her agent(s) or representative(s).

C. As used herein, "Defendant" means Henry Ford Health System, its

members, parent corporations, affiliates, subsidiaries, divisions, partners, predecessors, successors and assigns, including, without limitation, any past and present officers, directors, shareholders, employees, agents, representatives and attorneys of any of the foregoing ("Henry Ford Health System").

D. With regard to Plaintiff's responses to these Interrogatories, each response should relate to all time periods relevant to the Complaint, and when the response is for a different time period, the response should so indicate.

E. If Plaintiff objects to any part of an Interrogatory, set forth the basis of the objection and respond to all parts of the Interrogatory to which there is no objection.

F. If any Interrogatories are objected to on the basis of privilege, provide for each such Interrogatory a statement of the claim of privilege and all facts relied on in support thereof.

## INTERROGATORIES

### INTERROGATORY NO. 1

For any individuals, including doctors, psychologists, social workers, medical personnel, or other care givers, who have examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant, please:

a. State the name and address and specialty, if any, of the individual(s) who examined or treated you;

b. State the specific illness or condition that was treated; and

c. State the dates and type of examination and/or treatment.

For each and every medical practitioner, psychologist, counselor, social worker, or care giver listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Medical Records and Protected Health Information and an Authorization for the Release and Disclosure of Psychotherapy Notes. (Attached hereto are Authorizations for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

### ANSWER TO INTERROGATORY NO. 1

4

## INTERROGATORY NO. 2

State whether you have ever been involved in any other legal action, either as a defendant or plaintiff, and if so, provide the date and court or location each action was filed.

## ANSWER TO INTERROGATORY NO. 2

## INTERROGATORY NO. 3

State whether you have ever pled guilty, pled no contest, or been convicted of any crime, offense, or violation and, if so, state the nature of the crime, violation, or offense, and give the date of conviction.

## ANSWER TO INTERROGATORY NO. 3

## INTERROGATORY NO. 4

With the exception of your employment with Defendant, identify each and every employment you have had from 2009 to the present, and for each employment identify:

    a.    The name and address of the employer;

    b.    The dates of employment; and

    c.    Whether you are presently employed and, if not, the reason.

For each and every employer listed above, please complete, sign, and return with your answers to these interrogatories an Authorization for the Release and Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 4

## INTERROGATORY NO. 5

Identify each and every employment application you have submitted from 2009 to the present, and for each such application identify:

a.  The name and address of the prospective employer;

b.  The dates of any applications; and

c.  A description of the response you received, if any, and the identity of the person who provided you with a response.

For each and every employer listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 5

## INTERROGATORY NO. 6

Identify each person to whom you made a complaint concerning the allegations in the Complaint you filed in the instant action, give the date, and describe complaint, and describe the response, if any, you received.

## ANSWER TO INTERROGATORY NO. 6

Respectfully submitted:

VARNUM LLP

By: _____
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Ste. 350
Novi, MI 48075
(248) 567-7828

Dated: July 2, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the __2__ day of __July__, 2014, I caused the foregoing documents to be served upon all parties of record by placing said documents in an envelope with proper postage affixed thereto and placing same in the U.S. Mail.

_____
Melissa Henry

8481727_1.docx

## AUTHORIZATION FOR THE RELEASE AND DISCLOSURE OF MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION

**To:**

      I, Natalie K. Reeser, d/o/b December 31, 1980 SS # ▮▮▮▮-8156, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all protected health information, medical records and documents reflecting my past and present physical and mental health condition and treatment, including but not limited to:

1. Health records, treatment records, diagnostic records, pre-employment physical examination screenings; pre-employment drug testing, post-employment physical examination screenings, post-employment drug testing, physician and physical exam records, occupational health records, patient charts, in-take forms, examination forms, clinical/therapy notes, progress notes, assessments, evaluations, diagnosis reports, prescriptions, memoranda, pathology reports, laboratory test reports, operative reports, radiology reports, radiologic and MR scans, x-rays, x-ray reports, discharge summaries, emergency care reports, history and physical examination reports, diagnostic imaging reports, consultation reports, outpatient clinic records, correspondence, communications to and from other health care providers, correspondence to and from attorneys, subpoenas, billing records, appointment notices, insurance records and telephone messages;

2. Records reflecting behavioral or mental health diagnosis, tests, treatment and counseling, including psychiatric, psychological and social services records, and communications made to a social worker; information pertaining to counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, medication prescription and monitoring, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date. (Note: this Authorization does NOT authorize the release of psychotherapy notes as defined by 45 CFR §164.501, the release of which is authorized by a separate Authorization);

3. Records pertaining to drug and alcohol abuse diagnosis and treatment;

4. Records regarding treatment for human immunodeficiency virus (HIV), acquired immunodeficiency syndrome (AIDS), AIDS related complex (ARC), sexually transmitted diseases and communicable diseases;

5. Records regarding accident reports, workers' compensation claims, and insurance records; and,

6. Any other records in your possession, custody or control.

I understand that these medical records and protected health information are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these medical records and protected health information are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be

protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization. I understand that I may inspect or copy the medical records and protected health information which have been released and disclosed.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to the above-named entity.

This authorization will expire six (6) months from the date it is signed.


Signed: _____    Date: _____
         Natalie K. Reeser

## AUTHORIZATION FOR THE RELEASE
## AND DISCLOSURE OF PSYCHOTHERAPY NOTES

**To:**

      I, Natalie K. Reeser, d/o/b December 31, 1980 SS # ▓▓▓▓-8156, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all documents and records that constitute psychotherapy notes reflecting my past and present mental health condition and treatment, including but not limited to:

>   Notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session, intake forms, patient history forms, including a psychiatrist's, psychologist's, social worker's, therapist's, counselor's or any other mental health professional's personal working notes and/or process notes that are separated from the rest of the identifiable medical record and/or protected health information.

I understand that these psychotherapy notes are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these psychotherapy notes are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to above-named entity.

This authorization will expire six (6) months from the date it is signed.


Signed: _____        Date: _____
       Natalie K. Reeser

# AUTHORIZATION FOR THE RELEASE AND DISCLOSURE OF EMPLOYMENT RECORDS

**TO:**

 

I, Natalie K. Reeser, d/o/b December 31, 1980 SS #▩▩▩▩8156, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all information which may be requested including, but not limited to:

1. Employment records, earnings and payroll records, W-2 forms, employment applications, personnel file(s), departmental file(s), performance evaluations, medical file(s), physician and physical exam records, correspondence, accident reports, workers' compensation and/or unemployment claims, insurance records, financial/retirement account records, benefits records, time cards or attendance sheets; and

2. Any other records in your possession or control.

A photocopy of this authorization shall be acceptable as the original.

I understand that these records are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that I may revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this Authorization, I must submit a written revocation to the above-named entity.

This Authorization will expire six (6) months from the date it is signed.

Signed: _____        Dated: _____
       Natalie K. Reeser