Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Case No. 2:14-cv-11916

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Suite 350 |
| (313) 964-4454 Phone | Novi, MI 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys **MILLER COHEN, P.L.C.** with these answers to Defendant's First Set of Interrogatories to Plaintiff.

## **GENERAL OBJECTIONS**

Plaintiff, whether or not the objections are separately and specifically set forth in the response to each Interrogatory and Request, makes the following general objections to each of the Interrogatories and Requests.

1. Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they purport to impose a burden of ascertaining information that is not available to Plaintiff or within her possession or control, or is equally and/or already available to Defendant.

2. Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they call for the discovery of information subject to a claim of privilege or immunity, including, without limitation, the attorney-client or work-product privilege.

3. Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they purport to impose on Plaintiff requirements beyond those authorized by the Federal Court Rules.

4. Plaintiff generally objects to each Definition, Instruction, and Request to the extent that they purport to impose a burden of ascertaining information that is not available to Plaintiff or within her possession, custody or control.

5. Plaintiff generally objects to each Definition, Instruction, and Request because Defendant is seeking documents that are not specifically described, where the request is vague and ambiguous.

## INTERROGATORIES

## INTERROGATORY NO. 1

For any individuals, including doctors, psychologists, social workers, medical personnel, or other care givers, who have examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant, please:

    a. State the name and address and specialty, if any, of the individual(s) who examined or treated you;

    b. State the specific illness or condition that was treated; and

    c. State the dates and type of examination and/or treatment.

For each and every medical practitioner, psychologist, counselor, social worker, or care giver listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Medical Records and Protected Health Information and an Authorization for the Release and Disclosure of Psychotherapy Notes. (Attached hereto are Authorizations for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 1

Objection. Defendant's Interrogatory calls for Plaintiff to divulge sensitive information that is not likely to be relevant. Plaintiff has provided Defendant with a proposed protective order, but has not received a response as of the date of Plaintiff's Response. Plaintiff will supplement this response and provide Defendant with the information requested, but only after a protective order has been entered by the court.

## INTERROGATORY NO. 2

State whether you have ever been involved in any other legal action, either as a defendant or plaintiff, and if so, provide the date and court or location each action was filed.

## ANSWER TO INTERROGATORY NO. 2

Objection. Defendant's Interrogatory is not calculated to lead to relevant information and is overly broad. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows:

Nakhla v. Jacobson Management, LLC d/b/a Carlyle Place Apartments and Legal Co., Case No. 12-5464-NZ

It was a class action lawsuit. Ms. Reeser believes the action was filed summer 2012, but is unaware of what court the action was filed in.

## INTERROGATORY NO. 3

State whether you have ever pled guilty, pled no contest, or been convicted of any crime, offense, or violation and, if so, state the nature of the crime, violation, or offense, and give the date of conviction.

## ANSWER TO INTERROGATORY NO. 3

Objection. Defendant's Interrogatory is not calculated to lead to relevant information. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows:

No.

## INTERROGATORY NO. 4

With the exception of your employment with Defendant, identify each and every employment you have had from 2009 to the present, and for each employment identify:

    a.    The name and address of the employer;

    b.    The dates of employment; and

    c.    Whether you are presently employed and, if not, the reason.

For each and every employer listed above, please complete, sign, and return with your answers to these interrogatories an Authorization for the Release and

5

Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 4

Objection. Defendant's Interrogatory is not calculated to lead to relevant information, is overly broad, and unduly burdensome. Plaintiff further puts Defendant on notice that if Defendant unilaterally contacts any subsequent employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows: These documents were lost in a flood. I worked at Right at Home in Sterling Heights, but I do not possess records or recall the dates anymore. I left employment there to start work at Henry Ford. Currently, I work at Davis Smith Inc.. My start date was June 11, 2014. Please see attached documents.

**INTERROGATORY NO. 5**

Identify each and every employment application you have submitted from 2009 to the present, and for each such application identify:

a. The name and address of the prospective employer;

b. The dates of any applications; and

c. A description of the response you received, if any, and the identity of the person who provided you with a response.

For each and every employer listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

**ANSWER TO INTERROGATORY NO. 5**

Objection. Defendant's Interrogatory is not calculated to lead to relevant information, is overly broad, and unduly burdensome. Plaintiff further puts Defendant on notice that if Defendant unilaterally contacts any subsequent employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or

7

developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows: Please see the attached documents attached.

## INTERROGATORY NO. 6

Identify each person to whom you made a complaint concerning the allegations in the Complaint you filed in the instant action, give the date, and describe complaint, and describe the response, if any, you received.

## ANSWER TO INTERROGATORY NO. 6

Objection. Defendant's Interrogatory is overly broad and unduly burdensome. Additionally, Defendant's Interrogatory calls for a narrative response not appropriate for this form of discovery. Also, the information and documents being requested are in the possession of Defendant. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows:

On numerous occasions throughout 2012, 2013 and 2014, I respectfully asked for a lunch period or payment for the lunch periods that I was forced to work from Martha Wischeart, Maria Anger, Fiona Bork, and Jill Hood. These requests were denied. Additionally, I requested lunch breaks from Ms. Fiona Bork who told me to quit bothering her about it. Please see the Complaint filed in this case for further

details. Dr. Thacker came to me and expressed his concerns. He also informed me that there were laws that protected my right to compensation for lunch periods that I was forced to work. Ms. Jackie Allen, Dr. Mischack's office manager, sent me the new lunch policy after my termination. Also, I discussed the matter with Luain Hajjar in the sales department. She told me that she could not do anything about it and that Fiona is the only one who can approve that. I also reported Defendant's refusal to pay me wages I was owed to the State of Michigan in the middle of January 2014. These conversations with the State of Michigan culminated in a formal complaint being filed on February 25, 2014. The State responded to my complaint after the investigation that Defendant did fail to pay me for lunch periods in which I worked, but that Defendant paid the amount owed to me the day I was terminated, March 6, 2014.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: _/s/ Keith Flynn_

Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com

Dated: August 1, 2014

9

## VERIFICATION

I, Natalie Reeser, have reviewed the attached information, and have provided the answers to the best of my ability. These answers were prepared on the advice of counsel. The answers are what I could provide as of the date I signed below. I reserve the right to make any changes if more information becomes apparent, or if the answers provided could be more complete or accurate. These answers are true and accurate to the best of my ability.

_____
Natalie Reeser

_7/30/14_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Case No. 2:14-cv-11916

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Suite 350 |
| (313) 964-4454 Phone | Novi, MI 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

## PROOF OF SERVICE

**DIANE BOXIE**, an employee of **Miller Cohen, P.L.C.**, says that on *August 1, 2014*, she served a copy of **PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF**, along with this *Proof of Service*, upon:

    **VARNUM LLP**
    Mr. Terrence J. Miglio
    Ms. Barbara E. Buchanan
    39500 High Pointe Blvd., Suite 350
    Novi, MI 48375

via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage fully prepaid, and by depositing the same in the United States Postal Receptacle in Detroit, Michigan.

                                                                                                                   **DIANE BOXIE**

Subscribed and sworn to before me on
this 1st day of August 2014

Michelle Coil, Notary Public
St. Clair County, acting in Wayne County, MI
My Commission Expires: **10/21/2015**