## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

v.

Magistrate Judge Michael Hluchaniuk

**HENRY FORD HOSPITAL**,

        Defendant.

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Suite 350 |
| Detroit, MI  48226-0840 | Novi, Michigan  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys, Miller

Cohen, P.L.C., and for her Response to Defendant's Motion to Compel, states as

follows:

Defendant's motion to compel is entirely frivolous and devoid of any merit.

It claims that Plaintiff refused to execute (1) an authorization for medical records

from Henry Ford Health System ("HFHS"); (2) an authorization for employment

records from a previous employer, Davis Smith, Inc., and (3) an authorization for employment records from Plaintiff's current employer. Plaintiff responds to these claims as follows: First, Plaintiff refused to execute an authorization for medical records from HFHS because there was no formal discovery request for these documents. Second, Plaintiff never refused to execute an authorization for employment records from Davis Smith, Inc. In fact, Plaintiff executed a blank authorization for all employment records and Defendant subpoenaed records from Davis Smith, Inc. Defendant never brought it to Plaintiff's attention that she had to execute new authorizations for employment records due to the expiry of the previous authorization after six months. In any event, without honoring the six-month expiration of Plaintiff's authorization, on February 13, 2015, Defendant issued a new subpoena for updated records to Davis Smith, Inc. (***Exhibit 3***) This issue is therefore entirely moot. Third, Plaintiff never refused to execute an authorization for employment records from her current employer. She only started this employment about two weeks before Defendant filed its motion and therefore she had not yet provided Defendant with the signed authorization.

1.     Plaintiff Natalie Reeser ("Plaintiff") admits that her complaint alleges claims of retaliation under the Fair Labor Standards Act and violation of Michigan's Whistleblowers' Protection Act.

2.      Plaintiff admits that on July 2, 2014, Defendant Henry Ford Hospital ("Defendant") served Plaintiff with its First Set of Interrogatories, including generic authorizations for the disclosure of Plaintiff's medical, psychotherapy, and employment records to be executed by Plaintiff. (Docket No. 23-2)

3.      Plaintiff admits that on August 1, 2014, she timely served Plaintiff's Answers to Defendant's First Interrogatories, including answers to Interrogatories No. 1, 4 and 5. (Docket No. 23-3) Plaintiff objected to Interrogatory No. 1 Her answer made clear that the reason she did not execute and provide the authorizations with her answer was because Defendant had not yet responded to Plaintiff's proposed protective order.

4.      Plaintiff admits that she answered Interrogatories No. 4 and 5. (Docket No. 23-3)

5.      The Court entered the parties' Stipulated Protective Order on August 13, 2014. (*Exhibit 1*) Plaintiff admits that, following the entry of the Stipulated Protective Order, on September 2, 2014, she provided authorizations for the release of medical records and psychotherapy notes to Dr. Reza Kahnamouei, M.D. She also provided a blank generic authorization for employment records, signed on July 1, 2014. (Docket No. 23-4)

6.      Plaintiff admits that Defendant subpoenaed Plaintiff's records from Dr. Kahnamouei and employers, including Davis Smith, Inc., her employer at the time.

7.      Plaintiff is unable to admit or deny due to lack of knowledge.

8.      Plaintiff admits that Defendant's counsel emailed Plaintiff's counsel on October 1, 2014, asking Plaintiff to execute the attached HFHS Medical and Psychotherapy Authorizations. (Docket No. 23-5) This email was not a formal discovery request requiring a response from Plaintiff. **There was no formal discovery request to which these documents would be responsive**.

9.      Plaintiff admits that on January 13, 2015, Defendant's counsel emailed Plaintiff's counsel indicating that he had not yet received executed authorizations from Plaintiff. (Docket No. 23-6)

10.     Plaintiff admits that on February 5, 2015, she served Supplemental Answers to Defendant's First Interrogatories. (Docket No. 23-7)

11.     Plaintiff admits that her Answer and Supplemental Answer to Interrogatory No. 1 were as follows:

## INTERROGATORY NO. 1

For any individuals, including doctors, psychologists, social workers, medical personnel, or other care givers, who have examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant, please:
    a.   State the name and address and specialty, if any, of the individual(s) who examined or treated you;
    b.   State the specific illness or condition that was treated; and
    c.   State the dates and type of examination and/or treatment.

For each and every medical practitioner, psychologist, counselor, social worker, or care giver listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and

4

Disclosure of Medical Records and Protected Health Information and an Authorization for the Release and Disclosure of Psychotherapy Notes. (Attached hereto are Authorizations for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 1

Objection. Defendant's Interrogatory calls for Plaintiff to divulge sensitive information that is not likely to be relevant. Plaintiff has provided Defendant with a proposed protective order, but has not received a response as of the date of Plaintiff's Response. Plaintiff will supplement this response and provide Defendant with the information requested, but only after a protective order has been entered by the court.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

      a.     Dr. Reza Kahnamouei
             43301 Commons Dr.
             Clinton Township, MI 48048
             (586) 745-3006

      b.     anxiety, major depression, and post-traumatic stress disorder

      c.     I cannot recall exact dates, but I was told by my primary care physician that I suffered from the above.  He took me off work for five days and provided the following prescription medication: Paxil and Xanax.  I was referred to a psychiatrist, but I have lost my medical insurance and cannot afford to seek further treatment.

(Docket No. 23-7)

Defendant's Interrogatory No. 1 only asked for information about doctors and medical personnel that "**examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant**." Plaintiff truthfully and fully answered Defendant's interrogatory by giving the name of Dr. Kahnamouei, the only physician who treated her for any illness, injury or condition that she alleged she suffered as a result of

Defendant's conduct. No physician or medical professional at Henry Ford Health System examined or treated Plaintiff for "any illness, injury or condition [she] allege[d] in the Complaint that [she] suffered as a result of the alleged conduct of the Defendant." Therefore, Plaintiff's answer did not mention any medical treatment at Henry Ford Health System. Accordingly, she did not have to execute any authorization to allow Defendant to obtain her medical and psychological records from Henry Ford Health System. Defendant's interrogatory simply did not ask for this information.

12. Plaintiff admits that her Answer and Supplemental Answer to Interrogatory No. 4 were as follows:

**<u>INTERROGATORY NO. 4</u>**

With the exception of your employment with Defendant, identify each and every employment you have had from 2009 to the present, and for each employment identify:
    a.    The name and address of the employer;
    b.    The dates of employment; and
    c.    Whether you are presently employed and, if not, the reason.

For each and every employer listed above, please complete, sign, and return with your answers to these interrogatories an Authorization for the Release and Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

**<u>ANSWER TO INTERROGATORY NO. 4</u>**
Objection. Defendant's Interrogatory is not calculated to lead to relevant information, is overly broad, and unduly burdensome. Plaintiff further puts Defendant on notice that if Defendant unilaterally contacts any subsequent

employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act. Plaintiff reserves the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows:

These documents were lost in a flood. I worked at Right at Home in Sterling Heights, but I do not possess records or recall the dates anymore. I left employment there to start work at Henry Ford. Currently, I work at Davis Smith Inc. My start date was June 11, 2014. Please see attached documents.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4**

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

After Plaintiff lost her home, she was forced to leave Davis Smith Inc. and relocate on December 31, 2014. She has recently accepted employment with Leelin Home Health Care on January 15, 2015 located at 352 E Houghton Ave., West Branch, MI 48661.

(Docket No. 23-7)

13.     Plaintiff only admits that the generic authorizations state, "This Authorization will expire six (6) months from the date it is signed." (Docket No. 23-4) Defendant's counsel never explained to Plaintiff's counsel that it required new authorizations due to the expiration of the prior authorizations after six months. And Defendant's counsel failed to bring the six-month expiration of the authorizations to the attention of Plaintiff's counsel when it sought concurrence in this motion. Since the filing of Defendant's motion brought it to Plaintiff's attention that she had to execute a new authorization due to the six-month expiry date of the previous authorization, she has provided Defendant with a new authorization for employment

records. In any event, without honoring the six-month expiration of Plaintiff's authorization, on February 13, 2015, Defendant issued a new subpoena for updated records to Davis Smith, Inc. (***Exhibit 3***) This issue is therefore entirely moot.

14.     Plaintiff only admits that Defendant's counsel again emailed Plaintiff's counsel on February 10, 2015, requesting signed authorizations for medical and psychological records from Henry Ford Health System. (Docket No. 23-9) As explained above, Plaintiff did not have to provide signed authorizations that were not responsive to Defendant's formal discovery requests.

15.     Plaintiff admits that Defendant's counsel again exchanged emails with Plaintiff's counsel on February 12, 2015. (Docket No. 23-10) Plaintiff's counsel pointed out: "Plaintiff provided you with signed authorizations for the medical records requested in Defendant's Interrogatories and Requests to Produce." (Docket No. 23-10, Pg. ID 492) Further, Plaintiff's counsel explained that "we have turned over all authorizations that were formally requested by your Interrogatories and Requests to Produce with the exception of a job that Plaintiff just started a couple of weeks ago. You are making up discovery issues to stall my depositions."

Plaintiff's counsel's response was completely justified. First, Defendant's Interrogatory No. 1 only asked for information about doctors and medical personnel that "**examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the**

8

**Defendant**." Plaintiff truthfully and fully answered Defendant's interrogatory by giving the name of Dr. Kahnamouei, the only physician who treated her for any illness, injury or condition that she alleged she suffered as a result of Defendant's conduct. No physician or medical professional at Henry Ford Health System examined or treated Plaintiff for "any illness, injury or condition [she] allege[d] in the Complaint that [she] suffered as a result of the alleged conduct of the Defendant." Therefore, Plaintiff did not have to execute any authorization to allow Defendant to obtain her medical and psychological records from Henry Ford Health System. Defendant's interrogatory simply did not ask for this information.

Second, Plaintiff had previously provided an authorization to obtain records from Davis Smith, Inc. and Defendant had subpoenaed and obtained the records from Davis Smith, Inc. (***Exhibit 2***) Defendant never pointed out to Plaintiff that she had to execute a new authorization due to the expiration of the previous one. If Defendant had done so, Plaintiff would have complied with the request. Instead, Defendant rushed to Court by filing this Motion to Compel. Now that Plaintiff has become aware of the six-month expiry date of the authorization, she has provided Defendant with a new authorization for employment records.

16. Plaintiff denies that she failed to cooperate with Defendant's request for discovery. She fully and truthfully answered Defendant's Interrogatories No. 1 and 4 and she executed all authorizations that Defendant formally requested.

9

Although Defendant by email requested her to execute authorizations for Henry Ford Health System, there was never a formal request for discovery of these records.

17.     Plaintiff only admits that Defendant is moving the Court for an order compelling Plaintiff to execute authorizations and for an order awarding it reasonable expenses. Plaintiff submits that Defendant is not entitled to obtain authorizations for the release of medical or psychotherapy records that are not included in any of Defendant's formal discovery requests.

Further, Defendant never explained to Plaintiff that she had to execute a new authorization for employment records due to the sixth-month expiration of her previous authorization. Now that Plaintiff has become aware of the six-month expiry date of the authorization, she has provided Defendant with a new authorization for employment records.

Defendant is not entitled to an award of reasonable expenses for filing a motion regarding medical records it never formally requested and regarding supplemental employment records without explaining to Plaintiff the basis of this request.

18.     Plaintiff admits that Defendant sought concurrence in this Motion. But Plaintiff denies that Defendant explained to her that its request to execute new authorizations for employment records was based on the sixth-month expiration date of her previous authorizations. Had Defendant made Plaintiff aware of this fact,

Plaintiff would have concurred in part with the Motion and executed a new Authorization for the Release and Disclosure of Employment Records.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Compel Discovery; deny Defendant's request for an Order awarding it costs and expenses; deny Defendant's request for additional relief; and award Plaintiff costs and expenses for having to respond to this instant Motion.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Keith D. Flynn
Keith D. Flynn (P74192)
Ada A Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

Dated:  March 4, 2015

11

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

       Plaintiff,

v.

**HENRY FORD HOSPITAL**,

       Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

_____/

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Suite 350 |
| Detroit, MI  48226-0840 | Novi, Michigan  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

_____/

# BRIEF IN SUPPORT OF
# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.   WHETHER THE COURT SHOULD DENY DEFENDANT'S REQUEST THAT IT COMPEL PLAINTIFF TO PRODUCE EXECUTED HFHS PATIENT INFORMATION RELEASE AUTHORIZATIONS AND AUTHORIZATION FOR DISCLOSURE OF PSYCHOTHERAPY NOTES WHERE DEFENDANT NEVER FORMALLY REQUESTED PRODUCTION OF SUCH DOCUMENTS?

        Plaintiff answers "yes."

II.  WHETHER THE COURT SHOULD DENY DEFENDANT'S REQUEST FOR REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES WHERE DEFENDANT BROUGHT THIS MOTION WITHOUT FORMALLY REQUESTING PRODUCTION OF HFHS HEALTH RECORDS AND WITHOUT EXPLAINING TO PLAINTIFF THE BASIS FOR REQUESTING NEW AUTHORIZATIONS FOR EMPLOYMENT RECORDS?

        Plaintiff answers "yes."

III. WHETHER THE COURT SHOULD AWARD PLAINTIFF HER REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES INCURRED IN HAVING TO RESPOND TO THIS MOTION?

        Plaintiff answers "yes."

# PRIMARY CONTROLLING AUTHORITY

**CASES**                                                    **PAGE(S)**

*Garrison v. Dutcher*, 2008 WL 938159
        (W.D.Mich. April 7, 2008)………………………………………..   3

*Patterson v. Kim*, 2009 WL 1911819
        (W.D. Mich. July 1, 2009)………………………………………..   3

*Sithon Maritime Co. v. Holiday Mansion,*
        1998 WL 182785 at *2 (D.Kan.1998)………………………………   3

*Khalil v. Transunion, LLC*,
        2008 WL 4642857 at *3 (E.D. Mich. Oct. 20, 2008)………………   5

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

## I.    INTRODUCTION

Defendant's motion to compel is entirely frivolous and devoid of any merit. It claims that Plaintiff refused to execute (1) an authorization for medical records from Henry Ford Health System ("HFHS"); (2) an authorization for employment records from a previous employer, Davis Smith, Inc., and (3) an authorization for employment records from Plaintiff's current employer. Plaintiff responds to these claims as follows: First, Plaintiff refused to execute an authorization for medical records from HFHS because there was no formal discovery request for these documents. Second, Plaintiff never refused to execute an authorization for employment records from Davis Smith, Inc. In fact, Plaintiff executed a blank authorization for all employment records and Defendant subpoenaed records from Davis Smith, Inc. Defendant never brought it to Plaintiff's attention that she had to execute new authorizations for employment records due to the expiry of the previous authorization after six months. In any event, without honoring the six-month expiration of Plaintiff's authorization, on February 13, 2015, Defendant issued a new subpoena for updated records to Davis Smith, Inc. (***Exhibit 3***) This issue is therefore entirely moot. Third, Plaintiff never refused to execute an authorization for employment records from her current employer. She only started this employment

about two weeks before Defendant filed its motion and therefore she had not yet

provided Defendant with the signed authorization.

## II.    STATEMENT OF FACTS

The facts appear in Plaintiff's Response to Defendant's Motion to Compel.

## III.    ARGUMENT

**A.    Defendant's motion seeking an order to compel Plaintiff to execute a release for production of medical records from HFHS is inappropriate because there is no outstanding discovery directed to Plaintiff.**

Defendant's counsel emailed Plaintiff's counsel on October 1, 2014, asking

Plaintiff to execute the attached HFHS Medical and Psychotherapy Authorizations.

(Docket No. 23-5) This email was an informal request to release medical records;

it was not a request for production of documents under Fed.R.Civ.P. 34. Also,

Defendant has not met the requirements for an order to compel discovery as

authorized under Fed.R.Civ.P. 37(a)(3)(B), which provides in pertinent part as

follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> > (i)    a deponent fails to answer a question asked under Rule 30 or 31;
> > (ii)    a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> > (iii)    a party fails to answer an interrogatory submitted under Rule 33; or
> > (iv)    a party fails to respond that inspection will be permitted— or fails to permit inspection—as requested under Rule 34.

2

Federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents. *See Garrison v. Dutcher*, 2008 WL 938159 (W.D.Mich. April 7, 2008) (***Exhibit 4***); *Patterson v. Kim*, 2009 WL 1911819 (W.D. Mich. July 1, 2009) (***Exhibit 5***). In *Sithon Maritime Co. v. Holiday Mansion,* 1998 WL 182785 at *2 (D.Kan.1998), the court explained the significant differences between formal and informal discovery:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

(***Exhibit 6***)

Based on the record here, this Court has no basis to compel Plaintiff to produce her medical records in the absence of an outstanding request to produce the records. *See* Fed.R.Civ.P. 37. Accordingly, Defendant's motion should be denied.

3

**B.**     **The Court should deny Defendant's request for reasonable expenses, including attorneys' fees where Defendant brought this motion without formally requesting HFHS health records and without explaining to Plaintiff the basis for requesting new authorizations for employment records.**

Fed. R. Civ. P. 37 provides as follows:

**(5)** *Payment of Expenses; Protective Orders.*
**(A)**     *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>     **(i)**     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     **(ii)**     the opposing party's nondisclosure, response, or objection was substantially justified; or
>     **(iii)**     other circumstances make an award of expenses unjust.

**(B)**     *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)**     *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Local Rule 7.1 requires that the party that anticipates filing a motion have a

conference with the opposing party to determine if the relief that may be requested

4

will be opposed, or make a "reasonable effort" to have such a conference. Rule 37(a)(1), specifically relating to discovery requests, requires that, before filing a motion to compel, the party seeking the discovery must confer or attempt to confer, in good faith, with the opposing party to determine if the discovery can be obtained without a court order. In *Khalil v. Transunion, LLC*, the court denied a plaintiff's motion to compel finding that the "plaintiff did not have a good faith basis to believe that the discovery requests . . . were viable when the present motion was filed and, therefore, the motion was not substantially justified" within the meaning of Rule 37(a)(5)(B)." 2008 WL 4642857 at *3 (E.D. Mich. Oct. 20, 2008) (***Exhibit 7***). The court ordered the plaintiff to pay the defendant $500.00 in expenses and fees. *Id*.

Similarly here, Defendant did not have a good faith basis to believe that its discovery requests were viable when it filed the present motion. First, it never made a formal discovery request for the release of medical records from HFHS. Second, it had already subpoenaed records from Davis Smith, Inc. And it did not explain to Plaintiff that it needed a new authorization to subpoena further records after six months. Third, Plaintiff did not object to the release of employment record of her current employer. She had not yet executed an authorization because she only started her employment weeks before Defendant filed its motion. As a result, Defendant's motion to compel should be denied and Defendant should be ordered to pay Plaintiff reasonable expenses and fees under Rule 37(a)(5)(B).

**C.     The Court should award Plaintiff her reasonable expenses, including attorneys' fees incurred in having to respond to this motion.**

Plaintiff is seeking an award of legal fees under Fed.R.Civ.P. 37 in conjunction with the denial of Defendant's motion to compel. Rule 37 provides in relevant part:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard*,* require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(B).

Here, Defendant's motion was not substantially justified. "A motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington–Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir.2005) (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). The court explained the threshold requirements of the discovery rules in *Abrams v. First Tennessee Bank Nat. Ass'n*, 2006 WL 3299893 at *2 (E.D. Tenn. Nov. 2, 2006) (***Exhibit 8***) as follows:

> The appropriate procedure for settling discovery disputes are succinctly laid out in the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Amended Scheduling Order. According to this procedure, the parties first must confer in good faith, or at the very least attempt to confer, to resolve the dispute. If a dispute survives the initial

6

step, the parties should participate in a telephone conference with the magistrate assigned to the case. Finally, as a last resort, the aggrieved party should file a motion to compel.

Here, there was no dispute that Defendant had not formally asked for the release of medical records. Also, there was no dispute that Plaintiff has been willing to authorize the release of employment records and that she had already given a blanket release. If Defendant had explained that it needed a new release due to the expiration of the previous one, she would have complied without any further question or delay. But Defendant simply went ahead and filed a motion without communicating to Plaintiff the basis for the motion. Under these circumstances, this Court should impose sanctions against Defendant.

## IV. <u>CONCLUSION</u>

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Compel Discovery; deny Defendant's request for an Order awarding it costs and expenses; deny Defendant's request for additional relief; and award Plaintiff costs and expenses for having to respond to this instant Motion.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
Keith D. Flynn (P74192)
Ada A Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

Dated:  March 4, 2015

8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v.

**HENRY FORD HOSPITAL**,

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Boulevard, Suite 350 |
| Detroit, MI  48226-0840 | Novi, Michigan  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on *March 4, 2015*, I electronically filed the foregoing document(s) with the Court using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:    <u>/s/Keith D. Flynn</u>
           Keith D. Flynn (P74192)
           Ada A Verloren (P57541)
           *Attorneys for Plaintiff*
           600 W. Lafayette Blvd., 4th Floor
           Detroit, MI  48226
           (313) 964-4454 Phone
           (313) 964-4490 Fax
           <u>kflynn@millercohen.com</u>
           <u>averloren@millercohen.com</u>

Dated:  March 4, 2015

2