# EXHIBIT 6



Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)
**(Cite as: 1998 WL 182785 (D.Kan.))**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
SITHON MARITIME COMPANY, Plaintiff,
v.
Holiday MANSION, et al., Defendants.

No. CIV. A. 96–2262–EEO.
April 10, 1998.

Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, Michael G Chalos, Richard M Ziccardi, George J Tsimis, Chalos & Brown, New York, NY, for Sithon Maritime Company, plaintiffs.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, John C. Aisenbrey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B Marconi, Patrick X Fowler, Snell & Wilmer L.L.P., Phoenix, AZ, for Holiday Mansion, a Division of Mohawk, Inc., Mercury Marine, a Division of Brunswick Corporation, defendants.

MEMORANDUM AND ORDER
RUSHFELT, Magistrate J.

*1 Before the court is Plaintiff—Sithon Maritime Company's Motion to Compel the Production of Documents by Defendant—Mercury Marine (doc. 119). Pursuant to Fed.R.Civ.P. 26, 34, and 37(a) and D.Kan. Rules 37.1 and 37.2, plaintiff seeks an order to compel defendant Mercury Marine (Mercury) to produce forthwith all documents responsive to Plaintiff's Second Request for Production of Documents (Second Request) and all documents requested in a letter dated June 3, 1997. It further seeks an order to compel Mercury to formally supplement its responses to the Second Request to include a description of the circumstances surrounding the destruction of certain materials as set forth in Section II(E) of the instructions in its Second Request, a categorization by Bates number of which documents respond to which request, and an amended privilege log for all responsive documents. It also seeks its costs and attorney fees incurred in making the present motion. Mercury opposes the motion. It requests its costs and attorney fees incurred in responding.

As a preliminary matter, Mercury suggests that plaintiff has not adequately identified the requests at issue. While the format chosen by plaintiff may not be the best, it nevertheless specifically places at issue every request in the Second Request and the letter of June 3, 1997. Both parties digress with discussion only tangentially related to the discovery dispute at issue. Much of the briefing addresses an alleged failure by Mercury to produce documents in response to a letter dated October 16, 1996. The court does not view production or its lack in response to the letter as an issue raised by the motion. It will concentrate its efforts instead on the Second Request of plaintiff and the letter of June 3, 1997. Counsel are directed in future briefing to address matters pertinent to their motions and not to unnecessary topics which waste the time of the court.

Issues Regarding Letter of June 3, 1997
Plaintiff asks the court to treat the letter of June 3, 1997, as a formal request for production of documents. It suggests that the materials requested therein merely reiterate or form a subset of its Second Request. It further suggests the letter forms part of its compliance with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Kansas. To the extent the court considers items requested in the letter to be new requests apart from the Second Request, plaintiff explains that it made the request "in letter form because the May 7th deadline for serving document requests had passed." (Mem. in Supp., doc. 120, page 29.) It suggests that dilatory practices of Mercury necessitated the request in letter format. It

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)
**(Cite as: 1998 WL 182785 (D.Kan.))**

contends that the letter would have been unnecessary, had Mercury responded in good faith to previous requests for documents. It urges the court to order Mercury to produce the items requested in the letter "in the interests of judicial efficiency and economy, and to preserve the current trial date and other deadlines set forth in this Court's Scheduling Order." (*Id.*)

*2 Defendant contends that it has fully responded to each of the twenty-seven informal requests. It argues, furthermore, that the letter does not constitute a formal request for production pursuant to Fed.R.Civ.P. 34. It also notes that plaintiff filed its motion less than a month after making the informal requests.

The court will not consider the letter of June 3, 1997, as a formal request for production of documents. The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery. Fed.R.Civ.P. 37(a)(2)(B) permits a party to move to compel production of documents "if a party, in response to a request for inspection submitted under Rule 34, fails to respond." An evasive or incomplete response is a failure to respond, within the meaning of Rule 37(a)(2)(B). Fed.R.Civ.P. 37(a)(3).

Fed.R.Civ.P. 34(a) establishes the permissible scope of production. Fed.R.Civ.P. 34(b) establishes the procedure for submitting the request and for responding to it. The letter of June 3, 1997, does not meet the requirements of Rule 34. Plaintiff did not "serve" the letter upon Mercury as contemplated by the Rule. *See* Fed.R.Civ.P. 34(a). The letter does not give Mercury thirty days in which to provide a written response. *See* Fed.R.Civ.P. 34(b). Plaintiff cannot properly move to compel production of documents sought in an informal letter requesting production. Although both informal investigation and formal discovery have their proper place in the litigation arena, the Federal Rules of Civil Procedure address only formal discovery. The court thus overrules the motion of plaintiff to the extent it seeks to compel further production in response to the letter of June 3, 1997.

The court finds the proffered reasons for considering the letter as a formal request unpersuasive. If it simply reiterates the documents requested in the Second Request, the letter constitutes an unnecessary redundancy. Consideration of the formal request suffices. That the letter forms a part of plaintiff's duty to confer also provides no justifiable reason to elevate the letter to the status of a formal request for production. The duty to confer arises after a dispute on a formal request for discovery. This duty provides no premise for expanding the scope of the original requests which prompted the need to confer, unless the parties agree to treat it so without the need for intervention of the court. The Federal Rules of Civil Procedure do not contemplate moving to compel items requested informally between parties. The weakness of the suggestion that the court consider the letter as a formal request "because" the deadline has otherwise passed is obvious. Accepting the strained reasoning of plaintiff would permit a party to disregard the deadline simply by an informal request. The court declines to disregard established deadlines in that fashion. Arguments about judicial efficiency and economy, trial date, and other deadlines, furthermore, have no persuasive quality. The court has indefinitely continued the date for trial. That other deadlines may

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

expire or need revision provides no rational basis for transforming the letter into a formal request for production.

*3 Were the court to construe the letter as a formal request for production made in accordance with Fed.R.Civ.P. 34, furthermore, it would overrule, as premature, the motion as it relates to the letter of June 3, 1997. Rule 34(b) grants a responding party thirty days after service of the request to serve a written response. Plaintiff filed this motion before the thirty days elapsed.

Global Issues Regarding Second Request for Production

The Second Request contains thirty-nine separate requests for production of documents. Mercury claims to have fully responded to them. It nevertheless indicates that it stands by certain raised objections, that it has withheld certain documents as privileged, that it will produce certain documents when available, and that certain documents are simply not within its control. It suggests, furthermore, that the court strike those requests which exceed the number of requests permitted to be served by the governing Scheduling Order. It claims no need to amend its privilege log, because it has nothing further to add. Plaintiff attaches to its reply brief a summation of its remaining objections to the responses of Mercury. (Insufficiencies of Mercury's Resps. to Sithon's Second Req. for Produc. of Docs. Dated Mar. 25, 1997, attached as Addendum 1 to Pl.'s Reply Brief [hereinafter Addendum 1].) The court deems all issues not contained in Addendum 1 as resolved, except for the issue of sanctions.

The court overrules the objection of Mercury to the number of requests served by plaintiff. Mercury made no such objection in response to the Second Request. Consequently, it waived such objection.

Mercury has fully responded to Requests 2, 3, 4, 5, 15, 36, and 39 by producing documents on July 11, 1997. In addition it has also apparently satisfactorily responded to Requests 16, 19, 21, 35, and 38. Plaintiff has no present dispute with the production to these requests. The court will thus deem the motion moot to the extent it seeks further production to Requests 2, 3, 4, 5, 15, 16, 19, 21, 35, 36, 38, and 39.

Plaintiff alleges that Mercury has failed to identify the Bates numbers of documents responsive to certain requests. This is the sole remaining dispute with respect to Request 20. Plaintiff seeks to compel such identification. Mercury contends that it has advised plaintiff as to the Bates number range of documents responsive to plaintiff's requests. It apparently has no objection to providing such identification. To the extent it has not already identified the documents produced in response to the Second Request by Bates numbers, it shall do so.

Plaintiff asks the court to order Mercury to provide an updated privilege log. Mercury states that no need exists for such update, as it has nothing to add to the existing log. Plaintiff has demonstrated no need for an update. Its reply brief, furthermore, indicates that it has abandoned the requested update. The court thus overrules the motion to that extent.

Requests 1, 6, 7, 8, 9, 12, 13, 14, 17, and 18

*4 Plaintiff summarizes Requests 1, 6, 7, 8, 9, 12, 13, 14, 17, and 18 as seeking all "documents generated or maintained by Mercury personnel, its representative in Belgium, its local representatives in Athens, Greece and Pefkohori, Greece concerning the propulsion systems of the Sithon passenger boats." Mercury responds that it "has previously produced all non-privileged" documents responsive to Request 7. Mercury objects to Request 9 on grounds of attorney-client privilege and work product. It nevertheless states that "it has previously produced all [responsive] documents which it has been able to locate." In response to Requests 12, 13, and 14 it states that "[t]o the extent that responsive documents exist and have been located, [it] has previously produced them." It responds to Requests 17 and 18 by stating that it has already produced the information in prior disclosures and

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

production of documents. In response to the motion it reiterates that it has no additional documents to produce. It stands by its initial responses.

Plaintiff suggests that Mercury cannot simply state that it is unable to locate additional documents. It further suggests that Mercury must specifically state that it has searched each of its three offices to confirm that no additional documents exist. It suggests that Mercury is still searching for responsive documents. It claims Mercury has agreed to supplement its response to Request 18. It seeks to compel any documents found or require Mercury to confirm in writing that no additional documents exist.

The court finds the responses of Mercury sufficient. Plaintiff apparently does not seek production of privileged documents. In response to certain requests Mercury states that it has produced all non-privileged documents. In response to others it states that it has produced all known documents. Plaintiff has no objection to accepting previously produced documents, as long as Mercury appropriately identifies them by Bates number. The court has directed identification by Bates number. That Mercury may continue to search for responsive documents does not require a written confirmation that no other documents exist. Such search, if fruitful, may of course necessitate supplementation, pursuant to Fed.R.Civ.P. 26(e). The court assumes parties will diligently discharge their duties under Rule 26(e), unless adequate reason exists to assume otherwise. Plaintiff has presented no reason to believe Mercury will not comply with the supplementation requirements of Rule 26(e). The court will compel no further response to Requests 7, 9, 12, 13, 14, 17, and 18.

Request 1 specifically asks Mercury to produce "[a]ll documents ... concerning Mr. LeClerre's visit to Greece and inspection of one and/or all of the Sithon watercraft in August of 1995." Plaintiff contends that the response of Mercury provides no information regarding destroyed documents as required by the instruction section of the Second Request. It seeks to compel such information. It also seeks to confirm that no other responsive documents presently exist or previously existed.

*5 The Second Request contains the following introductory instruction:

> If any document(s) requested was at one time in existence but is no longer in existence, please supply a list identifying each such document and specifying in detail for each document; the generic category of such document (e.g., memorandum, letter, computer printout, etc.), the type(s) of information contained therein, the date upon which it ceased to exist, the circumstances under which it ceased to exist, and the identity of any and all person(s) having knowledge or who had knowledge of the contents thereof.

Although the propriety of such instruction in a request for production is questionable, Mercury apparently has no objection to it. It states only that it has no other documents to produce. It has agreed to formally supplement its response. Plaintiff contends that the supplementation falls far short of what is required by the introductory instruction. Mercury shall provide the requested information regarding destroyed documents. It shall also state unambiguously whether other responsive documents no longer exist.

Request 6 seeks "[a]ll of MotoMarine S.A.'s files and documents concerning the Sithon watercraft and/or their propulsion systems." Request 8 seeks the same documents of Mr. Magiras. Plaintiff characterizes Magiras as "the local Mercury representative in Chalkidiki, Greece."

Responding to Request 6, Mercury states that it has "previously produced all documents from the relevant time period that it has received from MotoMarine, S.A. When and if more documents are received, Mercury Marine will provide them." In response to Request 8 it objects to the characterization of Magiras. It states that he is an independent businessman. It nevertheless refers plaintiff to its

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)
**(Cite as: 1998 WL 182785 (D.Kan.))**

response to Request 6. In response to the motion it reiterates that it has no additional documents to produce. It stands by its initial responses to the requests. It suggests that it cannot produce further documents responsive to Requests 6 and 8, because it has no control over the independent Greek entities.

Plaintiff claims that Mercury controls Magiras and MotoMarine S.A. It suggests the following facts clearly show the requisite control of Magiras:

(1) Magiras admitted under oath that he has been an authorized Mercury representative in Pefkohori, Greece since 1994; (2) on May 23, 1997, Magiras assisted Mercury in its inspection and sea trials of one of Sithon's boats; (3) Magiras permitted Mercury's counsel and its expert witness, Jack Riggleman, to photograph and withdraw oil samples from six of the Sithon returned engines that are presently in Magiras' workshop; (4) Mr. Magiras met with Mercury counsel on at least three occasions prior to his deposition to discuss this matter at length, at which time he most likely showed Mercury's counsel the same documents which Sithon seeks in this motion; and (5) finally, Magiras commenced his deposition as Mercury's witness on May 28, 1997.

*6 (Objection to Request 24 of the letter of June 3, 1997; attached as Addendum 2 to Pl.'s Reply Brief, doc. 143.) Plaintiff presents nothing to show any control by Mercury over MotoMarine, S.A. It seeks to compel all documents of MotoMarine, S.A. and Magiras.

Parties have a duty to produce all documents within their possession, custody, or control when responding to a request for production. *See* Fed.R.Civ.P. 34(a). "The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or* has the legal right to obtain the documents on demand." *National Union Fire Ins. Co. v. Midland Bancor,* *Inc.,* 159 F.R.D. 562, 566 (D.Kan.1994) (quoting *RTC v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D.Colo.1992)). "Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another. Under Rule 34, the term 'control' is construed broadly." *Florentia Contracting Corp. v. RTC,* No. 92 Civ. 1188(PKL), 1993 WL 127187, at *3 (S.D.N.Y. April 22, 1993). "The party seeking production of the documents ... bears the burden of proving that the opposing party has such control." *United States v. International Union of Petroleum & Indus. Workers, AFL–CIO,* 870 F.2d 1450, 1452 (9th Cir.1989).

Plaintiff has failed to demonstrate that Mercury has the requisite control over documents in the possession of Magiras or MotoMarine, S.A. The facts which supposedly show control over Magiras do not suffice. They fall well short of showing the requisite control. The proffered facts do not show that Magiras is anything but an independent contractor. The designation "authorized Mercury representative" does not necessarily mean Magiras is either an employee or agent of defendant. Unless Mercury could order Magiras to surrender the documents to it, it lacks the requisite control. *See Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1426 (7th Cir.1993). Defendant has no duty to produce documents in the possession of another over which it has no control. With respect to MotoMarine, S.A., furthermore, plaintiff presents nothing of substance to show the requisite control. Conclusory statements do not suffice. The court will compel no further response to Requests 6 and 8.

Requests 10 and 11

Request 10 seeks "[a]ll Mercury telephone records, bills and/or logs for the period beginning September 1, 1994 through the present concerning and/or reflecting communications between Mercury personnel and Holiday Mansion." Request 11 seeks similar documents "concerning and/or reflecting communications between Mercury personnel and Sithon." Plaintiff subsequently limited these re-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

quests to the time period ending June 1, 1995. Although initially objecting to these requests on various grounds, Mercury states in response to the motion that it will produce all responsive billing records when it receives them from the phone company.

*7 Plaintiff takes issue with the apparent inability of Mercury to obtain the necessary information from its telephone carrier. It also claims that Mercury has produced no telephone directories which list telephone-extensions of its employees. It suggests that such information is necessary to determine which employees of Mercury spoke with representatives of Holiday Mansion in late 1994 and early 1995.

Mercury shall produce all documents responsive to Requests 10 and 11. It has had ample opportunity to obtain necessary documents from its telephone carrier. Despite the broadly worded requests, the court does not view Requests 10 or 11 as encompassing telephone directories of employees of Mercury. Directories would not ordinarily reflect or concern communications between Mercury and anyone. Directories simply list telephone numbers. Mercury need not produce directories in response to Requests 10 or 11.

Requests 22 through 33
Requests 22, 23, 25, and 27 through 33 seek "[a]ll documents concerning" various testing and/or computer simulations of engines or stern drives and the results thereof. Requests 24 and 26 seek all documents concerning installations of Mercury 7.3L diesel engines with Bravo II and III stern drives.

Mercury claims to have produced its entire engineering file regarding the 7.3L diesel engine. It has offered to permit inspection of documents concerning quality control and "dyno" testing. It has produced all service bulletins concerning the 7.3L engine and the Bravo II and III stern drives. It claims to have produced all documents, which it could locate, concerning the history and testing of the specific engines installed on the boats of plaintiff. It states that it knows of no responsive documents concerning these items which it has not already produced. It nevertheless objects to producing development files on the Bravo II and III stern drives. It claims that documents concerning the development of the stern drives are irrelevant and gathering such documents would subject it to undue burden. It contends that Bravo II was not installed on the boats of plaintiff. It further contends that plaintiff has never alleged that the stern drives were flawed or failed. It claims that obtaining the necessary documents to respond would "likely" take weeks. It further claims that the undertaking would involve "tens of thousands, if not hundreds of thousands, of pages of documents." It asserts that the undertaking is unduly expensive and burdensome. It has abandoned all other objections it may have had to Requests 22 through 33. It has pursued no other objections to these requests in response to the motion.

The court overrules the objections. The requests are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has alleged that defendant Mercury committed fraud with respect to transactions at issue in this case. (Am.Compl., doc. 204, ¶¶ 154–64.) It specifically states that "Mercury was well aware that various engines, stern drives ... were defective, unrepaired, rejected, old, obsolete, used, pre-production, test, rebuilt, converted, previously sold, and/or incorrectly designed or configured." (*Id.,* ¶ 157.) Documents responsive to the requests appear relevant to the allegations of fraud. Defendant has not carried its burden, furthermore, to show the discovery unduly burdensome. The court thus finds that defendant has pursued no valid objection to Requests 22 through 33 in response to the motion.

*8 The court next addresses the sufficiency of the responses of defendant. Plaintiff challenges the response to Requests 22, 25, 27, 30, and 32 by stating:

> Mercury's response only refers to quality control, dynamometer testing, and some water testing of

Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)
**(Cite as: 1998 WL 182785 (D.Kan.))**

the 7.3L diesel engine. Mercury makes no reference to computer simulations or any other tests conducted by Mercury on the 7.3L diesel engine. Mercury has not sufficiently responded and should be compelled to produce these remaining categories of testing documents. Finally, if no other responsive documents exist, Mercury should be required to confirm this fact in a supplemental response.

(Addendum 1; Reqs. 22, 25, 27, 30, and 32.) Plaintiff challenges the response of Mercury to Request 23 to the extent the response refers to the allegedly insufficient response to Request 22.

Requests 22, 23, 25, 27, 30, and 32 encompass computer simulations and other tests conducted by Mercury on the 7.3L diesel engine. Mercury shall produce documents concerning computer simulations and other tests performed by Mercury on the 7.3L diesel engine. It shall also produce documents concerning problems detected or discovered during such testing. If it has no further documents responsive to these requests, it shall affirmatively state as much in a formal supplemental response.

Plaintiff contends the invoice listings provided in response to Requests 24 and 26 are insufficient. It complains of inexplicable codes and abbreviations within such listings. It argues that responsive documents, furthermore, would contain the name, address, and telephone number of purchasers of the 7.3L diesel engine.

Fed.R.Civ.P. 34(b) provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." One does not violate this requirement by producing documents containing codes and abbreviations with meanings unknown to the recipient, unless the producing party does not keep such documents in that format in the usual course of business. Plaintiff presents no reason to believe that Mercury produced the invoice listings other than as kept in the usual course of business. Rule 34 has no requirement that a responding party explain the codes and abbreviations contained within produced documents. Other discovery or informal investigation serves to obtain an explanation of the contents of produced documents.

The court finds, however, that documents responsive to Request 24 and 26 would likely contain names, addresses, and telephone numbers of those individuals who had Mercury's 7.3L diesel engine with Bravo II or III stern drives installed in water craft during the relevant time period. Mercury shall produce documents with such information. If it has no such documents, it shall affirmatively state as much in a formal supplementation.

In response to Requests 28 and 29 defendant states that "[a]ll reasonably accessible responsive documents have been [sic] both in prior production, or at the recent depositions of Mercury Marine personnel." Plaintiff contends that defendant produced no documents responsive to Request 28, until three weeks after the filing of the present motion to compel. It further contends that such production did not include information "such as computer simulations, repair records, etc." It wants such information produced, "if its [sic] exists or existed at one time." (Addendum 1, Req. 28.) Plaintiff also contends that defendant has produced no documents in response to Request 29. It wants defendant to produce responsive documents forthwith or provide a written response, which indicates that its good faith search revealed no responsive documents. (Addendum 1, Req. 29.)

*9 The responses of defendant fall short. When a party responds to a request for production, it does not necessarily fulfill its duty by producing all documents "reasonably accessible" to it. Parties must produce all responsive documents, assert a legitimate objection to such production, or obtain an extension of time, if necessary. If the accessibility of the documents is such that production would be unduly burdensome, the respondent must affirmatively state such objection in its response to the request. The court will not speculate. It does not con-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

strue the response of defendant to encompass an objection of undue burden. Defendant has thus stated no timely objection to Requests 28 and 29. It shall produce all documents responsive to them, including computer simulations "concerning" any relevant tests it conducted. It need not produce repair records. The Requests do not reasonably encompass such documents. Rule 34 requires production of documents within the respondent's custody, possession, or control. A respondent cannot produce documents which do not exist. If no documents exist with respect to Request 29, defendant shall affirmatively state that its good faith search uncovered no responsive documents.

Request 31 seeks "[a]ll documents concerning any on-water testing, dynamometer testing, quality control testing and/or computer simulations, involving any Mercury 7.3L diesel engines installed with Bravo II stern drives." The court has overruled the objections of defendant. Defendant shall produce all documents responsive to Request 31.

Request 33 seeks "[a]ll documents concerning any reject cards generated as a result of the testing described in Requests Nos. 22 through 32." Defendant has apparently informed plaintiff that it maintains no reject cards. Plaintiff asks the court to compel defendant to produce all such documents. It asserts that defendant has proffered no reason as to why it cannot produce such information or parallel information, such as a listing of "reject" 7.3 L diesel engines. It contends that prior disclosures indicate that defendant has some means to determine whether an engine has previously been rejected.

The court cannot compel defendant to produce documents that it does not have. It thus cannot compel production of "reject cards." Request 33, however, is not limited to reject cards. Responsive documents would include any document concerning the specified reject cards. Accordingly, defendant shall produce all documents responsive to Request 33. It shall not unilaterally limit the request to reject cards. If defendant has no such documents, it shall state that in a supplemental response to the request.

Requests 34 and 37

Requests 34 and 37 seek "[a]ll documents concerning the termination of the employment of Patrick LeClerre [and John Brophy]." Defendant objects that responsive documents are irrelevant and confidential. It proposes *in camera* inspection by the court. Plaintiff has no objection to such inspection, if the court deems the procedure appropriate.

*10 Requests 34 and 37 appear reasonably calculated to lead to the discovery of admissible evidence. Mercury employed Messrs. LeClerre and Brophy during the time period relevant to this lawsuit. Both individuals played a significant part in the actions leading to this litigation. After Mercury terminated Mr. LeClerre, it disposed of documents left in his office. When discovery appears relevant, the party opposing discovery has the burden to show the discovery not relevant. Mercury has not carried that burden. Accordingly, the court finds documents responsive to Requests 34 and 37 relevant.

Confidentiality, furthermore, generally does not constitute grounds to withhold information from discovery. Confidentiality does not equate to privilege. *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). Defendant has shown no privilege applicable to the requested discovery. It simply asserts that the discovery seeks confidential information. Bald assertions of confidentiality, however, are insufficient either to substantiate the fact or to make otherwise discoverable information non-discoverable. The court overrules the objections based upon confidentiality.

The court next addresses the proposed *in camera* inspection. The Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection." *United States v. Zolin*, 491 U.S. 554, 569, 109 S.Ct. 2619, 105

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

L.Ed.2d 469 (1989). "The decision whether to review [documents] *in camera* is within the sound discretion of the trial court." *United States v. Anderson ( In re Grand Jury Subpoenas),* 906 F.2d 1485, 1493 (10th Cir.1990). The court may and does review documents *in camera* to determine an alleged privilege, when the party asserting it has made some initial, factual showing that it exists. Although the court "has discretion in determining whether to conduct an *in camera* review of documents claimed to be privileged, protected or otherwise entitled to confidentiality ... [t]he Court must have some bases or grounds for conducting an *in camera* review." *Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co.,* 143 F.R.D. 601, 604 (M.D.N.C.1992) (citations omitted).

> Such review may be useful if there is a genuine dispute between the parties as to the accuracy of the withholding party's description of certain documents. Such review is not, however, to be routinely undertaken, particularly in a case involving a substantial volume of documents, as a substitute for a party's submission of an adequate record in support of its privilege claims.

*Bowne of N.Y. City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 475 (S.D.N.Y.1993) (citations omitted).

Defendant has provided no adequate reason to require or justify an *in camera* inspection. It has presented no compelling need for it. It alleges that the documents are confidential and irrelevant. At the discovery stage of litigation the court seldom conducts an *in camera* review simply to determine questions of relevancy. In this instance it has resolved the issue of relevancy. Although the court may review allegedly confidential documents *in camera,* defendant has shown no justifiable reason to do so in this instance. Defendant has not even adequately shown the requested documents to be confidential. It has shown no harm which might arise by producing the requested documents. It has also not shown why a protective order would not suffice, if indeed grounds for protection exist.

Sanctions on the Motion to Compel

*11 Ruling upon a motion to compel invites consideration of sanctions. Fed.R.Civ.P. 37(a)(4). In this instance the court has sustained the motion in part and overruled it in part. It thus has discretion to "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed.R.Civ.P. 37(a)(4)(C). Although the court is tempted to assess a greater share of the costs on plaintiff for moving to compel responses to informal requests, the court finds that on balance justice requires each party to be responsible for its own expenses incurred on the motion and subsequent briefing. Both Mercury and plaintiff took legitimate positions on some portions of the motion. Responsibility for the dispute, furthermore, does not clearly lie with one party over the other.

Conclusion

For the foregoing reasons, the court sustains in part, deems moot in part, and otherwise overrules Plaintiff—Sithon Maritime Company's Motion to Compel the Production of Documents by Defendant—Mercury Marine (doc. 119). It deems the motion moot to the extent it seeks further production to Requests 2, 3, 4, 5, 15, 16, 19, 21, 35, 36, 38, and 39 of Plaintiff's Second Request for Production of Documents. Within twenty days of the date of this order, defendant Mercury Marine shall fully comply with the orders set forth herein. It shall produce documents responsive to Requests 1, 22 through 34, and 37, as directed herein. Such production shall take place at the offices of counsel for plaintiff located at 7400 West 110th Street, Overland Park, Kansas, or at any other location agreed upon by the parties. Mercury shall identify, by Bates numbers, all documents which it has produced or will produce in response to the Second Request, as directed herein. It shall supplement its responses to the Second Request, as herein directed. Each party shall be responsible for its own costs and expenses incurred upon the motion and other briefing. The court otherwise overrules the motion.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 10

Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)
**(Cite as: 1998 WL 182785 (D.Kan.))**

    IT IS SO ORDERED.

D.Kan.,1998.
Sithon Maritime Co. v. Holiday Mansion
Not Reported in F.Supp., 1998 WL 182785 (D.Kan.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.