# EXHIBIT 7



Page 1

Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)
**(Cite as: 2008 WL 4642857 (E.D.Mich.))**

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Mohammad F. KHALIL, Plaintiff,
v.
TRANSUNION, LLC, et al., Defendants.

No. 08-10303.
Oct. 20, 2008.

West KeySummary Federal Civil Procedure 170A
⇐1261

170A Federal Civil Procedure
 170AX Depositions and Discovery
  170AX(A) In General
   170Ak1261 k. In General. Most Cited Cases

 A plaintiff's motion to compel was denied because the plaintiff's premature discovery requests following a discovery conference were unenforceable. The defendant objected to the plaintiff's May 2008 discovery requests in a timely fashion and the plaintiff did not challenge the defendant's objection. Thereafter, the plaintiff and the defendant engaged in a discovery conference and submitted a joint discovery plan that included a category for "outstanding or anticipated discovery disputes," but made no mention of discovery requests served in May. Fed.Rules Civ.Proc.Rules 26(d)(1), 26(f)(1), 28 U.S.C.A.

Gary D. Nitzkin, Nitzkin Assoc., Southfield, MI, for Plaintiff.

Brian A. Nettleingham, Maddin, Hauser, Southfield, MI, Christopher T. Lane, Debra A. Miller, Wade D. Fulford, Schuckit Assoc., Indianapolis, IN, Aaron L. Vorce, Theodore W. Seitz, Dykema Gossett, Lansing, MI, for Defendants.

*ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, AWARDING COSTS TO WASHINGTON MUTUAL, AND GRANTING REQUEST FOR STAY OF DISCOVERY, IN PART*
MICHAEL HLUCHANIUK, United States Magistrate Judge.
A. *Procedural History*
 *1 Plaintiff, Mohammad F. Khalil, has filed a motion to compel in which he seeks to compel the compliance with certain discovery requests. (Dkt.34). The discovery requests, which were served on defendant on May 8, 2008, are comprised of interrogatories and requests to admit. (Dkt.34, Ex. 1). A response to the motion to compel was filed by defendant. (Dkt.37). This motion was referred to the undersigned pursuant to 28 U.S.C. § 636. (Dkt.39). On October 14, 2008, oral argument was conducted, telephonically, on the motion.

 In the motion to compel, plaintiff contends that the responses to the discovery requests were due on June 7, 2008, that plaintiff made several "attempts" to obtain responses to the requests, and that defendant is refusing to provide responses to the discovery requests in order to enhance its position regarding the second motion to dismiss that defendant has filed. (Dkt.34). In its response, defendant contends that the discovery requests were premature, that defendant had timely objected to the discovery requests, and that plaintiff has not made any attempt to obtain the responses to the discovery requests until the day before the motion to compel was filed. (Dkt.38). Both parties seek an award of costs, including attorney fees, for the alleged failure of the opposing party to comply with the rules.

 A chronology of the events in this case is helpful to resolving this motion. The original complaint was filed on January 22, 2008. (Dkt.1). An answer to the complaint by defendant Transunion was filed on February 18, 2008. (Dkt.9). Defendant Washington Mutual filed a motion to dismiss on March 21, 2008. (Dkt.15). Plaintiff filed a response to the motion to dismiss on April 3, 2008. (Dkt.17). On May

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)
**(Cite as: 2008 WL 4642857 (E.D.Mich.))**

8, 2008, plaintiff served defendant Washington Mutual with the discovery requests that are the subject of the present motion.

A hearing on the defendant's motion to dismiss was held on May 27, 2008. On June 6, 2008, Washington Mutual served plaintiff with objections to the May 8, 2008 discovery requests. A Report and Recommendation relating to the motion to dismiss (Dkt.23) was filed on June 10, 2008, and that was accepted by the District Judge on July 17, 2008. (Dkt.24). Plaintiff filed an amended complaint on July 18, 2008. (Dkt.25).

The parties met to discuss discovery issues on July 31, 2008, and jointly submitted a discovery plan on August 4, 2008. (Dkt.26). That same day, Washington Mutual filed a motion to dismiss the first amended complaint. (Dkt.28). On August 19, 2008, District Court Judge Sean F. Cox issued a scheduling order, setting deadlines for various pretrial aspects of the case. (Dkt.30). Plaintiff responded to the motion to dismiss on August 25, 2008. (Dkt.31).

Plaintiff sent an email to counsel for Washington Mutual on August 27, 2008 inquiring about unspecified "discovery responses to our requests." (Dkt.34, Ex. 2). The following day-August 28, 2008-plaintiff filed the present motion to compel. (Dkt.34). The primary issue in the present motion relates to the viability of discovery requests served prior to the discovery conference contemplated by Rule 26(f). Plaintiff asserts that discovery requests made before the discovery conference can be enforced following the discovery conference, while defendant Washington Mutual contends that such requests are void and unenforceable.

B. *Standard of Review*

*2 It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir.1993); *Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 1240 (6th Cir.1981). Further, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

C. *Legal Standards*

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1). In that none of the exceptions in this rule apply to the circumstances of this case, the discovery requests served on May 8, 2008, fall within the prohibition of Rule 26(d)(1) and were, therefore, premature. The question for this Court to resolve is what happens to premature discovery requests following the discovery conference required by Rule 26(f)(1). Plaintiff's contention that premature discovery requests lay dormant until the Rule 26(f)(1) conference and then come back to life on, or after, the date of the conference is unsupported by any authority offered by plaintiff. Washington Mutual supports its contention that such discovery requests are void, and therefore unenforceable at any time thereafter, with the opinion in *Taylor v. Great Lakes Waste Servs. et al,* 2007 WL 422036 (E.D.Mich.2007).

In *Taylor,* Magistrate Judge Mona A. Majzoub reviewed a situation where a party was attempting to obtain an order to compel responses to premature requests to admit that had been served on the opposing party. Although Judge Majzoub concluded that the premature discovery requests violated federal rules, she also determined that the number of requests to admit exceeded any reasonable number for a case of that nature and directed the party to file a second set of requests. It is not clear what decision she would have made if the number of premature requests to admit had been within a more acceptable range. In that regard, the *Taylor* opinion does not squarely support the position of Washington Mutual.

A survey of other relevant cases suggest a vari-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)
**(Cite as: 2008 WL 4642857 (E.D.Mich.))**

ety of resolutions of similar disputes. *Flagg v. City of Detroit,* 2008 WL 787039 (E.D.Mich.2008) (motion to quash premature subpoenas denied in part and granted in part and new schedule established for complying with existing subpoena); *Moore v. Brewer,* 2007 WL 4224222 (E.D.Ky.2007) (premature discovery requests stricken); *Ruff v. Ramirez,* 2007 WL 2900541 (S.D.Cal.2007) (premature discovery requests deemed to be filed as of the date of the yet to be conducted Rule 26(f) discovery conference); *Amerisourcebergen Drug Corporation v. Burks,* 2006 WL 2690989 (N.D.W.Va.2006) (premature discovery requests deemed to be served as of the date of the entry of the order regarding the motion to compel and need not be re-served).

D. *Analysis*

*3 The lack of a clear precedential course to follow implicates the application of sound discretion to resolve this conflict. Washington Mutual objected to the discovery requests in a timely fashion so plaintiff was clearly on notice that Washington Mutual did not intend on answering them. Following the objection, plaintiff did not challenge the objection by Washington Mutual (until the present motion) formally or informally, by attempting to reach an understanding with Washington Mutual regarding the response to the discovery requests. The complaint was amended, which may or may not have changed the focus of the discovery requests but, at the very least, should have resulted in some reconsideration of them to make sure they were still applicable to any amendments to the complaint. Thereafter, the parties engaged in a discovery conference and submitted a joint discovery plan that included a category for "Outstanding or Anticipated Discovery Disputes." That category did not identify in any way the discovery requests served in May. Based on these events, Washington Mutual reasonably believed that plaintiff abandoned the May discovery requests and plaintiff had no reasonable basis to conclude that those discovery requests were still viable.

Plaintiff made no attempt to resolve the issue with Washington Mutual until after his response to the second motion to dismiss. In that response, plaintiff commented on the lack of discovery of certain documents as placing him at a disadvantage with respect to a critical issue raised in the motion to dismiss. The "attempt" plaintiff made to resolve the discovery controversy before filing the instant motion consisted of sending a cryptic email inquiring about unspecified "requests" the day before the motion was filed. It is this email that plaintiff asserts satisfied his obligations under Local Rule 7.1 and Rule 37(a)(1). Local Rule 7.1 requires that the party that anticipates filing a motion have a conference with the opposing party to determine if the relief that may be requested will be opposed, or make a "reasonable effort" to have such a conference. Rule 37(a)(1), specifically relating to discovery requests, requires that, before filing a motion to compel, the party seeking the discovery must confer or attempt to confer, in good faith, with the opposing party to determine if the discovery can be obtained without a court order. The email plaintiff sent in this case, one day before filing the motion, does not comply with the letter or the spirit of either rule. The failure to substantially comply with these rules might be overlooked in circumstances where the opposing party is unlikely to concur, *e.g.* a motion to dismiss, but in this instance, it is not so clear that Washington Mutual would have not agreed to respond to the discovery requests.

Based on this record, the undersigned concludes that plaintiff did not have a good faith basis to believe that the discovery requests made in May, 2008, were viable when the present motion was filed and, therefore, the motion was not "substantially justified" within the meaning of Rule 37(a)(5)(B). Further, plaintiff did not comply with either Rule 37(a)(1) or Local Rule 7.1 with respect to the meet and confer requirements of those rules, or make any the good faith attempt to do so. As a result, plaintiff's motion to compel is **DENIED** and plaintiff is ordered to pay Washington Mutual $500.00 in expenses and fees pursuant to Rule

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)
**(Cite as: 2008 WL 4642857 (E.D.Mich.))**

37(a)(5)(B).

E. *Washington Mutual's Request for a Stay of Discovery*

*\*4* Washington Mutual has asked that discovery be stayed in this matter pending the decision in the second motion to dismiss. The undersigned agrees with the general proposition, asserted by Washington Mutual, that a motion under Rule 12(b)(6) is based on the face of the pleadings and that general discovery is a needless expense under those circumstances. However, there are factual issues sometimes implicated in motions to dismiss that warrant limited discovery. This is such a case in that questions relating to notice of certain facts by Washington Mutual are potentially relevant to the resolution of the motion.[FN1] In light of that conclusion, the request of Washington Mutual to stay discovery will be granted in part and denied in part. In order to effectuate this ruling, plaintiff is directed to review the discovery requests made in May, 2008 and, within seven days of entry of this Order, either serve an amended set of discovery requests based on the amended complaint or confirm in writing to Washington Mutual that the May, 2008 discovery requests remain relevant within the meaning of Rule 26(b)(1). Those discovery requests will be deemed served as of date amended discovery requests are served or the date that plaintiff confirms that the May, 2008 discovery requests remain relevant given the amendments to the complaint. Additionally, responses to those discovery requests by Washington Mutual is stayed except for those requests that reasonably relate to the notice questions raised in the second motion to dismiss.

> FN1. The Court does not intend, however, to suggest that plaintiff *must* necessarily obtain discovery on the notice question in order to address the issues raised in Washington Mutual's second motion to dismiss. Before filing suit, pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii), a consumer may obtain from the credit reporting agency (CRA), a description of the investigation process used and the name and address of any furnisher "contacted" for purposes of that investigation. As observed in *Lang v. TCF Nat. Bank,* 249 Fed.Appx. 464, 466 (7th Cir.2007), nothing in the FCRA entitles a consumer to obtain the statutory "notice" that a CRA is required to provide to a furnisher. Indeed, § 1681 i(a)(6)(B)(iii) does not mandate that a CRA confirm or provide evidence to a consumer of its compliance with the "notice" requirements § 1681i(a)(2). Rather, it merely requires, on request, that the CRA identify who it "contacted" for purposes of its own investigation. While "notice" is not defined in the statute, it has been held to require more than "mere contact" by a CRA with a furnisher. *Millett v. Ford Motor Credit Co.,* 2006 WL 1301160, *3 (D.Kan.2006), citing, *Whisenant v. First Nat'l Bank & Trust Co.,* 258 F.Supp.2d 1312, 1317 (N.D.Okla.2003). Thus, while a consumer might be able to discern whether a CRA had "contact" with a furnisher, it is unlikely that a consumer will be able to determine, in advance of filing suit, whether a CRA complied with § 1681i(a) (2) because whether a CRA was in "contact" with a furnisher for purposes of its own investigation may or may not establish that "notice" of a dispute was transmitted to a furnisher. Moreover, the purpose of the process requiring a consumer to first notify a CRA is to put a "filtering mechanism" in place that makes the "disputatious consumer" notify a CRA, which gives the furnisher an opportunity to save itself from liability by performing the required duties. *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1060 (9th Cir.2002). Nothing in the FCRA suggests that Congress intended a consumer to be burdened with confirming that a CRA complied with its statutory obligation or that a consumer would have to evaluate whether a CRA, in

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)
**(Cite as: 2008 WL 4642857 (E.D.Mich.))**

fact, complied with § 1681i(a) (2) in order to state a claim against a furnisher.

F. *Conclusion and Relief*

For the foregoing reasons, plaintiff's motion to compel is **DENIED**, plaintiff is **ORDERED** to pay $500.00 in costs and expenses to Washington Mutual within 14 days of entry of this Order, and Washington Mutual's request to stay discovery is **GRANTED** in part and **DENIED** in part, as set forth above.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

E.D.Mich.,2008.
Khalil v. Transunion, LLC
Not Reported in F.Supp.2d, 2008 WL 4642857 (E.D.Mich.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.