# EXHIBIT 8



Not Reported in F.Supp.2d, 2006 WL 3299893 (E.D.Tenn.)
(Cite as: 2006 WL 3299893 (E.D.Tenn.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court, E.D. Tennessee.
Merle and Paula ABRAMS, et al., Plaintiffs,
v.
FIRST TENNESSEE BANK NATIONAL ASSOCIATION, et al., Defendants.

No. 3:03-CV-428.
Nov. 2, 2006.

Brent R. Watson, Bunstine, Watson & McElroy, Knoxville, TN, for Plaintiffs.

John C. Speer, Bass, Berry & Sims, PLC, Clifford D. Pierce, Jr., Scott B. Ostrow, Wyatt, Tarrant & Combs, LLP, Memphis, TN, Melinda Meador, Edward C. Meade, Bass, Berry and Sims, David M. Eldridge, Tasha C. Blakney, Eldridge & Blakney, PC, Dean B. Farmer, Hodges, Doughty & Carson, Andrew S. Roskind, McKellar Roskind, LLP, Dwight E. Tarwater, Paine, Tarwater, Bickers & Tillman, Jon M. Cope, Stokes & Rutherford, Travis J. Graham, Paine, Tarwater, Bickers & Tillman, J. Douglas Overbey, Shelly L. Wilson, Robertson, Overbey, Wilson & Beeler, Knoxville, TN, Erica T. Greene, Greene Law Firm PLC, Morristown, TN, Carl R. Ogle, Jr., Law Offices of Carl R. Ogle, Jr., Jefferson City, TN, John R. Jacobson, Katharine R. Cloud, Bowen Riley Warnock & Jacobson, PLC, Nashville, TN, for Defendants.

## *MEMORANDUM AND ORDER*
H. BRUCE GUYTON, Magistrate Judge.

*1 This matter is before the undersigned, pursuant to referral [Doc. 435] from the Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, pursuant to 28 U.S.C. § 636(b) for disposition or recommendation of disposition of Defendants First Tennessee National Bank Association and First Horizon Home Loan Corporation's (collectively, the "First Tennessee Defendants") Motion for Fees and Costs [Doc. 432].

For the reasons set forth below, the First Tennessee Defendants' Motion for Fees and Costs [Doc. 432] is **DENIED.**

The First Tennessee Defendants request that this Court award First Tennessee Defendants their attorneys' fees and costs incurred in defending the Plaintiffs' Motion to Compel discovery responses [Doc. 382], which was recently denied by this Court [Doc. 432]. On July 17, 2006, Plaintiffs filed a motion to compel the First Tennessee Defendants to supplement certain written discovery requests, which Plaintiffs believed were "wholly inadequate in that they [were] evasive and incomplete" [Doc. 382]. The First Tennessee Defendants responded on July 31, 2006, arguing that 1) Plaintiffs' motion failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, and 2) that the First Tennessee Defendants have been in full compliance with both the letter and spirit of the discovery rules [Doc. 411]. On August 24, 2006, the undersigned denied Plaintiffs' Motion to Compel [Doc. 382] due to Plaintiffs' failure to comply with Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.2 [Doc. 426]. However, in an effort to provide guidance to the parties, the undersigned opined that the First Tennessee Defendants' answers to Plaintiffs' requests for admissions were "in substantial compliance with Rule 36 of the Federal Rules of Civil Procedure" and that the objections made were justified [Doc. 426]. Moreover, the undersigned reminded the parties that they "should make a good faith effort to confer on better identifying, whether by specific physical location or Bates stamp numbers or both, each document responsive to the plaintiffs' interrogatories, to the extent that this has not already been done" [Doc. 426].

According to Federal Rule of Civil Procedure 37(a)(4)(B), the successful party is entitled to recover its reasonable expenses incurred in litigating

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:14-cv-11916-GCS-SDD ECF No. 26-8, PageID.565 Filed 03/04/15 Page 3 of 3

Page 2

Not Reported in F.Supp.2d, 2006 WL 3299893 (E.D.Tenn.)
(Cite as: 2006 WL 3299893 (E.D.Tenn.))

the motion. The Rule provides that if the court denies a motion to compel discovery,

> the court ... shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless* the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).

As such, there exists a rebuttable presumption that the court will impose sanctions against the unsuccessful partying bringing a motion to compel. *See* Fed.R.Civ.P. 37(a) Advisory Committee Notes to 1970 Amendment; *see also 7 Moore's Federal Practice-Civil* § 37.23 (2004).

*2 The unsuccessful movant may rebut this presumption by showing that his or her motion to compel was either "substantially justified" or "that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4)(B). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir.2005) (citing *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)).

Plaintiffs' Motion to Compel [Doc. 382] was not substantially justified because they failed to comply with the clear threshold requirements of the discovery rules. The appropriate procedure for settling discovery disputes are succinctly laid out in the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Amended Scheduling Order [Doc. 410]. According to this procedure, the parties first must confer in good faith, or at the very least attempt to confer, to resolve the dispute. If a dispute survives the initial step, the parties should participate in a telephone conference with the magistrate assigned to the case. Finally, as a last resort, the aggrieved party should file a motion to compel.

While the undersigned finds Plaintiffs' Motion to Compel [Doc. 382] failed to meet the threshold requirements and thus was substantially unjustified on that limited ground, the undersigned also finds that an award of expenses would be unjust based on the totality of the circumstances before the Court, because the undersigned did not reach the substance of Plaintiffs' Motion to Compel [Doc. 382].

The undersigned reminds the parties of its earlier advice and notes that it is imperative to the efficient operation of the Court that parties diligently and in good faith cooperate in the discovery process.

For the reasons set forth above, the First Tennessee Defendants' Motion for Fees and Costs [Doc. 432] is **DENIED**.

**IT IS SO ORDERED.**

E.D.Tenn.,2006.
Abrams v. First Tennessee Bank Nat. Ass'n
Not Reported in F.Supp.2d, 2006 WL 3299893 (E.D.Tenn.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.