UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

### DEFENDANT'S REPLY BRIEF IN SUPPPORT OF ITS MOTION TO COMPEL AND FOR REASONABLE EXPENSES PURSUANT TO RULE 37

Plaintiff filed a lawsuit that alleges and that seeks damages for "extreme mental and emotional distress." (Complaint.) She claims that, as a result of Defendant's conduct, she suffers from "anxiety, major depression, and post-traumatic stress disorder." (Plaintiff's Supplemental Answer to Interrogatory No. 1.) In other words, Plaintiff has put her mental and emotional health at issue and should not be permitted to hide evidence of it; federal discovery rules permit Defendant to obtain her records. See *Van Beek v. Robinson*, No. 2:11-CV-10514,

2012 WL 1676641, at *2 (E.D. Mich. May 14, 2012) (Ex. A) ("discovery sought

by defendants is discoverable under Fed.R.Civ.P. 26, because plaintiff's complaint

places into issue her mental and emotional state. Therefore, defendants are entitled

to see the information at issue here in its unredacted form.") There is no federal

physician-patient privilege that protects their disclosure. See *Hancock v. Dodson*,

958 F.2d 1367, 1373 (6th Cir.1992) ("federal courts do not recognize a federal

physician-patient privilege . . . .")

Likewise, Michigan law provides specifically for the disclosure of medical

records once a mental condition has been introduced as part of the claim. See

*Schuler v. United States*, 113 F.R.D. 518, 520-21 (W.D.Mich.1986) (applying

Michigan law). Given that Plaintiff's claims are based upon alleged mental and

emotional distress, she should not be permitted to game the discovery process to

keep her records from Defendant. See *Huzjak v. United States*, 118 F.R.D. 61

(N.D.Ohio 1987) ("A party may not assert the physician/patient privilege merely as

a means to circumvent the discovery process. One of the primary goals of the

Federal Rules of Civil Procedure is to avoid unfair surprise to the litigants at trial

by affording all litigants with an opportunity to obtain all relevant information

regarding their case.") Simply put, these records are relevant to Plaintiff's claims

and Defendant is entitled to them under the discovery procedures.

In Plaintiff's Response, she argues that she is justified in not providing the specific authorizations required by the Henry Ford Health ("HFH") System because Defendant never prepared a formal discovery request for them, and they are not responsive to Interrogatory No. 1, which requests:

> For any individuals, including doctors, psychologists, social workers, medical personnel, or other care givers, who have examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant, please:
>
> a.    State the name and address and specialty, if any, of the individual(s) who examined or treated you;
>
> b.    State the specific illness or condition that was treated; and
>
> c.    State the dates and type of examination and/or treatment.
>
> For each and every medical practitioner, psychologist, counselor, social worker, or care giver listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Medical Records and Protected Health Information and an Authorization for the Release and Disclosure of Psychotherapy Notes.

Defendant questions how Plaintiff can read Interrogatory No. 1 as not requesting her to sign the particular authorizations required by those who treated her for the conditions she alleges resulted from the conduct underlying her lawsuit. Regardless, Plaintiff had <u>since October 1, 2014</u> to make that objection to Defendant, but did not. Rather, for several months Plaintiff ignored Defendant's multiple requests for the authorizations, and then suddenly claimed that she had already provided all authorizations (which she has not).

Equally preposterous is Plaintiff's Response that she is unable to admit or deny that she was treated within the HFH System. Records that Defendant secured from Plaintiff's doctor, Dr. Kahnamouei, indicate that she was treated within the HFH System and Plaintiff has access to her own medical records. It defies believability that Plaintiff has refused to sign the specific authorizations the HFH System requires by claiming that she lacks knowledge of being treated within the System. Dr. Kahnamouei is the only treater Plaintiff admits to, yet Dr. Kahnamouei's records indicate he referred Plaintiff to a Dr. Ghaffarloo, another doctor within the HFH System. Additionally,  Dr. Kahnamouei's records indicate that Plaintiff has a <u>history</u> of depression, which occurred prior to Plaintiff being hired at HFHS. Yet Plaintiff refuses to admit to any treater other than Dr. Kahnamouei or to authorize Defendant to obtain her HFH System records.

Likewise, Plaintiff's employment records are relevant to her claims for damages for economic injury, loss of employment opportunity, and loss of earning capacity. Rather than simply authorizing Defendant's access to those records, Plaintiff has been playing games for months. For example, first she provided an initial authorization, which expired. When Defendant learned that Plaintiff had changed employers after her authorization expired, Defendant requested a renewed authorization. In her Response, Plaintiff claims that she was unaware that her initial authorization had expired and, once Defendant brought it to her attention,

4

she issued a renewed authorization on March 4, 2015. What her Response fails to explain, however, is <u>why she withheld that authorization from Defendant for more than three months</u> (Plaintiff signed and authorized it on January 1, 2015, but did not produce it until March 4th.) Plaintiff's efforts to obfuscate her employment records raise the question of what she is working so hard to hide.

Instead of just providing the authorizations, Plaintiff has forced Defendant to file its Motion to Compel, incurring attorney fees and costs and wasting the Court's time and resources. Plaintiff's conduct is ridiculous and she should be sanctioned.

## <u>CONCLUSION</u>

For the reasons set forth above and in its Motion to Compel, Defendant respectfully requests that this Honorable Court grant its Motion, enter an Order requiring Plaintiff to provide these executed authorizations, and award Defendant its reasonable expenses, including attorneys' fees, incurred in filing this Motion.

Respectfully submitted,

VARNUM LLP

By:  */s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendants
39500 High Pointe Blvd, Suite 350
Novi, Michigan 48375
(248) 567-7828
tjmiglio@varnumlaw.com

Dated: March 11, 2015

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/Terrence J. Miglio*
  Terrence J. Miglio (P30541)
  39500 High Pointe Blvd.
  Suite 350
  Novi, Michigan 48375
  (248) 567-7828
  tjmiglio@varnumlaw.com