UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER,**

        Plaintiff,

v.

**HENRY FORD HOSPITAL,**

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

---

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226-0840 | 39500 High Pointe Boulevard, Suite 350 |
| (313) 964-4454 Phone | Novi, Michigan 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

---

### PLAINTIFF'S MOTION TO ENFORCE SUBPOENA, EXTEND DISCOVERY FOR THE SOLE PURPOSE OF TAKING JILL HOOD'S DEPOSITION, AND TO COMPEL HER ATTENDANCE AT THAT DEPOSITION

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys, MILLER COHEN, P.L.C., with her Motion to Enforce Subpoena, Extend Discovery for the Sole Purpose of Taking Jill Hood's Deposition and to Compel Her Attendance at that Deposition, and states as follows:

1. Plaintiff filed this lawsuit alleging that she was retaliated against for asserting her rights under the Fair Labor Standards Act and for reporting or threatening to report her former employer, Defendant Henry Ford Hospital, to the State of Michigan for failing to compensate her for lunches she was forced to work.

2. One of the instrumental managerial employees responsible for the investigation of Plaintiff's claims and her ultimate termination is a former Human Resource manager, Jill Hood.

3. Defendant stated in its Initial Disclosures that all current and former managerial employees are only to be contacted through Defendant's counsel. (*Exhibit A*)

4. Plaintiff requested dates for Ms. Hood's deposition on December 4, 2014, pursuant to the instructions in Defendant's Initial Disclosures. (*Exhibit B*)

5. Defendant did not respond with dates for Ms. Hood until January 26, 2015. Defendant's counsel indicated that Ms. Hood was no longer employed by Defendant, but that Defendant had reached out to her to request her availability. (*Exhibit C*)

6. Plaintiff did not hear anything back from Defendant regarding Ms. Hood's deposition until mid-February. Plaintiff provided the following dates: March 19-27. (*Exhibit D*)

7. Defendant did not respond. Instead of waiting yet another two months to receive a date for Ms. Hood's deposition, Plaintiff unilaterally noticed Ms. Hood's deposition for March 23, 2015.

8. Plaintiff served the subpoena and deposition notice on Ms. Hood c/o Defendant's counsel pursuant to Defendant's instructions that all correspondence must be made with former managerial employees through Defendant's counsel along with Defendant's counsel's representations that he was working to arrange dates for Ms. Hood's deposition. (***Exhibit E***)

9. Due to scheduling difficulties in working out a date that Defendant's counsel would be able to depose Plaintiff, Plaintiff agreed to move Ms. Hood's deposition to March 27th. Plaintiff served a re-notice to that effect. (***Exhibit F***)

10. Two days before Ms. Hood's deposition, Defendant's Counsel emailed Plaintiff indicating that Ms. Hood was only available in the morning. (***Exhibit G***)

11. The undersigned indicated to Defendant's counsel that a full day would likely be necessary. (***Exhibit H***) Even though Ms. Hood was under subpoena to attend, Plaintiff attempted to accommodate Ms. Hood's schedule stating that the following Monday was available. (Id.) Plaintiff received no word for the remainder of the day.

12. Plaintiff followed up the next day on March 26th—a day before Ms. Hood's deposition—stating:

3

Terrence:

I have a court reporter waiting on standby. I would like to accommodate Ms. Hood's schedule as much as possible and I certainly hope to provide the court reporter with notice of this change as soon as possible. However, I cannot reschedule Ms. Hood's deposition without your confirmation that I will be able to depose Ms. Hood on another mutually convenient date without running afoul of the Court's Scheduling Order. I need an answer as soon as possible regarding Ms. Hood's availability or Defendant's willingness to sign a stipulated order today extending the discovery period for the sole purpose of taking Ms. Hood's deposition.

If I do not hear back from you by 2pm, I cannot reschedule the deposition. I will continue under the assumption that Ms. Hood will appear for the full-day deposition scheduled for tomorrow that I requested over a month ago.

Please advise.

Thanks.

- Keith

(*Exhibit I*)

13.     Plaintiff followed up later in the day by calling Defendant's counsel's office. Defendant's counsel's paralegal communicated a message from Defendant's counsel that the deposition **WAS NOT** going forward on March 27th, that Defendant's Counsel had reached out for other available dates, and that he would agree to stipulate to extend the discovery period for the sole purpose of taking Ms. Hood's deposition. (Id.) In response, Plaintiff forwarded a proposed stipulated order. (Id.)

4

14. Based on this assurance, Plaintiff informed the court reporter that the deposition on March 27th was cancelled.

15. Plaintiff did not receive a response until after prompting Defendant's counsel the very next day noting the impending discovery cutoff. (*Exhibit J*) Defendant's counsel attempted to hold the discovery extension that the parties had agreed to the day before hostage to moving the summary judgment deadline. (*Exhibit K*) At the same time, Defendant proposed dates for Ms. Hood's deposition, including May 5th. (*Exhibit L*) Plaintiff's counsel stated that he would re-notice the deposition for May 5th. (Id.)

16. Plaintiff questioned the necessity of changing the dispositive motion deadline and asked Defendant's counsel to clarify Defendant's position. About three hours went by without a response, so Plaintiff's counsel emailed Defendant's counsel with a new stipulated order that changed the requested discovery extension to a stipulation that the parties agreed to depose Ms. Hood on May 5th after the discovery deadline. (*Exhibit M*)

17. Defendant's Counsel changed his mind. While he indicated that he would allow Plaintiff to depose Ms. Hood after the discovery cutoff, he was unwilling to enter into a stipulated order to that effect and believed that an email was sufficient to memorialize the parties' agreement. (*Exhibit N*)

5

18. Then, in a later email, he indicated that he did not control Ms. Hood and would not enter into a stipulated order requiring that her deposition be taken on a particular date nor would he require that she appear, even though the date listed was one of the dates proposed by Ms. Hood and Defendant's counsel—May 5th. (*Exhibit O*)

19. Plaintiff confronted Defendant's counsel on this point. (*Exhibit P*) After all, throughout this lawsuit Defendant has taken the position that it would accept service on behalf of former managerial employees and that correspondence must be made through Defendant's counsel. It was Defendant's counsel who stated that the deposition on March 27th was not going to go, when less than a day before that Ms. Hood was available for half a day. **Plaintiff also noted that written promises without a Court Order are insufficient**.

20. Defendant's Counsel wrote back that he refused to sign the stipulated order. (Id.) In a separate email, Defendant's Counsel stated that Ms. Hood is a former managerial employees who is "within the scope of our representation", but that he would only facilitate her appearance. (*Exhibit Q*)

21. Nonetheless, Defendant's Counsel went on to state that he had authority to accept service of the subpoena on Ms. Hood's behalf. (*Exhibit R*)

22. In an effort to cooperate, Plaintiff re-wrote the stipulated order to only provide that the deposition would take place after discovery pursuant to the Federal

Rules of Civil Procedure and that Plaintiff could subpoena the witness through Defendant's counsel. (***Exhibit S***)

23.  As of the time of filing, the parties have not agreed to a satisfactory stipulated order.

24.  On March 30, 2015, Plaintiff re-noticed the deposition for May 5, 2015 at 10am at the office of MILLER COHEN, P.L.C. pursuant to Defendant's assertion that this date was available. (***Exhibit U***)

25.  The current deadline for the close of discovery is April 6, 2015. [Dkt. No. 22] The Court entered a Scheduling Order on July 17, 2014, which stated that "The Court will not order discovery to take place subsequent to the discovery cutoff date. Parties may agree to extend the discovery deadline by filing a stipulation with the Court; no motion is required." [Dkt. No. 10]

26.  The Parties are required to follow the Court's Scheduling Order—depositions noticed prior to the discovery cutoff that are set to occur after the discovery deadline found in a Scheduling Order may not be enforced. *See e.g.*, ***Watkins v. New Albany Plain Local Sch.***, No. 2:08-CV-0134, 2010 WL 910256, at *2 (S.D. Ohio Mar. 10, 2010)(attached as ***Exhibit V***)

27.  It is for this reason why Plaintiff insisted that Defendant agree to a stipulated order extending the discovery deadline prior to rescheduling Ms. Hood's deposition.

7

28. Due to Plaintiff's efforts to cooperate with Ms. Hood's schedule and Defendant's refusal to honor its earlier agreement that was the basis for rescheduling Ms. Hood's deposition, Plaintiff is now forced to file a motion to protect her right to depose an important witness.

29. Plaintiff requests that this Court extend the discovery deadline for the sole purpose of deposing Ms. Hood. Additionally, Plaintiff is also requesting that this Court enforce the subpoena that Plaintiff had issued scheduling Ms. Hood's deposition pursuant to FED. R. CIV. PRO. 45. Considering Defendant's refusal to agree to require Ms. Hood's attendance, the numerous scheduling issues, Defendant's gamesmanship, and the importance of this witness, Plaintiff is requesting that this Court order that she appear on May 5th to prevent any further issues. According to Defendant's assertions, Ms. Hood is available for her deposition on May 5th, so such an order should cause no undue burden, prejudice, or expense.

30. Plaintiff requested, but has not yet received, concurrence in this motion. Consequently, Plaintiff is also requesting costs and sanctions for Defendant's frivolous refusal.

**WHEREFORE** Plaintiff is requesting that Jill Hood be ordered to appear for her deposition on May 5th and provide documents described in the subpoena *duces tecum*, that discovery be extended to allow for Ms. Hood's deposition, and that costs and sanctions be awarded for Plaintiff being forced to file this Motion.

                        Respectfully submitted,
                        **MILLER COHEN, P.L.C.**

By: /s/Keith D. Flynn
     Keith D. Flynn (P74192)
     *Attorney for Plaintiff*
     600 W. Lafayette Blvd., 4th Floor
     Detroit, MI 48226
     (313) 964-4454 Phone
     (313) 964-4490 Fax
     kflynn@millercohen.com

Dated: March 31, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER,**

      Plaintiff,

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

v.

**HENRY FORD HOSPITAL,**

      Defendant.

_____/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI  48226-0840 | 39500 High Pointe Boulevard, Suite 350 |
| (313) 964-4454 Phone | Novi, Michigan  48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE
SUBPOENA, EXTEND DISCOVERY FOR THE SOLE PURPOSE OF
TAKING JILL HOOD'S DEPOSITION, AND TO COMPEL HER
ATTENDANCE AT THAT DEPOSITION**

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED ........................................................... ii

INDEX OF AUTHORITIES ................................................................................ iii

CERTIFICATE OF SERVICE

INDEX OF EXHIBITS

ii

## STATEMENT OF ISSUES PRESENTED

1. Should the Court enforce the subpoena duces tecum for Ms. Jill Hood's deposition and order Ms. Hood to appear for her deposition on May 5th?

    Plaintiff answers, "Yes."

2. Should the Court extend discovery for the sole purpose of taking Ms. Hood's deposition?

    Plaintiff answers, "Yes."

3. Is Plaintiff entitled to an award of her attorneys' fees, costs, and any other allowable relief under the Court Rules for having to bring this Motion?

    Plaintiff answers, "Yes."

iii

# INDEX OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Watkins v. New Albany Plain Local Sch.*,
    No. 2:08-CV-0134, 2010 WL 910256, at *2
    (S.D. Ohio Mar. 10, 2010) ............................................................................. 7

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SUBPOENA, EXTEND DISCOVERY FOR THE SOLE PURPOSE OF TAKING JILL HOOD'S DEPOSITION, AND TO COMPEL HER ATTENDANCE AT THAT DEPOSITION

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys, MILLER COHEN, P.L.C., with her Brief in Support of her Motion to Enforce Subpoena, Extend Discovery for the Sole Purpose of Taking Jill Hood's Deposition, and to Compel Her Attendance at that Deposition, and states as follows:

Plaintiff relies on her Motion in support.

**WHEREFORE** Plaintiff is requesting that Jill Hood be ordered to appear for her deposition on May 5th and provide documents described in the subpoena *duces tecum*, that discovery be extended to allow for Ms. Hood's deposition, and that costs and sanctions be awarded for Plaintiff being forced to file this Motion.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Keith D. Flynn
Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com

Dated: March 31, 2015

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER,**

    Plaintiff,

v.

**HENRY FORD HOSPITAL,**

    Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| *Attorneys for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226-0840 | 39500 High Pointe Boulevard, Suite 350 |
| (313) 964-4454 Phone | Novi, Michigan 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on *March 31, 2015*, I electronically filed the foregoing document(s) with the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                        Respectfully submitted,

                                        **MILLER COHEN, P.L.C.**

By:   <u>/s/Keith D. Flynn</u>
        Keith D. Flynn (P74192)
        *Attorney for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, MI 48226
        (313) 964-4454 Phone
        (313) 964-4490 Fax
        kflynn@millercohen.com

Dated: March 31, 2015