# EXHIBIT U

# MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
FOURTH FLOOR
DETROIT, MICHIGAN 48226-0840

(313) 964-4454
FAX (313) 964-4490
TOLL FREE (IN MICHIGAN) 1-800-221-6021
E-MAIL: YOURLAWYERS@MILLERCOHEN.COM
WWW.MILLERCOHEN.COM

ALLEN PARK OFFICE:
6715 PARK AVENUE
ALLEN PARK, MICHIGAN 48101

(313) 383-2422

BRUCE A. MILLER
NORTON J. COHEN (1935-2014)
RICHARD G. MACK, JR.
ANDREA HAMM
ROBERT D. FETTER
ADA VERLOREN
KEITH D. FLYNN
JACK W. SCHULZ
ADAM M. TAUB

JOHANNA L. KONONEN
OF COUNSEL

March 30, 2015

**VIA U.S. FIRST CLASS MAIL**

**VARNUM LLP**
Terrence J. Miglio, Esq.
39500 High Pointe Blvd., Suite 350
Novi, MI 48375

Re: *Natalie Reeser v. Henry Ford Hospital*
USDC Case No.: 2:14-cv-11916-GCS-MJH (*Hon. George Caram Steeh*)
Our File No.:14-15246

Dear Mr. Miglio:

Pursuant to your confirmation on March 27, 2015, please find enclosed the **SECOND RE-NOTICE OF TAKING DEPOSITION DUCES TECUM OF JILL HOOD** and a copy of the original **SUPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**, along with *Proof of Service*, in the above-referenced matter.

As Plaintiff has already tendered a check for the witness fee and travel expenses, Plaintiff does not enclose a separate check.

If you have questions or comments, please contact me.

Sincerely,

**MILLER COHEN, P.L.C.**

Keith D. Flynn, Esq.

/db
Enclosure

cc:   Mr. Bruce A. Miller (w/o encl.)
      Ms. Natalie Reeser



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Case No.: 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

**MILLER COHEN, P.L.C.**
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

### SECOND RE-NOTICE OF
### TAKING DEPOSITION *DUCES TECUM* OF JILL HOOD

To:  Ms. Jill E. Hood
      c/o **VARNUM LLP**
      39500 High Pointe Blvd., Suite 350
      Novi, Michigan 48375

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, the Plaintiff Natalie Reeser will take the deposition of the named individual and the examination will be before a duly authorized stenographer and notary public. Demand is hereby made that Deponent present herself at the date, time and place stated below. Defendant's counsel is invited to attend and examine the witness.



1

| | |
|---|---|
| **NAME OF DEPONENT:** | JILL E. HOOD |
| **DATE OF DEPOSITION:** | *Tuesday, May 5, 2015* and a subsequent date and time until the deposition is concluded |
| **TIME OF DEPOSITION:** | 10:00 a.m. |
| **PLACE OF DEPOSITION:** | Miller Cohen, P.L.C. 600 W. Lafayette Blvd., 4th Floor Detroit, MI 48226-0840 |

Deponent should bring the following to said deposition:

1. All documents in your possession, related to Plaintiff or Defendant, involving Natalie Reeser's termination and the investigation of her claims against Fiona Bork and her employer. This includes, but is not limited to pictures, notes, documents, meeting notes, etc.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  _____
Keith D. Flynn (P74192)
Ada A. Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226-0840
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

Dated: March 30, 2015

**MILLER COHEN, P.L.C.**
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Case No.: 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Ada A. Verloren (P57541) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Suite 350 |
| Detroit, MI 48226-0840 | Novi, Michigan 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| averloren@millercohen.com | bebuchanan@varnumlaw.com |

### PROOF OF SERVICE

KATHY GOLBA, an employee of MILLER COHEN, P.L.C., says that on *March 30, 2015*, he served SECOND RE-NOTICE OF TAKING DEPOSITION DUCES TECUM OF JILL HOOD and a copy of the original SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, along with this *Proof of Service,* upon:

    **VARNUM LLP**
    Mr. Terrence J. Miglio
    Ms. Barbara E. Buchanan
    39500 High Pointe Blvd., Suite 350
    Novi, MI 48375

via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage fully prepaid, and by depositing the same in the United States Postal Receptacle in Detroit, Michigan.

                                                                                           KATHY GOLBA

Subscribed and sworn to before me on
this 30th day of March 2015.

**Diane Boxie**, Notary Public
Wayne County, MI
My Commission Expires: **09/15/2020**

*[Left margin:]* MILLER COHEN, P.L.C. ATTORNEYS AND COUNSELORS AT LAW  600 WEST LAFAYETTE BLVD. DETROIT, MICHIGAN 48226-0840  (313) 964-4454

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| NATALIE REESER </br> *Plaintiff* </br> v. </br> HENRY FORD HOSPITAL </br> *Defendant* | ) </br> ) </br> ) Civil Action No. 2:14-cv-11916-GCS-MJH </br> ) </br> ) </br> ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JILL E. HOOD c/o Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, MI 48375
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: MILLER COHEN, P.L.C., 600 W. LAFAYETTE BLVD., 4TH FLOOR, DETROIT, MI 48226 | Date and Time: MARCH 23, 2015, 10:00 A.M. |
|---|---|

The deposition will be recorded by this method: O'CONNOR COURT REPORTING

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: ALL DOCUMENTS IN YOUR POSSESSION, RELATED TO PLAINTIFF OR DEFENDANT, INVOLVING NATALIE REESER'S TERMINATION AND THE INVESTIGATION OF HER CLAIMS AGAINST FIONA BORK AND HER EMPLOYER. THIS INCLUDES, BUT IS NOT LIMITED TO PICTURES, NOTES, DOCUMENTS, MEETING NOTES, ETC.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/04/2015

DAVID J. WEAVER, CLERK OF COURT

_____ OR  *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NATALIE REESER _____, who issues or requests this subpoena, are:

KEITH D. FLYNN (P74192), MILLER COHEN, P.L.C., 600 W. LAFAYETTE BLVD., DETROIT, MI 48226, OFFICE: 313-964-4454; FAX: 313-964-4490; EMAIL: KFLYNN@MILLERCOHEN.COM

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:14-cv-11916-GCS-MJH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).