# EXHIBIT V

Not Reported in F.Supp.2d, 2010 WL 910256 (S.D.Ohio)
**(Cite as: 2010 WL 910256 (S.D.Ohio))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Ohio,
Eastern Division.
Amanda WATKINS, Plaintiff,
v.
NEW ALBANY PLAIN LOCAL SCHOOLS,
Judge Graham et al., Defendants.

No. 2:08-cv-0134.
March 10, 2010.

Rayl L. Stepter, Columbus, OH, for Plaintiff.

John Curtis Albert, Columbus, OH, Nick C. Tomino, Medina, OH, for Defendants.

*ORDER*

TERENCE P. KEMP, United States Magistrate Judge.

*1 This case is before the Court by way of plaintiff Amanda Watkins' motion to compel discovery, filed on February 4, 2010. The motion requests enforcement of a subpoena issued to the Franklin County Prosecutor on December 9, 2009. Defendants filed a response on February 5, 2010. Lindsay Broderick, the prosecuting attorney to whom the subpoena was directed, responded to the motion to compel on February 24, 2010, and also moved to quash the subpoena. Ms. Watkins filed reply memoranda to these respective responses on March 1, 2010 and March 7, 2010. For the following reasons, the motion to compel will be denied.

*I. Background.*

This case involves an alleged assault on plaintiff Amanda Watkins committed by a fellow high school student, Gerald Nixon, on March 20, 2007. As it pertains to the pending motion to compel, Ms. Watkins claims that she and her mother, Erica Watkins (who was the named plaintiff when this case was originally filed) were told by school officials that the assault was captured on tape. According to Ms. Watkins, they were not allowed to see the tape at that time. Later, after Ms. Watkins' mother tried to have Mr. Nixon prosecuted, she was allegedly told by the prosecutor, Ms. Broderick, that the tape had been destroyed. The subpoena which was issued to Ms. Broderick was intended to obtain records and testimony, at a deposition to be held on December 23, 2009, about whether school officials actually told Ms. Broderick that there was a tape, and whether they also told her it had been destroyed. After counsel for Ms. Broderick reviewed her file on the Gerald Nixon matter, he refused to produce it on grounds of work product privilege. He also declined to produce a privilege log for the contents of the file. In her motion, Ms. Watkins seeks both the production of a privilege log and the contents of the file on grounds that she can demonstrate undue hardship and thereby overcome the work product privilege.

*II. The Defendants' Position.*

Defendants assert that the subpoena was both untimely and that Ms. Watkins did not comply with Fed.R.Civ.P. 30 and 45. In particular, they note that although the subpoena set a deposition date of December 23, 2009, no deposition notice ever issued, and they were not provided with a copy of the subpoena. They also argue that the deposition was scheduled after the discovery cutoff date of December 9, 2009. Finally, they assert that the factual premise of the motion is untrue, and that no school official ever told Ms. Watkins or her mother that there was a tape showing the alleged assault.

*II. The Prosecutor's Position.*

Ms. Broderick makes two arguments in opposition to the motion to compel. First, she asserts that, as a non-party, she has no obligation to produce a privilege log. Second, she asserts that the file in question consists entirely of her notes that she pre-

Not Reported in F.Supp.2d, 2010 WL 910256 (S.D.Ohio)
**(Cite as: 2010 WL 910256 (S.D.Ohio))**

pared in anticipation of filing or prosecuting a case against Mr. Nixon. She contends that all of these notes are protected by the work product privilege. Apparently in response to the argument that a showing of substantial need has been made that would overcome the privilege, she argues that because defendants have apparently conceded that an assault occurred, Ms. Watkins does not need any of the evidence contained in Ms. Broderick's file to prove that. She also incorporates the defendants' procedural objections to the subpoena.

### IV. *The Procedural Issues.*

*2 Ms. Watkins apparently does not dispute the fact that she never issued a deposition notice for the deposition that was supposed to take place on December 23, 2009, and that she did not provide defendants with a copy of the subpoena when it was issued. As to the deposition, she asserts that almost immediately after the subpoena was served, her counsel and counsel for Ms. Broderick agreed to postpone any deposition until after issues concerning the file were resolved, so no notice was ever issued. She also asserts that she believes that no party has an objection to her taking the deposition after the discovery cutoff date once those issues are resolved. *See* Plaintiff's Reply Memorandum dated March 1, 2010, Doc. # 93, at 2 n. 1 ("it is Plaintiff's understanding that there is no current objection to going forward with the deposition"). She does not explain why she did not serve defendants' counsel with a copy of the subpoena. Finally, she argues that the Court should allow her to conduct discovery after the discovery cutoff in order to prevent manifest injustice.

Clearly, there were procedural irregularities here. A deposition, even of a non-party, must be noticed under Rule 30, and every discovery document in a case, including a subpoena issued to a non-party, must be served on all of the other parties. *See* Fed.R.Civ.P. 45(b)(1); Fed.R.Civ.P. 5(a)(1)(C); *Automotive Inspection Services, Inc. v. Flint Auto Auction,* 2007 WL 3333016 (E.D.Mich. November 9, 2007). However, because no documents have actually been produced, no deposition has been held, and because the defendants now have a copy of the subpoena, these irregularities, although somewhat inexplicable, do not appear to be grounds for preventing this discovery from proceeding if it is otherwise proper.

However, the timeliness of the discovery request is a separate issue. Although the subpoena was issued on the last day of the discovery period, any deposition held or document production made pursuant to the subpoena would have occurred only after discovery was closed. The Court's pretrial order, Doc. # 23, says the following about this issue: "For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date." That did not happen here, and defendants have therefore raised a valid timeliness objection.

Ms. Watkins' response to this argument appears to be that good cause exists for extending the discovery cutoff date to include this discovery. She asserts that her mother's deposition took place on December 7, 2009, two days before the cutoff, and testimony from that deposition about the tape issue prompted the issuance of the subpoena. However, these arguments do not establish good cause for an extension of the discovery cutoff date.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, *inter alia,* file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause...."

*3 Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," *Rouse v. Farmers State Bank,* 866 F.Supp. 1191, 1199 (N.D.Iowa 1994), and that pretrial scheduling orders are "the essential mechanism

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 910256 (S.D.Ohio)
**(Cite as: 2010 WL 910256 (S.D.Ohio))**

for cases becoming trial-ready in an efficient, just, and certain manner." *Id.* at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Deghand v. Wal-Mart Stores,* 904 F.Supp. 1218, 1221 (D.Kan.1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D.Ind.1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmer Oil Co. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C.1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. *Inge v. Rock Financial Corp.,* 281 F.3d 613 (6th Cir.2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (*see Inge, supra* ), a discovery cutoff date (*see Commerce Benefits Group v. McKesson Corp.,* 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (*see Andretti v. Borla Performance Industries,* 426 F.3d 824 (6th Cir.2005).

The fact that Ms. Watkins' mother testified about the tape only two days prior to the discovery cutoff does not, in this case, justify a relaxation of that date under the "good cause" standard. If the factual premise for the motion to compel is true, Ms. Watkins has known about the potential existence of a tape since some time in 2007. She learned, shortly thereafter, that Mr. Nixon would not be prosecuted, and that one of the reasons was the lack of a tape showing the assault. Her mother was originally the plaintiff in this case, and Ms. Watkins cannot credibly claim that until her mother was deposed, she could not have known of the potential relevance of the prosecutor's notes. Further, in her amended complaint, which was filed on May 28, 2009, but tendered to the Court on September 29, 2008, she refers to exactly the same circumstances. There is simply no basis for the Court to conclude that she could not have, despite the exercise of due diligence, learned of the potential relevance of the prosecutor's notes and testimony until December 7, 2009. She could easily have served this subpoena two weeks earlier, and in all likelihood months or years earlier, in order to comply with the Court's order concerning the completion of discovery. The Court notes that when the Court allowed her to amend her complaint to include her spoliation of evidence claim on May 28, 2009, Ms. Watkins was given more than five additional months to complete discovery, and she then requested and obtained another month beyond that. Thus, the Court finds that the discovery request at issue was not timely and that there is no sound reason to relax the discovery cutoff date in order to allow this discovery to proceed. It is therefore unnecessary to consider any of the substantive issues raised by the competing motions to compel and to quash.

V. *Disposition and Order*

*4 Based on the foregoing, plaintiff's motion to compel discovery and enforce subpoena (# 84) is denied. Prosecutor Broderick's motion to quash (# 91) is granted.

VI. *Appeals Procedure.*

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwith-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 910256 (S.D.Ohio)
**(Cite as: 2010 WL 910256 (S.D.Ohio))**

standing the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

S.D.Ohio,2010.
Watkins v. New Albany Plain Local Schools
Not Reported in F.Supp.2d, 2010 WL 910256 (S.D.Ohio)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.