UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v.

**HENRY FORD HOSPITAL**,

        Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

_____/

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| *Attorney for Plaintiff* | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | *Attorneys for Defendant* |
| Detroit, MI 48226-0840 | 39500 High Pointe Boulevard, Suite 350 |
| (313) 964-4454 Phone | Novi, MI 48375 |
| (313) 964-4490 Fax | (248) 567-7828 Phone |
| kflynn@millercohen.com | (248) 567-7423 Fax |
|  | tjmiglio@varnumlaw.com |
|  | bebuchanan@varnumlaw.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EMERGENCY
MOTION TO EXTEND THE DISPOSITIVE MOTION CUT-OFF DATE**

    **NOW COMES** Plaintiff, **NATALIE REESER**, by and through her attorneys, **MILLER COHEN, P.L.C.**, to respond to Defendant's Emergency Motion to Extend The Dispositive Motion Cut-Off Date pursuant to Federal Rule of Civil Procedure 6(b)(1).

    Defendant claims that it provided Plaintiff Natalie Reeser with a

professional courtesy allowing Plaintiff to take Ms. Hood's deposition after the discovery cut-off and that this courtesy entitles Defendant to an extension. Plaintiff disputes that characterization. Ms. Hood's deposition was subject to a subpoena. Nonetheless, Defendant unilaterally cancelled Ms. Hood's deposition without an agreement being reached as to when Ms. Hood would be deposed. Then, Defendant refused to enter into an appropriate stipulated order to resolve the matter attempting to use this delay and the impending discovery cut-off to pressure Plaintiff into agreeing to various concessions, such as an extension of the dispositive motion cut-off. As a result, Plaintiff was forced to file her Motion to Enforce Subpoena and Compel Ms. Hood's deposition. [Dkt. No. 30] That motion was eventually resolved through a stipulated order that did not include an extension for dispositive motions. [Dkt. No. 32]

It is important to discuss the background surrounding Defendant's request for an extension, which was not adequately described in Defendant's Motion. Plaintiff was instructed at the outset by Defendant's counsel in Defendant's Initial Disclosures that all current and former managerial employees were only to be contacted through Defendant's counsel. (*Exhibit A*)Pursuant to the instructions provided in Defendant's Initial Disclosures, Plaintiff requested dates for Ms. Hood's deposition on December 4, 2014 from Defendant's counsel. (*Exhibit B*) Defendant did not respond with dates for Ms. Hood until

2

January 26, 2015. (*Exhibit C*) Plaintiff did not hear anything back from Defendant regarding Ms. Hood's deposition until mid-February. Plaintiff provided the following dates: March 19-27. (*Exhibit D*) Defendant did not respond to Plaintiff's provided dates, so Plaintiff was forced to notice Ms. Hood's deposition for March 23, 2015.

Plaintiff served the subpoena and deposition notice on Ms. Hood c/o Defendant's counsel pursuant to Defendant's instructions. (*Exhibit E*) Due to scheduling difficulties in working out a date in which Defendant's counsel would be able to depose Plaintiff, Plaintiff agreed to move Ms. Hood's deposition to March 27th. Plaintiff served a re-notice to that effect. (*Exhibit F*)

Two days before Ms. Hood's deposition, Defendant's Counsel emailed Plaintiff indicating that Ms. Hood was only available in the morning. (*Exhibit G*) Plaintiff indicated to Defendant's counsel that a full day would likely be necessary. (*Exhibit H*) Even though Ms. Hood was under subpoena to attend, Plaintiff attempted to accommodate Ms. Hood's schedule stating that the following Monday was available. (Id.) Plaintiff received no word for the remainder of the day.

Plaintiff followed up the next day on March 26th – a day before Ms. Hood's deposition – stating:

Terrence:

I have a court reporter waiting on standby. I would like to accommodate Ms. Hood's schedule as much as possible and I certainly hope to provide the court reporter with notice of this change as soon as possible. However, I cannot reschedule Ms. Hood's deposition without your confirmation that I will be able to depose Ms. Hood on another mutually convenient date without running afoul of the Court's Scheduling Order. I need an answer as soon as possible regarding Ms. Hood's availability or Defendant's willingness to sign a stipulated order today extending the discovery period for the sole purpose of taking Ms. Hood's deposition.

If I do not hear back from you by 2pm, I cannot reschedule the deposition. I will continue under the assumption that Ms. Hood will appear for the full-day deposition scheduled for tomorrow that I requested over a month ago.

Please advise.

Thanks.

- Keith

(*Exhibit I*)

Plaintiff followed up later in the day by calling Defendant's counsel's office. At this point, Ms. Hood's deposition was no longer unilaterally limited to half a day by Defendant—now, Ms. Hood's deposition **WAS NOT** going to take place on March 27th **AT ALL**. Defendant's counsel's paralegal communicated a message from Defendant's counsel that the deposition **WAS NOT** going forward on March 27th, that Defendant's Counsel had reached out for other available dates, and that he would agree to stipulate to extend the discovery period for the sole purpose of taking

4

Ms. Hood's deposition. (Id.) In response, Plaintiff forwarded a proposed stipulated order.

Based on this unilateral change by Defendant and based on Defendant's assurance that Defendant would agree to a stipulated order extending discovery for the sole purpose of taking Ms. Hood's deposition, Plaintiff informed the court reporter that the deposition on March 27th was cancelled.

Plaintiff did not receive a response to her proposed stipulated order until after prompting Defendant's counsel the next day and noting the impending discovery cut-off. (*Exhibit J*) **When Defendant's counsel responded, Defendant's counsel attempted to hold the discovery extension that the Defendant was agreeable to the day before hostage in exchange for obtaining Plaintiff's consent to move the summary judgment deadline**. (*Exhibit K*) While Defendant provided additional dates, the earliest date provided by Defendant was the last week of April, which was past the discovery cut-off. *(Exhibit L)*

Plaintiff questioned the necessity of changing the dispositive motion deadline and refused to do so indicating the proposed stipulated order only extended discovery. About three hours went by without a response, so Plaintiff's counsel emailed Defendant's counsel a new stipulated order that changed the requested discovery extension to a stipulation that the parties agreed to depose Ms. Hood on May 5th after the discovery deadline. *(Exhibit M)*

5

Defendant's Counsel changed his mind yet again. While he indicated that he would allow Plaintiff to depose Ms. Hood after the discovery cut-off, he was unwilling to enter into a stipulated order to that effect and believed that an email was sufficient to memorialize the parties' agreement. *(Exhibit N)*

Then, in a later email, he indicated that he did not control Ms. Hood and would not enter into a stipulated order requiring that her deposition be taken on a particular date nor would he require that she appear, even though the date listed was one of the dates proposed by Ms. Hood and Defendant's counsel, May 5th. *(Exhibit O)* Plaintiff confronted Defendant's counsel on this point. *(Exhibit P)* Defendant's Counsel wrote back that he refused to sign the stipulated order. (Id.) By date Motion to Enforce filed, no agreement was reached and Plaintiff was forced to file a motion to preserve her right to depose Ms. Hood.

In an effort to cooperate and resolve the motion, Plaintiff re-wrote the stipulated order to only provide that the deposition would take place after discovery pursuant to the Federal Rules of Civil Procedure and that Plaintiff could subpoena the witness through Defendant's counsel. (*Exhibit Q*) In addition, Defendant insisted that Plaintiff's continued deposition also be part of that stipulated order. On April 20, 2015, the Court entered that stipulated order in which the parties agreed that Ms. Hood's deposition and Plaintiff's continued deposition would take place after the close of discovery. [Dkt. No. 32]

6

The dispositive motion cut-off date in this matter is Monday, May 11, 2015. On May 4, 2015—the day before Ms. Hood's deposition—Defendant sent an email to Plaintiff's Counsel asking whether Plaintiff would agree to an extension of the dispositive motion cut-off date. Defendant initially requested a longer extension claiming that he was leaving the country, but without providing any indication as to the purpose of the trip, when the trip was initially scheduled, and without any explanation as to why Defendant did not request the extension weeks in advance. (***Exhibit R)*** On May 5, 2015, Plaintiff's Counsel discussed the matter with his client. Plaintiff verbally responded to Defendant's request and indicated that a formal explanation would be issued after Ms. Hood's deposition. Later in the evening of May 5, 2015, Plaintiff's Counsel emailed Defendant's Counsel reiterating that Plaintiff would not agree to extend the Dispositive Motion cut-off date and further explaining Plaintiff's rationale. (***Exhibit R)***

Federal Rule of Civil Procedure 6(b)(1) states that a court may provide an extension upon a showing of "good cause." Defendant states that good cause exists because it will take the court reporter approximately six days to provide a transcript of Ms. Hood's deposition. However, it is not unusual for a court reporter to take at least six days to provide a transcript of a deposition and Ms. Hood's deposition was noticed more than a month in advance based on the dates offered by Defendant.

In addition, Ms. Hood met with Defendant's counsel on two occasions before

her deposition to discuss her testimony, one date weeks in advance of the deposition and another date close in time to her deposition. Ms. Hood has fully participated with Defendant. Defendant has had ample time to obtain an affidavit from Ms. Hood stating her testimony. Defendant's neglect in preparing for the dispositive motion cut-off date is not good cause to extend the deadline.

Furthermore, the request is made in bad faith. The late date of Ms. Hood's deposition is the result of multiple delays in scheduling by Defendant's counsel and the late notice provided by Defendant's counsel in cancelling one of Ms. Hood's earlier deposition dates.

As indicated above, on the day that Ms. Hood's deposition was scheduled, as early as March, Defendant attempted to hold Ms. Hood's deposition hostage to its demand that the dispositive motion deadline be extended. **PLAINTIFF REFUSED**.

At that time, and since that time, Plaintiff's counsel has made it clear that Plaintiff did not and does not wish to extend the dispositive motion cut-off date due to Defendant's delays. As indicated above, Plaintiff was required to file a motion to protect her right to depose Ms. Hood, which was only necessary due to Defendant's gamesmanship. As discussed above, that motion was resolved without extending the dispositive motion deadline. Simply put, Defendant's counsel is trying to re-write the stipulated order that it negotiated to resolve that motion and take advantage of a situation it created.

Defendant has accused Plaintiff of not being courteous. Yet, Plaintiff has worked to accommodate Ms. Hood and Defendant's counsel by following up on Ms. Hood's availability multiple times, rescheduling Ms. Hood's deposition multiple times when deposition dates were inconvenient for Ms. Hood or Defendant's counsel, attempting to schedule Ms. Hood's deposition more than a month in advance of the dispositive motion deadline, and ultimately selecting a final date for the deposition provided by Defendant's counsel. Despite Plaintiff's numerous acts of courtesy, Defendant has continued to take advantage of Plaintiff's good will.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant's Emergency Motion to Extend The Dispositive Motion Cut-Off Date, and award costs and attorney fees for Plaintiff being forced to respond to this motion.

Respectfully submitted,
**MILLER COHEN, P.L.C.**

By: /s/Keith D. Flynn
Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com

Dated: May 7, 2015

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

    Plaintiff,

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

v.

**HENRY FORD HOSPITAL**,

    Defendant.

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Keith D. Flynn (P74192)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226-0840<br>(313) 964-4454 Phone<br>(313) 964-4490 Fax<br>kflynn@millercohen.com | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>39500 High Pointe Boulevard, Suite 350<br>Novi, MI  48375<br>(248) 567-7828 Phone<br>(248) 567-7423 Fax<br>tjmiglio@varnumlaw.com<br>bebuchanan@varnumlaw.com |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 7*, 2015*, I electronically filed the foregoing document(s) with the Court using the ECF system, which will send notification of such filing to all counsel of record.

2

                                              Respectfully submitted,

                                              **MILLER COHEN, P.L.C.**

By:   /s/Keith D. Flynn
        Keith D. Flynn (P74192)
        *Attorney for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, MI  48226
        (313) 964-4454 Phone
        (313) 964-4490 Fax
        kflynn@millercohen.com

Dated: May 7, 2015