# EXHIBIT E

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
FOURTH FLOOR
DETROIT, MICHIGAN 48226-0840
(313) 964-4454
FAX (313) 964-4490
TOLL FREE (IN MICHIGAN) 1-800-221-6021
E-MAIL: YOURLAWYERS@MILLERCOHEN.COM
WWW.MILLERCOHEN.COM

ALLEN PARK OFFICE:
6715 PARK AVENUE
ALLEN PARK, MICHIGAN 48101
(313) 383-2422

BRUCE A. MILLER
NORTON J. COHEN (1935-2014)
RICHARD G. MACK, JR.
ANDREA HAMM
ROBERT D. FETTER
ADA VERLOREN
KEITH D. FLYNN
JACK W. SCHULZ
ADAM M. TAUB

JOHANNA L. KONONEN
OF COUNSEL

March 4, 2015

**VIA U.S. FIRST CLASS MAIL**

**VARNUM LLP**
Terrance J. Miglio, Esq.
Barbara E. Buchanan, Esq.
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375

Re: ***Natalie Reeser v. Henry Ford Hospital***
USDC Case No.: 2:14-cv-11916-GCS-MJH (*Hon. George Caram Steeh*)
Our File No.:14-15246

Dear Counselors:

Enclosed please find the following documents in the above-referenced matter:

1. **NOTICE OF TAKING DEPOSITION DUCES TECUM OF JILL E. HOOD**
2. **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION (JILL E. HOOD)**
3. **OUR CHECK IN THE AMOUNT OF $42.85** payable to Ms. Hood ($12.00/day deposition fee, plus round-trip mileage (53.66 miles @ $0.575 cents per mile)

If you have questions or comments, please contact me.

Sincerely,

**MILLER COHEN, P.L.C.**

Keith D. Flynn, Esq.

/db
Enclosures

cc: Mr. Bruce A. Miller (w/o encl.)



27932

MILLER COHEN PLC
Jill Hood

Check Number: 27932
Check Date: Mar 4, 2015

Check Amount: $42.85

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| Deposition Fee | | 42.85 |

VOID VOID VOID VOID

MILLER COHEN PLC
600 W. LAFAYETTE BLVD., FOURTH FLOOR
DETROIT, MICHIGAN 48226
(313) 964-4454

PNC BANK
6-12-410

27932

DATE
Mar 4, 2015

AMOUNT
*******************$42.85

Forty-Two and 85/100 Dollars

PAY TO THE ORDER OF
Jill Hood
c/o Varnumm LLP
39500 High Pointe Blvd
Novi, MI 48375

VOID AFTER 90 DAYS

Memo

AUTHORIZED SIGNATURE

Security features. Details on back.

⑈0002793 2⑈ ⑆041000124⑆ 4254300298⑈

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

NATALIE REESER
*Plaintiff*
v.
HENRY FORD HOSPITAL
*Defendant*

Civil Action No. 2:14-cv-11916-GCS-MJH

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JILL E. HOOD c/o Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, MI 48375
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: MILLER COHEN, P.L.C., 600 W. LAFAYETTE BLVD., 4TH FLOOR, DETROIT, MI 48226 | Date and Time: MARCH 23, 2015, 10:00 A.M. |
|---|---|

The deposition will be recorded by this method: O'CONNOR COURT REPORTING

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: ALL DOCUMENTS IN YOUR POSSESSION, RELATED TO PLAINTIFF OR DEFENDANT, INVOLVING NATALIE REESER'S TERMINATION AND THE INVESTIGATION OF HER CLAIMS AGAINST FIONA BORK AND HER EMPLOYER. THIS INCLUDES, BUT IS NOT LIMITED TO PICTURES, NOTES, DOCUMENTS, MEETING NOTES, ETC.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/04/2015

*DAVID J. WEAVER, CLERK OF COURT*

_______________________ OR [signature]
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NATALIE REESER, who issues or requests this subpoena, are:

KEITH D. FLYNN (P74192), MILLER COHEN, P.L.C., 600 W. LAFAYETTE BLVD., DETROIT, MI 48226, OFFICE: 313-964-4454; FAX: 313-964-4490; EMAIL: KFLYNN@MILLERCOHEN.COM

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:14-cv-11916-GCS-MJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________________________

______________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because:

______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER,**

Plaintiff,

v.

**HENRY FORD HOSPITAL,**

Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Ada A. Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226-0840
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

**VARNUM LLP**
Terrance J. Miglio (P30541)
Barbara E. Buchanan (P55084)
*Attorneys for Defendant*
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375
(248) 567-7828 Phone
(248) 567-7423 Fax
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

## NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF JILL HOOD

To: Ms. Jill E. Hood
c/o **VARNUM LLP**
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, the Plaintiff Natalie Reeser will take the deposition of the named individual and the examination will be before a duly authorized stenographer and notary public. Demand is hereby made that Deponent present herself at the date, time and place stated below. Defendant's counsel is invited to attend and examine the witness.



MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

| | |
|---|---|
| **NAME OF DEPONENT:** | JILL E. HOOD |
| **DATE OF DEPOSITION:** | ***Monday, March 23, 2015*** and a subsequent date and time until the deposition is concluded |
| **TIME OF DEPOSITION:** | 10:00 a.m. |
| **PLACE OF DEPOSITION:** | Miller Cohen, P.L.C.<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226-0840 |

Deponent should bring the following to said deposition:

1. All documents in your possession, related to Plaintiff or Defendant, involving Natalie Reeser's termination and the investigation of her claims against Fiona Bork and her employer. This includes, but is not limited to pictures, notes, documents, meeting notes, etc.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: [signature]

Keith D. Flynn (P74192)
Ada A. Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226-0840
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

Dated: March 4, 2015





MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER,**

Plaintiff,

v.

**HENRY FORD HOSPITAL,**

Defendant.

Case No.: 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

______________________________________/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Ada A. Verloren (P57541)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226-0840
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
averloren@millercohen.com

**VARNUM LLP**
Terrance J. Miglio (P30541)
Barbara E. Buchanan (P55084)
*Attorneys for Defendant*
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375
(248) 567-7828 Phone
(248) 567-7423 Fax
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

______________________________________/

**PROOF OF SERVICE**

**DIANE BOXIE** says that on *March 4, 2015*, she served **NOTICE OF TAKING DEPOSITION DUCES TECUM OF JILL HOOD** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**, along with this *Proof of Service,* upon:

Ms. Jill Hood
c/o **VARNUM LLP**
Mr. Terrance J. Miglo
Ms. Barbara E. Buchanan
39500 High Pointe Blvd., Suite 350
Novi, Michigan 48375
Birmingham, MI 48009



via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage fully prepaid, and by depositing the same in the United States Postal Receptacle in Detroit, Michigan.

**DIANE BOXIE**

Subscribed and sworn to before me on
This 4th day of March 2015

**Michelle Coil**, Notary Public
St. Clair County, acting in Wayne County, MI
My Commission Expires: **10/21/2015**

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454