# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:14-cv-11916-GCS-MJH |
| | Hon. George Caram Steeh |
| v | Magistrate Judge Michael Hluchaniuk |

**HENRY FORD HOSPITAL**,

Defendant.

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI  48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL INSPECTION OF ORIGINAL DOCUMENTS, FORENSIC EXAMINATION OF PLAINTIFF'S CELLULAR PHONE AND FOR REASONABLE EXPENSES PURSUANT TO RULE 37

## **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES**.....................................................................ii

**CONTROLLING / MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT** .........................................................................................iv

**CONCISE STATEMENT OF ISSUES PRESENTED**.......................................v

I.     INTRODUCTION ...............................................................................1

II.    STATEMENT OF FACTS ....................................................................2

III.   ARGUMENT......................................................................................4

   A. Defendant's Motion to Compel a Forensic Examination of Plaintiff's Personal Cell Phone Infringes on Plaintiff's Privacy Without Good Cause ....4

   B. Defendant Claims it has Been Denied a Right to Review Original Documents, Which is Blatantly False .........................................................12

   C. Defendant's Motion Was Filed After the Close of Discovery.......................14

   D. Defendant Did Not Submit a Proper Discovery Request to Inspect Plaintiff's Phone ...................................................................................15

   E. Defendant's Counsel Failed to Meet and Confer with Plaintiff's Counsel ..17

   F. Plaintiff Should Not Be Ordered to Pay Defendant's Costs and Attorney Fees Incurred to Bring this Motion ........................................................18

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                          **Page**

*Assaf v. OSF Healthcare System*,
   No. 4:11-CV-04108, 2014 WL 3865891 at *1 (C.D. Ill. August 6, 2014) ........14

*Diepenhorst v. City of Battle Creek*,
   No. 105-cv-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006) ............6

*Garrison v. Dutcher*, 2008 WL 938159 (W.D.Mich. April 7, 2008) ........................9

*Ginett v. Federal Express*, 166 F.3d 1213 (6th Cir. 1998).........................................14

*Hurst v. Ohio Dept. of Rehabilitation and Correction*,
   No. 2:11-cv-1090; 2014 WL 661709, at * 1 (S.D. Ohio February 19, 2014) .....15

*Jacobson v. Starbucks Coffee Co.*,
   No. 05-1338-JTM, 2006 WL 3146349 (D. Kan. Oct. 31, 2006).......................8, 9

*John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)...................................................5

*Lee v. Stonebridge Life Insurance Company*,
   No. 11-cv-43 RS (JSC), 2013 WL 3889209 (N.D. Cal., July 30, 2013).......5, 6, 7

*Maritime Co. v. Holiday Mansion*, 1998 WL 182785 at *2 (D.Kan. 1998).............10

*Memry Corp. v. Kentucky Oil Tech., N.V.*,
   No. 04–03843, 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007) ....................5

*Patterson v. Kim*, 2009 WL 1911819 (W.D.Mich. July 1, 2009) ..............................9

*Richardson v. Rock City Mechanical Co.*,
   No. 3-09-0092; 2010 WL 711830, at * 4 (M.D.Tenn February 24, 2010) .........13

*Riley v. California*, 134 S. Ct. 2473 (2014)................................................................6

*Sithon Maritime Co. v. Holiday Mansion*, 1998 WL 182785 at *2 (D.Kan. 1998) .10

*Wynmoor Community Council, Inc. v. QBE Ins. Corp.*,
   280 F.R.D. 681, 687 (S.D. Fla. 2012) ..................................................................8

**Statutes, Codes and Regulations**

F.R.C.P. 11(b) ......................................................................................................10

F.R.C.P. 26(b) .....................................................................................................15

F.R.C.P. 26(b)(2)(B) ........................................................................................4, 5

F.R.C.P. 26(c) .......................................................................................................5

F.R.C.P. 26(g) ...............................................................................................15, 16

F.R.C.P. 26(g)(2) ................................................................................................16

F.R.C.P. 34 ...........................................................................................................10

F.R.C.P. 34(a)(2) ..............................................................................................4, 15

F.R.C.P. 37 ...........................................................................................................10

F.R.C.P. 37(a)(1) ................................................................................................17

F.R.C.P. 37(a)(5)(A) ....................................................................................18, 19

F.R.C.P. 37(a)(5)(B) ...........................................................................................18

## CONTROLLING / MOST APPROPRIATE
## <u>AUTHORITY FOR RELIEF SOUGHT</u>

**Rules**

Fed. R. Civ. P. 26.

Fed. R. Civ. P. 34.

Fed. R. Civ. P. 37.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

(1)    Whether the Court should deny Defendant's request for a forensic examination of Plaintiff's personal cell phone where Plaintiff performed a thorough search of the phone and provided all relevant documents requested by Defendant, where there are private documents unrelated to this litigation on the cell phone, where the Motion to Compel was untimely, where the request was not even made through formal discovery, and where Defendant refused to meet and confer in good faith.

Plaintiff Answers: Yes.

Defendant Answers: No.


(2)    Whether Defendant's request to inspect original documents that have already been produced in discovery should be denied where Defendant has not identified any issues regarding legibility, where the Motion to Compel was untimely, where the request was not even made through formal discovery, and where Defendant refused to meet and confer in good faith.

Plaintiff Answers: Yes.

Defendant Answers: No.


(3)    Whether Defendant's request for costs and attorney fees should be denied where Plaintiff has produced the responsive documents requested, where Defendant has refused to meet and confer in good faith, and where Plaintiff's position was otherwise substantially justified.

Plaintiff Answers: Yes.

Defendant Answers: No.

NOW COMES Plaintiff Natalie Reeser, by and through her attorneys, MILLER COHEN, P.L.C., in response to Defendant's Motion to Compel Pursuant to Rule 37 states as follows:

## I. INTRODUCTION

In Defendant's Motion to Compel Inspection, Defendant's counsel repeatedly makes negative assertions regarding Plaintiff's willingness and ability to comply with discovery requests. In making these largely conclusory allegations impugning Plaintiff's cooperation and integrity, Defendant failed to offer details to support their request to snoop around Plaintiff's personal cell phone containing private material completely unrelated to this case.

Plaintiff's counsel has responded to Defendant's counsel in a timely and diligent manner each time Defendant's counsel has made a request for production of documents. After repairing her personal cell phone, Plaintiff performed a thorough search of all of the text messages, emails, and voice recordings on Plaintiff's broken cell phone. Plaintiff acted diligently producing the documents Defendant requested the same week the phone was repaired. Furthermore, Plaintiff offered Defendant the opportunity to inspect originals if Defendant identified specific illegible copies. Defendant refused to do so and, apparently, just wanted to file a motion.

Plaintiff has offered Defendant an opportunity to meet and confer on discovery issues multiple times. Defendant has simply refused. Instead of addressing

Plaintiff's concerns or answering Plaintiff's questions, Defendant was in a rush to file a motion. Consequently, Defendant's Motion should be denied and Plaintiff should receive costs for having to respond to Defendant's unwarranted Motion.

## II.  STATEMENT OF FACTS

Plaintiff filed the complaint and demand for jury trial in this case on May 13, 2014. Defendant filed an answer on June 4, 2014.

Plaintiff's deposition was taken by Defendant's counsel on March 23, 2015. At her deposition, Plaintiff reaffirmed that she produced all emails that were in her possession after she left Henry Ford.  (Def's Ex. B, Reeser 29:14-16)  Ms. Reeser noted that she did not forward all of the emails from her Henry Ford email account to her personal account and that she printed those emails she forwarded.  (Id. at 29) Those emails were copied and provided to Defendant in response to Defendant's Request to Produce in the order that they were ordinarily kept in Plaintiff's possession.   Defendant's attorney noted that the stack was about "two or three inches thick."  (Id. at 30:8-9)  To date, Plaintiff has produced almost 500 pages of documents.  Notably, Defendant is requesting inspection of emails that Defendant has already received from Plaintiff, which Defendant was already in possession of as the emails in question are on Defendant's email servers.

Plaintiff also indicated during her deposition that she recently repaired a damaged cell phone, previously believed to be completely inoperable and

unrepairable because "the whole phone [was] smashed.  The screen's smashed. Everything's smashed."  (Id. at 165) After the phone was repaired, some additional responsive documents were discovered through Plaintiff's initial inspection the day before her deposition. Plaintiff, through her counsel, produced some of these responsive documents shortly before Plaintiff's deposition.  Others, including the recordings, Plaintiff had difficulty copying off the phone.  Plaintiff agreed to continue her deposition at a later date to provide Defendant an opportunity to examine Ms. Reeser on the documents that were left to be produced.  (*Exhibit A*, Reeser 334:17-21)  Notably, this continuation was provided after Plaintiff had already been deposed from 10:07 a.m. until 7:09 p.m.

After Plaintiff's deposition concluded, Plaintiff conducted a thorough review of the newly repaired cell phone, a Samsung Galaxy III, between March 23 and March 24, 2015.

During her search, Plaintiff reviewed all emails, all text messages, and all recordings on her old phone.  Plaintiff uncovered responsive recordings on her phone.  Plaintiff uncovered no emails on her phone.[1]  Plaintiff uncovered additional text messages on her phone.

On March 24, 2015, Plaintiff's counsel produced all responsive recordings

---

[1] Plaintiff never testified that emails were "still maintained and stored on her Galaxy Phone" as Defendant asserts.  (Dkt. No. 34, Pg. ID 724)  After conducting her search in March, there were no emails stored on the broken Galaxy Phone.

and all responsive text messages to Defendant's counsel. Per Defendant's request, those recordings were copied by Plaintiff by playing those recordings next to Plaintiff's current cellphone.   (Id. at 166) There were no emails to produce to Defendant.

Discovery closed in this case on April 6, 2015.

Defendant filed this motion on April 28, 2015.

## III.  ARGUMENT

**A.     Defendant's Motion to Compel a Forensic Examination of Plaintiff's Personal Cell Phone Infringes on Plaintiff's Privacy Without Good Cause**

Federal Rule of Civil Procedure 34(a)(2) states "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed.R.Civ.P. 34. However, the Advisory Committee notes Rule 34 "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems." Federal Rule of Civil Procedure 34 Advisory Committee Notes.

Under Federal Rule of Civil Procedure 26(b)(2)(B), a party "need not provide discovery of electronically stored information from sources that the party identifies

as not reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B). The Court has the power and duty under Fed.R.Civ. 26(c) to protect the targets of discovery from annoyance, embarrassment, oppression, or undue burden or expense.

The Sixth Circuit has explained that forensic examination of a party's computers should rarely be granted. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). In reaching a decision regarding forensic examination, courts should guard against undue intrusiveness and "account properly for the significant privacy and confidentiality concerns" relating to the request. *John B.* at 460.

As "personal computers contain highly personal and sensitive material courts generally require a heightened showing of good cause" before allowing their inspection. *Lee v. Stonebridge Life Insurance Company*, Case No. 11-cv-43 RS (JSC), 2013 WL 3889209 (N.D. Cal., July 30, 2013) (Attached as *Exhibit B*) (citing *Memry Corp. v. Kentucky Oil Tech.*, *N.V.*, No. 04–03843, 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007)). (Attached as *Exhibit C*)

In *Lee v. Stonebridge Life Insurance Company*, Case No.: 11-cv-43 RS (JSC), 2013 WL 3889209 (N.D. Cal., July 30, 2013), the court acknowledged that "Federal Rule of Civil Procedure 34 permits a party to seek 'to inspect, copy, test, or sample,' among other things 'data or data compilations . . .'" but explained that the Advisory Committee noted that Rule 34 "is not meant to create a routine right of direct access

to a party's electronic information system." *Lee* at *1.

The court in *Lee* found the defendant failed to demonstrate sufficient good cause "to warrant the **<u>extreme step</u>** of allowing it to conduct a forensic inspection of Plaintiff's iPhone and personal computer." *Id.* (emphasis added).

Imaging should only be allowed if the Court finds that Plaintiff's document production has been inadequate and that a search of the Plaintiff's cell phone could recover deleted relevant materials. *Diepenhorst v. City of Battle Creek*, No. 105-cv-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006). (Attached as *Exhibit D*) The court in *Diepenhorst* stated it was "loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information." *Id.* at *2. Withholding discovery is a possibility in any case, but "the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct." *Id.*

In *Riley v. California*, 134 S. Ct. 2473 (2014), the U.S. Supreme Court explained that modern cell phones have the ability to store "millions of pages of text, thousands of pictures or hundreds of videos" and thus "implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." *Riley* at 2478, 2488-89.

The Supreme Court noted "it is no exaggeration to say that more than 90% of

American adults who own a cellphone keep on their person a digital record of nearly every aspect of their lives." *Id.* at 2490.

Plaintiff's counsel raised privacy concerns related to the forensic examination of Plaintiff's phone on April 6, 2015. (Attached as *Exhibit E*, Plaintiff's April 6, 2015 email) Those privacy concerns were completely ignored by Defendant in its zeal to file a motion.  Although Plaintiff uncovered no emails related to this litigation or additional responsive recordings on her Galaxy Phone, there are highly personal messages, images, and other documents completely unrelated to this case.

Defendant is now in possession of all responsive documents that were stored on Plaintiff's Galaxy Phone.  Plaintiff conducted a diligent search of her phone and has provided <u>ALL</u> responsive recordings, emails, and text messages.  If Defendant's counsel is having difficulty reviewing any of the documents provided, Plaintiff's counsel has offered to attempt to provide clearer versions of the documents.  There is no need for an intrusive examination of Ms. Reeser's personal phone.

Defendant's counsel suggests that this request places no undue burden on Plaintiff. (Attached as *Exhibit F*, Defendant's Motion to Compel, pg. 15) As the court noted in *Lee*, a forensic examination is an "extreme step" which can lead to exposing highly personal and sensitive material.  Forcing a plaintiff to submit to such an examination **is** an undue burden absent good cause.

Defendant's counsel cites *Wynmoor Community Council, Inc. v. QBE Ins.*

7

*Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012), a Florida district court case, for the proposition that if a Plaintiff is unwilling or unable to conduct a search of their computer systems for documents responsive to discovery requests, a forensic examination is warranted.

In *Wynmoor*, the Plaintiff **produced a single document** in response to discovery requests. *Wynmoor* at 683. One of Plaintiff's employees in *Wynmoor*, physically **destroyed a hard drive**, **shredded documents** on a regular basis, and **shredded an unusual volume of documents immediately before an onsite inspection** of Plaintiff's business. *Id.* at 684.

None of the conditions that existed in *Wynmoor* exist in this case. Plaintiff has provided numerous emails, recordings, and text messages over the course of discovery. Plaintiff has not shredded or otherwise destroyed any documents associated with this case.  In fact, Plaintiff uncovered additional material on her Galaxy Phone on her own initiative, conducted a diligent search of the phone, and provided ALL responsive recordings and emails found on her phone. Plaintiff also provided all responsive text messages.

Defendant's counsel also cites *Jacobson v. Starbucks Coffee Co.*, No. 05-1338-JTM, 2006 WL 3146349 (D. Kan. Oct. 31, 2006). (Attached as *Exhibit G*)  In *Jacobson*, defendant Starbucks failed to have relevant employees review their **work computers** for material responsive to the plaintiff's production requests. *Jacobson* at

*2.  In response, the district court granted the production of a mirror image of one of the employee's **work computers**.

Plaintiff is being asked to produce a **personal cell phone** for an intrusive examination, **not a work computer**.  Plaintiff has conducted a search of her current cell phone.  When Plaintiff learned that a previously damaged cell phone could be repaired, she repaired the phone and conducted a search of that cell phone as well.  All responsive documents from her multiple electronic devices have been provided to Defendant's counsel.  There is no reason for such an intrusion.

Defendant alleges that the cell phone includes electronically stored information ("ESI") such as "contacts and their creation dates, how often certain phone numbers were called or called in, send and receive date of text messages as well as the original text, the date and time of transfer of certain information belonging to Henry Ford, and whether any electronic versions of communications have been modified, altered or deleted." [Dkt. No. 34, Page ID 726].

There are several issues with Defendant's arguments.  <u>First, Defendant never asked for any of this in formal discovery</u>.  Federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents.  *See Garrison v. Dutcher*, 2008 WL 938159 (W.D.Mich. April 7, 2008) (*Exhibit H*); *Patterson v. Kim*, 2009 WL 1911819 (W.D.Mich. July 1, 2009) (*Exhibit I*); In *Sithon Maritime Co. v. Holiday Mansion*,

1998 WL 182785 at *2 (D.Kan. 1998), the court explained the significant differences

between formal and informal discovery:

> The Federal Rules of Civil Procedure provide necessary boundaries and
> requirements for formal discovery. Parties must comply with such
> requirements in order to resort to the provisions of Fed.R.Civ.P. 37,
> governing motions to compel. Informal requests for production lie
> outside the boundaries of the discovery rules. Formal requests may be
> filed under some circumstances, not letter requests. Formal requests
> require certificates of conferring and service. Letters do not. Formal
> requests certify representations of counsel under Fed.R.Civ.P. 11(b).
> Letters do not. Formal requests clearly implicate the duties of opposing
> parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal
> requests may occasion sanctions. Letters usually do not. To treat
> correspondence between counsel as formal requests for production
> under Rule 34 would create confusion and chaos in discovery.

Here, Defendant merely requested this information through a Motion to Compel.

Second, it is unclear how any of this is relevant enough to outweigh Plaintiff's

privacy concerns to forensically examine her personal cell phone without limit.

Third, the text messages produced by Plaintiff include dates, times, and either a phone

number or contact, so Defendant already possesses this information. Fourth, there is

no evidence – only rampant speculation – that there has been any modification,

deletion, or alteration.  Plaintiff has affirmatively stated that these documents have

been produced – there is nothing contradicting this assertion.  Simply put,

Defendant's ESI rationale is insufficient to compel a forensic examination of

Plaintiff's personal cell phone.

Defendant also alleges that it requires a forensic examination of Plaintiff's

personal cell phone in order to establish whether calls were made, to whom calls were made, and when calls were made. <u>This assertion is disingenuous – Defendant has already subpoenaed call logs from Plaintiff's provider</u>. There is no need for a forensic examination.

Defendant's counsel suggests Plaintiff's search of her Galaxy Phone was "woefully insufficient" and "unreliable with respect to . . . the completeness of the production of <u>recordings</u>, <u>texts</u> and <u>emails</u>. (*Exhibit F*, Defendant's Motion to Compel, pgs 8-9) Adjectives aside, Defendant provides no support for this conclusory assertion.

Plaintiff performed a diligent search of her Galaxy Phone immediately following her deposition and discovered responsive recordings, which were produced to Defendant's counsel. Plaintiff discovered no responsive emails. Therefore, Plaintiff produced ALL responsive emails and responsive recordings stored on her Galaxy Phone. There is no question regarding the completeness of production of these documents.

Plaintiff **reviewed all of the text messages** on her phone at this time as well. It is unclear how Plaintiff's search could be considered "woefully insufficient" as Plaintiff **reviewed every text** sent and received by her phone. On or before March 24, 2015, Plaintiff produced all text messages related in any way to her case.

Defendant's counsel states Plaintiff "has not denied that there are additional

e-mails, texts and recordings that have not been produced." (*Exhibit F*, Defendant's Motion to Compel, pg. 7)  This is incorrect.  All responsive documents, recordings and other materials Plaintiff referenced in her deposition were provided to Defendant's counsel. (Attached as *Exhibit J*, Plaintiff's March 24, 2015 letter to OP) Had Defendant requested such an assurance, Plaintiff would have provided it. Instead, Defendant demanded to forensically inspect the phone, refusing to provide the reason or scope of the search.  Nonetheless, Plaintiff once again reiterates that ALL emails, text messages and recordings relevant to this case from Plaintiff's phone have been produced.

**B.**    **Defendant Claims it has Been Denied a Right to Review Original Documents, Which is Blatantly False**

Plaintiff has produced copies of numerous emails.  Defendant does not provide any evidence that there are emails that have not been produced nor should it – Defendant still has access to all the relevant emails on its servers.  Instead, Defendant is simply seeking to have Plaintiff re-produce these documents as originals.

As noted by another court addressing a similar request:

"To the extent that the defendant has already produced or otherwise made these documents available, it is not required to re-produce the originals. The plaintiff suggests that '[i]t is often important to have original documents present when a witness is asked to explain entries and writings made on the documents. Except for concerns about legibility of copies (which should have been addressed earlier), it is not clear to the court why originals are necessary."

*Richardson v. Rock City Mechanical Co.*, No. 3-09-0092; 2010 WL 711830, at * 4 (M.D.Tenn February 24, 2010). (Attached as *Exhibit K*)

Defendant states some of the email copies provided by Plaintiff are illegible. (*Exhibit F*, Defendant's Motion to Compel, pg. 8) Defendant raised this concern in an email sent March 31, 2015 to Plaintiff's counsel. (Attached as *Exhibit L*, Defendant's March 31, 2015 email)

In response to Defendant's counsel's email, Plaintiff asked Defendant to provide an example of an illegible email so that Plaintiff could attempt to provide a clearer version of the email. (Attached as *Exhibit M*, Plaintiff's April 1, 2015 email)

On April 6, 2015, Plaintiff offered a second time to attempt to provide better copies of emails if Defendant identified which emails were illegible. (Attached as *Exhibit N*, Plaintiff's April 6, 2015 email ("If your issue deals with legibility, I would be happy to attempt getting you a better copy.")

In subsequent responses to Plaintiff's counsel, Defendant's counsel never identified which emails he believed were illegible or provided any information about the documents he was having difficulty reviewing.

Defendant's counsel states that Defendant "has **repeatedly sought less intrusive means** to acquire the requested information." This statement is incorrect.

On April 1, 2015, Plaintiff's counsel offered to attempt to provide clearer versions of emails if necessary. (*Exhibit M*, Plaintiff's April 1, 2015 email)

Defendant's counsel replied "**If you won't agree to a forensic examination** of the phone or the production of the original copies, **we will file the motion**." (Attached as *Exhibit O*, Defendant's April 6, 2015, 12:47 p.m. email)

On April 6, 2015, Plaintiff's counsel offered to work with Defendant's counsel to provide an opportunity for Defendant's counsel to view **original documents**. *Exhibit N*, Plaintiff's April 6, 2015 email ("As for the originals, I have no issue with that except that the originals are in Plaintiff's custody and producing those documents may be burdensome considering she is located so far away. Is there a proposal for dealing with that issue?"). Instead of cooperating, Defendant merely repeated its demand:

> "**If you want to avoid a motion**, produce original copies of the emails and other documents Plaintiff produced and **agree to have her cell phone examined forensically**." (Attached as *Exhibit P*, Defendant's April 6, 2015, 4:02 p.m. email)

## C.   Defendant's Motion Was Filed After the Close of Discovery

A court has discretion to deny a discovery motion because it was filed after the discovery deadline. *Ginett v. Federal Express*, 166 F.3d 1213 (6th Cir. 1998); *See Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006). *Assaf v. OSF Healthcare System*, No. 4:11-CV-04108, 2014 WL 3865891 at *1 (C.D. Ill. August 6, 2014) (Attached as *Exhibit Q*) The court found no good cause to excuse the filing of a discovery motion eighteen days after discovery closed.

In *Hurst v. Ohio Dept. of Rehabilitation and Correction*, the plaintiff filed a motion to compel little over two weeks after discovery concluded. No. 2:11-cv-1090; 2014 WL 661709, at * 1 (S.D. Ohio February 19, 2014) (Attached as *Exhibit R*). The court denied that motion, even though plaintiff indicated that the motion related to discovery requests made during the discovery period. *Id.* Since plaintiff had no explanation why the motion was not filed prior to the cutoff and there was no assertion by plaintiff that the motion could not have been filed timely, the court held that plaintiff had not been diligent. *Id*. Discovery closed in this case on April 6, 2015. (Attached as *Exhibit S*, Stipulated Order to Adjourn Scheduling Dates) Defendant filed this motion on April 28, 2015, over two weeks after the discovery cutoff. The court's July 17, 2014 Scheduling Order [Dkt. No. 10] clearly provided: "The Court will not order discovery to take place subsequent to the discovery cutoff date."

Notwithstanding the Court's Order, Defendant filed this Motion to Compel weeks after the cutoff. Defendant did not indicate any explanation for this because none exists. Defendant had received Plaintiff's discovery responses over eight months prior to filing this Motion and knew about Plaintiff's cell phone at Plaintiff's deposition. Defendant simply chose to ignore the Court's Order.

**D.   Defendant Did Not Submit a Proper Discovery Request to Inspect Plaintiff's Phone**

Defendant's counsel is correct that Federal Rule of Civil Procedure 34(a)(2) permits a party to "**serve on any other party a request within the scope of Rule**

**26(b)** . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

Although, for the reasons stated above, such a request should not be granted, it is not clear that Defendant's counsel ever served a proper discovery request regarding this issue on Plaintiff.

Federal Rule of Civil Procedure 26(g) requires every discovery request to be signed "by at least one attorney of record in the attorney's own name." Defendant's counsel did send Plaintiff's counsel an email requesting a forensic examination of Plaintiff's phone. While this email contained a signature block, no standard electronic signature accompanied this request. (*Exhibit L*, Defendant's March 31, 2015 email)

In the past, each discovery request served by Defendant's counsel possessed such an electronic signature. *See Exhibit T*, Defendant's Second Set of Interrogatories to Plaintiff; *Exhibit U*, Defendant's First Request for Production of Documents.

Federal Rule of Civil Procedure 26(g)(2) states "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

There is not good cause to grant a motion to obtain information after the

discovery deadline, after Defendant's counsel failed to properly serve a request for this information before the discovery cut-off date.

## E.      Defendant's Counsel Failed to Meet and Confer with Plaintiff's Counsel

Federal Rule of Civil Procedure 37(a)(1) requires a motion to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Between March 31, 2015 and April 6, 2015, Plaintiff's counsel and Defendant's counsel exchanged emails regarding Defendant's request to conduct a forensic examination of Plaintiff's Galaxy Phone. (*Exhibit M*, Counsel's email exchange)

During this exchange, Plaintiff's counsel asked numerous questions regarding Defendant's counsel's request which went unanswered by Defendant's counsel.

During this exchange, Plaintiff's counsel offered to attempt to provide clearer copies of any documents Defendant's counsel was having difficulty reviewing and simply asked Defendant's counsel to identify which documents were illegible. Defendant's counsel did not provide this information.

During this exchange, Plaintiff's counsel offered an opportunity to review original documents if the parties could find a way to have Defendant's counsel review the documents without burdening Plaintiff. Defendant's counsel did not attempt to

schedule a time to review the original documents.

Instead of conferring with Plaintiff's counsel in good faith to reach a resolution that would allow inspection of original documents, Defendant's counsel repeatedly demanded that Plaintiff agree to a forensic examination or be forced to respond to a motion.

Defendant's counsel did not meet his duty to confer with opposing counsel and should not be rewarded for failing to meet this duty.

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel discovery is denied, the court "must after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."

Plaintiff asks this court to award Plaintiff reasonable costs incurred in opposing this motion, including attorney's fees.

## F. Plaintiff Should Not Be Ordered to Pay Defendant's Costs and Attorney Fees Incurred to Bring this Motion

Defendant's counsel states "[a]n award of expenses under Rule 37(a)(5)(A) is mandatory unless the court finds that the discovered party's opposition to the motion was substantially justified or other circumstances exist that would make sanctions unjust." (*Exhibit F*, Defendant's Motion to Compel, pg. 16)

Defendant's counsel does not fully cite the rule. There are **three** situations in

18

which an award of expenses is improper. Fed.R.Civ.P. 37(a)(5)(A) states "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

As stated above, Plaintiff believes that Defendant's counsel did not meet his duty to meet and confer before filing this motion. Therefore, Defendant's counsel did not attempt in good faith to obtain the disclosure without court action and should not be awarded costs and fees.

Plaintiff's response to Defendant's motion is substantially justified, because:

    a.   Defendant filed this motion after the discovery deadline

    b.   Defendant did not serve a proper discovery request for this material

    c.   Good cause does not exist to grant a forensic examination of a personal cell phone, where a party has (i) disclosed all emails, all responsive recordings, and all responsive text messages; (ii) offered to attempt to provide clearer copies of documents disclosed; (iii) offered to allow opposing counsel to inspect original documents; and (iv) diligently performed a search for responsive documents

    d.   Defendant's request places an undue burden on Plaintiff. Plaintiff is justified in seeking to protect her personal information located on a personal cell phone.

For these reasons, even if this court were to grant Defendant's counsel's requests for a forensic examination, the court should not order a payment under Fed.R.Civ.P. 37(a)(5)(A).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Compel and grant costs and sanctions for Plaintiff being forced to respond to this motion.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Adam C. Graham   
    Adam C. Graham (P79361)
    *Attorneys for Plaintiff*
    600 W. Lafayette Blvd., 4th Floor
    Detroit, MI  48226
Dated: May 15, 2015   (313) 964-4454

21

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                                  Case No. 2:14-cv-11916-GCS-MJH

        Plaintiff,            Hon. George Caram Steeh

v                               Magistrate Judge Michael Hluchaniuk

**HENRY FORD HOSPITAL**,

        Defendant.

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| --- | --- |
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI  48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on *May 15, 2015*, I electronically filed the foregoing document(s) with the Court using the ECF system, which will send notification of such filing to all counsel of record.

                Respectfully submitted,

                **MILLER COHEN, P.L.C.**

                By:    /s/Adam C. Graham
                          Keith D. Flynn (P74192)
                          Adam C. Graham (P79361)
                          *Attorneys for Plaintiff*
                          600 W. Lafayette Blvd., 4th Floor
                          Detroit, MI  48226
                          (313) 964-4454