# EXHIBIT C

Memry Corp. v. Kentucky Oil Technology, N.V., Not Reported in F.Supp.2d (2007)

2007 WL 832937
Only the Westlaw citation is currently available.
NOT FOR CITATION
United States District Court, N.D. California,
San Jose Division.

MEMRY CORPORATION, Plaintiff,
v.
KENTUCKY OIL TECHNOLOGY, N.V., Peter Besselink, Memory Metals Holland, B.V., Defendants.
Kentucky Oil Technology, N.V., Counterclaimant,
v.
Memry Corporation and Schlumberger Technology Corporation, Counterdefendants.

No. C04-03843 RMW (HRL). | March 19, 2007.

**Attorneys and Law Firms**

Andrew C. Ryan, Michael A. Cantor, William J. Cass, Cantor & Colburn LLP, Bloomfield, CT, Charles A. Reid, III, Drinker Biddle & Reath LLP, San Francisco, CA, for Plaintiff.

Jeffrey David Wexler, Luce, Forward, Hamilton & Scripps LLP, Los Angeles, CA, for Defendants.

Nancxy J. Geenen, Kimberly K. Dodd, Foley & Lardner LLP, San Francisco, CA, Simon E. Dance, Foley & Lardner, Washington, DC, David B. Moyer, Foley & Lardner LLP, Palo Alto, CA, Michael H. Bierman, Luce Forward, Hamilton & Scripps LLP, Los Angeles, CA, Nicola A. Pisano, Jones Day, San Diego, CA, for Defendants/Counter-claimant.

Thomas J. Mango, Cantor Colburn, Bloomfield, CT, Benjamin J. Holl, Drinker Biddle & Reath LLP, San Francisco, CA, for Plaintiff/Counter-defendants/Counter-claimant.

**ORDER DENYING STC'S MOTION TO COMPEL**

HOWARD R. LLOYD, United States Magistrate Judge.

*1 Schlumberger Technology Corporation ("STC") moves to compel production from Kentucky Oil Technology ("KOT") on two unrelated topics: (1) an intellectual property evaluation conducted for one of KOT's predecessors-in-interest, and (2) original documents, including computer hard drives.

**A. IP Portfolio Evaluation ("the Portfolio Evaluation")**
Before being retained as litigation counsel for KOT, Nicola Pisano was engaged in 2003 to perform an evaluation of an intellectual property portfolio held by Jomed, N.V. This portfolio included the bistable cell technology that is the basis of the current lawsuit. STC wants access to the Portfolio Evaluation, as well as related materials that Pisano relied on in producing it. KOT objects on grounds of attorney-client privilege and work product protection.

When STC first requested a copy, KOT contended that the Portfolio Evaluation was not in the possession, custody, or control of KOT. Indeed, KOT contended that the document was never disclosed to KOT. In response, STC served subpoenas on Pisano and Luce Forward (Pisano's firm at the time the Portfolio Evaluation was conducted).

**1. Waiver of Attorney-Client Privilege**
STC now argues that any attorney-client privilege for the Portfolio Evaluation was waived when it was disclosed to prospective purchasers of assets of Jomed's bankruptcy estate during the due diligence process in 2003. KOT admits that Jomed showed the Portfolio Evaluation to Abbott Laboratories during the course of due diligence.

KOT relies on *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 115 F.R.D. 308 (N.D.Cal.1987). That case confronted a similar situation where one defendant disclosed an attorney's opinion letter in the process of negotiating the sale of a business. The court concluded that "the interests that would be harmed by finding waiver in these circumstances outweigh the interests that would be advanced by such a finding." *Id.* at 309. In reaching that conclusion, the court took a flexible stance in interpreting the "common interest" exception to waiver. *Id.* at 309-12. The court also highlighted the strict conditions of confidentiality that were shown to be in place during the disclosure. *Id.* at 311.

STC argues that *Hewlett-Packard* is distinguishable because KOT has not shown that Jomed took substantial steps to assure that the prospective purchasers maintained the confidentiality of the Portfolio Evaluation. Also, STC

distinguishes *Hewlett-Packard* because in that case the court found that the prospective seller and buyer jointly anticipated litigation in which they would have a common interest, because the purchase would probably lead to the two companies both working to defend the same patent in one lawsuit. STC argues that KOT has not shown that Jomed and prospective purchasers had a shared anticipation of litigation at the time Pisano's declaration was disclosed.

STC's arguments are more compelling than KOT's. KOT makes no showing that the disclosure of the Portfolio Evaluation was conducted under strict standards of confidentiality. Also, KOT does not show that Jomed and Abbott anticipated any specific litigation against a common adversary. KOT has not borne its burden of showing that the privilege was not waived.

*2 Because the court finds that attorney-client privilege was waived, it does not proceed to analyze STC's next argument, that the privilege was extinguished when Jomed became defunct.

**2. Work Product Protection**
Federal Rule of Civil Procedure 26(b)(3) provides that a party may obtain discovery of documents and things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

The first issue is whether or not the Portfolio Evaluation was "prepared in anticipation of litigation." There is "both a subjective and objective element to the inquiry; that is, a party must 'have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable.'" *United States v. Roxworthy,* 457 F.3d 590, 594 (6th Cir.2006) (citations omitted). Pisano declares, under penalty of perjury, that Jomed sought the Portfolio Evaluation in anticipation of potential civil lawsuits direct at Jomed's Management Board concerning allegations that the company's funds had been misspent in connection with the acquisition of certain technologies. Also, Jomed's Bankruptcy Trustees' Report shows that several months after the Portfolio Evaluation was performed, the trustees actually did accuse Jomed's managers and directors of mismanagement. The court is satisfied that Jomed subjectively anticipated litigation and that that belief was objectively reasonable.

STC makes unconvincing waiver and extinguishment arguments, citing no case specifically about work product. KOT points out that an attorney has an independent right to claim work-product protection (*Hobley v. Burge,* 433 F.3d 946, 949 (7th Cir.2006)), so any waiver by Jomed or extinguishment of Jomed would not impact Pisano's and Luce Forward's right to invoke work product protection. Also, work product protection is only waived when the work product is shown to an adversary or when there is substantial risk that it will fall into the hands of an adversary. Kendall et al., *Matthew Bender Practice Guide: Federal Pretrial Civil Procedure in Cal.* § 24.102[3] (2006). Finally, work product protection "endures after termination of the proceedings for which the documents were created." *Hobley,* 433 F.3d at 949.

The main issue to be decided with respect to work product is whether STC has shown "substantial need" for the Portfolio Evaluation. "The substantial need prong examines: 1) whether the information is an essential element in the requesting party's case and 2) whether the party requesting discovery can obtain the facts from an alternate source." *Fletcher v. Union Pacific Railroad Co.,* 194 F.R.D. 666, 671 (S.D.Cal.2000) (*citing* 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.70[5][c], at 26-221 to 26-222 (3d ed.1999)). "A party ... does not demonstrate substantial need when it merely seeks corroborative evidence." *O'Connor v. Boeing North American, Inc.,* 216 F.R.D. 640, 643 (C.D.Cal.2003), citing *Baker v. General Motors Corp.,* 209 F.3d 1051, 1054 (8th Cir.2000).

*3 STC argues that it has shown the requisite good cause. There is a dispute about whether Jomed thought the development of its applications for the bistable cell technology were going well or not. STC argues that KOT has put Jomed's state of mind at issue by asserting a damages theory based on the contention that Jomed would not have licensed the bistable cell technology to STC for anything less than tens of millions of dollars. Thus, STC would want to use a negative Portfolio Evaluation to undermine this damages theory.

It seems that the Portfolio Evaluation would only serve as "corroborating evidence," because STC already has deposition testimony from Jomed and Abbott employees to support its theory. The information sought is not an essential element of STC's prima facie case. Therefore the court finds that the Portfolio Evaluation and the documents Pisano reviewed in connection with composing this document remain protected by the work product doctrine, and STC's motion is DENIED in this respect.

### B. STC's Complaints about KOT's Document Production

STC alleges that many of the documents produced by KOT have not been originals and have been produced in such a way as to obscure important information. STC also alleges that KOT has failed to produce numerous responsive documents, thus warranting full disclosure of KOT's computer hard drives.

#### 1. Originals

Based on the showing made by KOT in its papers, this issue appears to be moot. STC's motion is therefore DENIED in this respect.

#### 2. Incomplete Production

STC wants KOT to produce its computers and storage media for forensic inspection by a third party consultant pursuant to a protocol to be determined by the parties or the court. STC argues that this is especially appropriate in light of KOT's "selective and incomplete document production" and failure to preserve hard drives. For several reasons, the court DENIES STC's motion in this respect.

First, this case is distinguishable from other cases where courts have allowed independent experts to obtain and search a "mirror image" of a party's computer equipment. These cases all involve an extreme situation where data is likely to be destroyed or where computers have a special connection to the lawsuit. For instance, in *Ameriwood Industries, Inc. v. Liberman,* No. 4:06CV524-DJS, 2006 WL 3825291 (E.D.Mo. Dec.27, 2006), the court allowed such a search where the main allegation of the complaint was that defendants improperly used their employer's computers to sabotage the plaintiff's business. In *Physicians Interactive v. Lathian Sys. Inc.,* No. CA 03-1193-A, 2003 WL 23018270 (E.D.Va. Dec.5, 2003), the court granted limited expedited discovery of the mirror image of defendants' hard drives where the plaintiff alleged that the defendants had launched attacks on plaintiff's file servers, and electronic data related to those attacks was apparently on the computers. In *Antioch Co. v. Scrapbook Borders, Inc.,* 210 F.R.D. 645 (D.Minn.2002) the court allowed hard drive mirroring where the defendants' continuous use of computers was making it likely that relevant electronic data would be overwritten before it could be accessed in the normal course of discovery. Meanwhile, the Tenth Circuit has ruled that a mere desire to check that the opposition has been forthright in its discovery responses is not a good enough reason. See *McCurdy Group LLC v. American Biomedical Group, Inc.,* 9 Fed.Appx. 822, 831 (10th Cir.2001). The current lawsuit is simply not comparable to the cases discussed above where computer content was intricately related to the very basis of the lawsuit.

*4 Second, KOT states that it has made a reasonable search for documents responsive to all of STC's document requests. KOT representatives testified at depositions that they searched the hard drives of all of their computers for potentially responsive documents. STC can only point to two missing emails out of thousands of documents produced in this discovery-intensive case. While KOT's document production may not have been absolutely perfect, the flaws do not rise to the level of necessitating production of hard drives.

Finally, it is too late in the game to be designing a protocol for an independent consultant to search hard drives. Fact discovery closed in February. The case goes to trial in April. STC's motion is DENIED.

**IT IS SO ORDERED.**

End of Document                                         © 2015 Thomson Reuters. No claim to original U.S. Government Works.