# EXHIBIT D

2006 WL 1851243
Only the Westlaw citation is currently available.
United States District Court,
W.D. Michigan,
Southern Division.

Jennifer DIEPENHORST, Plaintiff,
v.
CITY OF BATTLE CREEK, et al., Defendants.

No. 1:05-CV-734. | June 30, 2006.

**Attorneys and Law Firms**

Eugenie B. Eardley, Eardley Law Offices P.C., Cannonsburg, MI, for Plaintiff.

Barbara A. Hobson, City Attorney, City of Battle Creek, Battle Creek, MI, Pamela Chapman Enslen, Miller Canfield Paddock & Stone PLC, Kalamazoo, MI, for Defendants.

*MEMORANDUM OPINION*

JOSEPH G. SCOVILLE, Magistrate Judge.

*1 This is an action for sexual harassment brought by a former employee of the City of Battle Creek Police Department. The gravamen of plaintiff's complaint is that a supervisor, Sgt. Bruce Penning, subjected her to unwelcome sexual advances and requests for sexual favors. Plaintiff asserts claims of *quid pro quo* sexual harassment and hostile work environment under both Title VII and the Michigan Elliott-Larsen Civil Rights Act. Defendants deny sexual harassment and allege that plaintiff and Sgt. Penning had a consensual sexual relationship while they were both employed by the police department.

Presently pending before the court is defendant Penning's motion to compel discovery. In his motion, defendant seeks production of original journals, notes, calendars, and other documents, so that defendant's forensic document expert may subject these items to nondestructive testing. Plaintiff's counsel has agreed to produce the requested original documents for testing, but only on condition that plaintiff's own expert and plaintiff's counsel be present to observe the entire examination. The second subject of the discovery motion is defendant's request that plaintiff produce the hard drive of her personal computer so that defendant's computer expert can make a "mirror image" of the hard drive contents. Plaintiff's counsel has not flatly refused the request, but again has attached conditions. Defense counsel finds plaintiff's conditions unacceptable, with regard to both the document examination and examination of the hard drive. After extensive discussions between counsel to resolve these issues, both parties remain adamant in their positions, thus necessitating the court's intervention.

*Discussion*

**A. Document Inspection**
Defendant's request to subject original documents to forensic examination is governed by provisions of Rule 34(a) of the Federal Rules of Civil Procedure. That rule allows a party to serve a request "to inspect and copy, test, or sample any tangible things" which fall within the scope of discovery under Rule 26. The federal courts have long held that the district court retains discretion to impose reasonable conditions surrounding a request to test tangible objects, especially to protect against damage by destructive testing. *See, e.g., Fisher v. United States Fid. & Guar. Co.,* 246 F.2d 344, 350 (7th Cir.1957).

In the present case, plaintiff proposes that her own expert, as well as perhaps plaintiff's counsel, be present at all times during the forensic examination by defendant's document expert. This court finds plaintiff's proposed conditions to be unreasonable. In general, each party should be free to engage in its own trial preparation unhampered by the intrusive supervision of the opposing party. In cases such as this, where purely nondestructive testing is proposed, the court generally allows the examiner to perform his or her work without being scrutinized by the opposing expert. Certainly, the particular circumstances of a case may dictate a different result. For example, when a particularly sensitive patient, such as a child or an elderly patient, undergoes a physical examination, it is often reasonable to have a familiar person present, despite the obvious intrusion that this may present to the examiner. Similarly, when a party proposes destructive testing, or there is controversy concerning the nature of the test, it sometimes becomes necessary to force the experts to collaborate. In the absence of such circumstances, however, the balance of hardships usually tips in favor of allowing the examiner to work in peace.

\*2 In the present case, defendant's document expert is a sergeant with the Michigan State Police, working in the Lansing document laboratory. The expert has submitted an affidavit averring that he will be careful to maintain the integrity of the evidence and will not tamper with it in any fashion. He further states that the presence of plaintiff's experts or other observers will be disruptive, a contention that this court accepts at face value. Neither plaintiff's arguments nor the counter-affidavit of plaintiff's own forensic expert have raised any substantial reason justifying interference with the expert's examination. Certainly, defendant's expert will be required to file a Rule 26(a)(2) report disclosing all his findings and will be subject to deposition and cross-examination. This provides sufficient safeguard for any legitimate concern by plaintiff regarding the expert's methodology.

For the foregoing reasons, defendant's motion to compel production of original documents for nondestructive examination and testing will be granted.

**B. Examination of Computer Hard Drive**
Defendant has demanded production of plaintiff's computer hard drive, so that defense experts can make a "mirror image" of its contents. By this process, the expert would essentially create a "clone" of the hard drive, duplicating all programs, files, and other information contained therein, whether or not germane to this case. Although defendant urgently presses its need to subject plaintiff's computer to this examination, defendant never explains to the court exactly what the object of the examination is or why defendant believes that it is necessary. The court presumes that defendant seeks to discover by this examination deleted e-mails and other electronically maintained evidence that plaintiff has not voluntarily produced during discovery.

The federal courts have assumed that the provisions of Rule 34(a) concerning inspection, copying, and testing of tangible objects are sufficient to authorize a court to order reproduction of an entire hard drive using the "mirror image" method. *See, e.g., Simon Property Group, LP v. MySimon, Inc.,* 194 F.R.D. 639, 640-41 (S.D.Ind.2000).[1] The question presented in the present case is whether the court should exercise its authority to do so in the circumstances presented.

In most cases, the computer itself is not evidence. It is merely the instrument for creating evidence (like a typewriter) or the means of storing it (like a file cabinet). Increasingly, however, litigants have sought access to the opponent's computer or other electronic devices to search for evidence, especially for deleted e-mails. The federal courts have generally resisted such incursions. *In re Ford Motor Co.,* 345 F.3d 1315 (11th Cir.2003), is instructive. In that case, the Eleventh Circuit granted mandamus to prevent implementation of a district court order allowing plaintiffs to inspect certain databases on Ford's computers. Plaintiffs asserted that Ford had not been forthright in providing documents in response to discovery requests, and the district court granted them the right to perform their own examination of Ford's computer. The Eleventh Circuit found that this was an abuse of discretion. The court remarked that Rule 34(a) requires the responding party to search his records to produce the required, relevant data. "Rule 34(a) does not give the requesting party the right to conduct the actual search." 345 F.3d at 1317. The court remarked that at times, "perhaps due to improper conduct on the part of the responding party," the requesting party itself may need to do its own examination, but noted that the district court had made no findings that Ford had failed to comply properly with discovery requests. *Id.* Consequently, while not categorically forbidding searches of the opponent's computer for withheld evidence, the appellate court found that the record did not justify such unusual relief. "While some kind of direct access might be permissible in certain cases, this case has not been shown to be one of those cases ." *Id.*

\*3 The Advisory Committee Notes to the proposed amendments to Rule 34, scheduled to take effect later this year, take a similar approach, suggesting that direct inspection of an opponent's computer should be the exception and not the rule:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. *The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.*

Proposed Amendments to Fed.R.Civ.P. 34 advisory

committee's note (emphasis added). The few reported decisions allowing imaging of an opponent's computer hard drive adopt an approach consistent with the policy expressed in the proposed rule, and do not grant a routine right of direct access to the opposing party's computer. Rather, imaging is allowed only on a finding that the opponent's document production has been inadequate and that a search of the opponent's computer could recover deleted relevant materials. *See, e.g., Simon Property Group,* 194 F.R.D. at 640-41 (allowing imaging on a finding of "troubling discrepancies" in the opponent's document production); *Playboy Enter., Inc. v. Welles,* 60 F.Supp.2d 1050 (S.D.Cal.1999) (allowing imaging on a finding of systematic deletion of relevant e-mails after litigation had commenced).

This court concludes that the policy espoused by the Eleventh Circuit in the *Ford Motor Co.* case is consistent with the Rules of Civil Procedure, both in their present form and under the proposed amendments. The discovery process is designed to be extrajudicial, and relies upon the responding party to search his records to produce the requested data. In the absence of a strong showing that the responding party has somehow defaulted in this obligation, the court should not resort to extreme, expensive, or extraordinary means to guarantee compliance. Imaging of computer hard drives is an expensive process, and adds to the burden of litigation for both parties, as an examination of a hard drive by an expert automatically triggers the retention of an expert by the responding party for the same purpose. Furthermore, as noted above, imaging a hard drive results in the production of massive amounts of irrelevant, and perhaps privileged, information. Courts faced with this inevitable prospect often erect complicated protocols to screen out material that should not be part of discovery. *See, e.g., Playboy Enter.,* 60 F.Supp.2d at 1054 (appointing court's expert to conduct examination). Again, this adds to the expense and complexity of the case. This court is therefore loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct.

*4 In the present case, defendant has not attempted to justify its request for the expensive and intrusive process of computer hard drive imaging by any showing of discovery misconduct by plaintiff, nor has defendant identified any category of relevant discovery material that may be uncovered by such a process. Defendant specifically requested production of e-mails (requests 10 and 12), and plaintiff did not object. The record does not disclose any basis for concluding that plaintiff failed to respond properly to this request. In the absence of a showing that plaintiff has destroyed evidence or has otherwise failed in her discovery obligations, the court is unwilling to expand the expense and burden of this case by ordering examination of the computers maintained by either party.

*Conclusion*

For the reasons set forth above, defendant Penning's motion to compel will be granted in part and denied in part. Plaintiff will be ordered to produce the requested journals and other documents for forensic inspection forthwith, subject to defendant's obligation to return those materials after testing in the same condition as when received. Defendant's motion to compel forensic examination of plaintiff's computer hard drive will be denied.

Footnotes

1   The Advisory Committee Notes to the proposed amendments to Rule 34(a), however, express doubt on this subject. "The court rule is not clear that such testing or sampling is authorized; the amendment expressly permits it." Proposed Amendment to Fed.R.Civ.P. 34, advisory committee's note (Aug.2004). This court will nevertheless proceed on the assumption that, in an appropriate case, the court already has such authority under Rule 34.

End of Document                                              © 2015 Thomson Reuters. No claim to original U.S. Government Works.