# EXHIBIT E

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Monday, April 06, 2015 3:04 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

I am not trying to go around and around; I am trying to discuss the matter in an attempt to avoid motion practice.

It is one thing to request to see the items in their original state; it is another to request a forensic examination of the phone without any reason for violating Plaintiff's privacy concerns.  Once again, I offered to let you examine the phone at Plaintiff's deposition.  There are materials on the phone that have nothing to do with the case, including unrelated and private communications between Plaintiff and her family and friends.  I asked you for a basis for such a heavy handed approach, but I have still not been provided an answer.  Could you elaborate on the necessity of a forensic examination?  Is there any limitation that you would be willing to propose to prevent examination of Plaintiff's personal information?  Again, I am not ruling out examination.

As for the originals, I have no issue with that except that the originals are in Plaintiff's custody and producing those documents may be burdensome considering that she is located so far away.  Is there a proposal for dealing with that issue?  Furthermore, I believe that you are only entitled to copies under the Federal Rules of Civil Procedure, which we have produced.  If your issue deals with legibility, I would be happy to attempt getting you a better copy.

If you have a proposal for resolving this issue short of motion practice, I would be happy to take a look.

Thanks.

- Keith