# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

       Plaintiff,

                                  Hon. George Caram Steeh
                                  Mag. Judge Michael Hluchaniuk
                                  Case No.: 2:14-cv-11916

v.

HENRY FORD HOSPITAL,

       Defendant.

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

**DEFENDANT'S MOTION TO COMPEL INSPECTION OF
ORIGINAL DOCUMENTS, FORENSIC EXAMINATION
OF PLAINTIFF'S CELLULAR PHONE AND FOR
<u>REASONABLE EXPENSES PURSUANT TO RULE 37</u>**

    **NOW COMES** Defendant, **HENRY FORD HOSPITAL** ("Henry Ford"),

by and through its attorneys, **VARNUM LLP**, and for its Motion to Compel

Pursuant to Rule 37 states as follows:

1.      In this action, Plaintiff Natalie Reeser ("Plaintiff") alleges claims of retaliation under the Fair Labor Standards Act, and violation of the Michigan's Whistleblower Protection Act.

2.      As part of the factual basis for her claims, Plaintiff claims there were text, e-mail and telephonic communications with Henry Ford and its employees that corroborate Plaintiff's claims that Henry Ford retaliated against her and violated the Whistleblower Protection Act.  *See* Compl. generally.

3.      Specifically, Plaintiff alleges her supervisor made contact with her through email, texts and telephonic conversations via a cellular phone Plaintiff had for work and Plaintiff's personal cellular phone, a Samsung Galaxy III (the "Galaxy Phone") that were retaliatory and abusive in nature, which Henry Ford denies.  Plaintiff claims she recorded and preserved these communications on the Galaxy Phone.

4.      Plaintiff testified that mail was a primary and important form of communication between the employees of Defendant.  *Ex. B,* Pl.'s Dep. at 29:10-30:12.

5.      According to Plaintiff, texting was also used to communicate with employees of Defendant. *Id.* at 26:12-27:9; 34:5-34:14.

2

6. Plaintiff alleges her supervisor, Fiona Bork, phoned her in late January or early February after 8:00 p.m. on either her work phone or the Galaxy Phone. *Ex B*, Pl.'s Dep. at 158:18-160:20. Plaintiff alleges Fiona Bork harassed and threatened her during this call. *Id.*

### Defendant Requests Plaintiff to Produce all Documents, Including Texts and Voice Recordings, Between She and Defendant or Its Employees.

7. On July 2, 2014, Defendant served Plaintiff with its First Request for Production of Documents (the "Document Request"). *Ex. A*. The Document Request specified that responsive documents included "**the original**, regardless of origin or location" of any "correspondence . . . voice recording, tape . . . or any other written, recorded…or graphic matter…." *Ex A* at ¶B, page 2 (emphasis added).

8. Specifically, the Document Request requested several discrete categories of documents and their electronic counterparts:

a. all documents in Plaintiff's possession, custody or control that constitute or evidence "**any correspondence or communications** between Plaintiff and Defendant or its employees, including any letters, notes, **e-mail, or other electronic correspondence**[ ]" (*Ex. A* at ¶2, pages 2-3) (emphasis added);

b. "documents, computer disks or diskettes, **tape recordings**, statements, records, brochures, or policy manuals that Plaintiff obtained from Defendant during the course of her employment[ ]" (*Ex. A* at ¶7, page 4) (emphasis added);

3

     c. **documents related to "any conversations or meetings** between Plaintiff and any persons who witnessed any of the events described in the Complaint or any persons who Plaintiff may call as a witness in this matter[ ]"  (*Ex. A* at ¶¶14 and 18, page 5) (emphasis added).

9.     On August 1, 2014, Plaintiff served her Response to the Document Request.  In her responsive documents, Plaintiff *did not include any voice recordings* involving the Defendant or its employees.  She did include a few text messages and numerous e-mails between Plaintiff and Defendant and its employees.

10.    With respect to the e-mails produced, Plaintiff produced no originals. Further, the e-mail production appears to be incomplete and not produced as the records are kept.  Many of the e-mails were produced out of order and it is unclear which e-mails certain attachments belong to, or even if the attachments were produced at all.  *Ex. B,* Pl.'s Dep. at 87:3-87:22; 137:4-138:25.  Further, many of the copies produced were illegible due to poor copy quality and failed to indicate how and when they were printed -- whether they were printed during Plaintiff's employment and removed from the worksite or printed afterward from a computer not belonging to Henry Ford.  In addition, it is impossible to tell if there have been alterations or omissions.

### *Plaintiff testifies at her Deposition that there are Additional Responsive Documents on her Galaxy Phone that have been Unsecured and in Storage.*

11.   At Plaintiff's deposition on March 30, 2015, Plaintiff produced an additional five pages of text messages between herself and employees of Henry Ford that had not been produced with the August 2014 response to the Document Request. *Ex. B*, Pl.'s Dep. at 25:8 – 27:6.

12.   Plaintiff testified under oath that the newly produced texts had been stored on her Galaxy Phone. *Id.* at 25:8-25:25; 34:5-34:14.

13.   Plaintiff testified that, despite having continuous access to the Galaxy Phone since initiating the litigation, she had not produced the documents earlier because the Galaxy Phone was "smashed." *Id.* at 25:22-26:25.

14.   Plaintiff also testified that the Galaxy Phone had been sitting in a storage unit until just prior to her deposition. *Id.* at 165:4.

15.   Plaintiff testified the Galaxy Phone had been "fixed" the day prior to her deposition by installing a new battery, which allowed her to access the saved text messages and voice recordings. *Id.* at 25:21-26:11.

16.   Plaintiff did not explain why she failed to retrieve relevant, responsive documents for over seven months, despite her obligations to respond to discovery requests fully and completely.

17.　Plaintiff admitted there are more text messages on her Galaxy Phone between herself and Henry Ford or its employees that have not been produced. *Ex. B,* Pl.'s Dep. at 26:24-27:12.

18.　Plaintiff did not bother to produce or copy the documents prior to her deposition, even after the Galaxy Phone was "fixed", despite the Document Request and her retrieval of other, similar content in time for her deposition. *Id.*

19.　Plaintiff also admitted she had forwarded the bulk of her e-mail from her Henry Ford e-mail account to her personal account, which e-mails are still maintained and stored on her Galaxy Phone, to the extent they have not been altered, deleted or overwritten. *Ex. B,* Pl.'s Dep. at 29:20-29:21.

20.　Plaintiff's testimony is unclear regarding whether she produced all the responsive e-mails stored on her Galaxy Phone. *Id..* at 29:14-29:25; 30:1-30:12.[1]

21.　Plaintiff also testified she had **two recordings** of telephone or in-person conversations between herself and Henry Ford personnel. *Id.* at 163:7-164:2. She claimed these were the only two recordings in her possession and control that were responsive to the Document Request. *Id.*

---

[1] A number of the e-mails that Plaintiff did produce contain confidential patient personally identifiable health information, a violation of HIPPA. *Ex. B,* Pl.'s Dep. at 30:13-30:22; 85:8-86:2.

22.     Despite her possession and control of these responsive recordings, she did not turn them over at the time of her deposition, which took place more than seven months after her Response to the Document Request. *Id*.

23.     Shortly after her deposition, Plaintiff produced ***nineteen recordings*** between herself and Henry Ford personnel that had been stored on the Galaxy Phone, rather than the two she testified comprised all of the recordings in her possession. *Ex. C, List of Audio Recordings Produced by Plaintiff*.

24.     The recordings were of poor quality and seem to have been recorded by holding a cell phone near the Galaxy Phone while the Galaxy Phone played the recordings.  Plaintiff's allegations make review of the original recordings necessary to the defense of this matter.

### *Plaintiff Failed to Secure and Produce Digital Documents; a Forensic Inspection of Her Galaxy Phone is Necessary to Discover and Authenticate Those Documents.*

25.     Upon information and belief, Plaintiff has withheld and failed to produce documents and recordings made and stored on her Galaxy Phone, either deliberately or due to insufficient searches of the Galaxy Phone.  Plaintiff has not denied that there are additional e-mails, texts and recordings that have not been produced.

26.    Relevant electronically stored information ("ESI") is stored on Plaintiff's Galaxy Phone.  Specifically, contacts and their creation dates, how often certain phone numbers were called or called in, send and receive date of text messages as well as the original text, the date and time of transfer of certain information belonging to Henry Ford, and whether any electronic versions of communications have been modified, altered or deleted.

27.    Further, Henry Ford's records and those of Ms. Bork, contain no entry for the call that Plaintiff alleges Bork made in late January or early February after 8:00 p.m., but Plaintiff's Galaxy Phone may still contain ESI that would indicate whether that call was ever in fact made to Plaintiff's phone.

28.    In order to accurately determine the origin and content of the e-mails Plaintiff did deign to produce (and those that may not have been produced), the e-mails must be produced and inspected in their native format, as the copies produced by Plaintiff are illegible, unclear as to the original sent and received times and dates, are unclear as to where and when they were printed.

29.    Plaintiff has demonstrated she is unwilling or unable to conduct an adequate search of her Galaxy Phone for documents responsive to Plaintiff's Document Request; her own search has been woefully insufficient. At best, Plaintiff's testimony and responses to discovery have been inconsistent and

unreliable with respect to the existence and location of ESI and the completeness of the production of recordings, texts and e-mails.

30.    By Plaintiff's own testimony, she has done nothing to protect the ESI on her Galaxy Phone and potential discoverable and relevant information may have been overwritten.

31.    Plaintiff's failure to manage her electronic data in a manner which prevents the loss of data due to overwriting or deletion, whether that be purposeful or inadvertent, raises significant concerns about spoliation of relevant evidence.

32.    The completeness of Plaintiff's production of documents and recordings in their original form is crucial in this matter, where there are allegations by Plaintiff regarding when notice of certain policies and procedures was given, as well as the timing of certain e-mails related to absences from the work facility and the existence or non-existence of text messages and telephone calls made to and from the Plaintiff. The genuineness of e-mails, text messages and voice recordings are in dispute.

33.    A forensic examination of the Galaxy Phone would likely detect metadata, patterns of activities, including contacts and their creation dates as well as when and how often certain phone numbers were called that would aid in the

determination of the genuineness of the documents and recordings and the accuracy of Plaintiff's claims.

34.    Only a forensic analysis of Plaintiff's phone can detect metadata, the number of and origination of recordings, the original send and receive date of text messages as well as the original text, the date and time of transfer of certain information belonging to Henry Ford, and whether any electronic versions of communications have been modified, altered or deleted.

35.    Given Plaintiff's failure to adequately search and produce relevant documents and to produce clear copies of e-mails and recordings, a forensic examination of Plaintiff's Galaxy Phone is necessary to obtain reliable, original documents and recordings relevant to this proceeding.

36.    Defendant has repeatedly sought less intrusive means to acquire the requested information, but Plaintiff's lack of complete disclosure has rendered other less intrusive methods ineffective.

37.    When Defendant's counsel requested a forensic examination of Plaintiff's Galaxy Phone, Plaintiff's counsel responded that he had already offered Defendant's counsel an opportunity to inspect the Galaxy Phone.

### *There is Sufficient Legal Basis for an Order to Forensically Inspect Plaintiff's Galaxy Phone.*

38.     In determining whether to order forensic imaging of a party's computer, a court should consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for requested information, and the extent to which the responding party has complied with discovery requests. In *Wynmoor*, a condominium association filed a state court action to recover under a policy for losses caused by a hurricane. *Wynmoor Community Council, Inc. v. QBE* Ins. Corp., 280 F.R.D. 681, 687 (2012). After removal, the defendant-insurer moved to compel production and forensic examination. There, because the requesting party demonstrated the responding party's failure to produce the requested information, the court held: "It would appear that Plaintiffs are either unwilling or unable to conduct a search of their computer systems for documents responsive to Defendant's discovery requests . . . the Court believes that a forensic examination of Plaintiffs' computers is warranted." *Wynmoor*, 280 F.R.D. at 687 (2012).

39.     Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding "any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who

11

know of any discoverable matter."  Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In other words, "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial." *Zamorano v. Wayne State Univ.*, No. 07-cv-12943, 2008 U.S. Dist. LEXIS 39378, at *12 (E.D. Mich. May 15, 2008) (quoting *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

40.    Pursuant to Federal Rule of Civil Procedure 26(A)(ii), Plaintiff has an affirmative duty to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."

41.    Plaintiff has an affirmative duty to disclose all responsive documents pursuant to Federal Rule of Civil Procedure 34(a)(2).  Rule 34 permits a party to copy electronically stored information, provided it is non-privileged and relevant, as defined by Rule 26.  However, "confidentiality is not a basis for withholding information in the ordinary course if it can be protected by a protective order." *Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 5, 11 (D.D.C. 2009).

42.     The advisory committee notes to the 2006 amendments to Rule 34 provide that the producing party's "option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Fed. R. Civ. P. 34, Advisory Committee Notes to 2006 Amendment.  The committee notes further provide that "[i]f the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."

43.     Federal Rule of Civil Procedure 37(a)(3)(B)(iv) authorizes a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

44.     Plaintiff has produced e-mails, texts and voice recordings in a way that is different than it is ordinarily maintained and in a way that significantly degrades making it searchable by electronic means.

45.     As in Wynmoor, Plaintiff has "withheld requested information, [ ] is unable or unwilling to search for the requested information", and has failed to "compl[y] with discovery requests." *Wynmoor*, 280 F.R.D. at 687.

46.     Courts have compelled forensic examinations of the personal computers of litigants in other matters under similar facts, including in employment discrimination lawsuits.  In *Jacobson v. Starbucks Coffee Co.*, the court ordered mirror imaging of the work computer of plaintiff's supervisor, as he was the main decision maker in Plaintiff's termination, and his work computer was not initially searched for documents responsive to earlier discovery requests.   No. 05-1338-JTM, 2006 WL 3146349, *6 (D. Kan. Oct. 31, 2006).   In *G.D. v. Monarch Plastic Surgery, P.A.*, the Kansas District Court ordered mirror imaging of a specific computer owned by the Defendant, which contained confidential medical information, which formed the basis for the Plaintiff's claims.  239 F.R.D. 641, 643 (D. Kan. 2007).  In *Dawe v. Corrections USA*, the court ordered Plaintiff to produce his personal computer for forensic examination based on the level of distrust in the case, the Plaintiff's adamant refusal to allow such an inspection and prior discovery issues with erasing electronically stored materials. 263 F.R.D. 613, 621 (E.D.Cal. 2009)

14

47.    The facts in this case establish good cause to allow the forensic examination under Federal Rule of Civil Procedure 26(b)(2)(B) in that (1) the requested information is sufficiently specific and limited in quantity; (2) Plaintiff's failure to produce the relevant, requested information and a lack of alternative sources for the information; (3) the importance of establishing the existence or lack of certain communications that Plaintiff alleges were discriminatory or retaliatory in nature or that establish or refute her claims regarding the common interpretation of certain procedures and policies.

48.    Plaintiff's failure to cooperate with Defendant's request for discovery has prejudiced Defendant's ability to prepare its defense in this matter with respect to Plaintiff's claims and has forced Defendant to seek a Court Order compelling the forensic examination of the Galaxy Phone.

49.    There is no undue burden or cost to the Plaintiff.  All Plaintiff needs to do is to tender her Galaxy Phone to Defendant's expert.  The Galaxy Phone is not even her current cellular phone for daily use; it was in storage for months prior to her deposition.

### *Plaintiff Should be Ordered to Pay Defendant's Costs and Attorney Fees Incurred to Bring this Motion.*

50.    Under Rule 37(a)(5)(A), if the court grants a motion for an order compelling discovery, the court must, after giving an opportunity to be heard,

require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). An award of expenses under Rule 37(a)(5)(A) is mandatory unless the court finds that the discovered party's opposition to the motion was substantially justified or other circumstances exist that would make sanctions unjust. Id.; *H. K. Porter Co., Inc. v. The Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1124–25 (6th Cir. 1976) (trial court erred in refusing to allow expenses to party prevailing on motion to compel; court failed to find that award would be unjust)

51.     Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendant also seeks an Order awarding it reasonable expenses, including attorneys' fees, incurred in filing this Motion.

52.     Concurrence of counsel in the relief sought in this Motion was requested and denied, therefore necessitating the filing of this motion.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant its Motion to Compel Discovery and issue an Order:

> (a)     Allowing Defendant's forensic expert to examine Plaintiff's Galaxy III cellular phone for responsive documents, e-mails, texts and recordings;

16

(b)  Allowing inspection of the originals of all responsive emails regardless of the electronic devices which they are stored;

(b)  Awarding Defendant its costs and expenses, including reasonable attorney fees, incurred by having to bring the instant Motion; and

(c)  Awarding additional relief to Defendant as the Court deems justice requires.

Respectfully submitted,

VARNUM LLP

By:    /s/ Terrence J. Miglio
      Terrence J. Miglio (P30541)
      Barbara E. Buchanan (P55084)
      Attorneys for Defendants
      39500 High Pointe Blvd, Suite 350
      Novi, Michigan 48375
      (248) 567-7828

Dated: April 28, 2015

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

NATALIE REESER,

     Plaintiff,

                                   Hon. George Caram Steeh
                                   Mag. Judge Michael Hluchaniuk
                                   Case No.: 2:14-cv-11916

v.

HENRY FORD HOSPITAL,

     Defendant.

| | |
|---|---|
| MILLER COHEN, P.L.C. | VARNUM LLP |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
INSPECTION OF ORIGINAL DOCUMENTS, FORENSIC EXAMINATION
OF PLAINTIFF'S CELLULAR PHONE AND FOR
<u>REASONABLE EXPENSES PURSUANT TO RULE 37</u>**

## CONCISE STATEMENT OF ISSUE PRESENTED

I.    Is Defendant entitled to forensic examination of Plaintiff's cellular phone used to maintain and store communications by text and email as well as voice recordings made during Plaintiff's employment with Defendant where Plaintiff has admitted that she downloaded confidential data to her phone and has failed to make adequate inspection for relevant documents and is failing to maintain and protect electronically stored information?

        Defendant Henry Ford Hospital answers "yes"

II.    Should Plaintiff be ordered to pay Defendant's costs and attorney's fees for bringing this Motion when she failed to produce relevant documents and has failed to preserve relevant ESI.

        Defendant Henry Ford Hospital answers "yes"

## CONTROLLING / MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

**Rules**

Fed. R. Civ. P. 26;

Fed. R. Civ. P. 34;

Fed. R. Civ. P. 37.

For its Brief in Support of its Motion to Compel Inspection of Original Documents, Forensic Examination of Plaintiff's Cellular Phone and for Reasonable Expenses Pursuant to Rule 37, Defendant relies on the facts and authorities set forth in its Motion and the sound discretion of this Court.

Respectfully submitted,

VARNUM LLP

By:     */s/ Terrence J. Miglio*
        Terrence J. Miglio (P30541)
        Barbara E. Buchanan (P55084)
        Attorneys for Defendants
        39500 High Pointe Blvd, Suite 350
        Novi, Michigan 48375
Dated: April 28, 2015        (248) 567-7828
        tjmiglio@varnumlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/Terrence J. Miglio
Terrence J. Miglio (P30541)
39500 High Pointe Blvd.
Suite 350
Novi, Michigan 48375
(248) 567-7828
tjmiglio@varnumlaw.com