# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 938159 (W.D.Mich.)
(Cite as: 2008 WL 938159 (W.D.Mich.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
W.D. Michigan,
Southern Division.
Michael GARRISON, Plaintiff,
v.
Deb DUTCHER, et al., Defendants.

No. 1:07-cv-642.
April 7, 2008.

Michael David Garrison, Kingsley, MI, pro se.

Clifton B. Schneider, MI Dept. Attorney General, Lansing, MI, Brian J. Richtarcik, Carly Ann Van Thomme, Ronald W. Chapman, Chapman and Associates, PC, Bloomfield Hills, MI, for Defendants.

**ORDER**
HUGH W. BRENNEMAN, JR., United States Magistrate Judge.

*1 This matter is now before the court on "defendants Correctional Medical Services, Inc. and Diana Marble, N.P.'s discovery motion for access to plaintiff's complete medical records" (docket no. 34). In his amended complaint, plaintiff alleges that some 15 defendants violated various constitutional rights. Two of these claims relate to his medical condition. In Count I, plaintiff alleges that defendants' failure to provide him with a bottom bunk caused him to suffer or aggravate a hernia, violating his Eighth Amendment right to be free from cruel and unusual punishment. Compl. at ¶¶ 2-14. In Count IV, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, when they failed to renew a prescription medication for sinusitis and told him to use the sinus medication available at the prison store. *Id.* at ¶¶ 33-49.

In a letter dated January 3, 2008, defendants Correctional Medical Services, Inc. ("CMS") and Diana Marble ("Marble") submitted the following request to plaintiff:

Our law firm represents Correctional Medical Services, Inc. and Diana Marble, N.P., in the above-referenced matter. Due to the nature of your case, your medical records in the above-referenced matter are discoverable. Please sign the enclosed release and return same in the enclosed self-addressed, stamped envelope within 10 days from the date of this letter so that we may request and review your records in order to evaluate your claim.

Should you have any questions or concerns, please do not hesitate to contact us, however, we do not accept collect calls. Your anticipated cooperation is very greatly appreciated.

Letter attached to defendants' brief as Exh. A. Enclosed with the letter was a "patient's authorization for disclosure of health information" releasing "[a]ny and all medical records, including electronic records" from Pugsley Correctional Facility to their defense counsel. *Id.* Plaintiff signed the authorization, but limited it to his "medical records" (rather than his "complete health record"), and further limited the authorization to "only sinus and hernia records." *See* Patient authorization (Jan. 7, 2008) attached to defendants' brief as Exh. B.

In the present motion, CMS and Marble seek to compel plaintiff to execute an authorization for release of his complete medical history while incarcerated at the Michigan Department of Corrections ("MDOC"). CMS and Marble contend that plaintiff's Eighth Amendment allegations have placed his entire MDOC medical history in question. Plaintiff objects, contending that CMS and Marble seek medical records "pertaining to other medical conditions which have no relevance to the issues in this suit."

The medical information sought by CMS and

Page 2

Not Reported in F.Supp.2d, 2008 WL 938159 (W.D.Mich.)
(Cite as: 2008 WL 938159 (W.D.Mich.))

Marble may be relevant and discoverable under the liberal discovery provisions of Fed.R.Civ.P. 26, which provides in pertinent part that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*2 Fed.R.Civ.P. 26(b)(1).

However, defendants' motion seeking an order to compel plaintiff to execute a release for production of his medical records is premature. First, because this is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," plaintiff is exempted from providing initial disclosures under Fed.R.Civ.P. 26. Second, there is no outstanding discovery directed to plaintiff. Defendants' January 3rd letter was an informal request to release medical records; it was not a request for production of documents pursuant to Fed.R.Civ.P. 34. Third, defendants have not met the requirements for an order to compel discovery as authorized under Fed.R.Civ.P. 37(a)(3)(B), which provides in pertinent part as follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.

While defendants' informal discovery request may be expeditious, federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents. *See James v. Wash Depot Holdings, Inc.,* 240 F.R.D. 693, 695 (S.D.Fla.2006). In *Sithon Maritime Co. v. Holiday Mansion,* No. Civ. A. 96-2262, 1998 WL 182785 at *2 (D.Kan.1998), the court explained the significant differences between formal and informal discovery:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

Based on this record, the court has no basis to compel plaintiff to produce his medical records in the absence of an outstanding request to produce the records. *See* Fed.R.Civ.P. 37. Accordingly, defendants' motion (docket no. 34) is **DENIED.**

**IT IS SO ORDERED.**

W.D.Mich.,2008.

Page 3

Not Reported in F.Supp.2d, 2008 WL 938159 (W.D.Mich.)
**(Cite as: 2008 WL 938159 (W.D.Mich.))**

Garrison v. Dutcher
Not Reported in F.Supp.2d, 2008 WL 938159 (W.D.Mich.)

END OF DOCUMENT