# EXHIBIT K

2010 WL 711830
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Jeremy A. RICHARDSON
v.
ROCK CITY MECHANICAL COMPANY, LLC.

No. 3-09-0092.  |  Feb. 24, 2010.

**Attorneys and Law Firms**

Jon Edward Jones, Law Office of Jon E. Jones, Cookeville, TN, Ronald C. Koksal, Butler, Vines & Babb, PLLC, Knoxville, TN, for Plaintiff.

R. Eddie Wayland, Catherine H. Molloy, King & Ballow, Nashville, TN, Walter S. Fitzpatrick, III, Moore, Rader, Clift & Fitzpatrick, P.C., Cookeville, TN, for Defendant.

*ORDER*

JULIET GRIFFIN, United States Magistrate Judge.

*1 As provided herein, the defendant's motion to compel (Docket Entry No. 41) is GRANTED in part and DENIED in part; the defendant's motion for protective order (Docket Entry No. 43) is GRANTED in part and DENIED in part; the defendant's motions for leave to file replies (Docket Entry Nos. 47 and 48) are GRANTED; the defendant's second motion for protective order (Docket Entry No. 50) is DENIED; the defendant's third motion for protective order (Docket Entry No. 52) is DENIED; the plaintiff's motion to compel and to impose other remedies (Docket Entry No. 54) is GRANTED in part and DENIED in part; and the plaintiff's motion to allow document to be manually filed (Docket Entry No. 57) is GRANTED in part and DENIED in part.

The Clerk is directed to file and docket the defendant's reply with attached exhibit (Docket Entry Nos. 47-2 and 47-3), which is in reply to the plaintiff's response (Docket Entry No. 45) to the defendant's motion to compel (Docket Entry No. 41).

The Clerk is also directed to file and docket the defendant's reply (Docket Entry No. 48-3), which is in reply to the plaintiff's response (Docket Entry No. 46) to the defendant's first motion for a protective order (Docket Entry No. 43).

The Court will make the CD of the Rule 30(b)(6) deposition of the defendant part of the record. However, in addition, the plaintiff shall e-file the transcript. Although the plaintiff indicated that it is "too lengthy for electronic filing," and it may, in fact, be too lengthy for a single entry, the 54 pages of transcripts can be filed in two electronic filings.

*1. Defendant's Motion to Compel* **(Docket Entry No. 41)**
In its motion, the defendant seeks to compel the plaintiff to provide a computation of each category of his claimed damages. The defendant points out that, in the plaintiff's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, he simply stated that he did not have the information to compute his damages and, once he received the necessary information, he would furnish his computation of damages. The defendant also points out that, in response to the defendant's Interrogatory No. 12, seeking the calculation of his damages, the plaintiff only included his hourly wage, attested that he had not worked since his employment with the defendant, and represented that he has incurred attorneys' fees and litigation costs and that he will rely on a jury to determine the amount of compensatory and punitive damages. However, the defendant noted that the plaintiff had testified in his deposition that he had obtained employment.

In his sparse response (Docket Entry No. 45), the plaintiff reiterates his position set forth in his response to the defendant's interrogatory, and specifically maintains that he needs information from the defendant to determine how long Hispanic workers remained employed after the layoff. In reply, the defendant asserts that, in response to the plaintiff's Interrogatory No. 18, it provided the plaintiff with the last date a sheet metal mechanic was employed on the jobsite.

*2 The plaintiff's Rule 26(a)(1) disclosures and response to defendant's interrogatory were clearly deficient. The plaintiff is required under Rule 26(a)(1)(A)(iii) to provide "a computation of each category of damages claimed ... [as well as making available documents] "unless privileged or protected from disclosure on which each computation is based ...."

The plaintiff did not even attempt to provide the categories of damages in his initial disclosures, although he did list those categories in his response to the defendant's interrogatory and he had listed them in his complaint. However, the plaintiff made no attempt to compute the damages for each category of damages in his Rule 26(a)(1) disclosures, although in his response to the defendant's interrogatory he included the plaintiff's hourly rate when he was employed and indicated that he had not been employed since his employment with the defendant, and in his complaint he sought $100,000.00 in compensatory damages and $500,000.00 in punitive damages. In his response to the defendant's interrogatory, the plaintiff represented that he will "rely on a jury to determine the amount of compensatory and punitive damages to which I am entitled." Docket Entry No. 42-2, at 3.

Whether or not the plaintiff was able to calculate back pay without further discovery when he served his initial disclosures or responded to the defendant's interrogatory, he should by now have obtained the needed information to determine the date from which his back pay should begin and the lost employee benefits, taking into account his subsequent employment income and benefits. In addition, the plaintiff can determine the amount of prejudgment interest he seeks and include that amount in his calculations. Similarly, the plaintiff should now be able to calculate his asserted damages for front pay and benefits in the event that he is not reinstated, based on the period for which he seeks front pay. If the plaintiff has special damages, for example medical bills, he is certainly able to provide that information as part of his compensatory damages.

The Court in *Fraker v. Marysvile Exempted Village Schools*, 2009 WL 595923 *4 (S.D.Ohio Feb. 13, 2009), cited by the defendant, made an appropriate distinction between attorneys' fees that are a component part of the plaintiff's compensatory damages and attorneys' fees that have been incurred and will be incurred in this case and to which the plaintiff will be entitled if he prevails in this case. This Court adopts that reasoning.

Relying to a large extent upon *McKinney v. Reassure Am. Life Ins. Co.*, 2006 WL 3228791 (E.D.Okla. Nov.2, 2006), the defendant contends that Rule 26(a)(1) requires that the plaintiff compute with specificity his non-economic, compensatory damages. The *McKinney* Court pointed out that Rule 26(a)(1)(A)(iii) does not exclude such damages, and that "blithely assert[ing] that noneconomic damages 'are peculiarly with [sic] the province of the jury,' " as the plaintiff essentially did in this case, is insufficient since the purpose of Rule 26 is to " 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.' " (Internal citation omitted.) It may be that the *McKinney* Court disapproved of the plaintiff's providing a range, rather than a specified amount, of compensatory damages. To the extent, however, that *McKinney* requires that a plaintiff include with specificity how non-economic damages are calculated, it does not appear that the *McKinney* rationale has been adopted by any other court, nor do the cases upon which *McKinney* relies specifically mandate such disclosure. Further, it is not clear how the plaintiff could precisely explain his quantification of non-economic compensatory damages and punitive damages. The Court does, however, agree with the defendant that the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks. That figure may mirror the amount prayed for in the complaint, but the defendant is entitled to know that.

*3 If he has not already supplemented his Rule 26(a)(1)(A)(iii) disclosures, the plaintiff shall, within 15 days of entry of this order, serve such supplementation, specifically providing a damages figure for back wages, back benefits, front pay in the event reinstatement is not ordered, along with benefits, and the specific amount of compensatory damages and punitive damages sought, and shall make available for inspection and copying any documentation, unless privileged or protected from disclosure, on which each computation is based. In addition, the plaintiff shall, within 15 days of entry of this order, also supplement his response to Interrogatory No. 12, including the amount of medical bills that the plaintiff includes as his damages, the amount of back pay, front pay, lost benefits, and "interruption in professional growth and development" (if the plaintiff seeks such damages), along with an explanation of how such damages are calculated, and the amount of noneconomic compensatory damages and the amount of punitive damages. Further, assuming the amount of punitive damages sought does mirror the amount set forth in the complaint, the plaintiff shall provide an explanation for why that amount exceeds the cap provided in 42 U.S.C. § 1981a(b)(3).

The defendant seeks an award of its reasonable attorneys' fees and expenses in making this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. The Court declines to grant that request. While defendant's counsel filed a certificate of Compliance with Local Rule 37.01(b), *see* Docket Entry No. 41-2, and recounted her efforts to obtain

Richardson v. Rock City Mechanical Co., LLC, Not Reported in F.Supp.2d (2010)

the information requested from the plaintiff, the parties did not file a joint written statement of the matters at issue in the discovery dispute in accord with Local Rule 37.01(a), nor did defendant's counsel indicate that she attempted to obtain plaintiff's counsel's cooperation in entering into such a joint statement. It appears that counsel for the parties had no actual conversations about the issue, but that defendant's counsel sent four letters to plaintiff's counsel about the "deficient interrogatory responses," and a "final letter" seeking a computation of damages under Rule 26(a)(1)(iii). *See* Docket Entry No. 42, at 3; Docket Entry No. 42-3. Although it is not clear whether defendant's counsel suggested that a motion to compel would be filed in the first four letters, there was no such suggestion in the final letter. Under these circumstances, an award of expenses would be unjust. *See* Rule 37(a)(5)(A)(iii).

### 2. *Defendant's Motion for Protective Order* (Docket Entry No. 43)

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant seeks an order directing the plaintiff to issue a revised Rule 30(b)(6) deposition notice, describing topics in the notice served on the defendant as "unduly burdensome, overbroad, irrelevant, and serv[ing] no legitimate purpose other than to harass, embarrass and annoy" the defendant. Docket Entry No. 43, at 1; Docket Entry No. 44, at 1. The defendant also describes many of the 21 topics, *see* Docket Entry No. 44-1, as relating to fact-intensive issues requiring the testimony of fact witnesses rather than a Rule 30(b)(6) deposition of a corporate designee. In addition, the defendant objects to the plaintiff's request in the notice that the defendant bring to the deposition all original documents in the defendant's possession or control relating to the topics since such a request is improper in the context of a Rule 30(b)(6) deposition and the defendant has already provided responsive documents to the plaintiff. The defendant is particularly critical of the plaintiff who waited until the tail end of the discovery period to seek a Rule 30(b)(6) deposition rather than engaging in what the defendant considers more appropriate discovery of fact witnesses, whose identities have been known to the plaintiff.

*4 The Rule 30(b)(6) deposition of Chris Wehby, President of the defendant, has already been taken. Although the motion might be considered moot as a result, defendant's counsel objected to inquiries during his deposition that were the subject of the defendant's motion for protective order and directed Mr. Wehby not to answer pursuant to Rule 30(c)(2) and (d)(3) of the Federal Rules of Civil Procedure inasmuch as a motion pursuant to Rule 26(c) had already been filed.[1]

#### a. *Production of Documents*

The defendant objected to the plaintiff's request that the Rule 30(b)(6) designee "bring to the deposition all *original* documents in the possession or control of [the defendant] relating to all matters covered by this notice and shall be prepared to testify from said documents" (emphasis in original), and to Topic 19, which included documents relating to the 2007 layoff at the Morgan County Correctional Facility, including, but "not limited to," "the creation and the nature of all such documents and the present whereabouts of all such documents [and] the circumstances under which any such documents were lost or destroyed." *See* Docket Entry No. 44-1, at 4.

As the plaintiff points out, Rule 30(b)(2) allows a notice to take deposition to be accompanied by a request under Rule 34 to produce documents at a deposition. There is no reason to believe that a Rule 30(b)(6) deposition is not subject to Rule 30(b)(2). Although the plaintiff did not "accompany" his Rule 30(b)(6) notice with a separate Rule 34 request, the Court finds that he adequately complied with Rule 30(b)(2).

The defendant maintains that there is no support for the position that the documents must be original, that the "Federal Rules generally allow copies," citing Rule 1003 of the Federal Rules of Evidence, that the original documents were already made available to the plaintiff in discovery and again after an earlier deposition, and that, upon plaintiff's request, the defendant copied the documents and sent them to plaintiff's counsel, returning the originals to the defendant. Docket Entry No. 44, at 16-17.

The plaintiff contends that it was not reasonable to expect counsel, who had travelled from Cookeville, to spend additional time after the earlier deposition to review the original documents and that only documents available at that time were personnel records and did not include all documents relating to the topics in the Rule 30(b)(6) deposition notice.

The plaintiff also intimates that the defendant may have lost or destroyed documents. However, the plaintiff provides no support for that suggestion.

Because of the lack of specific information about what documents the defendant had already produced and what documents the plaintiff maintains the defendant had not previously produced, the Court is unable to wade into this squabble. Rule 34(a) requires a party to produce and permit copying of original documents. Once the defendant has represented that the documents are ready for inspection and copying, the plaintiff has an obligation to make arrangements to inspect and copy. If there are documents relating to the topics listed by the plaintiff in his Rule 30(b)(6) notice that the defendant has not produced or represented were available for inspection and copying, the defendant shall produce such documents or make them available for inspection and copying. To the extent that the defendant has already produced or otherwise made these documents available, it is not required to re-produce the originals. The plaintiff suggests that "[i]t is often important to have original documents present when a witness is asked to explain entries and writings made on the documents." Except for concerns about legibility of copies (which should have been addressed earlier), it is not clear to the Court why originals are necessary.

*5 Counsel for the parties shall confer to determine if there are documents sought by the plaintiff relating to the Rule 30(b)(6) topics that the defendant has not produced, and, if so, the defendant shall produce those documents or make them available for inspection and copying.

*b. Financial Information*
The plaintiff seeks this information to support his claim for punitive damages. The defendant suggests that the plaintiff is not entitled to this information until after a judgment in his favor, citing *In re Classicstar Mare Lease Litigation*, 2009 WL 1313311 (E.D.Ky. May 12, 2009). In that case, however, the Court did not mention whether or not the plaintiff sought punitive damages and it appears that the Court appropriately precluded discovery of financial information that could assist with collection of any judgment. In contrast, the plaintiff in this case seeks punitive damages. The defendant also suggests because there is a cap on punitive damages pursuant to 42 U.S.C. § 1981 a(b)(3), the plaintiff is not entitled to the defendant's financial information. The Court does not understand that argument.

The question is not whether the plaintiff is entitled to financial information from the defendant but rather when. The Court finds it appropriate to defer any discovery on the defendant's finances in support of the plaintiff's claim for punitive damages until after the resolution of any dispositive motion. If the plaintiff's claim for punitive damages survives a dispositive motion, upon resolution of any such motion, counsel for the parties shall attempt to agree upon documents to be produced by the defendant and, absent such an agreement, they shall schedule a conference call with the Court to address what documents should be produced and whether a Rule 30(b)(6) deposition is necessary after such production. The defendant is cautioned that, in so deferring this discovery, it may have to provide the information in short order and may, if necessary, be required to produce a Rule 30(b)(6) witness to testify after production of financial documents.

*c. Scope of Rule 30(b)(6)*
The defendant objects to Topics 4, 5, 6, 8, 9, 10, 11, 13, and 17 in large part because the plaintiff seeks fact-specific information that is normally elicited by means other than a Rule 30(b)(6) deposition since such information does not relate to the defendant's corporate position. The plaintiff contends that he is entitled to take discovery as he sees fit and should not have to be forced into a mold defined by the defendant.

The 1970 Advisory Committee comments to the then-new Rule 30(b) (6) provide as follows:

> The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process.... It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.... The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge....

*6 The Court agrees that the cases cited by the defendant stand for the propositions cited. The testimony of a Rule 30(b)(6) deponent represents the knowledge of the corporation, not the individual deponent, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate

employee;" the Rule 30(b)(6) deponent does not give his own personal opinions but instead presents the corporation's "position" on the topic, see *United States v. J.M. Taylor*, 166 F.R.D. 356, 360-61 (M.D.N.C.1996); Rule 30(b)(6) was designed to supplement existing discovery practice; and an "overboard Rule 30(b)(6) notice subjects the noticed party to an impossible task." See *Reed v. Bennett*, 193 F.R.D. 689, 692 (D.Kan.2000).

However, the *J.M. Taylor* Court did not, as the defendant suggests, hold that a Rule 30(b)(6) witness cannot be noticed to testify about the facts to which a "mere corporate employee" could also testify or that a Rule 30(b)(6) deposition is limited to the defendant's "position" in the case. Instead, the *J.M. Taylor* Court simply explained the rationale of Rule 30(b)(6) and emphasized that the Rule 30(b)(6) testimony is the testimony of the corporation, not the individual deponent. Nor did the *Reed* Court hold that "where a notice improperly designates a myriad of factual topics in an attempt to avoid the costs of conducting a reasonable number of factual depositions, 'compliant designation is not feasible,' " as the defendant suggests. See Docket Entry No. 44, at 6. In fact, the *Reed* Court found that the plaintiff's Rule 30(b)(6) notice was overbroad because the areas of inquiry were not limited to the listed topics but instead the notice indicated that the inquiry would "includ[e] but not [be] limited to" the designated topics. Thus, the Court found that "[w]here, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Reed*, 193 F.R.D. at 692.

The Court agrees with Reed that a Rule 30(b)(6) notice is overbroad if it does not limit the scope of inquiry to the topics listed. Further, topics in a Rule 30(b)(6) notice are themselves overbroad if they include "including but not limited to" language. See *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C.2005). The Court also agrees with the defendant that any specific topic can be challenged on the basis of overbreadth and that such a challenge may have particular significance in light of the defendant's obligation to properly prepare a Rule 30(b)(6) witness. The defendant's position that a Rule 30(b)(6) witness should not be required to testify to factual matters that could be elicited from fact witnesses may be based on common sense or normal practice. However, the Court does not find support for the defendant's position that the testimony of a Rule 30(b)(6) witness cannot be used as a substitute for testimony of fact witnesses. In fact, the only case that the Court found that addressed the issue head-on was *Emon v.*

*State Farm Mut. Auto. Ins. Co.*, 2007 WL 216138 (E.D.Mich. Jan.26, 2007), in which the Court affirmed the Magistrate Judge's order granting the plaintiff's motion to compel Rule 30(b)(6) depositions when the defendant argued that the notice required testimony from a fact witness rather than a Rule 30(b)(6) witness, pointing out that the defendant had not cited any authority in support of its position. Here too, the Court finds that the defendant has not cited any authority to support its position that the plaintiff is precluded from noticing a Rule 30(b)(6) deposition on topics to which fact witnesses could testify.

\*7 However, the defendant may also argue that the protective order should be granted because requiring Rule 30(b)(6) testimony on all of the designated topics would be unduly burdensome, annoying, embarrassing, or oppressive, see Rule 26(c), and/or that the topics are overbroad or irrelevant. The defendant asserts that it would be unduly burdensome to produce up to 16 fact witnesses or to spend a significant amount of time preparing a single witness to adequately respond to the topics. Docket Entry No. 44, at 6-7. However, it is not clear why 16 deponents would have to be designated as the defendant's Rule 30(b)(6) witnesses, nor is it clear why Mr. Wehby could not have been prepared to testify on the topics at issue.

### d. Specific Topics [2]

**(1) *Topic 4:* The job performance and attendance of the sheet metal workers who were not laid off but were retained in December 2007.**

The defendant argues that this topic is vague, overbroad and unduly burdensome because it is not limited to the Morgan County jobsite where the plaintiff worked, the term "sheet metal workers" is not defined, the topic does not provide any temporal limitations, and employees' job performance and attendance after the layoff is not material. The defendant also objects because it has already provided payroll records, reflecting attendance information, and personnel files.

The plaintiff responds that the defendant has two salary classes for sheet metal workers and, although he was in the higher class at the time he was laid off, he was capable of performing and had performed work at both salary levels. The plaintiff did not respond to the defendant's objections about not limiting to the Morgan County jobsite and not limiting the temporal scope to the time before the December 2007 layoff.

Because the plaintiff did not respond to those objections, Topic 4 shall be limited to the Morgan County jobsite and the job performance and attendance prior to the December 2007 layoff. To the extent that the topic could include sheet metal workers in additional categories, see Docket Entry No. 48-2, at 3, Topic 4 shall be limited to the sheet metal workers in the two categories in which the plaintiff worked or had worked.[3]

The Court agrees with the plaintiff that, simply because the defendant has previously produced documents, the plaintiff is not precluded from inquiring about those documents at a Rule 30(b)(6) deposition. *Foreclosure Management Co. v. Asset Management Holding,* 2008 WL 3895474 *5 (D.Kan. Aug.21, 2008); *Tri-State Hosp. Supply Corp. v. United States,* 226 F.R.D. 118, 125-26 (D.D.C.2005).

**(2) *Topic 5:* The identity and length of employment of sheet metal workers employed by [the defendant] at the Morgan Correctional facility after December 2007.**
The defendant objects to this topic as vague, overboard, and unduly burdensome, echoing its objections to Topic 4.

The plaintiff explains that the continued employment of sheet metal employees, specifically the length of their post-layoff employment, is relevant to the plaintiff's calculation of damages.

*8 While the Court questions whether it is necessary for the plaintiff to take further deposition testimony on this issue, in light of having the documents from which damages calculations can-and presumably have been-made. However, simply because the plaintiff has obtained the documents does not preclude him from having the opportunity to make inquires of a Rule 30(b)(6) witness. *See Foreclosure Management Co., supra; Tri-State Hosp. Supply Corp., supra.* While discovery may be limited or precluded if it is unreasonably cumulative or duplicative under Rule 26(b)(2)(C) (i), such limitations are normally imposed when deposition testimony (rather than documents) has already covered the same inquiries and/or if the party from whom discovery is requested agrees to stipulate to prior testimony as Rule 30(b)(6) testimony. *See generally Spicer v. Universal Forest Prods.,* 2008 WL 4455854 ----4-5 (Oct. 1, 2008 W.D.Va..); *Prosonic Corp. v. Stafford,* 2998 WL 2323528 *4 (June 2, 2008 S.D. Ohio).

**(3) *Topic 6:* The assignment by the defendant of either [the plaintiff] or Rodney Van Natter to work at locations other than the Morgan County Correctional Facility while they were employed by [the defendant] and the circumstances surrounding any such assignment.**
The defendant objects to this topic as overbroad, unduly burdensome, and irrelevant. The defendant relates that the plaintiff testified at his deposition that he was never assigned to work anywhere but at the Morgan County facility. In response, the plaintiff does not dispute that assertion, but explains that defendant has asked "numerous questions" about the work performed by Mr. Van Natter, a plaintiff in case no. 3-09-0093, which was later consolidated with this case. The claims of Mr. Van Natter have since been voluntarily dismissed. The plaintiff also explains that he and Mr. Van Natter were similarly situated since they were terminated at the same time and under the same circumstances. In addition, the plaintiff expects to show that the defendant trusted Mr. Van Natter's "skills and abilities so much that it selected him to perform its most sensitive and important work," and that such selection is relevant to defendant's claim that Mr. Van Natter was not as competent or reliable as the Hispanic workers who were retained as employees. While this information may have been relevant to Mr. Van Natter's claims, the Court is unable to find that it is relevant to the plaintiff's claims.

This topic shall be stricken.

**(4) *Topics 8, 9, and 10:* The attendance record for Pedro Tercero/Freddy Gonzales, the "making of entries" in his personnel file, and his rehiring.**
The defendant objects to this topic as overbroad and unduly burdensome. The defendant explains that the topic is overbroad because it is not limited temporally and because Mr. Tercero/Gonzales was not employed in the same position as the plaintiff at the time of the layoff and thus events occurring after the layoff are not relevant. The defendant concludes that the "only possible purpose in attempting to elicit testimony on this topic is to harass, embarrass and annoy" the defendant. The defendant does not, however, explain why eliciting testimony on this topic would be harassing, embarrassing and/or annoying.

*9 The plaintiff explains that the circumstances of this employee's rehiring and promotion, after having left work for weeks, is relevant to his claim for disparate treatment, and that certain entries in his personnel files "may have been made 'after the fact.' " Docket Entry No. 46, at 5. The plaintiff provides no support for his assertion of "after the fact" entries.

However, the Court finds that the information sought in these three topics is relevant to the plaintiff's claims in this case, is not overbroad, unduly burdensome, and, without more information, the Court cannot find that the plaintiff seeks the testimony simply to harass, embarrass or annoy the defendant.

**(5) *Topic 11:* The identify (sic) each person who was employed by this defendant at the Morgan County Correctional Facility as a permanent employee (not a 'temp') whose primary responsibility was sheet metal work or supervision and each such person's job classification and the identification of each such person was identified on [the defendant's] records (Hispanic male, White male, or the like).**

The defendant objects to this topic as vague, overbroad, and unduly burdensome since "sheet metal work" is not defined, there is no limitation to the plaintiff's position, and there is no temporal limitation. Specifically, the defendant objects to information after the December 2007 layoff as irrelevant and objects to "supervision" information as overbroad since the plaintiff was not a supervisor and never applied for a supervisory position. The defendant also objects to this topic because documents have already been provided.

As the plaintiff did in response to defendant's objections to Topic 5, the plaintiff explains that the continued employment of sheet metal employees, particularly Hispanic sheet metal workers, is relevant to the plaintiff's calculation of damages.

Again, the Court questions whether it is necessary for the plaintiff to take further deposition testimony on this issue, in light of having the documents from which damages calculations can-and presumably have been-made. However, again simply because the plaintiff has obtained the documents does not preclude him from having the opportunity to make inquires of a Rule 30(b)(6) witness.

The topic shall be limited to the permanent sheet metal workers at the time of and after the December 2007 layoff who were employed in the two categories in which the plaintiff was or had been employed, and the identification of those workers by race, ethnicity, national origin and race. The plaintiff did not respond to the defendant's objection about information related to supervisors, and that information shall be excluded from this topic.

**(6) *Topic 13:* This defendant's communications and dealings with the INS during the period of January 1, 2007, through the present. This includes, but is not limited to employment at the Morgan County Correctional Facility.**

The defendant objects to this topic as overbroad, unduly burdensome, and designed to harass, embarrass, and annoy the defendant.

*10 The plaintiff responds that, since he claims that the defendant discriminated against him in favor of Hispanic workers, the defendant's "communications and dealings with the INS during the period of January 1, 2007, through the present is reasonably calculated to lead to the discovery of admissible evidence regarding the defendant's discriminatory motive." Docket Entry No. 46, at 6. Simply saying it does not make it so. The Court cannot determine from that response how the defendant's communications with the INS could be relevant.

This topic will be stricken from the plaintiff's Rule 30(b)(6) notice.

**(7) *Topic 17:* The communications relating to or leading up to the layoff at Morgan County Correctional Facility in December 2007.**

The defendant objects to this topic as overbroad and unduly burdensome since the term "communications" is not defined and the defendant "cannot possibly provide testimony on all communications of unknown persons 'relating to or leading up to the lay off.' " Docket Entry No. 44, at 15.

The plaintiff clarified the information he seeks as those "communications within the defendant's chain of command or involving its managers relating to the upcoming lay off." The plaintiff describes the information as "within the bull's eye of discovery in this case." Docket Entry No. 46, at 7. While that may be true, the Court agrees with the defendant that the topic, even as clarified, is overbroad.

The plaintiff shall revise the wording of Topic 17 to a more narrowed request designed to focus on the information he really seeks in contrast to all communications, in whatever form, by the defendant's managers and employees within the "defendant's chain of command" "relating to the [December 2007] lay off."[4]

**(8) *Topic 19:* The defendant's documents relating to the 2007 lay off at the Morgan County Correctional Facility. This includes, but is not limited to, the creation**

**and the nature of all such documents and the present whereabouts of all such documents. It also includes circumstances under which any such documents were lost or destroyed.**

The defendant objects to the topic as overbroad because it includes the phrase "includes, but is not limited to." As addressed above, *supra* at 11-12, the Court agrees that such phraseology is inappropriate. The defendant also objects because it has already produced documents covered by the topic. As addressed above, the plaintiff is entitled to a deposition about the documents even if the documents have already been produced.

The phrase "but is not limited to" shall be stricken from this topic.

### 3. Defendant's Second and Third Motions for Protective Order (Docket Entry Nos. 50 and 52)

The defendant seeks protective orders precluding the depositions of Chris Wehby, in his individual capacity, and Larry Medlen as noticed by the plaintiff.

The defendant contends in both motions that the plaintiff's notice to take these depositions provided the deponents and defendant's counsel insufficient advance notice and that defendant's counsel was not available on the dates selected by the plaintiff. In regard to Mr. Wehby's deposition, the defendant argues that the plaintiff had the opportunity to depose him immediately after his Rule 30(b)(6) deposition but declined that opportunity and that the plaintiff questioned Mr. Wehby in his Rule 30(b)(6) deposition about his personal knowledge, background and experience. In regard to Mr. Medlen's deposition, the defendant suggests that, in the alternative to precluding his deposition, that the deposition be rescheduled at a mutually convenient date.

*11 The plaintiff did not respond to these motions, but instead filed his own motion to compel and to impose other remedies (Docket Entry No. 54), which will be separately addressed below. In his motion, the plaintiff represents that it would have been impossible to begin Mr. Wehby's individual deposition after his Rule 30(b)(6) deposition and that the defendant has not provided a date for Mr. Medlen's deposition. Since the plaintiff had noticed both Mr. Wehby's deposition and Mr. Medlen's deposition for 9:00 a.m. and 1:00 p.m., the defendant surmises that Mr. Wehby's deposition could have been completed by 6:30 p.m. on the day of his Rule 30(b)(6) deposition since the Rule 30(b)(6) deposition concluded at 3:30 p.m.

Although perhaps it would have made sense to take Mr. Wehby's deposition immediately after his Rule 30(b)(6) deposition and perhaps it could have been completed within three hours, it was not so unreasonable for the plaintiff to want to begin his deposition on a separate day.

Within five (5) days after entry of this order, the parties shall determine a mutually agreeable date or dates to (1) reconvene the Rule 30(b)(6) deposition of Mr. Wehby, should the plaintiff choose to do so; (2) Mr. Wehby's individual deposition; and (3) Mr. Medlen's deposition.

### 4. Plaintiff's Motion to Compel Discovery and to Impose Other Remedies (Docket Entry No. 54)

The portions of the plaintiff's motion seeking to compel the depositions of Mr. Wehby and Mr. Medlen, seeking a Rule 30(b)(6) witness to testify about the defendant's financial affairs, and seeking an order directing the defendant to produce original documents have been addressed above. Therefore, the only remaining issue is the portion of the motion seeking to prohibit the defendant from attempting to introduce any evidence about the layoff process and the defendant's decision to terminate the plaintiff that it did not provide at the Rule 30(b)(6) deposition and/or that Mr. Wehby refused to testify about at the Rule 30(b)(6) deposition. Specifically, the plaintiff maintains that Mr. Wehby did not adequately testify on two topics designated by the plaintiff: (1) "[t]he decision to 'layoff' the plaintiff ... from his employment with [the defendant]" (Topic 2); and (2) "the defendant's selection process for the December 2007 layoff at the Morgan County Correction Facility" (Topic 18). The defendant did not include these topics in their motion for a protective order, addressed above. However, these topics clearly bleed over into Topics 17 and 19, addressed above, that seek information about communications leading up to the layoff. In addition, the plaintiff complains that Mr. Wehby testified that he was unable to provide information about the national origin of employees. This matter relates to Topic 11, addressed above.

In response, the defendant reiterates its position in its initial motion for protective order, addressed above, and contends that Mr. Wehby fulfilled his obligation as a Rule 30(b)(6) witness as to Topics 2 and 18. The defendant also describes the additional topics, not included in the Rule 30(b)(6) notice,

as (1) the national origin of the employees under Tom Russel and David Franklin; and (2) the identity of each employee on each crew before and after the layoff. The defendant represents that it does not keep records of its employee's national origins or records of which employees were assigned to which crew on any given day. The Court agrees that these topics were not specifically listed in the plaintiff's Rule 30(b)(6) notice and, unless they are included in Topic 11, there was no obligation for Mr. Wehby to be prepared to testify on these issues.

*12 It appears to the Court that either (1) the topics about which the plaintiff complains Mr. Wehby was not prepared to testify were not included in the plaintiff's Rule 30(b)(6) notice or (2) the issues have been addressed above.

Under these circumstances, it would not be appropriate to impose a "remedy" or sanction against the defendant that would prohibit the defendant from attempting to introduce any evidence regarding the layoff process and its decision to terminate the plaintiff.

As a final observation, throughout the defendant's filings, it has expressed frustration at the way plaintiff's counsel has conducted discovery in this case, describing the conduct as dilatory. While the defendant's point is not entirely without merit, the plaintiff is free to wait until late in the discovery process to seek depositions unless extraordinary circumstances would preclude such discovery. The Court understands the defendant's frustration and agrees that the plaintiff's conduct has not been particularly efficient nor has the plaintiff acted with alacrity. However, the fact that the plaintiff has not acted in a more timely fashion and the defendant's understandable frustration cannot serve to preclude discovery to which the plaintiff would otherwise be entitled.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. *See* Rule 72(a) of the Federal Rules of Civil Procedure; Local Rule 72.02(b).

It is so ORDERED.

Footnotes

1. Although the areas of dispute raised by the plaintiff in his motion to compel and to impose other remedies (Docket Entry No. 54), are fewer than those issues raised by the defendant in its motion for protective order, the Court assumes that the plaintiff still opposes the defendant's motion for protective order in its entirety, and therefore will address *infra* all of the topics addressed by the defendant in its motion for protective order.
2. *Since the Court has addressed the defendant's argument that the fact-specific topics are not appropriate for a Rule 30(b)(6) deposition, the defendant's objections to specific topics in that regard will not be addressed.*
3. During a telephone conference call with the Court, plaintiff's counsel identified the specific job titles as sheet metal mechanics and laborer A, and suggested that there were approximately a dozen employees in each category.
4. As the defendant itself suggests, the plaintiff has, as a result of the defendant's interrogatory responses and Mr. Wehby's deposition, sufficient information to allow him to be specific about the information he seeks relating to these "communications." Specifically, it appears that the time frame begins in the fall of 2007, and communications involved Scott Shiner, David Franklin, Richard Camden, Paul Joseph, Luis Hernandez, and Tom Russel. See Docket Entry No. 58, at 6-7.

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.