# EXHIBIT M

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Wednesday, April 01, 2015 5:16 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

What is wrong with the recordings that we produced? We even went beyond recordings related to the case. Do you have any evidence that there are recordings that were not produced?

What grounds do you have to assert that there is evidence of spoilation? Plaintiff has cooperated and produced the materials requested and even went beyond their scope to produce more.

The cell phone also contains personal documents completely unrelated to the case, which you have no right to. As I indicated on several occasions now, the materials on the phone were not produced earlier because the phone was in a state of disrepair and the materials on the phone were inaccessible, so any assertion that there was bad faith is without foundation.

Yes, I offered you an opportunity to examine the phone at Plaintiff's deposition. I am sorry that you consider this a joke. You could have obtained everything that you could ask for in discovery by examining the phone--a "forensic" examination is frankly overkill. But it's your client's money. That being said, a "forensic" examination may also be improper under the Federal Rules of Civil Procedure considering its scope and the reason being proffered for requesting such an examination.

How are the copied emails illegible? Please explain. Defendant produced countless blurry emails with miniscule font that were obviously not kept in that format ordinarily judging by the other emails produced. Give me an example and we will attempt to get you better versions. However, I too may request better versions of Defendant's production. Otherwise, what else do you hope to obtain from inspecting the originals?

Your last point, we have been over already. After the deposition, Ms. Reeser reviewed all audio recordings on her phone to identify recordings that she obtained during the course of her employment. Most of these recordings are not relevant to the case. Nonetheless, in the spirit of discovery and to prevent any dispute in the future over Plaintiff's production, Plaintiff produced additional recordings, even those that are irrelevant to the case at hand.

Sanctions for what? Plaintiff supplemented within days of the phone being repaired. Plaintiff agreed to extend her deposition for the sole purpose of examining those documents. What have you not received or are you just using discovery to harass Plaintiff at this point?

- Keith