# EXHIBIT N

**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Monday, April 6, 2015 4:50 PM
**To:** Keith Flynn
**Subject:** Re: Reeser

Your emails are just another delay tactic. Let me know when you will produce the original documents you produced in response to our discovery requests.

### Terrence J. Miglio Esq.

Direct: (248) 567-7828
Cell: (248) 408-2938

Varnum LLP
39500 High Pointe Boulevard, Suite 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

****************************
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400

***CIRCULAR 230***
To ensure compliance with IRS regulations, we inform you that, unless otherwise expressly indicated herein, any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (1) avoiding tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.
****************************



On Apr 6, 2015, at 4:43 PM, Keith Flynn <kflynn@millercohen.com> wrote:

You still have not told me why you want to examine the phone forensically nor have you told me why you want to examine the originals. You have not told me what you are looking for that has not already been produced in discovery. I need additional details to discuss this with my client.

I am happy to allow you to inspect the originals, even though the request is not called for in the Federal Rules of Civil Procedure. That being said, my client should not have to make a special trip to Detroit to do that. If we could coordinate a time for inspection, that should work.

In regards to the forensic analysis of the phone, without further identification of what you are looking for how can I draft a protective order? Again, there are numerous personal documents on the phone that you have no right to that have nothing to do with this case. Would you want someone searching through your personal cellphone without any limitation in place? I would also note that this was never formally requested in discovery.

You accuse us of delaying discovery when we produced documents within days of repair. Yet, I requested answers to the questions below a week ago. What have I heard in that week—nothing. I still have not received a response regarding the stipulated order dealing with Jill Hood's deposition nor have I received your discovery supplemental responses from the order that was entered last week.

If you want to resolve this matter short of litigation, feel free to contact my office number. I am in the office until 5pm today. Perhaps we can work out these issues easier if there was some instantaneous back and forth.

- Keith

**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Monday, April 6, 2015 4:02 PM
**To:** Keith Flynn
**Subject:** RE: Reeser

If you want to avoid a motion, produce the original copies of the emails and other documents Plaintiff produced and agree to have her cell phone examined forensically. If you want to avoid some allegedly personal stuff from being seen or

heard, prepare a protective order. Otherwise I am filing a motion. Time is running out and you have already delayed discovery by producing those items from the cell phone so late.

**Terrence J. Miglio, Esq.**
Direct: (248) 567-7828
Cell: (248) 408-2938

<image001.jpg>
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

*******************************
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400
*******************************

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Monday, April 06, 2015 3:04 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

I am not trying to go around and around; I am trying to discuss the matter in an attempt to avoid motion practice.

It is one thing to request to see the items in their original state; it is another to request a forensic examination of the phone without any reason for violating Plaintiff's privacy concerns. Once again, I offered to let you examine the phone at Plaintiff's deposition. There are materials on the phone that have nothing to do with the case, including unrelated and private communications between Plaintiff and her family and friends. I asked you for a basis for such a heavy handed approach, but I have still not been provided an answer. Could you elaborate on the necessity of a forensic examination? Is there any limitation that you would be willing to propose to prevent examination of Plaintiff's personal information? Again, I am not ruling out examination.

As for the originals, I have no issue with that except that the originals are in Plaintiff's custody and producing those documents may be burdensome considering that she is located so far away. Is there a proposal for dealing with that issue? Furthermore, I believe that you are only entitled to copies under the Federal Rules of Civil Procedure, which we have produced. If your issue deals with legibility, I would be happy to attempt getting you a better copy.

If you have a proposal for resolving this issue short of motion practice, I would be happy to take a look.

Thanks.

- Keith

**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Monday, April 6, 2015 2:22 PM
**To:** Keith Flynn
**Subject:** RE: Reeser

I told you the basis for the motion. I am not going to go around and around with you. There should be no objection to what I have requested. This is discovery and I am entitled to see the items you produced in their original state.

**Terrence J. Miglio, Esq.**
Direct: (248) 567-7828
Cell: (248) 408-2938

<image001.jpg>
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Monday, April 06, 2015 1:01 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

I don't believe that I said no. Instead, I asked you several questions to establish the scope and necessity of your request.

I have not heard anything back from you regarding those questions.

- Keith

**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Monday, April 6, 2015 12:47 PM
**To:** Keith Flynn
**Subject:** RE: Reeser

If you won't agree to a forensic examination of the phone or the production of the original copies, we will file the motion.

**Terrence J. Miglio, Esq.**
Direct: (248) 567-7828
Cell: (248) 408-2938

<image001.jpg>
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

*****************************
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400
*****************************

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Wednesday, April 01, 2015 5:16 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

What is wrong with the recordings that we produced? We even went beyond recordings related to the case. Do you have any evidence that there are recordings that were not produced?

What grounds do you have to assert that there is evidence of spoilation? Plaintiff has cooperated and produced the materials requested and even went beyond their scope to produce more.

The cell phone also contains personal documents completely unrelated to the case, which you have no right to. As I indicated on several occasions now, the materials on the phone were not produced earlier because the phone was in a state of disrepair and the materials on the phone were inaccessible, so any assertion that there was bad faith is without foundation.

Yes, I offered you an opportunity to examine the phone at Plaintiff's deposition. I am sorry that you consider this a joke. You could have obtained everything that you could ask for in discovery by examining the phone--a "forensic" examination is frankly overkill. But it's your client's money. That being said, a "forensic" examination may also be improper under the Federal Rules

of Civil Procedure considering its scope and the reason being proffered for requesting such an examination.

How are the copied emails illegible? Please explain. Defendant produced countless blurry emails with miniscule font that were obviously not kept in that format ordinarily judging by the other emails produced. Give me an example and we will attempt to get you better versions. However, I too may request better versions of Defendant's production. Otherwise, what else do you hope to obtain from inspecting the originals?

Your last point, we have been over already. After the deposition, Ms. Reeser reviewed all audio recordings on her phone to identify recordings that she obtained during the course of her employment. Most of these recordings are not relevant to the case. Nonetheless, in the spirit of discovery and to prevent any dispute in the future over Plaintiff's production, Plaintiff produced additional recordings, even those that are irrelevant to the case at hand.

Sanctions for what? Plaintiff supplemented within days of the phone being repaired. Plaintiff agreed to extend her deposition for the sole purpose of examining those documents. What have you not received or are you just using discovery to harass Plaintiff at this point?

- Keith


**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Tuesday, March 31, 2015 5:48 PM
**To:** Keith Flynn
**Subject:** RE: Reeser

The examination would be by an computer forensic expert to obtain:
 Better recordings of what you produced.
 Other recordings related to the case.
 Text messages and calls about her employment,
to/from  witnesses/employees  of Defendant etc.
 Evidence of spoliation
I don't know what you mean by personal documents. I intend to ask her about what you produced after her dep that you should have produced in response to earlier discovery requests.

You offered to allow me to examine the phone? What a joke.

The originals emails will be more legible and may show when and where they were printed.

Interestingly your client and you said there were only 2 recordings related to Henry Ford, yet you produced 19 recordings, numerous text messages and other items. Your client and you had an absolute duty to produce those items long ago. This kind of conduct merits discovery sanctions which I will be asking for.

**Terrence J. Miglio, Esq.**
Direct: (248) 567-7828
Cell: (248) 408-2938

<image001.jpg>
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

*******************************
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400
*******************************

**From:** Keith Flynn [mailto:kflynn@millercohen.com]
**Sent:** Tuesday, March 31, 2015 5:14 PM
**To:** Miglio, Terrence J.
**Subject:** RE: Reeser

Your request regarding Ms. Reeser's phone raises numerous concerns:

(1) What do you mean forensically examined?
(2) What are you looking for specifically that Plaintiff has not provided to you already in discovery?
(3) What basis do you have for believing such materials exist?
(4) Is there a limit on this examination or do you intend to examine her personal documents as well that are unrelated to Henry Ford or her present lawsuit?
(5) Why didn't you examine the phone at her deposition when I offered?

Please address these concerns.

In regards to inspecting original emails, Plaintiff has already produced copies. Why do you need to inspect the originals?

Thank you.

- Keith

**From:** Miglio, Terrence J. [mailto:tjmiglio@varnumlaw.com]
**Sent:** Tuesday, March 31, 2015 2:43 PM
**To:** Keith Flynn
**Subject:** Reeser

We want to have your client's phone forensically examined. Let me know if you will concur in this request or whether I need to file a motion. Also we want to see the original emails she printed. Let me know if you will concur in this request as well.

**Terrence J. Miglio, Esq.**
Direct: (248) 567-7828
Cell: (248) 408-2938

<image001.jpg>
Varnum LLP
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375

Main: (248) 567-7400
Fax: (248) 567-7423
www.varnumlaw.com

*****************************
CONFIDENTIAL
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is only for viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at (248) 567-7400
*****************************