# EXHIBIT Q

2014 WL 3865891
Only the Westlaw citation is currently available.
United States District Court, C.D. Illinois.
**Peoria Division**

Bassam Assaf, M.D., Plaintiff,
v.
OSF Healthcare System, d/b/a St. Francis Medical Center., Defendant

No. 4:11–CV–04108 | Signed August 6, 2014

**Attorneys and Law Firms**

Eugene K. Hollander, Paul William Ryan, The Law Offices of Eugene K. Hollander, Steven John Ciszewski, Novack & Macey LLP, Chicago, IL, Heather L. Carlson, Patrick L. Woodward, McDonald Woodward & Ivers PC, Davenport, IA, Richard L. Steagall, Ryan Scott McCracken, Nicoara & Steagall, Peoria, IL, for Plaintiff.

Kathy R. Chamberlain, L. Lee Smith, Hinshaw & Culbertson, Peoria, IL, for Defendant.

**Order**

Jonathan E. Hawley, U.S. MAGISTRATE JUDGE

*1 Before the Court is the Plaintiff's Motion to Compel and the Defendant's response thereto. (D. 118; D. 119). For the reasons set forth below, the motion is DENIED as untimely.

A court has discretion to deny a discovery motion filed after the discovery deadline in the case has passed, especially where the moving party has failed to establish good cause for the late filing. See for example *Davis v. City of Springfield,* 2009 WL 1545838 at *3 (CD Ill 2009); *Iosello v. Lawrence,* 2005 WL 200747 at *3 (ND Ill 2005). Discovery in this case closed on July 14, 2014. The motion was filed eighteen days later on August 1, 2014. The motion is therefore untimely, and the Plaintiff has failed to establish good cause to excuse the filing of this discovery motion so long after the discovery deadline had passed.

Specifically, at the June 19, 2014 hearing, the Court made it clear that the discovery deadline in this case was firm. See "Minute Entry" for June 19, 2014 ("no continuances" and "[t]he case will proceed with the schedule the Court previously set"). The parties were on notice that the Court would strictly enforce the discovery deadline in this case, especially in light of the four previous extensions of the discovery deadline, the various delays caused by the multiple changes in Plaintiff's counsel, and the pendency of this case for over three and a half years.

In light of this procedural history, Plaintiff's counsel should have filed the motion to compel immediately upon learning of its need which, as the Plaintiff states in his motion, was during the July 10, 2014 deposition of Dr. Zallek—four days before the close of discovery. Instead, the Plaintiff waited until 5:19 p.m. on July 14, 2014—the day discovery closed—to make a request to the Defendant for the information it sought. (D. 118–1 at ECF p. 36). The next day, July 15, 2014, at 4:46 p.m., the Defendant made this response to the Plaintiff's email of July 14th:

> With respect to the informal requests you sent yesterday and today regarding Dr. Zallek, we are of the opinion fact discovery is closed. You will need to file a motion with respect to these requests.

(D. 118–1 at ECF p. 34). Even if the failure to file a motion to compel on July 10, 2014 could be excused, after the Plaintiff received this July 15th email, the need for the Plaintiff to file a motion to compel was abundantly clear. Although any motion filed within a reasonable period of time after receipt of the July 15, 2014 response would still have been untimely, a prompt albeit untimely motion would have demonstrated at least some diligence on the Plaintiff's part in bringing the issue before the Court's attention close to the expiration of the discovery deadline.

Instead, the Plaintiff did not file the motion to compel until August 1, 2014—eighteen days after discovery had closed and seventeen days after the Defendant's July 15th email. The Plaintiff provides nothing which demonstrates there was cause—"good" or otherwise—to allow seventeen days to slip by before taking any action.

*2 Moreover, as the Defendant notes, the Plaintiff had ample opportunity to depose Dr. Zallek prior to July 10, 2014. Dr. Zallek was scheduled for a deposition on March 27, 2014. The Plaintiff unilaterally cancelled it. Dr. Zallek was scheduled for a deposition on May 16, 2014. The Plaintiff unilaterally cancelled it. (D. 119 at ECF p. 1).

Had the Plaintiff conducted the deposition on either of these dates, he would have had at a minimum two months to confer with opposing counsel and, if necessary, file a motion with this Court. It was the Plaintiff's conduct in discovery which left him instead with only four days to seek additional discovery based upon the deposition of Dr. Zallek. Even so, he had four days within which to confer with opposing counsel and get a motion to compel filed before the close of discovery. Not only did the Plaintiff fail to avail himself of this opportunity, but he waited eighteen more days *after* discovery had concluded to get around to filing the motion to compel. There is no "good cause" for this delay.

Finally, a grant of the untimely motion would unfairly prejudice the Defendant. Dispositive motions are due on August 15, 2014, this date being only 32 days after the close of the discovery deadline. In using those 32 days to prepare a dispositive motion, a party is entitled to rely on the assumption that discovery is closed and all the facts pertinent to dispositive motions are in the possession of the parties. Coming to the Court eighteen days into the period for completing dispositive motions—more than halfway through the period—seeking new discovery runs the risk of requiring the opposing party to redraft or reframe the work it has already done on its dispositive motion. There is no reason to run this risk when the Plaintiff here had an opportunity to file his motion before discovery closed or, at a minimum, shortly after receiving the Defendant's responsive email on July 15, 2014.

For all these reasons, the Motion to Compel (D.118) is DENIED.

So Ordered.

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.