# EXHIBIT R

2014 WL 661709
Only the Westlaw citation is currently available.
United States District Court,
S.D. Ohio,
Eastern Division.

Mark Edward HURST, Plaintiff,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al., Defendants.

Civil Action No. 2:11–cv–1090. | Feb. 19, 2014.

**Attorneys and Law Firms**

Mark Edward Hurst, Newark, OH, pro se.

Thomas Clarke Miller, Ohio Attorney General's Office, Columbus, OH, for Defendants.

*ORDER AND REPORT AND RECOMMENDATION*

NORAH McCANN KING, United States Magistrate Judge.

**\*1** Plaintiff Mark Hurst, a former state prisoner, originally filed this action under 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation ("ODRC"), Gary Mohr, Mona Parks, Dr. David Weil, Karen Stanforth, Ralph Wilson, and six unidentified members of the "Collegial Review Committee," alleging that defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. The Court previously granted summary judgment in favor of the original defendants on all claims except the § 1983 individual capacity claim against Dr. Weil. As to that claim, the Court concluded that "there remain[ed] a genuine issue of material fact as to whether the medical decisions made in this case were such a substantial departure from accepted professional judgment as to amount to deliberate indifference." *Report and Recommendation,* Doc. No. 47, p. 16; *Opinion and Order,* Doc. No. 52. Plaintiff thereafter filed the *Amended Complaint,* Doc. No. 58, asserting claims against John Gardner and Dr. Andrew Eddy, the previously unidentified members of the "Collegial Review Committee."

This matter is now before the Court on plaintiff's *Motion to Compel,* Doc. No. 84, and on plaintiff's *Motion for Summary Judgment,* Doc. No. 78.

*Motion to Compel*
In his *Motion to Compel,* plaintiff seeks to require "the Defendants to provide readable printed names to match every signature, and initial, with a job [ ] title, to every Medical Document relating to Plaintiff, that the ODRC has on record." *Id* . at p. 2. On August 1, 2013, following a status conference, the Court directed that all discovery be completed by January 15, 2014. The parties were advised that the discovery completion date "requires that discovery requests be made sufficiently in advance to permit timely response by that date. Discovery related motions, if any, must be filed prior to the discovery completion date." *Order,* Doc. No. 68, p. 1. Plaintiff's *Motion to Compel* was filed on February 4, 2014, *i.e.,* more than two weeks after the deadline for filing discovery related motions. Although plaintiff indicates that the motion relates to discovery requests propounded during the discovery period, plaintiff has not explained why the *Motion to Compel* was not filed "prior to the discovery completion date." *See Order,* Doc. No. 68, p. 1. Furthermore, nothing in plaintiff's *Motion to Compel* even suggests that the motion could not have been filed by the January 15, 2014 deadline. Plaintiff simply has not shown that he was diligent in attempting to meet the case management deadline. Plaintiff's *Motion to Compel,* Doc. No. 84, is therefore **DENIED.**

*Motion for Summary Judgment*
Plaintiff moves for summary judgment on his remaining claims. The standard for summary judgment is well established. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). *Id.* In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

\*2 The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed.R.Civ.P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

The *Amended Complaint* asserts claims against Dr. Weil, Dr. Eddy, and John Gardner for allegedly denying plaintiff necessary surgery and rehabilitation in connection with a rotator cuff tear. *Amended Complaint*, ¶ 9. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. In order to prevail on his claims, plaintiff must prove that each defendant acted with "deliberate indifference to [plaintiff's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This standard includes both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The subjective component requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001) (citing *Farmer*, 511 U.S. at 837). However, "a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' " *Id.* (quoting *Farmer*, 511 U.S. at 835). "Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.' " *Id.* (quoting *Farmer*, 511 U.S. at 836).

Plaintiff alleges that the cancellation of scheduled rotator cuff surgery by Dr. Weil, after consultation with Dr. Eddy and John Gardner, constitutes deliberate indifference to plaintiff's serious medical needs. Plaintiff argues that the evidence attached to his *Motion for Summary Judgment* and a "thorough analysis" of this Court's October 23, 2012 *Report and Recommendation*, Doc. No. 47, prove that Dr. Weil acted with deliberate indifference "and had no cognizable reason to cancel Plaintiff's surgery." *Motion for Summary Judgment*, pp. 3–9. Plaintiff's argument is not well taken.

The *Report and Recommendation* upon which plaintiff relies in this regard, Doc. No. 47, recommended that *Defendants' Motion for Summary Judgment* be denied as to plaintiff's § 1983 individual capacity claims against Dr. Weil. That recommendation was based on the conclusion that "there remain[ed] a genuine issue of material fact as to whether the medical decisions made in this case were such a substantial departure from accepted professional judgment as to amount to deliberate indifference." *Id.* at p. 16. That genuine issue remains and plaintiff's reliance on the *Report and Recommendation* as a basis for summary judgment is therefore improper. Furthermore, the additional evidence[1] submitted in support of plaintiff's *Motion for Summary* is not dispositive of either plaintiff's claims or of Dr. Weil's defenses against those claims. The Court therefore concludes that there remains a genuine issue of material fact as to plaintiff's deliberate indifference claim against Dr. Weil. Because plaintiff's claims against Dr. Eddy and John Gardner are premised on these defendants' agreement with Dr. Weil in cancelling plaintiff's surgery, it follows that there also remains a genuine issue as to whether these defendants were also deliberately indifferent to plaintiff's serious medical needs.

\*3 Accordingly, it is **RECOMMENDED** that plaintiff's *Motion for Summary Judgment*, Doc. No. 78, be **DENIED.**

Plaintiff's *Motion to Compel*, Doc. No. 84, is **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

The parties are specifically advised that failure to object

to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir.1987); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

Footnotes

1     Attached to plaintiff's *Motion for Summary Judgment* are documents consisting of, or relating to, ODRC protocols regarding referrals to medical consultation, the exhaustion of plaintiff's administrative remedies, plaintiff's medical records, plaintiff's discovery requests and defendants' responses thereto, declarations and defendants' résumés, documents exchanged between the parties during settlement negotiations, and plaintiff's last paystub prior to his incarceration. At a minimum, these documents fail to establish the subjective component of his Eighth Amendment claims. *See Comstock,* 273 F.3d at 703. Moreover, evidence of settlement negotiations cannot be considered on summary judgment. *See* Fed.R.Evid. 408. In any event, many of the attached documents were considered by the Court in resolving, and denying, defendants' motion for summary judgment. *See* Doc. Nos. 36, 38, 47.

**End of Document**           © 2015 Thomson Reuters. No claim to original U.S. Government Works.