# EXHIBIT U

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Case No.: 2:14-CV-11916

_____/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**TAKE NOTICE THAT** pursuant to FRCP. 34, Defendant hereby requests production of the following documents and things within thirty (30) days after service hereof:

### DEFINITIONS AND INSTRUCTIONS

A.    As used herein, the phrase "in Plaintiff's custody or control" includes possession, custody, or control of any third party or parties to whom Plaintiff has

surrendered possession, custody, or control, or who, upon Plaintiff's request, would surrender possession, custody, or control to Plaintiff.

B.  As used herein, the term "document" includes, without limitation, the original, regardless of origin or location, of any correspondence, book, pamphlet, periodical, letter, diary, memorandum, telegram, cable, report, record, study, stenographic or handwritten note, working paper, invoice, voucher, check statement, chart, collective bargaining agreement, picture, voice recording, tape, microfilm tape data sheet or data processing card or disc, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all records or writings, however produced or reproduced.

C.  Each request herein for a document or documents to be produced, whether memoranda, reports, letters, minutes, or other documents of any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

D.  In the event that any document called for herein has been destroyed, that document is to be identified as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments and appendices, all persons to whom distributed, shown or explained, date of destruction, manner

of destruction, reason for destruction, person who authorized destruction, and person who destroyed the document.

E.  If responses to specific document requests should require duplication of a document referred to or produced by a prior request, Plaintiff may refer to that prior document in a manner identifying it with particularity or mark the prior document to designate the particular portion thereof to which Plaintiff makes later reference.

F.  Each request shall be deemed continuing so as to require further and supplemental production if Plaintiff or Plaintiff's attorney discovers additional documents between the time of production and the time of trial as required by FRCP. 26.

G.  If it is claimed that a request need not be complied with because of privilege or evidentiary grounds, state with particularity the privilege or evidentiary ground relied upon.

## DOCUMENT REQUESTS

1.  Any and all documents in Plaintiff's possession, custody, or control constituting, reflecting, or relating to any personnel policies, rules, procedures, practices, etc., concerning Plaintiff's employment with Defendant.

2.  Any and all documents in Plaintiff's possession, custody, or control

3

that constitute or evidence any correspondence or communications by or between Plaintiff and Defendant or its employees, including any letters, notes, e-mail, or other electronic correspondence.

3. Any and all documents in Plaintiff's possession, custody, or control that constitute, reflect, or relate to Plaintiff's efforts, if any, to obtain employment or self-employment following the termination of her employment with Defendant, including, but not limited to, any applications for employment, letters, notes, e-mail or other electronic correspondence, resumes, curriculum vitaes, letters of reference, advertisements, solicitations, etc.

4. Any and all documents in Plaintiff's possession, custody, or control that reflect or relate to any earnings, income, revenue, compensation, benefits, or remuneration of any kind whatsoever that Plaintiff has received from any source since leaving the employ of Defendant.

5. Any and all documents in Plaintiff's possession, custody, or control that reflect or relate to any medical or psychological expenses or costs that Plaintiff claims were incurred as a result of the conduct complained of in the Complaint.

6. Any and all documents in Plaintiff's possession, custody, or control that evidence, reflect, or relate to any damages or expenses that Plaintiff claims to have suffered or incurred as a result of the conduct set forth in the Complaint.

7. Any and all documents, computer disks or diskettes, tape recordings, statements, records, brochures, or policy manuals that Plaintiff obtained from Defendant during the course of her employment.

8. Any and all documents in Plaintiff's possession, custody, or control that constitute, reflect, or relate to Plaintiff's federal, state, and local income tax returns for the years 2009 through the present.

9. Any and all calendars, date books, appointment books, diaries, planners, etc., that were maintained by or for Plaintiff, whether maintained in hard copy or electronic form, for the years 2011 through the present.

10. Any and all documents in Plaintiff's possession, custody, or control that constitute any work product created or generated by Plaintiff during the term of her employment with Defendant.

11. Any and all documents in Plaintiff's possession, custody, or control that relate to any conversations or meetings Plaintiff has had with any employees of Defendant.

12. Any and all documents in Plaintiff's possession, custody, or control that constitute statements by any witnesses to any of the events alleged in the Complaint.

13. Any and all documents in Plaintiff's possession, custody, or control that constitute any exhibits Plaintiff may introduce in this matter.

14. Any and all documents in Plaintiff's possession, custody, or control that relate to any conversations or meetings between Plaintiff and any persons who witnessed any of the events described in the Complaint or any persons who Plaintiff may call as a witness in this matter.

15. Any and all documents not heretofore requested that support any of the allegations of the Complaint.

16. Any and all documents, including photographs, constituting or reflecting any complaint(s) or grievance(s) made by Plaintiff or on her behalf related to or concerning the allegations in this Lawsuit.

17. Any and all documents constituting or reflecting any response(s) to any complaint(s) or grievance(s) made by Plaintiff or on her behalf related to or concerning the allegations in this Lawsuit.

18. Any and all documents in Plaintiff's possession, custody, or control that relate to any conversations or meetings between Plaintiff and any persons who witnessed any of the events described in the Complaint or any persons who Plaintiff may call as a witness in this matter.

19. A copy of Plaintiff's most recent resume.

Respectfully submitted:

VARNUM LLP

By: _____
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Ste 350
Novi, MI 48075
(248) 567-7828

Dated: July 2, 2014

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 2 day of July, 2014, I caused the foregoing documents to be served upon all parties of record by placing said documents in an envelope with proper postage affixed thereto and placing same in the U.S. Mail.

_____
Melissa Henry

8481704_1.docx