# Exhibit 17



March 5, 2014

TO: Natalie Reeser
Re: Investigation summary from January 20, 2014 conversation

Dear Ms. Natalie Reeser,

When we met on January 20, 2014, you brought several concerns to my attention. I have finalized my investigation and wanted to share with you the results.

**Paid meal break:**
You informed me that you have not been allowed to take this 30 minute break but rather were "engaged to wait" during this time without compensation. Per HFHS policy #5.05, employees are entitled to a 30 minute unpaid lunch break. Thus, an in-depth review of your schedules, payroll records, and compensation records has been conducted for 2 years back to the date that you placed me on notice (The Fair Labor Standards Act allows for a 2 year statute of limitations for back wages). As stated in my email to you on 3/4/14, a check was processed and sent to your bank via direct deposit on 3/4/14 for any/all days where 8+ hours were worked without a lunch from January 20, 2012 to February 25, 2014. Included on this check is payment for a 30 minute "meal period" including overtime calculations. Thus, anytime that you worked over 40 hours in a week, the lunch period was calculated at the overtime rate of one and a half times your hourly rate.

**Reporting of break time:**
At that meeting on January 20, you informed me that Fiona stated you would be "terminated" if you contacted Human Resources about this "unpaid lunch" concern. You shared with me that other employees were also issued this same threat and you asked that I follow up with your fellow co-workers to get confirmation. Part of my investigation was direct conversations with the staff and based on those conversations, I was not able to validate this claim as no other employee supported this statement. In fact, your fellow co-workers informed me that Fiona had provided them with a written procedure for reporting when a lunch (meal period) was not received.

**2013 Performance Review Concerns:**
You stated that "I believe my supervisor, Fiona Bork, was not impartial when she assigned "2.0, Some Success" markers to two performance categories on my annual review." Additionally, you raised concern about an "altered or deleted goal."
Regarding the 2 goals that were scored at a "2.0":
- Foster and Support Innovation: As I shared with you at the meeting on January 20, 2014, the score of 2 was listed in error, per your Manager, and had already been changed to a "3".

- Display a Positive Attitude/Respond in a Timely Manner: This item was scored as a "2" due to the need for "additional training due to numerous complaints of bruising and pain." At our meeting, you shared with me that a change in supplies (tape) issued by the company was the sole cause for these errors. During my investigation, however, information was provided to me that your trainer found an error in your technique that would cause "bruising". Thus, it appears that this score was given in good faith by your Manager.
- Regarding the "altered or deleted goal": As I shared with you at our meeting on January 20, 2014, after reviewing your performance evaluation, I noticed that you had a goal of "To Grow CTPSC to 20 plus customers a day." The volume per day for 2013 did not reach that goal, therefore you received a score of "2" with a 5% weight. Since this goal was not within your direct control and since the score was less than satisfactory, I requested that this goal be deleted and that the 5% weight be attributed to another goal (which ultimately raised your overall performance score).

**Unemployment hearing for a previous employee:**
You informed me that your Manager, Fiona Bork, told you that you needed to "lie" at an unemployment hearing for a previous employee. You additionally stated that Fiona told you that you would be "terminated" if you did present this false testimony.

- Regarding the "false statements: After reviewing documentation regarding this particular unemployment hearing, I found an email from you, informing Fiona that you personally overheard the exact statements that you told me were "lies". There was also a second email from you referencing the first email, in which you wrote: "I am willing to take a lie detector test, I have nothing to hide. I am telling the 100% truth."
- Regarding the threat of termination: On January 24, 2014, I emailed and asked for specific documentation regarding this threat. The only statement you would provide in writing was "I was still a newer employee, I just remember not having a choice."

Upon concluding the investigation, your allegations could not be substantiated.

Sincerely,

*Jill E. Hood*

Jill E. Hood, PHR, MSCJ
Human Resources
Senior Business Partner
Henry Ford Hospital and Volunteer Services
Office: 313-916-8564

HFH200