# Exhibit 33

RICK SNYDER
GOVERNOR

STATE OF MICHIGAN
**DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS**
MICHIGAN OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION
MARTHA B. YODER
DIRECTOR

STEVE ARWOOD
DIRECTOR

RECEIVED JUN 09 2014

5/30/14

Natalie Reeser
20481 Foster Drive
Clinton Twp., MI 48036

RECEIVED
JUN 10 2014
LEGAL AFFAIRS

Dear Ms. Reeser:

Re: Natalie Reeser, #177607, vs. Henry Ford Health Systems

This letter is to advise you of the findings in the above referenced case.

The investigation has disclosed that wages are not due to you for the period from 2/27/13 to 2/25/14. The attached sheet provides a detailed explanation on how these findings were obtained.

**Please review the explanation carefully. If you accept the findings, please contact me to withdraw at (248) 912-4671 or sign the enclosed withdrawal form and return in the envelope provided as soon as possible, but not later than 6/16/14.**

**If you have not contacted me to withdraw or the withdrawal form is not received by 6/16/14, the findings will be reported to the division's administration requesting that a departmental determination order be issued finding no wages due.**

If a departmental determination order is issued, you will receive a copy of that order in the mail. Both parties may appeal an order once it is issued and contains the instructions on how to file an appeal.

You may contact me at (248) 912-4671 if you have any questions or concerns.

Sincerely,

Marguerite Bayer, Investigator

Enclosures

cc: Henry Ford Health System
Attn: Jill E. Hood, PHR, MSCJ
2799 W. Grand Blvd.
Detroit, MI 48202

cc: Henry Ford Health System
Attn: Edith L. Eisenmann, Resident Agent
1 Ford Place, Suite 5B
Detroit, MI 48202

LARA is an equal opportunity employer/program.
Auxiliary aids, services and other reasonable accommodations are available, upon request, to individuals with disabilities.
WAGE AND HOUR PROGRAM
P.O. BOX 30476 • LANSING, MICHIGAN 48909-7976
www.michigan.gov/wagehour • (517) 322-1825 • FAX (517) 322-6352
Toll Free: 1-855-4MI-WAGE (1-855-464-9243)

Natalie Reeser
Natalie Reeser, #177607, vs. Henry Ford Health System
Page 3
May 30, 2014

The investigator reviewed the employer payroll records for the period claimed and compared them to the employer self-audit. During the period claimed, the employee earned a total of $28425.24 gross wages. During the period claimed, the employee was paid $26938.20 gross wages. The employer performed a self-audit that was completed prior to receiving the agency notification and admitted to erroneously deducting 30 minutes from employee's pay. The employer performed a 2 year audit (which exceeded the agency audit per Michigan Act 390) and determined that the employee was owed a gross amount of $3572.52 net amount $2469.67 for 376 missed lunch breaks. Of the 376 missed lunch breaks, only 126 were missed during the period claimed. Per the employer calculations of the 126 missed breaks, 43 were payable at the rate of $14.00/hour as those weeks did not include any overtime hours. Of the 126 missed breaks, 46 were payable at the rate of $21.00/hour as those weeks did include overtime hours. Of the 126 missed breaks, 26 were payable at the rate of $14.28/hour as those weeks did not include overtime hours. Of the 126 missed breaks, 78 were payable at the rate of $21.42/hour as those weeks did include overtime hours.

Per Michigan Act 154 Minimum Wage and Overtime Act, overtime is defined as any hours worked over 40 hours in a 7 day workweek.

The employee argues that all lunch breaks should be calculated at the overtime rate. However per Michigan Act 390, an employee is to be paid their wage agreement for all hours worked during the pay period. An audit was performed determining total hours worked compared to total hours paid during the period claimed.

43 x .5 x $14.00/hour = $301.00
46 x .5 x $21.00/hour = $483.00
26 x .5 x $14.28/hour = $185.64
78 x .5 x $21.42/hour = $835.38
TOTAL GROSS WAGES PAID FOR PERIOD CLAIMED = $1805.02 (OF THE $3572.52 GROSS PAID VIA DIRECT DEPOSIT ON 3/7/14.

As the investigator found due $1487.04 for period claimed according to time records completed by the employee and payroll records and the employer paid the employee a total of $1805.02 for the period claimed per the employer self-audit and payroll records, the investigator is unable to find any further wages due.

A copy of the payroll records are included in the employee's finding letter which satisfy the employee's complaint for pay stubs.

Natalie Reeser
Natalie Reeser, #177607, vs. Henry Ford Health System
Page 2
May 30, 2014

On 2/27/14 the agency received employee complaint filed against Henry Ford for unpaid wages in the amount of $6852.40 for the period of 5/16/11 to 2/25/14. The employee alleged that during her employment the employer deducted 30 minutes for lunch each day from her pay. The employee alleged that due to the nature of her job as a phlebotomist / lab assistant, she was never able to take a lunch and therefore should be compensated for hours worked.

On 3/10/14 the employee and investigator discussed complaint via telephone. The employee was advised of the 12 month statute of limitation to file a claim for unpaid wages. On 3/10/14 the employee elected to withdraw the period of 5/16/11 to 2/26/13 and change the amount claimed to $4284.00 calculated at 200 hours x $21.42/hour. On 3/10/14 employee stated that the employer contacted her and stated that an audit was performed and money was found due to the employee. The employee stated that she did not have the exact amount but that approximately $2400.00 was deposited however she believed that she was owed more. On 3/10/14 the employee confirmed the information via email.

On 3/10/14 a Claimant Assistance Letter and Wage Claim Supplement were mailed to the employee. On 3/11/14 a Notification Letter was mailed to both parties.

On 3/14/14 the employee submitted a copy of employee's letter submitted to HR regarding the employer deduction of 30 minute breaks.

Meal Breaks
Employees assigned to the Clinton Township Outreach Lab, who are working alone, are required to stay on-site the entire work day as coverage for patients that may require blood draws at any time throughout each day. Employee schedules include additional time for a meal break (my schedule currently includes 30 minutes for lunch, and formerly included 60 minutes for about my first 18 months of employment); however, an actual lunch time is not provided. I was told that any "down time" was to be considered as lunch. However, I recently learned that The Fair Labor Standards Act (FLSA) states that hourly employees, who are required to work more than 40 hours in a work week, are to be compensated for those hours under a term called, "engaged to work." In order for an employee to not be "engaged to work," an employee must be completely relieved from duty for the purpose of eating regular meals.

On 3/14/14 the employee provided a copy of the primary lunch documentation that was issued by employee's former employer effective 4/1/14 (after employee's date of termination). As well as company policy stating pertaining to employee meal breaks.

On 3/21/14 the employer provided a written response to employee's complaint acknowledging that the employee was entitled to payment for the 30 minute lunch breaks deducted from pay on days employee worked 8 hours or more as the employee was engaged to wait during that time. The employer provided copies of time cards completed by the employee, payroll records and an employer audit for the period claimed.

The investigator completed an audit using the employer provided time records and payroll records and compared the audit to the employer audit.

Per the audit attached, the employee worked 1904 hours of straight time and 69.5 hours of overtime per the employee's time records. Lunch breaks were not documented. The employee was paid an hourly rate of $14.00/hour straight time and $21.00/hour overtime from period ending 3/9/13 to period ending 8/10/13. Effective 8/11/13 the employee's wage agreement changed to an hourly rate of $14.28/hour straight time and $21.42/hour overtime. Per the audit, the employee was due a total of $1487.04 ($28425.24 gross earned - $26938.20 gross paid).



**Michigan Department of Licensing and Regulatory Affairs**
**Michigan Occupational Safety and Health Administration**
**Wage and Hour Program**
**Audit Form**

Claim #:

| Employer Name: | Employee Name: |
|---|---|
| Henry Ford Health System | Natalie Reeser #177607 |
| Address: | Address: |
| City: | City: |
| State: ZIP | State: ZIP |
| Records audited: | Last 4 Digits of Social Security #: |
| Employer time, payroll and spreadsheet | Occupation: Phlebotomis/ Lab Assistant |

| Period Ending: | Name: | Birthdate: | Hours Worked: | Gross Wages Paid: | Check #: | Che |
|---|---|---|---|---|---|---|

Place an "X" in the correct pay period of employee:   Weekly       X Biweekly

| (1) Period Ending | (2) Hours Worked Regular | Overtime | (3) Rate of Pay Regular | Overtime | (4) Regular Wages Earned | (5) Overtime Wages Earned | (6) Total Gross Earned | (7) Gross Wages Paid | (8) Other (tips) |
|---|---|---|---|---|---|---|---|---|---|
| 3/9/2013 | 80 | 3.3 | $14.00 | $21.00 | $1,120.00 | $69.30 | $1,189.30 | $1,118.60 | |
| 3/23/2013 | 80 | 4.1 | $14.00 | $21.00 | $1,120.00 | $86.10 | $1,206.10 | $1,124.20 | |
| 4/6/2013 | 60.2 | | $14.00 | $21.00 | $842.80 | $0.00 | $842.80 | $820.40 | |
| 4/20/2013 | 80 | 4 | $14.00 | $21.00 | $1,120.00 | $84.00 | $1,204.00 | $1,120.00 | |
| 5/4/2013 | 72.5 | 2.3 | $14.00 | $21.00 | $1,015.00 | $48.30 | $1,063.30 | $1,004.50 | |
| 5/18/2013 | 74.5 | 2 | $14.00 | $21.00 | $1,043.00 | $42.00 | $1,085.00 | $1,124.20 | |
| 6/1/2013 | 65.5 | 2 | $14.00 | $21.00 | $917.00 | $42.00 | $959.00 | $903.00 | |
| 6/15/2013 | 76 | | $14.00 | $21.00 | $1,064.00 | $0.00 | $1,064.00 | $1,027.60 | |
| 6/29/2013 | 78 | 2 | $14.00 | $21.00 | $1,092.00 | $42.00 | $1,134.00 | $1,068.20 | |
| 7/13/2013 | 59 | 2 | $14.00 | $21.00 | $826.00 | $42.00 | $868.00 | $812.00 | |
| 7/27/2013 | 73.3 | | $14.00 | $21.00 | $1,026.20 | $0.00 | $1,026.20 | $982.80 | |
| 8/10/2013 | 70.5 | | $14.00 | $21.00 | $987.00 | $0.00 | $987.00 | $940.80 | |
| 8/24/2013 | 80 | 4 | $14.28 | $21.42 | $1,142.40 | $85.68 | $1,228.08 | $1,142.40 | |
| 9/7/2013 | 66 | | $14.28 | $21.42 | $942.48 | $0.00 | $942.48 | $902.50 | |
| 9/21/2013 | 80 | 4 | $14.28 | $21.42 | $1,142.40 | $85.68 | $1,228.08 | $1,142.40 | |
| 10/5/2013 | 78.2 | 2 | $14.28 | $21.42 | $1,116.70 | $42.84 | $1,159.54 | $1,089.56 | |
| 10/19/2013 | 73.5 | 2 | $14.28 | $21.42 | $1,049.58 | $42.84 | $1,092.42 | $1,021.02 | |
| 11/2/2013 | 68.5 | 2 | $14.28 | $21.42 | $978.18 | $42.84 | $1,021.02 | $956.76 | |
| 11/16/2013 | 80 | 4 | $14.28 | $21.42 | $1,142.40 | $85.68 | $1,228.08 | $1,142.40 | |
| 11/30/2013 | 68.5 | 2 | $14.28 | $21.42 | $978.18 | $42.84 | $1,021.02 | $956.76 | |
| 12/14/2013 | 80 | 4 | $14.28 | $21.42 | $1,142.40 | $85.68 | $1,228.08 | $1,142.40 | |
| Page 1 Total | 1544.2 | 45.7 | | | $21,807.72 | $969.78 | $22,777.50 | $21,542.50 | $0.00 |

Michigan Department of Licensing and Regulatory Affairs
Michigan Occupational Safety and Health Administration
Wage and Hour Program
Audit Form

| (1) Period Ending | (2) Hours Worked | | (3) Rate of Pay | | (4) Regular Wages Earned | (5) Overtime Wages Earned | (6) Total Gross Earned | (7) Gross Wages Paid | (8) Other (tips) |
|---|---|---|---|---|---|---|---|---|---|
| | Regular | Overtime | Regular | Overtime | | | | | |
| 12/28/2013 | 55.5 | 2 | $14.28 | $21.42 | $792.54 | $42.84 | $835.38 | $785.40 | |
| 1/11/2014 | 53.5 | 2.2 | $14.28 | $21.42 | $763.98 | $47.12 | $811.10 | $763.27 | |
| 1/25/2014 | 80 | 15.6 | $14.28 | $21.42 | $1,142.40 | $334.15 | $1,476.55 | $1,399.44 | |
| 2/8/2014 | 75.3 | 2 | $14.28 | $21.42 | $1,075.28 | $42.84 | $1,118.12 | $1,055.29 | |
| 2/22/2014 | 78 | 2 | $14.28 | $21.42 | $1,113.84 | $42.84 | $1,156.68 | $1,142.40 | |
| 3/8/2014 | 17.5 | | $14.28 | $21.42 | $249.90 | $0.00 | $249.90 | $249.90 | |
| 3/22/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 4/5/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 4/19/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 5/3/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 5/17/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 5/31/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 6/14/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 6/28/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 7/12/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 7/26/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 8/9/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 8/23/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 9/6/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 9/20/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 10/4/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 10/18/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 11/1/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 11/15/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 11/29/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 12/13/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 12/27/2014 | | | | | $0.00 | $0.00 | $0.00 | | |
| 1/10/2015 | | | | | $0.00 | $0.00 | $0.00 | | |
| 1/24/2015 | | | | | $0.00 | $0.00 | $0.00 | | |
| 2/7/2015 | | | | | $0.00 | $0.00 | $0.00 | | |
| 2/21/2015 | | | | | $0.00 | $0.00 | $0.00 | | |
| Page 2 total | 359.8 | 23.8 | | | $5,137.94 | $509.80 | $5,647.74 | $5,395.70 | $0.00 |
| Page 1 total | 1544.2 | 45.7 | | | $21,807.72 | $969.78 | $22,777.50 | $21,542.50 | $0.00 |
| Grand Total | 1904 | 69.5 | | | $26,945.66 | $1,479.58 | $28,425.24 | $26,938.20 | $0.00 |

I acknowledge completion of the audit for the above named individual.

Bayer    ,Wage & Hour Program    Investigator    Title    Date