UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,                                      Hon. George Caram Steeh
                                                     Mag. Judge Michael Hluchaniuk
                                                     Case No.: 2:14-cv-11916

v.

HENRY FORD HOSPITAL,

    Defendant.

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226 | Novi, MI 48375 |
| 313-964-4454 | 248-567-7828 |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
|  | bebuchanan@varnumlaw.com |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL INSPECTION OF
ORIGINAL DOCUMENTS, FORENSIC EXAMINATION
OF PLAINTIFF'S CELLULAR PHONE AND FOR
<u>REASONABLE EXPENSES PURSUANT TO RULE 37</u>**

Plaintiff raises six arguments in an effort to avoid an inspection of her original emails and a forensic examination of her Galaxy Phone. As set forth below, none of Plaintiff's arguments has any merit.

## I. ARGUMENT

### A. A Forensic Examination of Plaintiff's Cellular Phone Will Not Infringe on Her Privacy.

Plaintiff argues that a forensic examination of her Galaxy Phone will infringe on her privacy. Not only are Plaintiff's alleged privacy concerns unfounded, but there is also good cause for the examination.

As noted in Defendant's motion, a party cannot withhold information on grounds that it is "confidential" when it can be protected by a protective order. (Doc #34, Pg ID 730). In an April 6, 2015 email, Defendant's counsel advised Plaintiff's counsel that Defendant would stipulate to a protective order governing production of the information contained on Plaintiff's Galaxy Phone. *Ex. P to Plaintiff's Response* (Doc #42-16, Pg ID 1004). Plaintiff's counsel still has not offered any explanation as to why a protective order is insufficient to address Plaintiff's privacy concerns. Defendant remains willing to enter into a protective order covering any "confidential" information contained on Plaintiff's phone.

Good cause exists for a forensic examination of Plaintiff's Galaxy Phone. Defendant has asked for the examination primarily because the previously produced copies of emails, text messages and voice recordings taken from the phone are unclear or inaudible, and do not include critical information such as dates and times of creation and printing. Due to the poor quality of the

2

reproductions Plaintiff has produced to date and the incomplete information regarding dates and times, there is good cause for a forensic examination of the phone and production of original emails.

**B.     Plaintiff Has Refused to Produce Original Documents.**

In one breath, Plaintiff argues that she has never denied Defendant the ability to review original emails. In the next, Plaintiff concedes that original emails have not been provided. *Ex. N to Plaintiff's Response* (Doc #42-14, Pg ID 999). In fact, Plaintiff has never produced original emails. The same is true of the original emails, text messages and voice recordings on Plaintiff's Galaxy Phone, as Plaintiff has refused to produce the phone for examination.

It is not disputed that the original texts and recordings requested by Defendant are contained on Plaintiff's Galaxy Phone. It is not disputed that Plaintiff has failed to produce any of these original texts or recordings, or any of her original emails. These deficiencies in Plaintiff's discovery responses can be remedied through an order requiring (1) production of all original emails, and (2) a forensic examination of Plaintiff's Galaxy Phone.

**C.     Defendant's Motion is Timely.**

Plaintiff also attempts to avoid a forensic examination of her Galaxy Phone by pointing out that the instant motion was filed a few weeks after the close of discovery. However, Plaintiff acknowledges that courts have broad discretion in

3

managing discovery. Indeed, there is no time limit in either the Federal Rules of Civil Procedure or the Eastern District of Michigan Local Rules for filing a motion to compel discovery.

Here, Defendant had no idea Plaintiff's Galaxy Phone even existed until under questioning at her deposition, she finally identified it as the source of five pages of text messages produced for the first time at her March 23, 2015 deposition, as well as various other emails and voice recordings. *Ex. B to Defendant's Motion* (Doc #34-3, Pg ID 753-54, 759), 25:21-26:11; 29:14-29:22; 163:24-164:2. The next day, Plaintiff produced for the first time copies of mostly inaudible voice recordings taken from the Galaxy Phone. *Ex. J to Plaintiff's Response* (Doc #42-10, Pg ID 977). On March 31, 2015, Defendant's counsel began a lengthy email exchange with Plaintiff's counsel requesting that Plaintiff make the phone available for a forensic examination and produce original emails. *Ex. N to Plaintiff's Response* (Doc #42-14, Pg ID 993-1000). After Plaintiff refused to consent to this request, Defendant promptly filed this motion. Under the circumstances presented here, the instant motion is timely.

**D.** **Defendant Properly Requested the Original Emails, Text Messages and Voice Recordings Stored on Plaintiff's Cellular Phone.**

Next, Plaintiff tries to avoid producing her Galaxy Phone for a forensic examination by claiming that Defendant never properly requested the examination.

While Defendant did not specifically mention the Galaxy Phone in any discovery request, that is only because Defendant was not even aware the phone existed until Plaintiff's March 23, 2015 deposition.

More importantly, Plaintiff's original emails and the original emails, text messages and voice recordings contained on Plaintiff's Galaxy Phone were **specifically requested** in Defendant's Discovery Requests. Defendant's First Request for Production of Documents, served on Plaintiff on July 2, 2014, specified that the documents requested included "the original, regardless of origin or location" of any "correspondence . . . voice recording, tape . . . or any other written, recorded . . . or graphic matter[.]" *Ex. A to Defendant's Motion* (Doc #34-2, Pg ID 744). Defendant's requests specifically sought "e-mail, or other electronic correspondence" between Plaintiff and Defendant and "tape recordings" obtained by Plaintiff from Defendant during her employment. *Id.* (Doc #34-2, Pg ID 745-47).

The original emails, texts and recordings on Plaintiff's Galaxy Phone (and any other original emails) were specifically requested more than ten months ago. Plaintiff cannot sidestep this request just because the Galaxy Phone containing these originals was not known to Defendant and therefore not mentioned by name.

### E.     <u>Defendant's Counsel Met and Conferred with Plaintiff's Counsel.</u>

Plaintiff goes on to assert that she should not be required to produce her Galaxy Phone for a forensic examination because the parties did not meet and confer regarding a possible examination prior to Defendant filing the instant motion. This is simply not true. On March 31, 2015, Defendant's counsel asked Plaintiff's counsel if Plaintiff would produce her Galaxy Phone for a forensic examination, as well as her original emails. *Ex. M to Plaintiff's Response* (Doc #42-14, Pg ID 1000). Later that day, in response to an inquiry from Plaintiff's counsel, Defendant's counsel explained in detail why an examination of the phone and production of original emails was warranted. *Id.* (Doc # 42-14, Pg ID 998-99). Between April 1 and April 6, 2015, Defendant's counsel and Plaintiff's counsel traded nine additional emails concerning the basis for the instant motion, and Defendant's counsel offered to enter into a protective order. *Id.* (Doc. #42-14, Pg ID 993-998). This lengthy email exchange between counsel more than satisfied the "meet and confer" requirement.

### F.     <u>Defendant Is Entitled to Costs and Attorneys' Fees.</u>

When a motion to compel discovery is granted, an award of expenses under Rule 37(a)(5)(A) is mandatory unless the Court finds that the opposition to the motion was substantially justified or other circumstances exist that would make sanctions unjust. Neither of these reasons applies here.

For months, Plaintiff failed to disclose the existence of a Galaxy Phone which contained information Defendant had specifically requested in discovery. When Plaintiff finally disclosed the existence of the phone at her deposition, she produced only poor quality copies of the text messages and recordings on the phone, and refused to allow a forensic examination of the phone even after Defendant offered to enter into a protective order. Under these circumstances, Plaintiff's opposition to the instant motion is not justified, and an award of Defendant's costs and attorneys' fees is warranted.

## II.   CONCLUSION

None of Plaintiff's arguments for avoiding production of her original emails and a forensic examination of her Galaxy Phone has any merit. Plaintiff should be compelled to produce her original emails and allow an examination of her phone.

          Respectfully submitted,

          VARNUM LLP

          By:   */s/ Terrence J. Miglio*
                 Terrence J. Miglio (P30541)
                 Barbara E. Buchanan (P55084)
                 Attorneys for Defendants
                 39500 High Pointe Blvd, Suite 350
                 Novi, Michigan 48375
                 (248) 567-7828

Dated: May 26, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

>*/s/Terrence J. Miglio*
>Terrence J. Miglio (P30541)
>39500 High Pointe Blvd., Suite 350
>Novi, Michigan 48375
>(248) 567-7828
>tjmiglio@varnumlaw.com

9453479_1.DOCX