UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Mag. Judge Michael Hluchaniuk
Case No. 2:14-cv-11916

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 600 W. Lafayette Blvd., 4th Fl. | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226 | Novi, MI 48375 |
| 313-964-4454 | 248-567-7828 |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
|  | bebuchanan@varnumlaw.com |

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES REGARDING DEFENDANT'S MOTION TO COMPEL INSPECTION OF ORIGINAL DOCUMENTS, FORENSIC EXAMINATION OF PLAINTIFF'S CELLULAR PHONE AND FOR REASONABLE EXPENSES**

Counsel for Defendant certifies that he has conferred in good faith with counsel for Plaintiff after the filing of the motion in an effort to narrow the areas of disagreement.

## UNRESOLVED ISSUES

**Document Request No. 2**.    Any and all documents in Plaintiff's possession, custody, or control that constitute or evidence any correspondence or communications by or between Plaintiff and Defendant or its employees, including any letters, notes, e-mail, or other electronic correspondence.

Defendant's Position:   This request covers "the original" of each responsive document. *See Def.'s Motion*, ¶7, Ex. A at p. 2, ¶B.  While Plaintiff has produced copies of emails and text messages in response to this request, she has not produced any originals, many of which are located on her Galaxy Phone. *See id.*, ¶¶10-12, 17-20, Ex. B at pp. 25:28-27:12; 29:14-29:25; 30:1-30:12; 34:5-34:14.  The copies produced by Plaintiff are out of order, of poor quality, and fail to indicate whether they have been altered and when and where they were sent and printed. *See id.*, ¶¶10, 26-28.  In addition, it is unclear whether Plaintiff has produced all relevant emails and text messages in her possession. *See id.*, ¶¶10, 17.  Defendant requests a forensic examination of Plaintiff's Galaxy Phone to retrieve all original emails and text messages on the phone, as well as an order compelling Plaintiff to produce all original emails stored elsewhere.

Plaintiff's Position:

There are no original emails on Plaintiff's Galaxy phone.  Copies of all responsive emails have been provided to Defendant's counsel.  Defendant fails to

2

cite any reason for its conclusory opinion that Plaintiff may be hiding documents—only speculation. Yet, courts "loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information." *Diepenhorst v. City of Battle Creek*, No. 105-cv-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006). Incredibly, the documents that Defendant is demanding be re-produced through an invasive search of Plaintiff's personal cellphone are emails between Plaintiff and Defendant's employees—documents that exist on Defendant's very own servers.

Defendant claims that there are documents that are illegible, yet, is unable or unwilling to identify a single email that is illegible. During the last conversation that the parties had regarding this matter, Plaintiff's counsel agreed to produce originals for all documents that Defendant's counsel believed were illegible. Defendant's counsel, again, failed to identify a single page and merely reiterated its initial demand.

Defendant is not entitled to a forensic examination of Plaintiff's phone, which includes private documents entirely unrelated to this case. Defendant has failed to describe one reason for its fishing expedition into Plaintiff's private life. When documents have already been produced via copies, courts refuse to order a party to re-produce documents barring concerns over legibility. *Richardson v. Rock*

*City Mechanical Co.*, No. 3-09-0092; 2010 WL 711830, at * 4 (M.D.Tenn February 24, 2010). Here, Defendant is asserting its concerns over legibility to snoop around Plaintiff's cellphone weeks after the discovery cutoff. Plaintiff has offered to provide legible copies of documents that Defendant's counsel believes are illegible; instead of taking Plaintiff up on this offer, Defendant rushed to Court to infringe upon Ms. Reeser's privacy rights. That offer is still open if there are any issues regarding the clarity of the documents or recordings that have been produced.

**Document Request No. 7**.   Any and all documents, computer disks, tape recordings, statements, records, brochures, or policy manuals that Plaintiff obtained from Defendant during the course of her employment.

Defendant's Position:  This request covers "the original" of each responsive document. *See Def.'s Motion*, ¶7, Ex. A at p. 2, ¶B. On March 24, 2015, Plaintiff produced copies of 19 recordings of conversations she had with Defendant's personnel which are stored on her Galaxy Phone. *See id.*, ¶23, Ex. C. The recordings are poor quality and seem to have been recorded by holding another cellular phone near Plaintiff's Galaxy Phone while the Galaxy Phone played the recordings. *See id.*, ¶24. Defendant requests a forensic examination of Plaintiff's Galaxy Phone to retrieve all original voice recordings on the phone.

Plaintiff's Position:

Defendant is not entitled to a forensic examination of Plaintiff's personal cellphone because to do so would infringe upon her privacy without any reason. [Dkt. No. 42, Pg ID 901-11]  In addition, Defendant's request for a forensic examination was not made through formal discovery nor was Defendant's Motion timely having been filed weeks after the discovery cutoff in violation of the Court's Scheduling Order.  [Dkt. No. 42; Pg ID 911-14] Nor did the Defendant meet and confer with Plaintiff's counsel in good faith.  Defendant claims that its concerns are primarily about legibility or clarity.  Yet, Plaintiff has offered other approaches to fix any issues regarding the legibility of copies without the utilizing an overly burdensome forensic examination.  Defendant has not accepted Plaintiff's offers.

In regards to the quality of the recording, it was Defendant's counsel who recommended that Plaintiff record the voice recordings "by holding another cellular phone near Plaintiff's Galaxy Phone while the Galaxy Phone played the recordings." (Def's Ex. B, Reeser 29:166)  Plaintiff did just that.  Plaintiff offers Defendant the opportunity to attend a meeting where Plaintiff's counsel will play each and every responsive recording found on Plaintiff's Galaxy Phone directly from the phone.  Defendant may listen to the recording and record the recording with any device Defendant wishes.

**Document Request No. 14.** Any and all documents in Plaintiff's possession, custody or control that relate to any conversations or meetings between Plaintiff and any persons who witnessed any of the events described in the Complaint or any persons who Plaintiff may call as a witness in this matter.

Defendant's Position: This request covers "the original" of each responsive document. *See Def.'s Motion*, ¶7, Ex. A at p. 2, ¶B. The original emails, text messages and voice recordings sought in Document Request Nos. 2 and 7 are also responsive to this request. Thus, for the reasons set forth above, Defendant requests a forensic examination of Plaintiff's Galaxy Phone to retrieve all original emails, text messages and voice recordings on the phone, as well as an order compelling Plaintiff to produce all original emails stored elsewhere.

Plaintiff's Position:

Once again, Plaintiff has produced all responsive emails, text messages, and voice recordings on Plaintiff's Galaxy Phone. Defendant does not provide any evidence to suggest that Plaintiff is hiding documents—by Defendant's own admission, Plaintiff produced a stack of documents "two or three inches thick" constituting almost 500 pages of documents. (Def's Ex. B, Reeser 30:8-9) The "original" emails that Defendant is seeking it already maintains in its possession, custody, or control on its very own email servers. In regards to text messages and voice recordings on Plaintiff's Galaxy cellphone, those documents have been

6

produced. Defendant is merely trying to engineer a reason to snoop around on Plaintiff's cellphone and engage in a fishing expedition weeks after the discovery cutoff. This request is harassing and Defendant's conduct should be sanctioned.

Respectfully submitted,

| | |
|---|---|
| */s/ Keith D. Flynn* | */s/ Terrence J. Miglio* |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| MILLER COHEN, P.L.C. | VARNUM LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 600 W. Lafayette Blvd., 4th Fl. | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226 | Novi, MI 48375 |
| (313) 964-4454 | (248) 567-7828 |
| Dated: June 1, 2015 | Dated: June 1, 2015 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

>/s/Terrence J. Miglio
>Terrence J. Miglio (P30541)
>39500 High Pointe Blvd., Ste. 350
>Novi, MI 48375
>(248) 567-7828
>tjmiglio@varnumlaw.com