## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                        Case No. 2:14-cv-11916-GCS-MJH

        Plaintiff,          Hon. George Caram Steeh

v                         Magistrate Judge Michael Hluchaniuk

**HENRY FORD HOSPITAL**,

        Defendant.

---

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI  48226-0840 | Novi, MI  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

---

### PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

Plaintiff hereby requests an Order granting her request to Amend her Complaint.

1.     This action was filed May 13, 2014.

2.     Plaintiff seeks to amend the caption to change the named defendant from "Henry Ford Hospital" to "Henry Ford Health System, d/b/a Henry Ford Hospital," which, according to Defendant, is its proper business title. (*Exhibit A*)

3.     The amendment of the Complaint would cause no prejudice to Defendant because the current named Defendant, "Henry Ford Hospital" is an

assumed name of "Henry Ford Health System". (*Exhibit B*)  In addition, throughout

discovery, Defendant has accepted service and responded to requests. Defendant was

clearly on notice.

4.    Plaintiff sought concurrence, which was not obtained at the time of

filing.

**WHEREFORE**, for the reasons in the attached brief in support, Plaintiff

requests this Honorable Court to grant her request to Amend her Complaint.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
Keith D. Flynn (P74192)
Adam C. Graham (P79361)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454

Dated: June 8, 2015

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

|  |  |
|---|---|
|  | Case No. 2:14-cv-11916-GCS-MJH |
| Plaintiff, | Hon. George Caram Steeh |

v

**HENRY FORD HOSPITAL**,

Defendant.

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

### PLAINTIFF'S BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

# TABLE OF CONTENTS

PAGE(S)

INDEX OF AUTHORITIES.........................................................................ii

MOST CONTROLLING AUTHORITIES ...........................................iii

STATEMENT OF QUESTIONS PRESENTED.......................................iv

PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND HER COMPLAINT ..........................................1

I. INTRODUCTION ...............................................................................1

II. STANDARD OF REVIEW ...............................................................2

III. LAW AND ARGUMENT ................................................................4

IV. CONCLUSION AND RELIEF REQUESTED...................................6

CERTIFICATE OF SERVICE

INDEX OF EXHIBITS

i

# INDEX OF AUTHORITIES

<u>**CASES**</u>                                                                                                          <u>**PAGE(S)**</u>

*Berndt v. State of Tennessee*,
   796 F.2d 879 (6th Cir.1986) ..................................................................4

*Daily v. Monte*,
   26 F. Supp. 2d 984 (E.D. Mich. 1998) ..................................................3

*Garretson v. City of Madison Hts.*,
   No. 02-73219, 2005 WL 3447873 (E.D. Mich. December 15, 2005)..................4

*John Doe v. Sullivan County*,
   956 F.2d 545 (6th Cir.1992) ..................................................................4

*Krupski v. Costa Crociere S. p. A.*,
   560 U.S. 538 (2010)..............................................................................3

*Schiavone v. Fortune*,
   477 U.S. 21 (1986)................................................................................3

*Triangle Distributing Inc. v. Shafer, Inc.*,
   No. 90-4042, 943 F.2d 52 (6th Cir. 1991).........................................3, 5

<u>**STATUTES**</u>

Federal Rules of Civil Procedure 4(h) ........................................................2

FED. R. CIV. PRO. 15(a)(2) ......................................................................2

Federal Rules of Civil Procedure 15(c) ................................................. 2-6

FED. R. CIV. PRO. 15(c)(1)(C) ..................................................................3

# MOST CONTROLLING AUTHORITIES

## STATUTES

Fed. R. Civ. Pro. 15(a)(2)

Federal Rules of Civil Procedure 15(c)

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

1. Whether Plaintiff should be allowed to amend her Complaint to change the captioned Defendant's name from "Henry Ford Hospital" to "Henry Ford Health System d/b/a Henry Ford Hospital" where "Henry Ford Hospital" is the assumed name of "Henry Ford Health System", where "Henry Ford Health System" received notice at the time of service of the Complaint, where the case has been fully litigated by "Henry Ford Health System," and where Defendant will not be prejudiced by the amendment.

   Plaintiff Answers:        Yes

## PLAINTIFF'S BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

## I. INTRODUCTION

Plaintiff seeks to amend the caption to change the named defendant from "Henry Ford Hospital" to "Henry Ford Health System, d/b/a Henry Ford Hospital," which, according to Defendant, is their proper business title. The amendment of the Complaint would cause no prejudice to Henry Ford Health System because the current named Defendant, "Henry Ford Hospital" is an assumed name of "Henry Ford Health System". (*Exhibit B*) In addition, both "Henry Ford Hospital" and "Henry Ford Health System" are presented as Defendant's name on its website. (*Exhibit C*)  Defendant's Senior Business Partner even identifies herself as an employee of Henry Ford Hospital. (*Exhibit D*)  In Defendant's response to the Michigan Department of Licensing and Regulatory Affairs, Defendant referred to itself as "Henry Ford Hospital" and even noted that "On January 20, 2014, Ms. Natalie Reeser placed Henry Ford Hospital Human Resources on notice . . . ."  (Id.) The resident agent of Henry Ford Health System is Edith Eisenmann who is located at 1 Ford Place-5B Governance in Detroit, Michigan. (*Exhibit B*)  That is where the Summons and Complaint was served at the initiation of this litigation. (*Exhibit E*) Terrence Miglio was also served with a copy of the Summons and Complaint per his assertion that he represented the Defendant. Defendant's counsel even indicated in the 26(f) Plan filed with this Court that: "Plaintiff's employment with Defendant was

terminated for legitimate, non-discriminatory and non-retaliatory reasons." [Dkt. No. 9; Pg ID 56] Throughout discovery, Defendant has accepted service and responded to requests. Henry Ford Health System's managerial agents have been deposed without subpoena as party representatives. Defendant was clearly on notice of the claims presented in this lawsuit.

## II. STANDARD OF REVIEW

According to FED. R. CIV. PRO. 15(a)(2), leave to amend pleadings should be freely given "when justice so requires." "Correcting a misnomer has long been regarded as a legitimate function of Federal Rules of Civil Procedure 4(h) and 15(c) and such amendments are uniformly held to relate back to the time of the original filing or service of process." *Triangle Distributing Inc. v. Shafer, Inc.*, No. 90-4042, 943 F.2d 52, at * 2 (6th Cir. 1991) (attached as *Exhibit F*) "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). If "an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.* (quoting FED. R. CIV. PRO. 15(c)(1)(C)). The U.S. Supreme Court has held "that relation back

2

under Rule 15(c)(1)(C) depends on what the party to be added knew or should have

known, not on the amending party's knowledge or its timeliness in seeking to amend

the pleading." *Id.*

> [I]n order for the amended pleadings to relate back under Rule 15(c): (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in, whether new or a misnomer, must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Daily v. Monte*, 26 F. Supp. 2d 984, 987 (E.D. Mich. 1998) (citing *Schiavone v.*

*Fortune*, 477 U.S. 21, 29 (1986)).

Where an amended complaint "alleges in substance that the new defendants

committed the illegal acts and are officials of the original defendant, that relationship

may imply receipt of sufficient notice." *Id.* (citing *John Doe v. Sullivan County*, 956

F.2d 545 (6th Cir.1992)); *see also Garretson v. City of Madison Hts.*, No. 02-73219,

2005 WL 3447873, at *1-2 (E.D. Mich. December 15, 2005)(attached as *Exhibit*

*G*)(The Court granted leave to amend the complaint over four years after the

complaint had been filed, after summary judgement had been granted, and after the

subsequent appeal where the same counsel would represent the opposing party and

where "extensive discovery" had been conducted.). The Sixth Circuit has held that:

> Rule 15(c) does not require that the new defendants received actual notice. It is enough that the new defendants received constructive notice of the suit ... under some circumstances, notice can also be imputed to

3

a new defendant ... where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice."

*Berndt v. State of Tennessee*, 796 F.2d 879, 884 (6th Cir.1986).

## III. LAW AND ARGUMENT

This motion involves the misnomer of a party defendant. Plaintiff concedes that the current Defendant, Henry Ford Hospital, is an assumed name of Henry Ford Health System. Despite this misnomer, Henry Ford Health System will not be prejudiced in any way by allowing Plaintiff to amend her complaint because Henry Ford Health System and its attorneys were timely served with the Plaintiff's original complaint.

This amendment relates back to the original filing date under FED. R. CIV. PRO. 15(c). Plaintiff asks this Court to grant her leave to amend her Complaint to substitute in "Henry Ford Health System d/b/a Henry Ford Hospital" as the correct name of the Defendant. (*Exhibit A*)

**Plaintiff's error is a misnomer and is amendable under FED. R. CIV. PRO. 15(c)**

In *Triangle Distributing Inc. v. Shafer, Inc.*, No. 90-4042, 943 F.2d 52 (6th Cir. 1991) (attached as Ex. F), the Sixth Circuit stated:

[i]n deciding whether to allow a party to amend the process and/or complaint to correct an asserted misnomer of the defendant, the general test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served

4

the entity or person intended; or whether plaintiff actually meant to sue a different person.

*Triangle Distributing* at \*2-3 (citing 2 *Moore's* 4.44 at 4-558 (2d ed 1980)). The court held that where a plaintiff brought action against the assumed name of the correct Defendant and the correct Defendant received actual notice of the action against them, amendment of the case caption to add the correct Defendant was proper. *Id.* at \*3.

There is no question that "Henry Ford Health System" knew or should have known that this action would be brought against it, but for a mistake concerning the proper party's identity. Henry Ford Hospital is an assumed name of Henry Ford Health System and the two names appear together on the Henry Ford Hospital website as well as in response to the State of Michigan's investigation. (*Exhibits B-D*) Defendant "Henry Ford Hospital" has responded to discovery requests, made discovery requests, scheduled depositions, and accepted service. The complaint in this case was served on Henry Ford Health System's resident agent at their registered office as well as on their attorney.

Plaintiff's Motion to Amend Her Complaint does not change the claims in the original pleading or prejudice Henry Ford Health System. Each of the requirements stated in *Daily* have been met in this action, and, therefore, the amendment relates back to the original filing date under FED. R. CIV. PRO. 15(c).

Plaintiff asks this Court grant her leave to amend her complaint to substitute

5

Henry Ford Health System in place of Henry Ford Hospital as a party Defendant.

## IV. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that this Court grant her leave to amend his complaint to substitute Defendant's proper name.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
      Keith D. Flynn (P74192)
      Adam C. Graham (P79361)
      *Attorneys for Plaintiff*
      600 W. Lafayette Blvd., 4th Floor
      Detroit, MI  48226
      (313) 964-4454

Dated: June 8, 2015

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

                Plaintiff,

v

**HENRY FORD HOSPITAL**,

                Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI  48226-0840 | Novi, MI  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

## CERTIFICATE OF SERVICE

       I hereby certify that on *June 8, 2015*, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF filing system, which will send notification of such filing to all Counsel of record.

                Respectfully submitted,

                **MILLER COHEN, P.L.C.**

              By:  /s/Keith D. Flynn
                    Keith D. Flynn (P74192)
                    Adam C. Graham (P79361)
                    *Attorneys for Plaintiff*
                    600 W. Lafayette Blvd., 4th Floor
                    Detroit, MI  48226

Dated: June 8, 2015             (313) 964-4454