# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v

HENRY FORD HOSPITAL,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI  48226-0840 | Novi, MI  48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

**PROPOSED AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

There is no other civil action pending
in this Honorable Court or any
other Court arising out of the
same transaction and occurrence.

**NOW COMES** Plaintiff, NATALIE REESER, by and through her attorneys, Miller Cohen, P.L.C., and for her Complaint against Defendant HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL (hereinafter referred to as "Defendant", "Henry Ford", or "Henry Ford Hospital"), states as follows:

1

## INTRODUCTION

1. Plaintiff was discharged for reporting her employer to the State of Michigan for forcing its employees to work during their unpaid lunches in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*. Her direct supervisor specifically threatened that Plaintiff would be terminated for reporting her and the Defendant. Plaintiff was discharged for abandoning her job to go to lunch, even though Defendant had changed its policies to require employees to take a mandatory un-paid lunch due to Plaintiff's reports. Plaintiff has filed this complaint seeking relief under the section 215(a)(3) of the FLSA as well as under the Michigan Whistleblower Protection Act (WPA), MCL §15.361 *et seq.*, including back-pay, front-pay, emotional damages, punitive damages, attorney fees, and interest for being wrongfully terminated for just doing the right thing and asserting her rights.

## PARTIES

2. Natalie Reeser is an individual residing in Macomb County, Michigan.

3. Henry Ford Hospital is a for-profit corporation headquartered and doing business in Wayne County, Michigan.

## JURISDICTION AND VENUE

4. For the federal causes of action, jurisdiction is appropriate in this court in accordance with 28 U.S.C. § 1331.

2

5. For the state causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

6. Venue is appropriate in this Court in that all parties are located in the Eastern District and all events in controversy took place in the Eastern District.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference all preceding paragraphs.

8. Henry Ford Hospital operates a Clinton Township Outreach Lab Service where Plaintiff was employed since May 16, 2011 as a phlebotomist. During her employment, Plaintiff had strong performance reviews and would routinely receive complements from her co-workers, supervisors, and patients.

9. During her employment, Plaintiff became aware that money was being taken out of her paycheck for taking lunches, even though she was at the facility performing her job duties. She was not paid anything – not even minimum wage – for that period of time, even though she was forced to remain at the facility and work.

10. Plaintiff raised this concern to management throughout her employment. For instance, Plaintiff discussed the matter with her supervisor, Lab Sales Manager Fiona Bork, on or about January 10, 2014. Ms. Bork told her that she was never going to be paid for the time she worked during her lunch and instructed that she was to stop raising the issue or they would place Plaintiff at another site.

3

11. Plaintiff was advised that it was illegal for Defendant not to pay her for time she worked during her lunch. Plaintiff ultimately contacted the Department of Licensing and Regulatory Affairs Wage and Hour Division.

12. On or about January 13, 2014, Plaintiff requested to have a meeting with Human Resources regarding the lunch deductions.

13. On or about January 15, 2014, Plaintiff was told by Ms. Bork that she had permission to meet with Human Resources during work hours on or about January 17th and that Ms. Bork had informed another phlebotomist that she was covering for Plaintiff's absence that day.

14. Plaintiff learned on or about January 17th, that Ms. Bork did not arrange for Plaintiff's coverage as was committed.

15. Plaintiff contacted Ms. Bork about this inconsistency and Ms. Bork replied that she would be terminated for abandoning her job if she went to Human Resources regarding the lunch pay that day.

16. Plaintiff sent a letter to the Senior Business Partner for Human Resources, Jill Hood dated January 20, 2014 to raise her concerns regarding the lunches. (*Exhibit A*) Specifically, she stated that the rights of her and her colleagues under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* were being violated.

17.     Defendant's Operations Manager, Martha Wiseheart, responded regarding the unpaid compensable hours a week later in an email dated January 27, 2014, stating that Defendant would not pay Ms. Reeser for the lunches she had worked. (*Exhibit B*)

18.     Plaintiff responded to the January 27th email that same day stating that this was illegal and that Ms. Bork had to pay her for the lunches where she worked. (*Exhibit B*)

19.     On February 18, 2014, Plaintiff sent a follow-up email notifying Human Resources that she intended to report the violations of FLSA to the Michigan Department of Licensing and Regulatory Affairs. (*Exhibit C*)

20.     That evening, on February 18th, Plaintiff received a call from Ms. Bork chastising her about threatening to report to the State of Michigan regarding the lunches.

21.     During the February 18th call, Ms. Bork stated things like: "how dare you tell Jill that you were filing with the state" and that Plaintiff had made a "big mistake" and that "you think you're going to help your co-workers by going to the state, but all you're going to do is get yourself terminated."

22.     On or about February 25, 2014, Plaintiff filed a complaint with the State of Michigan alleging violations of FLSA and retaliation. (*Exhibit D*)

5

23. That same day, Ms. Bork called Plaintiff at work to inform her that she was being transferred to a different site and that the move was permanent. Ms. Bork then went on to chastise Plaintiff for reporting her to Human Resources and the State of Michigan. In regards to Plaintiff's threatened report to the State, Ms. Bork stated "good luck with that" and hung-up on Plaintiff.

24. Plaintiff was so emotional over the threatening and abusive phone call that she broke down and requested to leave the facility for lunch to calm herself down. She provided notice to Ms. Bork, the Operations Manager Martha Wiseheart, and the Scheduler Luain Hajjar that she was taking a lunch and none of them objected. Plaintiff posted a note that stated she was gone for lunch pursuant to Defendant's policy.

25. Shortly after she returned from lunch, she was greeted by Ms. Bork and two security guards who escorted her out of the facility and would not allow her to take her possessions with her. She was told by Ms. Bork that she was being suspended for abandoning her job. Since that time, Plaintiff has been terminated.

## COUNT I

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates by reference all preceding paragraphs.

27. Section 215(a)(3) of the Fair Labor Standards Act (FLSA) provides that "it shall be unlawful for any person ... to discharge or in any other manner

6

discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act...." 29 U.S.C. § 215(a) (3).

28. Plaintiff engaged in protected activity by asserting the rights of her and her co-workers on numerous occasions to her supervisors, Human Resources, and to the State of Michigan.

29. Defendant knew about Plaintiff exercising her rights based on several verbal conversations with Defendant's managerial agents and several emails and pieces of correspondence that were exchanged by the parties to that effect.

30. Defendant terminated Plaintiff mere hours after her direct supervisor threatened Plaintiff's employment over Plaintiff's protected activity.

**WHEREFORE** Plaintiff requests that this Honorable Court to grant her all available compensatory damages, for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and other legal and equitable damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant all such further relief available under the Fair Labor Standards Act and any other such relief as would be fair and equitable under the circumstances.

## COUNT II

## **VIOLATION OF MICHIGAN'S WHISTLEBLOWER PROTECTION ACT**

31. Plaintiff incorporates by reference all preceding paragraphs.

32. Plaintiff Reeser reported a suspected violation of law, regulation or rule, promulgated by the state and federal governments, when she reported the Defendant's unscrupulous conduct in violating the rights of its employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*.

33. Plaintiff reported these suspected violations of law to the State Department of Licensing and Regulatory Affairs Wage and Hour Division, which is a public body as defined under the Whistleblowers Protection Act.

34. Defendant had objective notice of Plaintiff's reports and attempted to curtail her rights under the WPA by threatening Plaintiff's employment, engaging in intimidation, transferring Plaintiff to a less preferred position, and finally terminating her employment because of her reports.

**WHEREFORE** Plaintiff requests that this Honorable Court to grant her all available compensatory damages, for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, and other damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant

all such further relief available under Michigan's Whistleblower Protection Act and any other such relief as would be fair and equitable under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court order Defendant to return her property to her and grant her all available compensatory damages for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and other damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant all such further relief available and any other such relief as would be fair and equitable under the circumstances.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Keith D. Flynn
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454

Dated: June ___, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

v

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

HENRY FORD HOSPITAL,

        Defendant.

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

## JURY DEMAND

Plaintiff demands a trial by jury.

        Respectfully submitted,

        MILLER COHEN, P.L.C.

        By: /s/ Keith D. Flynn
           Keith D. Flynn (P74192)
           *Attorneys for Plaintiff*
           600 W. Lafayette Blvd., 4th Floor
           Detroit, MI 48226
           (313) 964-4454

Dated: June ___, 2015