# EXHIBIT F

943 F.2d 52 (Table), 1991 WL 164333 (C.A.6 (Ohio))
**Unpublished Disposition**
Judges and Attorneys
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.
TRIANGLE DISTRIBUTING, INC., Plaintiff-Appellant,
v.
SHAFER, INC., Defendant-Appellee.

No. 90-4042.
Aug. 23, 1991.

On Appeal from the United States District Court for the Southern District of Ohio, No. 88-00731; Graham, J.
   S.D.Ohio

REVERSED AND REMANDED.

Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge [FN*]

PER CURIAM:

*1 Plaintiff Triangle Distributing, Inc. ("Triangle"), appeals the District Court's denial of Triangle's post-judgment motion to amend a misnomer of defendant in this diversity breach-of-contract case. Because we find that the District Court should have granted Triangle's motion, we REVERSE and REMAND with instructions to amend the judgment to reflect the correct party names.

I.

Triangle, an Ohio corporation, contracted to sell video tapes to "Front Row Video" of 4118 South Saginaw, Burton, Michigan. Triangle maintains that from January to April, 1988, over $17,000 of tapes were ordered and received by Front Row Video; that Front Row Video failed to pay for the tapes; and that during all times relevant to its dealings with Front Row Video, Triangle dealt with an individual named William Cohen and only with the entity known as Front Row Video.

When Triangle was not paid for the video tapes, it decided to file suit for breach of contract. Triangle contends that it contacted the Michigan Secretary of State in order to determine the name of the corporate entity, if any, operating under the assumed name "Front Row Video." The only corporation registered as doing business under that name was "Shafer, Inc." Therefore, in its complaint filed in the United States District Court for the Southern District of Ohio, Triangle named "SHAFER, INC. d/b/a Front Row Video" as the defendant and listed 4118 South Saginaw, Burton, Michigan as the defendant's address.

Service of process was effected within the applicable limitations period by serving William Cohen, the individual with whom Triangle had dealt, at the premises of Front Row Video. No response to Triangle's complaint was ever filed and a default judgment was entered against "Shafer, Inc. d/b/a Front Row Video." Upon attempting to execute the judgment, Triangle

learned that Shafer, Inc. was not the proper name for the corporate defendant but that Towne Centre, Inc. ("Towne Centre") and Wilmar Investment Corporation ("Wilmar") were the actual corporate entities doing business under the name Front Row Video at 4118 South Saginaw, Burton, Michigan. William Cohen is the sole officer of both Towne Centre and Wilmar. Triangle subsequently filed a motion to amend misnomer of caption pursuant to Federal Rules of Civil Procedure 4(h), 10(a), and 15(c) in order to correct the name of the corporate defendant although the assumed name defendant, Front Row Video, remained the same.

Triangle's motion was first reviewed by a magistrate, who denied the motion. Triangle filed timely objections to the magistrate's order. The District Court affirmed the magistrate's order and Triangle appealed.

II.

Michigan statutory law requires that a corporation transacting business under an assumed name must file with the State of Michigan a certificate stating the true name of the corporation and the assumed name under which the business is to be transacted. MICH.COMP.LAWS ANN. § 450.1217 (West 1990); MICH.STAT.ANN. § 21.200(217) (Callaghan 1983 & 1991 Supp.). Both Towne Centre and Wilmar failed to comply with this law as neither corporation registered "Front Row Video" as an assumed name. See Joint App. at 26, 35. An obvious purpose of the Michigan statute is to inform the public with whom it is dealing, and thereby serve its convenience and prevent the imposition of fraud. Cf. Bankers Trust Co. v. Bradfield, 324 Mich. 116, 36 N.W.2d 870 (1949).

**\*2** In denying Triangle's motion to amend the misnomer of the caption in the default judgment, the magistrate below held that Triangle was

> attempting to substitute a new party in the place of the old one. Such substitution, post-judgment, is both procedurally improper and constitutionally suspect, if its effect [is] to bind the new party to a judgment entered prior [to] the [party] being afforded an opportunity to defend itself.

Joint App. at 12-13. After considering Triangle's objections to the magistrate's order, the District Court held that the Order was neither clearly erroneous nor contrary to law and affirmed the denial of Triangle's motion.

Triangle principally argues that the magistrate erroneously found that Triangle was attempting to substitute a new party into the action. Assuming the correctness of the magistrate's legal conclusion that substitution of a *new* party to a judgment which has already been rendered is "procedurally improper and constitutionally suspect," such a conclusion obviously depends on the factual predicate that a *new* party is being introduced.

There is no doubt that Triangle intended to sue whatever entity was operating under the assumed name "Front Row Video" on South Saginaw Street in Burton, Michigan. This information was placed in the caption of the complaint. Triangle dealt only with an entity named "Front Row Video." Triangle contacted the State of Michigan to determine the corporate entity legally doing business as "Front Row Video." The only corporation legally registered as using that name was Shafer, Inc. Therefore, Triangle mistakenly named the defendant as "SHAFER, INC. d/b/a Front Row Video."

This is not a case where a plaintiff fails to use the defendant's correct name due to the plaintiff's own inexcusable neglect. Rather this is a case where a plaintiff went through the process which Michigan law has established to identify corporate owners of business operations. It was the failure of both Towne Centre and Wilmar to adhere to Michigan law that caused Triangle to misname the corporate defendant in its complaint. The Michigan law was enacted in order to protect persons in Triangle's position and to prevent the very sort of confusion that was created in this case.

The summons and complaint were personally served upon William Cohen, the sole officer of both Towne Centre and Wilmar, at the premises of "Front Row Video." William Cohen, as the president of "Front Row Video," had dealt with Triangle concerning the $17,000 in video tapes. The complaint was directed at "Front Row Video" and it had to be obvious to Cohen that the corporate name was simply an error.

Correcting a misnomer has long been regarded as a legitimate function of Federal Rules of Civil Procedure 4(h) and 15(c) and such amendments are uniformly held to relate back to the time of the original filing or service of process. *See, e.g.,* 3 *Moore's Federal Practice* 15.15[4.-1] at 15-213 and n. 9 (2d ed. 1980).[FN1] In deciding whether to allow a party to amend the process and/or complaint to correct an asserted misnomer of the defendant, the general test should be

*\*3* whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.

2 *Moore's* 4.44 at 4-558 (2d ed 1980). *See also id.* at 4-558-60 nn. 15-17 (citing cases applying test); 3 *Moore's* 15.08[5] at 15-121 and n. 18 (citing cases).[FN2]

Under the circumstances of this case we agree with Triangle that correcting the corporate name on the default judgment is not tantamount to substituting a new party. The assumed name party, "Front Row Video," has remained the same throughout the proceedings below.[FN3] Furthermore, because we find that Towne Centre and Wilmar received actual notice of the action against them along with actual notice of the default judgment against their business known as "Front Row Video," we see nothing constitutionally troubling in correcting what was a technical error in this case, even post-judgment.[FN4]

To the extent that any "prejudice" is visited on Towne Centre and Wilmar by our decision, it has been self-inflicted. A party who has received actual notice of an action acts at its own peril if it decides not to respond based upon a mere error in the party's name. This peril is extreme where, as here, the error in name has been caused by the party who is trying to rely on the mistake as grounds for dismissal of the claim.

III.

For the reasons given, the District Court's denial of Triangle's motion to amend misnomer of caption is REVERSED and this case is REMANDED to the District Court with instructions to amend the judgment to reflect the correct defendant name(s).

FN* The Honorable Benjamin F. Gibson, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation.

FN1. We note that the requirements of Rule 15(c), as set out by the Supreme Court in *Schiavone v. Fortune,* 477 U.S. 21 (1986), have been satisfied here. Towne Centre and Wilmar received actual notice, within the applicable limitations period, of the lawsuit and the default judgment through their agent William Cohen. Towne Centre and Wilmar must have known that, but for a mistake concerning identity, the action would have been brought against them and the judgment would have issued against them.

FN2. Another factor to be considered, as we intimated above, is whether the plaintiff had some justification or excuse for failing to use the defendant's proper name initially. *See* 3 *Moore's* 15.08[5] at 15-123. Here Triangle's mistake in properly naming the defendants was due to the defendants' failure to abide by Michigan law.

FN3. It appears that Triangle may have been able to simply strike Shafer, Inc. from the pleading and judgment and achieve the result it desires. Under the Michigan statute governing the capacity to be sued, a person conducting business under an assumed name "may be sued in such name in an action arising out of the conduct of such business." MICH.COMP.LAWS ANN. § 600.2051(1) (West 1981); MICH.STAT.ANN. § 27A.2051(1) (Callaghan 1986). See also Michigan Court Rule 2.201(C)(2) (West 1991).

FN4. It has long been held that amendments to pleadings may be made post-judgment. See Mexican Cent. Ry. v. Duthie, 189 U.S. 76, 77-78 (1903); Chicago, R.I. & P. Ry. v. Stephens, 218 F. 535, 540 (6th Cir.1914); McEldowney v. Card, 193 F. 475, 483 (E.D.Tenn.1911).

C.A.6 (Ohio),1991.
Triangle Distributing, Inc. v. Shafer, Inc.
943 F.2d 52 (Table), 1991 WL 164333 (C.A.6 (Ohio))
Unpublished Disposition

Judges and Attorneys (Back to top)
Judges
Judges
- **Jones, Nathaniel R.**
Litigation History Report | Judicial Reversal Report | Profiler

END OF DOCUMENT

(c) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.