UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

v.

HENRY FORD HOSPITAL,

    Defendant.

Hon. George Caram Steeh
Mag. Judge Michael Hluchaniuk
Case No.: 2:14-cv-11916

---

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226 | Novi, MI 48375 |
| 313-964-4454 | 248-567-7828 |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
|  | bebuchanan@varnumlaw.com |

---

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND HER COMPLAINT**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

Should the Court allow Plaintiff to amend her Complaint, where (i) she had knowledge of the error she now seeks to correct almost six months ago, (ii) an amendment filed after the summary judgment motion deadline is prejudicial, and (iii) the proposed amendment is futile?

Defendant says: "No."

Plaintiff says: "Yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 15(a)

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013)

*Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005)

## I. INTRODUCTION

In situations like this, where (i) there is an inexcusable delay in seeking leave to amend, (ii) the long delay prejudices the defendant because a summary judgment motion is pending, and (iii) the proposed amendment is futile, courts have not hesitated to exercise their discretion to deny a motion for leave to amend. Similarly, this Court should deny Plaintiff's Motion to Amend Her Complaint.

## II. FACTS

Plaintiff has had notice that she sued an improper party at least since Defendant filed its Answer and Affirmative Defenses on June 4, 2014. In its Affirmative Defense No. 11, Defendant expressly stated that "[t]he named Defendant is an improper party." (See Dkt. #6, Pg ID 48).

In an apparent effort to learn more about Defendant's improper party defense, Interrogatory No. 8 in Plaintiff's First Set of Interrogatories asked Defendant to "[s]tate the nature of the relationship between Henry Ford Hospital, Henry Ford Medical Laboratories and Henry Ford Health System." In a set of supplemental responses served December 23, 2014, Defendant explained that "Henry Ford Medical Laboratories and Henry Ford Hospital are assumed names for Henry Ford Health System." **Exhibit A**, p. 14.

Plaintiff has known for close to six months that Defendant is not a proper party to this case and the reason why. Still, Plaintiff took no action to try to correct this mistake until after Defendant filed its Motion for Summary Judgment seeking dismissal on the basis that, among other things, Henry Ford Hospital is merely an assumed name for Henry Ford Health System, a Michigan corporation. (See Dkt. #43, Ex. 28, Pg ID 1240-41).

Discovery in this case closed on April 6, 2015. Dispositive motions were due May 15, 2015, and Defendant filed its Motion for Summary Judgment the same day. Plaintiff did not file her Motion to Amend Her Complaint until June 8, 2015, with trial deadlines looming. The Final Pre-Trial Order is due August 17, 2015, the Final Pretrial Conference is scheduled for August 24, 2015, and trial is set for September 8, 2015.

### III. LAW AND ARGUMENT

While Federal Rule of Civil Procedure 15(a) provides that courts should grant leave to amend a complaint when justice requires it, "denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Glazer v. Chase Home Fin. LLC*, 704

2

F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  This Court should deny Plaintiff's motion for leave based on (i) the unjustifiable delay in filing the motion, (ii) the prejudice that would result from an amendment at this late stage, and (iii) the futility of Plaintiff's proposed amendment.

**A.    There Is No Excuse For Plaintiff's Delay In Seeking Leave To Amend.**

"[A] party must act with due diligence if it intends to take advantage of [Federal Rule of Civil Procedure] 15's liberality."  *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).  "When amendment is sought at a late stage of litigation, there is an increased burden to show justification for failing to move earlier."  *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).  Here, Plaintiff cannot meet that burden.

Defendant put Plaintiff on notice that it is not a proper party to this case in its June 4, 2014 Affirmative Defenses.  (See Dkt. #6, Pg ID 48).  Defendant elaborated on this defense in its December 23, 2014 supplemental interrogatory responses, where it explained that Henry Ford Hospital is only an assumed name of Henry Ford Health System.  **Exhibit A**, p. 14.  Despite having known nearly six months ago that Henry Ford Hospital is not a proper party and the reason why,

Plaintiff still waited until after Defendant filed its Motion for Summary Judgment to file the instant motion.

Discovery in this case closed April 6, 2015, and Defendant filed its Motion for Summary Judgment on the May 15, 2015 deadline. Despite having knowledge of the deficiency which she now seeks to correct long before either of these deadlines passed, Plaintiff still waited until June 8, 2015 to file her Motion to Amend Her Complaint.

Plaintiff offers no excuse as to why she waited so long to seek leave to correct her error. Plaintiff should have known even before she filed her Complaint that Henry Ford Hospital is not a proper party, as public records available online from the Michigan Department of Licensing and Regulatory Affairs disclose that Henry Ford Hospital is an assumed name of Henry Ford Health System. (See Dkt. #43, Ex. 28, Pg ID 1240-41). "Courts are especially inclined to deny a motion brought under Rule 15" where, as here, "the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 572 (E.D. Mich. 2009).[1]

---

[1] Moreover, the Sixth Circuit has repeatedly concluded that allowing an amendment after the close of discovery and/or after a summary judgment motion is on file results in prejudice to a defendant. See *Glazer*, 704 F.3d at 458-59

Plaintiff's failure to conduct simple due diligence before filing her Complaint, coupled with her inexcusable delay in seeking leave, warrants denial of her Motion to Amend Her Complaint.

**B.     Plaintiff's Proposed Amendment Is Futile.**

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). Here, Plaintiff's proposed Amended Complaint seeks to replace Henry Ford Hospital with Henry Ford Health System as the named defendant. However, the proposed Amended Complaint does not address the various other reasons why the original Complaint must be dismissed, as set forth in Defendant's Motion for Summary Judgment.

In other words, even if Plaintiff is allowed to file her Amended Complaint, the amendment is futile. Plaintiff still cannot establish a *prima facie* case of unlawful retaliation because she cannot demonstrate a causal connection between

---

(denying leave where defendant's "motion to dismiss had been filed and fully briefed" and finding that "the delay unduly prejudiced" defendant); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 824, 834 (6th Cir. 1999) (denying leave to amend because "discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); see also *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (noting that "[a]t least one Sixth Circuit decision has held that allowing amendments after the close of discovery creates significant prejudice, and other Circuits agree") (quoting *Duggins*, 195 F.3d at 834).

5

her alleged protected activity and her suspension/termination, and even if she could, she cannot establish that the legitimate, nondiscriminatory reason for suspending and terminating her was pretextual. (See Dkt. #43, Pg ID 1056-60). Likewise, Plaintiff still cannot establish a *prima facie* Whistleblowers' Protection Act claim, and even if she could, she has no evidence to refute the legitimate reason for her suspension and termination and thus cannot demonstrate pretext. (See Dkt. #43, Pg ID 1060-62).

## IV. CONCLUSION

For the foregoing reasons, including the inexcusable delay, the prejudice resulting from the inexcusable delay, and the futility of the proposed amendment, Defendant respectfully requests that this Court deny Plaintiff's Motion to Amend Her Complaint.

Respectfully submitted,

VARNUM LLP

By: */s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendants
39500 High Pointe Blvd, Suite 350
Novi, Michigan 48375
(248) 567-7828

Dated: June 22, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

>  */s/Terrence J. Miglio*
> Terrence J. Miglio (P30541)
> 39500 High Pointe Blvd., Suite 350
> Novi, Michigan 48375
> (248) 567-7828
> tjmiglio@varnumlaw.com

9527058_1.docx