## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                Plaintiff,

v

**HENRY FORD HOSPITAL**,

                Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

---

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................................................................... ii

# INDEX OF AUTHORITIES

**Cases**                                                                                      **Page**

*Anaheim Gardens v. United States*, 118 Fed. Cl. 669, 671 (2014)............................5

*Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    644 F.2d 690, 694 (8th Cir.1981) ........................................................................4

*Foman v. Davis*, 371 U.S. 178, 183 (1962) ................................................................4

*Garretson v. City of Madison Hts.*,
    No. 02-73219, 2005 WL 3447873, at *1-2 (E.D. Mich. December 15, 2005) ....2

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) .......................5

*Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 348 (E.D. Mich. 2003) .........3

*Infotronics Corp. v. Varian Associates Corp.*,
    45 F.R.D. 91, 93-94 (S.D. Tex. 1968) .................................................................3

*Jackson v. Duke*, 259 F.2d 3 (5th Cir.1958) ..............................................................3

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) .................................2

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir.2003).............................................4

*Montoya v. S.C.C.P. Painting Contractors, Inc.*,
    589 F. Supp. 2d 569, 573 (D. Md. 2008)........................................................4, 5

*Palmer v. Roberts*,
    No. 04–73635, 2005 WL 1631267, at *2 (E.D.Mich. July 6, 2005)...................3

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*,
    No. 02-74796, 2006 WL 89867, at *3 (E.D. Mich. Jan. 13, 2006).....................3

*Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*,
    64 F.3d 1001, 1009 (6th Cir.1995) .....................................................................1

*Tefft v. Seward*, 689 F.2d 637, 640 (6th Cir. 1982) ..................................................4

*United States v. Midwest Suspension & Brake*, 49 F.3d 1197 (6th Cir. 1995)...........6

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001)..................................6

Defendant does not dispute that it knew that the above-captioned lawsuit would have been brought against Henry Ford Health System, but for a misnomer. Defendant does not dispute that it was on notice nor identify any prejudice that would result from changing the name of the Defendant from its assumed name, "Henry Ford Hospital", to "Henry Ford Health System d/b/a Henry Ford Hospital."

Instead, Defendant solely argues that Plaintiff's Motion should be denied and Defendant's dispositive motion granted because it has already filed its dispositive motion. Yet, Defendant fails to articulate how this causes prejudice in any way nor does Defendant identify how a misnomer impacted Defendant's dispositive briefing. Unlike the cases that Defendant cites to that pertain to a party attempting to add a theory or cause of action post-dispositive motion cutoff, here, the proposed change is to correct a misnomer and has no impact on the discovery that has already been taken in this case nor does it have any impact on the substantive claims, causes of action, or defenses being advanced by the parties.

Defendant only objects to Plaintiff's request to amend the complaint on the basis that Plaintiff's Motion was untimely. However, "Delay alone ... does not justify the denial of leave to amend." *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.,* 64 F.3d 1001, 1009 (6th Cir.1995). Defendant has failed to cite to a single case involving an amendment to correct a misnomer. U.S. Supreme Court case precedent regarding the correction of misnomers is clear on this point: "that

relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010); *see also Garretson v. City of Madison Hts.*, No. 02-73219, 2005 WL 3447873, at *1-2 (E.D. Mich. December 15, 2005)(attached as *Exhibit A*)(granting leave to amend over four years after the complaint was filed, after summary judgement, after appeal and "extensive discovery".).

Defendant argues that Plaintiff should have filed a motion to amend the complaint after Defendant supplemented its discovery responses on December 23, 2014.  Yet, Defendant has referred to itself as "Henry Ford Hospital" in response to the complaints raised by Plaintiff to the State of Michigan.  (*Exhibit B*) Ms. Jill Hood, the Senior Business Partner for Henry Ford, who Plaintiff reported to, referred to herself as an employee of Henry Ford Hospital.  (*Exhibit B*)  Defendant's counsel indicated in the 26(f) Plan filed with this Court that: "Plaintiff's employment with Defendant was terminated . . ."  [Dkt. No. 9; Pg ID 56] Furthermore, Defendant has acknowledged that "Henry Ford Health System" is on notice that it was the Defendant in this lawsuit and has issued and responded to discovery, filed and responded to motions, and has accepted service.  Its managerial employees have voluntarily been deposed as party witnesses.  Its resident business agent was served as well as its attorney.  (*Exhibit C*)

When "the correct defendant is served, but the complaint identifies the party by the wrong name, the proper remedy . . . is to amend the pleading to correct the misnomer." *Palmer v. Roberts*, No. 04–73635, 2005 WL 1631267, at *2 (E.D.Mich. July 6, 2005) (attached as *Exhibit D*). When the actual name of a party and the name on the complaint are substantially similar, a "little common sense goes a long way to show that the complaint contains a mere misnomer, and that [the two named entities] are one and the same." *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 348 (E.D. Mich. 2003) (discussing "Hilgraeve Inc." and "Hilgraeve Corporation"); *see also*, *Jackson v. Duke*, 259 F.2d 3 (5th Cir.1958) (no prejudice where plaintiff intended to file against "W.T. Jackson" though the complaint named "W.C. Jackson."); *Palmer*, at *1-3 (granting leave to amend where suit was brought against Thomas Marcucci, the nephew of Thomas A. Marcucci, the proper defendant. The court noted the correct defendant filed an answer to the complaint); *Infotronics Corp. v. Varian Associates Corp.*, 45 F.R.D. 91, 93-94 (S.D. Tex. 1968) ("having expressly assumed all obligations of Varian-Aerograph, the named defendant, Varian Associates can hardly argue that it was unaware that the party sought to be sued was itself . . . the court finds that since Varian Associates has suffered no prejudice from the misnomer in the complaint, plaintiff's leave to amend must be granted.").

A motion to amend a complaint should only be denied "if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to

the opposing party, or would be futile." *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, No. 02-74796, 2006 WL 89867, at *3 (E.D. Mich. Jan. 13, 2006) (attached as *Exhibit E*) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir.2003). The "grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman* at 182.

"Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Tefft v. Seward*, 689 F.2d 637, 640 (6th Cir. 1982). In *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, the Eighth Circuit, in reversing a district court, noted the district "court placed great reliance on the two and one-half year delay between filing the complaint and plaintiffs' request for leave to amend. However, it is well-settled that delay alone is not sufficient reason for denying leave." *Tefft*, at 640, fn. 2 (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir.1981)). "The delay must have resulted in prejudice to the party opposing the motion." *Id.*

In *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F. Supp. 2d 569, 573 (D. Md. 2008), the district court granted Plaintiff's motion to amend a complaint to

"correct all references from Giovanni (a.k.a. "John") Sulmonte to Ascenzo (a.k.a. "John") Sulmonte. Giovanni Sulmonte is Ascenzo Sulmonte's father. The misnomer resulted, according to the plaintiffs, from the fact that the defendant is commonly known by the name "John," which is not his given name." Leave to amend was granted eighteen months after the complaint was filed, although Ascenzo claimed this would "result in injustice" *Id.* Although Azcenzo claimed he was not involved in the litigation, he was deposed, appeared at court proceedings, and signed interrogatory responses. *Id.* For these reasons, the court decided "[i]t is clear that the plaintiffs intended to sue [him] and . . . no one has been misled by the misnomer of parties or will be prejudiced as a result." *Id.* at 574; *see also, Anaheim Gardens v. United States*, 118 Fed. Cl. 669, 671 (2014) (granting leave to amend to correct a misnomer 20 years after the filing of the original complaint).

Here, as in *Montoya*, Henry Ford Health System participated in depositions, appeared at court proceedings, and signed interrogatory responses. No one has been misled by the misnomer of parties or will be prejudiced as a result. As in *Hemphill Contracting Company*, *Palmer*, *Jackson*, and *Infotronics Corp.*, "a little common sense" shows that no prejudice results from allowing an amendment of Defendant's name from Henry Ford Hospital to Henry Ford Health System.

Defendant primarily relies on *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013). In *Glazer*, the plaintiff filed a motion to amend to raise a new

5

theory after the defendant's dispositive motion had already been granted taking a "wait and see approach". *Id.* at 458-59. The Sixth Circuit noted that the plaintiff was engaging in gamesmanship waiting to see whether the magistrate judge denied the dispositive motion before making the argument. *Id.*

Here, there was no gamesmanship and certainly no prejudice. Plaintiff is not changing theories or inserting new facts after a dispositive motion. As noted by Defendant in its Response Brief, this proposed amendment does not impact the substantive arguments regarding the merits of Plaintiff's case. As a result, this request is distinguishable from the request made in *Glazer*.

Defendant relies on *United States v. Midwest Suspension & Brake*, 49 F.3d 1197 (6th Cir. 1995). However, that case deals with a request to amend defendant's answer before a jury trial was set to commence. *Id.* at 1201. In effect, the defendant attempted to add a new defense. The Sixth Circuit recognized that "[i]f the district court had granted [defendant's] motion . . . the [plaintiff] would have had to undertake a new and expensive round of discovery . . ." *Id.*

Defendant argues that *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001) is controlling. This case also deals with adding new claims. *Id.* at 458. The district court noted that "delay alone was not sufficient reason to deny amendment"; instead, lack of notice and substantial prejudice are the critical factors. *Id.* at 458-

59. The court found there would be significant prejudice to the defendant if entirely new claims were added after discovery.  *Id.* at 459.

Here, Plaintiff is only requesting to change the Defendant's assumed name. Plaintiff is not adding a new party—Defendant has known from the beginning that it was the proper employer, referring to itself has "Henry Ford Hospital."  (*Exhibit B*)  None of the claims or defenses have changed and no additional discovery is required.  There is no evidence presented of "significant prejudice."

In regards to Defendant's arguments that her proposed amendment is futile, Plaintiff relies on her Response to Defendant's Motion for Summary Judgment.

WHEREFORE, for the reasons in the attached brief in support, Plaintiff requests this Honorable Court to grant her request to Amend her Complaint.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Adam C. Graham
     Adam C. Graham (P79361)
     *Attorneys for Plaintiff*
     600 W. Lafayette Blvd., 4th Floor
     Detroit, MI  48226
Dated: June 29, 2015     (313) 964-4454

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:14-cv-11916-GCS-MJH |
| | Hon. George Caram Steeh |
| v | Magistrate Judge Michael Hluchaniuk |

**HENRY FORD HOSPITAL**,

    Defendant.

_____

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on *June 29, 2015*, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Adam C. Graham _____
        Adam C. Graham (P79361)
        *Attorneys for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, MI  48226
        (313) 964-4454

1