# EXHIBIT A

2005 WL 3447873
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Juli GARRETSON, Plaintiff,
v.
CITY OF MADISON HEIGHTS, A Municipal Corporation, Madison Heihts Police Department, Officer John Doe, Peter Altobelli, Jeremy Dixon, and Anthony Roberts, Defendants.

No. 02-73219.   |   Dec. 15, 2005.

**Attorneys and Law Firms**

Alyson L. Oliver, Waterford, MI, for Plaintiff.

Carlito H. Young, Michael E. Rosati, Johnson, Rosati, Farmington Hills, MI, for Defendants.

*ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT*

ROBERTS, J.

**I. INTRODUCTION**

*1 This matter is before the Court on Plaintiff's Motion for leave to amend the complaint. For the following reasons, the Court GRANTS Plaintiff's Motion.

**II. BACKGROUND**

This is an action pursuant to 42 USC § 1983. The Plaintiff claims she is an insulin dependent diabetic who was denied access to medication during lock-up in the Madison Heights Police Department. The Plaintiff developed diabetic ketoacidosis, requiring admission to the hospital. The action was originally filed on August 6, 2002. The Court granted Defendants' summary judgment on December 1, 2003. The Plaintiff appealed and the case was remanded.

On October 27, 2005, the Plaintiff filed a motion to amend the complaint. The Plaintiff seeks to replace the misnomer "Officer John Doe" with "Officer Stephen Worton" ("Worton"). The Defendant opposes the amendment, arguing that the statute of limitations has run.

**III. APPLICABLE LAW AND ANALYSIS**

In general, leave to amend shall be freely given. Fed. R. Civ. Pro. 15(a). The requirements are different, however, when the statute of limitations has run.

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. Pro. 15(c).

"In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied." *Berndt v. State of Tennessee,* 796 F.2d 879, 883 (6th Cir.1986) The applicable statute of limitations in Michigan is three years. MCL § 600.5805.

Here, the names of the officers involved were not immediately known to the Plaintiff, so the Plaintiff listed "Officer John Doe" as a Defendant until the identity of the officer was ascertained.

> The naming of 'unknown police officers' in the original complaint does not save the pleading. Substituting a named defendant for a 'John Doe' defendant is considered a change in the parties, not a mere substitution of parties. Therefore, the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment

adding the named defendant to relate back to the filing of the original complaint ... It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met.

*2 *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996) (citation omitted) (emphasis added).

In this case, amendment would be proper if:
(1) The claim against Worton arises out of the same transaction or conduct as set forth in the Complaint;

(2) Within the period provided by Rule 4(m) for service of the summons and complaint,

(a) Worton has notice such that he will not be prejudiced in maintaining his defenses; and

(3) Worton knew or should have known that had his identity been known he would have been a party to the action.

There is no question that the first requirement has been met. The second prong is satisfied as well; the same counsel for the other Defendants will represent Worton, and extensive discovery has been conducted. Therefore, Worton's interests have been adequately represented. Moreover, the Defendants do not allege any prejudice if Worton is named as a Defendant.

Thus, whether Worton knew or should have known he would have been named as a party sooner-had his identity been known-is the only issue to be determined.

In guidance to district courts faced with this determination, the Sixth Circuit stated, "[w]e believe that Rule 15(c) does not require that the new defendants received actual notice. It is enough that the new defendants received constructive notice of the suit ... under some circumstances, notice can also be imputed to a new defendant ... where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice." *Berndt,* 796 F.2d at 884.

Worton had constructive, if not actual, notice of this action and his likelihood of being named a Defendant. All of the officers primarily responsible for the alleged incident were named. The City of Madison Heights and the Madison Heights Police Department are also Defendants. Undoubtedly, Worton is aware of the allegations and the ongoing investigation. Therefore, Worton had at least constructive notice that the action would have been brought against him as well, were his identity known. *See also* this Court's decision in *Daily v. Monte,* 26 F.Supp.2d 984 (E.D.Mich.1998)(holding there was constructive notice to individual officers where the seriousness of the allegations resulted in a thorough investigation).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for leave to amend the complaint to replace the misnomer "Officer John Doe" with "Officer Stephen Worton." The amended Complaint must be filed on or before December 30, 2005.

IT IS SO ORDERED.

End of Document                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.                    2