# EXHIBIT D

2005 WL 1631267
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Donna PALMER, et al., Plaintiffs,
v.
Ralph ROBERTS, et al., Defendants.

No. Civ.A. 04CV73635.   |   July 6, 2005.

**Attorneys and Law Firms**

Joon H. Sung, Legal Aid and Defender Association, Inc., Detroit, MI, Michael McKeown, Sally A. Root, Legal Aid & Defender Assoc., Clinton Township, MI, for Plaintiffs.

Thomas Marcucci, Troy, MI, pro se.

Nicole R. Foley, Kirk I. Tousaw, Jaffe, Raitt, Southfield, MI, for Defendants.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL AND SUMMARY JUDGMENT (DOCKET # 10)

FRIEDMAN, Chief J.

### I. Introduction

*1 This matter is presently before the court on defendant Thomas A. Marcucci's motion, in pro per, for dismissal based on lack of personal jurisdiction, insufficiency of process, and improper service of process, pursuant to Fed.R.Civ.P. 4(m), 12(b)(2), 12(b)(4), and 12(b)(5). Alternatively, defendant Marcucci filed a motion for summary judgment for lack of a genuine issue of material fact, pursuant to Fed.R.Civ.P. 56(b).

Plaintiffs Donna and Theodor Palmer brought this action under theories of lack of consideration, violation of Michigan usury laws, collection of unlawful debts and conspiring to collect unlawful debts, fraud, and breach of fiduciary duty. The complaint names Ralph Roberts, Ralph Roberts Revocable Trust, Ralph Roberts Real Estate, Inc., Home Savers, Inc., Strebor Title, Inc. (d/b/a Summit Title Agency), and Thomas Marcucci as defendants. Plaintiffs seek a declaration that the equitable mortgage is illegal and void, compensatory damages, and costs.

### II. Statement of Facts

Since 1991, plaintiffs have lived in the home that is the subject of this litigation. In 2001, plaintiffs fell behind on their original mortgage payments after Mr. Palmer lost his job. Plaintiffs faced foreclosure.

In September 2001, plaintiffs answered a newspaper advertisement from Home Savers, Inc. ("Home Savers"), a company offering help to those facing the "foreclosure nightmare." Plaintiffs later met with defendant Ralph Roberts at Home Savers. Defendant Roberts outlined a deal to save their home and referred them to defendant Thomas Marcucci, an attorney at the time.[1] Defendant Marcucci sent plaintiffs a letter proclaiming the validity of the contract with defendant Home Savers.

Shortly thereafter, plaintiffs signed a warranty deed conveying their property to defendant Ralph R. Roberts Real Estate, Inc. for consideration of $95,000.00. Plaintiffs also signed a land contract repurchasing the property for $141,000.00 plus ten percent interest in payments of $1,204.00 per month over five years, with a balloon payment due at the end of five years. In the end, plaintiffs made mortgage payments larger than their previous payments. Plaintiffs failed to keep up with the new payments and defendants started eviction proceedings.

### III. Motion to Dismiss Pursuant to Fed.R.Civ.P. 4(m), 12(b)(2), 12(b)(4), 12(b)(5)

On March 7, 2005, defendant Marcucci filed a motion to dismiss. Defendant argues that he should be dismissed from the lawsuit for lack of personal jurisdiction, insufficiency of process, and improper service of process. The court denies defendant's motion for the reasons set forth below.

Defendant contends that his motion to dismiss should be granted because the summons and complaint were not delivered to him, the proper party, within the time specified in the Federal Rules of Civil Procedure. The time limit for service is as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to

that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*2 Fed.R.Civ.P. 4(m). Although the Rules of Civil Procedure allow a court to dismiss an improperly served defendant, courts recognize the possibility of a bizarre or honest mistake. See Hilgraeve Corp. v. Symantec Corp., 212 F.R.D. 345, 349 (E.D.Mich.2003) (granting plaintiff leave to amend complaint to correct mistake in the party name).

The Rules of Civil Procedure also provide that the following defenses may at the option of the pleader be made by motion: "lack of jurisdiction over the person ... insufficiency of process ... insufficiency of service of process." Fed.R.Civ.P. 12(b)(2), (4) and (5).

In this matter, the wrong Thomas Marcucci was served within 120 days after filing the complaint. On September 17, 2004, plaintiffs filed a complaint against Thomas Marcucci, not Thomas A. Marcucci. Thomas Marcucci is the nephew of defendant Thomas A. Marcucci. Nonetheless, on October 20, 2004, Thomas A. Marcucci, the correct defendant, filed an answer to the complaint. Therefore, Thomas A. Marcucci was aware that plaintiffs filed a lawsuit against him within the requisite time period.

In a similar case, Jackson v. Duke, 259 F.2d 3 (5th Cir.1958), plaintiff intended to file suit against W.T. Jackson though the complaint named W.C. Jackson. The court dismissed Jackson's attempt to avoid suit. The court stated, "Since the right party was before the court, although under a wrong name, the trial judge properly allowed the amendment to cure the misnomer." Id. at 7. In the instant case, plaintiffs agreed to amend the complaint to include the missing middle initial. Further, plaintiffs allege that a United States Marshall has recently served the correct defendant, Thomas A. Marcucci, with the amended complaint.

It is clear that this mistake has not unfairly prejudiced defendant. The mistake was honest and was corrected. Therefore, the court denies defendant Marcucci's motion for dismissal for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

### IV. Defendant's Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56

Alternatively, defendant argues that he is entitled to summary judgment for lack of a genuine issue of material fact. Defendant's summary judgment motion only addresses one count of the complaint, the Racketeer Influenced and Corrupt Organizations ("RICO") count.

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, the court shall draw "all justifiable inferences in a light most favorable to the nonmoving party." Upsher v. Gross Pointe Public School Sys., 285 F.3d 448, 452 (6th Cir.2002). The court must then determine "whether the evidence presents a sufficient disagreement to require [a trial] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also Anderson, 477 U.S. at 256.

*3 In the complaint, plaintiffs allege that "Defendants are in the business of collecting unlawful debts and conspiring to collect unlawful debts in violation of 18 U.S.C. § 1962." Complaint, 6. An unlawful debt includes a debt "which was incurred in connection with ... the business of lending money or a thing of value at a rate usurious under State or Federal law." 18 U.S.C. § 1961(6)(B). In order for defendant Marcucci to be held responsible under RICO, he must participate in the scheme and in the operation or management of the enterprise itself. See 800537 Ontario, Inc. v. Auto Enterprises, Inc., 113 F.Supp.2d 1116, 1121 (E.D.Mich.2000). An enterprise can be either formal or informal. See U.S. v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

Defendant argues that summary judgment is appropriate because he has "never at any time realized, received, directly or indirectly any form of loan proceeds." Def.'s Brief Supp. Summ. J. at 10. Defendant further claims that he has never conspired to collect unlawful debts. The court denies

defendant's motion for summary judgment as premature. Plaintiffs explain that the discovery deadline is June 27, 2005. When defendant filed this motion, plaintiffs were in the process of gathering depositions and planned to file a motion to compel discovery. The discovery process may reveal evidence plaintiffs can use in response to defendant's motion and plaintiffs are entitled to the full discovery time period. For these reasons, the court denies defendant's motion for summary judgment as premature. Accordingly,

IT IS ORDERED that defendant's motion for dismissal pursuant to Fed.R.Civ.P. 4(m), 12(b)(2), 12(b)(4), 12(b)(5) is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56 is denied without prejudice.

HOMMEL, Chief J.

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

## Footnotes

1     In 2002, defendant Marcucci was disbarred in Michigan for improperly dispersing a settlement award to his client.

---

**End of Document**      © 2015 Thomson Reuters. No claim to original U.S. Government Works.