# ATTACHMENT A

## CHART OF PLAINTIFF'S MISREPRESENTATIONS
## AS TO "DIRECT EVIDENCE" OF RETALIATION
## (RESPONSE P. 17-18)

### Exhibit K and L

Plaintiff claims that Exhibit K and L shows Bork "was resentful of Plaintiff's report to HR and the State, including personal attacks on Reeser for desiring to leave the site for lunch." (Response p. 17.)

| | |
|---|---|
| Exhibit K | Email exchanges between Plaintiff and Hood January 14-17. **There are no emails from Bork and no mention by Plaintiff about unpaid lunches.** Plaintiff sought to meet with Hood because of an "personal issue" Bork allegedly had with her the previous month. |
| Exhibit L | January 17 email from Bork to Hood who enumerates a number of performance deficiencies and problems she has had with Plaintiff. **There is no mention of unpaid lunches or Plaintiff's complaint about unpaid lunches.** |

### Hood Dep. 134; Exhibits L, W, Y, AA, & BB

Plaintiff claims that these show "Bork's threats that if Plaintiff continued to request a lunch break that she would be transferred or lose her job." (Response p. 18.)

| | |
|---|---|
| Hood Dep. p. 134 | **Hood testifies only about what Plaintiff said, not what Bork said about Plaintiff.** |
| Exhibit L | See above. |
| Exhibit W | Email exchanges between Hood and Bork on February 18, 2014 about having Plaintiff train at a new site in response. **There is no mention of terminating Plaintiff and no mention of unpaid lunches.** Bork's initial email was in response to Plaintiff's email (omitted by Plaintiff |

| | |
|---|---|
| | from Exhibit W). Bork testified she was having Plaintiff train at the new site because an employee resigned and Plaintiff and everyone else would be involved in the Saturday rotations at that site. (Def. Ex. 2, Bork dep p 193.) |
| Exhibit Y | Email between Bork and Hood. Bork is complaining to Hood that it is taking HR so long to calculate the amount of overtime pay Plaintiff is entitled to receive. Plaintiff omitted from Exhibit Y the initial forwarded email about the process and status of calculating the hours owed Plaintiff for her lunches. (Attachment G, Email Bates Nos. HFH 609-611.) |
| Exhibit AA | February 25, 2014 email exchange between Plaintiff and Luain Hajjar about what Plaintiff will be doing a the new site. |
| Exhibit BB | February 25, 2014 email exchange between Bork and Plaintiff. Bork indicates that Reeser will be covering another site for an employee who will be off through 3/5/14. No mention by Bork about terminating Plaintiff. |

## Exhibit N

Plaintiff claims Exhibit N shows Bork "reprimanding Plaintiff for demanding that she be paid for lunches she was forced to work." (Response p.18.)

| | |
|---|---|
| Exhibit N | Email exchange from Bork to Plaintiff and Plaintiff to Hood January 26-27, 2014. Bork is asking Plaintiff what prevented her from taking lunch. Bork reminds her that Plaintiff need to notify her for approval not to take a lunch. There is no reprimand in Bork's email. Bork and Hood both testified that a new procedure had not been adopted as of this date to provide for closure of CTPSC. (Def. Ex. 2, Bork dep pp 86-87; Attachment E, Hood dep. p 154.) |

## Exhibit Q

Plaintiff claims that Exhibit Q shows Bork "emailing Waugh reiterating her concerns that Ms. Reeser's complaints raised 'a huge problem'." (Response p. 18)

2

| Exhibit Q | Email from Plaintiff Hood, Wiseheart, and Bork and email from Bork to Waugh all dated January 27, 2014. Plaintiff indicates that HR has her recording her lunches because she should get paid for her lunches. Bork's email to Waugh indicates that there is a huge problem because Hood did not tell her of Plaintiff's conversation with Hood or about Plaintiff recording her lunches. Bork indicates that CTPSC is only staffed by one person and there should be ample time for the employee to take a lunch. Bork testified that she brought her boss Waugh up to date about the issue of unpaid lunches for Plaintiff and other employees who worked at CTPSC. (Attachment F, Bork dep pp 174-175.) |
|---|---|

**Exhibits R, S, & U**

Plaintiff claims that these Exhibits show Bork "directly expressing displeasure on several occasions about being forced to calculate Plaintiff's compensation from unpaid lunches and with her decisions regarding Reeser's schedule being questioned by Plaintiff." (Response p. 18)

| Exhibit R | Email from Bork to Hood and Rebecca Woodring in HR indicating that she is pulling schedules to see who was working at CTPSC from 12-20-11 forward. Bork indicates that "it is a time consuming task that I am willing to do however I may not have it done before I leave tomorrow for vacation" and if she can't get it finished before she leaves she will finish it upon her return. **There is no expression of displeasure whatsoever.** |
|---|---|
| Exhibit S | Email from Waugh to Bork thanking her for the ridiculously tedious work. **There are no statements by Bork in Exhibit S.** |
| Exhibit U | Two February 18, 2014 emails from Plaintiff to Bork and Bork's February 18, 2014 email to Hood and Waugh. Plaintiff complains to Bork that she wasn't assigned to train someone and complaining that it is unfair that other phlebotomists Denise and Ciara were being given awards ("Henry Bucks") instead of Plaintiff. Bork's email to Hood explaining how the awards are given out and indicating that she shouldn't have to explain to Plaintiff how she |

3

| | schedules trainers. There is nothing in Bork's email relating to unpaid lunches. |
|---|---|

## Exhibit T

Plaintiff claims that Exhibit T shows Bork "bypassing HR and going directly to the [sic] Waugh to deal with Reeser who Waugh described as feeling too 'empowered' after Reeser's reports." (Response p. 18.)

| Exhibit T | Contains the February 18, 2014 email from Bork to Hood and Waugh that is part of Exhibit U. It also contains Waugh's email of February 18, 2014 to Hood and Bork. Waugh expresses "his view" that Plaintiff's email complaining about not be assigned to train an employee and complaining that others are being awarded "Henry Bucks" is out of line. |
|---|---|

4