# ATTACHMENT C

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

                          Case No. 2:14-cv-11916-GCS-MJH

vs

                          Hon. George Caram Steeh

HENRY FORD HOSPITAL

      Defendant.
_____/

DEPOSITION OF MARTHA WISEHEART

Taken by the Plaintiff on the 17th day of March 2015

at the offices of Miller Cohen, PLC, 600 W. Lafayette

Blvd., 4th Floor, Detroit, Michigan at 10:00 a.m.

APPEARANCES:

For the Plaintiff:    MR. KEITH D. FLYNN (P74192)
                         Miller Cohen, P.L.C.
                         600 W. Lafayette Blvd., 4th Floor
                         Detroit, Michigan 48226-0840
                         313.964.4454

(continued)

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 48

1  A   I did have one who had attendance issues.
2  Q   What kind of attendance issues?
3  A   Coming in late, leaving early, calling in repetitive
4      times.
5  Q   So there were numerous issues that led to the
6      termination?
7  A   Yes.
8  Q   Now, you mentioned job abandonment being-- well,
9      first off, do you recall any other instances
10     regarding attendance where someone has been
11     disciplined or discharged under your watch or just
12     discharged?
13 A   I don't recall.
14 Q   Now, you mentioned job abandonment being one of
15     those situations where you might immediately go to
16     termination.  Correct?
17 A   Yes.
18 Q   Who can you recall being terminated immediately for
19     job abandonment?
20 A   One employee I had.
21 Q   Who was that?
22 A   I don't recall his name.  He was only employed by
23     Henry Ford less than 90 days.
24 Q   What happened with him?  What was the job
25     abandonment?

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 49

1  A   He was a no-call, no-show for three consecutive
2      days.
3  Q   Is that the individual you referred to earlier?
4  A   You will have to refer to-- we talked about a couple
5      different individuals in my mind.
6  Q   You mentioned that someone was a no-call, no-show
7      for three consecutive days earlier in your
8      testimony.
9  A   Yes.
10 Q   Is that the same person that you are just now
11     referring to?
12 A   Yes.
13 Q   Okay, sorry.  Can you recall any other instances of
14     job abandonment?
15 A   Yes, but she did not even come back.
16 Q   Who was that?
17 A   I don't know her name.  It was a lab assistant who
18     walked off the job, went out to lunch and never
19     returned.
20 Q   What do you mean, never returned?
21 A   Never returned.
22 Q   That day or that week?
23 A   At any point in time, never returned.
24 Q   That's not good.
25 A   We called security because we were concerned about

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 50

1       her well being, and they had her on tape or whatever
2       they pulled up, and they said, yes, she left the
3       parking structure.
4              We e-mailed her, got ahold of her contact
5       for emergencies, and they said that she would
6       contact me and, later that day, she sent an
7       e-mail and said I'm done.
8   Q   So did she resign or did she get terminated for job
9       abandonment?
10  A   She resigned.
11  Q   How many days had she missed by the time she
12      resigned?
13  A   She was gone maybe four hours.
14              MR. FLYNN:  We can go off the record.
15              (At 11:14 a.m., recess taken)
16              (At 11:28 a.m., back on the record)
17  Q   (By Mr. Flynn)  Are you aware of an official policy
18      or procedure that is in place that defines job
19      abandonment?
20  A   No.
21  Q   Insubordination, what qualifies for an act to be
22      insubordinate from your experience?
23              What was that, counsel?
24              MR. MIGLIO:  What?
25              MR. FLYNN:  Did you have something to say?

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 98

1          That might be another goal.
2                  Safety goals.  Henry Ford is into Lean
3      processes and Lean training, so that could have been
4      another goal.
5   Q  Do you recall Natalie ever bringing up any issues
6      regarding a performance appraisal she was given?
7   A  Yes.
8   Q  What do you recall?
9   A  That Natalie was upset about her performance
10     appraisal.
11  Q  About when was this?
12  A  I do not recall the date.
13  Q  Is it before the late January e-mail?
14  A  I do not know, I don't recall.
15  Q  Do you recall, did she walk in your office?
16  A  I don't recall.
17  Q  Do you recall what she said?
18  A  She was-- not verbatim, no.
19  Q  Do you recall basically what she said?
20  A  Yes.
21  Q  What did she basically say?
22  A  That she was upset with her employee evaluation, her
23     performance evaluation.
24  Q  Did she indicate why?
25  A  Yes.

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 99

| | | |
|---|---|---|
| 1 | Q | What reason did she provide? |
| 2 | A | That Fiona rated her low in an area. |
| 3 | Q | Do you recall what area that was? |
| 4 | A | No. |
| 5 | Q | Do you recall what your response was? |
| 6 | A | Yes. |
| 7 | Q | What was your response? |
| 8 | A | If you have an issue with your performance |
| 9 | | evaluation, you need to go to your manager. |
| 10 | Q | Did you say anything else? |
| 11 | A | No. |
| 12 | Q | So you are absolutely dead-set sure you didn't say |
| 13 | | anything else? |
| 14 | A | Not that I recall. |
| 15 | Q | You could have, but you don't recall. |
| 16 | | MR. MIGLIO:  Asked and answered three |
| 17 | | times. |
| 18 | | THE WITNESS:  I don't recall. |
| 19 | Q | (By Mr. Flynn)  Those two earlier conversations |
| 20 | | about taking time off work-- actually the three |
| 21 | | conversations, taking time off work was two of them |
| 22 | | and lunch was the third one.  Right? |
| 23 | | MR. MIGLIO:  Objection as to the form of |
| 24 | | the question. |
| 25 | Q | (By Mr. Flynn)  Do you get what I'm saying?  There |

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 180

1                    C E R T I F I C A T I O N

2

3    STATE OF MICHIGAN    )

4                         )

5    COUNTY OF OAKLAND    )

6

7

8            I certify that this transcript, consisting

9    of 180 pages, is a complete, true and correct record

10   of the testimony of MARTHA WISEHEART held in this

11   case on March 17, 2015.

12           I also certify that prior to taking this

13   deposition, MARTHA WISEHEART was duly sworn to tell

14   the truth.

15

16

17

18   3/20/2015

19   _____      _____

20   Date             TAMARA A. O'CONNOR, CSMR-2656, CER-2656

21                    2385 Jakewood Drive

22                    West Bloomfield, Michigan 48324

23

24   sd