NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

    Plaintiff,

                      Case No. 2:14-cv-11916-GCS-MJH

vs

                      Hon. George Caram Steeh

HENRY FORD HOSPITAL

    Defendant.
_____/

DEPOSITION OF MARTHA WISEHEART

Taken by the Plaintiff on the 17th day of March 2015

at the offices of Miller Cohen, PLC, 600 W. Lafayette

Blvd., 4th Floor, Detroit, Michigan at 10:00 a.m.

APPEARANCES:

For the Plaintiff:   MR. KEITH D. FLYNN (P74192)
                        Miller Cohen, P.L.C.
                        600 W. Lafayette Blvd., 4th Floor
                        Detroit, Michigan 48226-0840
                        313.964.4454

(continued)

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 22

```
 1   A    The same as the one before, the Site Manager.
 2   Q    Only larger?
 3   A    At first, because Cottage was still a hospital at
 4        that time, we needed to have a Site Manager there at
 5        that facility.  When it became a medical center,
 6        which was a couple years later, that is when my role
 7        expanded to be more, 12, 14, 16 medical centers,
 8        somewhere in through there.
 9   Q    But it was largely the same functions that you had
10        done as a Site Manager only on a bigger scale?
11   A    Because Cottage shrunk, going from a hospital to a
12        medical center, there were no more inpatients, so
13        did the lab, that shrunk.
14   Q    You picked up extra facilities to make up the
15        difference?
16   A    Correct.
17   Q    Got you.  How long were you in this position?
18   A    Up until-- my title still says Regional Laboratory
19        Manager on the books at Henry Ford.
20   Q    Still to this day?
21   A    Yes, because in the department for Laboratory
22        Outreach, I oversee operations of Laboratory
23        Outreach.
24             MR. MIGLIO:  He just asked you how long
25        you have been in the position.
```

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 44

1  Q   What are the grounds for immediate dismissal from
2      your experience at Henry Ford?
3  A   From my immediate experience, job abandonment, which
4      takes me back to a bad situation, insubordination in
5      addition to disruptive behavior.  This was all one
6      employee.
7  Q   Well, let's begin with what are all the grounds that
8      you can recall an employee being terminated
9      immediately for, and then we will go into more
10     specific examples.
11         So you mentioned job abandonment,
12     insubordination.  Is there anything else that you
13     can recall?
14 A   From my experience, I need to go back 20 years.
15 Q   There are some things that are very serious, right,
16     like sexual harassment in the work place, violence
17     for instance.  Those might be grounds for immediate
18     termination.  Correct?
19 A   Correct.  The one that I was kind of alluding to was
20     violence in the work place.
21 Q   What happened with that specific instance?
22             MR. MIGLIO:  Objection as to the form of
23     the question.
24 Q   (By Mr. Flynn)  The one that you were recalling just
25     a second ago.

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 45

1           MR. MIGLIO: Same objection. Go ahead,
2      you can answer.
3           THE WITNESS: The employee came in my
4      office, we were having a discussion about an
5      encounter between her and another employee. So this
6      was just a discussion, and the employee got up out
7      of her chair, proceeded to block the doorway, was
8      banging on the door, screaming and hollering how
9      unfair is this. Oh, my gosh, you're doing this to
10     me.
11          I was very fearful. I called security,
12     and it took three or four security guards to get her
13     out of my office. This individual had complaints by
14     other employees about her being violent in the work
15     place, throwing things, slamming things.
16  Q  (By Mr. Flynn) About what year was this
17     approximately?
18  A  Probably a year after when we came back to Henry
19     Ford, so probably nine years ago, eight years ago.
20  Q  What was that individual terminated for?
21  A  I would have to look at her file. I don't know off
22     the top of my head the exact verbiage that was used
23     to terminate her.
24  Q  Have you terminated anyone else, or have you ever
25     started the process by discussing matters with H.R.

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 46

```
 1         that eventually led to termination?
 2   A     Yes.
 3   Q     What other situations led to an employee's immediate
 4         termination who was being supervised by yourself?
 5   A     Immediate termination?
 6   Q     Yes.
 7   A     I had one employee that was a no-call, no-show for
 8         three days, immediate termination.
 9   Q     Anyone else?
10   A     Not that I recall.
11   Q     When I say immediate termination, they might be
12         suspended pending an investigation that leads to
13         termination.  Do you recall any situations like
14         that?
15   A     You are asking me to go back 20-some years, and I
16         cannot recall.
17   Q     I just want to make sure we're on the same
18         wavelength.  When I say immediate termination, I
19         mean even if they are suspended pending
20         investigation that leads to termination, that would
21         also be an immediate termination.  Are we on the
22         same wavelength in that respect?
23   A     No.
24   Q     So the person who was a no-call, no-show, they were
25         just terminated without any suspension in between?
```

NATALIE REESER v HENRY FORD HOSPITAL
DEPOSITION OF MARTHA WISEHEART

Page 47

| | | |
|---|---|---|
| 1 | A | Correct. It was a no-call, no-show for three |
| 2 | | consecutive days. No suspension, not that I recall. |
| 3 | Q | Do you recall any other immediate terminations other |
| 4 | | than the violent person and the no-call, no-show? |
| 5 | A | No. I have not reviewed those cases, so-- |
| 6 | Q | Just whatever you can recall today. |
| 7 | A | I can't recall. |
| 8 | Q | Can you recall any situations where someone had been |
| 9 | | suspended pending investigation and then had |
| 10 | | subsequently been terminated? |
| 11 | A | Yes. |
| 12 | Q | What grounds can you recall were the reason for the |
| 13 | | suspension and, consequently, the termination? |
| 14 | A | I do not recall the particulars on those cases. |
| 15 | Q | Do you recall any facts whatsoever regarding those |
| 16 | | kinds of cases? |
| 17 | A | No. |
| 18 | Q | Do you recall any other attendance violations that |
| 19 | | led to termination? |
| 20 | A | Yes. |
| 21 | Q | What other ones do you recall? |
| 22 | A | I guess I need clarification what you want me to |
| 23 | | recall. My employees that directly report to me, we |
| 24 | | are still talking about those. Correct? |
| 25 | Q | Correct. |