UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,                        Case No. 14-CV-11916
v.                                      HON. GEORGE CARAM STEEH

HENRY FORD HOSPITAL,

        Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 47)

This case arises out of Plaintiff's claim that she was improperly discharged after reporting Defendant for a violation of the Fair Labor Standards Act ("FLSA"). In her complaint, filed on May 13, 2014, Plaintiff named "Henry Ford Hospital" as Defendant. The Defendant's proper business title is "Henry Ford Health System." Defendant was served the complaint, accepted service, responded to discovery requests, and had managerial agents deposed without subpoenas as party representatives. Discovery in this case closed on April 6, 2015. On May 15, 2015, Defendant filed a motion for summary judgment based in part on the fact that "Henry Ford Hospital" was not a legal entity subject to suit, and was not Plaintiff's employer. On June 8, 2015, Plaintiff filed a motion seeking leave to amend her complaint to name "Henry Ford Health System, d/b/a Henry Ford Hospital" as Defendant. Having shown that the Defendant would not be prejudiced by the amendment sought, Plaintiff's motion to amend shall be granted.

## STANDARD OF REVIEW

The standard for granting leave to amend is set forth at Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely granted when justice so requires." The Supreme Court has explained that courts may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ANALYSIS

Defendant opposes Plaintiff's motion to amend on three grounds: (1) there was an inexcusable delay in seeking leave to amend, (2) the long delay prejudices the Defendant because a summary judgment motion is pending, and (3) the proposed amendment is futile.  Defendant's arguments lack merit, and justice requires that Plaintiff be granted leave to amend her complaint.

  1. <u>Defendant Had Sufficient Notice, and Will Not Be Prejudiced By Amendment</u>

The Supreme Court has clearly interpreted the purpose of the pleading requirements of the Federal Rules of Civil Procedure as supporting decisions on the merits of a claim, rather than on the basis of a mere technicality.  *See Foman*, 371 U.S. at 181-82.  The Sixth Circuit has also held that "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-459 (6th Cir. 2001).  Further, the Sixth Circuit has found that at least some significant showing of prejudice is required

to deny a motion to amend solely based on delay. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

Here the proposed amendment causes no substantial prejudice to the Defendant. The Defendant fully participated in all aspects of the litigation up to this point including pleadings and discovery. This participation also establishes that Defendant had sufficient notice of the claim. Further, the Plaintiff does not seek to change any of the claims in the original pleadings, but merely to amend the name on the complaint to the Defendant's proper name, rather than its assumed name. Defendant has failed to show that allowing Plaintiff to correct its name has or will prejudice it in any way.

    2. <u>Proposed Amendment Is Not Futile</u>

The Defendant claims that Plaintiff should not be allowed to amend her complaint because the amendment would be futile. The standard for determining futility is whether the amendment could withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must allege sufficient facts to make their alleged legal conclusions plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

In her complaint, Plaintiff alleges that she was specifically threatened by her direct supervisor that she would be terminated for reporting Defendant's alleged FLSA violation. (Doc. 1, Para. 21). She alleges she was then terminated after reporting the

violation. *Id.* at Para. 25. Plaintiff has alleged sufficient facts so that a reasonable inference could be drawn by the court as to the plausibility that she was terminated as a result of reporting her employer's conduct to the State. Therefore, her complaint would survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

Having found that the Defendant would not be prejudiced by the amendment sought, and that the amendment would not be futile, Plaintiff's motion to amend the complaint (Doc. 47) for the limited purpose of correcting Defendant's name is GRANTED.

IT IS SO ORDERED.

Dated: July 23, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---