# EXHIBIT A

Natalie K. Reeser
Lab Assistant
Henry Ford Medical Laboratories
Outreach Lab Service
Clinton Township, MI

January 20, 2014

Jill Hood
Sr. Business Partner
Human Resources
Henry Ford Hospital

Dear Ms. Hood,

Thank you for the opportunity to meet with you today. I am interested in Human Resources intervention with three areas of concern. Two areas are related to my *2013 Employee Performance and Development* markers, and one area is related to meal breaks. Through this meeting, I am seeking the assistance of Human Resources to investigate my concerns, and offer guidance and solutions to all parties in a positive and productive manner.

**2013 Employee Performance and Development Concerns** (*please see attachments*)
I believe my supervisor, Fiona Bork, was not impartial when she assigned '*2.0 Some Success*' markers to two performance categories on my annual review. I have been responsible for the Clinton Township Outreach Lab since my start date, and there has been no verbal meeting, written documentation or probationary period in these areas to support such unacceptable markers. As my supervisor knows, these markers prohibit transfer to a different position within Henry Ford Medical Laboratories, and worse, are cause for termination. Therefore, I am submitting documentation to demonstrate that these markers were assigned without any professional basis and, in at least one area, was assigned for personal reasons.

**Meal Breaks**
Employees assigned to the Clinton Township Outreach Lab, who are working alone, are required to stay on-site the entire work day as coverage for patients that may require blood draws at any time throughout each day. Employee schedules include additional time for a meal break (my schedule currently includes 30 minutes for lunch, and formerly included 60 minutes for about my first 18 months of employment); however, an actual lunch time is not provided. I was told that any "down time" was to be considered as lunch. However, I recently learned that The Fair Labor Standards Act (FLSA) states that hourly employees, who are required to work more than 40 hours in a work week, are to be compensated for those hours under a term called, "engaged to work." In order for an employee to not be "engaged to work," an employee must be completely relieved from duty for the purpose of eating regular meals.

Please know it is increasingly difficult to work busy days without any opportunity for a meal break and, some days even more difficult, because management and sales personnel bring in food for lunch, take meal breaks, and eat in front of/near me. I have been told by my supervisor that if I want a lunch break outside of the office, I will "lose" the opportunity to work in Clinton Twp. Please know I do not want to be reassigned from Clinton Twp. to another site. I have been successful in helping to grow our patient base, I personally know and respect each of our returning patients, and I look forward to working for them during each visit. Therefore, as defined by FLSA, I am asking Human Resources to intercede, and allow employees working alone at Clinton Twp. (and any other site working with similar constraints), a scheduled/advertised 30-minute closure of the lab each day for a meal break during the time that is already allotted for this purpose on individual work schedules.

Natalie K. Reeser

In closing, this past week has been unnecessarily stressful for me. Since rejecting my annual evaluation and requesting this appointment with Human Resources, I have been subjected by my supervisor to abnormal bouts of loud humming and some laughter; needless paper shredding at my desk; repeated pacing by my desk while verbally stating in an accusing tone, "You know what? Okay, Okay. You know what? Okay, Okay, etc., followed by returns to her office and the shutting of her office door. She also yelled at me and told me to change my screen saver, which represented strength for my older brother who has recently battled leukemia (both she and our operations manager have viewed this screen for months, and no one has ever mentioned it in the past); and she intentionally embarrassed both me and a patient waiting to be drawn.

Also, based on e-mails I received last week, I believe my supervisor also altered or deleted goals that were part of the original annual evaluation I received, which truly concerns me. In addition, I believe there was an attempt to cancel my 12:30 p.m. appointment with you last Friday, through the scheduling of a last minute team conference call for EPIC, at the same exact time. There was also a change made at some point to my work schedule for Friday, requiring me to work overtime that afternoon at the Shelby Twp. lab – I only work half days on Fridays in Clinton Twp. In trying to work out all of the last minute demands for my time that day, I inadvertently learned that the work replacement/employee I found to cover Friday afternoon at Shelby Twp., who had been approved by our supervisor to work this shift, was never notified by our supervisor that she was approved to work this shift. I can support that supervisor notification is the procedure we follow through past e-mails of same situations.

Therefore, I would like to trust in, and thank Human Resources for remaining unbiased in its investigation, while working with all parties to establish acceptable solutions, based solely on facts, and not emotions. I would like to see our team stabilized again, so we can move forward this year, and continue to successfully grow our Clinton Township Outreach Patient Service Center.

Sincerely,


Natalie K. Reeser