UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,
d/b/a HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916
Magistrate Judge Michael Hluchaniuk

| | |
|---|---|
| MILLER COHEN, P.L.C. | VARNUM LLP |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226 | Novi, MI 48375 |
| 313-964-4454 | 248-567-7828 |
| kflynn@millercohen.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND RELIANCE ON JURY DEMAND

**NOW COMES   HENRY FORD HEALTH SYSTEM, d/b/a HENRY FORD HOSPITAL** named as Defendant herein, by and through its attorneys, **VARNUM LLP**, and for its Answer to Plaintiff's Second Amended Complaint, states as follows:

## RESPONSE TO INTRODUCTION

1.      In response to Paragraph 1 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

## RESPONSE TO ALLEGATIONS REGARDING PARTIES

2.      In response to Paragraph 2 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

3.      In response to Paragraph 3 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

## RESPONSE TO ALLEGATIONS REGARDING
## JURISDICTION AND VENUE

4.      In response to Paragraph 4 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

5.      In response to Paragraph 5 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

6.    In response to Paragraph 6 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

## RESPONSE TO GENERAL ALLEGATIONS

7.    In response to Paragraph 7 of Plaintiff's Second Amended Complaint, Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 6 as though fully set forth herein.

8.    In response to Paragraph 8 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

9.    In response to Paragraph 9 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

10.    In response to Paragraph 10 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

11.    In response to Paragraph 11 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

12.     In response to Paragraph 12 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

13.     In response to Paragraph 13 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

14.     In response to Paragraph 14 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

15.     In response to Paragraph 15 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

16.     In response to Paragraph 16 of Plaintiff's Second Amended Complaint, Defendant denies the allegations therein to the extent that they are inconsistent with Exhibit A to the Second Amended Complaint.

17.     In response to Paragraph 17 of Plaintiff's Second Amended Complaint, Defendant denies the allegations therein to the extent that they are inconsistent with Exhibit B to the Second Amended Complaint.

18.     In response to Paragraph 18 of Plaintiff's Second Amended Complaint, Defendant denies the allegations therein to the extent that they are inconsistent with Exhibit B to the Second Amended Complaint.

19.     In response to Paragraph 19 of Plaintiff's Second Amended Complaint, Defendant denies the allegations therein to the extent that they are inconsistent with Exhibit C to the Second Amended Complaint.

20.     In response to Paragraph 20 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

21.     In response to Paragraph 21 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

22.     In response to Paragraph 22 of Plaintiff's Second Amended Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and, therefore, leaves Plaintiff to her proofs.

23.     In response to Paragraph 23 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

24.     In response to Paragraph 24 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

25.     In response to Paragraph 24 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

## RESPONSE TO COUNT I

## ALLEGED RETALIATION UNDER FAIR LABOR STANDARDS ACT

26.     In response to Paragraph 26 of Plaintiff's Second Amended Complaint, Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 25 as though fully set forth herein.

27.     In response to Paragraph 27 of Plaintiff's Second Amended Complaint, Defendant denies the allegations to the extent they are inconsistent with the provisions of the cited statutory provision.

28.     In response to Paragraph 28 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

29.     In response to Paragraph 29 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

30.    In response to Paragraph 30 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, and award Defendant its costs and attorney fees incurred in defending against same.

## RESPONSE TO COUNT II

## ALLEGED VIOLATION OF MICHIGAN'S WHISTLEBLOWER PROTECTION ACT

31.    In response to Paragraph 31 of Plaintiff's Second Amended Complaint, Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 30 as though fully set forth herein.

32.    In response to Paragraph 32 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

33.    In response to Paragraph 33 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

34.    In response to Paragraph 34 of Plaintiff's Second Amended Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, and award Defendant its costs and attorney fees incurred in defending against same.

Respectfully submitted:

VARNUM LLP

By:   /s/ Terrence J. Miglio
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       39500 High Pointe Blvd., Ste. 350
       Novi, MI 48375
       248-567-7828
       tjmiglio@varnumlaw.com
       bebuchanan@varnumlaw.com

Dated: August 18, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,
d/b/a HENRY FORD HOSPITAL,

        Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916
Magistrate Judge Michael Hluchaniuk

| | |
|---|---|
| MILLER COHEN, P.L.C.<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>Attorneys for Plaintiff<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226<br>313-964-4454<br>kflynn@millercohen.com | VARNUM LLP<br>Terrence J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>Attorneys for Defendant<br>39500 High Pointe Blvd., Ste. 350<br>Novi, MI 48375<br>248-567-7828<br>tjmiglio@varnumlaw.com<br>bebuchanan@varnumlaw.com |

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

**NOW COMES HENRY FORD HEALTH SYSTEM, d/b/a HENRY FORD HOSPITAL** named as Defendant herein, by and through its attorneys, **VARNUM LLP**, and for its Affirmative Defenses, states as follows:

1.     Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff cannot establish a *prima facie* case of retaliation under the Fair Labor Standards Act.

3.      Plaintiff cannot establish a *prima facie* case of retaliation under the Whistleblower's Protection Act.

4.      Plaintiff cannot show that Defendant's actions were a pretext for unlawful retaliation.

5.      Plaintiff has failed to diligently mitigate her alleged damages.

6.      Defendant was not an employer within the meaning of the Fair Labor Standards Act or the Whistleblower's Protection Act.

7.      Some or all of the claims asserted in the Second Amended Complaint may be barred by the applicable statutes of limitations.

8.      Plaintiff's own actions caused or contributed to her alleged injuries and/or damages.

9.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence or resume fraud.

10.     Plaintiff's claim under the Whistleblowers Protection act may be preempted, in whole or in part, by the Fair Labor Standards Act.

11.     Plaintiff is not entitled to punitive damages.

12.     Plaintiff's request for equitable relief is barred by the doctrine of unclean hands, and laches.

13.     Defendant reserves the right to assert additional Affirmative Defenses upon discovery of facts not presently known.

Respectfully submitted:

VARNUM LLP

By:   /s/ Terrence J. Miglio
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       39500 High Pointe Blvd., Ste. 350
       Novi, MI 48375
       248-567-7828
       tjmiglio@varnumlaw.com
       bebuchanan@varnumlaw.com

Dated: August 18, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

       Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,
d/b/a HENRY FORD HOSPITAL,

       Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916
Magistrate Judge Michael Hluchaniuk

_____

## RELIANCE ON JURY DEMAND

**NOW COMES HENRY FORD HEALTH SYSTEM, d/b/a HENRY FORD HOSPITAL** named as Defendant herein, by and through its attorneys, **VARNUM LLP**, rely on the Jury Demand previously filed in this matter.

Respectfully submitted:

VARNUM LLP

By:   /s/ Terrence J. Miglio
      Terrence J. Miglio (P30541)
      Barbara E. Buchanan (P55084)
      Attorneys for Defendant
      39500 High Pointe Blvd., Ste. 350
      Novi, MI 48375
      248-567-7828
      tjmiglio@varnumlaw.com
      bebuchanan@varnumlaw.com

Dated: August 18, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2015, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

<u>/s/ Terrence J. Miglio</u>

9678192_1.DOCX