UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES OR IN THE ALTERNATIVE, *IN LIMINE* TO EXCLUDE ANY EVIDENCE RELATING TO PUNITIVE DAMAGES**

NOW COMES Defendant, Henry Ford Health System ("HFHS"), by and through its attorneys, Varnum LLP, and respectfully moves this Court for an Order striking Plaintiff Nicole Reeser's ("Plaintiff") claim for punitive damages, or in the alternative, excluding any evidence relating to punitive damages, because there is no authority in the Sixth Circuit supporting an award of punitive damages, and the plain language of the Fair Labor Standards Act does not allow for punitive damages. Any such testimony regarding punitive damages would therefore be

irrelevant and excludable. In support of their Motion, HFHS relies on the facts, analysis and case law set forth in the brief accompanying this Motion.

In accordance with Local Rule 7.1, on March 7, 2016, Defendant's counsel sought concurrence from Plaintiff's counsel, which was denied, thereby necessitating the filing of this Motion.

WHEREFORE, for the reasons stated herein and as set forth more fully in the accompanying Brief, Defendant Henry Ford Health System respectfully requests that this Court grant its Motion, and strike Plaintiff's claim for punitive damages, and exclude all arguments and evidence relating thereto as irrelevant.

        Respectfully submitted,

        VARNUM LLP

        By:   */s/ Terrence J. Miglio*
                Terrence J. Miglio (P30541)
                Barbara E. Buchanan (P55084)
                Attorneys for Defendant
                160 West Fort Street, Fifth Floor
                Detroit, MI 48226
Dated: March 7, 2016        (313) 481-7335

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES OR IN THE ALTERNATIVE, *IN LIMINE* TO EXCLUDE ANY EVIDENCE RELATING TO PUNITIVE DAMAGES**

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

STATEMENT OF RELEVANT FACTS ................................................................1

ARGUMENT ..........................................................................................................2

CONCLUSION .......................................................................................................6

# **INDEX OF AUTHORITIES**

**Cases**

*Allen v. Garden City Co–Op, Inc.*, 651 F. Supp. 2d 1249 (D. Kan. 2009)................5

*California v. Sierra Club*, 451 U.S. 287; 101 S.Ct. 1775; 68 L.Ed.2d 101 (1981)...5

*Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137 (E.D. Mo. 2007)............5

*Hughey v. United States*, 495 U.S. 411; 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)...4

*Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224 (D. Utah 2002) .........................5

*Lanza v. Sugarland Run Homeowners Ass'n, Inc.*, 97 F. Supp. 2d 737 (E.D. Va. 2000) ......................................................................................................................5

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) ......................................................2

*Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000) .........................3

T*ransamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11; 100 S.Ct. 242; 62 L.Ed.2d 146 (1979)..................................................................................................5

*U. S. v. Yannott*, 42 F.3d 999 (6th Cir. 1994) .........................................................2

*Waldermeyer v. ITT Consumer Fin. Corp.*, 782 F. Supp. 86 (E.D. Mo. 1991).........5

**Statutes**

29 U.S.C. § 216(b) .....................................................................................................3

**Rules**

Fed. R. Evid. 401 .......................................................................................................6

Fed. R. Evid. 402 .......................................................................................................6

Fed. R. Evid. 403 .......................................................................................................6

## **STATEMENT OF ISSUE PRESENTED**

Should this Court enter an Order striking Plaintiff's claim for punitive damages and excluding any evidence related thereto, because there is no authority in the Sixth Circuit supporting an award of punitive damages pursuant to the anti-retaliation provision of the Fair Labor Standards Act, and the plain language of the Act does not allow for punitive damages?

    Defendant answers        "Yes."

## INTRODUCTION

In addition to lost wages and other compensatory damages, Plaintiff seeks punitive damages pursuant to her retaliation claim under the Fair Labor Standards Act ("FLSA"). Defendant Henry Ford Health System ("HFHS") now moves this Court for an order striking Plaintiff's claim for punitive damages and/or excluding any evidence related to punitive damages because there is no authority in the Sixth Circuit supporting an award of punitive damages, and the plain language of the Act does not allow for punitive damages.

## STATEMENT OF RELEVANT FACTS

On May 16, 2011, Plaintiff Nicole Reeser was hired as a full-time laboratory assistant or "Laboratory Service Representative" in the Laboratory Outreach Services division of HFHS. (Ex. 1, Offer Letter) As a Laboratory Service Representative, Plaintiff essentially performed the duties of a phlebotomist. She drew blood, processed samples and registered patients, among other duties.

After her termination, on May 13, 2014, Plaintiff filed a lawsuit alleging retaliation in violation of the Fair Labor Standards Act ("FLSA") and the Michigan Whistleblower's Protection Act. (ECF Dkt. #1) Plaintiff seeks damages in the form of front and back pay, liquidated damages and damages for "extreme mental and emotional distress, lack of health care, depression and anxiety." *See* Joint Final Pretrial Order, Dkt. #66 p. 60. Plaintiff also seeks punitive damages. (*Id.*)

## **ARGUMENT**

Federal district courts have the power to exclude evidence pursuant to their inherent authority to manage trials. *See, e.g.*, *U. S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Here, the Court should strike Plaintiff's claim for punitive damages and exclude any evidence relating thereto, for the reasons set forth below.

Section 216(b) of the FLSA provides:

> [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. <u>Any employer who violates the provisions of section 215(a)(3) [the anti-retaliation provision] of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.</u>

*See* 29 U.S.C. § 216(b) *(emphasis added)*.

The Sixth Circuit has not ruled on the issue as to whether punitive damages are available under the FLSA nor have the courts in the Eastern District of Michigan.[1] However, a decision of the Eleventh Circuit is instructive and

---

[1] In *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004), the Court acknowledged a split in the circuits as to whether the FLSA permits punitive damages, but did not decide whether punitive damages are available under the FLSA.

2

applicable here.[2] The Eleventh Circuit in *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000), considered whether punitive damages were available in a lawsuit alleging retaliation pursuant to the §216 of the FLSA. In *Snapp*, the plaintiff complained that while working for the defendant employer, he was denied minimum wages, overtime wages, and retaliated against in violation of the FLSA. He sought compensatory and punitive damages for his alleged retaliatory discharge. The jury awarded the plaintiff punitive damages. The district court struck the award of punitive damages. Plaintiff appealed to the Eleventh Circuit, which affirmed the ruling of the District Court.

In reaching its decision that the plaintiff was not entitled to punitive damages as part of the "legal relief" contemplated by the FLSA, the Eleventh Circuit looked first at the plain language of the Act. It determined that the forms of relief enumerated in the Act were meant to compensate the plaintiff. By providing for awards of unpaid minimum wages, unpaid overtime compensation, reinstatement, promotion, and the payment of lost wages, Section 216 attempts to put the plaintiff in the place he would have been absent the employer's misconduct. The Court held:

---

[2] Only the Seventh and Eleventh Circuits have ruled on this issue.

> Given that the evident purpose of section 216(b) is compensation, we reject plaintiff's argument that "legal relief" includes punitive damages. When so broad a term as "legal relief" is included in a statutory provision that delineates more specific forms of redress, the judicial mind naturally turns to the principle of *ejusdem generis.* We must interpret "a general statutory term ... in light of the specific terms that surround it." *Hughey v. United States,* 495 U.S. 411, 419, 110 S.Ct. 1979, 1984, 109 L.Ed.2d 408 (1990). It is clear that all of the relief provided in section 216(b) is compensatory in nature. <u>Punitive damages, however, have nothing to do with compensation. Punitive damages are generally available for willful or intentional violations of a common law or statutory duty, and their purpose is to punish and deter the wrongdoer rather than to compensate the aggrieved party. Therefore, punitive damages would be out of place in a statutory provision aimed at making the plaintiff whole.</u>

*See Snapp*, 208 F.3d at 934 *(emphasis added).*

The *Snapp* Court noted that, to the extent a plaintiff was seeking punitive sanctions, the language of §216(a) of the FLSA provides for punitive sanctions, in the form of fines and imprisonment for willful violations: "Congress did not "leave out" punitive sanctions in the FLSA; it merely addressed them in a different manner." *Id.* at 939.[3]

As the United States Supreme Court has explained, "it is an elemental canon of statutory construction that where a statute expressly provides a particular

---

[3] The Seventh Circuit, in *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108 (7th Cir. 1991), which concluded that punitive damages are available under the FLSA, is not persuasive. The *Travis* court's limited analysis relied upon the "legal and equitable relief . . . without limitation" language of §216(b).

4

remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S. Ct. 242, 247, 62 L.Ed.2d 146 (1979). Further, "[t]he federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *California v. Sierra Club,* 451 U.S. 287, 297, 101 S. Ct. 1775, 1781, 68 L.Ed.2d 101 (1981). In §216, Congress could have – <u>but did not</u> – include punitive damages in the list of available remedies.

Numerous district courts have also held that punitive damages are not available under the FLSA's anti-retaliation provision. *See, e.g.*, *Allen v. Garden City Co–Op, Inc.*, 651 F. Supp. 2d 1249 (D. Kan. 2009) (holding punitive damages unavailable under FLSA's anti-retaliation provision); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224 (D. Utah 2002) (same); *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137 (E.D. Mo. 2007) (same); *Lanza v. Sugarland Run Homeowners Ass'n, Inc.*, 97 F. Supp. 2d 737 (E.D. Va. 2000) (same); *Waldermeyer v. ITT Consumer Fin. Corp.*, 782 F. Supp. 86 (E.D. Mo. 1991) (same).

There is no authority in the Sixth Circuit that would allow Plaintiff to seek punitive damages pursuant to the FLSA, and the Act itself is silent as to such relief. Therefore, Plaintiff's punitive damages claim should be dismissed and all evidence pertaining to punitive damages should be excluded as irrelevant. *See* Fed. R. Evid.

5

401, 2012 and 403.[4]

## CONCLUSION

The Court should enter an for an Order striking Plaintiff's claim for punitive damages claim and preventing Plaintiff from introducing any evidence pertaining to punitive damages.

                                  Respectfully submitted,

                                  **VARNUM, LLP**

                                  BY:   /s/ *Terrence J. Miglio*
                                           Terrence J. Miglio (P30541)
                                           Barbara E. Buchanan (P55084)
                                           Attorneys for Defendant
                                           160 W. Fort Street, Fifth Floor
                                           Detroit, MI
                                           (313) 481-7300
                                           tjmiglio@varnumlaw.com
                                           bebuchanan@varnumlaw.com

Dated: March 7, 2016

---

[4] Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . ." Fed. R. Evid. 403.

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

    /s/ Terrence J. Miglio
   Terrence J. Miglio (P30541)

7