## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

                    Defendant.

Case No. 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACKPAY OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF LOST WAGES

NOW COMES Defendant, Henry Ford Health System ("HFHS"), by and through its attorneys, Varnum LLP, and respectfully moves this Court for an Order striking Plaintiff's claim for back pay and prohibiting Plaintiff Nicole Reeser ("Plaintiff") from introducing evidence of lost wages. In support of its Motion, HFHS relies on the facts and analysis set forth in the accompanying brief.

In accordance with Local Rule 7.1, on March 7, 2016, Defendant's counsel sought concurrence from Plaintiff's counsel, which was denied, thereby

necessitating the filing of this Motion.

WHEREFORE, Defendant Henry Ford Health System respectfully requests

that this Court grant its Motion, strike Plaintiff's claim for backpay, and prohibit

Plaintiff from introducing any evidence of lost wages.

<div style="margin-left:45%">

Respectfully submitted,

VARNUM LLP

By:    /s/ Terrence J. Miglio
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       160 West Fort Street, Fifth Floor
       Detroit, MI 48226
       (313) 481-7335

</div>

Dated: March 7, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

          Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

          Defendant.

Case No. 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

### BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACKPAY
### OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF
### FROM INTRODUCING EVIDENCE OF LOST WAGES

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ ii

STATEMENT OF ISSUES PRESENTED ................................................................iv

INTRODUCTION ...........................................................................................1

STATEMENT OF RELEVANT FACTS ..................................................................1

ARGUMENT ................................................................................................2

      I.     Plaintiff's Failure To Mitigate Her Damages Bars Her Claim for
           Backpay And All Evidence And Testimony Regarding Lost
           Wage Damages Should Be Excluded. ...................................................2

CONCLUSION ..............................................................................................7

i

# INDEX OF AUTHORITIES

## Cases

*Barbour v. Medlantic Management Corp.*, 952 F.Supp. 857 (D.D.C. 1997)............6

*EEOC v. Delight Wholesale Co.*, 973 F.2d 664 (8th Cir. 1992)................................5

*EEOC v. Sandia Corp.*, 639 F.2d 600 (10th Cir. 1980)............................................4

*Hasbrouck v. Bankamerica Housing Svcs., Inc.*, 105 F. Supp. 2d 31 (N.D.N.Y. 2000) .................................................................................................................4

*Lathem v. Dep't of Children & Youth Servs.,* 172 F.3d 786 (11th Cir. 1999) ...........5

*Logan v. Frederico Pena*, Civ. A. No. 91-2389-JWL, 1993 WL 62316 (D. Kan. Feb. 9, 1993) .................................................................................................4

*Mathieu v. Gopher News Co.*, 273 F. 3d 769 (8th Cir. 2001) ...................................3

*Morris v. Clawson Tank Co.*, 459 Mich. 256, 587 N.W.2d 253 (1998)....................3

*Rasheed v. Chrysler Corp.*, 445 Mich. 109, 517 N.W.2d 19 (1994).........................3

*Rasimas v. Michigan Department of Mental Health*, 714 F.2d 615 (6th Cir. 1983)..3

*Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279 (M.D. Fl. 2001) ........................6

*Shore v. Federal Express Corp.*, 777 F.2d 1155 (6th Cir. 1985) ..............................3

*Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089 (3rd Cir. 1995)......................5

*Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228 (6th Cir. 1996)....3

*Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160 (6th Cir. 1996)..................5

*Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515 (11th Cir. 1991) ..............................4

## Rules

Fed. R. Evid. 401 ........................................................................................8, 11

Fed. R. Evid. 402 ........................................................................................8, 11

Fed. R. Evid. 403 ...........................................................................................8

## **STATEMENT OF ISSUES PRESENTED**

1.   Whether Plaintiff's claim for backpay should be stricken and she should be precluded from introducing any evidence of lost wages since, as a matter of law, she failed to make an effort to secure comparable employment following the termination of her employment by Defendant and then subsequently resigned from other positions of employment?

Defendant answers "yes".

## INTRODUCTION

Plaintiff Nicole Reeser ("Plaintiff") is attempting to recover back pay and damages from the time of her separation from Defendant Henry Ford Health System ("HFHS").  Plaintiff asks for this relief despite the fact that she has failed as a matter of law, to mitigate her damages.  After her separation from employment with Defendant Henry Ford Health System ("HFHS"), Plaintiff collected unemployment benefits rather look for work, then obtained subsequent jobs from which she voluntarily resigned without any justification, and accepted part-time employment, rather than seeking another full-time position.  As such, this Court should strike Plaintiff's claim for backpay and bar her from introducing any evidence of lost wages.

## STATEMENT OF RELEVANT FACTS

Plaintiff was hired as a full-time laboratory assistant or "Laboratory Service Representative" in the Laboratory Outreach Services division of HFHS. As a Laboratory Service Representative, Plaintiff essentially performed the duties of a phlebotomist.  She drew blood, processed samples and registered patients, among other duties.   Plaintiff was ultimately suspended and terminated from her employment after an investigation regarding her job abandonment.  At the time of her separation from HFHS on March 21, 2014, Plaintiff was making $14.28 per hour.  (Ex. A, LARA records)

Since her separation from HFHS, Plaintiff did not work between her separation from HFHS on March 21, 2014 and her hire with Quest Diagnostics on August 14, 2014.  (Ex. B, Plaintiff's deposition, p. 33)  She chose to collect unemployment rather than look for full-time employment.  (*Id*.)

Plaintiff was hired by Quest Diagnostics on August 14, 2014 as a Phlebotomy Services Representative earning $15.00 an hour.  (Ex. B, pp. 13-14) She quit that job on December 31, 2014 because her "fiancé broke up with her" and she "had to move up north."  (Ex. B, pp. 17, 19)

After resigning from her full time job at Quest Diagnostics, on January 28, 2015 Plaintiff was hired by Leelin Home Health Care as a part-time home health aide earning $9.00 an hour.  (Ex. B, p. 12)  Plaintiff worked approximately 9-18 hours a week.  (*Id*.)  Her work records indicate that she was employed by Leelin from January 28, 2015 through June 5, 2015.  (Ex. C, Leelin Home Health Care work records received via subpoena)  During that time period, her payroll summary shows that she worked a total of 208.5 hours, earning $1,876.50 in gross wages. (Ex. C) *This is an average of 52 hours **per month***.

## ARGUMENT

I.     **Plaintiff's Failure To Mitigate Her Damages Bars Her Claim for Backpay And All Evidence And Testimony Regarding Lost Wage Damages Should Be Excluded.**

In the context of employment claims, courts have held that the purpose of a

back-pay award is to make the wrongfully terminated employee whole and to place that employee in the position the employee would have been in absent a violation. *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 615, 626 (6th Cir. 1983) (holding that, under Title VII, the purpose of back pay is to "make the claimant whole, that is "to place [her] in the position [she] would have been in but for the discrimination"). In order to recover back pay, a plaintiff has a duty to mitigate her damages. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231 (1982); *Mathieu v. Gopher News Co.*, 273 F. 3d 769, 783-84 (8th Cir. 2001). Failure to mitigate terminates the defendant's back pay liability. *Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1233 (6th Cir. 1996) (holding that a plaintiff "may not remain unemployed and collect a windfall"); *see also Morris v. Clawson Tank Co.*, 459 Mich. 256, 587 N.W.2d 253 (1998); *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 517 N.W.2d 19 (1994).

Indeed, an alleged victim of a wrongful discriminatory act is "required to make efforts that are reasonable under the circumstances to find employment." *See Morris*, 459 Mich. at 264 (quoting *Rasheed*, 445 Mich. at 124)." A plaintiff who does not make such efforts loses the right to claim full back pay as damages." *Id.* Moreover, a plaintiff may not remain unemployed or underemployed in order to maximize recoverable damages in the form of lost wages. *Id.*, *see also Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir. 1985). Courts may "decline

3

to award back pay to claimants 'for those periods of time when they are found to be unavailable for other work or were not seeking other employment.'" *Logan v. Frederico Pena*, Civ. A. No. 91-2389-JWL, 1993 WL 62316 at *10[1] (D. Kan. Feb. 9, 1993) *quoting EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980). When a plaintiff makes little or no effort to obtain any type of employment, the court does not need to consider in the abstract whether or not a suitable position for which the plaintiff is qualified might have been offered to the alleged plaintiff if she had made the necessary effort to find it. *Weaver v. Casa Gallardo*, *Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991).

Moreover, and by analogy, a plaintiff in a Title VII case must attempt to mitigate her damages by using "reasonable diligence" in finding other suitable employment. *Hasbrouck v. Bankamerica Housing Svcs., Inc.*, 105 F. Supp. 2d 31, 39-40 (N.D.N.Y. 2000). As the *Hasbrouck* court explained, "[r]easonable diligence" means that a "plaintiff . . . cannot merely look through want ads ... or spend an insufficient amount of time and effort looking for work. A plaintiff must demonstrate that [she] made and is making an effort that is reasonably calculated to find" a job. *Id.*

---

[1] Unpublished cases are attached hereto at Exhibit D.

Pursuant to the mitigation of damages rule, the Sixth Circuit has held that a defendant's liability for back pay is tolled when the plaintiff suffers a "**willful loss of earnings**." *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). Similarly, other courts have held that there is no back pay liability when the employee's wage loss is caused by reasons other than the defendant's alleged discriminatory conduct. *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1101 (3rd Cir. 1995) ("**[A]s a general rule ... an employer who has discriminated need not reimburse the plaintiffs for salary loss attributable to the plaintiffs and unrelated to the employment discrimination**"); *Lathem v. Dep't of Children & Youth Servs.,* 172 F.3d 786, 794 (11th Cir. 1999) ("**[C]ourts exclude periods where a plaintiff is unavailable to work, such as periods of disability, from the back pay award**").

In *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992), the Court held that a plaintiff failed to mitigate her damages "by voluntarily quitting comparable interim employment for personal reasons." The Court agreed with the district court's determination that the plaintiff had voluntarily quit subsequent employment "for personal reasons, including her health and the need to spend more time with her daughter" and found that the plaintiff's claim for back pay was properly tolled. *Id.* In *Barbour v. Medlantic Management Corp.*, 952 F.Supp. 857,

5

864 (D.D.C. 1997), *aff'd by* 132 F3d 1480 (D.C. Cir. 1997),[2] the Court held it was

"unreasonable" for the plaintiff to voluntarily leave a subsequent job "without

having another position lined up (or even having interviews scheduled)." The

Court went on to hold that:

> By voluntarily quitting suitable employment for personal reasons,
> [Barbour] has failed to exercise reasonable diligence. Through his
> voluntary resignation, Barbour freely chose to incur a loss in his
> earnings. It would be unfair to saddle the defendants with the costs
> associated with Barbour's unreasonable decision. *Id.* (internal citations
> omitted).

In *Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279, 1288 (M.D. Fl. 2001)

(emphasis in original), the Court found that the plaintiff "did *not* exercise

reasonable diligence in mitigating her damages" where she voluntarily left two

subsequent positions, and was terminated from a third for absenteeism and sub-

standard performance.

Thus, assuming *arguendo* that Plaintiff is successful in establishing a claim

for a violation of the FLSA or the Whistleblowers Protection Act, the evidence in

this case discloses that, undisputedly, she has failed to mitigate her damages with

respect to her claim for back pay.  Plaintiff has failed to use reasonable diligence to

seek comparable employment since her separation from HFHS.  Instead, Plaintiff

first chose to remain unemployed and collect unemployment; then, when her

---

[2] The *Barbour* case involved an analysis of the plaintiff's claim for front pay
damages.

unemployment ran out, Plaintiff secured a full-time job that she quit after only four months. Since then, Plaintiff has worked sporadically in two part-time jobs. Plaintiff's work history since her separation from HFHS demonstrates that she has not mitigated her damages.[3] Her claim for back pay should be stricken and any testimony or other evidence relating to her claim for back pay is irrelevant and should be excluded pursuant to FRE 401 and 402.

## CONCLUSION

WHEREFORE, based upon the foregoing reasons and authorities, Defendant Henry Ford Health System respectfully requests that this Court strike Plaintiff's claim for backpay and prohibit her from introducing any evidence that she suffered any wage loss.

Respectfully submitted,

VARNUM LLP

By:   */s/ Terrence J. Miglio*
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       160 West Fort Street, Fifth Floor
       Detroit, MI 48226

Dated: March 7, 2016                (313) 481-7335

---

[3] A quick search of Indeed.com for phlebotomist jobs in Michigan revealed at least 80 such jobs in a variety of work settings. Phlebotomist jobs are plentiful if Plaintiff had chosen to diligently look for same.

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

By: */s/ Terrence J. Miglio*
      Terrence J. Miglio