# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

                  Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

                  Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## PLAINTIFF'S MOTION IN LIMINE

## ORAL ARGUMENT REQUESTED

NOW COMES Plaintiff, NATALIE REESER, by and through her attorneys, MILLER COHEN, P.L.C., with her Motion in Limine, and states as follows:

1.      Plaintiff's claims arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and Michigan Whistleblower Protection Act (WPA), MCL §15.361 *et seq.*  Specifically, Ms. Reeser was discharged from her position as a phlebotomist, because she engaged in protected activity by asserting the rights of her and her co-workers to pay for work performed during their lunches, and reporting

Defendant's improper conduct on numerous occasions to her supervisors, Human Resources, and the State of Michigan.

2.     Defendant contends that Plaintiff was fired from her position for leaving her workstation without approval to take a lunch.

3.     Plaintiff seeks to exclude the following evidence that are unrelated to the facts outlined above:

   a. The sexual assault Plaintiff experienced in 2000 and related treatment;
   b. Ms. Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill;
   c. Plaintiff's past employment, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any claim Plaintiff engaged in sexual harassment;
   d. Plaintiff's unrelated lawsuit against Jeffrey Automotive and any motions and exhibits filed with a court as part of Plaintiff's unrelated lawsuit against Jeffrey Automotive;
   e. Documents and testimony related to Plaintiff's bankruptcy Plaintiff's 2011 bankruptcy; and
   f. Documents and testimony related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996.

4.     Plaintiff requests that the evidence described above be excluded from the jury trial because the evidence is irrelevant to the matter at hand and any relevance is substantially outweighed by the risk of undue prejudice, confusion of the issues, or the likelihood that the evidence will mislead the jury in violation of FED. R. EVID. 402 and 403.

5.     Plaintiff further relies on her Brief in Support.

2

6.      Plaintiff requested, but has not received, concurrence in this matter.

WHEREFORE, Plaintiff requests that the above-described evidence be excluded from trial.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Adam C. Graham
        Adam C. Graham (P79361)
        *Attorneys for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, Michigan 48226
        (313) 964-4454

Dated: March 7, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER
## <u>MOTION IN LIMINE</u>

## <u>TABLE OF CONTENTS</u>

**INDEX OF AUTHORITIES** ..................................................................... ii

**MOST CONTROLLING AUTHORITIES** ............................................iv

**STATEMENT OF QUESTIONS TO BE ARGUED** ............................v

**I.  INTRODUCTION** ............................................................................1

**II. STANDARD** ......................................................................................4

**III.   ARGUMENT** ..................................................................................4

    A. The sexual assault Plaintiff experienced in 2000 and any related medical or psychological treatment should be excluded .........................................4

    B. Ms. Fiona Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill should be excluded............6

    C. Plaintiff's work history with prior employers should be excluded, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment...............8

    D. Plaintiff's unrelated lawsuit against Jeffrey Automotive and any exhibits filed with a court as part of this case should be excluded.......................11

    E. Plaintiff's 2011 bankruptcy and any documents and testimony related to Plaintiff's bankruptcy should be excluded ...............................................13

    F. Documents and testimony related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 should be excluded ...........................................................................................15

i

# INDEX OF AUTHORITIES

Cases                                                                                                      Page

*Anderson v. Abercrombie & Fitch Stores, Inc.*,
   No. 06CV991-WQH (BLM), 2007 WL 1994059,
   at *4 (S.D. Cal. July 2, 2007) ...........................................................................5, 6

*Barrett v. Detroit Heading, LLC*,
No. 05-72341; 2006 WL 2310451, at *1 (E.D. Mich. Aug. 9, 2006) ......................8

*Britt v. Superior Court*,
   20 Cal.3d 844, 859-62, 143 Cal.Rptr. 695, 574 P.2d 766 (Cal.1978) ................6

*Compton v. Pass*,
   No. 260362; 2010 WL 1050330 (Mich. Ct. App. Mar 23, 2010) .....................11

*Dawson v. Burnett*,
   No. 1:08-CV-363, 2010 WL 2232266, at *2 (W.D. Mich. June 3, 2010)...........7

*EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998).........................................8

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
   332 F.3d 976 (6th Cir. 2003) ..............................................................................13

*Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir. 1998) ........................15, 16

*Mendez v. Superior Court*,
206 Cal.App.3d 557, 573, 253 Cal.Rptr. 731 (Cal.Ct.App.1988) ...........................6

*Mitchell v. Cnty of Wayne*,
   No. 05-73698; 2007 WL 850997 (E.D. Mich. Mar 16, 2007) .........................11

*Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507 (D.C. Cir. 1995) ........9

*Rauh v. Coyne*, 744 F. Supp. 1181 (D.D.C. 1990) ..................................................10

*Ross v. Am Red Cross*, No. 12-4312; 2014 WL 289430 (6th Cir. Jan. 27, 2014) ...11

*Quinlan v. Curtiss-Wright Corp.*, 204 N.J. 239, 254 (2010) ..................................16

*Stewart-Patterson v. Celebrity Cruises, Inc.*,
   No. 12-20902-CIV, 2012 WL 6061750, at *2 (S.D. Fla. Dec. 6, 2012) ...........13

*Vaughn v. Target Corp.*,
   No. 3:13-CV-521-DJH, 2015 WL 632255, at *3 (W.D. Ky. Feb. 13, 2015).....13

*Vinson v. Superior Court*,
   43 Cal.3d 833, 841, 239 Cal.Rptr. 292, 740 P.2d 404 (Cal.1987) ......................5

*Walker v. Casey's Gen. Stores, Inc.*,
   No. 07-3229, 2009 WL 4923385, at *3 (C.D. Ill. Dec. 9, 2009)........................13

*Womack v. Delaware Highlands Al Servs. Provider, LLC*,
    883 F. Supp. 2d 1013, 1025 (D. Kan. 2012)......................................................16

*Zenian v. District of Columbia*, 283 F. Supp. 2d 36 (D.D.C. 2003).........................9

<u>Statutes, Codes and Regulations</u>

29 USC 201 ................................................................................................................1

FRE 401 .............................................................................................................4, 14

FRE 402 ..........................................................................................................4, 6, 8

FRE 403 ....................................................................................................4, 6, 8, 14

FRE 404 ..............................................................................................................7, 9

FRE 404(a) ....................................................................................................7, 9, 10

FRE 404(b) ............................................................................................................9

FRE 408 ...............................................................................................................13

FRE 608 ................................................................................................................7

FRE 608(b) ...........................................................................................................7

FRE 609 ................................................................................................................7

MCL 15.361 ...........................................................................................................1

# MOST CONTROLLING AUTHORITIES

<u>Cases</u>                                                                                    <u>Page</u>

FRE 401 ..........................................................................................................4, 14

FRE 402 .........................................................................................................4, 6, 8

FRE 403 .....................................................................................................4, 6, 8, 14

FRE 404(a) ................................................................................................7, 9, 10

FRE 608(b)...........................................................................................................7


*Anderson v. Abercrombie & Fitch Stores, Inc.*,
    No. 06CV991-WQH (BLM), 2007 WL 1994059,
    at *4 (S.D. Cal. July 2, 2007) ..........................................................................5, 6

*Britt v. Superior Court*,
    20 Cal.3d 844, 859-62, 143 Cal.Rptr. 695, 574 P.2d 766 (Cal.1978) ................6

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
    332 F.3d 976 (6th Cir. 2003) .............................................................................13

*Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir. 1998) ........................15, 16

*Mitchell v. Cnty of Wayne*,
    No. 05-73698; 2007 WL 850997 (E.D. Mich. Mar 16, 2007) ...........................11

*Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507 (D.C. Cir. 1995) ........9

*Walker v. Casey's Gen. Stores, Inc.*,
    No. 07-3229, 2009 WL 4923385, at *3 (C.D. Ill. Dec. 9, 2009).......................13

*Womack v. Delaware Highlands Al Servs. Provider, LLC*,
    883 F. Supp. 2d 1013, 1025 (D. Kan. 2012)......................................................16

## <u>STATEMENT OF QUESTIONS TO BE ARGUED</u>

1. Whether evidence of the sexual assault Plaintiff experienced in 2000 and any related medical or psychological treatment should be excluded from the jury trial where that matter is completely unrelated to the current litigation against Defendant and would only serve to prejudice the jury against Plaintiff.

   Plaintiff:      Yes

   Defendant:   No

2. Whether evidence of Ms. Fiona Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill should be excluded where Ms. Bork's assistance is impermissible character evidence, an impermissible specific instance of conduct, and the matter is completely unrelated to the current litigation against Defendant and would only serve to prejudice the jury against Plaintiff.

   Plaintiff:      Yes

   Defendant:   No

3. Whether evidence of Plaintiff's past employment, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment, should be excluded from the jury trial where such employment had nothing to do with her termination from Defendant and would only serve to prejudice the jury against Plaintiff.

   Plaintiff:      Yes

   Defendant:   No

4. Whether Plaintiff's unrelated lawsuit against Jeffrey Automotive, including any motions and exhibits filed with a court as part of this case, should be excluded from the jury trial where that matter is completely unrelated to the current litigation against Defendants and would only serve to prejudice the jury against Plaintiff.

   Plaintiff:      Yes

   Defendant:   No

5. Whether Plaintiff's 2011 bankruptcy, including any motions, exhibits, documents, or testimony related to this case, should be excluded from the jury trial where that matter is completely unrelated to the current litigation against Defendants and would only serve to prejudice the jury against Plaintiff.

    Plaintiff:    Yes

    Defendant:  No

6. Whether documents and testimony related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 should be excluded from the jury trial where that matter is completely unrelated to the current litigation against Defendants and would only serve to prejudice the jury against Plaintiff.

    Plaintiff:    Yes

    Defendant:  No

NOW COMES Plaintiff, Natalie Reeser, by and through her attorneys, MILLER COHEN, P.L.C., with her Brief in Support of her Motion in Limine, and states as follows:

## I. INTRODUCTION

Plaintiff brought the above-captioned lawsuit asserting that her rights under the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq.* and Michigan Whistleblower Protection Act (WPA), MCL 15.361 *et seq.* had been violated. Specifically, Ms. Reeser was discharged from her position as a phlebotomist, because she engaged in protected activity by asserting her rights and the rights of her co-workers to pay for work performed during their lunches, and for reporting Defendant's improper conduct on numerous occasions to her supervisors, Human Resources, and the State of Michigan.

Defendant's litigation strategy is clear: if we lose on the law and we lose on the facts, we should instead demonize and personally attack Plaintiff. Defendants will likely seek to admit irrelevant and highly prejudicial evidence that has nothing to do with Plaintiff's claims. First, in Plaintiff's deposition, Defendant sought to question Plaintiff about a sexual assault she experienced in 2000. This incident has nothing to do with her claims against Defendant, but allowing the evidence in will paint Plaintiff as an individual with a pre-existing medical condition. Defendant may attempt to attribute the pain and suffering caused by Plaintiff's termination from

Henry Ford Health System to this earlier incident. Allowing the inclusion of this evidence would be highly prejudicial.

Second, on multiple occasions Defendant's witnesses have raised Ms. Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill in an effort to prove that Ms. Bork has good character. This incident has nothing to do with Plaintiff's claims against Defendant and the evidence will taint the jury's views of Plaintiff and Ms. Bork. It is impermissible character evidence, impermissible specific instance evidence, and highly prejudicial.

Third, Defendant will likely seek to present evidence regarding Ms. Reeser's performance when she was employed by past employers. This evidence has little probative value and it is substantially outweighed by the likelihood that the evidence will confuse the jury and will likely lead to unfair prejudice with the jury relying on Ms. Reeser's past performance with other employers to determine the merits of her current claims against Defendants. Any information related to Ms. Reeser's termination from Leoni Engineering Products & Services, Inc. ("Leoni") is highly prejudicial. At Plaintiff's deposition, Defendant's counsel sought to question Ms. Reeser on allegations that she engaged in sexual harassment at Leoni. Clearly, this information is irrelevant to Plaintiff's allegations and Defendant's defenses.

Fourth, Defendant will likely seek to present evidence regarding Ms. Reeser's unrelated lawsuit against Jeffrey Automotive, including motions and exhibits filed

with a court as part of this case. These claims have nothing to do with her claims against Defendant and will likely paint Plaintiff in a bad light as being overly litigious.

Fifth, Defendant will likely seek to present evidence regarding Plaintiff's 2011 bankruptcy, including motions, exhibits, documents, or testimony related to this case. This bankruptcy has nothing to do with Plaintiff's claims against Defendant and will likely be used to suggest that Plaintiff is irresponsible and has not suffered financial harm as a result of her termination. This matter is completely unrelated to the current litigation against Defendants and would only serve to prejudice the jury against Plaintiff.

Sixth, Defendant will likely seek to present evidence related to an allegation that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 (HIPAA) by removing patient files from Defendant's business. As discussed below, Plaintiff did not violate HIPAA and, obviously, any suggestion that she did would only serve to severely prejudice the jury against her.

Therefore, Plaintiff requests that the Court prevent these categories of evidence from being presented to the jury.

## II.  STANDARD

Generally speaking, relevant evidence is admissible and irrelevant evidence is not. FED. R. EVID. 402. Relevant evidence is evidence that has any tendency to make the existence of a fact of consequence to the action more or less probable than it would be without the evidence. FED. R. EVID. 401. Otherwise relevant evidence may be *excluded* if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or other factors not at issue here.  FED. R. EVID. 403.

## III.  ARGUMENT

### A.   The sexual assault Plaintiff experienced in 2000 and any related medical or psychological treatment should be excluded

In 2000, Plaintiff was sexually assaulted. (*Exhibit A*, Reeser Dep. 73). As a result, Plaintiff sought the care of a social worker between 2001 and 2002 and began taking a low dose of medication. *Id.* at 76-78.

When Plaintiff was wrongfully terminated from Henry Ford Health System, she began seeing a doctor, Dr. Kahnamoui, for extreme depression and anxiety. *Id.* at 77. Plaintiff's general medication, Paxil, was more than doubled after her termination and she began to take Xanax to treat panic attacks. *Id.* at 78.

Defendant will likely seek to present evidence regarding Ms. Reeser's assault for purposes of demonstrating that the emotional pain and suffering Plaintiff has experienced since her termination is related to a different event, an event which

occurred 15 years ago. Ms. Reeser had successfully recovered from this incident prior to her termination and was simply taking a low dose of Paxil to treat general anxiety and depression. Ms. Reeser's sexual assault is not a pre-existing condition; it is an irrelevant fact. Defendant may now seek to use this fact to claim that the very real pain and suffering Plaintiff experienced as a result of her retaliatory discharge is caused by an unrelated event. This evidence will taint the jury's ability to judge the true impact of Defendant's illegal termination. As this court is surely aware, the mere mention of rape is taboo. Defendant's attempt to force Ms. Reeser to relive her assault during the litigation of her claim and on the stand is not only highly prejudicial, it is cruel.

In *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06CV991-WQH (BLM), 2007 WL 1994059, at *4 (S.D. Cal. July 2, 2007) (attached as *Exhibit B*), the court denied Defendant access to "medical records relating to "the panoply of medical, psychological, and psychiatric reports and notes requested by Defendants." In making this ruling, the court noted:

> Plaintiff has tendered his mental condition in this case only as it relates to the alleged wrongful termination, and as such, any discovery related to Plaintiff's allegations of emotional distress must be limited to those injuries resulting from that allegedly wrongful termination.

*Id.* (citing *Vinson v. Superior Court*, 43 Cal.3d 833, 841, 239 Cal.Rptr. 292, 740 P.2d 404 (Cal.1987) (underlining that plaintiff's mere initiation of a sexual harassment suit, even where plaintiff claims to have suffered "rather extreme mental and

emotional damage," does not waive all privacy interests or expose plaintiff to "unfettered mental probing")). The district court quoted the California Supreme Court's decision in *Britt v. Superior Court*, 20 Cal.3d 844, 859-62, 143 Cal.Rptr. 695, 574 P.2d 766 (Cal.1978), in which that court stated:

> plaintiffs are 'not obligated to sacrifice all privacy to seek redress for a specific [physical,] mental or emotional injury"; while they may not withhold information which relates to any physical or mental condition which they have put in issue by bringing [ ] suit, ***they are entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment they may have undergone in the past***") (citation omitted) (emphasis added).

The district court also cited *Mendez v. Superior Court*, 206 Cal.App.3d 557, 573, 253 Cal.Rptr. 731 (Cal.Ct.App.1988) (in sexual harassment case, "***the bare fact that plaintiff alleges that the improper behavior produced emotional distress will not justify a defendant's requested invasion of plaintiff's sexual privacy***". *Anderson v. Abercrombie & Fitch Stores, Inc.* at \*4.

Here, Defendant seeks to invade Plaintiff's sexual privacy and intrude into confidential and unrelated medical and psychotherapeutic treatment. The fact that Plaintiff has alleged that her wrongful discharge produced emotional distress does not justify allowing Defendant free reign to question Plaintiff on the stand about an unrelated incident which caused emotional distress fifteen years ago. Inclusion of evidence related to the sexual assault Ms. Reeser was forced to endure is irrelevant and highly prejudicial and should, therefore, be excluded under FRE 402 and 403.

**B.      Fiona Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill should be excluded**

On multiple occasions Defendant's witnesses have discussed Ms. Bork's financial assistance to Plaintiff when Plaintiff's apartment flooded and her brother became ill. Defendant may seek to use this evidence as proof of Ms. Bork's good character.

"Under Rule 404(a) of the Federal Rules of Evidence, character evidence is almost never admitted in civil cases, except where character itself is an element of a claim or a defense." *Dawson v. Burnett*, No. 1:08-CV-363, 2010 WL 2232266, at *2 (W.D. Mich. June 3, 2010) (attached as *Exhibit C*). Here, Ms. Reeser's character is not an element of her claims and Ms. Bork's character is not an element of Defendant's defense. Therefore, including such evidence would be a violation of FRE 404.

Further, the inclusion of such evidence would be a violation of Federal Rule of Evidence 608(b). "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." FED. R. EVID. 608(b). Here, Defendant may seek to use specific instances of Ms. Bork's conduct in order to support her character for truthfulness. Such evidence is impermissible under FRE 608 and must be excluded.

Finally, such evidence is clearly irrelevant to Plaintiff's claims of retaliatory discharge and Defendant's defenses. It is also highly prejudicial, because it would provide the jury with an overly positive impression of Ms. Bork and paint Plaintiff as an individual who sought to benefit financially from Ms. Bork. Therefore, such evidence should be excluded under FRE 402 and FRE 403.

## C. Plaintiff's work history with prior employers should be excluded, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment

Plaintiff's performance at prior employers is irrelevant, prejudicial, and has no bearing on the issues in this case given that Defendants' defense is that Plaintiff was terminated solely for leaving work without permission. Since Plaintiff's character is not in issue, either as an essential element of a claim or defense, this evidence of prior bad acts should be excluded. *See EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998) (plaintiff's moral character was not an essential element of his retaliatory discharge claim).

For instance, in *Barrett v. Detroit Heading, LLC*, the plaintiff employee had sued his former employer alleging a violation of the FMLA and filed a motion in limine to exclude evidence of his attendance at prior employers. No. 05-72341; 2006 WL 2310451, at *1 (E.D. Mich. Aug. 9, 2006)(attached as *Exhibit D*). The employer argued that the attendance records were relevant as habit evidence of poor attendance. The court excluded the evidence because this was an improper purpose.

8

In *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507 (D.C. Cir. 1995), plaintiff sued her employer Adduci, Mastriani, Meeks & Schill ("AMM & S"), a Washington D.C. law firm, for sex discrimination in violation of Title VII. In addition to introducing evidence of plaintiff's performance problems at AMM & S, defendants introduced evidence concerning plaintiff's prior employment with another law firm, Dow, Lohnes & Albertson ("DL & A"). Defendants argued that the DL & A evidence was admissible to demonstrate that plaintiff had the same difficulties at a previous law firm that she had at AMM & S or, failing that, to impeach her testimony regarding her reasons for leaving DL & A. The court rejected the argument that the DL & A evidence was admissible because it demonstrated that plaintiff displayed similar work-related problems in her former employment. In finding that the district court abused its discretion in admitting this evidence, the court stated:

> Under Federal Rule of Evidence 404, "[e]vidence of a person's character or a trait of [her] character is not admissible for the purpose of proving that [she] acted in conformity therewith on a particular occasion," except in certain defined circumstances none of which is present here. FED. R. EVID. 404(a). Additionally, Rule 404(a) provides specifically that evidence of prior acts cannot be introduced to prove the character of a person in order to show that she acted in conformity therewith. FED. R. EVID. 404(b).

*Id.* at 1511.

Several lower courts in the District of Columbia have reached similar conclusions. In *Zenian v. District of Columbia*, 283 F. Supp. 2d 36 (D.D.C. 2003),

the District wanted to introduce documentary evidence pertaining to plaintiff's performance problems prior to July 1995. The district court precluded such use, stating:

> If the District is offering the evidence to show that plaintiff has always been a bad employee, it is doing exactly what it cannot do: introduce evidence of a person's character to prove that his behavior on one or more occasions was consistent with that character. Fed. R. Evid. 404(a). The only purpose of proving that plaintiff was a bad employee before 1995 is to prove that he was an equally bad employee after 1995. That, of course, is exactly what a litigant cannot do.

*Id.* at 40; *see also Rauh v. Coyne*, 744 F. Supp. 1181 (D.D.C. 1990) (holding inadmissible evidence concerning plaintiff's job performance before and after her employment at defendants' establishment).

Here, Plaintiff's employment record from past employers could only be used to reflect that her performance was not sufficient while she worked for Defendant. Ms. Reeser's performance had nothing to do with her discharge according to Defendant's managerial agents. (*Exhibit E*, Hood Dep., pp. 154, 250; *Exhibit F*, Bork Dep., pp. 114, 121-22, 134). In other words, Defendants would only be using this evidence to prove conformity with a characteristic or trait. Consequently, this evidence is inadmissible because it is both irrelevant, unfairly prejudicial, and unduly confuses the issues before the jury.

In particular, Plaintiff's work record with Leoni Engineering Products & Services, Inc. ("Leoni") is extremely prejudicial. Defendant may seek to question

Plaintiff on her termination from Leoni in order to establish a history of problems with Plaintiff's employers. This employment occurred nearly ten years ago. The stated reason given for Plaintiff's termination was violation of the company's sexual harassment policy. Obviously, this termination is unrelated to job abandonment or any other defense Defendant may raise. Therefore, the evidence is irrelevant. Allowing such evidence to be presented to the jury would do nothing but confuse the issues being tried and prejudice the jury against Plaintiff.

**D.     Plaintiff's unrelated lawsuit against Jeffrey Automotive and any exhibits filed with a court as part of this case should be excluded**

Plaintiff filed a lawsuit against her previous employer, Jeffrey Automotive, alleging "termination of employment and violation of public policy" and "tortious interference with contractual and/or business relationship". (*Exhibit G*) Plaintiff seeks to exclude evidence related to this lawsuit because it is irrelevant and would only serve to prejudice, confuse, and mislead the jury. *See Mitchell v. Cnty of Wayne*, No. 05-73698; 2007 WL 850997 (E.D. Mich. Mar 16, 2007)(noting, the "Court fails to see how the substance of the civil lawsuit from the 1990s has any bearing on this case. Defendants did not know about the lawsuit when they terminated him. But for this lawsuit, they still wouldn't know about it….")(attached as *Exhibit H*); *Compton v. Pass*, No. 260362; 2010 WL 1050330 (Mich. Ct. App. Mar 23, 2010)(holding "any reference to prior use of controlled substances, dishonest acts, prior litigation or prior cigarette smoking will create unfair prejudice to plaintiff and confuse the

11

issues to be placed before the jury.")(attached as *Exhibit I*); *Ross v. Am Red Cross*, No. 12-4312; 2014 WL 289430 (6th Cir. Jan. 27, 2014)(affirming the district court's determination that evidence of other lawsuits involving Red Cross was inadmissible and concluding that any probative value was substantially outweighed "by the risk that the jury will draw improper conclusions from other incidents in which the Red Cross's actions allegedly caused injuries.")(attached as *Exhibit J*).

Likewise here, the substance of the legal proceedings involving Jeffrey Automotive has no bearing on the issues in this case. Permitting testimony on this matter, which is of no probative value in this case, will only serve to prejudice the jury against Plaintiff, as well as confuse and mislead them on the issues in this case. Testimony of Plaintiff and documents related to her lawsuit against Jeffrey Automotive should be excluded.

Further, Defendant's counsel has sought to question Plaintiff on numerous issues related to settlement negotiations in her lawsuit against Jeffrey Automotive. (*Exhibit A*, Reeser Dep., pp. 57-68). Evidence related to any communications between Plaintiff and her attorney during her lawsuit against Jeffrey Automotive are privileged communications between an attorney and client. Evidence related to any settlement effort or amount discussed with opposing counsel are privileged under Federal Rule of Evidence 408, which prohibits the use of compromise offers and negotiations, and the Settlement Privilege recognized by the Sixth Circuit in

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). Therefore, any evidence related to Plaintiff's claims against Jeffrey Automotive must be excluded, including "Plaintiff's Complaint and Jury Demand" (*Exhibit G*), "Motion of Law Office of Nanette L. Korpi, P.L.C. to Withdraw as Attorneys for Plaintiff Natalie Reeser" (*Exhibit K*), and all attachments to these filings.

**E.    Plaintiff's 2011 bankruptcy and any documents and testimony related to Plaintiff's bankruptcy should be excluded**

Plaintiff filed for bankruptcy in U.S. Bankruptcy Court in the Eastern District of Michigan on August 1, 2011. (*Exhibit A*, Reeser Dep., pp. 68-69) Plaintiff seeks to exclude evidence related to this lawsuit because it is irrelevant and would only serve to prejudice, confuse, and mislead the jury. Federal courts have regularly granted motions in limine that seek to limit a party's ability to introduce evidence about an unrelated bankruptcy. *See Vaughn v. Target Corp.*, No. 3:13-CV-521-DJH, 2015 WL 632255, at *3 (W.D. Ky. Feb. 13, 2015) (finding a Plaintiff's "motive to file suit is irrelevant to any issue in the case. Even if it were relevant, her bankruptcy would be excluded under Rule 403: the potential for undue prejudice is extremely high and there is little, if any, probative value.") (*Exhibit L*); *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 6061750, at *2 (S.D. Fla. Dec. 6, 2012) ("Plaintiff's bankruptcy case—which discharged the balance of her unpaid debts—has no clear tendency to show that she has brought this action solely for

financial gain. See Fed. R. Evid. 401. More so, any probative value of this evidence would be substantially outweighed by the risk that the jury might decide this case based on Plaintiff's past financial problems rather than on the merits of her medical-negligence claim. See Fed. R. Evid. 403. Accordingly, Plaintiff's motion in limine with regard to her financial status and history is granted.") (*Exhibit M*); *Walker v. Casey's Gen. Stores, Inc.*, No. 07-3229, 2009 WL 4923385, at *3 (C.D. Ill. Dec. 9, 2009) ("Walker seeks to exclude any reference that she may have previously filed for bankruptcy, as the filing of the bankruptcy petition is not relevant to any issue and, even if it were relevant, the information would be highly prejudicial. The Court will allow the motion, to the extent that it seeks to exclude information during the liability phase of the trial.") (*Exhibit N*)

Likewise here, Plaintiff's 2011 bankruptcy, filed long before any of the incidents to be discussed in this trial took place, has no bearing on either the reason for Plaintiff's lawsuit, her emotional damages, or any other issue relevant to this case. Courts have recognized the highly prejudicial nature of allowing such evidence to be admitted. Therefore, testimony and documents related to Plaintiff's bankruptcy should be excluded.

**F.    Documents and testimony related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 should be excluded**

Defendant has repeatedly sought to suggest that Plaintiff violated HIPAA when she transferred patient documents from the Clinton Township location to her personal vehicle in order to transport the documents to her meeting with Ms. Jill Hood, Defendant's former Senior Business Partner for Human Resources. (*Exhibit A*, Reeser Dep., pp. 139; Final Pretrial Order, pp. 11) This meeting was between two staff members of Henry Ford Health System. In this meeting, Plaintiff attempted to give the documents to Ms. Hood. Ms. Hood handed the documents back to Plaintiff, who then placed the documents back in her personal vehicle to return them to Clinton Township. Plaintiff was suspended soon thereafter and never had an opportunity to return the documents. When Defendant requested documents in discovery, Plaintiff provided the documents.

In *Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir. 1998), a plaintiff provided confidential company documents to his attorney related to his American with Disabilities Act Claim. The plaintiff then "told Monsanto to contact his attorney for return of the documents, instead of complying with Monsanto's demand to return the documents himself." *Id.* The Eighth Circuit held that "a reasonable jury could find that it was protected activity for Kempcke to deliver the documents to his attorney and tell Monsanto to deal with the attorney regarding their return, and that

15

it was unlawful retaliation to fire Kempcke for engaging in this activity." *Id.* at 446-47. In this case the court concluded that the plaintiff was engaging in protected activity where the employee innocently acquired documents on the computer that the employer had issued him, and gave the documents only to his attorney.

In *Womack v. Delaware Highlands Al Servs. Provider, LLC*, 883 F. Supp. 2d 1013, 1025 (D. Kan. 2012), the defendant's defense to a nurse plaintiff's ADEA claim was that the nurse should have been fired for a HIPAA violation when she disclosed patient information to a hospice worker. However, the court noted the plaintiff testified to what she did in scheduling a hospice referral as being the custom and practice and that other nurses discussed such matters with hospice workers too. The court ruled for the plaintiff.

When an employee comes upon documents innocently or "in the ordinary course of his or her duties" such activity may be protected. *See Quinlan v. Curtiss-Wright Corp.*, 204 N.J. 239, 254 (2010). "In seeking guidance about whether such activity is protected," the New Jersey Supreme Court "identified the factors that each court found to be relevant, noting that the varying fact patterns had led to different outcomes. The panel explained that the court in *Kempcke*, supra, relied on two factors, innocent acquisition and dissemination only to counsel, in concluding that the employee's activity was protected." *Id.*

Here, Plaintiff innocently came upon the documents Defendant has identified as patient records. The disclosure of these records occurred to no person other than Plaintiff's attorneys. Plaintiff attempted to provide the documents to Ms. Hood before her suspension, but was rebuffed. She was suspended soon thereafter. When Defendant asked for documents in discovery, Plaintiff obliged.

These documents are not relevant to Plaintiff's claim or Defendant's defenses, for this reason, the documents should be excluded. However, even if the documents are relevant, using them to argue Plaintiff violated HIPAA is highly prejudicial when no violation occurred. Therefore, testimony and documents related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 should be excluded.

WHEREFORE, Plaintiff requests that the above-described evidence be excluded from trial.

Respectfully submitted,

MILLER COHEN, P.L.C.

By: /s/ Adam C. Graham
  Adam C. Graham (P79361)
  *Attorneys for Plaintiff*
  600 W. Lafayette Blvd., 4th Floor
  Detroit, Michigan 48226
Dated: March 7, 2016  (313) 964-4454

17

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

          Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI  48375 |
| Detroit, MI  48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

I hereby certify that on *March 7, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Adam C. Graham
      Adam C. Graham (P79361)
      *Attorneys for Plaintiff*
      600 W. Lafayette Blvd., 4th Floor
      Detroit, Michigan 48226
      (313) 964-4454