# EXHIBIT H

Case 2:14-cv-11916-GCS-SDD   ECF No. 71-9, PageID.2134   Filed 03/07/16   Page 2 of 5
Mitchell v. County of Wayne, Not Reported in F.Supp.2d (2007)
2007 WL 850997

2007 WL 850997
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Robert MITCHELL, Plaintiff,
v.
COUNTY OF WAYNE, Karen Kreyger
and Harold Cureton, Defendants.

No. 05-73698.
|
March 16, 2007.

**Attorneys and Law Firms**

Lawrence J. Debrincat, Debrincat & Padgett, Farmington Hills, MI, for Plaintiff.

Cheryl A. Yapo, John W. Smith, William S. Pearson, Detroit, MI, for Defendants.

## OPINION AND ORDER

LAWRENCE P. ZATKOFF, United States District Judge.

### I. INTRODUCTION

*1 This matter is before the Court on two Motions in Limine filed by Defendants and one Motion in Limine filed by Plaintiff. The parties have filed response to each of the motions. The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments.

### II. BACKGROUND

The essential facts are set forth herein, but a detailed recitation of the facts is set forth in the Court's Opinion and Order dated December 8, 2006, and they are incorporated herein by reference. Plaintiff is a former Deputy for the Wayne County Sheriff's Department (the "Department"). He was terminated from Wayne County employment on April 1, 2005, by Defendants Harold Cureton, the Undersheriff for the Department, and Karen Kreyger, a Commander in the Department ("Kreyger"). Defendants claim that Plaintiff was terminated for Violating Standards of Conduct-specifically, 2.0 Violation of Rules, 5.110 Unsatisfactory Performances, and 5.60 Insubordination/Obeying Orders. The violations stem from Plaintiff's failure to "appear at Mercy Occupational Medical Services for a random drug screen scheduled for February 23, 2005 at 8:15 a.m." Plaintiff claims that his termination was in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq ("FMLA"), as he suffered a back injury and was granted FMLA leave by Wayne County for that back injury.

After Plaintiff's termination, his Union, Local 502, grieved Plaintiff's termination as a "violation of the officer's due process rights and the 'just cause' standard, contained in the Collective Bargaining Agreement." On October 19, 2005, the arbitrator issued a written denial of Plaintiff's grievance, finding that the Department had just cause for terminating him.

### III. ANALYSIS

**A. Defendants' Motion in Limine to Exclude Evidence at Trial**

Defendants ask the Court to exclude (1) any evidence that Plaintiff attempted to or did obtain a private drug test, and (2) testimony or evidence used in Plaintiff's unemployment proceedings. Plaintiff has responded by stating (a) he will not introduce any evidence of a private drug test, and (b) he does not intend to introduce any testimony from the unemployment hearing, and (c) while he may introduce evidence that also was introduced as evidence at the unemployment hearing, he will not make reference to the unemployment hearing.

As Plaintiff has stated that no evidence of a private drug test will be introduced, nor will any testimony from the unemployment hearing be introduced, the Court finds that Defendants' Motion in Limine is rendered moot, and therefore denied, with respect to those issues. As to Plaintiff's suggestion that he will introduce evidence at trial that also may have been introduced at the unemployment hearing, the Court finds that any such evidence will be admissible, if it is relevant evidence. Accordingly, to the extent that Defendants' motion sought to exclude evidence that was also introduced as evidence at the unemployment hearing, Defendants' Motion

Case 2:14-cv-11916-GCS-SDD ECF No. 71-9, PageID.2135 Filed 03/07/16 Page 3 of 5
Mitchell v. County of Wayne, Not Reported in F.Supp.2d (2007)
2007 WL 850997

in Limine is denied. Neither party shall, however, make reference to the unemployment hearing, including the fact that evidence introduced at trial was also introduced at the unemployment hearing.

**B. Defendants' Motion in Limine to Limit and/or Preclude Plaintiff's Introduction of Expert Testimony at Trial**

*1. Alan Reinstein, CPA*
**\*2** Defendants ask the Court to limit the testimony of Mr. Reinstein, who is listed as an expert in economic damages, to back pay damages (*i.e.,* to preclude any testimony about front pay/future damages). Defendants maintain that (a) Plaintiff has asked for reinstatement if the jury finds that he was wrongfully terminated, (b) Defendants concur in reinstatement if the Court finds that equitable relief is appropriate, and (c) the award of front pay is inconsistent with reinstatement.

Plaintiff correctly argues that it is within the province of the Court to determine (1) whether equitable relief is appropriate in a case where a plaintiff prevails at trial, (2) if equitable relief is appropriate, whether the equitable relief should be in the form of reinstatement or front pay, and (3) if front pay is to be considered, the amount to which the plaintiff would be entitled is a question for the jury to determine. *Arban v. West Pub. Corp.,* 345 F.3d 390, 405 (6th Cir.2003).

The Court believes that Defendants' motion is premature. The Court will first be conducting a trial at which the parties shall be presenting evidence as to whether Defendants violated the FMLA and, if they did, the amount of back pay to which Plaintiff is entitled. Until the jury makes that determination, however, the issue of equitable relief (whether in the form of reinstatement or front pay) will not be tried. *See Arban, supra; Taylor v. Invacare Corp.,* 64 Fed.Appx. 516, 518, 523-24 (6th Cir.2003). Accordingly, until such time as the Court determines that evidence may be introduced regarding front pay damages, Defendants' Motion is denied as premature. The Court does emphasize, however, that Mr. Reinstein shall not testify regarding front pay damages until at least such time, if any, that the jury decides that Defendants violated Plaintiff's rights under the FMLA.

*2. Dr. Ronald Leidel*
Dr. Leidel is Plaintiff's treating physician. Defendants acknowledge that Dr. Leidel may be called as a lay witness but asks the Court to preclude Plaintiff from being permitted to qualify and introduce testimony through Dr. Leidel as an expert. Plaintiff responds that he intends to have Dr. Leidel testify as to the Plaintiff's condition, diagnosis and prescribed treatment and restrictions. In reviewing Plaintiff's response, the Court does not foresee that Plaintiff will be offering Dr. Leidel as an expert witness or seeking to introduce opinion testimony through Dr. Leidel. Nonetheless, as Dr. Leidel is not listed as an expert witness in the Final Pre-Trial Order, the Court will not allow him to testify as an expert witness in this case. Accordingly, Defendants' Motion in Limine is granted insofar as it seeks to have Dr. Leidel barred from offering expert testimony.

*3. Inadmissible Expert Testimony/Opinions*
Defendants accurately state that it "is settled law that neither an expert witness nor any witness can testify about matters that are within the sole providence of the Court or jury." Defendants therefore ask that the Court exclude any expert testimony about the credibility of witnesses or status or application of the governing law, if Plaintiff should attempt to introduce such evidence. Plaintiff judiciously chose not to address this request.

**\*3** The relief requested by Defendants is well settled law and the Court will enforce the law if and to the extent a party seeks to elicit such testimony at trial and timely objections are raised. Defendants' motion in limine is denied as premature.

**C. Plaintiff's Motion in Limine to Exclude Evidence at Trial**

*1. Evidence of Settlement Discussions or Offers to Compromise related to the Administrative Review Hearing and the Arbitration Hearing*
Pursuant to FRE 408, Plaintiff asks the Court to exclude any evidence, including statements by either party, relative to settlement discussions or offers for compromise. Plaintiff does not specify any particular statements, but Defendants contend that they are entitled to introduce evidence of an offer made on April 1, 2005, at his administrative hearing, whereby he could return to work on the condition that he was subject to random drug screening. Defendants argue that FRE 408 is inapplicable because Plaintiff had not yet filed a lawsuit or a grievance at that time (or even been terminated) and no consideration such as waiving any cause of action was requested or required.

Case 2:14-cv-11916-GCS-SDD ECF No. 71-9, PageID.2136 Filed 03/07/16 Page 4 of 5
Mitchell v. County of Wayne, Not Reported in F.Supp.2d (2007)
2007 WL 850997

The Court agrees with the Defendants. FRE 408 does not bar offers made prior to the filing of a claim, especially when Plaintiff had not yet been terminated from his employment.

*2. Plaintif's Drinking Habits or Use of Alcohol*
Plaintiff argues that any inquiries relative to Plaintiff's drinking habits or use of alcohol should be excluded because alcohol is not a substance tested for under the applicable drug policy and because such habits or use had no bearing on Defendants' decision to terminate Plaintiff's employment herein (*i.e.,* such evidence is not relevant). Defendants argue that they are entitled to cross-examine Plaintiff as to whether or not the use of alcohol was a factor in (a) the February 23, 2005, fall on his front porch, and (b) his "subsequent admittedly sketchy memory of events."

The Court finds that Plaintiff's drinking habits, regardless of what they are, have no probative value with respect to any of the issues in this case. The Court also concludes that, with respect to the factors that caused Plaintiff to fall on February 23, 2005, it is irrelevant whether Plaintiff consumed alcohol on February 22 or 23, 2005. First, the scheduled drug test that Plaintiff did not attend would not have tested for alcohol, so such consumption would not have caused him to fail the drug test. More importantly, the FMLA does not specify that an injury does come within the definition of a serious health condition simply because of the manner in which the injury arose; the issue is whether the injury is in fact a serious health condition. As to the "subsequent admittedly sketchy memory of events," the Court has not been made privy to what that means, nor is the Court able to ascertain whether this issue was addressed during discovery. Accordingly, the Court abstains from deciding this issue until such time, if any, it becomes relevant at trial. For the reasons stated, Plaintiff's Motion in Limine related to the introduction of the use of alcohol by Plaintiff, or Plaintiff's drinking habits, is granted in part.

*3. Civil Lawsuit*
 **\*4** Plaintiff asks the Court to prohibit Defendants from introducing evidence of a civil lawsuit from the 1990s, wherein the Plaintiff was a defendant. Plaintiff asserts this lawsuit has no bearing on the Defendants' decision to terminate him or damages in this case, but is convinced Defendants will seek to introduce evidence of the lawsuit as a new basis for terminating Plaintiff. Plaintiff also objects to the introduction of this evidence because Plaintiff just received notice of this issue in the last two weeks. Defendants assert that Plaintiff lied about the lawsuit when he was deposed, as he stated that he had never been a defendant in a lawsuit. Defendants state that, by sheer luck, they discovered last week that Plaintiff had been sued for his part in a bar brawl in Riverview. Defendants do not actually object to the evidence being excluded, although the fact that they responded suggest that they do.

Although the Court finds Plaintiff's cries of untimeliness to be disingenuous, the Court fails to see how the substance of the civil lawsuit from the 1990s has any bearing on this case. Defendants did not know about the lawsuit when they terminated him. But for this lawsuit, they still wouldn't know about it. As to the allegations that Plaintiff lied about the lawsuit, the Court does not believe that Defendants should be precluded from probing that issue. If they elect to do so, however, the Court orders that the substance of the lawsuit not be mentioned in any manner. Accordingly, Plaintiff's Motion in Limine regarding the civil lawsuit is granted in part and denied in part.

*4. Serious Health Condition*
Plaintiff asserts that because the Defendants did not challenge his medical certification in 2005, Defendants have waived their right to challenge that Plaintiff suffered from a serious health condition. As the Sixth Circuit has discussed, but not held, the language in the FMLA regarding getting a second medical opinion/certification is permissive. *Sorrell v. Rinker Materials Corp.,* 395 F.3d 332, 337 (6th Cir.2005). Other circuits have concluded that "the plain language of the Act does not suggest that an employer must pursue these procedures or forever be foreclosed from challenging whether an employee suffered from a serious health condition." *See e.g., Rhoads v. FDIC,* 257 F.3d 373, 386 (4th Cir.2001).

The court believes that the conclusion of the Fourth Circuit is correct. Whether a plaintiff has a serious health condition is one of the critical elements of proving an FMLA violation. Unless Defendants stipulate that Plaintiff suffered from a serious health condition, Plaintiff has the burden of establishing that he did. To date, Defendants have not so stipulated. Accordingly, Plaintiff's Motion in Limine is denied insofar as it seeks to exclude any evidence that would challenge that Plaintiff has a serious health condition.

*5. Disciplinary Actions*
Plaintiff argues that his prior disciplinary records are not admissible because (1) the CBA requires the removal

Case 2:14-cv-11916-GCS-SDD ECF No. 71-9, PageID.2137 Filed 03/07/16 Page 5 of 5
Mitchell v. County of Wayne, Not Reported in F.Supp.2d (2007)
2007 WL 850997

and destruction from the personnel record of any and all disciplinary action which is more than 24 months old, and (2) any prior discipline is irrelevant and unfairly prejudicial, especially if it is over 24 months old. The Court first notes, as Defendant did, that the CBA provides that discipline is removed from one's personnel record after 24 months of **satisfactory** service. At this time, the Court does not have any idea of whether Plaintiff ever completed 24 months with satisfactory service.

**\*5** More significantly, Defendants argue, and the Court agrees, that the CBA does not control the admissibility of evidence in this Court. Defendants also argue that because there are many types of discipline to which an officer may be subject, including disciplines for dishonesty, unapproved sick leaves, failure to report for duty, etc. (it is unclear whether any of these apply to Plaintiff), it wouldn't be proper to make a blanket ruling that all disciplines are excluded. The Court agrees that a blanket ruling would not be appropriate at this time. Accordingly, Plaintiff's motion in limine is denied insofar as it seeks a blanket exclusion of disciplines assessed against him. The Court will address each such discipline as necessary at trial.

*6. Grievance and Arbitration*
Plaintiff argues that FRE 401, 402 and 403 operate to bar evidence of Plaintiff's grievance, arbitration and arbitration decision because they are not relevant in this FMLA action as rights and benefits under the FMLA were not pursued, considered or addressed in the grievance and arbitration proceedings. Plaintiff also argues that evidence of those proceedings would be extremely prejudicial to Plaintiff's position.

Defendants maintain that a finder of fact is not required to completely disregard an arbitrator's finding of just cause for termination under the collective bargaining agreement. *Becton v. Detroit Terminal of Cons.Freightways,* 687 F.2d 140 (6th Cir.1982) (plaintiff filed an employment discrimination case after an arbitrator ruled that the employer discharged him for "just cause"). The *Becton* court stated that an arbitration award is "persuasive evidence that the grounds found by the arbitrator to be just cause for discharge under the collective bargaining agreement are sufficient to amount to just cause." Accordingly, Defendants argue that they should be allowed to rely on the Arbitration Award for purposes of demonstrating that they had reason to terminate Plaintiff, which reason amounted to just cause under the CBA.

The Court believes the *Becton* decision is inapplicable to this case. The *Becton* court held that "a federal court may ... reconsider evidence rejected by an arbitrator in previous proceedings" while noting that a "court should defer to the arbitrator's construction of the contract." *Id.* At 142. In this case, the arbitrator's decision involves the construction of the CBA, but the CBA has no bearing on Plaintiff's rights under the FMLA. More significantly, the Court concludes that the arbitrator's decision is not to be substituted for the decision making authority of the jury in this case, which involves issues separate and different from those in the grievance procedure. Accordingly, insofar as Plaintiff's Motion in Limine seeks to exclude evidence of the Arbitrator's decision that Defendants had just cause to terminate Plaintiff, the Motion is granted.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, **Defendants' Motion in Limine to Exclude Evidence at Trial (Docket # 33) is DENIED, Defendants' Motion in Limine to Limit and/or Preclude Plaintiff's Introduction of Expert Testimony at Trial (Docket # 34) is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion in Limine to Exclude Evidence at Trial (Docket # 35) is GRANTED IN PART and DENIED IN PART.**

**\*6** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 850997