# EXHIBIT N

2009 WL 4923385
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, C.D. Illinois.

Donna R. WALKER, Plaintiff,
v.
CASEY'S GENERAL STORES, INC., a foreign corporation, Defendant.

No. 07-3229.
|
Dec. 9, 2009.

**Attorneys and Law Firms**

Bruce A. Beeman, Wolter Beeman & Lynch, Springfield, IL, for Plaintiff.

Douglas S. Teasdale, Teasdale & Associates LLC, St. Louis, MO, for Defendant.

*OPINION*

RICHARD MILLS, District Judge:

 *1  The jury trial in this action will commence on December 14, 2009. Pending before the Court are several motions in limine.

I. Plaintiff's First Motion in Limine

(1) Plaintiff Donna R. Walker first seeks to prevent Defendant Casey's Retail Company, Inc. d/b/a Casey's General Stores, Inc., from making any reference to whether she was involved in any prior or subsequent accidents or may have been allegedly guilty of negligence or contributory negligence in connection with circumstances or events other than the one in question in this case.

Casey's objects to Walker's first request as vague and ambiguous. It is undisputed that Walker had other falls. It appears that the evidence of prior and subsequent falls could be relevant to the damages in this case, though that issue is not yet ripe. Casey's does not specifically contend that the issue of other accidents or falls is relevant in the liability phase. The Court will reserve ruling on the issue.

(2) Walker next seeks to prevent Casey's from making reference to whether she has been involved in any prior or subsequent accidents or suffered from any alleged prior condition or injuries other than those suffered as a result of the event alleged in the complaint, unless an offer of proof is first made out of the presence of the jury which establishes: (a) the other accident or event-in-fact occurred or existed; (b) the alleged prior injuries were in-fact suffered; and (c) medical evidence establishes that the injuries, complaints and symptoms now complained of are causally related to the prior accident, rather than the present accident or event.

In response, Casey's objects to this request as vague and ambiguous. Casey's notes that it is undisputed that Walker had a previous and subsequent fall. This is established by Walker's own testimony, by medical records and her expert's testimony and records that she fell prior to and subsequent to the incident in this case. Accordingly, it appears that the issue would be relevant in a potential damages phase.

(3) Walker next seeks to exclude any reference to whether subsequent to the injury suffered at Casey's on April 16, 2006, she fell at some time and location and injured the opposite (left) shoulder rather than the shoulder that was injured in the incident at Casey's. According to Walker, such evidence is likely sought to be admitted by Casey's in an effort to demonstrate that she is a "frequent faller," in order to prejudice the jury against Walker.

Casey's again objects to this request as vague and ambiguous. For the reasons already noted, it appears that such evidence may be relevant in a potential damages phase.

(4) Walker seeks to exclude any reference to whether prior to the injury suffered at Casey's on April 16, 2006, she fell on her right elbow in 2004, had X-rays taken of her right shoulder which were negative, and thereafter participated in three weeks of physical therapy. Such evidence is likely sought to be admitted by Casey's in an effort to show that Walker is "not in a good state of health," and thereby prejudice the jury against her.

 *2  Casey's alleges that the evidence is directly relevant to the issue of damages. The jury may consider that the prior injury impeded her recovery from any alleged injuries suffered by her fall at Casey's. Therefore, Casey's claims that the evidence

is directly relevant to Walker's claimed damages and its exclusion would be prejudicial. The Court finds that the risk of any unfair prejudice to Walker is minor. The evidence appears to be potentially relevant in a damages phase, though the Court will reserve ruling.

(5) Walker next seeks to exclude any reference to whether after the injury suffered at Casey's on April 16, 2006, Walker tripped on a sidewalk on or about January 16, 2008, and injured her left arm and was thereafter treated at the ER and released. Such evidence is likely sought to be admitted to demonstrate that Walker is a "frequent faller."

Casey's again asserts that the issue is relevant to Walker's claim of damages. Moreover, the jury may consider whether Walker's subsequent injury impeded her recovery from any alleged injuries suffered by her fall at Casey's. Although it appears that such evidence may be relevant in a potential damages phase, the Court will reserve ruling.

(6) Walker next seeks to exclude any reference to whether subsequent to the injury suffered at Casey's, she underwent a right total hip arthroplasty. According to Walker, such evidence is likely sought to be admitted by Casey's in an effort to demonstrate that she is "not in a good state of health."

Casey's claims that the fact that Walker underwent a right hip arthroplasty after the incident at Casey's is relevant to the issue of liability. Walker testified in her deposition that she had severe pain in her hip and walked with a deviated gate. According to Walker's testimony, she "walked like an old lady." Casey's alleges that the fact of her arthroplasty shows the extent of the pain and degree of damage in her hip, which is for the jury to determine how much this may have affected her gait and whether or not she is contributorily negligent for leaving the paved walkway when she had such a severe hip condition. Casey's contends that the fact Walker had such a bad hip problem that it required a complete hip replacement is relevant to her condition at the time of the fall.

The Court tends to agree that the evidence is potentially relevant to Casey's defense. It does not appear that Walker would be unfairly prejudiced by the introduction of such evidence. It is not apparent whether Casey's plans to use expert testimony to explain the significance of Walker's arthroplasty following her injury. Such testimony is typically required, unless the court finds that "a lay person can readily appraise the relationship" between Walker's injury and her hip replacement. See *Voykin v. Estate of DeBoer,* 192 Ill.2d 49, 59, 248 Ill.Dec. 277, 733 N.E.2d 1275 (2000). The Court will Deny the motion as to this evidence, provided that any witness is competent to testify as to the issue.

*3 (7-8) Walker seeks to exclude certain unspecified medical records. Because Walker does not specify precisely which records she seeks to exclude, the Court is unable to rule on this request. The introduction of any evidence shall comply with the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

(9) Walker seeks to exclude any reference that she may have previously filed for bankruptcy, as the filing of the bankruptcy petition is not relevant to any issue and, even if it were relevant, the information would be highly prejudicial. The Court will Allow the motion, to the extent that it seeks to exclude information during the liability phase of the trial.

(10) Walker seeks to exclude any reference to testimony or exhibits in relation to irrelevant and prejudicial information that she included on her bankruptcy petition prepared by Springfield attorney R. Stephen Scott listing the $15,000.00 personal bankruptcy petition as the value of this claim, as the petition was prepared only three months after Walker's injury at Casey's. Although the value of her claim was not then fully known, Walker alleges that her medical bills alone amount to $26,544.73. She contends that inquiry into the issue would likely be prejudicial.

In response, Casey's claims that the records may be admissible as admissions against interest. Moreover, Walker gave a sworn statement regarding the value she assigned to the case and had a continuing duty to supplement her filing if she thought the claim was worth more. The issue may be relevant in a potential damages phase. The Court will reserve ruling.

(11) The Court agrees with Casey's that Walker's next request is somewhat vague and ambiguous. However, the motion is Allowed to the extent that it requests that any diagnosis or opinion as to Walker's medical condition be rendered by a qualified physician.

(12-13) The motion is Allowed to the extent that it seeks to prevent any reference to whether (1) Walker has received, or may in the future receive, any benefits or other compensation for injuries or disabilities from sources other than Casey's; and (2) Any sums awarded by the jury could be invested

Case 2:14-cv-11916-GCS-SDD ECF No. 71-15, PageID.2188 Filed 03/07/16 Page 4 of 6
Walker v. Casey's General Stores, Inc., Not Reported in F.Supp.2d (2009)
2009 WL 4923385

by Walker to produce a stream of income for the benefit of Walker.

(14) Walker seeks to exclude the mention of, or use as an example for argument or other reasons by Casey's of any specific case, type of case, group of cases, or venue where a given verdict or judgment was or is alleged to be unreasonable or otherwise improper, such as the "McDonald's verdict;" "Tobacco verdicts;" "Class actions;" or "Malpractice Actions;" or "Madison County" or "Cook County."

The Court assumes that there will not be frequent references to the noted examples. Any objections can be raised at trial.

(15-16) Walker seeks to exclude any reference to whether (1) injury awards allegedly amount to a form of lottery, jackpot, or giveaway; and (2) Plaintiffs are suffering from "compensation neurosis" or interested in "secondary gain," absent an offer of proof first conducted outside the presence of the jury which adequately establishes any such allegation. The Court assumes that there will not be many references such as those above. The Court declines to anticipate testimony, though objections may be raised at trial.

*4 (17) Walker seeks to exclude any reference to whether injury awards are allegedly paid by the taxpayers themselves, allegedly drive up the cost of medical or hospital services, or allegedly increase insurance premiums. The motion is Allowed, to the extent that it is directed at the liability phase.

(18) The motion to exclude any reference to whether financial inability on the part of Casey's made it difficult or impossible for Casey's to conform its conduct to the requirements of law is Denied.

(19) The motion to exclude any reference as to whether the cost of injury awards are allegedly passed on to the general public or the members of the jury is Allowed.

(20) The motion to exclude any reference to whether a damage award might allegedly cause a financial hardship upon Casey's is Allowed.

## II. Plaintiff's Second Motion in Limine

In her second motion in limine, Walker seeks to exclude any and all photographs which depict the iron pipe over which Walker fell, which photographs were taken after the pipe had been hammered into the ground after Walker's fall, and subsequently located, raised and photographed, absent foundation evidence that after the pipe was raised and photographed, the pipe was raised to the same height as it had been at the time Walker tripped and fell over said pipe on April 15, 2006.

Casey's has no objection and does not intend to introduce the pictures referenced in the second motion in limine. The motion is Allowed.

## III. Plaintiff's Third Motion in Limine

In her third motion in limine, Walker first seeks to exclude any and all testimony that the time she took off work because of her injury was actually compensated by sick time or personal time that Walker had accrued as a result of her employment and without contribution by Casey's. Casey's objects to this request on the basis that Walker is seeking to collect double compensation. The motion is Allowed, only as to the extent that it seeks to exclude any such testimony in the liability phase of the trial.

Walker next seeks to exclude reference to any and all testimony concerning medications that she was taking at the time that she fell on April 15, 2006, absent proper foundational testimony that any medications Walker was then taking would make it more likely for her to lose her balance or fall. Casey's states that it does not anticipate making reference to Walker's medications. The motion is Allowed as to this issue.

## IV. Defendant's Motion in Limine

The Defendant, requests that the Court enter an order barring the Plaintiff, or any of its witnesses, from presenting any testimony, evidence, argument, suggestions or reference at trial, in opening or closing statement regarding the following matters: (1) any and all facts or testimony regarding theories not pled, specifically that Plaintiff may have been a licensee, including implied consent or habitual acquiescence; (2) any and all facts or testimony regarding people visiting Casey's for reasons other than to make a purchase; (3) any photographs not representative of the scene at the time of the accident; (4) any testimony by or reference to proposed witnesses Dennis Spencer and Matthew Champlin; (5) any fact, evidence or

testimony regarding the place of danger exception including the configuration of the sidewalks and driveways of Casey's; (6) any entry or reference to Dr. Mark Greatting's deposition testimony; and (7) excluding all non-party witnesses.

**\*5** (1) Although the Court previously denied Walker's request to amend her complaint, it found that different inferences could be drawn from some of the facts and her status is a question of fact to be resolved by the jury. Accordingly, the Court will not bar Walker from asserting that she had an implied right to enter upon Casey's property on April 15, 2006.

(2) The Defendant also seeks to bar any and all facts or testimony regarding people visiting Casey's for reasons other than to make a purchase. It claims that because Walker has testified that she was not a customer, any testimony that individuals entered Casey's for purposes other than to make a purchase, such as to get directions or use the restroom, should be excluded. Although it has already found that this does not constitute habitual acquiescence, the Court is somewhat concerned that Walker seeks to present such testimony to establish habitual acquiescence on the part of Casey's. However, the Court will give Walker some latitude to allow for this testimony pursuant to her implied consent theory.

(3) Casey's next seeks to exclude any photographs not representative of the scene at the time of the incident. Specifically, Casey's claims that the photographs were taken several years after the incident in a different season. Walker acknowledges that the photographs were taken on February 5, 2009. She claims that they are the only photographs to show the configuration of the Casey's general store, gas pumps and lot. The Court will allow the photographs for this purpose, subject to authentication. Walker notes that the original 2006 photographs correctly and accurately depict the grassy area of Casey's and where Walker fell on April 15. Thus, it does not appear that Casey's would be prejudiced by the introduction of the February photographs.

(4) Casey's next seeks to exclude any testimony by or reference to proposed witnesses Dennis Spencer and Matthew Champlin. Walker states that in light of a stipulation filed by the parties, the testimony of these witnesses is not necessary. Accordingly, the motion to bar their testimony is Allowed.

(5) Casey's next seeks to exclude any facts, evidence or testimony regarding the "place of danger exception," including the configuration of the sidewalks and driveways of Casey's. The Court will not allow such evidence to be presented in order for Walker to argue that the "place of danger exception" applies. However, the evidence pertaining to the configuration of the sidewalks and driveways of Casey's may be relevant for other purposes. Accordingly, the Court will Deny the motion to the extent that any such evidence is presented for an admissible purpose. The evidence may not be presented simply to show that the location is a place of danger.

(6) Casey's next seeks to exclude any entry or reference to Dr. Mark Greatting's deposition testimony, on the basis that it lacks foundation. Casey's claims that it is not Dr. Greatting's first hand knowledge, but merely a recitation of undisclosed documents and thus inadmissible under Rule 612 of the Federal Rules of Civil Procedure.[1] Specifically, at his deposition, Dr. Greatting testified by reading directly from his computer screen, to which counsel for Casey's was denied access. Dr. Greatting testified that he had no independent recollection of his treatment of Walker and proceeded to read every answer from documents on his computer. Casey's asserts that it was prejudiced by the refusal to disclose the documents because counsel could not adequately cross-examine the doctor.

**\*6** Walker contends that prior to the deposition, Casey's obtained hard copies of all of Dr. Greatting's relevant medical records from Walker in discovery. Accordingly, Walker claims that counsel would have been in possession of the medical records or additional requested documents. Walker further asserts that the only objection proffered by Casey's at the deposition was that Dr. Greatting was reading from the medical records. There was no objection that he was reading from a record that Casey's did not have. Walker alleges that there is no record that Counsel ever specifically objected on the grounds that he could not view the doctor's computer screen. Thus, any opportunity to make an appropriate record was lost by the failure to object.

Because it appears that Casey's was in possession of all of the relevant documents, there was no prejudice due to Dr. Greatting's refusal to show counsel the computer screen. Accordingly, the Court will Deny the motion as to Dr. Greatting's testimony.

(7) The Court hereby Allows the motion, pursuant to Federal Rule of Evidence 615, to exclude all non-party witnesses until such time as they are required to testify.

Case 2:14-cv-11916-GCS-SDD ECF No. 71-15, PageID.2190 Filed 03/07/16 Page 6 of 6
Walker v. Casey's General Stores, Inc., Not Reported in F.Supp.2d (2009)
2009 WL 4923385

*Ergo,* the Plaintiff's first motion in limine [d/e 54] is ALLOWED in PART, DENIED in PART, and RESERVED in PART, as provided in this Order. The Plaintiff's second motion in limine [d/e 55] is ALLOWED. The Plaintiff's third motion in limine [d/e 58] is ALLOWED, as provided in this Order.

The Defendant's motion in limine [d/e 59] is DENIED in PART and ALLOWED in PART, as provided in this Order.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 4923385

Footnotes

1   Rule 612 provides that if a witness uses a writing to refresh his memory while testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness."

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.