UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM
INTRODUCING ANY EVIDENCE REGARDING HER ALLEGED
MEDICAL OR PSYCHOLOGICAL CONDITION**

  NOW COMES Defendant, Henry Ford Health System ("HFHS"), by and through its attorneys, Varnum LLP, and respectfully moves this Court for an Order excluding any evidence or testimony given by Plaintiff or any other witness pertaining to her alleged medical or psychological condition. Testimony by Plaintiff in the form of opinion or otherwise regarding the nature, severity, treatment, duration and/or cause of her alleged medical or psychological conditions

should be excluded pursuant to Rules 401, 402, 403, 701 and 801 of the Federal Rules of Evidence. In support of this Motion, HFHS relies on the accompanying Brief.

In accordance with Local Rule 7.1, on March 7, 2016, Defendant's counsel sought concurrence from Plaintiff's counsel, which was denied, thereby necessitating the filing of this Motion.

WHEREFORE, for the reasons stated herein and as set forth more fully in the accompanying Brief, Defendant Henry Ford Health System respectfully requests that this Court grant its Motion, and exclude any evidence or testimony pertaining to Plaintiff's alleged medical or psychological conditions.

    Respectfully submitted,

    **VARNUM LLP**

    By:   */s/ Terrence J. Miglio*
           Terrence J. Miglio (P30541)
           Barbara E. Buchanan (P55084)
           Attorneys for Defendant
           160 West Fort Street, Fifth Floor
           Detroit, MI 48226

Dated: March 7, 2016        (313) 481-7335

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v

**HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrence J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>160 W. Fort, 5th Floor<br>Detroit, MI 48226<br>(313) 481-7300 |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM INTRODUCING ANY EVIDENCE REGARDING HER ALLEGED MEDICAL OR PSYCHOLOGICAL CONDITIONS**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES .................................................................................... ii

STATEMENT OF ISSUE PRESENTED................................................................ iii

INTRODUCTION .....................................................................................................4

STATEMENT OF RELEVANT FACTS ..................................................................4

ARGUMENT .............................................................................................................5

      I.      Standard of Review ...............................................................................5

      II.     Plaintiff Cannot Offer Her Own Testimony As To Any Alleged Medical Or Psychological Condition. ...................................................6

      III.    Evidence Concerning Any Alleged Medical Or Psychological Condition Plaintiff Suffered From Is Irrelevant And Inadmissible Since Plaintiff Has No Expert Testimony To Establish The Cause Of Any Such Condition. ......................................9

CONCLUSION .......................................................................................................10

# INDEX OF AUTHORITIES

## Cases

*Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365 (6th Cir. 2009) ............................ 8

*Covington v. MCI Worldcom Network Servs. Inc.*, 93 Fed. App'x 837 (6th Cir. 2004) ........................................................................................................................ 6

*Goldman v. Healthcare Mgmt. Sys., Inc.*, 628 F. Supp. 2d 748 (W.D. Mich. 2008) 6

*Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804 (6th Cir. 1998) .................................. 9

*United States v. Ganier*, 468 F.3d 920 (6th Cir. 2006) ............................................ 7

*United States v. Yannott*, 42 F.3d 999 (6th Cir. 1994) ............................................ 5

*UNUM Life Ins. Co.*, 145 F.3d 804 (6th Cir. 1998) .................................................. 9

## Rules

Fed. R. Civ. P. 26(a)(2) ........................................................................................... 11

Fed. R. Evid. 104(a) .................................................................................................. 8

Fed. R. Evid. 401 ................................................................................................ 8, 11

Fed. R. Evid. 402 ................................................................................................ 8, 11

Fed. R. Evid. 403 ...................................................................................................... 8

Fed. R. Evid. 701 ............................................................................................ 8, 9, 11

Fed. R. Evid. 801(c) ................................................................................................ 12

## **STATEMENT OF ISSUE PRESENTED**

Should this Court enter an Order barring Plaintiff from introducing any evidence regarding her alleged medical or psychological conditions, where she has not listed any expert medical witnesses that will testify at trial nor identified any medical or treatment records as trial exhibits, and therefore any such evidence would be improper lay witness testimony, impermissible hearsay and irrelevant?

    Defendant answers           "Yes."

## INTRODUCTION

It is anticipated that Plaintiff Nicole Reeser ("Plaintiff") will attempt to offer her own testimony regarding her alleged anxiety and depression, which she claims was the result of her termination from Defendant Henry Ford Health System ("HFHS"). Plaintiff has not listed a single expert witness to testify at trial, nor has she listed any medical or treatment records as trial exhibits. Plaintiff should be barred from offering her own testimony regarding the nature, extent, duration, severity, treatment and/or cause of any alleged medical or psychological conditions.[1]

## STATEMENT OF RELEVANT FACTS

Plaintiff was hired as a full-time laboratory assistant or "Laboratory Service Representative" in the Laboratory Outreach Services division of Henry Ford Health System. As a Laboratory Service Representative, Plaintiff essentially performed the duties of a phlebotomist. She drew blood, processed samples and registered patients, among other duties. Plaintiff was ultimately suspended and terminated from her employment after an investigation regarding her job abandonment. Plaintiff seeks an array of damages, including damages for mental

---

[1] Even if Plaintiff had listed her treaters as witnesses, they have never been identified as experts so they could not opine as to whether Plaintiff's termination caused any medical or psychological condition.

and emotional distress, lack of health care, depression, and anxiety. *See* Final Pretrial Order, ECF Dkt. #66 p. 60.

In her Concise Statement of Plaintiff's Claims in the Final Pretrial Order ("FPTO"), Plaintiff claims: "The jury will hear evidence of Plaintiff's treatment with a health professional designed to help her cope with the depression and anxiety she has experienced as a result of this event [i.e., the wrongful termination], including the need for high doses of Paxil and Xanax." *See* FPTO, ECF Dkt. #66 pp. 6-7.

However, Plaintiff listed no experts, let alone any experts that will testify regarding Plaintiff's alleged "depression and anxiety." In fact, Plaintiff has listed absolutely no doctors or treaters as witnesses. Moreover, Plaintiff identified no medical or treatment records as exhibits to be offered at trial. As such, it can only be assumed that Plaintiff intends to present her own testimony regarding the nature, duration, treatement, severity and/or the causes of any medical or psychological conditions.

## ARGUMENT

### I. Standard of Review

Federal district courts have the power to exclude evidence pursuant to their inherent authority to manage trials. *See, e.g., United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Evidence must be excluded if it is irrelevant, and may

5

be excluded if it is more prejudicial than relevant. *Covington v. MCI Worldcom Network Servs. Inc.*, 93 Fed. App'x 837, 842 (6th Cir. 2004) (citing Fed. R. Evid. 402, 403); *see also* Fed. R. Evid. 402, 403. Preliminary questions concerning the admissibility of evidence should be determined by the Court. *See* Fed. R. Evid. 104(a); *see also Goldman v. Healthcare Mgmt. Sys., Inc.*, 628 F. Supp. 2d 748, 751 (W.D. Mich. 2008).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . ." Fed. R. Evid. 403.

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701.

## II. Plaintiff Cannot Offer Her Own Testimony As To Any Alleged Medical Or Psychological Condition.

Plaintiff is not a doctor or other health care professional and does not have

6

the requisite scientific knowledge to testify as to what medical or psychological conditions she is allegedly suffering from or the causes thereof. Any testimony provided by Plaintiff personally would be pure and impermissible speculation. This would also be impermissible lay witness opinion testimony that does not meet the requirements of Fed. R. Evid. 701. Plaintiff cannot put herself in the place of – or testify as – a physician or a psychologist or a licensed counselor.

Indeed, amendments to Rule 701 make clear that lay witnesses cannot testify on issues beyond the knowledge of an average juror, even if a lay witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case. In *Ganier*, the government offered testimony of an employee, who regularly read coded computer printouts as part of his job, to explain the meaning of computer printouts. *United States v. Ganier*, 468 F.3d 920, 924 (6th Cir. 2006). The Sixth Circuit held that the testimony was expert testimony because "such an interpretation would require [the witness] to apply knowledge and familiarity with computers and the particular forensic software well beyond that of the average layperson." *Id*. at 927. Although previously in the Sixth Circuit, lay witnesses used to be able to apply specialized knowledge if it was based on their own experiences, the Sixth Circuit made unequivocally clear that such testimony is no longer allowed. *See id*. at 926-27 ("We have on occasion allowed witnesses to apply specialized knowledge while giving lay testimony.

7

However, the 2000 amendment to the Federal Rule of Evidence clarified that lay opinions or inferences cannot be based on 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'" (citations omitted)). Furthermore, where a lay witness' opinion testimony is of the nature that would require specialized knowledge and/or experience, it is beyond the scope of that permitted by a lay witness and must be excluded. *See* Fed. R. Evid. 701, 702. Thus Plaintiff cannot offer her own opinion as to her alleged medical or psychological conditions.

In addition, any testimony by Plaintiff as to what she was told about her alleged medical or psychological conditions by her treaters is hearsay and inadmissible. Repeating what somebody told her about her condition is classic, pure hearsay. Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801(c); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378 (6th Cir. 2009). Hearsay evidence is not admissible unless it falls within a recognized exception. Fed. R. Evid. 802. Any testimony regarding what her doctors or others told her or said to her is being offered for the purpose of proving the truth of the matter asserted – to prove that Plaintiff is suffering from anxiety and depression because of her termination from HFHS. *See Biegas*, 573 F.3d at 379 (a statement in which a declarant recounts an earlier statement is hearsay because it is "offered for its truth content – to prove that [the declarant] had in fact [made the earlier statement]"). Because the

8

statements allegedly made by the doctors and other treaters are not excluded from the definition of hearsay and none of the hearsay exceptions apply, they are inadmissible hearsay evidence and should be excluded from trial.

Accordingly, any testimony that Plaintiff would personally present would be improper lay witness testimony, is irrelevant, would constitute hearsay and should be excluded. *See* Fed. R. Evid. 401, 402, 403, 701, 702 and 801.

**III. Evidence Concerning Any Alleged Medical Or Psychological Condition Plaintiff Suffered From Is Irrelevant And Inadmissible Since Plaintiff Has No Expert Testimony To Establish The Cause Of Any Such Condition.**

Only medical or psychological conditions allegedly suffered by Plaintiff that were caused by the Defendant would be relevant to this case. However, expert opinion establishing that Plaintiff's medical or psychological condition **was caused by** the Defendant is an absolute prerequisite to admissibility. Here, Plaintiff has no experts who can testify that she suffered a medical or psychological condition caused by the Defendant. She did not list any witness who would be called at trial to provide expert testimony. *See* FPTO, ECF Dkt. #66, pp. 23-24; *see also* Plaintiff's Initial Witness List, ECF Dkt. #13. Plaintiff is therefore barred from presenting any expert testimony on her medical conditions. *See* Fed. R. Civ. P. 26(a)(2); *see also Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804 (6th Cir. 1998) (holding that FRE 26(a)(2)(A) provides that a party "shall" disclose the identity of

9

any person who may be used at trial to present [expert] evidence . . .).[2]

Accordingly, because Plaintiff has failed to identify any experts, or designate any physicians or other medical professionals as experts, as set forth the Federal Rules of Civil Procedure, Plaintiff should be barred from presenting any expert testimony during trial.

## CONCLUSION

For all of the foregoing reasons, Defendant Henry Ford Health System moves for an Order *in limine* barring Plaintiff from introducing evidence and/or testimony regarding her alleged medical or psychological conditions.

Respectfully submitted,

**VARNUM LLP**

BY: /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
160 W. Fort Street, Fifth Floor
Detroit, MI
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Dated: March 7, 2016

---

[2] The current language of Fed. R. Civ. P. 26(a)(2) states that "[a] party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence . . ." *See* Fed. R. Civ. P. 26(a)(2).

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

      /s/ Terrence J. Miglio
Terrence J. Miglio (P30541)