**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NATALIE REESER**,

              Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

              Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI  48375 |
| Detroit, MI  48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACKPAY
OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF
FROM INTRODUCING EVIDENCE OF LOST WAGES**

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ................................................................................... ii

**STATEMENT OF ISSUES PRESENTED** ............................................................ iii

    **I.**    **INTRODUCTION** ................................................................................ 1

    **II.**   **STATEMENT OF FACTS** ................................................................... 3

    **III.**  **ARGUMENT** ........................................................................................ 4

    **IV.**  **CONCLUSION** .................................................................................... 8

# **INDEX OF AUTHORITIES**

<u>Cases</u> <u>Page</u>

*Bouchard v. Am. Home Prods. Corp.*,
   213 F.Supp.2d 802, 810 (N.D. Ohio 2002) ....................................................2, 5

*EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992)........................6

*Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) .......5

*Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)............................................3, 4, 5

*N.L.R.B. v. Ryder System Inc.*, 983 F.2d 705, 712 (6th Cir.1993)..........................2, 6

*Rasimas v. Michigan Dep't of Mental Health*,
   714 F.2d 614, 626 (6th Cir. 1983) .....................................................................5

*Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279, 1288 (M.D. Fl. 2001) ..............7

*Stone v. D.A. & S. Oil Well Servicing, Inc.*, 624 F.2d 142, 144 (10th Cir.1980) ......5

*Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir.1996) ...........2, 6

<u>Rules</u>

Fed. R. Evid. 103(c) ..................................................................................................4

## STATEMENT OF ISSUES PRESENTED

1. Whether Defendant's Motion to Strike Plaintiff's Claim or to Preclude Plaintiff from Introducing Evidence of Lost Wages should be denied, where Plaintiff made reasonable efforts to mitigate her damages and continually looked for better employment, resigning only for non-personal business reasons?

   Plaintiff answers "yes"

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACKPAY
OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF
FROM INTRODUCING EVIDENCE OF LOST WAGES**

NOW COMES Plaintiff, NATALIE REESER, by and through her attorneys, MILLER COHEN, P.L.C., and with her Response to Defendant's Motion to Strike, and states as follows:

## I. INTRODUCTION

Plaintiff seeks back pay and damages from the date of her separation from Defendant Henry Ford Health System ("Henry Ford") forward. Defendant suggests that Plaintiff has failed to mitigate her damages. Such an allegation is baseless. At the very least, a question of fact exists as to whether or not Plaintiff mitigated her damages, and a Motion to Strike is inappropriate as this is an issue which should be decided by the jury.

Plaintiff has struggled to find steady employment in her field after her termination from Henry Ford on March 21, 2014, but this is not for lack of effort. Defendant argues that there are 80 phlebotomist jobs in Michigan that appear available on the job search website Indeed.com. Defendant's Motion to Strike, p. 7. Without a record of this search it is impossible to confirm if Defendant is correct, nor is it clear when Defendant purportedly searched that website. However, Plaintiff's counsel performed our own search on Indeed.com and discovered **one**

1

**available position within 35 miles** of Plaintiff's home in Harrison, Michigan, which is between **175 and 200 miles** from the Detroit metropolitan area.

Despite the dearth of phlebotomist positions within reasonable driving distance of Plaintiff's home, she has secured fairly steady employment since her termination, finding a job within 3 months of her termination on March 21, 2014 and remaining employed all but 3 to 4 months since that time. Her positions have varied in pay and hours, but the position she has held since July 2015 pays at a higher rate than her previous position at Henry Ford. Unfortunately, beginning on January 12, 2016, Plaintiff's employment was changed from full-time to part-time as a result of company cutbacks.

While a plaintiff has a duty to mitigate damages by seeking suitable employment with reasonable diligence, the employer's liability for back pay is only tolled for a separation from subsequent employment when the "employee suffers a 'willful loss of earnings.'" *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir.1996)(quoting *N.L.R.B. v. Ryder System Inc.*, 983 F.2d 705, 712 (6th Cir.1993)). As discussed below, Plaintiff's efforts to find comparable or higher positions was sufficient to fulfill her duty to mitigate damages as any lost wages were not willful loss of earnings.

A court has the power to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Bouchard v. Am. Home Prods. Corp.,*

2

213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)). At the very least, evidence related to Plaintiff's lost wages is not clearly inadmissible, and the question of Plaintiff's mitigation should be left to the jury. For these reasons, Defendant's Motion must be denied.

## II. STATEMENT OF FACTS

Plaintiff, Natalie Reeser, was employed as a Laboratory Assistant at Defendant Henry Ford Health System ("Henry Ford"). (Attached as *Exhibit A*). When Henry Ford illegally fired Plaintiff on March 21, 2014, she was making $14.28 per hour. (Attached as *Exhibit B*). After leaving Henry Ford, Plaintiff began a diligent search for a new position near her home. As part of discovery, Plaintiff provided records of some applications and rejections she had received in her search for a new job. (Attached as *Exhibit C*, Reeser 1-26). These records demonstrate Plaintiff applied for positions both inside and outside of her professional field.

Three months after her termination, Plaintiff gained employment with Davis Smith at a pay rate of $14 per hour. (Attached as *Exhibit D*). Unfortunately, Plaintiff worked fewer hours while employed with Davis Smith. (Id.)

On August 14, 2014, Plaintiff began work with Quest Diagnostics ("Quest") as a Phlebotomy Services Representative. (Reeser Dep. P. 13-14) While employed at Quest, Plaintiff made approximately $15 per hour. *Id.* On or around December 31, 2014, Plaintiff was no longer able to afford to remain in her residence due to cost.

3

*Id.* 17-19. As a result, Plaintiff moved to Harrison, Michigan, which is closer to her family and offers cheaper housing options.

Plaintiff immediately attempted to find work as a phlebotomist. She applied at "MidMichigan Medical Centers, McLaren Health, Gladwin Hospital. A whole bunch of different places." *Id.* at 21. Unfortunately, she was only able to find a position as a part-time home health aide with Leelin Home Health Care ("Leelin"). *Id.* at 12. She began working for Leelin on or around January 28, 2015. *Id.* While employed at Leelin, Plaintiff made $9 per hour and worked approximately 9-18 hours per week. *Id.* While employed with Leelin, Plaintiff continued to search for higher paying positions.

In July 2015, Plaintiff began working for Quest again, earning $17.29 per hour and working full time. Unfortunately, on January 12, 2016, Plaintiff's was moved from full-time to part-time through no fault of her own. (Attached as *Exhibit E*). Plaintiff is currently employed by Quest and continues to search for higher paying work.

### III. ARGUMENT

Federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials. See *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c)). However, the Court has the power to exclude evidence in limine "only when evidence is clearly inadmissible on all

4

potential grounds." *Bouchard v. Am. Home Prods. Corp.,* 213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing *Luce* at 41 n. 4). Unless the evidence meets this high standard, "rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

"A backpay award should make the claimant whole, that is, to place him in the position he would have been in but for [Defendant's action]." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 626 (6th Cir. 1983). "**In the absence of exceptional circumstances, backpay should always be awarded** . . ." *Id.* (discussing backpay in relation to a Title VII claim).

A Plaintiff has a duty to mitigate damages. See *Id.* at 623. However, "[a] claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence." *Id.* at 624. "The claimant's burden is not onerous, and does not require him to be successful in mitigation." *Id.* "The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market." *Id.* The fact that Plaintiff sought work elsewhere after obtaining a job at Quest does not prevent Plaintiff from demonstrating reasonable diligence where she continued to search for substantially equivalent work in another location. See *Id.* (citing *Stone v. D.A. & S. Oil Well Servicing, Inc.*, 624 F.2d 142, 144 (10th

5

Cir.1980)). Plaintiff was forced to move north due to changed circumstances in her life that made it impossible to remain in the geographic area of her position at Quest. This move did not prevent Plaintiff from immediately looking for equivalent work, finding a new position within a month, and finding a substantially equivalent position within a short time frame.

While a plaintiff has a duty to mitigate damages by seeking suitable employment with reasonable diligence, the employer's liability for back pay is only tolled for a separation from subsequent employment when the "employee suffers a 'willful loss of earnings.'" *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir.1996)(quoting *N.L.R.B. v. Ryder System Inc.*, 983 F.2d 705, 712 (6th Cir.1993)). A subsequent loss of earnings will toll the Defendant's back pay liability only when the employee's loss of earnings is the result of gross misconduct or a willful violation of the new employer's work rules. *Id.* at 1169. There is no indication here that Plaintiff engaged in gross misconduct or a willful violation of work rules.

Defendant cites *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992), for the proposition that a plaintiff may not be entitled to backpay if she quit her position at Quest due to personal reasons. However, it is important to note that the Eighth Circuit drew a distinction between quitting a position due to "personal reasons", such as "health and the need to spend time with" family, and "non-personal" reasons, which would include a situation where a Plaintiff "**need[ed] to**

6

**search for better-paying employment**" or as a result of "unreasonable working conditions". *Id.* at 670 (emphasis added). In the latter situation, it is proper for a court to decline to toll the back pay award during the period between the Plaintiff's decision to leave a job and their next full-time permanent position. *Id.* at 671.

Here, Plaintiff's move was motivated by a need to search for better-paying employment, as she could not afford to remain in her residence. Although Plaintiff acknowledges that the end of her relationship was the event that caused her to move and seek new employment, she has testified that the reason the end of the relationship caused her to move was because "I couldn't find a new place to live . . . He paid half the bills." (Reeser Dep., p. 18). Plaintiff has also testified that **she attempted to remain in a location near her job, but ran out of money**. *Id.* at 20 ("I paid two months' rent by myself and I couldn't afford December's – or January's rent anymore"). When she decided to move to cut costs and seek higher wages, she applied at "MidMichigan Medical Centers, McLaren Health, Gladwin Hospital. A whole bunch of different places." *Id.* at 21.

Clearly, Plaintiff made a diligent effort to remain at Quest, but needed to move to seek cheaper housing and better paying employment. Plaintiff's decision to leave Quest was not for a "personal reason", such as problems with health or a desire to spend time with children, it was a necessary business decision.

7

Defendant's reliance on *Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279, 1288 (M.D. Fl. 2001) is flawed as the facts of that case are a stark contract to the facts in this case. As Defendant acknowledges in its' Motion, the court in *Reiner* only found that the plaintiff in the case did not exercise reasonable diligence where "she voluntarily left two subsequent positions, and was terminated from a third for absenteeism and sub-standard performance." Defendant's Motion, p. 6.

Here, Plaintiff has continually searched for better opportunities, increasing her hourly rate when she left Davis Smith for Quest and when she left Leelin for Quest. Plaintiff has not been terminated since her wrongful termination from Henry Ford. There is no evidence Plaintiff has had issues related to absenteeism or sub-standard performance. If the plaintiff in Reiner was a model of failing to exercise reasonable diligence, Plaintiff is a model of the exercise of reasonable diligence in attempting to find a new position in difficult financial circumstances.

## IV. CONCLUSION

Based on the above arguments, the Court should deny Defendant's motion and Order that Plaintiff be allowed to introduce evidence pertaining to lost wages at trial.

                                          Respectfully submitted,

                                          **MILLER COHEN, P.L.C.**

                                          By: /s/ Adam C. Graham
                                                  Adam C. Graham (P79361)
                                                  *Attorneys for Plaintiff*
                                                  600 W. Lafayette Blvd., 4th Floor
                                                  Detroit, Michigan 48226
Dated: March 24, 2016                (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

I hereby certify that on *March 24, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

        Respectfully submitted,

        **MILLER COHEN, P.L.C.**

    By: /s/ Adam C. Graham
        Adam C. Graham (P79361)
        *Attorneys for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, Michigan 48226
        (313) 964-4454