# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

v

HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

### PLAINTIFF'S THIRD SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys MILLER COHEN, P.L.C., with these supplemental answers to Defendant's First Set of Interrogatories to Plaintiff.

### GENERAL OBJECTIONS

Plaintiff, whether or not the objections are separately and specifically set forth in the response to each Interrogatory and Request, makes the following general objections to each of the Interrogatories and Requests.

1.    Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they purport to impose a burden of ascertaining information that is not available to Plaintiff or within her possession or control, or is equally and/or already available to Defendant.

1

2. Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they call for the discovery of information subject to a claim of privilege or immunity, including, without limitation, the attorney-client or work-product privilege.

3. Plaintiff generally objects to each Definition, Instruction, and Interrogatory to the extent that they purport to impose on Plaintiff requirements beyond those authorized by the Federal Court Rules.

4. Plaintiff generally objects to each Definition, Instruction, and Request to the extent that they purport to impose a burden of ascertaining information that is not available to Plaintiff or within her possession, custody or control.

5. Plaintiff generally objects to each Definition, Instruction, and Request because Defendant is seeking documents that are not specifically described, where the request is vague and ambiguous.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

For any individuals, including doctors, psychologists, social workers, medical personnel, or other care givers, who have examined or treated you for any illness, injury, or condition you allege in the Complaint that you suffered as a result of the alleged conduct of the Defendant, please:

    a. State the name and address and specialty, if any, of the individual(s) who examined or treated you;

    b. State the specific illness or condition that was treated; and

    c. State the dates and type of examination and/or treatment.

For each and every medical practitioner, psychologist, counselor, social worker, or care giver listed above, please complete, sign, and return with your answers to these Interrogatories an Authorization for the Release and Disclosure of Medical Records and Protected Health

Information and an Authorization for the Release and Disclosure of Psychotherapy Notes. (Attached hereto are Authorizations for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

### ANSWER TO INTERROGATORY NO. 1

Objection. Defendant's Interrogatory calls for Plaintiff to divulge sensitive information that is not likely to be relevant. Plaintiff has provided Defendant with a proposed protective order, but has not received a response as of the date of Plaintiff's Response. Plaintiff will supplement this response and provide Defendant with the information requested, but only after a protective order has been entered by the court.

### SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1 PREVIOUSLY PROVIDED

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

    a.    Dr. Reza Kahnamouei
           43301 Commons Dr.
           Clinton Township, MI 48048
           (586) 745-3006

    b.    anxiety, major depression, and post-traumatic stress disorder

    c.    I cannot recall exact dates, but I was told by my primary care physician that I suffered from the above. He took me off work for five days and provided the following prescription medication: Paxil and Xanax. I was referred to a psychiatrist, but I have lost my medical insurance and cannot afford to seek further treatment.

### SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

1.    a.    Dr. Marilyn Louis
                  Main Street Family Practice
                  117 South Burgess
                  West Branch, MI 48661
                  (989) 343-1367

      b.      general practitioner – prescribes medication for anxiety and major depression

      c.      I cannot recall exact dates, but I was told by my primary care physician that I suffered from the above.

2.      a.      Kriss Goodroe
Ministry Director and Licensed Professional Counselor
trueNorth
2945 Hansen Rd.
West Branch, MI 48661
929-27-4HOPE

      b.      anxiety and major depression

      c.      Every Thursday, beginning in or around September 2016

## INTERROGATORY NO. 4

With the exception of your employment with Defendant, identify each and every employment you have had from 2009 to the present, and for each employment identify:

      a.      The name and address of the employer;

      b.      The dates of employment; and

      c.      Whether you are presently employed and, if not, the reason.

For each and every employer listed above, please complete, sign, and return with your answers to these interrogatories an Authorization for the Release and Disclosure of Employment Records. (Attached hereto is an Authorization for your use. If additional Authorizations are needed, you may make copies of the form for your use.)

## ANSWER TO INTERROGATORY NO. 4

Objection. Defendant's Interrogatory is not calculated to lead to relevant information, is overly broad, and unduly burdensome. Plaintiff further puts Defendant on notice that if Defendant unilaterally contacts any subsequent employer or prospective employer and puts them on notice of this action without seeking the information through less intrusive means, Plaintiff believes such an act as a retaliatory act and will seek recourse for such retaliatory act. Plaintiff reserves

4

the right to supplement this answer in accordance with subsequently discovered or developed information. In the spirit of discovery, subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff answers as follows:

These documents were lost in a flood. I worked at Right at Home in Sterling Heights, but I do not possess records or recall the dates anymore. I left employment there to start work at Henry Ford. Currently, I work at Davis Smith Inc. My start date was June 11, 2014. Please see attached documents.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4 PREVIOUSLY PROVIDED**

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

After Plaintiff lost her home, she was forced to leave Davis Smith Inc. and relocate on December 31, 2014. She has recently accepted employment with Leelin Home Health Care on January 15, 2015 located at 352 E Houghton Ave., West Branch, MI 48661.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4**

Subject to the foregoing General Objections, Plaintiff reserves the right to supplement and answers as follows:

Plaintiff worked at Quest Diagnostics at their East China, MI location between August 14, 2014 and December 31, 2014.

Plaintiff once again worked for Quest Diagnostics from in or around July 2015 to present at Anchor Bay Medical in Anchor Bay, Michigan and the Mio-Alger location in Mio, Michigan and Alger, Michigan. However, on January 11, 2016, Plaintiff began working part-time due to position restructuring at Prudenville, Michigan.

5

                                        Respectfully submitted,

                                        **MILLER COHEN, P.L.C.**

                                        By: _____
                                             Adam C. Graham (P79361)
                                             *Attorneys for Plaintiff*
                                             600 W. Lafayette Blvd., 4th Floor
                                             Detroit, MI  48226-0840

Dated: January 20, 2016                     (313) 964-4454

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER,**

    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL,**

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>39500 High Pointe Blvd., Ste. 350<br>Novi, MI 48375<br>(248) 567-7828 |

## **PROOF OF SERVICE**

MICHELLE COIL PLESKY, an employee of MILLER COHEN, P.L.C., says that on *January 20, 2016*, she served *Plaintiff's Third Supplemental Answers to Defendant's First Interrogatories to Plaintiff*, along with this *Proof of Service*, upon **Attorney Terrance Miglio of Varnum LLP, 39500 High Pointe Blvd., Ste. 350, Novi, Michigan 48375** via *U.S. First-Class Mail* by enclosing the same in a sealed envelope with postage fully prepaid, and by depositing the same in the United States Postal Receptacle in Detroit, Michigan, and via electronic mail to tjmiglio@varnumlaw.com.

                                                                       MICHELLE COIL PLESKY

Subscribed and sworn to before me on
this 20th day of January 2016

_____
Diane Boxie, Notary Public
Wayne County, MI
My Commission Expires: 09/15/2020

1

## VERIFICATION

I, Natalie Reeser, have reviewed the attached information, and have provided the answers to the best of my ability. These answers were prepared on the advice of counsel. The answers are the best I could provide as of the date I signed below. I reserve the right to make any changes if additional information becomes apparent, or if the answers provided could be more complete or accurate. These answers are true and accurate to the best of my ability.

_____    1-21-16
Reeser                                             Date



## AUTHORIZATION FOR THE RELEASE AND DISCLOSURE OF EMPLOYMENT RECORDS

TO: Quest Diagnostics

I, Natalie K. Reeser, d/o/b December 31, 1980 SS # 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, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all information which may be requested including, but not limited to:

1. Employment records, earnings and payroll records, W-2 forms, employment applications, personnel file(s), departmental file(s), performance evaluations, medical file(s), physician and physical exam records, correspondence, accident reports, workers' compensation and/or unemployment claims, insurance records, financial/retirement account records, benefits records, time cards or attendance sheets; and

2. Any other records in your possession or control.

A photocopy of this authorization shall be acceptable as the original.

I understand that these records are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that I may revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this Authorization, I must submit a written revocation to the above-named entity.

This Authorization will expire six (6) months from the date it is signed.

Signed: _Natalie Reeser_      Dated: 1-19-16
Natalie K. Reeser

AUTHORIZATION FOR THE RELEASE AND DISCLOSURE
OF MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION

To: Marilyn Louis @ Main Street Family Pratice

  I, Natalie K. Reeser, d/o/b December 31, 1980 SS # 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, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all protected health information, medical records and documents reflecting my past and present physical and mental health condition and treatment, including but not limited to:

1. Health records, treatment records, diagnostic records, pre-employment physical examination screenings; pre-employment drug testing, post-employment physical examination screenings, post-employment drug testing, physician and physical exam records, occupational health records, patient charts, in-take forms, examination forms, clinical/therapy notes, progress notes, assessments, evaluations, diagnosis reports, prescriptions, memoranda, pathology reports, laboratory test reports, operative reports, radiology reports, radiologic and MR scans, x-rays, x-ray reports, discharge summaries, emergency care reports, history and physical examination reports, diagnostic imaging reports, consultation reports, outpatient clinic records, correspondence, communications to and from other health care providers, correspondence to and from attorneys, subpoenas, billing records, appointment notices, insurance records and telephone messages;

2. Records reflecting behavioral or mental health diagnosis, tests, treatment and counseling, including psychiatric, psychological and social services records, and communications made to a social worker; information pertaining to counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, medication prescription and monitoring, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date. (Note: this Authorization does NOT authorize the release of psychotherapy notes as defined by 45 CFR §164.501, the release of which is authorized by a separate Authorization);

3. Records pertaining to drug and alcohol abuse diagnosis and treatment;

4. Records regarding treatment for human immunodeficiency virus (HIV), acquired immunodeficiency syndrome (AIDS), AIDS related complex (ARC), sexually transmitted diseases and communicable diseases;

5. Records regarding accident reports, workers' compensation claims, and insurance records; and,

6. Any other records in your possession, custody or control.

I understand that these medical records and protected health information are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these medical records and protected health information are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be

protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization. I understand that I may inspect or copy the medical records and protected health information which have been released and disclosed.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to the above-named entity.

This authorization will expire six (6) months from the date it is signed.

Signed: _____  Date: 1-19-16
Natalie K. Reeser

AUTHORIZATION FOR THE RELEASE
AND DISCLOSURE OF PSYCHOTHERAPY NOTES

To: Kriss Goodroe

I, Natalie K. Reeser, d/o/b December 31, 1980 SS # 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, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all documents and records that constitute psychotherapy notes reflecting my past and present mental health condition and treatment, including but not limited to:

Notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session, intake forms, patient history forms, including a psychiatrist's, psychologist's, social worker's, therapist's, counselor's or any other mental health professional's personal working notes and/or process notes that are separated from the rest of the identifiable medical record and/or protected health information.

I understand that these psychotherapy notes are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these psychotherapy notes are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to above-named entity.

This authorization will expire six (6) months from the date it is signed.

Signed: _____     Date: 1-19-16
Natalie K. Reeser

## AUTHORIZATION FOR THE RELEASE
## AND DISCLOSURE OF PSYCHOTHERAPY NOTES

To:

      I, Natalie K. Reeser, d/o/b December 31, 1980 SS # 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, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all documents and records that constitute psychotherapy notes reflecting my past and present mental health condition and treatment, including but not limited to:

      Notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session, intake forms, patient history forms, including a psychiatrist's, psychologist's, social worker's, therapist's, counselor's or any other mental health professional's personal working notes and/or process notes that are separated from the rest of the identifiable medical record and/or protected health information.

I understand that these psychotherapy notes are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these psychotherapy notes are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to above-named entity.

This authorization will expire six (6) months from the date it is signed.

Signed: _____      Date: 1-18-16
       Natalie K. Reeser

AUTHORIZATION FOR THE RELEASE AND DISCLOSURE
OF MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION

To: Kriss Goodroe

    I, Natalie K. Reeser, d/o/b December 31, 1980 SS # 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, authorize the above-named entity to release and disclose to Varnum LLP, 39500 High Pointe Blvd., Suite 350, Novi, Michigan 48375, and Michigan Legal Copy, 4121 Okemos Road, Suite 12, Okemos, Michigan 48864, any and all protected health information, medical records and documents reflecting my past and present physical and mental health condition and treatment, including but not limited to:

1. Health records, treatment records, diagnostic records, pre-employment physical examination screenings; pre-employment drug testing, post-employment physical examination screenings, post-employment drug testing, physician and physical exam records, occupational health records, patient charts, in-take forms, examination forms, clinical/therapy notes, progress notes, assessments, evaluations, diagnosis reports, prescriptions, memoranda, pathology reports, laboratory test reports, operative reports, radiology reports, radiologic and MR scans, x-rays, x-ray reports, discharge summaries, emergency care reports, history and physical examination reports, diagnostic imaging reports, consultation reports, outpatient clinic records, correspondence, communications to and from other health care providers, correspondence to and from attorneys, subpoenas, billing records, appointment notices, insurance records and telephone messages;

2. Records reflecting behavioral or mental health diagnosis, tests, treatment and counseling, including psychiatric, psychological and social services records, and communications made to a social worker; information pertaining to counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, medication prescription and monitoring, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date. (Note: this Authorization does NOT authorize the release of psychotherapy notes as defined by 45 CFR §164.501, the release of which is authorized by a separate Authorization);

3. Records pertaining to drug and alcohol abuse diagnosis and treatment;

4. Records regarding treatment for human immunodeficiency virus (HIV), acquired immunodeficiency syndrome (AIDS), AIDS related complex (ARC), sexually transmitted diseases and communicable diseases;

5. Records regarding accident reports, workers' compensation claims, and insurance records; and,

6. Any other records in your possession, custody or control.

I understand that these medical records and protected health information are being released and disclosed for use in a legal action or other proceeding in which I am involved.

I understand that once these medical records and protected health information are released and disclosed pursuant to this Authorization, they may be subject to redisclosure by the recipient(s) and no longer be

protected by law.

I understand that signing this Authorization is voluntary and that I may refuse to sign this Authorization. I understand that I may inspect or copy the medical records and protected health information which have been released and disclosed.

I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned upon my signing this Authorization, unless a legal exception applies.

A photocopy of this authorization shall be acceptable as the original.

I understand that I have the right to revoke this Authorization at any time, in writing, except to the extent that action has been taken in reliance upon it. To revoke this authorization, I must submit a written revocation to the above-named entity.

This authorization will expire six (6) months from the date it is signed.

Signed: _____  Date: 1-19-16
Natalie K. Reeser