**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

            Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

            Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI  48375 |
| Detroit, MI  48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO STRIKE PLAINTIFF'S CLAIM FOR**
**PUNITIVE DAMAGES OR IN THE ALTERNATIVE, IN LIMINE**
**TO EXCLUDE ANY EVIDENCE RELATING TO PUNITIVE DAMAGES**

**ORAL ARGUMENT REQUESTED**

1

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ................................................................................ ii

**STATEMENT OF ISSUES PRESENTED** ............................................................ iii

    **I.    INTRODUCTION** ..................................................................................... 1

    **II.   STATEMENT OF FACTS** ..................................................................... 2

    **III.  ARGUMENT** ........................................................................................... 4

    **IV.  CONCLUSION** ..................................................................................... 11

# **INDEX OF AUTHORITIES**

Cases                                                                                                                                 Page

*Bell v. Hood*, 327 U.S. 678, 684 (1946)..................................................................................9

*Bouchard v. Am. Home Prods. Corp.*,
   213 F.Supp.2d 802, 810 (N.D. Ohio 2002) .........................................................4

*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 66 (1992)......................9

*Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) .......4

*Harris v. Richards Mfg. Co.*, 675 F.2d 811, 814 (6th Cir. 1982) ..............................6

*Hill v. Herbert Roofing & Insulation, Inc.*,
   No. 13-CV-11228, 2014 WL 234217, at *2
   (E.D. Mich. Jan. 22, 2014).................................................................1, 5, 9, 11

*Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984).....................................................4

*Marrow v. Allstate Sec. & Investigative Servs., Inc.*,
   167 F. Supp. 2d 838, 842 (E.D. Pa. 2001)............................................................8

*Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 80 (1960) .......................8

*Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004) ........................................5, 10

*Moore v. Sun Oil Co. of Pennsylvania*, 636 F.2d 154, 157 (6th Cir. 1980) ..............6

*Sines v. Serv. Corp. Int'l*,
   No. 03 CIV. 5465 (SC),
   2006 WL 3247663, at *1-3 (S.D.N.Y. Nov. 8, 2006) ......................................8, 9

*Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000) ......................7, 8

*Southerland v. Corp. Transit of Am.*,
   No. 13-14462, 2014 WL 4906891, at *8
   (E.D. Mich. Sept. 30, 2014)...........................................................1, 5, 9, 10, 11

*Travis v. Gary Cmty. Mental Health Ctr., Inc.*,
   921 F.2d 108, 111-12 (7th Cir. 1990)..............................................5, 6, 8, 9, 10

Rules

29 U.S.C. § 216..............................................................................................................5

29 U.S.C. § 215(a)(3)............................................................................................6, 8, 10

29 U.S.C. § 216(b) .................................................................................................6, 7, 8

Fed. R. Evid. 103(c)......................................................................................................4

## STATEMENT OF ISSUES PRESENTED

1. Whether Defendant's Motion to Strike Plaintiff's Claim for Punitive Damages or in the Alternative, In Limine to Exclude Any Evidence Relating to Punitive Damages should be denied, where the clear reading of the Fair Labor Standards Act, the Seventh Circuit, and courts in the Eastern District of Michigan support allowing Plaintiff to recover punitive damages?

   Plaintiff answers "yes"

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR
PUNITIVE DAMAGES OR IN THE ALTERNATIVE, IN LIMINE
TO EXCLUDE ANY EVIDENCE RELATING TO PUNITIVE DAMAGES**

NOW COMES Plaintiff, NATALIE REESER, by and through her attorneys, MILLER COHEN, P.L.C., and with their Response to Defendant's Motion to Strike, and states as follows:

### I. INTRODUCTION

Plaintiff does not dispute that she seeks punitive damages pursuant to her retaliation claim under the Fair Labor Standards Act ("FLSA") as a result of Defendant's agents' abhorrent, willful misconduct in choosing to retaliate against Plaintiff for exercising her rights under the FLSA. Defendant suggests that Plaintiff has no right to request punitive damages, because "there is no authority in the Sixth Circuit supporting an award of punitive damages, and the plain language of the Act does not allow for punitive damages." *Def.'s Motion to Strike*, p. 1. However, the only cases in the Sixth Circuit to deal with this issue, recent cases from the Eastern District of Michigan, support Plaintiff's ability to request punitive damages. See *Hill v. Herbert Roofing & Insulation, Inc.*, No. 13-CV-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (Attached as *Exhibit A*); *Southerland v. Corp. Transit of Am.*, No. 13-14462, 2014 WL 4906891, at *8 (E.D. Mich. Sept. 30, 2014) (Attached as *Exhibit B*). As discussed below, the language of the FLSA's anti-retaliation

1

provision also clearly supports punitive damages. Defendant's Motion is therefore without merit.

## II. STATEMENT OF FACTS

Plaintiff, Natalie Reeser, was employed as a Laboratory Assistant at Defendant Henry Ford Health System ("Henry Ford"). (Attached as *Exhibit C*). Defendant had an unpaid mandatory 30 minute lunch policy while Plaintiff was employed at Henry Ford. (Attached as *Exhibit D*). Despite this policy, Plaintiff's repeated requests to take a 30 minute lunch were denied and she was repeatedly denied compensation for being forced to work through lunch. (Reeser Dep. 92, 94, 115) From 2012 to 2014, Plaintiff was not paid for 376 lunches to which she was entitled. (Attached as *Exhibit E*).

In early January 2014, after learning from a doctor in the facility that this practice was illegal, Ms. Reeser contacted the State. (Reeser Dep. 110, 202-03, 291) On January 14, 2014, Plaintiff contacted Human Resources (HR) Senior Business Partner Jill Hood to request a meeting concerning this issue, among others. (Attached as *Exhibit F*). On January 20, 2014, Plaintiff informed Hood that she had not been allowed to take 30 minute lunch breaks away from her office for years. (Attached as *Exhibit G*). Plaintiff indicated she "recently learned . . . The Fair Labor Standards Act (FLSA) states that hourly employees, who are required to work more than 40 hours in a work week, are to be compensated for those hours under a term called,

2

'engaged to work.'" *Id.* Plaintiff requested "[HR] . . . intercede, and allow employees . . . a scheduled/advertised 30-minute closure of the lab each day for a meal break." *Id.* Plaintiff explained that Bork said she would be "terminated" if she reported this issue. (Hood Dep. 134)

After Plaintiff's report, Hood, Bork, and John Waugh, Vice President of Laboratory Systems, began to demean and disparage Plaintiff in emails sent between the employees, describing Plaintiff as out of line and insubordinate. (Attached as *Exhibit H* and *Exhibit I*) Even after Hood instructed Bork to pay Reeser for lunches she worked in the future, Bork still refused to pay Reeser. (Attached as *Exhibit J*). Bork later apologized to Hood, worried that her refusal to pay Plaintiff may have "screwed . . . up" the Defendant's defense to Plaintiff's allegations. (Id.).

In late January or early February 2014, Bork called Plaintiff in the evening and "told [her] off", stating "[you'll] be sorry" for reporting unpaid lunches to the State of Michigan. (Reeser Dep. 158-59) On the morning of February 25, Plaintiff received a phone call from Bork. (Reeser Dep. 260) Bork said "How dare you go to the State about me" and told her that she would "be sorry." (*Id.* at 260-63, 267)

That day, at 1:12 PM, Plaintiff emailed a note to Bork and others stating she was taking a lunch. (Attached as *Exhibit K*). Plaintiff then picked up her coat and purse and prepared to leave for lunch. (Reeser Dep. 265) Plaintiff posted a sign on the front door of the office indicating she would return in 30 minutes and left the

office. *Id.* After Plaintiff returned, she was suspended pending an investigation and escorted off the premises by security without being allowed to take with her all of her personal belongings. (Attached as *Exhibit L*).

Plaintiff completed her FLSA complaint and mailed it to the Michigan Department of Licensing and Regulatory Affairs (LARA) on February 25, 2014. (Reeser Dep. 272) Hood was informed of Plaintiff's intent to file with LARA on February 18, 2014. (*Id.* at 204-07) LARA received the complaint on February 27, 2014. (*Id.* at 272-73) Plaintiff was informed that she was being terminated on March 7. (Attached as *Exhibit M*). Ms. Reeser was not paid for the lunches that she was forced to work until immediately before her termination. (Attached as *Exhibit N*).

## III. ARGUMENT

Federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials. See *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c)). However, the Court has the power to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Bouchard v. Am. Home Prods. Corp.,* 213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing *Luce* at 41 n. 4). Unless the evidence meets this high standard, "rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

4

Section 216(b) of the FLSA states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. **Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.**

29 U.S.C. § 216 (emphasis added).

The circuit courts are divided on the question of whether the statute permits punitive damages and the Sixth Circuit has not ruled on this issue. *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004). However, the Seventh Circuit has concluded and the Courts of the Eastern District of Michigan have suggested that a Plaintiff may seek punitive damages under the anti-retaliation provision of the FLSA. *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990); See *Hill v. Herbert Roofing & Insulation, Inc.*, No. 13-CV-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) and *Southerland v. Corp. Transit of Am.*, No. 13-14462, 2014 WL 4906891, at *8 (E.D. Mich. Sept. 30, 2014).

In *Travis*, the Seventh Circuit analyzed the history of the FLSA and found that originally, "[a]s enacted in 1938, the FLSA established as remedies the statutory wages and overtime compensation plus 'an additional equal amount as liquidated

5

damages' plus attorneys' fees. 29 U.S.C. § 216(b). Compensatory and punitive damages were unavailable." *Travis* at 111. However,

> Congress amended the remedial section by adding this language: "Any employer who violates the provisions of section 15(a)(3) of this Act [29 U.S.C. § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3), including without limitation employment, reinstatement or promotion and the payment of wages lost and an additional equal amount as liquidated damages." Pub.L. 95-151, 91 Stat. 1252 (1977).

*Id.* This amendment "authorizes 'legal' relief, a term commonly understood to include compensatory and punitive damages." *Id.*; See also *Moore v. Sun Oil Co. of Pennsylvania*, 636 F.2d 154, 157 (6th Cir. 1980) (discussing legal relief as including both compensatory and punitive damages); *Harris v. Richards Mfg. Co.*, 675 F.2d 811, 814 (6th Cir. 1982) (stating that "legal relief" under Section 1981 includes "compensatory and punitive damages.")

The language of this amendment "originated in the Senate", although the committee report does not discuss it. *Id.* at 112. "The Conference Committee adopted the Senate's proposal, remarking that the bill authorizes suits 'for appropriate legal or equitable relief' without describing what relief might be 'appropriate'. H.R.Conf.Rep. No. 95-497, 95th Cong., 1st Sess. 16 (1977)." *Id.*

"Because the original text [of the FLSA] prescribed as a remedy double the shortfall of wages, and the [1977] amendment says that damages include this "without limitation", Congress has authorized other measures of relief. Which other

6

forms? The answer has been left to the courts." *Id.* at 111. The Seventh Circuit found that "[a]ppropriate legal relief includes damages." *Id.* While "Congress could [have] limit[ed] these damages . . . the 1977 amendment does away with the old limitations without establishing new ones. Compensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge." *Id.*

Defendant barely touches upon *Travis* which it relegates to a footnote and states that the Seventh Circuit's analysis of the Fair Labor Standards Act in *Travis* is not persuasive because the court's legal analysis is "limited". *Def.'s Motion to Strike*, p. 4. However, Defendant does not explain in what way the analysis in limited.

Defendant argues that *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000), which found that a Plaintiff is not entitled to punitive damages under the anti-retaliation provision of the FLSA offers a better analysis of the statute. In *Snapp*, the Eleventh Circuit found that the "purpose of section 216(b) is compensation" and therefore Congress could not have intended to include punitive damages as available relief in this section. *Id.* at 934.

In *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 842 (E.D. Pa. 2001), the court analyzed *Snapp*'s reasoning and found it contrary to one of the central objectives of the FLSA. The court noted that the Supreme Court, in *Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 80 (1960), stated "§

7

215(a)(3) furthers the overall purposes of the FLSA by ensuring that employees feel secure in reporting violations of labor standards." *Id.* (citing *Mitchell*) This is accomplished by "deterring employers from retaliating against such employees. Deterrence, of course, is the special talent of punitive damages." *Id.* The court then stated "it therefore stands to reason that the second sentence of § 216(b) would 'effectuate the purposes of section 215(a)(3)' by encompassing punitive damages." *Marrow* at 843 (A full analysis of *Snapp*'s faulty reasoning is provided in *Marrow* at 843-844).

In *Sines v. Serv. Corp. Int'l*, No. 03 CIV. 5465 (SC), 2006 WL 3247663, at *1-3 (S.D.N.Y. Nov. 8, 2006) (Attached as *Exhibit O*), in finding that punitive damages are available under the FLSA, the court stated that *Snapp*'s perceived compensatory purpose of § 216(b) of the FLSA was "patently not based upon anything that can be characterized as an express indication by Congress that punitive damages are not available." *Id.* at *3. On the other hand, in *Travis*, the Seventh Circuit, undertook a substantive review of the language and history of the 1977 amendment to the FLSA before concluding punitive damages were available under the FLSA. *Id.* at *2.

As the court in *Sines* noted, the *Travis* interpretation of the FLSA "comports with Supreme Court precedent" *Id.* "In *Franklin v. Gwinnett County Public Schools*, the Court reaffirmed the deep-rooted principle that '[w]here legal rights have been

8

invaded, and a federal statute provides a general right to sue, federal courts may use any available remedy to make good the wrong done.'" *Id.* (quoting *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 66 (1992)(quoting *Bell v. Hood*, 327 U.S. 678, 684 (1946)). "This principle creates a presumption whereby courts must 'presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise.'" *Id.* This principle is clearly supported through *Travis'* interpretation of the FLSA.

Although the Sixth Circuit has not ruled on this issue, contrary to Defendant's assertion, the courts in the Eastern District of Michigan have provided guidance on this issue and have implied that punitive damages are available under the FLSA's anti-retaliation provision. *Hill* at *2; *Southerland* at *8. In *Hill*, a FLSA retaliation case, the Defendant argued "Plaintiff's claim for punitive damages is not available under the circumstances of this case." *Hill* at *2. Although the court acknowledged that "the Sixth Circuit [has] not decide[d] whether punitive damages are available under the FLSA", the court concluded "**[t]he availability of punitive damages under the FLSA will therefore be an issue of first impression, and therefore, at this point, punitive damages may be recoverable**." *Id.* (emphasis added).

In *Southerland*, in finding that punitive damages were not available under the FLSA's minimum wage and overtime provisions, the court noted that "it is clear that such damages could only be recovered under the FLSA's anti-retaliation provision."

9

*Southerland* at *8. The court also stated "[b]roader remedies "are only available for violations of the FLSA's anti-retaliation provision: 'such legal or equitable relief as may be appropriate to effectuate section 215(a)(3) [*sc.* the anti-retaliation provision].'" *Id.* (citing *Moore* at 564). The court then went on to cite *Travis* for its' holding that "punitive damages [are] available under FLSA, but only for retaliation claims, based on language of § 216(b))." *Id.*

Defendant argues there is no authority in the Sixth Circuit that would allow Plaintiff to seek punitive damages pursuant to the FLSA. However, **the only authority** in the Sixth Circuit and the Eastern District of Michigan that has analyzed this issue has strongly suggested, if not concluded, that punitive damages are available under the anti-retaliation provision of the FLSA.

*Travis* makes clear that Congress' amendment of the FLSA added the ability to seek punitive damages under the anti-retaliation provision. In *Hill,* the Court found that because this was an issue of first impression in the Sixth Circuit, punitive damages may be recoverable. *Hill* at *2. In *Southerland*, the Court cited Travis and stated "[b]roader remedies "are ... available for violations of the FLSA's anti-retaliation provision". *Southerland* at *8.

Based on the language of the FLSA after Congress' amendment of the Act, the statutory analysis and holding in *Travis*, and the rulings in the only cases to analyze this issue in the Eastern District of Michigan, Plaintiff has the statutory right

10

to seek punitive damages under the anti-retaliation provision of the FLSA. Therefore, all evidence related to Plaintiff's request for punitive damages is highly relevant and should be admitted. Defendant's Motion must be denied.

## IV. <u>CONCLUSION</u>

Based on the above arguments, the Court should deny Defendant's motion and Order that Plaintiff be allowed to introduce evidence pertaining to punitive damages at trial.

                                           Respectfully submitted,

                                           **MILLER COHEN, P.L.C.**

                                           By: <u>/s/ Adam C. Graham</u>
                                                  Adam C. Graham (P79361)
                                                  *Attorneys for Plaintiff*
                                                  600 W. Lafayette Blvd., 4th Floor
                                                  Detroit, Michigan 48226
Dated: March 24, 2016                   (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

      I hereby certify that on *March 24, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

      Respectfully submitted,

      **MILLER COHEN, P.L.C.**

      By: /s/ Adam C. Graham
           Adam C. Graham (P79361)
           *Attorneys for Plaintiff*
           600 W. Lafayette Blvd., 4th Floor
           Detroit, Michigan 48226
           (313) 964-4454