# EXHIBIT A

2013 WL 7045570
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Northern Division.

Timothy HILL, Plaintiff,
v.
HERBERT ROOFING & INSULATION, INC., Defendant.

No. 13–11228.
|
Dec. 10, 2013.

**Attorneys and Law Firms**

Charles Gottlieb, Gottlieb & Goren, Bingham Farms, MI, for Plaintiff.

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES* (Doc. 14)

CHARLES E. BINDER, United States Magistrate Judge.

**I. *RECOMMENDATION***

*1 IT IS RECOMMENDED that Plaintiff's Motion to Strike Affirmative Defenses be **DENIED** as untimely.

Alternatively, should the court exercise its discretion to excuse the untimeliness and entertain the merits of the motion, I suggest that affirmative defenses 8, 15, and 30 be stricken.

**II. *REPORT***

**A. Background**
By order of U.S. District Judge Thomas L. Ludington, the above referenced motion was referred to the undersigned magistrate judge on November 1, 2013.[1] Defendant responded to the motion on October 31, 2013, (Doc. 19) and oral argument was held on December 3, 2013. (Doc. 22.)

The instant lawsuit involves claims alleging: (1) failure to pay hourly wages and overtime compensation, including failure to pay compensation not less than one and one-half times the regular rate for a work week in excess of forty hours, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* (2) violation of the Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381, *et seq.;* and (3) violation of the Bullard–Plawecki Right to Know Act, Mich. Comp. Laws § 423.501, *et seq.* Plaintiff's complaint concludes with a request for monetary damages, taxable costs, legal interest, and reasonable attorney fees "and that defendant be barred from using personnel record information not included in plaintiff's personnel records." (Doc. 1 at 5.)

**B. Untimeliness**
Defendant contends that Plaintiff's motion should be denied because it is untimely, as it was filed long after 21 days after having been served with Defendant's answer. Pursuant to the Federal Rules of Civil Procedure, the court may strike an insufficient defense: "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed.R.Civ.P. 12(f). Since Plaintiff was served with Defendant's answer (Doc. 6) on April 30, 2013, and the instant motion was not filed until October 22, 2013, Plaintiff's motion certainly was not filed within the 21–day period referenced in the court rule.

Since courts have the discretion to strike defenses on their own initiative under Rule 12(f)(1), case law has held that courts also have the discretion to consider untimely motions. *United States v. Wang,* 404 F.Supp.2d 1155, 1157 (N.D.Ca.2005); *Schmidt v. Pentair, Inc.,* No. C08–4589 TEH, 2010 WL 4607412, at *1 (N.D.Cal. Nov.4, 2010). In exercising that discretion, courts may consider how untimely the motion is and whether there are good reasons for the untimeliness. *Halifax Paving, Inc. v. United States Fire Ins. Co.,* No. 6:06–cv–272–Orl–22JGG, 2006 WL 3708090, at *1 (M.D.Fla. Dec.14, 2006). In *Halifax,* the plaintiff's motion was filed six months after the defendant's answer was served and the challenges were to the legal sufficiency of the affirmative defenses which would have been known at the time the answer was filed. Under such circumstances, the court declined to exercise its discretion to consider the motion. *Id.*

*2 Similarly, in the instant case, Plaintiff's motion was filed six months after Defendant's answer and Plaintiff challenges the affirmative defenses because they "set forth mere labels, legal conclusions, and lack[ ] the necessary supporting facts[,]" i.e., Plaintiff raises a facial challenge to the legal sufficiency of the defenses. (Doc. 14 at 8.) I suggest that these

challenges could have and should have been made within 21 days after having been served the answer or, at the very least, within a reasonable time thereafter. Accordingly, I suggest that the motion be denied as untimely and as falling short of the need to exercise of judicial discretion.

### C. Alternative Analysis—Merits

#### 1. Standards

Rule 12(f) also provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). An affirmative defense is " 'held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.' " *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir.2006) (quoting Wright & Miller, Federal Practice and Procedure § 1274); *accord, Davis v. Sun Oil Co.,* 148 F.3d 606, 612 (6th Cir.1998). To aid in the application of this rule, "[a] three-part test has been developed to determine whether a federal court should strike an affirmative defense: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of [Rules] 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for defendants to prove a set of facts in support of an affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.' " *FTC v. Mazzoni & Son, Inc.,* No. 06–15766, 2007 WL 2413086, at *2 (E.D.Mich. Aug.14, 2007) (citations omitted), cited with approval in *Int'l Outdoor, Inc. v. City of Southgate,* No. 2:11–CV–14719, 2012 WL 2367160, at *9 (E.D.Mich. Apr.26, 2012).

Plaintiff's counsel also cites to the United States Supreme Court opinions of 2007 and 2009 which altered the standard by which sufficiency of allegations in a complaint are to be viewed. (Doc. 14 at 10–11.) In *Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court held that a complaint must set forth "enough facts to state a claim of relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

*3 In 2009, the Supreme Court explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). The Court noted that although Rule 8's liberal pleading standard "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.... When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Sixth Circuit has yet to decide whether the new pleading standards announced in *Twombley* and *Iqbal* apply to affirmative defenses. *See Shreve v. Franklin County, Ohio,* Nos. 2:10–cv–644, 2:11–cv–261, 2:11–cv–415, 2012 WL 1580936, at *1 (S.D.Ohio May 4, 2012) (declining to decide whether *Twombley* and *Iqbal* apply because the plaintiff's request to strike the affirmative defenses was well taken regardless of the standard to be applied). The district courts are divided on the issue. Some district courts within the circuit have held that the *Twombly/Iqbal* standards apply to affirmative defenses because of the underlying rationale behind those standards, i.e., requiring clarity in pleadings and avoiding needless discovery costs. *See, e.g., HCRI TRS Acquirer, LLC v. Iwer,* No. 3:09 CV 2691, 2010 WL 1704236, at *3 (N.D.Ohio April 28, 2010) (and cases cited therein). Other district courts have noted that the *Twombly* and *Iqbal* decisions did not mention affirmative defenses and that Rule 8(b) and (c) do not require that the defendant "show" he is entitled to prevail and, thus, these courts have thus held that the standards set forth in *Twombly* and *Iqbal* do not apply to affirmative defenses. *See, e.g., McLemore v.*

*Regions Bank,* Nos. 3:08–cv–0021, No. 3:08–cv–1003, 2010 WL 1010092, at *13 (M.D.Tenn. Mar.18, 2010) (and cases cited therein). Still other district courts have chosen "not to weigh in on this issue because even assuming *Twombly* applies ... [defendant's] affirmative defense sufficiently meets that standard." *Del–Nat Tire Corp. v. A to Z Tire & Battery, Inc.,* No. 2:09–cv–02457–JPM–tmp, 2009 WL 4884435, at *2 (W.D.Tenn. Dec.8, 2009).

**\*4** After review of the case law and consideration of the principles underlying *Twombly* and *Iqbal,* however, I suggest that in this case the result would be the same under either the standards applicable before *Twombley* and *Iqbal* or the standards contained therein.

**2. Discussion**
Should the court chose to exercise its discretion and consider the merits of the motion, I suggest that the motion should be denied in part and granted in part.

Plaintiff challenges affirmative defenses 5 (actions taken were for legitimate businessrelated reasons), 8 (Defendant cannot be held liable for damages resulting from effects of preexisting conditions), 9 (failure to satisfy statutory, administrative or jurisdictional prerequisites), 11 (estoppel, res judicata, waiver or lack of standing), 13 (claims barred by release, discharge, fraud, accord and satisfaction, etc.), 15 (objection to any mis joinder or non joinder), 17 (claims barred by wrongful conduct doctrine), 18 (offset), 20 (Defendant acted with good faith and reasonably believed it complied with FLSA), 21 (Defendant acted in conformity with and reliance upon publications by the Wage and Hour Division ("WHD") of the Department of Labor), 22 (any acts or omissions were in good faith), 26 (estoppel), 27 (estoppel) and 30 (punitive damages are not available). (Doc. 14 at 7–8.)

Rule 8(c) provides that a party must state any affirmative defense in his responsive pleading, e.g., answer, "including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." I suggest that affirmative defenses 13, 18, 26, and 27 fall within the categories listed in Rule 8(c).

Plaintiff attached Defendant's response to his first set of interrogatories to his motion to strike. This set of interrogatories sought specific factual bases for the asserted affirmative defenses. (Doc. 14 at 10, Ex. 2.) Defendant's response indicates that the affirmative defenses are raised to preserve these issues until discovery is completed and that they raise legal issues that will be for the court to decide in dispositive pre-trial motions. (*Id.*)

As to affirmative defenses 5, 20, 21, and 22, these set forth Defendant's lack of ill intent, good faith, and conformance with a WHD regulation letter or administrative interpretation or other justification for its conduct. These issues are relevant to the underlying claims and damages and provide fair notice. *See Swigart v. Fifth Third Bank,* 870 F.Supp.2d 500, 509–10 (6th Cir.2012) (reasonableness of employee's actions an element and good faith is an affirmative defense under § 259 of the FLSA); 29 U.S.C. §§ 216(b), 260 (wilfulness relevant to determine level of damages). I therefore suggest that these affirmative defenses should not be stricken.

**\*5** Affirmative defenses 17 and 18 regard Plaintiff's conduct and the possibility of off-set. Since the elements of a cause of action under the FLSA for recovery of unpaid overtime compensation requires Plaintiff to show engagement of activities within the coverage of the FLSA and that Defendant failed to pay Plaintiff the overtime pay as required, I suggest that these defenses could be relevant at trial, provide fair notice, and thus, should not be stricken.

Affirmative defenses 11, 26, and 27 raise estoppel issues. Under the FLSA, if the employee agrees to accept a settlement payment, a legal issue arises as to whether they have waived their claims under the FLSA or, stated another way, whether they are estopped from seeking redress under the FLSA. *Woods v. RHA/Tennesssee Group Homes, Inc.,* 803 F.Supp.2d 789, 800 (M.D.Tenn.2011). In a similar vein, affirmative defense 13 cites to accord and satisfaction, release, duplicative benefits, etc., and this could also relate to other payments accepted by Plaintiff which could be relevant at trial. I therefore suggest that these defenses could be relevant at trial, provide fair notice, and should not be stricken.

Affirmative defense 9 refers to statutory, administrative or judicial prerequisites for institution of an action and I suggest that it could be relevant, provides fair notice, and should not be stricken. *See DeKeyser v. Thyssenkupp Waupaca, Inc.,* 747 F.Supp.2d 1043, 1057 (E.D.Wis.2010) (finding employer's affirmative defense that the plaintiff had failed to satisfy statutory or other prerequisites to proceed under the FLSA should not be stricken).

Affirmative defense 8 asserts that Defendant should not be liable for any damages resulting from the effects of any pre-existing conditions. Arguments related to damage calculations are improperly pled as affirmative defenses and, thus, I suggest that this affirmative defense should be stricken. *See Edizer v. Muskingum Univ.,* No. 2:11–CV–799, 2012 WL 4499030, at *11 (S.D.Ohio Sept.28, 2012). This, of course, does not prevent Defendant from presenting such evidence at trial since it is not barred if not pled affirmatively.

Affirmative defense 15 refers to misjoinder or non joinder and since this case involves an employment dispute, it appears that this defense is a boilerplate recitation that could not possibly be relevant and thus, fails to provide fair notice. I therefore suggest that it should be stricken. *See Malibu Media, LLC v. Doe,* No. 1:13–CV–30, 2013 WL 4048513, at *3–4 (N.D.Ind. Aug.9, 2013) (striking joinder affirmative defense where allegations in copyright infringement case could not support joinder issue).

As to affirmative defense 30, that punitive damages are unavailable because Defendant did not act maliciously, the complaint does not seek punitive damages. Accordingly, I suggest that this affirmative defense should be stricken.

**D. Summary**
I first suggest that the motion be denied as untimely.

*6 However, if the court disagrees and the merits are addressed, I suggest that the motion to strike affirmative defenses be granted in part, striking the following affirmative defenses: (1) affirmative defense 8 (damages resulting from the effects of any pre-existing conditions); (2) affirmative defense 15 (misjoinder or non joinder); and (3) affirmative defense 30 (punitive damages). I further suggest that the motion be denied in all other respects.

**III. REVIEW**
Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 596 (6th Cir.2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir.2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan,* 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596–97.

**All Citations**

Slip Copy, 2013 WL 7045570

Footnotes
1  Although the order of reference cited 28 U.S.C. § 636(b)(1) (A), review of the case law convinces me that the decision of this motion is best made by way of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See *Jeeper's of Auburn, Inc. v. KWJB Enterprise, LLC,* No. 10–13682, 2011 WL 1899195, at *1 (E.D.Mich. Mar.16, 2011); *Specialty Minerals, Inc. v. Pleuss–Staufer AG,* 395 F.Supp.2d 109, 111 (S.D.N.Y. Oct.26, 2005) ("motion to strike an affirmative defense is clearly 'dispositive of a ... defense of a party' "); *United States v. Davis,* 794 F.Supp. 67, 68 (D.R.I.1992) ("[a]n order striking affirmative defenses is dispositive of those defenses ...").

End of Document    © 2016 Thomson Reuters. No claim to original U.S. Government Works