# EXHIBIT O

Case 2:14-cv-11916-GCS-SDD ECF No. 75-16, PageID.2394 Filed 03/24/16 Page 2 of 4

Sines v. Service Corp. Intern., Not Reported in F.Supp.2d (2006)

KeyCite Yellow Flag - Negative Treatment
Distinguished by Rosenblum v. Thomson Reuters (Markets) LLC, S.D.N.Y., October 25, 2013

2006 WL 3247663
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

James E. SINES and Felix Williams, Individually, and as Class Representatives, on Behalf of All Others Similarly Situated Plaintiffs,
v.
SERVICE CORPORATION INTERNATIONAL, and its majority held, dominated, controlled and consolidated subsidiary corporate and partnership entities in the State of New York, including but not limited to, SCI Management L.P., SCI Funeral Services Inc., SCI Funeral Services Inc., SCI Funeral Services of New York, Inc., and New York Funeral Chapels, Inc., Defendants.

No. 03 Civ. 5465(SC).
|
Nov. 8, 2006.

*ORDER AND OPINION RE:*
*AVAILABILITY OF PUNITIVE DAMAGES*

CONTI, J.

*1 On October 18, 2006, the jury entered a verdict in favor of Plaintiff James Sines ("Plaintiff") as to only the part of his retaliation claim, brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law, which related to his suspension in 2002. The verdict awarded Plaintiff no damages for pain and suffering. The Jury Charge informed the jury of the parties' stipulation that "if the jury finds Defendants liable, the Court will make any award of back pay or liquidated damages in this case." Jury Charge, Instruction No. 7(19).

The parties' Supplement to Joint Pre-Trial Order contains a section titled: "Agreed Statement of Facts Not to be Read to the Jury, but for a Bench Award of Back Pay and Liquidated Damages in the Event of a Jury Verdict for Plaintiff on the Question Whether Defendants Retaliated Against Plaintiff as to his Suspension, and Whether Defendants Retaliated Against Plaintiff as to his Termination." Below this heading were listed the following stipulations regarding Plaintiff's 2002 suspension claim:

19. Mr. Sines' back pay for the period of his suspension in 2002, without liquidated damages or interest, is $32,510.25

20. If Mr. Sines is awarded liquidated damages for his suspension in 2002:

a. he would not be entitled to interest;

b. the amount of liquidated damages would be $32,510.25; and

c. the amount of his combined back pay and liquidated damages would be $65,020.51.

Docket No. 104. Accordingly no evidence was presented by either side at trial as to how much Plaintiff would be owed in back-pay or liquidated damages. However, testimony as to how the length of Plaintiff's suspension was determined gave the jury a rough idea of Plaintiff's monthly salary.

Upon receipt of the jury's verdict, pursuant to the agreement of the parties, the jury was given separate instructions on the issue of punitive damages and given the opportunity to determine whether Plaintiff should be awarded punitive damages and, if so, in what amount. The jury returned a verdict in favor of awarding punitive damages in the amount of $130,000.00.

Before entering the entering the award, the Court invited the parities to brief the issue of the availability of punitive damages under § 216(b) of the FLSA and New York Labor Law. The parties have now briefed this issue and others, and have argued their positions before the Court on November 6, 2006. Having considered the parties' arguments and the record, the Court hereby finds that there are no grounds to modify the jury's verdict as to punitive damages, and that Plaintiff should be awarded the amounts stipulated by the parties as to back pay and liquidated damages.

I. AVAILABILITY OF PUNITIVE DAMAGES UNDER THE FLSA AND NEW YORK LABOR LAW

The first issue presented to the Court is whether punitive damages are available for retaliation actions under the FLSA or New York Labor Law. For the reasons stated herein, the Court finds that punitive damages are available under

Case 2:14-cv-11916-GCS-SDD ECF No. 75-16, PageID.2395 Filed 03/24/16 Page 3 of 4

Sines v. Service Corp. Intern., Not Reported in F.Supp.2d (2006)

the FLSA, and having reached this conclusion, declines to address their availability under New York Labor Law.

**\*2** As both parties agree, the Second Circuit has not yet ruled on whether punitive damages are available to a plaintiff suing for retaliation under § 216(b) of the FLSA. *See Lai v. Eastpoint Int'l, Inc.,* No. 99-cv-2095, 2002 WL 265148 \*1 (S.D.N.Y. Feb. 22, 2002). In this context, the Court finds most persuasive the Seventh Circuit's conclusion that punitive damages are available under § 216(b) of the FLSA. *See Travis v. Gary Community Mental Health Center, Inc.,* 921 F.2d 108, 111-12 (7th Cir.1990), *cert. denied,* 502 U.S. 812 (1991). A finding in which the Court is not alone. *See, e.g., Lambert v. Ackerley* 180 F.3d 997, 1011 (9th Cir.1999) (stating in dicta "the Seventh Circuits reasoning [in *Travis* ] is persuasive.").

In reaching its conclusion that punitive damages are available under § 216(b), the *Travis* court focused on the history of amendments to the provision and the plain language of the provision as amended. The court noted that, as enacted in 1938, § 216(b) allowed only for specific types damages that excluded compensatory and punitive damages. *Travis,* 921 F.2d at 111. The court noted, however, that when Congress amended § 216(b), they eliminated this language in favor of the following: "Any employer who violates the provisions of section 15(a)(3) of this Act [29 U.S.C. § 215(a)(3) ] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3), including without limitation employment reinstatement or promotion and the payment of wages lost and an additional amount of liquidated damages." *Id.* (quoting Pub.L. 95-151, 91 Stat. 1252 (1977))(modification in original).

The Court found that, as amended, the provision indicated Congress's intent to give courts the discretion to grant whatever type relief were appropriate, including punitive damages. *Id.* at 112. "Legal" relief is "commonly understood to include compensatory and punitive damages." *Id.* at 111 And in the case of intentional torts such as retaliatory discharge, "punitive damages [ ] are appropriate." *Id.* The fact that Congress did "away with the old limitations without establishing new ones," but instead included the phrase "without limitation" indicated Congress's intent to leave to the courts the question of what types of relief are appropriate in a particular case. *Id.* at 112.

This interpretation comports with Supreme Court precedent. In *Franklin v. Gwinnett County Public Schools,* the Court reaffirmed the deep-rooted principle that "[w]here legal rights have been invaded, and a federal statute provides a general right to sue, federal courts may use any available remedy to make good the wrong done." 503 U.S. 60, 66 (1992)(quoting *Bell v. Hoood,* 327 U.S. 678, 684 (1946). This principle creates a presumption whereby courts must "presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise." *Id.* (internal citation omitted). Clearly, as the Seventh Circuit found, language in § 216(b), which makes violators liable for "for such legal or equitable relief as may be appropriate" and prefaces the list of possible forms such relief can take with the phrase "without limitation," does not expressly indicate otherwise, but rather indicates quite the opposite. 29 U.S.C. § 216(a); *see Travis,* 921 F.2d at 111; *see generally United States v. Benedict et al.,* 338 U.S. 692, 697 (1950)(interpreting the phrase "without limitation").

**\*3** In light of this presumption, the reasoning of the Eleventh Circuit in *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928 (11th Cir.2000), which the Defendants urge the Court to adopt instead, is unpersuasive. The Eleventh Circuit's opinion is based principally on: the principle of statutory interpretation known as *"ejusdem generis,"* to which the court feels "the judicial mind naturally turns" in dealing with provisions such as § 216(b); the court's perceived compensatory purpose of the § 216(b); and the court's interpretation of the relationship between § 216(b) § 216(a). *Id.* at 934-37. It is, however, patently not based upon anything that can be characterized as an *express* indication by Congress that punitive damages are not available, and so does not convince this Court. *See Franklin,* 503 U.S. at 66.

Because the Court has determined that punitive damages are available under the FLSA, it need not reach the question (apparently one of first impression) whether punitive damages are available for retaliation actions under New York Labor Law.

II. APPROPRIATENESS OF THE AWARDED PUNITIVE DAMAGES

The Defendant has also urged that, if the Court finds punitive damages are theoretically available to Plaintiff under the FLSA or New York Labor Law, the Court find that such damages should, nonetheless, not have been awarded to Plaintiff in this case. Defendants offer three bases for this argument: the issue of punitive damages should not have been given to the jury because the jury did not award any compensatory damages; there was insufficient evidence to support the jury's award of punitive damages; and that

Case 2:14-cv-11916-GCS-SDD ECF No. 75-16, PageID.2396 Filed 03/24/16 Page 4 of 4

Sines v. Service Corp. Intern., Not Reported in F.Supp.2d (2006)

the amount of punitive damages awarded was excessive and unreasonable. The Court finds none of these bases convincing.

As to the first, the jury was made aware through the parties' stipulation, contained within the parties' agreed jury charge, that if they found the Defendants liable, the Court would award back pay damages, and so, in effect, the jury ordered such an award of compensation by finding the Defendants liable. The Court finds this sufficient, and further finds that if Defendants' argument in this regard were to be accepted, the results would be clearly inequitable: a party agreeing to a stipulated amount of compensatory damages would (assuming no other issue of compensatory damages was submitted to the jury, or as in this case when the jury found for the defendant on any such issue so submitted) have forfeited its right to punitive damages.

As to the sufficiency of the evidence, the Court finds that the evidence was sufficient to support the verdict, and decline's Defendants' invitation to replace the jury's judgement with its own.

As to the question of the amount's reasonableness, the Court finds that the award of $130,000.00 in light of the amounts of back pay and compensatory damages due to the Defendant, discussed below, and the jury's determination of the wrongfulness Defendants' behavior manifest in their verdict awarding punitive damages, is not "so high as to shock the judicial conscience and constitute a denial of justice." *Lee v. Edwards,* 101 F.3d 805, 808 (2d Cir.1996).

### III. LIQUIDATED DAMAGES

*4 Though not requested to do so by the Court, the parties have also submitted briefing, and made arguments, regarding whether Plaintiff should be awarded liquidated damages. Defendants argue that Plaintiff should not be so awarded on the grounds that Defendants' suspension of Plaintiff was done in good faith and based on reasonable grounds. Under FLSA, in order to avoid paying liquidated damages after being found to have wrongly retaliated against a defendant, an employer must "show[ ] to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260. The jury's verdict finding that Defendants were liable for punitive damages constitutes a finding that the 20002 suspension was not done in good faith or upon reasonable grounds. The Court declines the invitation by Defendants to reach a different conclusion, and so find that the award of liquidated damages is proper in this case under the FLSA. Having so found, the Court need not address whether they are also available under New York Labor Law.

### IV. CONCLUSION

For the reasons stated, the Court hereby AFFIRMS the jury's verdict awarding Plaintiff $130,000.00 in punitive damages and AWARDS Plaintiff $32,510.25 in back pay and $32,510.25 in liquidated damages, pursuant to the parties' stipulation. Plaintiff is therefore AWARDED a total of $195,020.50.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 3247663

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 3