**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NATALIE REESER**,

            Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>39500 High Pointe Blvd., Ste. 350<br>Novi, MI  48375<br>(248) 567-7828 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO
BAR PLAINTIFF FROM INTRODUCING ANY EVIDENCE REGARDING
HER ALLEGED MEDICAL OR PSYCHOLOGICAL CONDITIONS**

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ................................................................................... ii

**STATEMENT OF ISSUES PRESENTED** ............................................................iv

    **I.    INTRODUCTION** ...................................................................................1

    **II.   STATEMENT OF FACTS** ....................................................................2

    **III.  ARGUMENT** ........................................................................................5

    **IV.  CONCLUSION** ..................................................................................11

# **INDEX OF AUTHORITIES**

Cases                                                                                                                                  Page

*Bouchard v. Am. Home Prods. Corp.*,
　213 F.Supp.2d 802, 810 (N.D. Ohio 2002) ......................................................2, 5

*Ginsberg v. Valhalla Anesthesia Associates, P.C.*,
　No. 96 CIV. 6462 (HB), 1997 WL 669870, at *4 (S.D.N.Y. Oct. 28, 1997).......8

*Green v. City of New York*,
　No. 01 CIV. 1996 RMB, 2011 WL 690498, at *2 (S.D.N.Y. Feb. 22, 2011)......7

*Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) ...2, 5

*Leonard v. Compton,*
　No. 1:03CV1838, 2005 WL 1460165, at *11 (N.D.Ohio June 17, 2005)............9

*Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)...............................................2, 5

*Lynch v. Town of Southampton,* 492 F.Supp.2d 197, 200-08 (E.D.N.Y.2007).........8

*Kovacic v. Ponstingle*,
　No. 1:05CV2746, 2014 WL 4715859, at *3-4 (N.D. Ohio Sept. 22, 2014) ........9

*Mcintosh v. Irving Trust Co.,* 887 F.Supp. 662, 664, 669 (S.D.N.Y.1995)...............7

*Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 204 (6th Cir. 1990).........9

*Ozawa v Orsini Design Associated, Inc.*
　No. 13 CIV.1282 (JPO), 2015 WL 1055902 (S.D.N.Y. March 11, 2015)...........8

*Paugh v. Hanks*, 6 Ohio St.3d 72, 80 (1983) ............................................................9

*Reiter v. Metropolitan Transportation Authority of New York,*
　No. 01 Civ. 2762, 2003 WL 22271223, at *9 (S.D.N.Y. Sept. 30, 2003)............7

*Shannon v. Fireman's Fund Ins. Co.,*
　156 F.Supp.2d 279, 296-98 (S.D.N.Y.2001) ......................................................8

*Standen v. Gertrude Hawk Chocolates*, *Inc.*,
　No. 3:11CV1988, 2014 WL 1095129, at *3 (M.D. Pa. Mar. 19, 2014)...............6

*Tanzini v. Marine Midland Bank,* 978 F.Supp. 70, 80 (N.D.N.Y.1997) ...................8

*United States v. Ganier*, 468 F.3d 920, 924 (6th Cir. 2006)..............................6, 7, 9

**Rules**

Fed. R. Evid. 103(c) ................................................................................................5

Fed. R. Evid. 401 .....................................................................................................6

Fed. R. Evid. 701 ........................................................................................6, 8, 9, 10

## STATEMENT OF ISSUES PRESENTED

1. Whether Defendant's Motion in Limine to Bar Plaintiff from Introducing Any Evidence Regarding Her Alleged Medical or Psychological Conditions should be denied, where Plaintiff's testimony regarding her emotional damages is rationally based on her perception and there is clear precedent to allow Plaintiffs to testify about medical treatment they have received and feelings that have experienced as a result of wrongful termination?

    Plaintiff answers "yes"

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO BAR PLAINTIFF FROM INTRODUCING ANY EVIDENCE REGARDING HER ALLEGED MEDICAL OR PSYCHOLOGICAL CONDITIONS**

NOW COMES Plaintiff, NATALIE REESER, by and through her attorneys, MILLER COHEN, P.L.C., and with her Response to Defendant's *Motion in Limine*, states as follows:

## I. INTRODUCTION

Defendant seeks to exclude more than testimony regarding a medical diagnosis; Defendant, instead, seeks an order preventing Plaintiff from discussing the nature, severity, treatment, duration and/or cause of the anxiety and depression that Plaintiff has suffered due to her retaliatory termination. Simply put, this evidence goes far past expert testimony into the realm of Plaintiff's layperson testimony. Effectively, Defendant is attempting to silence Plaintiff from ever speaking about the emotional harm she suffered as a result of Defendant's actions from her own perception and experiences. In the process, Defendant attempts to rewrite clearly established law by suggesting that Plaintiff is unable to request damages for emotional harm without offering an expert witness to establish this harm. Such a rule does not exist and, if it did, it would fly in the face of decades of established case law.

Plaintiff does not hold herself out to be a medical doctor, but she has a clear right to offer her testimony to establish the emotional harm she suffered, including

1

medication she took following her termination and medical or psychological treatment she sought. It is obvious that such facts are relevant to claims of Plaintiff's emotional harm and to suggest otherwise is a frivolous argument.

Further, Defendant has subpoenaed records from Plaintiff's therapist and has scheduled an upcoming deposition with her for April 15, 2016. A court has the power to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Bouchard v. Am. Home Prods. Corp.,* 213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)). Unless the evidence meets this high standard, "rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). The parties do not yet know what evidence this deposition will produce and, therefore, a ruling on the ability of either party to admit such evidence should be deferred until trial so that questions related to the evidence may be resolved in proper context.

## II. STATEMENT OF FACTS

Plaintiff, Natalie Reeser, was employed as a Laboratory Assistant at Defendant Henry Ford Health System ("Henry Ford"). (Attached as *Exhibit A*). Defendant had an unpaid mandatory 30 minute lunch policy while Plaintiff was employed at Henry Ford. (Attached as *Exhibit B*). Despite this policy, Plaintiff's

2

repeated requests to take a 30 minute lunch were denied and she was repeatedly denied compensation for being forced to work through lunch. (Reeser Dep. 92, 94, 115) From 2012 to 2014, Plaintiff was not paid for 376 lunches to which she was entitled. (Attached as *Exhibit C*).

In early January 2014, after learning from a doctor in the facility that this practice was illegal, Ms. Reeser contacted the State. (Reeser Dep. 110, 202-03, 291) On January 14, 2014, Plaintiff contacted Human Resources (HR) Senior Business Partner Jill Hood to request a meeting concerning this issue, among others. (Attached as *Exhibit D*). On January 20, 2014, Plaintiff informed Hood that she had not been allowed to take 30 minute lunch breaks away from her office for years. (Attached as *Exhibit E*). Plaintiff indicated she "recently learned . . . The Fair Labor Standards Act (FLSA) states that hourly employees, who are required to work more than 40 hours in a work week, are to be compensated for those hours under a term called, 'engaged to work.'" *Id.* Plaintiff requested "[HR] . . . intercede, and allow employees . . . a scheduled/advertised 30-minute closure of the lab each day for a meal break." *Id.* Plaintiff explained that her supervisor Fiona Bork said she would be "terminated" if she reported this issue. (Hood Dep. 134).

On February 25, 2014, at 1:12 PM, Plaintiff emailed a note to Bork and others stating she was taking a lunch. (Attached as *Exhibit F*) Plaintiff then picked up her coat and purse and prepared to leave for lunch. (Reeser Dep. 265) Plaintiff

3

posted a sign on the front door of the office indicating she would return in 30 minutes and left the office. *Id.* After Plaintiff returned, she was suspended pending an investigation and escorted off the premises by security without being allowed to take with her all of her personal belongings. (Attached as *Exhibit G*). Plaintiff was informed that she was being terminated on March 7. (Attached as *Exhibit H*).

As a result of these illegal actions, Plaintiff sought treatment with her primary care doctor, Dr. Reza Kahnamoui, after her suspension, because "my anxiety came back, my panic attacks came back, I needed medicine." (Reeser Dep. 76-77) Plaintiff also testified that "the medicine wasn't working, [the suspension and termination] made me very depressed, it made me very anxious, very scared, I didn't know what was going on, I didn't know why it was happening to me, and I needed help." *Id.* at 77. With regard to her medication, Plaintiff has testified that her primary care physician "upped my medicine" following her termination and that "he had to up them – up it because the depression was huge and the anxiety got worse. Like I was having panic attacks on a daily basis to the point where I almost went agoraphobic and couldn't leave the house". *Id.* at 77-78. Plaintiff explained that she has taken "Paxil every day since 2001", but "now I take 50 milligrams of Paxil instead of 20 milligrams of

4

Paxil, and I also take Xanax to calm my nerves for the anxiety and panic attacks this lawsuit has cause me." *Id.*

Plaintiff has sought treatment with Dr. Marilyn Louis, a general practitioner who has prescribed Plaintiff medication for anxiety and major depression. (Attached as *Exhibit I*) Plaintiff has also attended sessions with Ms. Kriss Goodroe, a Ministry Director and Licensed Professional Counselor, who has provided treatment for anxiety and major depression. *Id.*

### III. ARGUMENT

Federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials. See *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c)). However, the Court has the power to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Bouchard v. Am. Home Prods. Corp.,* 213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing *Luce* at 41 n. 4). Unless the evidence meets this high standard, "rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

5

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701.

This includes testimony related to a witness' "experience, feelings, emotions and symptoms" surrounding the impact of discriminatory and retaliatory conduct by an employer. See *Standen v. Gertrude Hawk Chocolates, Inc.*, No. 3:11CV1988, 2014 WL 1095129, at *3 (M.D. Pa. Mar. 19, 2014) (Attached as *Exhibit J*). A Plaintiff's "own experience and feelings are certainly rationally based on her perception" of harassment and "would illustrate the effects of the . . . harassment to the jury." *Id.* (discussing a Plaintiff's testimony in a sexual harassment suit). A Plaintiff "**is not required to present expert medical testimony to establish emotional distress damages**." *Id.* at *4 (emphasis added).

Defendant's reliance on *United States v. Ganier*, 468 F.3d 920, 924 (6th Cir. 2006) is, frankly, somewhat odd. The Sixth Circuit held in *Ganier* that an

6

individual who might have specialized knowledge as a result of their job, could not apply this specialized knowledge while testifying as a lay witness.[1] *Ganier* at 926. This holding has no bearing on Plaintiff's ability to offer testimony related to her experience, feelings, emotions and symptoms surrounding the impact of her termination. Plaintiff has never claimed that she has specialized knowledge that she seeks to offer as a lay witness.

Despite Defendant's groundless protestations, courts have long held that emotional damages may be awarded based solely on a Plaintiff's testimony. See *Green v. City of New York*, No. 01 CIV. 1996 RMB, 2011 WL 690498, at *2 (S.D.N.Y. Feb. 22, 2011) (citing, among other cases, *Reiter v. Metropolitan Transportation Authority of New York,* No. 01 Civ. 2762, 2003 WL 22271223, at *9 (S.D.N.Y. Sept. 30, 2003) (awarded emotional damages where 'plaintiff, while testifying to feelings of distress ..., did not detail the severity, duration, or consequences of his mental suffering' and did not present 'any evidence of medical treatment') (Attached as *Exhibit K*); *Mcintosh v. Irving Trust Co.,* 887 F.Supp. 662, 664, 669 (S.D.N.Y. 1995) (awarded emotional damages where the evidence of mental anguish was plaintiff's testimony that he felt 'humiliated,'

---

[1] The Sixth Circuit provided two examples where this had been allowed in the past, where doctors were allowed to "testify as fact witnesses that a person was cancer-free based on firsthand observations" and where police officers were allowed "to give lay testimony explaining the code words they used while negotiating a drug purchase." *Ganier* at 926-927.

7

'shocked,' 'angry,' and 'beaten down,' and that he 'saw a doctor once because of ailments related to nervous tension'); *Tanzini v. Marine Midland Bank,* 978 F.Supp. 70, 80 (N.D.N.Y. 1997) (awarded emotional damages where plaintiff and his wife testified as to a 'very traumatic experience' but 'presented no evidence detailing the duration or magnitude of [plaintiff's] emotional injuries, nor any evidence of medical or psychological treatment'); *Shannon v. Fireman's Fund Ins. Co.,* 156 F.Supp.2d 279, 296-98 (S.D.N.Y. 2001) (awarded emotional damages where plaintiff testified to 'anxiety, stress and depression,' plaintiff's wife 'corroborated most of this testimony,' and plaintiff 'sought the help of his treating physician' who prescribed 'an anti-anxiety medication,' but where there was no evidence of any 'physical manifestations' from stress); and *Lynch v. Town of Southampton,* 492 F.Supp.2d 197, 200-08 (E.D.N.Y. 2007) (awarded emotional damages where plaintiff testified that, 'following her termination, she was on [prescription] antidepressants' and felt 'hopelessness,' 'helplessness,' 'shock[ ],' and 'humiliat[ion]').

In *Ginsberg v. Valhalla Anesthesia Associates, P.C.*, No. 96 CIV. 6462 (HB), 1997 WL 669870, at *4 (S.D.N.Y. Oct. 28, 1997), (abrogated on other grounds by *Ozawa v Orsini Design Associated, Inc.* No. 13 CIV.1282 (JPO), 2015 WL 1055902 (S.D.N.Y. March 11, 2015), plaintiff was allowed to "testify that she saw a psychiatrist and received anti-depressant medication and remained

8

on medication for close to a year". "[T]he jury credited this testimony in reaching its award" in favor of granting emotional distress damages even though the plaintiff "presented little [additional] evidence regarding her emotional distress." (Attached as *Exhibit L*)

As the above referenced cases make clear, Plaintiff may testify to the use of prescription antidepressants, her feelings, seeking treatment with a physician, her emotional state, the impact that her termination has had on her life and emotional stability, and a wide range of other topics in order to establish emotional harm and causation without testifying beyond the bounds of Fed. R. Evid. 701.

Courts in the Sixth Circuit have continued to recognize this principle long after *Ganier* was decided. See *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 204 (6th Cir. 1990) ("At trial, both Moody and his wife testified that Moody suffered emotional distress from the termination. Moody testified that as he left the job he was humiliated and in a state of shock and disbelief."); *Kovacic v. Ponstingle*, No. 1:05CV2746, 2014 WL 4715859, at *3-4 (N.D. Ohio Sept. 22, 2014) (citing *Leonard v. Compton,* No. 1:03CV1838, 2005 WL 1460165, at *11 (N.D.Ohio June 17, 2005) (attached as *Exhibit M* and *Exhibit N*) ("In ruling that plaintiffs did not need expert testimony to establish emotional injuries, the court noted that 'just as expert testimony is not required to prove the existence of an emotional injury, expert medical testimony is not essential to forge the causal

9

link between a traumatic event and the alleged serious emotional distress.'"; "[G]iven that the emotional injury flowed from a single, concrete incident, jurors can 'refer to their own experiences in order to determine whether, and to what extent, the defendant's conduct caused the emotional distress.'") (quoting *Paugh v. Hanks*, 6 Ohio St.3d 72, 80 (1983))

Similarly, Plaintiff has a clear right to present testimony and evidence regarding her emotional damages to establish the extent of the harm she suffered and the cause of her harm. As the above cases demonstrate, nothing in Fed. R. Evid. 701 would prevent Plaintiff from offering lay testimony related to her experience, feelings, emotions and symptoms surrounding the impact of her employer's retaliatory conduct.

Under Fed. R. Evid. 701, a lay witness can offer testimony in the form of an opinion that is rationally based on the witness' perception or helpful to clearly understanding the witness's testimony or to determining a fact in issue. Plaintiff does not need specialized knowledge to know that she felt depressed as a result of her termination or that she felt sad and angry in the months that followed, to know how her termination impacted her, or to know how her medication changed or that she sought treatment. As such, Defendant's Motion is wholly improper as it seeks to preclude Plaintiff from testifying about her perceptions as a lay witness. Therefore, Defendant's Motion must be denied.

## IV. CONCLUSION

Based on the above arguments, the Court should deny Defendant's Motion and Order that Plaintiff be allowed to introduce evidence pertaining to her emotional and psychological harm at trial.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Adam C. Graham
Adam C. Graham (P79361)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454

Dated: March 24, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

    I hereby certify that on *March 24, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

        Respectfully submitted,

        **MILLER COHEN, P.L.C.**

    By: /s/ Adam C. Graham
        Adam C. Graham (P79361)
        *Attorneys for Plaintiff*
        600 W. Lafayette Blvd., 4th Floor
        Detroit, Michigan 48226
        (313) 964-4454