UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACKPAY OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF LOST WAGES**

Plaintiff has failed to use reasonable diligence to seek comparable employment since her separation from Defendant, and therefore has failed, as a matter of law, to mitigate her damages. Under Sixth Circuit law, back pay is an equitable remedy, and the initial determination of whether Plaintiff is entitled to such relief must be made by the Court. This Court should strike Plaintiff's claim for back pay and bar her from introducing any evidence of lost wages.

1

I.      **Plaintiff Has Not Mitigated Her Damages As A Matter Of Law**

Since her termination, Plaintiff has moved from job to job – and city to city – leaving one job after another for personal reasons and not as a result of a "necessary business decision" as she claims. *See* Response, ECF Dkt. #74, p. 7. At the time of her separation from HFHS on March 21, 2014, Plaintiff was making $14.28 per hour. (Ex. A, LARA records) Plaintiff was hired by Quest Diagnostics on August 14, 2014 as a Phlebotomy Services Representative earning $15.00 an hour. (Ex. B, Plaintiff's deposition, pp. 13-14) Even though she was making more money at her job with Quest than she was with Defendant, Plaintiff quit this job at Quest Diagnostics on December 31, 2014 because her "fiancé broke up with her" and she "had to move up north." (*Id.*, pp. 17, 19) Rather than continuing to work full time for Quest and finding a new place to live, Plaintiff asked her new boyfriend if she could move in with him. (*Id.*, p. 18) Plaintiff testified that her new boyfriend lived in Harrison, Michigan, so Plaintiff quit her full-time job and moved to Harrison, Michigan to live with him. (*Id.*) Plaintiff's claim that she moved up north "which is closer to family and offers cheaper housing options" is false and in any event irrelevant to her duty to mitigate.[1] *See* Response, ECF Dkt. #74, p. 4.

---

[1] Plaintiff claims that she moved to be "closer to her family." *See* Response, ECF Dkt. #74, p. 4. In fact, Plaintiff's mother lives in Plymouth, Michigan. (Ex.

2

After she relocated to Harrison, Michigan, Plaintiff was hired by Leelin Home Health Care as a <u>part-time</u> home health aide earning <u>$9.00 an hour</u> on January 28, 2015. (Ex. B, p. 12; Ex. C, Leelin Home Health Care work records) Plaintiff worked approximately 9-18 hours a week. (Ex. C) She was employed by Leelin from January 28, 2015 through June 5, 2015. (*Id.*) During that time period, she worked only 208.5 hours, earning $1,876.50 in gross wages. (*Id.*) *This is an average of 52 hours **per month***, far less than what she worked full time at Quest. Plaintiff testified that she worked part-time because she was taking care of her boyfriend's father, who had brain cancer. (Ex. B, p. 327) She was not paid for providing this care. (*Id.*)

Plaintiff's reasons for leaving her full time employment with Quest amount to personal, not business, reasons. She did not leave her job at Quest to seek better-paying employment or because of unreasonable working conditions. *See EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992) ("Although a claimant fails to mitigate damages by voluntarily quitting comparable interim employment for personal reasons, a voluntary quit does not toll the back pay period when it is motivated by unreasonable working conditions or an earnest search for better employment.") Here, **Plaintiff admits in her Response that**

---

B, p. 332) Plaintiff would have had a better opportunity to find employment if she had remained in the Detroit metropolitan area – closer to her mother.

3

**"the end of her relationship was the event that caused her to move and seek new employment."** See Response, ECF Dkt. #74, p. 7.

In *Barbour v. Medlantic Management Corp.*, 952 F.Supp. 857, 864 (D.D.C. 1997), aff'd by 132 F3d 1480 (D.C. Cir. 1997), the Court held it was "unreasonable" for the plaintiff to voluntarily leave a subsequent job "without having another position lined up (or even having interviews scheduled)" holding that:

> By voluntarily quitting suitable employment for personal reasons, [Barbour] has failed to exercise reasonable diligence. Through his voluntary resignation, Barbour freely chose to incur a loss in his earnings. It would be unfair to saddle the defendants with the costs associated with Barbour's unreasonable decision. *Id*. (internal citations omitted).

The Sixth Circuit has held that a defendant's liability for back pay is tolled when the plaintiff suffers a "**willful loss of earnings**." *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). That is exactly what has happened here. Similarly, in *Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279, 1288 (M.D. Fl. 2001), the court found that plaintiff could not recover lost wages after she voluntarily quit comparable employment for personal reasons related to child care. Plaintiff's reasons for moving north were entirely personal, and her resultant loss of earnings was willful. Any back pay awarded should be tolled during the period between her resignation from Quest and her next full-time position. *See Delight Wholesale Co.*, *supra*.

## II. It Is For The Court To Determine Whether Plaintiff Is Entitled To Backpay

In the Sixth Circuit, as well as in other Circuits, back pay is an equitable remedy and the determination of whether a plaintiff is entitled to such relief must be made by the court. *See Bordeau v. Saginaw Control & Engineering, Inc.*, 446 F. Supp. 2d 766, 771 (E.D. Mich. 2007); *see also Moore v. Sun Oil Co. of Penn.*, 636 F.2d 154, 157 (6th Cir. 1980); *Moll v. Parkside Livonia Credit Union*, 525 F.Supp. 786, 793-794 (E.D. Mich. 1981).[2] As the Court in *Moore* held, ". . . back pay, under the law of this circuit, is equitable relief, and therefore the parties are not entitled to a jury trial with respect to such issue even though reinstatement is not sought." *Moore*, 636 F.2d at 156.

Should the Court determine that a back pay award is appropriate, the claim could then be submitted to the jury for a determination as to amount. However, before the issue of back pay is even considered by the jury, the Court should decide whether Plaintiff is entitled to such relief. The evidence, including Plaintiff's own admissions, shows that she is not entitled to backpay based upon her voluntary relinquishment of comparable employment for personal reasons.

---

[2] Other circuits are in agreement with this approach. *See, e.g., Spencer v. Wal–Mart Stores, Inc.*, 469 F.3d 311, 315 (3rd Cir. 2006) (holding that back pay is a form of equitable relief awarded at the discretion of the court); *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1184 (11th Cir. 2010) (back pay is considered equitable relief to be determined by the court).

## CONCLUSION

Plaintiff has failed to use reasonable diligence to seek comparable employment since her separation from Defendant. Instead, Plaintiff secured a full-time job that she quit after only four months for personal reasons. Accordingly her claim for back pay should be stricken and any testimony or other evidence relating to her claim for back pay is irrelevant and should be excluded pursuant to FRE 401 and 402.

Respectfully submitted,

**VARNUM LLP**

BY:  /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
160 W. Fort Street, Fifth Floor
Detroit, MI
(313) 481-7300
tjmiglio@varnumlaw.com

Dated:  April 8, 2016                       bebuchanan@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

              /s/ Terrence J. Miglio
            Terrence J. Miglio (P30541)