UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
OR IN THE ALTERNATIVE, *IN LIMINE* TO EXCLUDE ANY
EVIDENCE RELATING TO PUNITIVE DAMAGES**

**I.  The *Travis* Case, Relied On By Plaintiff, Is Not Persuasive And Should Not Be Followed**

Plaintiff relies on *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108 (7th Cir. 1990) to support her claim for punitive damages.  However, *Travis* is not persuasive and its reasoning should not be adopted by this Court.[1]  In *Travis*, the Seventh Circuit held that because there was no legislative history concerning the

---

[1] *See* Defendant's Brief in Support of its Motion pages 2-5 for an analysis of *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000), which declined to award punitive damages.  *See* ECF Dkt. #69, pp. 2-5.

anti-retaliation provision of the FLSA, Congress must have intended for the judiciary to decide whether punitive damages are available. *Travis*, 921 F.2d at 111. The *Travis* court reached this conclusion, even though Congress had expressly described measures of relief in the Act but failed to specify the availability of punitive damages. (*Id.*) However, as the Eleventh Circuit in *Snapp* noted, "Congress has been far from silent on the question of remedies for violations of the FLSA . . . And when Congress has laid out a statutory scheme that redresses violations of a federal right, it is not the judiciary's role to supplement the legislative determination." 208 F.3d at 937. As to Plaintiff's argument that the Supreme Court's decision in *Franklin v Gwinnett County Public* Schools, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), would allow for punitive damages, the *Snapp* court rejected that very argument:

> Plaintiff also argues that the Supreme Court's decision in *Franklin v. Gwinnett County Public Schools* compels the conclusion that "legal relief" includes punitive damages . . . The *Franklin* presumption only applies, however, when "a right of action exists to enforce a federal right and Congress is silent on the question of remedies." 208 F.3d at 936 (internal citations omitted).

Indeed, and with respect to the FLSA, Congress was not silent, but specifically delineated the remedies for violations of the FLSA. Further, multiple district courts have rejected the *Travis* court's reasoning. In *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224 (D. Utah 2002), the Court denied an award of punitive damages, concluding that "the Seventh Circuit's [*sic*] reasoning in *Snapp* merely

2

states that because there is no legislative history on the issue it was left to the courts to decide and legal relief is commonly understood to include compensatory and punitive damages." *Id*. at 1230. The Court also agreed with the *Snapp* court's "exhaustive analysis of the statutory language" and its reasoning that the enumerated forms of relief were compensatory in nature and that "allowing punitive damages would be inconsistent with the section's purpose because they are intended to punish and deter willful and intentional violations." *Id*.

In *Lanza v. Sugarland Run Homeowners Ass'n, Inc.*, 97 F. Supp. 2d 737 (E.D. Va. 2000), after an extensive discussion of the unconvincing nature of the *Travis* decision, held:

> . . . it is important to note that the issue here is not whether some minor or insignificant matter may be judicially added to a statute to remedy an inadvertent legislative omission. Punitive damages are not a minor or insignificant aspect of a remedial scheme; to the contrary, they are of central significance, and thus it cannot be argued that the presence or absence of punitive damages is of little consequence and its absence from a statutory remedial scheme the product of inadvertent legislative omission. Consequently, where, as here, the statute makes no explicit mention of punitive damages and the remedial scheme makes clear that the right afforded to aggrieved employees is compensatory in nature, courts may not engraft punitive damages onto the statute. Accordingly, defendants' motion to dismiss plaintiffs' claim for punitive damages must be granted. *Id*. at 742.

In *Allen v. Garden City Co–Op, Inc.*, 651 F. Supp. 2d 1249 (D. Kan. 2009), the Court rejected the *Travis* court's analysis, found the reasoning of *Snapp* persuasive, and held that punitive damages were not available under the FLSA.

3

The court held: "All of the listed remedies in section 216(b) appear to be compensatory in nature indicating that the phrase 'legal or equitable relief ... without limitation' relates to compensatory damages." *Id*. at 1264-1265.

According, the Court should adopt the reasoning of *Snapp* and the multiple district courts, and strike Plaintiff's claim for punitive damages.

**II.     Courts Should Not Read A Remedy Into The FLSA That Congress Did Not Intend To Provide**

As the Supreme Court has explained, "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S. Ct. 242, 247, 62 L.Ed.2d 146 (1979). "The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *California v. Sierra Club*, 451 U.S. 287, 297, 101 S. Ct. 1775, 1781, 68 L.Ed.2d 101 (1981). The Sixth Circuit has followed the Supreme Court's instruction in this regard. In *Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996), the plaintiff sought punitive damages pursuant to §504 of the Rehabilitation Act. In denying punitive damages, the Sixth Circuit noted that Congress did not provide for them, even though it had amended the language of the statute on more than one occasion, and indicated "[t]he repeated enactment of amendments to the Rehabilitation Act without altering the existing understanding that punitive damages were not available under § 504 is a pretty clear indication,

4

we think, that Congress did not intend to allow such damages." *Id*. at 788, 791. The Court also declined to provide for punitive damages where the statute provided for a particular remedy, and punitive damages were not included. *Id*. at 792.

Congress could have – but did not – include punitive damages in the list of available remedies in the FLSA, even when it amended the language of the statute. This Court should follow the rulings of the Supreme Court and the Sixth Circuit, and not engraft a remedy on the statute which was not provided by Congress.

**III.   The Cases Plaintiff Relies Upon Regarding "Legal and Equitable Relief" Involved Statutes Which Explicitly Provided For Punitive Damages**

Plaintiff cites two Sixth Circuit cases to support her contention that punitive damages should be allowed as part of "legal relief" enumerated in the FLSA.[2] Neither is applicable here. *Moore v. Sun Oil Co. of Pennsylvania*, 636 F.2d 154 (6th Cir. 1980) involved the right of a party to a jury trial pursuant to 42 U.S.C. § 1981. This statute expressly provides for recovery of both compensatory and punitive damages. The Court allowed the plaintiff a jury trial to seek the legal remedies that were allowed by the statute. *Id*. at 157. Similarly, in *Harris v. Richards Mfg. Co., Inc.*, 675 F.2d 811 (6th Cir. 1982), the plaintiff sought remedies that were explicitly available to her pursuant to 42 U.S.C. § 1981, namely compensatory and punitive

---

[2] The *Travis* court also claimed that "legal" relief includes compensatory and punitive damages, but cited to no authority to support that conclusion. *Travis*, 921 F.2d at 111.

5

damages. Thus, *Moore* and *Harris* in fact support Defendant's argument that available remedies should be limited to those which Congress specified.

### IV. Contrary To Plaintiff's Assertion, There is No Authority Within the Sixth Circuit That Allows for Punitive Damages In An FLSA Retaliation Case

Plaintiff falsely asserts that "the only cases in the Sixth Circuit to deal with this issue, recent cases from the Eastern District of Michigan, support Plaintiff's ability to request punitive damages" and "the only authority . . . has strongly suggested, if not concluded, that punitive damages are available under the anti-retaliation provision of the FLSA." *See* Response, ECF Dkt. #75, pp. 1, 10.

Only the Seventh and Eleventh circuits have ruled on the issue of punitive damages. The Sixth Circuit has not decided the issue, nor has any court in the Eastern District of Michigan. In *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004), the court acknowledged a split in the circuits as to whether the FLSA permits punitive damages, but did not decide whether punitive damages were available.

Neither of the two Eastern District of Michigan cases have concluded that punitive damages are available. Specifically, in *Hill v. Herbert Roofing & Insulation, Inc.*, No. 13-cv-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) the plaintiff moved to strike the defendant's affirmative defense regarding the availability of punitive damages. Judge Ludington noted that "[o]f [the plaintiff's] three claims [FLSA, Michigan Minimum Wage Law and the Bullard-Plawecki Right to Know Act], only the FLSA claim provides a **possibility** for Hill

6

to recover punitive damages." *Id.*, emphasis added.  Nothing in that decision suggests that punitive damages are available.  It is simply a "possibility" that they may be recoverable – and just as likely that punitive damages are <u>not</u> recoverable.

In *Southerland v. Corp. Transit of Am.*, No. 13-14462, 2014 WL 4906891, at *8 (E.D. Mich. Sept. 30, 2014), Judge Levy noted that punitive damages were not available for the plaintiffs' FLSA minimum wage and overtime claims, but that "such damages could only be recovered under the FLSA's anti-retaliation provision."  Judge Levy did not state that punitive damages were available; she simply noted the difference in language between the different provisions of the FLSA. Thus, there is no authority in the Sixth Circuit or the Eastern District of Michigan which allows for punitive damages.

## CONCLUSION

Plaintiff's claim for punitive damages should be stricken and all evidence pertaining to such a claim should be excluded.

Respectfully submitted,
**VARNUM LLP**

BY:   /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
160 W. Fort Street, Fifth Floor
Detroit, MI
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Dated:  April 8, 2016

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

          /s/ Terrence J. Miglio
    Terrence J. Miglio (P30541)