UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO BAR PLAINTIFF FROM INTRODUCING ANY EVIDENCE REGARDING HER ALLEGED MEDICAL OR PSYCHOLOGICAL CONDITION

Plaintiff is not a healthcare provider or an expert of any kind. She should not be permitted to offer testimony or opine as to whether she is suffering from any medical or psychological condition or whether her termination caused any such medical or psychological condition. She cannot testify as to what any physician, psychologist or therapist told her about her medical or psychological condition. Plaintiff's Response to Defendant's Motion completely failed to address these issues.

**I.    Plaintiff Is Not An Expert And Should Be Precluded From Offering Inadmissible Lay Witness Testimony As To Whether Her Termination Was The Cause Of Any Alleged Medical Or Psychological Condition**

1

Plaintiff has completely misunderstood Defendant's pending Motion and has failed to respond accordingly. Defendant does not dispute that Plaintiff is entitled to testify as to how she *felt* after she was terminated. She is prohibited, however, from testifying as to whether her termination was the *cause* of any alleged medical or psychological condition she may have.

In the Final Pretrial Order ("FPTO"), Plaintiff claims: "The jury will hear evidence of Plaintiff's treatment with a health professional designed to help her cope with the depression and anxiety she has experienced as a result of this event [i.e., the wrongful termination], including the need for high doses of Paxil and Xanax." *See* FPTO, ECF Dkt. #66, pp. 6-7. Plaintiff, however, has listed no experts that will testify regarding her alleged "depression and anxiety" nor any doctors or treaters as witnesses; she has identified no medical or treatment records as exhibits to be offered at trial. It can only be assumed that Plaintiff intends to present her own testimony regarding the nature, duration, treatment, severity and/or the causes of any medical or psychological conditions. Such lay witness testimony is inadmissible.

For example, in *Jama v. City of Memphis*, No. 03-2965 Ma/P., 2006 WL 5499283, at *3 (W.D. Tenn. Dec. 29, 2006)[1], the defendant filed a motion *in limine* seeking to exclude any testimony by the plaintiff that the physical conditions he allegedly experienced resulted from the incident that was the basis for the lawsuit.

---

[1] Unpublished cases are attached hereto as Exhibit A.

2

The defendant asserted that the plaintiff could testify about his physical conditions, but that his opinion about the *cause* of those conditions was beyond his experience and knowledge and would be mere speculation. The Court agreed, holding:

> Courts have held that, when injuries are of such a character as to require skilled and professional persons to determine the cause and extent of the injuries, the cause of the injuries must be determined by medical testimony. *See Franklin v. Shelton,* 250 F.2d 92, 97-98 (10th Cir. 1958)(holding that injured plaintiff was competent to testify that she was suffering from defective vision and certain female disorders, but she was not competent to testify as to the cause of those conditions) . . . While a lay witness may be competent to testify, for example, that a laceration was caused by a cut from a sharp object, Jama's complaints of pain and physical difficulties do not have such an obvious source. Jama is not competent to testify about the cause of his injuries. Memphis's motion to exclude this testimony is GRANTED. *Id.* at *3.

The court reached a similar conclusion in *Lynch v. L'Oreal USA S/D, Inc.*, Civil Action No. 11-cv-01343-RBJ-MWJ, 2012 WL 4356231, at *4 (D. Colo. Sept. 24, 2012), holding:

> Ms. Lynch is certainly qualified to discuss the injuries to her face and how they affected her physically and emotionally. However, Ms. Lynch is not qualified to testify about the cause of these injuries. Linking the injuries to Ms. Lynch's face with the use of the Lancome Products would require expert testimony. "The weight of evidence, is, of course, for the jury's determination and not for the court. But whether proffered evidence is competent, is a question of law for the court's determination." Because Ms. Lynch has not identified any expert witness, she has not come forward with competent evidence to show causation. *Id.* (internal citations omitted)

*See also Villalba v. Consol. Freightways Corp. of Delaware*, No. 98 C 5347, 2000 WL 1154073, at *4 (W.D. La. Aug. 14, 2000)("Because the reasons for Villalba's

3

suicide attempt . . . are not sufficiently obvious to lay persons, any causal relationship between the accident and the suicide attempt must be established by expert testimony."); *Mahaney ex rel. estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 304 (W.D. Ky. 2011) (plaintiff's statement that a particular drug "caused her bones to harden" was inadmissible opinion evidence and the plaintiff's statements on "causation" represented "improper testimony.")[2]

Plaintiff is not an expert, and she should not be allowed to offer lay witness testimony as to the *cause* of her alleged medical or psychological conditions.

## II. Plaintiff May Not Testify About The Diagnosis, Severity, Duration Or Treatment Of Any Medical Or Psychological Condition Or Any Other Information She Learned From Any Healthcare Provider

Plaintiff is also precluded from testifying about what any physician, psychologist or therapist told her about her alleged medical or psychological condition(s) since such testimony would constitute inadmissible hearsay. This is not competent medical proof, and such testimony should be excluded.

For example, in *Saley v. Caney Fork, LLC*, 886 F.Supp.2d 837, 847 (M.D. Tenn. 2012), the plaintiff tried to introduce his deposition testimony of a medical

---

[2] Contrary to Plaintiff's assertion, Defendant's citation to *United States v. Ganier*, 468 F.3d 920 (6th Cir. 2006) in its original brief is appropriate and applicable, because Defendant seeks to preclude Plaintiff from offering any specialized testimony regarding her alleged medical conditions (not layperson testimony about her feelings), such as would be offered by a doctor or psychologist, regarding the *cause* of her alleged medical conditions.

4

diagnosis to support his claim of a permanent impairment in an ADA action. The defendant objected to the admission of such evidence, arguing that "Plaintiff's own statements recounting his hemochromatosis diagnosis are inadmissible hearsay not subject to an exception." *Id*. at 847. The Court agreed. *See also Holt v. Olmsted Twp. Bd. of Trustees*, 43 F. Supp. 2d 812, 819 (N.D. Ohio 1998)("statements by a patient regarding medical opinions and diagnoses made by doctors who have examined a patient are not admissible under Fed. R. Evid. 803(4)"); *see also Barlow v. Riley*, No. 12-2058, 2013 WL 2300762, at *2 (C.D. Ill. May 24, 2013)("The Court agrees with Defendant that Plaintiff should be barred from providing opinions or conclusions, including his own opinions, about his medical condition . . . Plaintiff is also barred from testifying about what the doctors have told him about his condition.")

Accordingly, Plaintiff may not testify as to what she learned from any healthcare provider as to the condition she allegedly suffers from, or the severity duration or treatment of such a condition. All such matters fall within the province of healthcare expert and Plaintiff has listed no such experts to be called at trial.

**III.   The Authority Relied Upon By Plaintiff Is Inapposite To Defendant's Motion**

Plaintiff cites to a litany of cases which purportedly establish that a plaintiff can testify as to how she felt when she suffered an adverse employment action. Defendant does not dispute that proposition, and such authority does not authorize

5

the admission of testimony by Plaintiff which Defendant's Motion seeks to exclude. It should be noted, however, that many of the cases cited by Plaintiff make clear that subjective testimony standing alone, is generally insufficient to support an award of damages, or will only support a very small award.

For example, in *Green v. City of New York*, No. 01 Civ.1996(RMB), 2011 WL 690498 (S.D.N.Y. Feb, 22, 2011), *Reiter v. Metro. Transp. Auth. Of New York*, No. 01 Civ. 2762, 2003 WL 22271223 (S.D.N.Y. Sept. 30, 2003), *McIntosh v. Irving Trust Co.*, 887 F.Supp. 662 (S.D.N.Y 1995), *Tanzini v. Marine Midland Bank*, 978 F.Supp. 70 (N.D.N.Y 1997), *Shannon v. Fireman's Fund Ins. Co.*, 156 F.Supp.2d 279 (S.D.N.Y. 2001), *Lynch v. Town of Southampton*, 492 F. Supp.2d 197 (E.D.N.Y. 2007) and *Ginsburg v. Valhalla Anesthesia Associates, P.C.*, No. 96 CIV. 6462 (HB), 1997 WL 669870 (S.D.N.Y. Oct. 28, 1997), the plaintiffs offered limited, subjective testimony regarding their alleged emotional distress. Also, in these cases, the courts significantly reduced the amount of emotional distress damages.

Moreover, *Standen v. Gertrude Hawk Chocolates, Inc.*, No. 3:11CV1988, 2014 WL 1095129 (M.D. Pa. March 19, 2014) supports Defendant's position. The plaintiff was limited to describing her feelings, emotions and symptoms, and was prohibited from discussing her medical diagnosis or prognosis.

Plaintiff misrepresented the holding in *Kovacic v. Ponstingle*, No. 1:05CV2746, 2014 WL 4715859 (N.D. Ohio, Sep. 22, 2014) which in fact supports

6

Defendant's argument. The *Kovacic* Court held "*plaintiffs may testify regarding their symptoms (and when they began), but may not testify to causation*" and "there is no single, concrete incident from which plaintiffs can trace their alleged injuries… without expert testimony, there is no way that a lay juror can be expected to determine whether plaintiffs' alleged emotional injuries were caused by the discrete events that remain in this case. Without expert testimony as to causation, any monetary award of damages by a jury would be pure speculation . . . *The Court will not permit plaintiffs to testify to mental health diagnosis and conditions . . .*" *Id*. at *2, 4-5 (emphasis added).

## CONCLUSION

Accordingly, the Court should grant Defendant's Motion *in Limine* and bar Plaintiff from introducing any evidence regarding her alleged medical or psychological condition.

Respectfully submitted,

**VARNUM LLP**

BY:   /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
160 W. Fort Street, Fifth Floor
Detroit, MI
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Dated: April 8, 2016

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

           /s/ Terrence J. Miglio
           Terrence J. Miglio (P30541)