# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI  48375 |
| Detroit, MI  48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

I.  **Defendant Seeks to Introduce Evidence of a 16 Year-Old Sexual Assault to Suggest Plaintiff Is Both a Liar and a Victim**

This case involves retaliation related to Plaintiff's complaints of nonpayment of wages for lunches that she was forced to work and has nothing to do with damages sustained for sexual impropriety by agents of Henry Ford. Defendant is attempting to distract the jury from the case-in-chief by litigating over the details of a sexual assault that was perpetrated against Ms. Reeser sixteen years ago. Even if Defendant could argue that the sexual assault is the cause of Plaintiff's emotional distress, the sheer amount of time passed makes its probative value as to truthfulness nonexistent.

"[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."[1] In *Schatzki*, Defendants sought to cross-examine a Plaintiff regarding a criminal conviction and professional sanctions that "occurred 17 years ago" in

---

[1] Fed. R. Ev. 608(b) (However, a Court may, on cross examination, allow specific instances of a witness's conduct "to be inquired into **if they are probative of the character for truthfulness** … of ... the witness"). "Whether an act speaks to a witness's truthfulness **depends on the specific transgression**." *Schatzki v. Weiser Capital Mgmt., LLC*, No. 10 CIV. 4685, 2014 WL 46477, at *2 (S.D.N.Y. Jan. 6, 2014) (emphasis added)(attached as *Exhibit A*). "[A]cts such as perjury reflect on the witness' truthfulness, acts such as … the witness' failure to pay debts do not." *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y.1988).

1

order to probe the Plaintiff's truthfulness. *Schatzki* at *2. The court denied this, finding that the "probative value . . . is weakened by its age."[2]

In *Crimm v. Missouri Pac. R. Co.*, a "district court held that the alleged falsification of [an employment] application was not probative of [a witness]'s truthfulness because the falsification occurred two years before the sexual harassment incident and [the witness] subsequently admitted the [truth] in the deposition."[3] The Eighth Circuit held "the district court did not abuse its discretion in determining that this evidence was inadmissible." *Id.* Plaintiff's assault occurred 16 years ago, and on this basis alone, the probative value is weak.

It is also inappropriate to use Plaintiff's 2000 assault to demonstrate emotional harm. Defendant's cases <u>are all cases related to sexual harassment</u>. Plaintiff's harm has nothing to do with emotional harm related to sexual harassment or assault. As the Court noted in *Anderson v. Abercrombie & Fitch Stores, Inc.*, "the bare fact that plaintiff alleges that the improper behavior produced emotional distress will not justify a defendant's requested invasion of plaintiff's sexual privacy."[4]

---

[2] *Id.* (citing *Pepe v. Jayne*, 761 F.Supp. 338, 343 (D.N.J.1991) (finding that "the probative value of an eleven year old misdemeanor conviction for filing false tax returns was slight" under Fed. R. Ev. 609)).

[3] *Crimm v. Missouri Pac. R. Co.*, 750 F.2d 703, 707 (8th Cir. 1984)

[4] *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06CV991-WQH (BLM), 2007 WL 1994059, at *4 (S.D. Cal. July 2, 2007) (attached as *Exhibit B*) (When a Plaintiff limits her "claim for emotional distress to the standard mental injuries associated with an allegedly wrongful termination . . . Plaintiff . . . tender[s her] mental condition . . . only as it relates to the alleged wrongful termination.")

2

Defendant states, citing page 78 of Plaintiff's deposition, "Plaintiff admits that for the past 16 years, she has sought treatment and medication as a result of a sexual assault." Def.'s Resp., p. 3. Nowhere in the deposition does Plaintiff make such a claim. (*Exhibit C*) Therefore, this evidence should be excluded.

## II. Evidence of Bork's Financial Assistance to Plaintiff is Clearly Irrelevant Impermissible Character Evidence

Any evidence of Fiona Bork's financial assistance to Plaintiff is irrelevant and impermissible character evidence under Federal Rules of Evidence 404(a) and 608(b) and is unduly prejudicial. Bork's financial assistance to Plaintiff was made before Plaintiff's complaints for nonpayment of lunches, and long before her decision to terminate Plaintiff. It provides no insight into relevant issues.

Defendant cites *Boddicker v. Esurance, Inc.*[5] In that case, the plaintiff did not identify how the evidence he wished to exclude would be used as character evidence. Plaintiff has stated Defendant will introduce evidence of Bork's financial assistance to improperly support her character for truthfulness, generosity, or good character.

## III. All Three of Plaintiff's Proposed Uses of Plaintiff's Employment History Are Impermissible

Defendant failed to produce an employment application in discovery that it now seeks to introduce at the 11th hour. Defendant also failed to list this document

---

[5] *Boddicker v. Esurance, Inc.*, No. CIV 09-4027-KES, 2011 WL 873473, at *2-3 (D.S.D. Mar. 8, 2011) (attached as *Exhibit D*).

3

in the Final Pretrial Order. "If a party fails to provide information . . . the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[6]

Further, "[w]here an employer seeks to rely upon after acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." Defendant has not established it would fire an employee who submitted incomplete information on their job application.[7]

Next, Defendant wishes to introduce Plaintiff's employment history as evidence that she only works for employers for short periods of time. Since leaving Henry Ford in 2013, Plaintiff has regularly worked as a phlebotomist. Her record of employment before being trained as a phlebotomist and beginning her new career is irrelevant to establish her front pay, as the court should consider only the length of

---

[6] Fed. R. Civ. P. 37. "Fed.R.Civ.P. 37(b)(2)(B) provides for the preclusion of evidence by a party failing to provide . . . discovery" *Rabb v. Amatex Corp.*, 769 F.2d 996, 999-1000 (4th Cir. 1985). Defendant failed to produce this document after Plaintiff requested "each record [or] document . . . which in any manner concerns Plaintiff [or] her employment with Defendant". Pl.'s First Set of Requests for Production of Documents, p. 8. (attached as *Exhibit E*)

[7] In addition, even if Defendant could prove it was a terminable offense to not include every previous position on her application, to bar relief based on after-acquired evidence, there must be proof that: '1) the employer was unaware of the misconduct when the employee was discharged'" *O'Neill v. Runyon*, 898 F. Supp. 777, 781 (D. Colo. 1995). Defendant had a copy of Plaintiff's resume which listed jobs not found on her employment application. Defendant was well aware that not all of Plaintiff's previous positions were listed on her employment application.

4

time Plaintiff would remain in her position or similar positions.[8] Similarly, penalizing Plaintiff for failing to land steady full-time employment after her wrongful termination is unduly prejudicial.

Finally, Defendant seeks to introduce evidence that Plaintiff has a character for untruthfulness as a result of false information provided on previous job applications. However, Defendant does not state what this information is or why the information should be considered false. Therefore, it has no relevance.[9]

### IV. Defendant Seeks to Confuse the Jury By Introducing Evidence of Plaintiff's Lawsuit Against Jeffrey Automotive

Defendant states in its' Response, that it believes that the evidence of Plaintiff's lawsuit against Jeffrey Automotive is relevant, because "[o]ne of the reasons that Plaintiff was terminated by Jeffrey Automotive was for improperly using a company computer to post a dating advertisement on Craig's List, the same type of misconduct for which Plaintiff was counseled by her HFHS supervisor." Def.'s Resp., p. 13. Throughout this lawsuit, Defendant has always maintained that

---

[8] See *Barbour v. Merrill*, 48 F.3d 1270, 1280 (D.C. Cir. 1995) ("Factors that the court may wish to consider include . . . Barbour's age; Barbour's entirely reasonable intention to remain at Medlantic until retirement, had Medlantic hired him; the length of time Medlantic's Directors of Corporate Materials Management **typically held that position**; how long Rich held **that position**; the length of time persons in **similar positions** at other companies generally hold those positions . . . and whether Medlantic in any other way supported its claim that Barbour would not have remained at Medlantic until his retirement.")(emphasis added).

[9] Defendant does not address Plaintiff's termination from Leoni Engineering in its' Response. Therefore, this evidence should be excluded.

5

the reason for Plaintiff's termination was job abandonment. Def.'s Mot. for Summ. Judg., p. 23. Now, **Defendant states it will** attempt to use Plaintiff's lawsuit against Jeffrey Automotive to **offer a new defense**, that Plaintiff was discharged for misconduct related to computer usage. Such evidence unduly prejudices Plaintiff.[10]

## V. There Is No Indication That Plaintiff's 2011 Bankruptcy Is Causing Her Emotional Pain and Suffering

Defendant suggests that it does not intend to use Plaintiff's 2011 bankruptcy as evidence of her motive to file a lawsuit, only to demonstrate an alternative source of emotional harm. In *E.E.O.C. v. New Breed Logistics*, a sexual harassment case, Defendant argued it should be allowed to introduce plaintiff's "bankruptcy filings as relevant to the source of Pete's emotional distress."[11] The court held that "this proffered evidence is irrelevant to any issue in dispute" and granted the "EEOC's Motion in Limine with respect to Pete's bankruptcy filings." *Id.* at *2.

---

[10] Defendant also argues that it should be able to introduce evidence of the lawsuit as evidence of a plan or scheme to sue employers. Even the cases cited by Defendant acknowledge, "defendants cannot admit evidence of plaintiff's prior lawsuits for the purpose of proving the plaintiff is litigious." *Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *2 (D. Kan. Oct. 22, 2008) (attached as *Exhibit F*). Yet this is exactly what Defendant suggests it will do. A common scheme or plan refers to a situation such as the one in Defendant's case *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490 (7th Cir. 1998), in which the plaintiff forged documents in two different lawsuits. Here, the simple fact that Plaintiff filed a lawsuit, does nothing to demonstrate a common scheme, it is a blatant attempt to prove Plaintiff is litigious.
[11] *E.E.O.C. v. New Breed Logistics*, No. 10-2696-STA-TMP, 2013 WL 10129246, at *1 (W.D. Tenn. Apr. 26, 2013) (attached as *Exhibit G*).

6

Defendant has offered no evidence to suggest that Plaintiff suffers from emotional harm related to her bankruptcy, therefore, the evidence is irrelevant and its' probative value is substantially outweighed by the potential prejudice.[12]

## VI. Plaintiff's Disclosures Do Not Constitute a Violation That Is Terminable Under HIPAA or HFHS Policy

Defendant offers no case law to argue against Plaintiff's position that her transportation of documents to Jill Hood's office or disclosure in discovery constitute terminable offenses under HIPAA. *Kempcke*, *Womack*, *Quinlan*, make clear that when an employee comes across patient information innocently and disseminates it to their attorney, this action is not a terminable offense.[13] Defendant does not believe that Plaintiff's acquisition of the documents was innocent. However, it is obvious Plaintiff innocently acquired the documents when individuals, including Defendant's managerial agents, emailed them to her. This is clearly "in the ordinary course of . . . her duties". *Quinlan* at 254.[14] Therefore, evidence related to this issue should be excluded as irrelevant and unduly prejudicial.

---

[12] Defendant does not cite to the voluminous medical documents that have been exchanged or Plaintiff's deposition testimony. In fact, Plaintiff's bankruptcy ended in the discharge of her debts. (Reeser Dep. 68) If anything, Plaintiff's financial situation would have improved between 2011 and 2013 after this discharge.

[13] *Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir. 1998); *Womack v. Delaware Highlands Al Servs Provider, LLC*, 883 F. Supp. 2d 1013, 1025 (D. Kan. 2012); *Quinlan v. Curtiss-Wright Corp.*, 204 N.J. 239, 254 (2010).

[14] Even under Defendant's own policies, disclosure of confidential information is not a terminable offense, but simply warrants a warning. (See *Exhibit H*).

7

                                                  Respectfully submitted,

                                                  **MILLER COHEN, P.L.C.**

                                                  By: /s/ Adam C. Graham
                                                         Adam C. Graham (P79361)
                                                         *Attorneys for Plaintiff*
                                                         600 W. Lafayette Blvd., 4th Floor
                                                         Detroit, Michigan 48226

Dated: April 8, 2016                     (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

            Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

       Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 39500 High Pointe Blvd., Ste. 350 |
| 600 W. Lafayette Blvd., 4th Floor | Novi, MI 48375 |
| Detroit, MI 48226-0840 | (248) 567-7828 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

I hereby certify that on *April 8, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

            Respectfully submitted,

            **MILLER COHEN, P.L.C.**

        By: /s/ Adam C. Graham
            Adam C. Graham (P79361)
            *Attorneys for Plaintiff*
            600 W. Lafayette Blvd., 4th Floor
            Detroit, Michigan 48226
            (313) 964-4454