# EXHIBIT G

2013 WL 10129246
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee,
Western Division.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,
v.
NEW BREED LOGISTICS, Defendant.

No. 10–2696–STA–tmp.
|
Signed April 26, 2013.

**Attorneys and Law Firms**

Anica C. Jones, Equal Employment Opportunity Commission, Nashville, TN, Faye A. Williams, Joseph M. Crout, Kelley R. Thomas, Matthew H. McCoy, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Delaine R. Smith, Asia Nicole Diggs, Louis P. Britt, III, Ford & Harrison LLP, Memphis, TN, Jason Keith Priebe, Ada W. Dolph, Christopher J. Degroff, Gerald L. Pauling, Rebecca Sharon Bromet, Seyfarth Shaw, Chicago, IL, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE*

S. THOMAS ANDERSON, District Judge.

*1 Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion *in Limine* (D.E.# 168) asking the Court to exclude evidence of Tiffany Pete's ("Pete") bankruptcy filings, personal calendar, and unemployment benefits; filed April 16, 2013. Defendant New Breed Logistics ("New Breed") filed a Response (D.E.# 193) on April 23, 2013. For the reasons stated herein, the Court **GRANTS** EEOC's Motion *in Limine.*

EEOC contends the Court should exclude Pete's bankruptcy filings as irrelevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action."[1] "Relevant evidence is admissible unless any of the following provides otherwise ... these rules [.]"[2]

New Breed argues it wishes to present a defense of judicial estoppel and that Pete's bankruptcy petitions are highly probative towards that defense. However, judicial estoppel is an affirmative defense.[3] "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... estoppel[.]"[4] New Breed made no mention of judicial estoppel in its Answer to EEOC's Amended Complaint.[5] New Breed made no attempt to amend its Answer to add such a defense. New Breed attempted to reserve further affirmative defenses as might become apparent through discovery in its Answer.[6] However, the Court granted summary judgment for EEOC on the issue of whether New Breed could reserve undefined defenses in this manner and instructed New Breed that the proper way to assert such defenses was through amendment of its Answer.[7] Therefore, judicial estoppel is not an issue in this trial, and the Court looks with disfavor on any attempt by New Breed to raise it at this late date.

New Breed further maintains it wishes to present Pete's bankruptcy petitions as evidence of Pete's motivations in filing her complaints. As noted in a previous order, the Court finds evidence of financial troubles irrelevant to the issue of motive in filing a complaint with EEOC—it seems beyond dispute that a person who stands to gain financially has a motive to sue, whether or not they are in financial distress.[8] New Breed cites to two out-of-circuit and inapposite cases for the proposition that evidence of financial distress is relevant to motive: *Kostelec v. State Farm Fire & Cas. Co.*[9] and *Lube v. Travelers Indem. Co.*[10] Both cases involve admission of evidence of financial distress as relevant to motive for arson; what neither case does is hold evidence of financial distress is relevant to motive for filing a lawsuit.

Finally, New Breed argues the Court should allow it to introduce Pete's bankruptcy filings as relevant to the source of Pete's emotional distress. The Court finds this evidence to be irrelevant to that issue. Although New Breed cites a 10th Circuit case where it was proper to admit evidence of a prior bankruptcy,[11] the Court finds the issues and facts in this case sufficiently distinguishable so as to consider this authority unpersuasive. In *York,* the plaintiff had filed bankruptcy in 1985 and claimed emotional distress over discriminatory treatment she received in 1992. Here, Pete filed bankruptcy

*after* New Breed's allegedly discriminatory acts. Her financial distress could, in large part, be caused by the loss of her job. To argue Pete's bankruptcy filings are somehow relevant to emotional distress separate than that caused by New Breed's allegedly discriminatory actions seems tenuous at best, and disingenuous at worst.

***2** Since this proffered evidence is irrelevant to any issue in dispute, the Court **GRANTS** EEOC's Motion *in Limine* with respect to Pete's bankruptcy filings.

EEOC argues the Court should exclude Pete's personal calendar as irrelevant to any fact in dispute and that its prejudicial effect would greatly outweigh any probative value it might have. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." [12] "Relevant evidence is admissible unless any of the following provides otherwise ... these rules[.]" [13] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice[.]" [14]

New Breed first argues Pete's diary entries are relevant to the issue of whether Pete found James Calhoun's ("Calhoun") statements subjectively offensive, because Pete used certain words in the calendar to describe her own sexual encounters. The Court disagrees. What language Pete may use in her personal documents in relation to her own sexual relationships has no bearing whatsoever on what language she might find offensive in a workplace environment from someone with whom she does not have any sexual relationship.

New Breed next argues Pete's diary entries are relevant to the issue of Pete's attempts to find new work and mitigate damages, as Pete noted certain job interviews in her diary. The Court agrees this evidence is somewhat probative to this issue. However, the Court also notes information regarding Pete's attempts to mitigate is available through other sources, and presentation of the diary may only be cumulative. Even granting some minimal probative value, the potential prejudicial effect on the jury of going through a litany of Pete's sexual encounters greatly outweighs any additional probative value these calendar entries might bring. Therefore, the Court **GRANTS** EEOC's Motion *in Limine* with respect to Pete's calendar.

Finally, EEOC asks the Court to exclude evidence of Pete's receipt of unemployment benefits as irrelevant to any issue in dispute. New Breed indicates it does not oppose EEOC's Motion *in Limine* with respect to this evidence. Therefore, the Court **GRANTS** EEOC's Motion *in Limine* with respect to Pete's receipt of unemployment benefits.

Because Pete's bankruptcy filings are not relevant to any issue in dispute, and because the potentially-prejudicial effect of Pete's calendar greatly outweighs its probative value, the Court **GRANTS** EEOC'S Motion *in Limine* and excludes Pete's bankruptcy filings and calendar. Because New Breed does not oppose EEOC's Motion *in Limine* with respect to Pete's receipt of unemployment benefits, the Court **GRANTS** EEOC's Motion *in Limine* and excludes Pete's receipt of unemployment benefits.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2013 WL 10129246

Footnotes

1     Fed.R.Evid. 401.
2     Fed.R.Evid. 402.
3     See *Stephenson v. Malloy,* 700 F.3d 265, 271 n. 6 (6th Cir.2012); *Sharp v. Oakwood United Hosps.,* 458 F.Supp.2d 463, 466 (E.D.Mich.2006).
4     Fed.R.Civ.P. 8(c)(1).
5     *See generally* Answer to Amended Complaint, D.E. # 71.
6     *Id.* ¶ 22.
7     Order Granting Plaintiff's Motion for Partial Summary Judgment at 12, D.E. # 141.
8     In fact, a person in Chapter 13 bankruptcy has a compelling reason *not* to sue, as a sudden influx of money might lead to creditors petitioning to force the debtor into a bankruptcy under Chapter 7.

9     *Kostelec v. State Farm Fire and Cas. Co.,* 64 F.3d 1220 (8th Cir.1995).

10    *Lube v. Travelers Indem. Co.,* No. 4:09–CV–00063–WRW, 2009 WL 5185384 (E.D.Ark.2009).

11    *York v. Am. Tel. & Tel. Co.,* 95 F.3d 948, 957–58 (10th Cir.1996).

12    Fed.R.Evid. 401.

13    Fed.R.Evid. 402.

14    Fed.R.Evid. 403.

---

**End of Document**                © 2016 Thomson Reuters. No claim to original U.S. Government Works.