UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

                              CASE NO. 14-CV-11916
v.                              HONORABLE GEORGE CARAM STEEH

HENRY FORD HEALTH SYSTEM,

        Defendant.
_____/

## ORDER REGARDING PARTIES' MOTIONS IN LIMINE

Plaintiff Natalie Reeser alleges retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 291 *et seq.,* for reporting defendant Henry Ford Health System's failure to pay her for lunch breaks both internally and to the State of Michigan. Now before the court are the parties' motions in limine. On April 21, 2016, the court heard oral argument. For the reasons stated on the record, the court ORDERS:

(1) Plaintiff's motion in limine (Doc. 71) to exclude evidence of plaintiff's alleged sexual assault in 2000 is DENIED IN PART in that defendant may introduce evidence of that alleged assault and plaintiff's medical treatment arising out of that incident. The motion is GRANTED IN PART in that evidence that plaintiff gave inconsistent statements about her alleged rape are generally inadmissible, but depending on how the proofs are presented at trial, may become relevant and admissible. Defendant may not seek to admit evidence regarding plaintiff's credibility in relation to the manner in which she has reported the alleged sexual assault to the police, her health care providers, and others, without first obtaining leave of court to do so.

(2) Plaintiff's motion in limine (Doc. 71) to exclude evidence that her supervisor, Fiona Bork, provided here with financial assistance is DENIED.

(3) Plaintiff's motion in limine (Doc. 71) to exclude evidence of her prior work history is DENIED but defendant is barred from introducing into evidence plaintiff's employment application which was not timely disclosed during discovery.

(4) Plaintiff's motion in limine (Doc. 71) to exclude evidence of her lawsuit against Jeffrey Automotive is DENIED IN PART in that defendant may introduce evidence of that lawsuit; however, depending on how the proofs are presented at trial, the court may fashion a curative instruction that jurors are not to consider plaintiff's propensity to engage in litigation as a factor in reaching their verdict. The motion is GRANTED IN PART in that defendant may not elicit testimony about the reason for her termination from Jeffrey Automotive unless plaintiff opens the door as to that issue.

(5) Plaintiff's motion in limine (Doc. 71) to exclude evidence of plaintiff's bankruptcy is GRANTED but defendant may seek leave of court to introduce such evidence should it become relevant at trial.

(6) Plaintiff's motion in limine (Doc. 71) to exclude evidence that plaintiff violated the Health Insurance Portability and Accountability Act of 1996 is DENIED. Depending on how the proofs develop at trial, the court may consider whether to submit the matter to the jury upon the filing of an appropriate motion.

(7) Defendant's motion in limine (Doc. 72) to bar plaintiff from introducing any evidence regarding her alleged medical or psychological condition is GRANTED IN PART in that plaintiff is barred from testifying about statements or any diagnoses made by her

doctors but is DENIED IN PART in that plaintiff may testify about her own feelings, symptoms, why she sought medical treatment, and the medications she is taking.

(8) Defendant's motion in limine (Doc. 70) to strike plaintiff's claim for backpay or to preclude plaintiff from introducing evidence of lost wages is DENIED.

(9) Defendant's motion in limine (Doc. 69) to strike plaintiff's claim for punitive damages or to preclude any evidence relating to punitive damages is DENIED.  Although the court is not prepared at this juncture to rule that such damages are not available as a matter of law, depending on how the proofs are presented at trial, the court may consider the issue in a motion for a judgment as a matter of law brought at the end of trial before the matter is submitted to the jury.

**IT IS SO ORDERED**.

Dated:  April 21, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk