# EXHIBIT D

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER,**

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL,**

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Michael Hluchaniuk

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## FINAL PRETRIAL ORDER

**A.**    **Jurisdiction**

    1.    This Court has jurisdiction over Plaintiff's Fair Labor Standards Act claim under 28 U.S.C. § 1331.

    2.    This court has supplemental jurisdiction over Plaintiff's Whistleblowers' Protections Act claim.

**B.**    **Concise Statement of Plaintiff's Claims**

    Ms. Reeser was discharged by her employer, Defendant Henry Ford Health System, for reporting violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* both internally and to the State of Michigan. Specifically,

Defendant was forcing its employees to work during their unpaid lunches in violation of the FLSA and its' own internal policies. Plaintiff's supervisor, Fiona Bork, threatened Plaintiff's employment for reporting the violations of the FLSA to HR and the State of Michigan.

Defendant had an unpaid mandatory 30 minute lunch policy while Plaintiff was employed at Henry Ford Health System's Clinton Township Patient Service Center. Defendant's "Break Period" policy provides that "[E]mployees may not work through unpaid break periods unless requested by or otherwise approved by operational leadership" and "Employees may leave the premises during unpaid lunch periods, although employees doing so must return punctually." Defendant's HFML Lab Assistant Policies and Guidelines state "[e]ach Lab Assistant, regular full-time, part time, or temporary will . . . adhere to the following policies: Lunches and Breaks: 8 hours, but less than 12 hours = Two paid 15 minute breaks, One 30 minute unpaid." Defendant's Payroll Instructions inform Lab Assistants that "[a]ll staff who work 8 or more hours are to take a 30 minute lunch. It is not acceptable to state no lunch unless it is authorized by HFML management." Ms. Bork, a Laboratory Sales Manager has told her employees "Lunches are Mandatory, Not Paid and are 30 minutes. Everyone should be taking a lunch everyday that you work" and told Plaintiff "Our policy has always been to contact me to get approval not to get a lunch. As you know lunches are mandatory."

Despite these policies, Plaintiff became aware that money was being taken out of her paycheck for taking lunches, even when she was at the facility performing her job duties during this time period. Plaintiff raised this concern to management throughout her employment and discussed this issue with Ms. Jill Hood, Senior Business Partner for Human Resources on January 20, 2014.

On January 27, 2014, Plaintiff received an email from Martha Wiseheart, a Regional Laboratory Manager, in which Wiseheart indicated that Plaintiff would not be paid for lunches she worked. Later that day, Plaintiff sent an email to Wiseheart, Bork, and Hood informing them of the Fair Labor Standards Act's lunch policy. After receipt of this email, Hood called Bork, confirmed that she had not been paying Plaintiff's lunches, and informed her that under the FLSA an employee is entitled to 30 minutes of uninterrupted time if their lunch is uncompensated. The same day, after Plaintiff's email, Ms. Bork sent an email to Mr. John Waugh, Vice President of Laboratory Systems, in which she stated "We have a huge problem here. Jill did not tell me about this conversation with Natalie and 'recording lunches' The CTPSC has hours of downtime and allows several opportunities for lunch. We only staff the site with one person due to the patient volume."

On February 18, 2014, Plaintiff wrote an email to Hood in which she stated "Thursday will be a month that I was in your office. This is NOT fair to me as an

employee, that I have no answers from you a month later . . . I still have hea[r]d nothing on the lunches I don't get yet am still not paid for either" and "I have no choice but to file paperwork with the state." On February 24, 2014, Hood sent an email to Bork which stated "Fiona, This will not prevent us from moving forward. I have already explained to Natalie that the Payroll department has her information and that the 'lunch corrections' will be forthcoming. We can still proceed, as discussed, with Natalie." The same day, Bork sent an email to a number of employees, including Plaintiff, changing the lunch policy and instructing that "[s]tarting tomorrow February 25th, 2014 When you take your lunch please send an email that you are signing out for lunch and when you return from lunch please send an email you are back from your lunch." In this email she explained this policy "is mandatory and failure to do so will result in a full occurrence."

Plaintiff completed a Fair Labor Standards Act complaint and mailed it to the Department of Licensing and Regulatory Affairs on February 25, 2014.

On the morning of February 25, 2014, Plaintiff and Ms. Bork spoke over the phone. Ms. Bork told her "how dare you go to the State" and "[you'll] be sorry" for reporting unpaid lunches to the State of Michigan. Plaintiff informed Ms. Bork that she planned to take a lunch that day. Ms. Bork did not object to this request. After this call, Plaintiff spoke with Ms. Wiseheart and told her that Bork "was upset because I reported the lunch" issue. She also told Wiseheart "that she had to

close down and go to lunch." Wiseheart waived her on to leave.

At 1:12 pm, Plaintiff emailed a note to Ms. Bork, Ms. Wiseheart, and Ms. Luain Hajjar, an employee of Defendant, in which she stated she was taking a break from work. Plaintiff then posted a sign on the front door of the Clinton Township Patient Service Center (CTPSC) indicating she would return in 30 minutes and left the office. Before her lunch, no staff member of CTPSC responded to Plaintiff's email. Twenty-six minutes after Plaintiff sent her email, Ms. Bork forwarded Plaintiff's email to Ms. Hood and asked "Can she do this?"

After Plaintiff returned, she was suspended pending an investigation and escorted off the premises by security without being allowed to take with her all of her personal belongings. Plaintiff was informed that she was being terminated on March 7, 2014. Ms. Reeser was not paid for some of the lunches that she was forced to work until immediately before her termination.

Defendant has a progressive discipline policy to handle workplace violations. Under HFML Employees Policies and Guidelines, if an employee fails to obtain approval by emailing their arrival and departure, the penalty is a full occurrence. According to the Attendance policy, if an employee fails to report to work as scheduled, they incur a full occurrence. If an employee leaves early or returns late from a lunch less than ½ an hour, that is ½ an occurrence—anything over ½ an hour is 1 occurrence. If an employee has three occurrences in 30 days,

they get their first corrective action. If there are then three more occurrences in 30 days or four more occurrences in 90 days or seven more occurrences in 160 days, an employee will receive the next corrective action in the progressive discipline policy. At the time of her discharge, Ms. Reeser had never been disciplined and had not received a single occurrence.

Defendant alleges that Plaintiff was discharged for abandoning her job and going to lunch, even though Plaintiff had followed Defendant's policies, told management that she was leaving, and was actually waved on by management to leave. It is Plaintiff's position that this was mere pretext for retaliation and that the true reason for Plaintiff's discharge was her asserted protected activity under section 215(a)(3) of the FLSA and the Michigan Whistleblower Protection Act (WPA), MCL §15.361 *et seq.*. Plaintiff intends to introduce evidence that other similarly situated employees had not been disciplined for similar asserted conduct.

Plaintiff seeks back-pay and front-pay for being wrongfully terminated for just doing the right thing and asserting her rights. Plaintiff also seeks emotional damages for the significant emotional harm that she has experienced as a result of her wrongful termination. The jury will hear evidence of Plaintiff's treatment with a health professional designed to help her cope with the depression and anxiety she has experienced as a result of this event, including the need for high doses of Paxil and Xanax. Even if this Court permits the jury to hear evidence about Plaintiff's

prior depression, you take the plaintiff as you find them.   M CIV JI 50.10. Plaintiff's discharge only made things worse.

While monetary damages are insufficient to compensate Plaintiff for the harm she has experienced as a result of asserting her rights and the rights of her coworkers, Defendant should be held responsible for their callous disregard of Ms. Reeser's rights, especially after being put on notice that such actions violated the law, and for their malicious retaliation following such an innocent act. As a result, Plaintiff is also requesting punitive damages.  Finally, Plaintiff will seek attorney's fees, costs, and interest.

## C.   Concise Statement of Defendants' Claims

Plaintiff was hired as a full-time laboratory assistant or "Laboratory Service Representative" in the   Laboratory Outreach Services division of Henry Ford Health System. As a Laboratory Service Representative, Plaintiff essentially performed the duties of a phlebotomist.  She drew blood, processed samples and registered patients, among other duties.  Plaintiff and all of the phlebotomists were told when they were hired that they would be required to work at any of the Outreach Program sites. They are all trained to work at any of the sites. The phlebotomists are assigned to work particular sites based on need. If there is a shortage of staff at a site for whatever reason, they could be reassigned to a different site to cover the shortage.

For the majority of the time she was employed by Defendant, Plaintiff was assigned to the Clinton Township Patient Service Center ("CTPSC"). The CTPSC's operating hours are 7:30 a.m. to 5:00 p.m., Monday through Thursday, and 7:30 a.m. to 11:30 a.m. on Fridays. CTPSC is the least busiest site. It is staffed with only one phlebotomist, who is required to take care of patients who walk in without notice during the advertised hours of operation. Hours may go by when there are no patients at the site.

The Outreach Program maintained a policy that prohibited employees from leaving a site without permission of their supervisor. Plaintiff expressly acknowledged receipt of the policy. Plaintiff also admitted that she was aware that she and all other Laboratory Outreach Services employees were required to receive permission from their supervisor to leave the site during their working hours. Throughout her employment, Plaintiff had consistently emailed her supervisor each time she requested permission to leave the site. The policy had been consistently and repeatedly enforced: Other employees within the Outreach Program and throughout Defendant's organization were <u>terminated for the same violation as Plaintiff -- "job abandonment" or leaving a site without authorization, a serious "Group 2 Violation" resulting in termination.</u>

Because there was significant down time at the CTPSC, Plaintiff's supervisor believed that employees assigned to the site would have more than

enough time to take a lunch. In fact, when Plaintiff worked there, she brought her food, ate on the premises, engaged in non-work related activities <u>and never complained</u>. When Plaintiff's supervisor learned her belief was erroneous and that the Fair Labor Standards Act requires an employee who is not allowed to physically leave his/her work site for lunch to be paid for the lunch break, she and Defendant immediately undertook to calculate and pay all time for Plaintiff and other Outreach Program employees who had eaten lunches "on the clock."

Plaintiff first raised a concern about not being paid for a lunch more than two years after she began working at CTPSC and only <u>after</u> she felt her supervisor gave her what she considered an unfair performance evaluation. When she complained to Human Resources about the evaluation and other alleged instances when she felt her supervisor slighted her, she also brought up the unpaid lunch issue. Human Resources researched the unpaid lunch issue and determined that she and all other employees should be paid when they were unable to leave CTPSC for a lunch break. Plaintiff and all employees were paid for their lunch breaks while assigned to CTPSC going back two years, in excess of the legal requirement. Human Resources also investigated Plaintiff's other complaints about her supervisor and found them to be without merit and in an number of instances determined that Plaintiff had <u>lied</u> about the facts.

During the course of the investigation, Plaintiff began to act out and become insubordinate. She continued to complain that she "needed" a lunch break (even though she always had time to eat). When she was informed that she was going to be moved to another facility where there was more than one phlebotomist onsite so she would be able to take a lunch away from the site, she got extremely angry and walked out of CTPSC without obtaining her supervisor's permission and closed the site to patients. She was immediately suspended at the recommendation of Human Resources. During the ensuing investigation, Plaintiff gave several inconsistent reasons as to why she left the site, none of which were truthful. She lied during the investigation about having left the site without authorization on previous occasions, that she was following a new policy, and that she had permission. Human Resources concluded in its investigation that Plaintiff had engaged in job abandonment, which under Defendant's policies calls for termination. Plaintiff was given the opportunity to resign or appeal her discharge through the Defendant's ADR policy and have her appeal heard by a panel of employees. She never responded to communications regarding this opportunity.

After she was suspended, Plaintiff filed a complaint with the Wage and Hour Division even though she already knew she was going to be reimbursed for the unpaid lunches by Defendant. She tried to obtain more money than she was entitled to, but was told by the Wage and Hour Division that Defendant had

already paid her more than was required.

Plaintiff filed her Complaint in this lawsuit containing several deliberate misstatement of facts, which she later contradicted during her deposition.

During the litigation, it was discovered that Plaintiff had engaged in additional rule violations for which she would have been terminated had Defendant learned of the violations while Plaintiff was employed:

- She falsified her employment application in numerous ways, including concealing previous employers (where she had been terminated), falsifying reasons for leaving, omitting dates of employment.
- She improperly removed confidential patient information from Defendant in violation of federal and state laws such as HIPAA.

During this litigation, Plaintiff also gave untruthful sworn answers during her deposition and in response to discovery requests, concealing prior, unsuccessful litigation against previous employers she omitted from her employment application with Defendant. Plaintiff also testified falsely about a number of events in her personal life. She also concealed information from Defendant during the discovery process. Defendant will prove that Plaintiff's allegations in her Complaint and during her deposition about threats by her supervisor were blatantly false.

By again lying about her employment history, Plaintiff was able to quickly obtain subsequent employment after her separation from Defendant. She voluntarily relinquished subsequent positions of employment without any

justification.  And again, she falsely testified in her deposition about the reasons why she voluntarily left subsequent employment.

Plaintiff was terminated for legitimate non-retaliatory reasons. Her own misconduct caused her  termination (as it had with other employers) and therefore Defendant is not liable for any alleged losses. Moreover, after acquired evidence of Plaintiff's other misconduct and rule violations would in any event prevent her from recovering any losses. As to alleged emotional distress, the evidence will show that the cause of any emotional distress Plaintiff claims to have suffered was not the actions of Defendants, but Plaintiff's own conduct, her pre-existing personal/emotional issues and her lies.

Plaintiff is not entitled to punitive damages since they are not awardable under Sixth Circuit law and in any event cannot meet the standard for such damages as set forth in other circuits.


**D.**     **Stipulation of Facts**

1.     Plaintiff, Natalie Reeser, was employed as a phlebotomist by Henry Ford Health System at a Clinton Township Patient Service Center facility from May 16, 2011 until February 25, 2014.

### E.     Issues of Fact to be Litigated

**Plaintiff:**

1.     Does Defendant's progressive discipline policy permit termination for the actions performed by Plaintiff on February 25, 2014?

2.     Did Plaintiff need approval to leave for lunch on February 25, 2014?

3.     Did Plaintiff obtain approval to leave for lunch on February 25, 2014 from Martha Wiseheart?

4.     Was Martha Wiseheart authorized to approve a request from Plaintiff to leave for lunch on February 25, 2014?

5.     Did Plaintiff obtain approval to leave for lunch on February 25, 2014 from Fiona Bork?

6.     In late January or early February, did Ms. Bork call Plaintiff and tell her off, stating "you'll be sorry" for reporting unpaid lunches to the State of Michigan?

7.     Between February 18 and February 25, 2014, did Ms. Bork, Ms. Hood, and Mr. Waugh retaliate against Plaintiff by forcing her to transfer to a new site?

8.     Did CTPSC have a policy to post a sign closing the office when staff needed to leave the site unattended? Did Martha Wiseheart authorize Plaintiff to use this procedure more than five times while Plaintiff was employed at CTPSC?

9.  Did Ms. Bork call Plaintiff on the morning of February 25 and state "How dare you go to the State about me", tell Plaintiff she would be losing CTPSC, indicate she thought Plaintiff thought she was "some superior person or something" for making a report to the State of Michigan, and threaten that Plaintiff would "be sorry"? Did Plaintiff break down and tell Ms. Bork that she planned on taking a lunch that day?

10.  Did Plaintiff speak with Ms. Wiseheart before her lunch on February 25, 2014 and tell her that Ms. Bork was upset because she reported the lunch issue? Did Plaintiff tell Wiseheart that she had to close down and go to lunch? Did Wiseheart tell Plaintiff "You need to take some time to yourself and you definitely need to go to HR" and give her a hug?

11.  Did Defendant's agents retaliate against Plaintiff for reporting a violation of the law to a public body?

12.  Did Plaintiff suffer damages due to unlawful retaliation by Defendants for reporting a violation of law to a public body?

13.  If Plaintiff suffered damages, how much is she entitled to considering Defendant's egregious conduct, Plaintiff's lost compensation, and Plaintiff's emotional distress?

**<u>Defendant:</u>**

A.    Whether Plaintiff was subjected to retaliation for filing a complaint or instituting or causing to be instituted any proceeding under the Fair Labor Standards Act.

B.    Whether Plaintiff was subjected to retaliation for engaging in protected activity under the Fair Labor Standards Act.

C.    Whether Plaintiff engaged in protected activity before any adverse employment action was taken.

D.    Whether Plaintiff reported a violation or suspected violation of law to a public body under the Whistleblower Protection Act.

E.    Whether Plaintiff so reported the alleged violation of law, regulation or rule to a public body before any adverse employment action was taken.

F.    Whether Defendant had knowledge of any report or complaint by Plaintiff to a public body under the Whistleblower Protection Act before any employment action was taken.

G.    Whether there was a causal connection between any alleged protected activity by Plaintiff under the Fair Labor Standards Act and Plaintiff's termination.

H.    Whether there was a causal connection between any claimed report by Plaintiff of an alleged violation of law, regulation or rule to a public body

and Plaintiff's termination.

I.      Whether Plaintiff was terminated for job abandonment.

J.      Whether Plaintiff can show that she was subject to disparate treatment as a result of her job abandonment.

K.      Whether Plaintiff can demonstrate that Defendant's reasons for terminating her are pretextual.

L.      Whether Plaintiff suffered any damages as a result of the alleged wrongful or illegal conduct of Defendant.

M.      Whether Plaintiff committed perjury in the course of providing deposition testimony and sworn statements in this case.

N.      Whether Plaintiff lied to Defendant in connection with her application for employment and is therefore barred from recovering any damages for alleged losses.

O.      Whether during her employment with Defendant, Plaintiff engaged in misconduct for which she should have been terminated and is therefore barred from recovering any damages for alleged losses.

P.      Whether Plaintiff diligently mitigated her alleged damages, if any.

Q.      Nature and extent of Plaintiff's alleged economic and non-economic harm, if any.

R.      Whether Plaintiff is entitled to front pay.

S.      Assuming punitive damages are available under the Fair Labor Standards Act, whether Plaintiff is entitled to punitive damages.

**F.      Issues of Law to be Litigated**

**Plaintiff:**

1.      Whether Defendant violated the Fair Labor Standards Act by discriminating against or discharging Plaintiff because of the complaint she made regarding unpaid lunches to the Department of Licensing and Regulatory Affairs.

2.      Whether Defendant violated the Fair Labor Standards Act by discriminating against or discharging Plaintiff for engaging in protected activity under the Fair Labor Standards Act by asserting the rights of her and her to co-workers to pay on numerous occasions to her supervisors.

3.      Whether Plaintiff reported a suspected violation of law, regulation or rule, promulgated by the state and federal governments as recognized by the Whistleblowers Protection Act, when she reported the Defendant's unscrupulous conduct in violating the rights of its employees under the Fair Labor Standards Act.

4.      Whether the Department of Licensing and Regulatory Affairs is a public body under the Whistleblowers Protection Act.

5.   Whether Plaintiff's report of the conduct to the Department of Licensing and Regulatory Affairs constitutes a report protected by the Whistleblowers Protection Act.

6.   Whether Defendant had knowledge of Plaintiff's report or intention to report a violation to a public body under the Whistleblowers Protection Act before any employment action was taken.

7.   Whether there is a causal connection between Plaintiff's protected activity under the Whistleblowers Protection Act and Defendant's decision to suspend and terminate her.

8.   Whether Defendant's stated reason for Plaintiff's termination, job abandonment, is merely pretextual.

9.   Whether there is sufficient evidence to demonstrate Plaintiff was not terminated for job abandonment.

10.   Whether there is sufficient evidence to demonstrate Plaintiff was subject to disparate treatment in her discipline for job abandonment.

11.   Whether Defendant has sufficient evidence to demonstrate Plaintiff should be barred from recovering damages.

12.   How much is Plaintiff entitled to in damages – specifically back pay, fringe benefits, front pay, interest, costs, attorney's fee?

13.   Whether Plaintiff mitigated her damages.

14.     Whether punitive damages are appropriate.

**Defendant's**:

A.      Whether Plaintiff has sufficient evidence to demonstrate she was subjected to retaliation for filing a complaint or instituting or causing to be instituted any proceeding under the Fair Labor Standards Act.

B.      Whether Plaintiff has sufficient evidence to demonstrate she was subjected to retaliation for engaging in protected activity under the Fair Labor Standards Act.

C.      Whether Plaintiff has sufficient evidence to demonstrate she was engaged in protected activity before any adverse employment action was taken.

D.      Whether Plaintiff has sufficient evidence to demonstrate she reported a violation or suspected violation of law to a public body under the Whistleblower Protection Act.

E.      Whether Plaintiff has sufficient evidence to demonstrate she so reported an alleged violation of law, regulation or rule to a public body before any adverse employment action was taken.

F.      Whether Plaintiff has sufficient evidence to demonstrate that Defendant had knowledge of any report or complaint by Plaintiff to a public body under the Whistleblower Protection Act before any employment action

was taken.

G.      Whether Plaintiff has sufficient evidence to demonstrate there was a causal connection between any alleged protected activity by Plaintiff under the Fair Labor Standards Act and Plaintiff's termination.

H.      Whether Plaintiff has sufficient evidence to demonstrate there was a causal connection between any claimed report by Plaintiff of an alleged violation of law, regulation or rule to a public body and Plaintiff's termination.

I.      Whether Plaintiff has sufficient evidence to demonstrate was not terminated for job abandonment.

J.      Whether Plaintiff has sufficient evidence to demonstrate she was subject to disparate treatment as a result of her job abandonment.

K.      Whether Plaintiff has sufficient evidence to demonstrate that Defendant's reasons for terminating her are pretextual.

L.      Whether Plaintiff has any evidence to demonstrate she suffered any damages as a result of the alleged wrongful or illegal conduct of Defendant.

M.      Whether Plaintiff committed perjury in the course of providing deposition testimony and sworn statements in this case.

N.      Whether Plaintiff lied to Defendant in connection with her application for employment and is therefore barred from recovering any damages for

alleged losses.

O.     Whether during her employment with Defendant, Plaintiff engaged in misconduct for which she should have been terminated and is therefore barred from recovering any damages for alleged losses.

P.     Whether Plaintiff diligently mitigated her alleged damages, if any.

Q.     Whether Plaintiff has sufficient evidence to demonstrate any alleged economic and/or non-economic harm.

R.     Whether Plaintiff can demonstrate front pay is an appropriate remedy and whether she has sufficient evidence to demonstrate she is entitled to front pay.

S.     Whether punitive damages are available under the Fair Labor Standards Act and if so, whether Plaintiff can demonstrate she is entitled to punitive damages.

**G.     Evidence Problems Likely to Arise at Trial**

**<u>Plaintiff</u>:**

1.     Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to the sexual assault Plaintiff experienced in 2000 and treatment related to this incident because such documents and testimony are irrelevant to Plaintiff's claims and Defendant's defenses. The introduction of such evidence also exposes Plaintiff to "unfettered mental probing" which violates her

privacy interests. Further, such evidence is highly prejudicial and confuses the issues being litigated at trial.

2.    Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to the financial assistance Fiona Bork provided to Plaintiff when her apartment flooded and her brother became ill because such documents and testimony are irrelevant to Plaintiff's claims and Defendant's defenses. The probative value of such evidence is outweighed by the danger of unfair prejudice.

3.    Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's work history with prior employers, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, and unduly confuses the issues before the jury.

4.    Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's lawsuit against Jeffrey Automotive and any exhibits filed with a court as part of that case because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, would confuse the jury and violate attorney-client privilege.

5.    Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to any suggestion that Plaintiff violated The Health Insurance Portability and Accountability Act of 1996 as this evidence is irrelevant, unfairly prejudicial, would confuse the jury, and involves evidence Defendant would have never obtained if not for this lawsuit.

6.    Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's bankruptcy as this evidence is irrelevant, unfairly prejudicial, and would confuse the jury.

**Defendant:**

1.    Defendant will file a motion *in limine* to exclude and/or oppose admission of any expert testimony concerning any medical or psychological damages she allegedly suffered,

2.    Defendant will file a motion *in limine* to exclude and/or oppose the admission of any testimony by Plaintiff concerning her alleged treatment with any medical or mental health care provider or counselor.

**H.    Witnesses**

**Plaintiff:**

1.    Will Call:

a)    Debra Reeser
1853 Muskegon
St. Holland, MI 48656
Tel: 989-387-1110

b)      Natalie Reeser
        9801 Meredith Grade
        Harrison, MI 48625
        Tel: 586-843-6020

2.      May Call:

a)      Fiona Bork - ADVERSE WITNESS
        9567 Southwest Torch Lake Drive
        Rapid City, Michigan
        Tel: 313-908-3908

b)      Martha Wiseheart - ADVERSE WITNESS
        VARNUM LLP
        39500 High Pointe Blvd., Suite 350
        Novi, MI 48375
        Tel: 313-481-7335

c)      Jill Hood - ADVERSE WITNESS
        VARNUM LLP
        39500 High Pointe Blvd., Suite 350
        Novi, MI 48375
        Tel: 313-481-7335

d)      Shameeka Johnson aka Shameeka Buck
        23886 Kensington St.
        Taylor, MI 48180
        Tel: 313-522-3752

e)      Desiree Miller
        Tel: 586-738-2119

f)      Any and all rebuttal or impeachment witnesses.

g)      Any and all witnesses listed on Defendant's Witness List(s).

**Defendant**:

      Will Call:

a)     Maria Anger
        Henry Ford Medical Laboratories
        Henry Ford Health System
        2799 W. Grand Blvd.
        Detroit, MI 48202

b)     Fiona Bork
        Henry Ford Medical Laboratories
        Henry Ford Health System
        2799 W. Grand Blvd.
        Detroit, MI 48202

c)     Luain Hajjar
        Henry Ford Medical Laboratories
        Henry Ford Health System
        2799 W. Grand Blvd.
        Detroit, MI 48202

d)     Jill E. Hood, PHR
        6236 Hiawatha
        Whitmore Lake, MI 48189

e)     Martha Wiseheart
        Henry Ford Medical Laboratories
        Henry Ford Health System
        2799 W. Grand Blvd.
        Detroit, MI 48202

      May Call:

a)     Debra Temrowski
        Henry Ford Health System
        2799 W. Grand Blvd.
        Detroit, MI 48202

b)     John Waugh
Henry Ford Health System
2799 W. Grand Blvd.
Detroit, MI 48202

c)     John Douglass
Howell, MI

d)     Nawaal Elhaddi
Henry Ford Health System
2799 W. Grand Blvd.
Detroit, MI 48202

e)     Denise Goldsmith
Henry Ford Medical Laboratories
2799 W. Grand Blvd.
Detroit, MI 48202

f)     Custodian of the Records:

     a.     Davenport University
           Michigan

     b.     Davis Smith Inc.
           27764 Franklin Road
           Southfield, Michigan 48034

     c.     Equal Employment Opportunity Commission
           477 Michigan Avenue
           Detroit, Michigan 48226

     d.     Henry Ford Hospital
           Henry Ford Health System
           2799 W. Grand Blvd.
           Detroit, Michigan 48202

     e.     Home Helpers, Inc.
           66707 Van Dyke Road
           Washington, Michigan 48095

f.   Jeffrey Automotive Group, LLC
     Jeffrey Buick-Nissan
     30800 Gratiot Avenue
     Roseville, Michigan 48066

g.   Reza Kahnamouei, M.D.
     43361 Commons Drive
     Clinton Twp., Michigan 48038

h.   Kirtland Community College
     10775 N. St. Helen Road
     Roscommon, Michigan 48653

i.   Macomb County Circuit Court
     40 N. Main Street
     Mt. Clemens, Michigan 48038

j.   Michigan Department of Civil Rights
     3054 West Grand Blvd., Suite 3-600
     Detroit, Michigan  48202

k.   Michigan Department of Labor
     Bureau of Workers Disability Compensation
     P.O. Box 30016
     Lansing, Michigan  48900

l.   Right at Home
     8344 Hall Road, Suite 207
     Utica, Michigan 48317

m.   Rochester College
     800 West Avon Road
     Rochester Hills, Michigan 48307

n.   St. Joseph Mercy Hospital-Clinton Twp.

o.   State of Michigan
     LARA
     Wage and Hour Division
     7150 Harris Drive
     P.O. Box 30476
     Lansing, Michigan 48909

p.    U.S. Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226

q.    Visiting Angels
42140 Van Dyke Avenue, Suite 200
Sterling Heights, Michigan 48314

f)    Any and all rebuttal or impeachment witnesses.

g)    Any and all witnesses listed on Plaintiff's Witness List(s).

## I.   Exhibits

### Plaintiff's Exhibits:

| Exhibit Number | Description | Defendant's Objection |
|---|---|---|
| 1. | Email 1/29/14 re: Team Work (Bates: Reeser 318-319) | None |
| 2. | Email 7/1/11 re: Dr. Hamzavi (Bates: HFH 153) | Irrelevant |
| 3. | Email 11/21/12 re: Time Out Now at CTPSC is 5:50 pm Thank You (Bates: HFH 375-376) | Irrelevant |
| 4. | HFML Employees Policies/Guidelines (Bates: HFH 51-53) | None |
| 5. | Email 9/11/12 re: Time Sheets (Bates: Reeser 118-119) | Object as to handwriting |
| 6. | Payroll Instructions May 2012 (Bates: Reeser 114) | Object as to writing |
| 7. | Health Systems Job Description Non-Supervisory Jobs (Bates: HFH 553-554) | None |
| 8. | Attendance Policy (Bates: HFH 280-284) | Irrelevant |
| 9. | System-Wide Work Day HR Policy No: 5.04 (Bates: HFH 285-286) | None |
| 10. | Corrective Action Program HR Policy #5.17 (Bates: HFH 734-742) | None |
| 11. | Break Periods (Bates: HFH 212-214) | None |

| Exhibit Number | Description | Defendant's Objection |
|---|---|---|
| 12. | HFML Lab Assistant Policies/Guidelines (Bates: HFH 83-85) | None |
| 13. | Perf & Dev for NKReeser (Bates: Reeser 36-42) | None |
| 14. | 2011 Perf Plan & Review for NKReeser (Bates: Reeser 52-58) | Irrelevant |
| 15. | 2012 Perf Plan & Review for NKReeser (Bates: Reeser 43-51) | Irrelevant |
| 16. | Initial Venipuncture Competency Checklist for NKR dtd 2/25/15 (Bates: HFH 388-389) | None |
| 17. | Offer of Employment dated 5/8/11 (Bates: HFH 27) | None |
| 18. | Email 1/17/14 re: Requesting a Meeting (Bates: Reeser 205-210) | None |
| 19. | Email 1/15/14 re: Requesting a Meeting (Bates: Reeser 220-221) | Exhibit not complete |
| 20. | Email 1/15/14 re: Friday January 17th 2014 (Bates: Reeser 130) | None |
| 21. | Email 1/17/14 re: Important-Read Immediately (Bates: Reeser 214) | Exhibit not complete |
| 22. | Email 1/17/14 re: Conference Call (Bates: HFH 142) | None |
| 23. | 10:57 a.m. email 1/17/14 re: Conference Call (Bates: Reeser 215) | None |
| 24. | Text from Alicia Estell at Work | Authenticity, hearsay, irrelevant |
| 25. | Letter 1/20/14 from Reeser to Hood (Bates: HFH 127-130) | Exhibit not complete |
| 26. | Email 1/27/14 re: Time Card | Cannot identify |
| 27. | Email 1/27/14 re: No Lunches for last pay period | Cannot identify |
| 28. | Email 1/27/14 re: Lunches | Cannot identify |
| 29. | Email 2/18/14 re: I have waited almost a whole month | Cannot identify |
| 30. | Email 2/24/14 re: Lunch (Bates: HFH 555) | None |
| 31. | Email 3/5/14 re: Schedule (Bates: HFH 112-113) | Description is misleading |
| 32. | Email 3/5/14 re: I am waiting on hearing back from you? (Bates: HFH 117) | None |
| 33. | Email 2/25/14 re: Schedule (Bates: HFH 523) | None |

| Exhibit Number | Description | Defendant's Objection |
|:---:|---|:---:|
| 34. | Email 3/5/14 re: Lunch Today (Bates: HFH 116) | None |
| 35. | Email 2/25/14 re: Schedule for the week of 3/3/14 at 2:30 p.m. (Bates: HFH 115) | None |
| 36. | Email 2/25/14 re: Schedule for the week of 3/3/14 at 2:29 p.m. (Bates: HFH 526) | None |
| 37. | Employment Wage Complaint – Claim Number 177607 | Cannot identify |
| 38. | Email 3/4/14 re: "Meal period" salary adjustments (Bates: HFH 205 & 266) | Not accurate description |
| 39. | Email 3/14/14 re: Clinton Township PSC – Lunch Break (Bates: HFH 558) | None |
| 40. | Email 3/13/14 re: Lunch breaks at Clinton (Bates: HFH 556) | Exhibit not complete |
| 41. | Lunch Flyer (Bates: HFH 557) | None |
| 42. | Marguerite Bayer, Investigator with DLARA letter to NKR dtd 5/30/14 (Bates: HFH 261-265) | None |
| 43. | Email 6/10/11 re: June 9th 2011 (Bates: HFH 152 | None |
| 44. | January 17th tests between Reeser & Bork (Bates: HFH 528-530) | Irrelevant |
| 45. | 5/2/12 Corrective Action/Shantae Stewart (Bates: HFH 625) | Irrelevant |
| 46. | 4/11/12 Corrective Action/Shantae Stewart (Bates: HFH 629-630) | Irrelevant |
| 47. | 12/6/12 Corrective Action/Shantae Stewart (Bates: HFH 560) | None |
| 48. | Shantae Stewart Letter to Fiona Bonk dtd 10/17/12 (Bates: HFH 626-628) | Irrelevant |
| 49. | Corrective Action/Stephanie Hope 7/22/13 (Bates: HFH 673) | Irrelevant |
| 50. | Stephanie Hope email re: Name Wrong ULMC 2/26/13 (Bates: HFH 660) | None |
| 51. | Stephanie Hope Resignation email 10/17/13 (Bates: HFH 562-563) | None |
| 52. | Corrective Action/Hather Adamo (Bates: HFH 567 | None |
| 53. | Corrective Action/Rachel Holloman 11/26/10 (Bates: HFH 565) | None |
| 54. | Erik Lickteig Resignation Email of 3/4/13 (Bates: HFH 561) | None |

| Exhibit Number | Description | Defendant's Objection |
|---|---|---|
| 55. | Erik Lickteig termination emails February 2013 (Bates: HFH 631-656) | Irrelevant |
| 56. | Hand Written notes re: Erik Lickleig 2/21/13 (Bates: HFH 657 & 628) | Irrelevant |
| 57. | Hand written notes re: Shantae Stewart 2012-2013 (Bates: HFH 627) | Irrelevant |
| 58. | Rachel Holloman/90 day Probation Review (Bates: HFH 675-678) | Irrelevant |
| 59. | Email 1/24/14, 6:43 p.m. (Bates: HFH 479) | None |
| 60. | Email 1/24/14, 9:03 a.m. (Bates: HFH 464) | None |
| 61. | Email 1/23/14 (Bates: HFH 454) | None |
| 62. | Email 1/17/14 re: Shelby (Bates: HFH 452) | None |
| 63. | Email 1/2/14 re: Good News! (Bates: HFH 133-135) | None |
| 64. | Email 1/16/14 re: Natalie Reeser (Bates: HFH 615-616) | None |
| 65. | Email 1/16/14 re: conference call (Bates: HFH 619) | None |
| 66. | Email 1/17/14 re: Natalie Reeser (Bates: HFH 124-126) | None |
| 67. | Email 1/27/14 re: Lunches (Bates: HFH 569) | None |
| 68. | Email from Bork to Hood re: Lunches February 7th (Bates: HFH 575) | Exhibit not complete |
| 69. | Email from John to Fiona February 14th (Bates: HFH 578) | Exhibit not complete |
| 70. | February 18th Email Bork to Hood (Bates: HFH 585) | Exhibit not complete |
| 71. | February 18th Emails between Martha and Fiona (Bates: HFH 586-588) | None |
| 72. | Email from Bork to John February 18th (Bates: HFH 620-624) | None |
| 73. | February 23rd Email Bork to Hood re: Transfer (Bates: HFH 600) | None |
| 74. | February 24th email between Fiona, Hood, and John (Bates: HFH 608) | None |
| 75. | Fiona to Hood February 25th, Can she do this? (Bates: HFH 534) | None |

| Exhibit Number | Description | Defendant's Objection |
|---|---|---|
| 76. | Email 2/26/14 re: Natalie Suspension (Bates: HFH 66-67) | None |
| 77. | Email February 28th, Jill and Fiona re: Screw-up (Bates: HFH 604) | Exhibit not complete |
| 78. | Email 2/28/14 re: Natalie Reeser (Bates: HFH 605) | Exhibit not complete |
| 79. | Email 2/28/14 re: Lunches (Bates: HFH 606) | Exhibit not complete |
| 80. | Email 3/5/14 re: Natalie Reeser (Bates: HFH 114) | None |
| 81. | June 18th Email Bork to Hood "great read" (Bates: HFH 614) | None |
| 82. | Email 3/5/14 re: HFML Clinton Twp PSDC (Bates: HFH 65) | None |
| 83. | Email 2/19/12 re: Quick Question Fiona (Bates: HFH 41-42) | None |
| 84. | Meeting with Natalie Reeser: January 20, 2014 (Bates: HFH 144-147) | None |
| 85. | February 6th Memo from Hood to Becky (Bates: HFH 573-574) | Exhibit not complete |
| 86. | March 5th email from Bork to Hood (Bates: HFH 548-550) | None |
| 87. | Hood Memo March 5th (Bates: HFH 199-200) | None |
| 88. | 4/28/14 Hood letter to [?](Bates: HFH 266) | None |
| 89. | Mar 20th Missed Pay Chronology (Bates: HFH 197-216) | Inaccurate description |
| 90. | Time Sheets for NKR (Bates: HFH 217-242) | None |
| 91. | Wiseheart Summary 2/26 (Bates: HFH 535-540) | Incorrect description |
| 92. | 1/26/14 Bork email to Reeser (Bates: HFH 481) | None |
| 93. | 1/27/14 Wiseheart email to Reeser and Bork (Bates: HFH 483) | None |
| 94. | 2/26/14 Bork email to Hood and others and email chain (Bates: HFH 47-50) | None |
| 95. | All discovery responses and deposition transcripts | Cannot identify |
| 96. | Plaintiff reserves the right to introduce rebuttal evidence | Defendant reserves the right to object to exhibits offered under this description |

| Exhibit Number | Description | Defendant's Objection |
|---|---|---|
| 97. | Plaintiff reserves the right to use documents identified as Defendant's Exhibits | Defendant reserves the right to object to exhibits offered under this description |

## **Defendant's Exhibits**:

Plaintiff reserves the right to object at trial, including but not limited to objections on the basis of hearsay and related to establishing the authenticity of documents.

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 101. | Social Media Policy 5.29 (Bates Reeser 117) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 102. | Door Sign used on Day of Suspencion [sic] (Bates Reeser 120) | |
| 103. | Resume of Natalie Reeser, dated November 8, 2005 (Pl's Dep Ex. 18) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is ten years old and relates only to employment more than 5 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 104. | Plaintiff's Application for Employment, dated November 10, 2005 (Pl's Dep Ex. 10) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is ten years old and relates only to employment more than 5 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |
| 105. | LEONI LEPS Sexual Harassment Policy, dated November 30, 2005 (Pl's Dep Ex. 11) | As stated in the Evidence Problems Likely to Arise at Trial section above, Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's work history with prior employers, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, and unduly confuses the issues before the jury. |
| 106. | LEONI Memorandum to Plaintiff re "Employment Termination," dated January 19, 2006 (Pl's Dep Ex. 12) | As stated in the Evidence Problems Likely to Arise at Trial section above, Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's work history with prior employers, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, and unduly confuses the issues before the jury. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 107. | Resume of Natalie Reeser, dated June 19, 2006 (Pl's Dep Ex. 17) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is ten years old and relates only to employment nearly 5 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |
| 108. | Plaintiff's Application for Employment to Home Helpers, dated June 22, 2006 (Pl's Dep Ex. 13) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is ten years old and relates only to employment nearly 5 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |
| 109. | Letter from Bridget Lamberty of Home Helpers to Plaintiff re warning for non-compliance of policy procedure, dated April 9, 2007 (Pl's Dep Ex. 15) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is eight years old and relates only to employment nearly 4 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |
| 110. | Home Helpers Record of Disciplinary Action regarding Plaintiff, dated October 5, 2007 (Pl's Dep Ex. 16) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case as the document is eight years old and relates only to employment nearly 4 years prior to Plaintiff's employment with Defendant and unduly confuses the issues before the jury. |
| 111. | Plaintiff's Application for Employment and resume, dated March 17, 2008 (Pl's Dep Ex. 19) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 112. | Email from Rodger Lau of Jeffery Buick to Christina Briggs regarding Plaintiff not doing an acceptable job, dated September 30, 2008, with attached log of issues and Plaintiff's craig's list dating ad (Pl's Dep Ex. 22) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 113. | Compilation of various internet downloads while Plaintiff worked at Jeffery Buick (Pl's Dep Ex. 23) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 114. | Plaintiff's resume (Bates HFH 28-29) (Reeser 60-61) | |
| 115. | Henry Ford Health System Job Description: Laboratory Service Representative Outreach (Bates HFH 81-82) | |
| 116. | Henry Ford Health System HR Policy No. 5.02, Attendance Policy (Bates HFH 280-284) | |
| 117. | Henry Ford Health System HR Policy No. 5.05, Break Periods (Pl's Dep Ex. 7) (Bates HFH 212-214) | |
| 118. | Henry Ford Health System HR Policy No. 5.17, Corrective Action Program (Bates HFH 734-742) | |
| 119. | Offer letter, dated May 6, 2011 (Bates HFH 27) | |
| 120. | Email from Fiona Bork to various employees re "Daily Requirements," dated October 10, 2011, forwarded by Bork to additional employees on March 27, 2012 (Bates HFH 296-297) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 121. | Henry Ford Health System Pathology and Laboratory Medicine Policy No. 2.56: HFML Employees Policies and Guidelines, signed by Plaintiff October 19, 2013, with handwritten notation 12/13/11 (Bates HFH 88-91) | |
| 122. | Henry Ford Health System Pathology and Laboratory Medicine Policy No. 2.56: HFML Employees Policies and Guidelines, signed by Plaintiff December 13, 2011 (Bates HFH 83-85) | |
| 123. | Henry Ford Health System Pathology and Laboratory Medicine Policy No. 2.56: HFML Employees Policies and Guidelines, signed by Plaintiff October 19, 2013 (Bates HFH 51-53) | |
| 124. | Policy and procedures regarding Standards of Excellence, signed by Plaintiff, undated (Bates Reeser 126-129) | |
| 125. | Email exchange between Plaintiff and Fiona Bork re "June 9th 2011," dated June 10, 2011 (Bates Reeser 291) | |
| 126. | Team Meeting sign-in sheet, dated December 13, 2011 (Bates HFH 86-87) | |
| 127. | Email exchange between Plaintiff and Fiona Bork re "Hi fiona!!" dated December 27, 2011 (Bates Reeser 226) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 128. | Email from Fiona Bork to Plaintiff re "Judy Hale-confidential," dated December 30, 2011 (Bates Reeser 204) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 129. | Email from Fiona Bork to Plaintiff re "Judy Hale-confidential," dated December 30, 2011, with Plaintiff's handwritten notes (Bates Reeser 389) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 130. | Payroll Instructions, May 2012 (Bates Reeser 114) | |
| 131. | Various emails regarding employees no longer with the company (Bates Reeser 393-406) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 132. | Email exchange between Plaintiff and Fiona Bork, re "June 9th 2011," dated June 10, 2011 (Bates Reeser 291) | |
| 133. | Email from Plaintiff regarding Judy Hale, dated July 26, 2011, forwarded by Fiona Bork to Jill Hood on February 24, 2014 (Bates HFH 158) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 134. | Email from Plaintiff regarding Judy Hale, dated July 29, 2011, forwarded by Fiona Bork to Jill Hood on February 24, 2014 (Bates HFH 157) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 135. | Email from Fiona Bork to various employees re "Daily Requirements," dated October 10, 2011; forwarded by Fiona Board to three employees on March 27, 2012; forwarded by Fiona Bork to herself on March 28, 2012 (Bates HFH 296-297) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 136. | Email exchange between Plaintiff and Fiona Bork re "Hi Fiona!!" dated December 27, 2011 (Bates Reeser 226) | |
| 137. | Email from Fiona Bork to Plaintiff re "Judy Hale-confidential," dated December 30, 2011 (Bates Reeser 389) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 138. | Email from Plaintiff to Fiona Bork re "Good Morning," dated January 16, 2012 (Bates HFH 307) | |
| 139. | Email from Fiona Bork to various employees re "Time Sheets," dated July 9, 2012, forwarded to various employees on September 11, 2012 and signed in acknowledgment by Plaintiff on September 11, 2012 (Bates Reeser 118-119) | |
| 140. | Email exchange between Plaintiff and Fiona Bork re "Quick Question," dated October 23, 2012, forwarded by Bork to Jill Hood on February 26, 2014 and May 1, 2014 (Bates HFH 45-46) | |
| 141. | Email exchange between Plaintiff and Fiona Bork re "Quick question," dated October 8, 2012, forwarded by Bork to Jill Hood on February 26, 2014 and May 1, 2014 (Bates HFH 43-44) | |
| 142. | Email exchange between Plaintiff and Fiona Bork re "Quick Question Fiona," dated November 19, 2012, forwarded by Bork to Jill Hood on February 26, 2014 and May 1, 2014 (Bates HFH 41-42) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 143. | Email exchange between Plaintiff and Fiona Bork and Luain Hajjar re "CTO REQUEST for Thanksgiving, christmas, & my 32nd Birthday," dated September 25-November 25, 2012, forwarded by Bork to Jill Hood February 26, 2014 (Bates HFH 510-511 | |
| 144. | Email exchange between Plaintiff and Alicia Estell and Julisa Garcia, and cc'd to Luain Hajjar and Fiona Bork, re "Question to change the time sheet," dated November 28, 2012; forwarded by Fiona Bork to Jill Hood on February 26, 2014 (Bates HFH 38-40) | |
| 145. | Employee Engagement Pulse Survey Results for Behavioral Services (Bates Reeser 392) | |
| 146. | Email exchange between Plaintiff and Fiona Bork re "One thing" and "cto" dated February 14-19, 2013 (Bates HFH 422-423) | |
| 147. | Email exchange between Plaintiff and Fiona Bork re "MARCH CTO REQUEST," dated January 14, 2013 to March 6, 2013. (Bates HFH 391) | |
| 148. | Email exchange between Plaintiff and Fiona Bork re "One thing," dated February 14, 2013 (Bates HFH 383-384) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 149. | Email from Plaintiff to Fiona Bork re "One thing," dated February 14, 2013, forwarded by Plaintiff to her personal email natalie_19_99@yahoo.com (Bates Reeser 257) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 150. | Email from Fiona Bork to Plaintiff re "Training at Cottage Monday Feb 25th," dated February 20, 2013 (Bates HFH 189) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 151. | Fax Cover Sheet, dated March 5, 2014 re Initial Venipuncture Competency Checklist, dated February 25, 2013 (Bates HFH 388-389) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 152. | Email exchange between Plaintiff and Fiona Bork re "Monday Feb 25th 2013," dated February 19, 2013 (Bates Reeser 258) | |
| 153. | Email exchange between Fiona Bork and Plaintiff re "Years of experience," dated April 2, 2013 (Bates Reeser264-265) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 154. | Email exchange between Plaintiff and Fiona Bork re "TB Test," dated April 22, 2013; forwarded by Fiona Bork to herself on January 13, 2014, and to Jill Hood and Martha Wiseheart on February 26, 2014 (Bates HFH 47-50) | |
| 155. | Email from Martha Wiseheart to all HFML Staff re "Important Notice on Phleb Supplies, dated May 1, 2013 (Bates Reeser 217) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 156. | Email exchange between Plaintiff and Fiona Bork and Martha Wiseheart re a patient speaking to her in an explicit manner, dated June 5, 2013 (HFH 412-413) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 157. | Email exchange between Plaintiff and Fiona Bork and Julisa Garcia re "Quick question?" dated June 6, 2013 (Bates HFH 36-37) | |
| 158. | Email from Plaintiff to Fiona Bork re "just now," dated July 11, 2013, forwarded by Bork to Jill Hood on February 26, 2014. (Bates HFH 30) | |
| 159. | Email from Plaintiff to Luain Hajjar, Fiona Bork, Martha Wiseheart and Alicia Estell re "Yesterday," dated July 16, 2013, forwarded by Bork to Jill Hood on February 26, 2014 (Bates HFH 31) | |
| 160. | Email exchange between Ralph Benitez and Martha Wiseheart, cc'd Luain Hajjar and Plaintiff, re "A Patient Complaint in CRM – Mother is waiting for a call-back with resolution," dated August 22, 2013 (Bates Reeser 189-191 and 271-273) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 161. | Email from Plaintiff to Fiona Bork, Luain Hajjar, cc'd Denise Goldsmith, re "Quick question," dated September 5, 2013, forwarded by Bork to Jill Hood, February 26, 2014 (Bates HFH 109) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 162. | Agenda for HFML Team Meeting, October 19, 2013, with meeting sign-in sheet (Bates HFH 54-55) | |
| 163. | Signage for HFML Clinton Twp. Patient Service Center re closed November 29, 2013 (Bates HFH 57) | |
| 164. | Monthly Totals for 2013 (Bates Reeser 391) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 165. | 2014 Conversations with Outreach Lab Staff (Bates HFH 195) | |
| 166. | Fiona Bork's Sprint Call Log from January 1, 2014 – February 28, 2014 | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 167. | Email exchange between Fiona Bork and Plaintiff re "Good News!" dated January 2, 2014, forwarded by Bork to Jill Hood, February 26, 2014 (Bates HFH 133-135) | |
| 168. | Email exchange between Plaintiff and Fiona Bork, cc'd Martha Wiseheart, re "Evaluation," dated January 13, 2014 (Bates Reeser 132) | |
| 169. | 2013 Employee Performance and Development for Natalie Kristen Reeser (Bates HFH 171-177) | |
| 170. | 2013 Employee Performance and Development for Natalie Kristen Reeser (Bates HFH 165-169) | |
| 171. | Email exchange between Plaintiff and Fiona Bork and Martha Wiseheart, re "Evaluation," dated January 13, 2014 (Reeser 132) | |
| 172. | Patient Logs January 13, 2014 – January 24, 2014 (No Bates Nos.) | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 173. | Email to Plaintiff re "Goal Plan Modification Notice," dated January 14, 2014 (Bates Reeser 135-136) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 174. | Email exchange between Plaintiff and Fiona Bork, Luain Hajjar, and Martha Wiseheart, re "SPC," dated January 14, 2014 (Bates Reeser 295) | |
| 175. | Email exchange between Plaintiff and Fiona Bork, Luain Hajjar, and Martha Wiseheart, re "SPC," dated January 14, 2014 (Bates Reeser 293) | |
| 176. | Email exchange between Plaintiff and Fiona Bork re "Friday January -17th-2014," dated January 15, 2014 (Bates Reeser 305) | |
| 177. | Email exchange between Plaintiff and Jill Hood re "Requesting a meeting," dated January 14-15, 2014 (Bates Reeser 286-289 or HFH 136-139) | |
| 178. | Email from Fiona Bork to Jill Hood re "Natalie Reeser," dated January 16, 2014 (Bates HFH 615-616) | |
| 179. | Email from Fiona Bork to various employees re "IMPORTANT-READ IMMEDIATELY," dated January 16, 2014 (Bates Reeser 282) | |
| 180. | Email chain, dated January 16-17, 2014. (Bates HFH 446; Reeser 214) | |
| 181. | Email exchange between Plaintiff and Jill Hood re "Requesting a meeting," dated January 14-17, 2014 (Bates Reeser 205-210) | |
| 182. | Email exchange between Plaintiff and Jill Hood re "12:30 today," dated January 17, 2014 (Bates Reeser 302) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 183. | Emails by Fiona Bork to Jill Hood re "Natalie Reeser," dated January 16-17, 2014 (Bates HFH 124-126) | |
| 184. | Email exchange between Plaintiff and Fiona Bork and Martha Wiseheart re "conference Call," dated January 16-17, 2014 (Bates HFH 448) | |
| 185. | Email exchange between Plaintiff and Fiona Bork and Martha Wiseheart re "conference Call," dated January 16-17, 2014 (Bates HFH 446) | |
| 186. | Message read confirmation re "conference Call," dated January 17, 2014 (Bates HFH 447) | |
| 187. | Email from Plaintiff to Fiona Bork and Martha Wiseheart re "conference Call," dated January 16, 2014, forwarded by Bork to Jill Hood, January 17, 2014 (Bates HFH 142) | |
| 188. | Email from Plaintiff to Fiona Bork and Martha Wiseheart re "conference Call," dated January 16, 2014, forwarded by Bork to Jill Hood, January 17, 2014; includes Hood's response to Bork (Bates HFH 618) | |
| 189. | Email from Fiona Bork, dated March 5, 2013 forwarding to Jill Hood on January 17, 2014 re "Message from 'RNP04264A'," re Plaintiff's remediation checklist (Bates HFH 170) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 190. | Text messages between Plaintiff and Alicia Estell, dated January 17, 2014 (Bates Reeser 474-478) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 191. | Letter from Plaintiff to Jill Hood, dated January 20, 2014 (Bates HFH 127-132 and Reeser 122-125) | |
| 192. | Summary of January 20, 2014 Meeting by Jill Hood (Bates HFH 144-147) | |
| 193. | Email exchange between Plaintiff and Jill Hood re "JUDY HALE," dated January 21-24, 2014 (Bates HFH 120-123) | |
| 194. | Email exchange between Plaintiff and Jill Hood re "JUDY HALE," dated January 21-24, 2014 (Bates HFH 148-151) | |
| 195. | Email exchange between Plaintiff and Fiona Bork re "Today," dated January 24, 2014 (No Bates No.) | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 196. | Email from Fiona Bork to Plaintiff re "Time Card," dated January 26, 2014; forwarded by Plaintiff to Jill Hood on January 27, 2014 (Hood Dep Ex. 5) | |
| 197. | Email exchange between Plaintiff and Fiona Bork re "Funeral" and "Tomorrow" dated January 27, 2014 (Bates Reeser 315-316) | |
| 198. | Email from Martha Wiseheart to Plaintiff, cc'd Fiona Bork, re "No Lunches for last pay period," dated January 27, 2014 (Bates HFH 483) | |
| 199. | Email exchange between Plaintiff and Fiona Bork re "Tomorrow," dated January 27, 2014 (Bates HFH 485) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 200. | Email from Plaintiff to Jill Hood, Martha Wiseheart and Fiona Bork re "LUNCHES," forwarded by Bork to John Waugh, dated January 27, 2014 (Bates HFH 569) | |
| 201. | Email from Fiona Bork to Jill Hood forwarding "Scan from a DELL MFP" dated January 27, 2014 (Bates HFH 570) | |
| 202. | Email exchange between Fiona Bork and Plaintiff, cc'd Jill Hood, re "EPIC Registrations," dated February 3-4, 2014 (Bates HFH 0589-0590) | |
| 203. | Email exchange between Fiona Bork and Plaintiff, and between Fiona Bork and Martha Wiseheart, re "EPIC Registrations," dated February 3-4, 2014 (Bates HFH 0596-0598) | |
| 204. | Email exchanges beginning with Luian Hajjar to various employees and between Fiona Bork and Plaintiff re "Week of February 24, 2014.xls," dated February 5-February 24; forwarded by Bork to Jill Hood on March 5, 2014 (Bates HFH 97-99) | |
| 205. | Lab Assistant Schedule for week of February 24, 2014 (Bates HFH 104) | |
| 206. | Email exchanges by Jill Hood re "Back payment for missed lunches," dated February 6-24, 2014 (Bates HFH 0609-0611) | |
| 207. | Emails regarding "Back payment for missed lunches," dated February 6-14, 2014, (Bates HFH 0573-0578) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 208. | Email from Plaintiff to Fiona Bork, Martha Wiseheart, and Theresa Hobbs re "Total hours for two weeks," dated February 7, 2014 (HFH Bates 0581) | |
| 209. | Email from Fiona Bork to various employees re "Shelby Patient Safety Procedure," dated February 7, 2014 (Bates Reeser 310-311) | |
| 210. | Email from Luain Hajjar to Fiona Bork re "Week of March 3, 2014.xls," dated February 17, 2014, with attached Lab Assistant Schedule (Bates HFH 0583-0584) | |
| 211. | Email exchanges beginning between Maria Anger to Fiona Bork re "Henry Bucks," to Martha Wiseheart and Fiona Bork re "FYI-Natalie on a rant," dated February 18, 2014 (Bates HFH 586-588) | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 212. | Email exchanges between Fiona Bork and Jill Hood re "?" dated February 18, 2014 (Bates HFH 585) | |
| 213. | Email exchanges between Plaintiff and Fiona Bork re "?" forwarded by Bork to Jill Hood and John Waugh, with reply from John Waugh, dated February 18, 2014 (Bates HFH 0620-0624) | |
| 214. | Email exchanges between Plaintiff and Jill Hood re "I have waited almost a whole month," dated February 18, 2014 (Hood Dep Ex. 10) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 215. | Email from Martha Wiseheart to Fiona Bork re "Natalie and Reg's"; forwarded by Bork to Jill Hood, dated February 20, 2014 (Bates HFH 0599) | |
| 216. | Email exchange between Plaintiff and Fiona Bork, cc'd Denise Goldsmith, re "TOMORROW," dated February 20, 2014 (Bates Reeser 306; HFH 504) | |
| 217. | Email exchange between Plaintiff and Fiona Bork, and cc'd to Jill Hood re "Are you getting my emails? I am waiting on a response [sic] from you?" dated February 20, 2014 (Bates HFH 505-506) | |
| 218. | Email exchange between Fiona Bork and Jill Hood, cc'd John Waugh re "Back payment for missed lunches," dated February 24, 2014, 9:52 a.m. (Bates HFH 0608) | |
| 219. | Email exchange between Fiona Bork and Jill Hood, re "Natalie and Deserie," dated February 24, 2014, 10:02 a.m. (Bates HFH 601) | |
| 220. | Email from Fiona Bork to various employees re "Lunch," dated February 24, 2014, 2:02 p.m. (Bates HFH 555) | |
| 221. | Email exchange between Plaintiff and Luain Hajjar, cc'd Fiona Bork re "HFC," dated February 25, 2014, forwarded by Bork to Jill Hood, March 5, 2014 (Bates HFH 113) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 222. | Email from Plaintiff to Fiona Bork and Luain Hajjar re "I am waiting on hearing back from you?" dated February 25, 2014, forwarded by Bork to Jill Hood, March 5, 2014 (Bates HFH 117) | |
| 223. | Email from Plaintiff to Fiona Bork and Luain Hajjar re "SCHEDULE," dated February 25, 2014; forwarded by Bork to Jill Hood March 5, 2014 (Bates HFH 112) | |
| 224. | Email from Plaintiff to Fiona Bork re "Schedule for the week of 3-3-14," dated February 25, 2014 (Bates HFH 525) | |
| 225. | Email exchange between Fiona Bork and Plaintiff re "Schedule for the week of 3-3-14," dated February 25, 2014; forwarded by Fiona Bork to Jill Hood on March 5, 2014 (Bates HFH 115) | |
| 226. | Email from Plaintiff to Fiona Bork, Luain Hajjar, and Martha Wiseheart, re "LUNCH TODAY," dated February 25, 2014; forwarded by Fiona Bork to Jill Hood on March 5, 2014 (Bates HFH 116) | |
| 227. | Email from Plaintiff to Fiona Bork, Luain Hajjar, and Martha Wiseheart, re "LUNCH TODAY," dated February 25, 2014; forwarded by Fiona Bork to Jill Hood on February 25, 2014 asking "can she do this?" (Bates HFH 534) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 228. | Email from Plaintiff to Jill Hood re "Natalie Reeser: Response to Suspension, and Request for Reinstatement of Position," dated February 25, 2014 (Bates HFH 543-545) | |
| 229. | Email exchange between Plaintiff to Jill Hood re "Natalie Reeser: Response to Suspension, and Request for Reinstatement of Position," dated February 25-26, 2014 (Bates HFH 537-540) | |
| 230. | Email from Fiona Bork to Jill Hood, cc'd Martha Wiseheart re "Natalie Suspension," dated February 26, 2014 (Bates HFH 66-67) | |
| 231. | Fiona Bork AT&TPhone Log, dated February 26, 2014 – March 25, 2014 (No Bates Nos.) | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 232. | Email statements by Fiona Bork, Martha Wiseheart, Maria Anger, and Luain Hajjar (HFH 65-67; 535-536; 546) | |
| 233. | Email from Plaintiff to Jill Hood re Plaintiff's responses to Jill Hood's three questions, dated February 27, 2014 (Bates HFH 541-542) | |
| 234. | Plaintiff's Employment Wage Complaint with the State of Michigan LARA Wage & Hour Division, received by the Wage & Hour Division on February 27, 2014 (Pl's Dep Ex. 80) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 235. | Email exchanges between Jill Hood and Fiona Bork regarding payment for lunches to Plaintiff, dated February 28, 2014 (Bates HFH 0604-0606) | |
| 236. | Email exchange between Jill Hood and Fiona Bork re "N. Reeser," dated February 28, 2014 (Bates HFH 63-64) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 237. | Email exchange between Jill Hood and Plaintiff re "Personal belongings," dated March 4, 2014 (Bates HFH 61) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 238. | Email exchange between Jill Hood and Fiona Bork re "Additional information needed," dated March 4-5, 2014 (Bates HFH 71-72) | |
| 239. | Email from Maria Anger to Jill Hood and Fiona Bork re "HFML Clinton Twp PSC," dated March 5, 2014 (Bates HFH 65) | |
| 240. | Letter from Jill Hood to Plaintiff re "Investigation summary from January 20, 2014 conversation," dated March 5, 2014 (Bates HFH 199-200) | |
| 241. | Email exchange between Plaintiff and Jill Hood re "Update," dated March 5-7, 2014. (Bates HFH 73-74) | |
| 242. | Email exchange between Plaintiff and Jill Hood re "Update," dated March 5-6, 2014 (Bates HFH 118) | |
| 243. | Email exchange between Plaintiff and Jill Hood re "Update," and "Appeal Closure," dated March 6-21, 2014. (Bates HFH 69-70) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 244. | Email exchange between Plaintiff and Jill Hood re "'Meal period' salary adjustments," dated March 4-7, 2-14 (Bates Reeser 113 | |
| 245. | Statement by Rebecca Pilarski re "Notes-conversation with jill Hood and Natalie Reeser," dated March 7, 2014 (Bates HFH 119) | |
| 246. | Investigation Report by the State of Michigan LARA Wage and Hour Program, dated March 10, 2014 (Pl's Dep Ex. 82) | Plaintiff objects to admission of this exhibit as the document is unfairly prejudicial and unduly confuses the issues before the jury. |
| 247. | Determination Letter re Claim #177607, dated March 11, 2014 (Bates HFH 196) | Plaintiff objects to admission of this exhibit as the document is unfairly prejudicial and unduly confuses the issues before the jury. |
| 248. | Email from Fiona Bork to Cher Adams, cc'd Luain Hajjar, Maria Anger re "Lunch breaks at Clinton with attachment: CT PSC Lunch Sign," dated March 13, 2014 (Bates HFH 556-557) | |
| 249. | Email from Fiona Bork to various employees re "Clinton Township PSC-Lunch Break," dated March 14, 2014 (Bates HFH 558) | |
| 250. | "Reeser Missed Pay Period Chronology, Claim #177607," dated March 20, 2014, by Jill Hood (Bates HFH 197-198; 201-216) | |
| 251. | Email exchange between Plaintiff and Jill Hood re"Update," March 12-21, 2014. (Bates Reeser 63) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 252. | Letter by attorney Keith Flynn to John Mucha, Vice President of HFH Risk and Insurance Services, re "Natalie Reeser-and-Henry Ford Hospital Our File No.: 14-15246," dated March 28, 2014 (Bates HFH 267-268) | Plaintiff objects to the admission of this document as admission of the settlement letter would violate FRE and MRE 408 as well the settlement privilege recognized by the Sixth Circuit. |
| 253. | Resume of Natalie K. Reeser (Pl's Dep Ex. 9) | |
| 254. | Letter from Marguerite Bayer, Investigator with State of Michigan LARA Wage and Hour Program, to Plaintiff, re "Natalie Reeser, #177607, vs. Henry Ford Health Systems," dated May 30, 2014 (Bates HFH 261-265) | Plaintiff objects to admission of this exhibit as the document is unfairly prejudicial and unduly confuses the issues before the jury. |
| 255. | Summary by Jill Hood regarding Plaintiff, dated April 28, 2014 (Bates HFH 266) | |
| 256. | Various documents regarding Plaintiff's job search efforts (Bates Reeser 1-27) | |
| 257. | Signage created by Plaintiff re Henry Ford Health system Draw Lab (Bates HFH 58) | |
| 258. | [this number not used] | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 259. | Thank you card from Martha Wiseheart to Plaintiff, undated. (Bates Reeser 71-72) | |
| 260. | Signage by Henry Ford Medical Laboratories Clinton Township Patient Service Center re closing office for lunch effective April 1, 2014, with Plaintiff's handwritten notations. (Bates Reeser 116) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 261. | Davis Smith Inc. Employment Verification and Pay Stub regarding Plaintiff (Reeser 28-29) | |
| 262. | Fiona Bork's Call Detail Records (Bates HFH 531-533) | Plaintiff objects to this exhibit as it is not a complete record of Ms. Bork's phone calls and HFH 533 and HFH 531-532 are separate documents |
| 263. | Declaration of Fiona Bork (MSJ Reply Brief Ex. B) | |
| 264. | Deposition Transcript of Plaintiff, dated March 23, 2015 (or excerpts therefrom) | Plaintiff reserves the right to object at trial once the documents are identified. |
| 265. | Deposition Transcript of Fiona Bork, dated March 16, 2015 (or excerpts therefrom) | Plaintiff reserves the right to object at trial once the documents are identified. |
| 266. | Deposition Transcript of Martha Wiseheart, dated March 17, 2015 (or excerpts therefrom) | Plaintiff reserves the right to object at trial once the documents are identified. |
| 267. | Deposition Transcript of Jill Hood, dated May 5, 2015 (or excerpts therefrom) | Plaintiff reserves the right to object at trial once the documents are identified. |
| 268. | All documents maintained by Macomb County Circuit Court regarding Plaintiff's Complaint and Jury Demand regarding Natalie Reeser v Jeffrey Automotive Group, LLC, et al, Case No. 09-1589-CD (Pl's Dep Ex. 20) | Plaintiff objects to this exhibit and will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's lawsuit against Jeffrey Automotive and any exhibits filed with a court as part of that case because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, would confuse the jury and violate attorney-client privilege. |
| 269. | Documents maintained by Dryden Police Department regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 270. | Documents maintained by LARA Wage and Hour Program regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 271. | Documents maintained by Jeffrey Automotive Group regarding Plaintiff's employment records | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 272. | Documents maintained by Home Helpers regarding Plaintiff's employment records | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 273. | Davis Smith, Inc. employment records regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 274. | Leoni Engineering employment records regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. Further, Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's work history with prior employers, including Plaintiff's termination from Leoni Engineering Products & Services, Inc. and any related complaints of sexual harassment because such evidence is irrelevant to the claims and defenses in this case, unfairly prejudicial, and unduly confuses the issues before the jury. |
| 275. | Sprint Records for Plaintiff's Cell Phone. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 276. | Plaintiff's Complaint and Demand for Jury Trial, dated May 13, 2014 (with Exhibits A-D) (Pl's Dep Ex. 1) | |
| 277. | Plaintiff's First Amended Complaint and Demand for Jury Trial, dated July 29, 2015 | |
| 278. | Plaintiff's Second Amended Complaint and Demand for Jury Trial, dated August 17, 2015 | |
| 279. | Plaintiff's Answers to Defendant's First Interrogatories to Plaintiff, dated August 1, 2014 (Pl's Dep Ex. 2) | |
| 280. | Plaintiff's Supplemental Answers to Defendant's First Interrogatories to Plaintiff, dated February 5, 2015 (Pl's Dep Ex. 4) | |
| 281. | Defendant's Second Supplemental Responses to Plaintiff's First Set of Interrogatories, No. 6 (MSJ Ex. 7) | |
| 282. | Defendant's Third Supplemental Responses to Plaintiff's First Set of Interrogatories, No. 8 (MSJ Ex. 27) | |
| 283. | Chart of Plaintiff's Misrepresentations as to Direct Evidence of Retaliation (MSJ Reply Brief Ex. A) | Plaintiff objects to the admission of this document because it is not relevant, it is filled with misrepresentations by Defendants' counsel, it is unduly prejudicial, and it would confuse the jury. |
| 284. | Medical Records, or excerpts thereof, maintained by Henry Ford Hospital and Health Network regarding Plaintiff | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 285. | Medical Records, or excerpts thereof, maintained by Reza Kahnamouei, M.D. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 286. | Text messages between Plaintiff and other co-workers or former co-workers of Henry Ford Health System (Pl's bates nos. Reeser 474-562) | Plaintiff objects to the admission of these documents because the admission would violate work product privilege as some of these texts were sent in anticipation of litigation at the direction of counsel. Plaintiff also objects because many of the documents are irrelevant and unduly prejudicial. |
| 287. | Spectrum Forensics Analysis of Plaintiff's cell phone | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 288. | Audio recording of Plaintiff's conversation with Fiona Bork | |
| 289. | Plaintiff's Income Tax Returns and/or Earnings Records | |
| 290. | Other employee discipline files<br>• Hather Adamo<br>• Rachel Holloman<br>• Stephanie Hope<br>• Erik Lickteig<br>• Shantae Stewart<br>• Deborah Woodall | |
| 291. | Demonstrative evidence and/or enlargements of certain portions of Exhibits and/or other records | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 292. | Quest Diagnostics employment records regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 293. | Leelin Home Health Care employment records regarding Plaintiff. | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 294. | Plaintiff's Second Supplemental Answers to Defendant's First Interrogatories to Plaintiff, dated March 26, 2015 | |
| 295. | HFHS Policy No. 5.25, Alternative Dispute Resolution (ADR) Program | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 296. | Henry Ford Health System Appeal and Step Process (Bates Reeser 195-203; 292) | Plaintiff objects to admission of this exhibit as the document is irrelevant to the claims and defenses in this case, is unfairly prejudicial and unduly confuses the issues before the jury. |
| 297. | U.S. Bankruptcy Court, Eastern District of Michigan, Chapter 7 Bankruptcy Petition No. 11-60842, Debtor: Natalie Kristen Reeser, filed August 1, 2011 | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. Plaintiff will file a motion in limine to prevent the introduction of documents and testimony related to Plaintiff's bankruptcy as this evidence is irrelevant, unfairly prejudicial, and would confuse the jury. |
| 298. | Macomb Family Services medical records regarding Plaintiff | Defendant has not identified which documents are included in this exhibit. Plaintiff reserves the right to object at trial once the documents are identified. |
| 299. | Email from Plaintiff to Fiona Bork and Martha Wiseheart re "conference Call," dated January 16, 2014, forwarded by Bork to Wiseheart, January 16, 2014 (Bates HFH 619) | |

| Defendant's Exhibit | Description | Objection |
|---|---|---|
| 300. | Email from Fiona Bork to Jill Hood re "Natalie and Deserie," dated February 23, 2014 (Bates HFH 600) | |
| 301. | Email from Fiona Bork to Jill Hood, cc'd Luain Hajjar and Maria Anger re "Natalie Reeser," dated February 28, 2014, forwarded by Bork to Hood on March 5, 2014 (Bates HFH 114) | Plaintiff objects to this exhibit as it contains impermissible hearsay. |
| 302. | Email string between Fiona Bork and Jill Hood re "Additional information needed," dated March 4-5, 2014 (Bates HFH 548-550) | |
| 303. | Email from Fiona Bork to various employees re "IMPORTANT- READ IMMEDIATELY," dated January 16, 2014 with attachment (HFH Bates 743-744) | Plaintiff objects to this exhibit as irrelevant and because it was not produced in discovery. |

## J.    Damages

Plaintiff's damages include back pay and front pay plus an additional equal amount as liquidated damages.

Specific back pay damages are based on Plaintiff's approximately $31,773 salary, including overtime, which she earned while working for Defendant in 2014.

Front pay as determined by a jury.

Plaintiff may also be entitled to damages for extreme mental and emotional distress, lack of health care, depression, and anxiety.

Punitive damages.

**K.    Trial**

1. This matter is scheduled for a jury trial

2.    Number of hours for
    a.    Plaintiff's proofs: approximately 2 days
    b.    Cross-examination: approximately 1 day

3.    Number of hours for
    a.    Defendants' proofs:  approximately 2 days
    b.    Cross-examination:  approximately 1 day

**L.    Settlement**

Counsel for the parties have conferred and considered the possibility of settlement. Parties met on November 24, 2015 at Defendant's Counsel's office. Parties have not been able to reach an agreement and are no longer engaged in settlement negotiations.

Respectfully submitted,

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| By: /s/ Keith D. Flynn | By: /s/ Terrence J. Miglio |
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

Dated:  January 12, 2016

        IT IS SO ORDERED.

                        s/George Caram Steeh
                        Honorable George Caram Steeh
                        United States District Judge

Dated: January 19, 2016