# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

                    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., 5th Floor |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI  48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 1

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, then that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Authority

Sixth Circuit Pattern Jury Instructions § 1.06.

## <u>PROPOSED JURY INSTRUCTION NO. 2</u>

## <u>PRIOR INCONSISTENT STATEMENT – STANDARD</u>

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

      a.    the statement was made by the plaintiff, the defendant, or an agent or employee of either party; or

      b.    the statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

      c.    the witness testified during the trial that the earlier statement was true.

**<u>Authority</u>**

M Civ JI 3.15

## PROPOSED JURY INSTRUCTION NO. 3

### Witness Who Has Been Interviewed by an Attorney

It has been brought out that a lawyer has talked with a witness. There is nothing wrong with a lawyer talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

### Authority

Civ JI 4.06

## PROPOSED JURY INSTRUCTION NO. 4

### BURDEN OF PROOF

Ms. Reeser has the burden of proof in this case. The party who has the burden of proof must carry that burden by a preponderance of the evidence. This means, simply, the greater weight of the evidence. It may be helpful to envision a set of balancing scales. After considering all the proof on a particular element of Ms. Reeser's case, the scales must be tipped in her favor on that issue, be it ever so slightly, for her to prevail on that issue.

A preponderance of the evidence, thus, means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

### Authority

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions - Civil,* Vol. 3 § 104.01 (5th ed. 2000) (modified)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Burden of Proof - Knowledge

Under Michigan law, the knowledge of a corporate agent can be imputed to the entire corporation.

### Authority

Michigan Non-Standard Jury Instr. Civil § 39:4 *In re NM Holdings Co., LLC*, 622 F.3d 613, 620 (6th Cir. 2010)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

**Retaliatory Motive of Direct Supervisors Can Be Imputed to the Decision-Makers**

In proving causation and pretext, the jury may find that defendants retaliated because of plaintiff's protected activity when the decision makers themselves, or those who provide input into the decision, express retaliatory feelings (1) around the time of, and (2) in reference to plaintiff's discharge.

### Authority

*Harrison v Olde Financial Corp*, 225 Mich App 601, 609 fn 7 (1997) (citing *Hunt v City of Markham*, 219 F3d 649, 652 (7th Cir 2000)

*Roberts v Principi*, 283 Fed Appx 325, 333 (6th Cir 2008)

*Jenkins v Trinity Health Corp*, No 284659; 2009 WL 2244518, at *13 fn 5 (Mich App)

*Ramanathan v Wayne State Univ Bd of Governors*, 480 Mich 1090, 1096 (2008)

*Meagher v Wayne State Univ*, 222 Mich App 700, 710 (1997)

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7</u>

### Fair Labor Standards Act Retaliation

In this case, Ms. Reeser claims that Henry Ford Health System retaliated against her because she took steps to enforce her lawful rights under the Fair Labor Standards Act. The Fair Labor Standard Act states that it is a violation for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act. The Fair Labor Standards Act prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights under that law. An employee may make a complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of unpaid wages against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Ms. Reeser merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Ms. Reeser claims that Henry Ford Health System terminated her because Ms. Reeser asserted her and her colleagues' rights under the Fair Labor Standards Act to pay for work performed during lunch and reported this conduct to management and to the State of Michigan. Henry Ford Health System denies Ms. Reeser's claim and asserts that Ms. Reeser was fired for job abandonment.

To succeed on her claim, Ms. Reeser must prove each of the following facts by a preponderance of the evidence:

First: Ms. Reeser engaged in protected activity;

Second: Henry Ford Health System took an adverse action;

Third: Henry Ford Health System took the adverse action because of Ms. Reeser's protected activity

Fourth: Ms. Reeser suffered damages because of the adverse employment action.

For the first element, Ms. Reeser claims that she engaged in protected activity when she asserted her rights to pay for work performed during her lunches and reported this to management and to the State of Michigan. That action is protected activity if it was based on Ms. Reeser's good-faith, reasonable belief that Henry Ford Health System violated her right to pay under the Fair Labor Standards Act. Ms. Reeser had a reasonable belief if a reasonable person would, under the circumstances, believe that Henry Ford Health System violated the Fair Labor

Standards Act. Ms. Reeser does not have to prove that Henry Ford Health System actually violated the Fair Labor Standards Act by failing to pay her for work performed during her lunch, but she must prove she had a good-faith, reasonable belief Henry Ford Health System did so.

The anti-retaliation provisions of the FLSA can be triggered by formal or informal complaints. The complaints may be internal complaints within a company or external complaints to a state or federal agency.

For the second element, Ms. Reeser claims that Henry Ford Health System took an adverse employment action against her when Henry Ford Health System suspended and ultimately terminated her. You must decide whether her termination is an adverse employment action.

An adverse employment action is any type of action that would have made a reasonable employee reluctant to make or support a charge alleging a violation. Put another way, if a reasonable employee would be less likely to complain about or oppose the alleged violation because she knew that Henry Ford Health System would terminate her, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged violation, it is not an adverse employment action.

For the third element, if you find that Ms. Reeser engaged in protected activity and that Henry Ford Health System took an adverse employment action against her,

9

you must decide whether Henry Ford Health System took that action because of Ms. Reeser's protected activity. To establish the element of causal link a plaintiff is required to proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action.

Henry Ford Health System claims that it did not terminate Ms. Reeser because Ms. Reeser asserted her right to pay for work performed during lunch or reported this information to the State of Michigan and that it took the action for another reason.

As I have explained, Ms. Reeser has the burden to prove Henry Ford Health System's decision to terminate her was because of Ms. Reeser's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Henry Ford Health System's decision to terminate Ms. Reeser was because of Ms. Reeser's protected activity, you may consider the circumstances of Henry Ford Health System's decision. For example, you may consider whether you believe the reason that Henry Ford Health System gave for the decision. If you do not believe the reason that it gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Henry Ford Health System's acts were the proximate cause of damages that Ms. Reeser sustained. Put another

way, you must decide, if Henry Ford Health System had not terminated Ms. Reeser, would these damages have occurred?

If you find that Henry Ford Health System's acts were the proximate cause of damages that Ms. Reeser sustained, you must determine the amount of damages.

### **Authority**

11th Circuit Civil Pattern Instructions – 4.22

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004)

*Evans v. Prof'l Transp.*, Inc., 614 F. App'x 297, 300 (6th Cir. 2015)

*EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

**FLSA - CAUSATION**

Ms. Reeser must show that her complaint regarding unpaid work performed during her lunch was a determining factor for her termination. The connection between Ms. Reeser's termination and her complaints may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Ms. Reeser's termination followed shortly after she made complaints to Henry Ford Health System of unpaid work she performed during her lunch and Ms. Reeser's termination followed shortly after she threatened to report a violation of the Fair Labor Standards Act to the State of Michigan.

Close temporal proximity between protected activity and firing is sometimes enough, by itself, to establish causation. Internal complaints about pursuing claims with a state agency can also be sufficient notice of a Plaintiff's report to a state agency even if a Plaintiff is terminated before providing specific notice of their report to an employer. The fact that an employee had no prior performance problems prior to reporting violations of law constituted indirect evidence of causation. The fact that Defendant treated Plaintiff differently from other employees in terminating her employment may be enough to establish causation. Defendant's failure to follow its own policies when it decided to

12

terminate Plaintiff can be evidence of causation.

### **Authority**

*Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 524-25. (6th Cir. 2008)

*Hamilton v. General Electric Co.,* 556 F.3d 428, 435-36 (6th Cir.2009)

*Thompson v. Aramark Sch. Support Servs., Inc.*, 490 F.3d 506, 509 (6th Cir. 2007)

*Carlson v. Leprino Foods Co.*, 522 F. Supp. 2d 883, 889 (W.D. Mich. 2007)

*McLemore v. Detroit Receiving Hosp. & Univ. Medical Center*, 196 Mich. App. 391, 398 (1992)

*Turpin v. Cable Tel Servs., Inc.*, 3:09-CV-147, 2010 WL 670080, at *3 (E.D. Tenn. Feb. 22, 2010)

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

### **Whistleblowers' Protection Act: Causation**

When I use the term "because of" I mean that protected activity must be one of the motives or reasons defendant discharged or discriminated against the plaintiff. Protected activity does not have to be the only reason, or even the main reason, but it does have to be one of the reasons that made a difference in defendant's decision to discharge or the plaintiff.

Close temporal proximity between protected activity and firing is sometimes enough, by itself, to establish prima facie causation. Internal complaints about pursuing claims with a state agency can also be sufficient notice of a Plaintiff's report to a state agency even if a Plaintiff is terminated before providing specific notice of their report to an employer. The fact that an employee had no prior performance problems prior to reporting violations of law constituted indirect evidence of causation. The fact that Defendant treated Plaintiff differently from other employees in terminating her employment may be enough to establish causation. Defendant's failure to follow its own policies when it decided to terminate Plaintiff can be evidence of causation.

### **Authority**

M Civ JI 107.03

*Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 524-25. (6th Cir. 2008)

14

*Hamilton v. General Electric Co.,* 556 F.3d 428, 435-36 (6th Cir.2009)

*Thompson v. Aramark Sch. Support Servs., Inc.*, 490 F.3d 506, 509 (6th Cir. 2007)

*Carlson v. Leprino Foods Co.*, 522 F. Supp. 2d 883, 889 (W.D. Mich. 2007)

*McLemore v. Detroit Receiving Hosp. & Univ. Medical Center*, 196 Mich. App. 391, 398 (1992)

*Turpin v. Cable Tel Servs., Inc.*, 3:09-CV-147, 2010 WL 670080, at *3 (E.D. Tenn. Feb. 22, 2010)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### Whistleblowers' Protection Act: Burden of Proof

Plaintiff has the burden of proving each of the following elements:

    a.  there was protected activity as defined in these instructions; and

    b.  the defendant discharged the plaintiff; and

    c.  the discharge was because of protected activity; and

    d.  the plaintiff suffered damages as a result of the discharge.

Your verdict will be for the plaintiff if you find that plaintiff has proved each of these elements. Your verdict will be for the defendant if you find that the plaintiff has failed to prove any one of these elements.

### Authority

M Civ JI 107.15

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### Defendant's Nondiscriminatory Reason

If you find that the plaintiff has proven the elements I just described to you, under the FLSA or the Whistleblower Protection Act, you must then consider whether the defendant has proven, by a preponderance of the evidence, some legitimate, nondiscriminatory reason for plaintiff's termination.

If you find that the defendant has not met its burden of proof your verdict must be for the plaintiff. If, you find that the defendant has met its burden of proof you must consider the other issues in the case.

### Authority

Michigan Non-Standard Jury Instr. Civil § 37:16

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

## Plaintiff's Showing of Pretext

If you find that the defendant has shown some legitimate, nondiscriminatory reason for plaintiff's termination then you must consider whether the plaintiff has shown by a preponderance of the evidence that either:

(1) that the proffered reasons had no basis in fact,

(2) that the proffered reasons did not actually motivate his discharge, or

(3) that they were insufficient to motivate discharge.

If you find that the plaintiff has met her burden of proof your verdict must be for the plaintiff. If you find that the plaintiff has not met his burden your verdict must be for the defendant.

### Authority

Michigan Non-Standard Jury Instr. Civil § 37:17

*Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994)

*Jones v. Potter*, 488 F.3d 397, 406 (6th Cir. 2007)

## PROPOSED JURY INSTRUCTION NO. 13

## FRONT PAY

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff would have earned had plaintiff not been terminated for the period from the date of your verdict until the date when plaintiff would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff if plaintiff receives it today than if plaintiff received it in the future, when plaintiff would otherwise have earned it. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff can earn on that amount in the future.

**Authority**

3C Fed. Jury Prac. & Instr. § 171.92 (5th ed.)

## PROPOSED JURY INSTRUCTION NO. 14

### LIQUIDATED DAMAGES

Ms. Reeser should be awarded liquidated damages if Henry Ford Health System "willfully" violated the law.  A violation is "willful" where the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.

### Authority

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

### COMPENSATORY DAMAGES

Ms. Reeser has alleged that, as a result of Defendants' conduct, she has extreme mental and emotional distress, humiliation, outrage and harm to reputation. These damages are referred to as compensatory damages. Ms. Reeser has the burden of proving, by a preponderance of the evidence, that she has suffered damages as a result of Defendants' conduct, and the amount of the damages, if any. If Ms. Reeser does not establish that she has experienced these harms because of Defendants' conduct, then she cannot recover this type of compensatory damages.

If you determine that Ms. Reeser has proven by a preponderance of the evidence that she has experienced mental and emotional distress, humiliation, outrage and harm to reputation due to Defendants' conduct, you may award her damages for those harms. No evidence of the monetary value of such intangible things as emotional pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation - no more and no less.

When considering the amount of monetary damages to which Ms. Reeser may be entitled, you should consider the nature, character, and seriousness of any

pain and suffering, mental and emotional distress, humiliation, outrage and harm to reputation that she felt. You must also consider its extent or duration, as any award you make must cover the damages endured by Ms. Reeser since the wrongdoing, to the present time, and even into the future if you find that the proof justifies the conclusion that Ms. Reeser's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

### Authority

American Bar Association, *Model Jury Instructions: Employment Litigation* § 1.07[1] (2nd Ed. 2005)

T.P.I. - .75 (6th Ed. 2006).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16

### Defendant Takes Plaintiff As It Finds Her

You are instructed that the defendant takes the plaintiff as defendant finds her.

If you find that the plaintiff was unusually susceptible to injury, that fact will not

relieve the defendant from liability for any and all damages resulting to plaintiff as

a proximate result of defendant's actions.

### Authority

M Civ JI 50.10

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

### EXEMPLARY DAMAGES – Whistleblower Protection Act

I will now discuss exemplary damages. The purpose of exemplary damages is to make an injured party whole. Exemplary damages are recoverable only for intangible injuries or, in other words, injuries to feelings that are not quantifiable in monetary terms. An award of exemplary damages is proper if it compensates a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully, and wantonly inflicted by a defendant.

In regard to proving exemplary damages, it is not essential to present direct evidence of an injury to one's feelings. Rather, the question is whether the injury to feelings and mental suffering are natural and proximate in view of the nature of the defendant's wrongful conduct.

### Authority

Michigan Non-Standard Jury Instr. Civil § 13:2

24

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

### PUNITIVE DAMAGES UNDER THE FLSA

If you find in favor of Ms. Reeser, you should consider whether she is entitled to punitive damages in addition to any award of actual damages. To establish entitlement to punitive damages, Ms. Reeser must prove, by a preponderance of the evidence, that:

1. Defendant acted with malice or reckless indifference to her rights; and

2. Defendant should be held liable for its employees' unlawful conduct.

Malice or reckless indifference may be found where the employer is motivated by an evil motive or intent or acts with reckless or callous indifference to the rights of Ms. Reeser to be free of retaliation.

In determining whether Defendant engaged in good faith efforts to comply with the law, you should consider any relevant factor demonstrating its efforts, or lack thereof, to comply with the law.

If you find that Ms. Reeser has proven each of these elements, then you are permitted, but not required, to assess punitive damages against Defendant. Punitive

and/or exemplary damages are awarded in exceptional cases as a punishment to the defendant and a warning to others not to engage in similar unlawful conduct.

### Authority

*Smith v. Wade* 461 U.S. 30, 56 (1983)

*Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

### DUTY TO MITIGATE

Ms. Reeser has a duty to mitigate damages. Any back pay and employment benefits you award Ms. Reeser shall be reduced by any employment earnings and benefits she earned or could have earned through reasonable diligence. In attempting to mitigate damages, Ms. Reeser is not required to accept any offer of employment, or abandon her home or place of residence to seek other employment, but is only required to exercise reasonable diligence in seeking other employment of a similar or comparable nature.

Defendants have the burden of establishing that Ms. Reeser failed to use reasonable diligence in mitigating damages. Defendant must prove both the availability of suitable and comparable substitute employment, and the lack of reasonable diligence on the part of Ms. Reeser. Defendant must establish that equivalent positions were available with virtually identical promotional opportunities, compensation and benefits, job responsibilities, working conditions, and status. To establish that Plaintiff failed to mitigate her damages, Defendants must show a willful loss of earnings.

### Authority

T.P.II. – Civil 11.76 (5th ed. 2005) (modified)

*Raismas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 624 (6th Cir. 1983)

27

*Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556-57 (6th Cir. 2006) ("The law requires a diligent effort, not fruitful one.")

*Frye v. Memphis State University,* 806 S.W.2d 170, 173 (Tenn. 1991)

*Ford v. Nicks,* 866 F.2d 865, 873 (6th Cir. 1989).

*Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir.1996)

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**
### **AFTER ACQUIRED EVIDENCE**

After Acquired Evidence issues arise when an employee has engaged in misconduct, either prior to employment or during her employment, and then brings a claim for wrongful discharge. In determining whether there was misconduct prior to employment, you should determine if Plaintiff would have been still been hired had the Defendant known of the misconduct.  In determining whether there was misconduct during Plaintiff's employment, you should determine if Plaintiff would have been fired had the alleged misconduct been known to the Defendant.

If you determine that Plaintiff engaged in misconduct which would have led her to be fired, her back pay award should be from the date of the alleged unlawful discharge to the date the defendant discovered evidence of the Plaintiff's misconduct. Plaintiff would also barred from obtaining front pay and reinstatement under the after-acquired evidence rule.

However, you if determine there was no misconduct or the alleged misconduct would not have led to termination, then you should not limit Plaintiff's award.

## **Authority**

*Milligan–Jensen v. Michigan Tech. Univ.,* 975 F.2d 302, 305 n. 3 (6th Cir.1992))

*Washington v. Lake County, Ill.,* 969 F.2d 250, 254 (7th Cir.1992)

*Baab v. AMR Servs. Corp.,* 811 F. Supp. 1246, 1255 (N.D. Ohio 1993)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NATALIE REESER**,

             Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

             Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., 5th Floor |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI  48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on *May 3, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Adam C. Graham
     Adam C. Graham (P79361)
     *Attorneys for Plaintiff*
     600 W. Lafayette Blvd., 4th Floor
     Detroit, Michigan 48226
     (313) 964-4454

1