# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NATALIE REESER,

                              Case No. 2:14-cv-11916-GCS-MJH

        Plaintiff,             Hon. George Caram Steeh

                              Magistrate Stephanie Dawkins Davis

v

HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL,

        Defendant.

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

**Defendant's Proposed Jury Instruction No. 42**

**Witness Willfully False**

If you find that a witness has willfully testified falsely as to a material fact, and that such false testimony rendered the witness incredible as a whole, you have a right to disregard his or her entire testimony.

**Source:**   *O'Rourke v O'Rourke*, 43 Mich 58; 4 NW 531 (1880); *Ketchum v Fillingham*, 162 Mich 704; 127 NW 702 (1910).

**Defendant's Proposed Jury Instruction No. 48**

**Specific Claims**

**FLSA Retaliation – Elements of Proof**

Plaintiff claims that she was retaliated against by Defendant because she allegedly reported violations of the Fair Labor Standards Act to the State of Michigan. To prevail on her claim of retaliation, Plaintiff must prove each of the following elements, by a preponderance of the evidence:

(1) she engaged in a protected activity under the Fair Labor Standards Act;

(2) her complaint was known to Henry Ford Health System;

(3) thereafter, Henry Ford Health System took an adverse employment action against her; and

(4) there was a causal connection between the protected activity and the adverse employment action.

If you find that Plaintiff has failed to prove any of these elements, your verdict should be for Defendant.

**Source:** The burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to a FLSA claim of retaliation. *See, e.g., Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004); *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006); *Pettit v. Steppingstone, Ctr. for the Potentially Gifted*, 429 F.App'x 524, 533 (6th Cir. 2011) (applying the burden-shifting test to a FLSA retaliation claim).

3

**Defendant's Proposed Jury Instruction No. 49**

**FLSA Retaliation – Protected Activity**

The FLSA protects an employee from retaliation by an employer if the employee files a complaint or institutes or causes the institution of any proceeding under the FLSA.

**Source:**   29 U.S.C. § 215(a)(3); *EEOC v. Romeo Community Schools*, 976 F.2d 985, 989-990 (6th Cir. 1992); *McKenzie v. Renberg's, Inc.*, 94 F.3d 1478, 1486-87 (10th Cir. 1996)

**Defendant's Proposed Jury Instruction No. 50**

**FLSA Retaliation - Adverse Employment Action**

An adverse employment action is defined as a "materially adverse change in the terms of Plaintiff's employment."

To be materially adverse, an adverse action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."

Mere inconvenience or an alteration of job responsibilities does not constitute a materially adverse employment action.

**Source:** *White v. Burlington Northern & Santa Fye. R. Co.,* 364 F.3d 789, 797 (6th Cir. 2004); *Adair v. Charter County of Wayne*, 452 F.3d 482, 489-490 (6th Cir. 2006)

**Defendant's Proposed Jury Instruction No. 51**

**Retaliation – Causal Connection**

In order to establish the element of causal connection for retaliation under the FLSA, a plaintiff must produce evidence that her protected activity was the reason that Henry Ford Health System took an adverse employment action against her.  Plaintiff must prove by a preponderance of the evidence that the Henry Ford Health System would not have terminated Plaintiff but for her engaging in protected activity.

Timing alone will not support an inference of retaliation.

You are not allowed to substitute your judgment for the employer's business judgment or find retaliation just because you disagree with the employer's judgment.  You should be mindful that the law requires only that an employer not retaliate against an employee because an employee made a complaint under the Fair Labor Standards Act.  An employer may, however, take adverse action against an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally may not favor the decision or would have made a different decision under the circumstances.  Neither does the law require the defendant to extend any special or

favorable treatment to the plaintiff because she may have engaged in protected activity.   Subjective beliefs, without affirmative evidence, are insufficient to establish a claim of retaliation.

**Source:** The burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to a FLSA claim of retaliation.  *See, e.g., Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004); *Pettit v. Steppingstone, Ctr. for the Potentially Gifted*, 429 F.App'x 524, 533 (6th Cir. 2011) (applying the burden-shifting test to a FLSA retaliation claim); *Goss v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175-76 (2009); *Sheick v. Tecumseh Pub. Schools*, 766 F.3d 523, 532 (6th Cir. 2013); *Adair v. Charter County of Wayne*, 452 F.3d 482, 490-91 (6th Cir. 2006); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000); *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S.Ct. 2517, 2532-2533, 186 L.Ed.2d 503 (2013) (Title VII retaliation claims must be proved according to traditional principles of but-for causation); *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1070 (6th Cir. 2015) (under *Nassar*, "a Title VII claimant must show that his or her protected activity was a but-for cause of the adverse action by the employer."); *EEOC v. Southeast Telecom, Inc.*, 780 F. Supp.2d 667, 685 (M.D. Tenn. 2011 ("it appears that retaliation claims under the FLSA are analyzed identically to retaliation claims under Title VII").

**Defendant's Proposed Jury Instruction No. 52**

**Retaliation – Knowledge**

A retaliation claim requires a special showing that the Defendant had knowledge of the plaintiff's complaint.   Knowledge of Plaintiff's complaint is necessary.

**Source:**   *Nguyen v. City of Cleveland*, 229 F.3d at 563 (to establish a *prima facie* case of retaliation, a plaintiff must establish that "the exercise of his civil rights was known to the defendant"); *Melchi v. Burns Intern. Sec. Services, Inc.*, 597 F. Supp. 575, 582 (E.D. Mich. 1984); *Shaw v. Donahue*, 605 F. App'x 494, 498 (6th Cir. 2015) (upholding summary judgment where plaintiff failed to show that decision-maker had "knowledge" of plaintiff's "EEO activity"); *Smith v. ACO, Inc.*, 368 F. Supp. 2d 721, 732-733 (E.D. Mich. 2005) ("In order to establish a causal link, Plaintiff must establish that his employer had knowledge of his protected activity when it made the decision to discharge him; without knowledge of the protected activity, there can be no inference that the adverse action was taken because of the protected activity.")

**Defendant's Proposed Jury Instruction No. 55**

**M Civ JI 107.03 (Modified)**

**Whistleblowers' Protection Act: Causation**

When I use the term "because of" I mean that protected activity must be one of the motives or reasons defendant discharged the plaintiff.  Protected activity does not have to be the only reason, or even the main reason, but it does have to be one of the reasons that made a difference in defendant's decision to discharge the plaintiff.

A plaintiff may establish a causal connection through either direct evidence or indirect and circumstantial evidence.  Direct evidence is that which, if believed, requires the conclusion that the plaintiff's protected activity was at least a motivating factor in the employer's actions.   To establish causation using circumstantial evidence, the circumstantial proof must facilitate reasonable inferences of causation, not mere speculation.  Speculation or mere conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference.  In other words, the evidence presented will be sufficient to create a triable issue of fact if the jury could reasonably infer from the evidence that the employer's actions were motivated by retaliation.

**Source:** On the meaning of "because of" in the employment discrimination context, see *Hazle v Ford Motor Co*, 464 Mich 456; 628 NW2d 515 (2001), and other cases cited in the comment to M Civ JI 105.02 Employment Discrimination; (Disparate Treatment)—Definition; *see also Shaw v. Ecorse*, 283 Mich. App. 1, 770 N.W.2d 31, 40-41 (2009) (internal citations omitted)

**Defendant's Proposed Jury Instruction No. 58**

**M Civ JI 107.15 (Modified)**

**Whistleblowers' Protection Act: Burden of Proof**

Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(a)    that she was engaged in a protected activity as defined in these instructions; and

(b)    the defendant discharged the plaintiff; and

(c)    the discharge was because of protected activity; and

(d)    the plaintiff suffered damages as a result of the discharge.

Your verdict will be for the plaintiff if you find that plaintiff has proved each of these elements.  Your verdict will be for the defendant if you find that the plaintiff has failed to prove any one of these elements.


**Source:** *West v General Motors*, 469 Mich 177 (2003)

11

## Defendant's Proposed Jury Instruction No. 58a

### Employer's Business Judgment

You are not allowed to substitute your judgment for Henry Ford Health Systems' business judgment or find retaliation just because you disagree with the its decision to terminate Plaintiff. You should be mindful that the law requires only that an employer not retaliate against an employee because an employee engaged in protected activity under the Whistleblowers Protection Act. An employer may, however, take adverse action against an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally may not favor the decision or would have made a different decision under the circumstances. Neither does the law require Henry Ford Health System to extend any special or favorable treatment to the Plaintiff because she may have engaged in protected activity. Subjective beliefs, without affirmative evidence, are insufficient to establish a claim of retaliation.

**Defendant's Proposed Jury Instruction No. 59**

**Consider Damages Only If Necessary**

If the Plaintiff has proven a claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the Plaintiffs damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

**Source**: Western District of Michigan Civil Jury Instructions, CV 3.04

**Defendant's Proposed Jury Instruction No. 60**

**Damages - Reasonable - Not Speculative**

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Source**: Western District of Michigan Civil Jury, CV 3.04A

**Defendant's Proposed Jury Instruction No. 61**

**Recovery of Take Home Pay Only**

Under the law, any award made to plaintiff in this case is not subject to Federal or State income tax. Therefore, in computing the amount of damages which you may find the plaintiff is entitled to recover for past or future lost earnings, plaintiff is entitled to recover only the net, after tax income.  In other words, the plaintiff is entitled to recover only "take home pay" which you find was lost in the past or will lose in the future.

**Source**: Western District of Michigan Civil Jury Instructions, CV 3.04B

**Defendant's Proposed Jury Instruction No. 62**

**Future Damages - Reduction to Present Cash Value**

If you decide that the plaintiff will sustain damages in the future, you must reduce the amount to its present cash value. The amount of damages you determine the plaintiff will sustain the first year is to be divided by 1.05. The amount of damages you determine will be sustained in the second year is to be divided by 1.10. The amount of damages you determine will be sustained the third year is to be divided by 1.15. You then continue to use the similar procedure for each additional year you determine damages will be sustained. The total of your yearly computation is the present cash value of the plaintiff's future damages.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

**Source**: Western District of Michigan Civil Jury Instructions, CV 3.04C

**Defendant's Proposed Jury Instruction No. 64**

**No Damages – Litigation-Induced Emotional Distress**

Plaintiff is not entitled to any damages for any alleged emotional anxiety or distress she may feel or has felt as a result of her lawsuit against Defendant. Litigation-induced emotional distress is not a compensable element of damages.

**Source:** *Stoleson v. United States,* 708 F.2d 1217, 1223 (7th Cir. 1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages...."); *Knussman v. Maryland,* 272 F.3d 625, 642 (4th Cir. 2001) ("Generally speaking, litigation-induced emotional distress is never a compensable element of damages."); *Munafo v. Metropolitan Transp. Authority,* 2003 WL 21799913, at *22 (E.D.N.Y. Jan.22, 2003) ("[A] litigant who commences a protracted and expensive lawsuit ... may not then claim as an element of damages that he suffered emotional and financial anxiety because the lawsuit cost too much."); *Dukes v. United States Postal Serv.*, 2011 U.S. Dist. LEXIS 20930, at *4 (E.D.N.Y. Mar. 2, 2011) (same).

**Defendant's Proposed Jury Instruction No. 66**

**Damages – Front Pay[1]**

     If, and only if, you determine that Defendant retaliated against Plaintiff, then you may also determine separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Plaintiff would have earned had she not been retaliated against for that period from the date of your verdict until the date when the Plaintiff would have voluntarily resigned or obtained other employment.

**Source:** Model Jury Instructions Employment Litigation § 7.02[3] (2d ed. 2005); 29 U.S.C. § 626(b)

---

[1] While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court. *Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003).

**Defendant's Proposed Jury Instruction No. 67**

**Damages – Mitigation**

In determining the amount of damages, if any, that Plaintiff is entitled to recover, the law provides that the Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is called mitigation of damages.  However, it is the Defendants' burden to prove by a preponderance of the evidence that the Plaintiff failed to mitigate her damages.

If you determine that the Plaintiff is entitled to damages, you must reduce these damages by the amount that the Plaintiff actually earned, or could have earned, through a reasonable effort from the period from his discharge until the date of trial.

If you determine that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her, then you should reduce the amount of damages by the amount she could have earned if she would have sought out or taken advantage of the opportunity.

Leaving or quitting a job for personal reasons, as opposed to business reasons, is a failure to mitigate.

**Source:** Model Jury Instructions Employment Litigation § 1.07[5] (2d ed. 2005); Eleventh Circuit Civil Pattern Jury Instructions, Pattern Instruction 4.2; *See EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992) ("Although a claimant fails to mitigate damages by voluntarily quitting comparable interim employment for personal reasons, a voluntary quit does not toll the back pay period when it is motivated by unreasonable working conditions or an earnest search for better employment."); *Barbour v. Medlantic Management Corp.*, 952 F.Supp. 857, 864 (D.D.C. 1997), aff'd by 132 F3d 1480 (D.C. Cir. 1997) ("unreasonable" for the plaintiff to voluntarily leave a subsequent job "without having another position lined up (or even having interviews scheduled)")

**Defendant's Proposed Jury Instruction No. 68**

**Damages – After-Acquired Evidence – Misconduct**

The Defendant contends that even if it had not terminated Plaintiff for job abandonment, it would have made the same decision to discharge the plaintiff when it discovered that she engaged in misconduct. Defendant claims that Plaintiff engaged in misconduct: (1) by providing false information in connection with her employment application and (2) by violating Defendant's policies when she removed confidential information regarding patients from her work location, including confidential patient information contained in emails.

If the defendant proves by a preponderance of the evidence that even if it had not discharged Plaintiff for job abandonment, it would  have discharged her when it discovered she engaged in such misconduct, then the calculation of any back pay award should be from limited from the date of her termination for job abandonment to the date the defendant discovered evidence of the plaintiff's misconduct.

**Source:**  *See Wright v. Restaurant Concept Mgt., Inc.*, 210 Mich. App. 105, 112 (1995);  *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362 (1995);

*Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1168 (6th Cir. 1996); *Wallace v. Dunn Constr. Co. Inc.*, 62 F.3d 374 (11th Cir. 1995) (back pay from date of unlawful discharge to date after-acquired evidence that she lied in employment application was discovered)

**Defendant's Proposed Jury Instruction No. 69**

**Damages – After-Acquired Evidence – Resume Fraud**

Misrepresentations on an application or resume may constitute a legitimate ground for dismissal, where the misrepresentation or omission was material, directly related to measuring a candidate for employment, and was relied upon by the employer in making the hiring decision.

If you find by a preponderance of the evidence that even if Defendant had not terminated Plaintiff for job abandonment, it would have terminated Plaintiff when it learned she made misrepresentations in connection with her application for employment with Defendant, any calculation of back pay should cease as of the date the Defendant learned of the misrepresentations.

**Source:**   *Moos v. Square D. Co.,* 72 F.3d 39, 43 (6th Cir. 1995); *Johnson v. Honeywell Info. Sys.,* 955 F.2d 409, 415 (6th Cir. 1992); *Algie v. Northern Kentucky Univ.*, No. 10-5166, 2012 WL 34373 (6th Cir. Jan. 9, 2012); *Wehr v. Ryan's Family Steak Houses, Inc.*, No. 95-6101, 1996 WL 585892 (6th Cir. Oct. 10, 1996)

**Defendant's Proposed Jury Instruction No. 70**

**Punitive Damages**

You may award punitive damages to Plaintiff and against Henry Ford Health System only under her claim under the Fair Labor Standards Act if you find that the Plaintiff proved that any or all of the Defendant's conduct was motivated by evil motive or intent, or involved a reckless or callous indifference to the Plaintiff's federally protected rights.

It is up to your discretion to award or not to award punitive damages if Plaintiff has proved her claims under the Fair Labor Standards Act. Therefore, you may or may not award punitive damages at your discretion. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for intentional, willful, wanton conduct, and to deter the defendant and others from engaging in similar conduct in the future. The amount of an award for punitive damages must not reflect bias, prejudice, or sympathy toward any party.

Further, you are instructed that if you decide to award punitive damages, such punitive damages award would be in addition to the award for compensatory damages.

**Source:**   *John Uphoff-Figueroa v. Puerto Rico Electric Power Authroity, et al.,*

No. 03-1509 (PG) (D. Puerto Rico Nov. 10, 2006), ECF Dkt. #237.

**Defendant's Proposed Jury Instruction No. 68**

**Duplicate Damages**

In awarding damages, you should be careful not to award duplicate damages. A Plaintiff is entitled to collect full compensation for his or her injuries if proved, but he or she must not collect more than once for the same wrong.

In addition, if you find that more than one Defendant is liable for the same damages, you cannot duplicate such damages for that reason. Again, a Plaintiff is entitled to collect full compensation for his or her injuries, but the Plaintiff must not collect more than once for the same wrong, no matter how many persons might have been involved in inflicting such damage or damages.

**Source:**   *John Uphoff-Figueroa v. Puerto Rico Electric Power Authroity, et al.*, No. 03-1509 (PG) (D. Puerto Rico Nov. 10, 2006), ECF Dkt. #237.

**Defendant's Proposed Jury Instruction No. 69**

**Verdict Form**

I have prepared verdict forms for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.  **[EXPLAIN FORM]**

**Source**: Western District of Michigan Civil Jury Instructions, CV 9.05