**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

       Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

       Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

## DEFENDANT'S THEORY OF THE CASE

Defendant Henry Ford Health System provides medical care to patients throughout southeastern Michigan. It provides state-of-the art laboratory services for the diagnosis and treatment of all types of diseases and medical conditions. In July 2009, Henry Ford Health System created an Outreach Laboratory Services Division, to provide laboratory services for patients of physicians who were not part of Henry Ford Health System's medical group. Outreach Laboratory sites provide access for a patient to have blood drawn and specimens collected which are then sent to the Henry Ford Health System laboratory for testing. The results are then sent to the patient's physician.  Fiona Bork was the Sales Manager for the

Outreach Laboratory Services Division.

Plaintiff was hired as a "Laboratory Service Representative" in the Outreach Services Division. Plaintiff's job duties were to draw blood and collect other specimens from patients. Because of the extreme importance in having the sites open and accessible to patients who may be undergoing testing for serious health problems, Laboratory Assistants were not allowed to leave a site without the permission of Ms. Bork. The strict policy against leaving a site without permission was explained to Plaintiff and other employees upon hire and was distributed to them every year. Plaintiff was well aware of this policy and had consistently emailed Ms. Bork each time she requested permission to leave a site. Other employees within the Outreach Program and throughout Henry Ford Health System were consistently terminated for violating the policy. For the majority of the time Plaintiff was assigned to the Clinton Township site. The Clinton Township site was staffed with only one phlebotomist, who is required to take care of patients who walk in without notice during the advertised hours of operation. However, hours may go by when there are no patients at the site. Because there was significant down time at the Clinton Township site, Ms. Bork believed that employees assigned to the site would have more than enough time to take a lunch. In fact, when Plaintiff worked there, she brought her food, ate on the premises, engaged in non-work related activities and never complained. When Ms.

Bork learned from Human Resources that the Fair Labor Standards Act requires an employee who is not allowed to physically leave his/her work site for lunch to be paid for the lunch break, she and Human Resources immediately undertook to calculate and pay all Plaintiff and other employees who had eaten lunches "on the clock."

Plaintiff first raised a concern about not being paid for lunches only <u>after</u> she felt Ms. Bork gave her what she considered an unfair performance evaluation. Plaintiff made a number of allegations to Human Resources about Ms. Bork. Human Resources investigated each of Plaintiff's complaints and found them to be without merit and in fact determined that Plaintiff had <u>lied</u> about some facts. Plaintiff became increasingly agitated and belligerent that her complaints against Ms. Bork were not having the desired effect of getting Ms. Bork in trouble. After becoming angry at work, she closed the site to patients, put a sign on the door and left without Ms. Bork's permission. Human Resources recommended that she be suspended pending an investigation. After an investigation revealed that Plaintiff had not obtained permission to close the site and that the reasons she gave for doing so were contradictory and false, Human Resources recommended her termination.

Plaintiff's complaint about not getting a lunch had nothing to do with her termination. Plaintiff had the right to file a grievance over her termination but

failed to do so. During this lawsuit it was learned that Plaintiff had engaged in misconduct. She made false statements about her employment history to obtain employment with Henry Ford Health System, including covering up that she had been fired by previous employers. It was also learned that she had removed confidential information concerning patients. Such misconduct constitutes a terminable offenses under Henry Ford Health System policies.  Had these policy violations been discovered while she was employed, she would have been terminated. After she was suspended, Plaintiff filed a complaint with the State Wage and Hour Division, even though she already knew she was going to be reimbursed for the unpaid lunches by Defendant.  She tried to obtain more money than she was entitled to, but was told by the Wage and Hour Division that Henry Ford Health System had already paid her more than was required. She then filed this lawsuit.

        Respectfully submitted,

        **VARNUM LLP**

BY:  /s/ *Terrence J. Miglio*
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       160 W. Fort Street, Fifth Floor
       Detroit, MI
       (313) 481-7300
       tjmiglio@varnumlaw.com

Dated:  May 3, 2016        bebuchanan@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

          /s/ Terrence J. Miglio
          Terrence J. Miglio (P30541)