# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NATALIE REESER,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:14-cv-11916-GCS-MJH |
|  | Hon. George Caram Steeh |
|  | Magistrate Stephanie Dawkins Davis |

v

HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL,

Defendant.

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## PROPOSED JOINT JURY INSTRUCTIONS

## Proposed Joint Jury Instruction No. 1

## Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff.  In this action, the plaintiff is Natalie Reeser.  The party being sued is called the defendant.  In this action, the defendant is Henry Ford Health System.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or

conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.


3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.)

## Proposed Joint Jury Instruction No. 2

### Order of trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.)

## Proposed Joint Jury Instruction No. 3

### Claims and defenses

The positions of the parties can be summarized as follows:

Plaintiff claims that *[describe]*.

Defendant denies those claims *[and also contends that [describe]]*.


3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.)

**Proposed Joint Jury Instruction No. 4**

**Juror conduct-Another form**

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else during the trial.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties or their lawyers or any witnesses. By this I mean not only do not speak about the case but also do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

- Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts or the law.

- Do not research any information that you personally think might be helpful to you in understanding the issues presented.

- Do not investigate this case on your own in any manner, shape or form.

- Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

- Do not visit the scene—on or via the internet.

- Do not conduct experiments.

- Do not consult dictionaries, computers, websites or other reference materials for additional information.

- Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom

8

could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain or correct it.

- Do not communicate with anyone about this trial or your experience as a juror while you are serving on this jury.

- Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on or off the computer.

- Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules,

you should report that to me. If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.

3 Fed. Jury Prac. & Instr. § 101:12 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:12 (6th ed.)

10

## Proposed Joint Jury Instruction No. 5

### Juror use of electronic technology—Before trial

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space,

LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.)

**Proposed Joint Jury Instruction No. 6**

**Notetaking—Permitted**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.)

**Proposed Joint Jury Instruction No. 7**

**Questions by jurors—Prohibited**

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

3 Fed. Jury Prac. & Instr. § 101:18 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:18 (6th ed.)

15

**Proposed Joint Jury Instruction No. 8**

**No transcript available to jury**

At the end of the trial, you will have to make your decision based on what you remember about the evidence.  You will not have a written transcript to read, and it is difficult and time-consuming for the reporter to read back testimony.  I urge you to pay close attention to the testimony as it is presented at the trial.

3 Fed. Jury Prac. & Instr. § 101:20 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:20 (6th ed.)

## Proposed Joint Jury Instruction No. 9

### Judge's questions to witnesses

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

3 Fed. Jury Prac. & Instr. § 101:30 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:30 (6th ed.)

**Proposed Joint Jury Instruction No. 10**

**Bench conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

3 Fed. Jury Prac. & Instr. § 101:31 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:31 (6th ed.)

## Proposed Joint Jury Instruction No. 11

### Evidence in the case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.)

**Proposed Joint Jury Instruction No. 12**

**Preliminary Instructions — Preponderance of the Evidence**

This is a civil case. Plaintiff is the party who brought this lawsuit. Defendant is the party against whom the lawsuit was filed. Plaintiff has the burden of proving her case by what is called the preponderance of the evidence. That means plaintiff has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on her side. If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, defendant has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all

21

evidence in the case, that defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.10 (2014).

## Proposed Joint Jury Instruction No. 13

### Credibility of Witnesses

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or

23

anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness' testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think

shed some light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.   And then decide what testimony you believe, and how much weight you think it deserves.


**Source**: Western District of Michigan Civil Jury Instructions, CV 2.07

## Proposed Joint Jury Instruction No. 14

### What is not evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.)

**Proposed Joint Jury Instruction No. 15**

**Evidence for limited purposes**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

3 Fed. Jury Prac. & Instr. § 101:45 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:45 (6th ed.)

**Proposed Joint Jury Instruction No. 16**

**Ruling on objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.)

## Proposed Joint Jury Instruction No. 17

## Cautionary instruction before court recess

We are about to take our first *break*. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the *clerk* to give to me.

3 Fed. Jury Prac. & Instr. § 102:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:01 (6th ed.)

30

**Proposed Joint Jury Instruction No. 18**

**Bench conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

3 Fed. Jury Prac. & Instr. § 102:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:02 (6th ed.)

**Proposed Joint Jury Instruction No. 19**

**Use of interrogatories**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

3 Fed. Jury Prac. & Instr. § 102:24 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:24 (6th ed.)

## Proposed Joint Jury Instruction No. 20

### Stricken Testimony

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

3 Fed. Jury Prac. & Instr. § 102:45 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:45 (6th ed.)

**Proposed Joint Jury Instruction No. 21**

**Judge's comments to lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

3 Fed. Jury Prac. & Instr. § 102:70 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:70 (6th ed.)

## Proposed Joint Jury Instruction No. 22

## Objections and rulings

Testimony and exhibits may be admitted into evidence during a trial only if tbey meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

3 Fed. Jury Prac. & Instr. § 102:71 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:71 (6th ed.)

**Proposed Joint Jury Instruction No. 23**

**Judge's questions to witnesses**

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

3 Fed. Jury Prac. & Instr. § 102:72 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:72 (6th ed.)

## Proposed Joint Jury Instruction No. 24

## General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.)

**Proposed Joint Jury Instruction No. 25**

**Use of notes**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

3 Fed. Jury Prac. & Instr. § 103:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:02 (6th ed.)

## Proposed Joint Jury Instruction No. 26

### Juror use of electronic communication technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is

important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly arid adversely impact the judicial process.


3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.)

## Proposed Joint Jury Instruction No. 27

## Instructions apply to each party

Unless I state otherwise, you should consider each instruction given to apply

separately and individually to each plaintiff and to each defendant in the case.


3 Fed. Jury Prac. & Instr. § 103:10 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:10
(6th ed.)

**Proposed Joint Jury Instruction No. 28**

**All persons equal before the law—Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A *corporation* is entitled to the same fair trial as a private individual. All persons, including *corporations*, and other organizations stand equal before the law, and are to be treated as equals.

3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.)

## Proposed Joint Jury Instruction No. 29

## Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

43

3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.)

**Proposed Joint Jury Instruction No. 30**

**Consideration of the evidence—Corporate party's agents and employees**

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

3 Fed. Jury Prac. & Instr. § 103:31 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:31 (6th ed.)

45

## Proposed Joint Jury Instruction No. 31

## Court's comments not evidence

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

3 Fed. Jury Prac. & Instr. § 103:33 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:33 (6th ed.)

## Proposed Joint Jury Instruction No. 32

## Questions not evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

3 Fed. Jury Prac. & Instr. § 103:34 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:34 (6th ed.)

**Proposed Joint Jury Instruction No. 33**

**Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.)

## Proposed Joint Jury Instruction No. 34

## Preponderance of the evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.)

**Proposed Joint Jury Instruction No. 35**

**Clear and convincing evidence**

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:02 (6th ed.)

**Proposed Joint Jury Instruction No. 36**

**Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.)

**Proposed Joint Jury Instruction No. 37**

**Evidence admitted for a limited purpose only**

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

3 Fed. Jury Prac. & Instr. § 104:42 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:42 (6th ed.)

## Proposed Joint Jury Instruction No. 38

### Answers to interrogatories

A party may have introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

3 Fed. Jury Prac. & Instr. § 104:72 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:72 (6th ed.)

**Proposed Joint Jury Instruction No. 39**

**Discrepancies in testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.)

## Proposed Joint Jury Instruction No. 40

## Use of depositions as evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.)

## Proposed Joint Jury Instruction No. 41

## Impeachment—Inconsistent statement or conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.)

## Proposed Joint Jury Instruction No. 43

## All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

3 Fed. Jury Prac. & Instr. § 105:11 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:11 (6th ed.)

**Proposed Joint Jury Instruction No. 44**

**Duty to deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to

re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide

this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.)

**Proposed Joint Jury Instruction No. 45**

**Effect of instruction as to damages**

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

3 Fed. Jury Prac. & Instr. § 106:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:02 (6th ed.)

## Proposed Joint Jury Instruction No. 46

## Verdict forms—Jury's responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.)

## Proposed Joint Jury Instruction No. 47

## Communications between court and jury during jury's deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.)

**Proposed Joint Jury Instruction No. 53**

**M Civ JI 107.01**

**Whistleblowers' Protection Act: Explanation**

We have a state law known as the Whistleblowers' Protection Act which provides that an employer shall not discharge, threaten or discriminate against an employee regarding employment, compensation, or a term, condition, location or privilege of employment because of protected activity.

**Source:** MCL 15.362

**Proposed Joint Jury Instruction No. 54**

**M Civ JI 107.02**

**Whistleblowers' Protection Act: Protected Activity—Definition**

"Protected activity" means an employee reports or is about to report (verbally or in writing) a violation or a suspected violation of a law or regulation or rule promulgated pursuant to the law of the state, a political subdivision of the state, or the United States by her employer to a public body, unless the employee knows that the report is false.

**Source:** MCL 15.362

**Proposed Joint Jury Instruction No. 56**

**M Civ JI 107.04**

**Whistleblowers' Protection Act: Good Faith Belief**

Plaintiff must reasonably believe that a violation of law or a regulation has occurred. It is not necessary that an actual violation of law or a regulation has occurred, but the employee cannot have a reasonable belief if she knows her report is false.

**Source:** MCL 15.362; *Melchi v Burns Int'l Sec Serv, Inc*, 597 F Supp 575 (ED Mich 1984); *Clark County Sch Dist v Breeden*, 532 US 268; 121 S Ct 1508; 149 L Ed 2d 509 (2001)

**Proposed Joint Jury Instruction No. 57**

**M Civ JI 107.11 (Modified)**

**Whistleblowers' Protection Act: Distinction in Standard of Proof Between "Report" and "About to Report"**

If the plaintiff claims that she reported a violation or suspected violation of law or regulation to a public body, the plaintiff must prove by a preponderance of the evidence that she made such a report.

If the plaintiff was about to report, verbally or in writing, a violation or a suspected violation of a law of this state, a political subdivision of this state, or the United States to a public body, the plaintiff must prove that by clear and convincing evidence.

**Source:** MCL 15.363

**Proposed Joint Jury Instruction No. 63**

**Compensatory Damages –Retaliation**

The Plaintiff has alleged that, as a result of the Defendant's retaliation, she has suffered emotional pain and suffering.  These damages are referred to as compensatory damages.  Plaintiff has the burden of proving, by a preponderance of the evidence, that she has suffered damages as a proximate result of the Defendant's retaliation, and the amount of such damages, if any.  They must be proven by evidence that is both specific and definite.  To the extent that plaintiff has suffered emotional distress, plaintiff must show that the emotional distress was caused by the defendant's conduct, as opposed to other independent sources of stress.

If Plaintiff does not establish that she has experienced emotional pain and suffering damages because of the Defendant's conduct, then she cannot recover compensatory damages.

If, and only if, Plaintiff has presented evidence of such emotional pain and suffering as a result of Defendant's conduct, when considering the amount of monetary damages to which Plaintiff may be entitled, you may consider the nature, character, and seriousness of any emotional pain and suffering.  You must also consider its extent or duration, as any award you make must cover the damages

70

endured by the Plaintiff since the alleged wrongdoing to the present time, and even into the future if you find that the proof presented justifies the conclusion that the Plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**Source:** Model Jury Instructions Employment Litigation § 7.02[1] (2d ed. 2005); *Carey v. Piphus*, 435 U.S. 247, 263–64 n.20; *Turic v. Holland Hosp., Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996); *Rodgers v. Fisher Body Div., G. Motors Corp.*, 739 F.2d 1102, 1108 (6th Cir. 1984) (reversing jury's award of emotional distress damages on the grounds that Plaintiff's evidence of mental distress was "too slight"); *Wiskotoni v. Michigan National Bank-West,* 716 F2d 378, 389 (6th Cir 1983) (emotional distress damages must be established by evidence that is "specific and definite"); *Gaddy v. Radio Systems Corp., 59 F. Supp. 3d 857, 861 (E.D. Tenn. 2014); Weinsheimer v. Rockwell Int'l Corp.*, 54 FEP Cas (BNA) 828, 834 (M.D. Fla. 1990) (plaintiff must show that emotional distress was caused by the alleged harassment, as opposed to being the result of "external factors")

**Proposed Joint Jury Instruction No. 65**

**Damages – Back Pay**

If, and only if, you determine that Defendant retaliated against Plaintiff, then you must determine the amount of damages that the Defendant has caused the Plaintiff.

You may award as actual damages an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, that Plaintiff would have received had she not been retaliated against. You have the ability to make Plaintiff whole for any wages or other benefits that she has lost as a result of Defendant's alleged retaliation.

**Source:** Model Jury Instructions Employment Litigation § 7.02[2] (2d ed. 2005); 29 U.S.C. § 626(b)