**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., 5th Floor |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI 48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

NOW COMES Plaintiff NATALIE REESER, by and through its attorneys, MILLER COHEN, P.L.C, and for its objections to Plaintiff's proposed jury instructions states as follows:

1

| Defendant's Proposed Jury Instruction | Plaintiff's Objections | Proper Law |
|---|---|---|
| No. 42. Witness Willfully False | Does not comply with the law; modifications inappropriate. | It is unclear that Defendant's authority *Ketchum* supports this instruction. Further, the text of the instruction would be confusing to the jury who must determine which facts are "material facts" |
| No. 48. Specific Claims – FLSA Retaliation – Elements of Proof | Does not comply with the law; modifications inappropriate. | Plaintiff's FLSA claim is not based solely on the fact that she reported violations to the State of Michigan. The anti-retaliation provisions of the FLSA can be triggered by formal or informal complaints. The complaints may be internal complaints within a company or external complaints to a state or federal agency. <u>Plaintiff does not have to demonstrate that her report to the State of Michigan was known to Defendant</u>. 29 U.S. Code § 215. *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) |

| | | |
|---|---|---|
| No. 49. FLSA Retaliation – Protected Activity | Does not comply with the law; modifications inappropriate. | The FLSA offers protection for protected activity beyond filing an external complaint. 29 U.S. Code § 215. *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) |
| No. 50. FLSA Retaliation – Adverse Employment Action | Does not comply with the law; modifications inappropriate. | An adverse employment action is any type of action that would have made a reasonable employee reluctant to make or support a charge alleging a violation. 11th Circuit Civil Pattern Instructions – 4.22 Employment actions qualifying as materially adverse include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 490 (6th Cir. 2006) |

3

| No. 51. Retaliation – Causal Connection | Does not comply with the law; modifications inappropriate. | Defendant suggests temporal proximity cannot be enough to establish an interference of retaliation. This is incorrect. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008). A suspension is an adverse employment action as well. |
|---|---|---|
| No. 52 – Retaliation – Knowledge | Does not comply with the law; modifications inappropriate. | There is no requirement of a "special showing" to establish knowledge of a report. <u>Plaintiff does not have to demonstrate that her report to the State of Michigan was known to Defendant</u>. 29 U.S. Code § 215. *Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) |
| No 55. Whistleblowers' Protection Act: Causation | Does not comply with the law; modifications inappropriate. | Defendant does not provide sufficient guidance on what establishes causation. See Plaintiff's proposed Jury instruction No. 14. Motivation can be established by direct or indirect evidence. *DiCarlo v. Potter*, 358 F.3d 408, 421-22 (6th Cir.2004) (overruled on different grounds). |

4

| | | |
|---|---|---|
| No. 58. Whistleblowers' Protection Act: Burden of Proof | Does not comply with the law; modifications inappropriate. | There is no reason to deviate from M Civ JI 107.15. |
| No. 58a. Employer's Business Judgment | Does not comply with the law; modifications inappropriate. | Plaintiff cites no authority for this instruction. Further, the language of the instruction appears to preclude circumstantial evidence. |
| No. 59. Consider Damages Only If Necessary | Does not comply with the law; modifications inappropriate. | Defendant uses the term liable without explanation. This will unnecessarily confuse the jury. |
| No. 60. Damages – Reasonable – Not Speculative | Does not comply with the law; modifications inappropriate. | Plaintiff is entitled to punitive damages in this case. Defendant's instruction suggests otherwise. |
| No. 61. Recovery of Take Home Pay Only | Does not comply with the law; modifications inappropriate. | Plaintiff is taxed on her damages. This is not a personal injury suit, which excludes compensatory damages from taxation under IRC §104(a)(2). Therefore, Defendant's instruction is inappropriate. |

| No. 62. Future Damages – Reduction to Present Cash Value | Does not comply with the law; modifications inappropriate. | No rule governing the manner in which the jury should reduce future damages to present value. Math should be excluded from instruction. |
|---|---|---|
| No. 64. No Damages – Litigation-Induced Emotional Distress | Does not comply with the law; modifications inappropriate. | Language is confusing, may cause jury to conclude Plaintiff is not entitled to emotional distress damages stemming from the issues in her lawsuit. |
| No. 66. Damages – Front Pay | Does not comply with the law; modifications inappropriate. | No authority suggests that the jury should decide when Plaintiff would have chosen to resign or seek other employment when calculating front pay. Defendant's footnote is inappropriate. There is no reason to instruct the jury on the court's decision. |

| | | |
|---|---|---|
| No. 67. Damages – Mitigation | Does not comply with the law; modifications inappropriate. | Defendant does not provide sufficient explanation on the distinction between leaving a job for personal versus economic decision. Defendant does not include the "willful loss of earnings" standard. *Raismas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 624 (6th Cir. 1983). |
| No. 68. Damages – After-Acquired Evidence – Misconduct | Does not comply with the law; modifications inappropriate. | This instruction includes information regarding an alleged HIPAA violation which may still be excluded from consideration from the jury per the parties Motion in Limine' hearing. It is inappropriate to include this information in the instruction. |
| No. 69. Damages – After-Acquired Evidence – Resume Fraud | Does not comply with the law; modifications inappropriate. | This instruction suggests to jurors that Plaintiff made misrepresentations on her resume, asking the jury to accept a fact in dispute. |

7

| | | |
|---|---|---|
| No. 70. Punitive Damages | Does not comply with the law; modifications inappropriate. | Not Sixth Circuit Authority. "Evil motive and intent" is not the standard in the Sixth Circuit. To recover punitive damages, a plaintiff must demonstrate that his employer engaged in a discriminatory practice with malice or with reckless indifference to the plaintiff's federally protected rights. *Jeffries v. Wal-Mart Stores, Inc.*, 15 F. App'x 252, 264 (6th Cir. 2001). |
| No. 68. Duplicate Damages | Does not comply with the law; modifications inappropriate. | Not Sixth Circuit Authority. Defendant's instruction includes confusing language regarding liability. This instruction may also confuse jurors, as Plaintiff may ask for liquidated damages in this case. |
| No. 69 Verdict Form | Does not comply with the law; modifications inappropriate. | No objection. |

                                    Respectfully submitted,

                                    **MILLER COHEN, P.L.C.**

                                    By: /s/ Adam C. Graham
                                            Adam C. Graham (P79361)
                                            *Attorneys for Plaintiff*
                                            600 W. Lafayette Blvd., 4th Floor
                                            Detroit, Michigan 48226
Dated: May 6, 2016                     (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., 5th Floor |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI 48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on *May 6, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

      Respectfully submitted,

      **MILLER COHEN, P.L.C.**

      By: /s/ Adam C. Graham
           Adam C. Graham (P79361)
           *Attorneys for Plaintiff*
           600 W. Lafayette Blvd., 4th Floor
           Detroit, Michigan 48226
           (313) 964-4454