**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

                    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

                    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO QUASH SUBPOENAS

NOW COMES Defendant HENRY FORD HEALTH SYSTEM by and through its attorneys VARNUM LLP, and for its Response to Plaintiff's Emergency Motion to Quash Subpoenas, states as follows:

(1)    Admitted.

(2)    Admitted.

(3)    Admitted that the Final Pretrial Order was entered on or about January 19, 2016.  Further admitted that Defendant did not list the custodian of records for Sprint or AT&T as witnesses, but Defendant did list Fiona Bork's AT&T phone log

and the Sprint Records for Plaintiff's Cell Phone as trial exhibits. (Final Pretrial Order, ECF Dkt. #66, Exs. 231 and 275)

(4)     Defendant admits that Plaintiff has attached the *Gonzalez Production Systems* case to its Emergency Motion as Exhibit E, but states that the case speaks for itself. Defendant denies the remaining allegations as untrue.

(5)     Denied as untrue.

(6)     Denied as untrue.

(7)     Denied as untrue.

(8)     Denied as untrue.

**WHEREFORE**, for the reasons set forth herein as well as for the reasons set forth in the attached Brief in Support, Defendant Henry Ford Health System respectfully requests that this Court deny Plaintiff's Emergency Motion to Quash Subpoenas in its entirety.

Respectfully submitted,

**VARNUM LLP**

*/s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
160 W. Fort Street, 5th Floor
Detroit, MI 48226
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Dated:  May 6, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

                        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

                        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

## BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO QUASH SUBPOENAS

Plaintiff falsely suggests that through the *de bene esse* depositions, Defendant is attempting to obtain last minute discovery of Sprint phone records for Plaintiff's cell phone and AT&T phone records for the land line at the Clinton Township laboratory site.  The Sprint records were subpoenaed and obtained by Plaintiff's counsel during discovery on January 13, 2015.  The AT&T records were subpoenaed on November 12, 2015 in connection with the first trial date in this case. Both sets of phone records were identified on Defendant's Exhibit List in the Joint Final Pretrial Order.

3

Plaintiff did not object to either set of phone records in the Joint Final Pretrial Order.   Instead, Plaintiff stated: "Defendant has not identified which documents are included in this exhibit.  Plaintiff reserves the right to object at trial once the documents are identified."  FPTO, ECF Dkt. #66, pp. 51 and 56.  Plaintiff has known what "documents are included" in the description of the exhibits but <u>never</u> objected to them.

Moreover, Plaintiff's attempted "reservation" of an objection is contrary to the Court's Scheduling Order, and Eastern District of Michigan Local Rule 16.2 which requires parties to list objections to the opposing parties' exhibits:

> <u>The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide.</u>

*See* ECF Dkt. #10, p. 3 (emphasis in original)

E.D. Mich. LR 16.2 states:

> **(9) Exhibits.**   The parties must number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed. R. Civ. P. 26(a)(3)(A)(iii).  Objections to listed exhibits must be stated in the joint pretrial order.  Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed. R. Civ. P. 37(c)(1) will apply to a failure to list an exhibit.

Further, the Comment to E.D. Mich. LR 16.2 states: "Under LR 16.2(9), any objection based on foundation or authenticity will be deemed waived if not raised at trial."  *See* E.D. Mich. LR 16.2.  As such, and in accordance with LR 16.2,

Plaintiff's failure to object to the authenticity of the phone records constitutes a waiver of that objection.

Nonetheless, Defendant sent out the deposition notices because the custodians are located out of state, in order to resolve any possible issue and avoid a delay at the trial.   The depositions of the custodians of the records were originally scheduled for May 5, 2016 in order to have a representative of each phone company simply authenticate the records for trial.  The depositions are not discovery depositions intended to solicit substantive testimony, but rather, to simply authenticate the records.  Although Plaintiff has waived objections as to authenticity, if Plaintiff stipulates as to the authenticity of the phone records, the depositions will be unnecessary.[1]

It is entirely disingenuous for Plaintiff to now suggest or imply that the introduction of the records is a surprise, or that Defendant is seeking to reopen discovery.[2]   Such is not the purpose of the depositions, nor has Defendant ever

---

[1] Further, if the depositions are necessary, they can be taken telephonically, so there is no basis for Plaintiff's argument that the depositions are unduly burdensome.  In fact, counsel for Defendant informed Plaintiff's counsel that the depositions could be done telephonically, and asked if counsel was agreeable to same.  (Ex. A, Email dated April 29, 2016)  Plaintiff's counsel never responded to the email.

[2] In fact, a trial subpoena for the Custodian of Records for AT&T was sent on November 12, 2015, for the first trial date in this case.  (Ex. B)  Plaintiff never objected to the subpoena.

indicated that the two *de bene esse* depositions of two records custodians are for any purpose other than to authenticate records for trial.[3]

Importantly, courts in this Circuit allow for *de bene esse* depositions after discovery has closed and before trial. For example, in *El Camino Resources Ltd v. Huntington Nat. Bank*, No. 1:07-cv-598, 2009 WL 1228680 at *5 (W.D. Mich. April 30, 2009)[4], commented on the distinction between a discovery deposition and a deposition in order to preserve testimony for trial, and noted "The simple fact, known to all trial practitioners, is that witnesses often become unavailable for trial . . . *In such circumstances, de bene esse depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery.*" (emphasis added)

In *Burket v. Hyman Lippitt*, Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875 at *3 (E.D. Mich. April 11, 2008), the court initially noted that "this Court's scheduling order setting a date by which discovery shall be completed was intended to set a date to close discovery; it had nothing to do with *de bene esse depositions*." Defendant argued, among other points, that the *de bene esse* deposition was "untimely" because discovery had been closed for seven months

---

[3] The *Gonzalez Production Systems* case attached to Plaintiff's Emergency Motion is inapposite, as Defendant is not seeking to reopen discovery through the *de benne esse* depositions to the custodians of records for Sprint and AT&T.

[4] Unpublished cases are attached hereto at Ex. C.

and "at this late date would be unduly and unfairly prejudicial to Hyman Lippitt." (*Id*. at *2) The Court rejected both those arguments, and allowed Plaintiff to proceed with the *de bene esse* deposition, after discovery had closed, finding that that the prejudice Plaintiff would suffer by not being allowed to take the deposition outweighed any potential prejudice to Defendants. (*Id*. at *3)

As such, there is no prejudice to Plaintiff, as she has had the records in her possession for months, and has known since December 14, 2015 that Defendant intended to call a records custodian from AT&T and Sprint to authenticate records. Further, the depositions are not discovery depositions, and are not seeking to elicit any substantive testimony, so Plaintiff will not be prejudiced by a deposition that is merely seeking to preserve evidence for trial. *See Hyman Lippett*, *supra*.

Finally, the phone records will be used as rebuttal exhibits, to the extent Plaintiff presents untruthful testimony – under oath during trial – regarding calls Fiona Bork allegedly made to her. Rebuttal exhibits were not required to be listed on the Final Pretrial Order.[5] *Se*e E.D. Mich. LR 16.2(9).

---

[5] Plaintiff has failed to list any custodians of records on her Witness List in the Final Pretrial Order. (*See* ECF Dkt. #66, pp. 23-24) Despite that fact, Plaintiff subpoenaed the two "Custodian[s] of Records Henry Ford Health System for Employee Disciplinary Records for Shantae Stewart, Stephanie Hope, Hather Adamo and Rachel Hollowman" and the "Custodian of Records Henry Ford Health System for Salary and Hourly pay information" to appear and give testimony at trial. Plaintiff cannot have it both ways – she cannot be heard to complain that Defendant did not list custodians of records, when she herself failed to do the same.

Plaintiff's Motion is without merit and should be denied in its entirety.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's Emergency Motion to Quash Subpoenas in its entirety.

Respectfully submitted,

**VARNUM LLP**

BY:   /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
160 W. Fort Street, Fifth Floor
Detroit, MI
(313) 481-7300
tjmiglio@varnumlaw.com
Dated:  May 6, 2016          bebuchanan@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ Terrence J. Miglio
Terrence J. Miglio (P30541)