# Exhibit B



160 West Fort Street • Fifth Floor
Detroit, Michigan 48226
Telephone 313 / 481-7300 • Fax 313 / 481-7340 • www.varnumlaw.com

**Terrence J. Miglio**  Direct: 313 / 481-7335
tjmiglio@varnumlaw.com

November 11, 2015

<u>*Via Facsimile to (888) 938-4715*</u>

AT&T
Subpoena Compliance
Custodian of Records
11760 U.S. Highway 1
North Palm Beach, Florida 33408

Re:   Natalie Reeser v Henry Ford Health System

Dear Custodian of Records:

Please find enclosed a subpoena for appearance at trial for the Custodian of Records of AT&T and production of records regarding the above matter on Monday, December 14, 2014, at 9:00 a.m., or date to be determined during trial. Produce the documents as follows:

> Any and all incoming call detail records for phone number (586) 228-2774, for the time period from January 1, 2014 through March 31, 2014.

Please feel free to contact myself or my paralegal, Joanne Demers, upon receipt of this letter at (313) 481-7339 so we can facilitate your appearance, and production of documents, at trial regarding Natalie Reeser. Please contact her no later than Friday, December 11, 2015 so that we may confirm the actual date your appearance will be required at trial..

Very truly yours,

VARNUM

Terrence J. Miglio

TJM/jed
Enclosure(s)
cc: Keith Flynn, Esq.

```
               *********************
               ***   TX REPORT    ***
               *********************

TRANSMISSION OK

TX/RX NO                    2576
DESTINATION TEL #           918889384715
DESTINATION ID
ST. TIME                    11/12 11:57
TIME USE                    01'10
PAGES SENT                  5
RESULT                      OK
```



**VARNUM**
ATTORNEYS AT LAW

160 West Fort Street • Fifth Floor
Detroit, Michigan 48226
www.varnumlaw.com

# FAX

| | | | |
|---|---|---|---|
| **To:** | AT&T Subpoena Compliance<br>888-938-4715 | **From:** | tjmiglio@varnumlaw.com |
| | | **Phone:** | 313 / 481-7335 |
| | | **Fax:** | 313 / 481-7340 |
| | | **Date:** | 11/12/15 |
| | | **Pages:** | 5, including cover page |

If you have difficulty receiving this fax, please contact Joanne at 313 / 481-7339.

### ***CONFIDENTIAL***

*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information, and is only for the viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at 313/481-7300.*

**Comments:**



160 West Fort Street • Fifth Floor
Detroit, Michigan 48226
www.varnumlaw.com

# FAX

| | | | |
|---|---|---|---|
| **To:** | AT&T Subpoena Compliance<br>888-938-4715 | **From:** | tjmiglio@varnumlaw.com |
| | | **Phone:**<br>**Fax:** | 313 / 481-7335<br>313 / 481-7340 |
| | | **Date:** | 11/12/15 |
| | | **Pages:** | 5, including cover page |

If you have difficulty receiving this fax, please contact Joanne at 313 / 481-7339.

***CONFIDENTIAL***

The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information, and is only for the viewing and use of the intended recipients. If you are not an intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender at 313/481-7300.

**Comments:**

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| NATALIE REESER ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 14-CV-11916 |
| HENRY FORD HEALTH SYSTEM ) | |
| Defendant ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: AT&T Subpoena Compliance, Custodian of Records

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court, Hon. George Caram Steeh  231 W. Lafayette, Detroit, MI 48226 | Courtroom No.: 238 |
|---|---|
| | Date and Time: Mon., 12/14/15, 9:00 a.m. or TBD |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
Any and all incoming call detail records for phone number (586) 228-2774, for the time period from January 1, 2014 through March 31, 2014.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/11/2015

DAVID J. WEAVER, CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Henry Ford Health System, who issues or requests this subpoena, are:

Terrence J. Miglio (P30541), 160 W. Fort St., 5th Floor, Detroit, MI 48226
(313) 481-7335, tjmiglio@varnumlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 14-CV-11916

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* AT&T Subpoena Compliance on *(date)* 11/12/2015 .

[X] I served the subpoena by delivering a copy to the named person as follows: via facsimile (888) 938-4715

on *(date)* _____ ; or

[ ] I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 11/12/2015

*Joanne E. Demers ACP*
*Server's signature*

Joanne E. Demers, Advanced Certified Paralegal
*Printed name and title*

160 W. Fort St., 5th Floor, Detroit, MI 48226
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).