UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

                                              CASE NO. 14-CV-11916
v.                                           HONORABLE GEORGE CARAM STEEH

HENRY FORD HEALTH SYSTEM,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE
DEFENDANT'S SEALED MOTION TO STRIKE PLAINTIFF'S
CLAIM FOR EMOTIONAL DISTRESS DAMAGES OR FOR
ALTERNATIVE RELIEF (Doc. 84) AND DENYING AS MOOT
PLAINTIFF'S MOTION TO QUASH SUBPOENAS (Doc. 85)**

      Now before the court is defendant's sealed motion to strike plaintiff's claim for emotional distress damages for her failure to cooperate in discovery, or for alternative relief, and plaintiff Natalie Reeser's emergency motion to quash subpoenas defendant Henry Ford Health System served on Sprint and AT&T custodians of records. Oral argument was heard on May 9, 2016. For the reasons stated on the record, the court determines that plaintiff has abused the discovery process both in her failure to timely identify her therapist Kriss Goodroe, and in her failure to identify the place where she was hospitalized for psychiatric reasons in 2001. There is little doubt that plaintiff has been intentionally evading discovery relating to both aspect of her prior treatment. The idea that plaintiff could not identify the place where she was hospitalized is preposterous. Although plaintiff may not have remembered the place at the time she completed the intake form when treating with Goodroe, certainly plaintiff could have gained the information needed

-1-

to respond to defendant's discovery requests by discussing the matter with family members or the person(s) who took her to the hospital. Discovery is intended to be a collaborative endeavor and plaintiff cannot avoid her obligations by citing to an allegedly faulty memory. As a result of plaintiff's obstructionist conduct, the court previously ruled that Goodroe is barred from testifying.

For the reasons stated on the record, the court GRANTS IN PART defendant's motion to strike emotional distress damages or for alternative relief (Doc. 84) in that plaintiff is ORDERED to complete authorizations for defendant to obtain hospitalization records. The court DENIES without prejudice defendant's motion to bar plaintiff from seeking emotional distress damages (Doc. 84) but reserves the matter for consideration post-trial. It remains possible that defendant, through the discovery allowed by the court post-trial, may establish prejudice which would require as a sanction the setting aside of any emotional distress damages that the jury might award. As to defendant's request for an adverse inference instruction, defendant has not proffered such an instruction and what such an instruction would entail is not obvious to the court. At the conclusion of the trial, upon defendant's submission of a proposed adverse inference instruction, the court would reconsider the matter. Furthermore, at oral argument, plaintiff stipulated to the authenticity of phone records and agreed that her motion to quash subpoenas is moot. Accordingly, plaintiff's emergency motion to quash subpoenas (Doc. 85) is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: May 9, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-3-

> CERTIFICATE OF SERVICE
>
> Copies of this Order were served upon attorneys of record on May 9, 2016, by electronic and/or ordinary mail.
>
> s/Marcia Beauchemin
> Deputy Clerk