UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S MEMORANDUM OF LAW SUPPORTING ITS MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING PUNITIVE AND LIQUIDATED <u>DAMAGES PURSUANT TO THE FLSA</u>**

Defendant Henry Ford Health System respectfully requests that this Court deny Plaintiff's request for liquidated damages pursuant to the FLSA, because they are discretionary – not mandatory – for an FLSA retaliation claim, and do not effectuate the purposes of the Act. Defendant also requests that this Court grant Defendant's Motion for Judgment as a Matter of Law and deny Plaintiff's request for punitive damages.

**A.     The Language of the FLSA**

Section 216(b) of the FLSA provides:

1

> [a]ny employer who violates the provisions of section 206 or section 207 of this title *shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) [the anti-retaliation provision] of this title shall be liable for such legal or equitable relief *as may be appropriate* to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

*See* 29 U.S.C. § 216(b) (emphasis added).

**Importantly, Plaintiff does not seek or plead liquidated damages in her Complaint, and they should be denied on that basis alone.** *See* ECF Dkt. #63.

### B. Cases Interpreting the Liquidated Damages Provision of the FLSA

Even if Plaintiff had requested liquidated damages in her Complaint, or Amended Complaint, the Sixth Circuit, in *Blanton v. City of Murfreesboro*, held that the language of Section 216(b) stating that the award of "such legal or equitable relief *as may be appropriate* to effectuate the purposes of section 215(a)(3) of this title . . ." provides discretion on the part of the district court in the award of liquidated damages:

> The problem with the district court's analysis, however, is that it erroneously interpreted 29 U.S.C. § 216(b). The language quoted above from section 216 may indeed justify the award of liquidated damages if the City had in fact violated the provisions of sections 206 or 207 of the Act. But the City

2

> has not violated those provisions. Rather, it was determined, and we have affirmed, that the City violated section 8. Section 8 provides that an employer violating its terms "shall be held to have violated section 15(a)(3)" of the Act. 29 U.S.C. §215. The standard for requiring the payment of liquidated damages in the event of a violation of section 15(a)(3) is fundamentally different from that governing a violation of section 206 or 207. Section 216(b) clearly provides that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief *as may be appropriate to effectuate the purposes of section 215(a)(3)* of this title, including ... the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b)(pocket part) (emphasis added).
>
> In the case at hand, there has been no determination that the payment of liquidated damages by the City of Murfreesboro will "effectuate the purposes of section 215(a)(3)," as required by section 216(b). Having canvassed the record, furthermore, we are convinced that such an award does *not*, in this case, further the Act's purposes. It is beyond dispute that the City of Murfreesboro believed at all times that its actions in adjusting the base wages rates of its fire fighters were wholly lawful. Thus, we agree with the City that the district court erred when it ordered the payment of liquidated damages.

*Blanton*, 856 F.2d 731, 737 (6th Cir. 1988) (emphasis in original)

In *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 958-959 (8th Cir. 1999), the Eighth Circuit found that an award of liquidated damages was discretionary, and held that plaintiffs were not entitled to an award of liquidated damages. The Court looked to the plain language of the statute, and the second sentence of the statute, which applies to retaliation claims. The Court noted that "Congress still used the word 'shall' but then added 'as may be appropriate to effectuate the purposes of [the provision prohibiting retaliation].' These additional words give discretion to the district court to choose among the listed remedies or

others the court deems appropriate in the particular case." *Id*. at 958. The Court further noted, "Once a violation of section 215(a)(3) (the retaliation provision) is stated . . . then section 216(b) remedies are available. The type of section 215 claim is irrelevant to whether section 216(b)'s liquidated damages provision for section 215 claims is mandatory or discretionary." *Id*. Finally, the Court noted that the "'as may be appropriate' phrase . . . [is] not superfluous and [was] intended to establish a separate, and discretionary, standard for awards of liquidated damages in retaliation claims. Such discretion and flexibility is particularly appropriate in retaliation claims which, because of the many ways in which retaliation may be executed against an employee, require a variety of legal and equitable remedies to serve the purposes of the FLSA." *Id*.

In *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233 (11th Cir. 2013), the Eleventh Circuit held, in looking at the "clear" language of the statute, that an award of liquidated damages for a retaliation claim under the Fair Labor Standards Act ("FLSA") is discretionary, not mandatory, holding "we join the Sixth and Eighth Circuits in holding that the second sentence in section 216(b), which allows such damages as may be appropriate to effectuate the purposes of [the retaliation provision]," creates a separate, discretionary, standard of damages for retaliation claims. We therefore hold that the retaliation provision of 29 U.S.C. § 216(b) gives the district court discretion to award, or not to award, liquidated damages, after

determining whether doing so would be appropriate under the facts of the case." *Id*. at 1242-1243.

Plaintiff relies on *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) in support of her argument for liquidated damages. This case is easily distinguishable, as the question before the Court was the statute of limitations period for a "willful" violation of the FLSA involving unpaid overtime. It was not a case involving retaliation, nor did it address the language of section 216(b). Further, the language of the statute is clear that a violation of the overtime section of the statute mandates an award of liquidated damages. That is not the issue currently before this Court.

Here, the Court should follow the Sixth, Eighth and Eleventh Circuits and find that liquidated damages are discretionary, not mandatory and refuse to award Plaintiff liquidated damages. The plain language of the statute shows the different language in the retaliation provision of Section 216(b) as compared to the minimum wages and overtime provision. Once Defendant determined that its practice with regard to the lunch breaks was incorrect, it paid Plaintiff for the unpaid lunches, including overtime pay for any hours that crossed the 40-hour per week threshold. Defendant, in fact, paid Plaintiff <u>more</u> than she was entitled. Further, the evidence at trial showed that Plaintiff was terminated for a legitimate, non-retaliatory reason, i.e., that she left her worksite without permission. The

payment of liquidated damages, in the instant matter, would not effectuate the purposes of the retaliation provision of the FLSA.

**C.     Plaintiff's Claim for Punitive Damages Should Be Denied.**  Courts that have allowed for an award of punitive damages have made clear that the standard for an award is high.  For example, in *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993), the court held, in a § 1983 claim, that "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'"  *See also Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) ("Punitive damages are proper in civil rights actions only on showing of evil motive or intent, or reckless or callous indifference to federally protected rights of others").  In *Dang v. Cross,* the Ninth Circuit held this "statement of the law of punitive damages is incomplete, however. The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages

6

under § 1983." 422 F.3d 800, 807 (9th Cir. 2005) (citing *Smith v. Wade,* 416 U.S. 30, 49 (1983)).

Here, Plaintiff has failed to present evidence showing that Defendant's actions in terminating her were based on an "evil motive or intent" or a "reckless or callous indifference" to her federally protected rights. Therefore, even if punitive damages are available pursuant to the FLSA (which Defendant argues they are not) the standard for punitive damages in this case has not been met. Plaintiff's request for punitive damages should be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that (1) this Court deny Plaintiff's request for liquidated damages pursuant to the FLSA, because they are discretionary – not mandatory – for an FLSA retaliation claim, and in any event do not effectuate the purposes of the Act and (2) deny Plaintiff's request for punitive damages. For the above reasons as well as those presented in Defendant's Motion for Judgment as a Matter of Law, neither of these damage claims are appropriate for jury consideration.

Respectfully submitted,

**VARNUM LLP**

BY: /s/ *Terrence J. Miglio*
      Terrence J. Miglio (P30541)
      Barbara E. Buchanan (P55084)
      Attorneys for Defendant

                                                  160 W. Fort Street, Fifth Floor
                                                  Detroit, MI
                                                  (313) 481-7300
                                                  tjmiglio@varnumlaw.com
Dated:  May 16, 2016                     bebuchanan@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                      /s/ Terrence J. Miglio
                                Terrence J. Miglio (P30541)