UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

          Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

          Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S MEMORANDUM OF LAW SUPPORTING
DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
REGARDING EXEMPLARY DAMAGES PURSUANT
TO THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT**

Plaintiff seeks exemplary damages pursuant to the Michigan Whistleblowers Protection Act ("WPA"). As an initial matter, Plaintiff failed to pled or seek exemplary damages in her Complaint, and they should be denied on that basis alone. Moreover, the plain language of the does not allow for exemplary damages, and they should be denied on this independent basis as well. Finally, the case law makes clear that there is a distinction between "an award of exemplary damages" and "an award for mental anguish as a component of actual damages." *See*

1

*Christie v. Fick*, Docket No. 285924, 2010 WL 716097, at *3 (Mich. Ct. App. March 2, 2010). "Actual damages" includes compensation for mental distress.

In *Veselenak v. Smith*, 414 Mich. 567, 574; 327 N.W.2d 261 (1982), the Supreme Court clearly stated that "actual damages now include compensation for mental distress and anguish." In *Eide v. Kelsey-Hayes Co*, 431 Mich. 26, 53; 427 NW2d 488 (1988), the Court again noted that "actual damages" include compensation for mental injury. The *Eide* Court noted that a separate award of "exemplary damages" was inappropriate in that case because the "actual damages" encompassed the plaintiff's mental distress. *Id*. at 56-57.

> Further, the *Fick* court noted that:

> Therefore, the case law indicates that a separate award for exemplary damages is not appropriate in a statutorily based action unless the statute in question specifically provides for such damages. However, and significantly, damages for mental distress are allowable as part of a plaintiff's actual damages. Here, the trial court did seem to conflate the idea of exemplary damages with the idea of actual damages awarded for mental distress, because the court used the "willful and wanton" language applicable to an award of exemplary damages. However, the court made clear that the award for emotional distress was to be a part of plaintiffs' "actual damages," and, in fact, the court made the burden of proof *higher* than it would otherwise have been (if it had left out the "willful and wanton" language). Under the circumstances, there is simply no basis for reversal. *Id*.

> Here, the WPA allows for the following damages:

> A court, in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, *actual damages*, or any combination of

2

these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

*See* MCL §15.364 (emphasis added).

As such, and pursuant to authority set forth *supra* and the plain language of the WPA, Plaintiff is not entitled to both "actual damages" and "exemplary damages" because an award of "actual damages" already includes damages for mental distress. The WPA does not allow for an award of exemplary damages. Allowing Plaintiff to assert damages for alleged mental distress pursuant to both the language of the WPA allowing for "actual damages" and as exemplary damages, would be duplicate damages that are not permitted by applicable authority. For the above reasons as well as those presented in Defendant's Motion for Judgment as a Matter of Law, Plaintiff's claim for exemplary damages must be denied. This damage claim is not appropriate for jury consideration.

          Respectfully submitted,

          **VARNUM LLP**

          BY:   /s/ *Terrence J. Miglio*
                   Terrence J. Miglio (P30541)
                   Barbara E. Buchanan (P55084)
                   Attorneys for Defendant
                   160 W. Fort Street, Fifth Floor
                   Detroit, MI
                   (313) 481-7300
                   tjmiglio@varnumlaw.com
Dated:  May 16, 2016          bebuchanan@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

             /s/ Terrence J. Miglio
          Terrence J. Miglio (P30541)