**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

            Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

     Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>160 W. Fort St., 5th Floor<br>Detroit, MI 48226<br>(313) 481-7300 |

**PLAINTIFF'S MEMORANDUM OF LAW**
**ON DAMAGES PURSUANT TO THE FLSA**

**I.  LIQUIDATED DAMAGES**

In Plaintiff's Complaint she requests:

> all available compensatory damages, for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and **other legal and equitable damages**; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant **all such further relief available under the Fair Labor Standards Act and any other such relief as would be fair and equitable** under the circumstances.

ECF Dkt. #63 (emphasis added). This language mirrors the language of the Fair

1

Labor Standards Act that grants liquidated damages, which states that an employer "**shall be liable for** such **legal or equitable relief** as may be appropriate to effectuate the purposes of section 215(a)(3) of this title." 29 U.S.C. § 216.

Liquidated damages are so important to enforcement of the FLSA, that employees may not waive their right to liquidated damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)

Four Circuits have considered "whether liquidated damages in an FLSA retaliation case are discretionary or mandatory, with differing results." *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1239 (11th Cir. 2013). The Fifth and Eleventh Circuits have found that liquidated damages in FLSA retaliation cases are mandatory. *Id.* (citing *Lowe v. Southmark Corp.*, 998 F.2d 335, 337–38 (5th Cir.1993; *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1223 (7th Cir.1995). Contrary to Defendant's arguments yesterday, the Sixth Circuit has found that the grant of liquidated damages can be appropriate within the discretion of a trial judge. *Blanton v. City of Murfreesboro*, 856 F.2d 731 (6th Cir.1988). The FLSA grants liquidated damages for retaliation without a showing of willfulness. *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 845 (E.D. Pa. 2001)

In *Leon v. M.I. Quality Lawn Maint., Inc.*, No. 10-20506-CIV, 2013 WL 773475, at *9 (S.D. Fla. Feb. 28, 2013), the judge considered whether liquidated damages where appropriate and whether she should exercise her discretion to allow

liquidated damages. The judge stated:

> [a]t the outset, the undersigned notes that, under Moore, the **Court's discretion to award liquidated damages in cases of retaliation is broad**. *Moore*, 2013 WL 516713, at *6. The undersigned further notes that, as the undersigned stated at the bench trial, the **jury's verdicts in finding that Mitchell Igelko had retaliated against Plaintiffs for asserting their FLSA claims was supported by the testimony and other evidence presented at the jury trial**. The undersigned, thus, turns to the purposes of the FLSA's anti-retaliation provision to determine whether an award of liquidated damages would "effectuate" its purposes. Id. at 8. As the Eleventh Circuit has noted, **the primary purpose of this provision is to "ensure that fear of retaliation" does not lead employees to quietly bear FLSA violations**. *Bailey*, 280 F.3d at 1336–37. Further, **the undersigned considers the effect liquidated damages can have in deterring employers from violating the FLSA's anti-retaliation provision**. *Snapp*, 208 F.3d at 935 n. 13.

*Leon* at *9. After making these determinations, the judge found:

> an award of liquidated damages under these circumstances, in an amount equal to the jury's respective awards to Plaintiffs Edel Leon and Javier Gonzalez for their net lost wages and benefits, is appropriate to promote the purpose of the FLSA's anti-retaliation provision, and to deter employers from violating it in the future.

*Leon* at *10.

Clearly, a similar situation exists in this trial. There is testimony and other evidence that has been presented at trial which supports a jury finding that Defendant retaliated against Plaintiff for asserting her FLSA rights and making complaints. Further, evidence has been presented that Plaintiff feared retaliation as a result of making her report and other employees at Henry Ford were reluctant to raise issues of concern due to Defendant's agents' retaliatory attitude. The court, as in *Leon*,

3

should consider whether liquidated damages might deter Defendant from violating the FLSA's anti-retaliation provision in the future. The evidence presented at trial suggests that such damages may do just this. For this reason, liquidated damages, although not mandatory, are certainly appropriate and within the court's discretion.

## II. PUNITIVE DAMAGES

Violations are willful if "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." Herman v. Palo Group Foster Home, Inc., 183 F.3d 468, 474 (6th Cir. 1999). "The employer has an affirmative duty to ascertain and meet the FLSA's requirements." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004). "The fact that an employer has broken the law for a long time without complaints does not demonstrate the requisite good faith required by statute." *Martin v. Cooper Elec. Supp. Co.*, 940 F.2d 896, 908 (3d Cir.1991) (citation omitted). Generally, the most important "guidepost" when determining the reasonableness of a punitive damage award is the reprehensibility of the defendant's conduct. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575, 116 S.Ct. 1589 (1996). In an employment case, as in other cases, reprehensibility is determined by looking at a number of factors including if "the target of the conduct had financial vulnerability" and if "the harm was the result of intentional malice, trickery, or deceit." *Burton v. Zwicker & Associates, PSC*, 978 F. Supp. 2d 759, 774 (E.D. Ky. 2013), *aff'd sub nom. Burton v. Zwicker & Associates,*

*PSC*, 577 F. App'x 555 (6th Cir. 2014). In *Burton*, a wrongful discharge case, although the court reduced the punitive damages award from $600,000 to $250,000, the court upheld a $250,000 punitive damages jury verdict against a defendant even where "only one reprehensibility factor was present in the case at bar and Burton recovered a substantial compensatory damage award" *Burton* at 776.

In our case, there is no question that there has been evidence presented that Defendant's HR agents were aware of the requirements of the Fair Labor Standards Act. Further, they had a duty to ascertain the FLSA's requirements. For this reason, as discussed above, the fact that Henry Ford broke the law for years does demonstrate good faith; it only serves to highlight their continuing violation.

Plaintiff was financially vulnerable and that Defendant's agents conduct was the result of intentional malice or deceit. Plaintiff's testimony provides evidence that Defendant's agents repeatedly threatened her, telling her that she would be sorry for asserting her rights, and failed to comply with the law although ordered to by senior managers. For these reasons, this is a question which should be decided by the jury.

> Respectfully submitted,
>
> **MILLER COHEN, P.L.C.**
>
> By: /s/ Adam C. Graham
> Adam C. Graham (P79361)
> *Attorneys for Plaintiff*
> 600 W. Lafayette Blvd., 4th Floor
> Detroit, Michigan 48226
> (313) 964-4454

Dated: May 17, 2016

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>160 W. Fort St., 5th Floor<br>Detroit, MI 48226<br>(313) 481-7300 |

## CERTIFICATE OF SERVICE

I hereby certify that on *May 17, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

        Respectfully submitted,

        **MILLER COHEN, P.L.C.**

        By: /s/ Adam C. Graham
            Adam C. Graham (P79361)
            *Attorneys for Plaintiff*
            600 W. Lafayette Blvd., 4th Floor
            Detroit, Michigan 48226
            (313) 964-4454