43

FILED
MAY 18 2016
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATALIE REESER,

Plaintiff,

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

v

HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL,

Defendant.

_________________________________/

**JURY INSTRUCTIONS**

## General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Court's Comments Not Evidence**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

## Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Judge's Comments to Lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

## Objections and Rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

**Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Evidence Admitted for a Limited Purpose Only**

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

## Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Answers to Interrogatories**

A party may have introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Impeachment—Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**All Available Witnesses or Evidence Need not be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Witness Who Has Been Interviewed by an Attorney**

It has been brought out that a lawyer has talked with a witness. There is nothing wrong with a lawyer talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**All Persons Equal Before the Law—Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A *corporation* is entitled to the same fair trial as a private individual. All persons, including *corporations*, and other organizations stand equal before the law, and are to be treated as equals.

**Preponderance of the Evidence**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Clear and Convincing Evidence**

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

**Fair Labor Standards Act Retaliation**

In Count I of this case, Ms. Reeser claims that Henry Ford Health System retaliated against her because she opposed a practice made unlawful by the Fair Labor Standards Act. It is undisputed that the Fair Labor Standards Act required that Ms. Reeser be permitted a bona fide meal period of at least 30 minutes. It is not necessary that an employee be permitted to leave the premises if he/she is otherwise completely freed from duties during the meal period.

To succeed on her claim, plaintiff must prove each of the following by a preponderance of the evidence:

First: Ms. Reeser engaged in conduct protected by the Fair Labor Standards Act;

Second: Henry Ford Health System knew of her protected activity;

Third: Henry Ford Health System then took an adverse employment action:

Fourth: Henry Ford Health System took the adverse employment action because of Ms. Reeser's protected activity;

For the first element, Ms. Reeser claims she engaged in protected activity when she reported to management or to the State of Michigan that she should be paid for work during lunch. If you find that plaintiff reported to management, or to

the State of Michigan, that she should receive a paid lunch break, that action is protected activity.

For the third element, Ms. Reeser claims that Henry Ford Health System took an adverse employment action against her when it terminated her. Termination is an adverse employment action. An "adverse employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

For the fourth element, if you find that Ms. Reeser engaged in protected activity and that Henry Ford Health System took an adverse employment action against her, you must decide whether Henry Ford Health System took that action because of Ms. Reeser's protected activity.

Henry Ford Health System claims that it did not terminate Ms. Reeser because of her complaints that she was not paid for work performed during her lunch and that it took the action because of her job abandonment. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Henry Ford Health System's reason for its decision, and you find that Henry Ford Health System did not make

its decision because of Ms. Reeser's protected activity, you must not second guess that decision, and you must not substitute your own judgment for Henry Ford Health System's business judgment -- even if you do not agree with it.

**Whistleblowers' Protection Act: Explanation**

In Count II of this case, Ms. Reeser claims that the actions by Henry Ford Health System violated the Whistleblower's Protection Act. We have a state law known as the Whistleblowers' Protection Act which provides that an employer shall not discharge, threaten or discriminate against an employee regarding employment, compensation, or a term, condition, location or privilege of employment because of protected activity.

**Whistleblowers' Protection Act: Burden of Proof**

Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(a) that she was engaged in a protected activity as defined in these instructions; and

(b) the defendant discharged the plaintiff; and

(c) the discharge was because of protected activity; and

(d) the plaintiff suffered damages as a result of the discharge.

Your verdict will be for the plaintiff if you find that plaintiff has proved each of these elements. Your verdict will be for the defendant if you find that the plaintiff has failed to prove any one of these elements.

**Whistleblowers' Protection Act: Protected Activity—Definition**

"Protected activity" means an employee reports or is about to report (verbally or in writing) a violation or a suspected violation of a law or regulation or rule promulgated pursuant to the law of the state, a political subdivision of the state, or the United States by her employer to a public body, unless the employee knows that the report is false.

**Whistleblowers' Protection Act: Causation**

When I use the term "because of" I mean that protected activity must be one of the motives or reasons defendant Henry Ford Health System discriminated against Ms. Reeser. Protected activity does not have to be the only reason, or even the main reason, but it does have to be one of the reasons that made a difference in defendant's decision to discriminate against Ms. Reeser.

In order to prove causation, Ms. Reeser must show that a decision-maker or a person who influenced the decision knew of Ms. Reeser's protected activity. Knowledge may be shown by direct or circumstantial evidence.

**Whistleblowers' Protection Act: Distinction in Standard of Proof Between "Report" and "About to Report"**

If the plaintiff claims that she reported a violation or suspected violation of law or regulation to a public body, the plaintiff must prove by a preponderance of the evidence that she made such a report.

If the plaintiff was about to report, verbally or in writing, a violation or a suspected violation of a law of this state, a political subdivision of this state, or the United States to a public body, the plaintiff must prove that by clear and convincing evidence.

**Consider Damages Only If Necessary**

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**Compensatory Damages - Reasonable - Not Speculative**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. These damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Compensatory Damages –Retaliation**

The plaintiff has alleged that, as a result of the defendant's retaliation, she has suffered emotional pain and suffering. These damages are referred to as compensatory damages. Plaintiff has the burden of proving, by a preponderance of the evidence, that she has suffered damages as a proximate result of the Defendant's retaliation, and the amount of such damages, if any. They must be proven by evidence that is both specific and definite. To the extent that plaintiff has suffered emotional distress, plaintiff must show that the emotional distress was caused by the defendant's conduct, as opposed to other independent sources of stress.

If plaintiff does not establish that she has experienced emotional pain and suffering damages because of the defendant's conduct, then she cannot recover compensatory damages.

If, and only if, plaintiff has presented evidence of such emotional pain and suffering as a result of defendant's conduct, when considering the amount of monetary damages to which plaintiff may be entitled, you may consider the nature, character, and seriousness of any emotional pain and suffering. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the alleged wrongdoing to the present time, and even into the future if you find that the proof presented justifies the conclusion that the

plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**Damages – Back Pay**

If, and only if, you determine that defendant retaliated against plaintiff, then you must determine the amount of damages that the defendant has caused the plaintiff.

You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, that plaintiff would have received had she not been retaliated against. You have the ability to make plaintiff whole for any wages or other benefits that she has lost as a result of defendant's alleged retaliation.

**Damages – Front Pay**

If, and only if, you determine that defendant retaliated against plaintiff, then you may also determine separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff would have earned had she not been retaliated against for that period from the date of your verdict until the date when the plaintiff would have voluntarily resigned or obtained other employment.

**Duplicate Damages**

In awarding damages, you should be careful not to award duplicate damages. A plaintiff is entitled to collect full compensation for his or her injuries if proved, but he or she must not collect more than once for the same wrong.

**Mitigation of Damages**

Ms. Reeser must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant Henry Ford Health System must prove by a preponderance of the evidence that Ms. Reeser failed to mitigate her damages for loss of compensation.

If you determine Ms. Reeser is entitled to lost compensation, you must reduce the loss by

1. what she earned and

2. what she could have earned by reasonable effort during the period from her discharge until the date of trial.

Ms. Reeser must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. the type of work,

2. the hours worked,

3. the compensation,

4. the job security,

5. the working conditions, and

6. other conditions of employment.

You must decide whether Ms. Reeser acted reasonably in not seeking or accepting a particular job. If you determine Ms. Reeser did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate Ms. Reeser for any portion of her loss of compensation resulting from her failure to make reasonable efforts to reduce her loss of compensation.

**Damages – After-Acquired Evidence – Misconduct**

The defendant contends that even if it had not terminated plaintiff for job abandonment, it would have made the same decision to discharge the plaintiff when it discovered that she engaged in misconduct. Defendant claims that plaintiff engaged in misconduct: (1) by providing false information in connection with her employment application and (2) by violating defendant's policies when she removed confidential information regarding patients from her work location, including confidential patient information contained in emails.

If the defendant proves by a preponderance of the evidence that even if it had not discharged plaintiff for job abandonment, it would have discharged her when it discovered she engaged in such misconduct, then the calculation of any back pay award should be from limited from the date of her termination for job abandonment to the date the defendant discovered evidence of the plaintiff's misconduct.

**Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## Verdict Forms—Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.