UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

          Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
d/b/a **HENRY FORD HOSPITAL**,

          Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

NOW COMES Plaintiff Natalie Reeser, by and through her attorneys MILLER COHEN, P.L.C., and for her Motion for Attorneys' Fees relies on the attached brief in support.

Plaintiff sought concurrence from Defendant, but it was denied.

WHEREFORE, Plaintiff requests that this Court award her attorneys' fees of $315,133.32.

                                        Respectfully submitted,

                                        **MILLER COHEN, P.L.C.**

                                        By: /s/ Adam C. Graham
                                                Adam C. Graham (P79361)
                                                *Attorneys for Plaintiff*
                                                600 W. Lafayette Blvd., 4th Floor
                                                Detroit, Michigan 48226
Dated: June 15, 2016                     (313) 964-4454

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES**

NOW COMES Plaintiff Natalie Reeser, by and through her attorneys MILLER COHEN, P.L.C., and for her Brief in Support of her Motion for Attorney Fees, states the following:

### I. INTRODUCTION

Plaintiff Natalie Reeser prevailed at trial against Defendants on her claim under the Michigan Whistleblowers' Protection Act ("WPA"). Under the WPA, Ms. Reeser is entitled to her costs and attorney fees.

1

This action was lengthy and involved. The trial in this case concluded on May 18, 2016 when the jury awarded Ms. Reeser $3,200.00 in lost wages. It lasted over two (2) years, it involved numerous depositions and motions, and the outcome was only determined after a seven-day jury trial. As a result of the length and nature of the case, her attorney fees are totaled to $315,133.32.

## II.  ARGUMENT

### A.  AWARDING MS. REESER COSTS AND ATTORNEY FEES IS APPROPRIATE UNDER THE LAW

#### 1. Michigan Whistleblowers' Protection Act allows prevailing plaintiffs to recover costs and attorney fees

Michigan's Whistleblowers' Protection Act allows prevailing plaintiffs to recover costs and attorney fees. The Whistleblowers' Protection Act states in relevant part: "A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." MCL 15.364. "Because the [Whistleblowers' Protection Act] is a remedial statute, it is to be liberally construed to favor the persons the Legislature intended to benefit." *O'Neill v. Home IV Care, Inc.*, 249 Mich. App. 606, 612; 643 NW2d 600 (2002). The court said:

> We believe that the purpose of the WPA, noted above, and the concerns regarding access to the courts and prevention of wrongful conduct . . ., must be considered in making a determination regarding the award of attorney fees and costs under M.C.L. § 15.364.

*Id.*, at 614. Under the Whistleblowers' Protection Act, a party is a prevailing party if his "position was improved by the litigation." *Citizens Ins. Co. of America v. Juno Lighting, Inc.*, 247 Mich. App. 236, 245; 635 N.W.2d 379 (2001).

The jury verdict in this case was in favor of Ms. Reeser and against Defendant. As a result, Ms. Reeser is the prevailing party. In light of the language in the Act, the remedial purpose of the Act, and the fact that it is to be liberally construed in favor of the prevailing party plaintiff who suffered retaliation under the Act, Ms. Reeser is entitled to costs and attorney fees.

## B.   MS. REESER'S ATTORNEY FEES ARE REASONABLE

"[T]he proper procedure for calculating a reasonable attorney amount begins with the establishment of a 'reasonable hourly or daily rate customarily charged in the locality for similar legal services, using reliable surveys or other credible evidence.'" *Smith v. Khouri*, 481 Mich. 519, 751 N.W.2d 472, 522 (2008). "The hourly rate determined to be applicable should then be multiplied by 'the reasonable number of hours expended.'" *Harvard Drug Grp., LLC v. Linehan*, 2010 WL 3906094, at *8 (E.D. Mich. Sept. 3, 2010) (attached as *Exhibit 3*), report and recommendation adopted, 2010 WL 3894051 (E.D. Mich. Sept. 29, 2010) (citing *Smith* at 522). "The product of that calculation should then be reviewed under the factors identified in *Wood v. Detroit Automobile Inter–Ins. Exch.*, 413 Mich. 573

3

(1982) and Rule 1.5(a) of the Michigan Rules of Professional Conduct, and perhaps other factors." *Id.*

"The reasonable hourly rate represents the fee customarily charged in the locality for similar legal services, which is reflected by the market rate for the attorney's work [which is] 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Smith* at 531, 321 N.W.2d 653. The customary fee could be established "by testimony or empirical data found in surveys and other reliable reports" such as those published by "the State Bar of Michigan, as well as other private entities." *Id.* at 531–32. With respect to establishing the "reasonable" number of hours expended by the fee applicant, the applicant "must submit detailed billing records." *Harvard Drug Grp., LLC* at *9.

The *Wood* factors include: "(1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client." *Harvard Drug Grp., LLC* at *11; *Crawley v. Schick*, 48 Mich. App. 728, 737 (1973); *Liddell v. DAIIE*, 102 Mich. App. 636, 652 (1981). Based on these factors, $315,133.32 is a

4

reasonable amount of attorney fees to award to Ms. Reeser. See Affidavits of each attorney who worked on the case (*Exhibit D*).[1]

### 1. The professional standing and experience of the attorney

Keith Flynn, the lead attorney in this case, has dedicated his legal career to the litigation of labor and employment law claims brought by unions and employees against their employers. He has successfully represented numerous other clients regarding whistleblower retaliation and other similar claims of wrongful termination. He is currently with the law firm of Miller Cohen, P.L.C., a well-renowned labor and employment law firm in Detroit. Plaintiff's law firm is recognized as one of the preeminent labor and employment law firms in the State of Michigan. Out of the nine attorneys working for the firm, two have been recognized as "Super Lawyers" and two have been recognized as "Rising Stars" in Michigan Super Lawyer magazine. The firm has also been recognized in DBusiness Journal as top lawyers in Michigan.

According to the State Bar of Michigan's publication "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report," Ms. Reeser's attorney fee request is reasonable. The rate requested for Richard Mack, a partner at Miller Cohen, P.L.C. is $300 an hour. The rate requested for Keith Flynn, the

---

[1] Ms. Ada Verloren, a former Miller Cohen, P.L.C. Associate, is currently traveling in Germany and South Africa, and will submit her notarized affidavit as soon as she is able.

5

Senior Associate at Miller Cohen, P.L.C., and Ada Verloren, a former Associate at Miller Cohen, P.L.C., is $275 an hour. The rate requested for Adam Graham, an Associate at Miller Cohen, P.L.C. is $250 an hour.

The attorneys' main field of practice is employment law and the requested rates fall between the 25th and 75th percentile. (*Exhibit B*, pg. 6). The attorneys' office location is downtown Detroit, and the requested rates fall between the 25th and 75th percentile. (*Exhibit B*, pg. 5)

### 2. The skill, time, and labor involved

Although defendant's counsel may suggest a few instances in which the time expended seems long for the end result, "such anecdotal observation is not persuasive and does not overcome the deference that should be given to an attorney who has submitted a statement to the court claiming to have put in the number of hours listed in the billing statement." *Harvard Drug Grp., LLC* at *11. When there is nothing to "suggest anything grossly out of line with the work described . . . the amount of hours identified is found to be 'reasonable.'" *Id.*

This case took two years to litigate and involved a number of complicated issues, including a debate over the Sixth Circuit's stance on punitive damages under the Fair Labor Standards Act and the admissibility of evidence related to a sexual assault that occurred more than 15 years ago. Moreover, numerous motions were filed and heard (including a motion for summary disposition, multiple motions to

6

compel, motions to strike, and motions in limine), five total depositions were taken by both sides (some of which exceeded seven hours), seven witnesses testified at trial, a forensic inspection of Plaintiff's phone was performed in which Plaintiff and Plaintiff's counsel were forced to review the entire contents of a smartphone, and the case was only resolved after a seven-day jury trial.

Throughout litigation, Plaintiff repeatedly sought to settle the matter, making settlement offers before litigation, during litigation, and immediately before trial. Plaintiff's attorneys participated in a mediation scheduled by the court. By the time of trial, Plaintiff's counsel had already been forced to expend more than 850 hours on litigation.

Much of this lengthy time was caused by Defendant's counsels' absolute commitment to oppose any suggestion of Plaintiff's attorneys. As an example, while Plaintiff agreed to stipulate to approximately two-thirds of Defendant's jury instructions when we met and conferred prior to trial, Defendant stated its intention to **object to every single instruction proposed by Plaintiff**, although many of Plaintiff's and Defendant's instructions were nearly identical. Early in the case, Plaintiff was forced to file a Motion to Compel after Defendant refused to supply answers to discovery requests. Only after Plaintiff was forced to file a motion did Defendant provide some of the requested documents. Later, Defendant demanded the forensic examination of Plaintiff's phone, although Plaintiff offered to allow

7

Defendant access to the phone to view any documents they wished to view. Based on Defendant's request for sanctions at the jury trial, it does not appear that Defendant's counsel even reviewed these materials. The forensic examination led to Plaintiff's counsel having to search through thousands upon thousands of documents to screen them for privilege.

Defendant repeatedly filed individual motions to strike every category of damages available in this case. Defendant filed a Motion to Strike Punitive Damages. (ECF Dkt. #69). Defendant filed a Motion to Strike Backpay. (ECF Dkt. #70). Defendant filed a Motion to Strike Emotional and Mental Distress Damages. (ECF Dkt. #84). Defendant filed a Memorandum of law on Punitive and Liquidated Damages. (ECF Dkt. #104). This was followed by an attempt to move for sanctions, which Defendant insisted upon even after (1) Plaintiff had produced documents from the forensic examination that closely matched the documents that had allegedly not been produced and (2) the jury had rendered its' verdict.

In addition, Defendant's counsel filed a subpoena duces tecum and requested authorizations and sent subpoenas for numerous health records less than a week before trial. Defendant proposed over 200 exhibits, many of which were duplicates of Plaintiff's 92 exhibits. Defendant objected not only to every one Plaintiff's proposed jury instructions, but also to jointly proposed jury instructions at trial. During discovery, Defendant cancelled depositions on the eve of the examination

8

forcing Plaintiff's counsel to spend time to reschedule and once again prepare for the deposition. Defendant's counsel also deposed Plaintiff in excess of 9 hours. Finally, Defendant's counsel refused to sign stipulations until after Plaintiff filed motions.

Each of these actions forced Plaintiff's counsel to invest significant time and attention to author a response as an order against Plaintiff on any of these Motions could have substantially limited Plaintiff's recovery. Throughout this two-year-old case, Plaintiff was constantly forced to reply to motion after motion after motion. It is only just that Plaintiff be permitted to collect attorney fees incurred as a result of the time spent responding to Defendant's overly litigious conduct.

The 1189.7 hours of time that Ms. Reeser's attorneys spent on this case over the more than two years spent in motion practice is eminently reasonable given that the time spent was almost wholly due to Defendant's behavior during litigation.

### 3. The amount in question and the results achieved

As mentioned above, Ms. Reeser was the prevailing party in this case. The jury awarded Ms. Reeser actual, not nominal, damages to compensate her for lost wages. It is "incorrect" to assume "there is any particular significance to the relationship between the magnitude of actual damages and the magnitude of attorneys' fees." *Cheng v. Romo*, 2014 WL 882796, at *2 (D. Mass. Mar. 6, 2014) (citing *Joyce v. Town of Dennis*, 720 F.3d 12, 31 (1st Cir.2013)). In *Joyce*, the First

9

Circuit acknowledged that "[f]ee-shifting provisions in general reflect a legislative judgment that the public as a whole has an interest in the vindication of the rights conferred by the statutes . . . over and above the value of a . . . remedy to a particular plaintiff." *Joyce* at 31 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). Here, Plaintiff prevailed and was awarded actual damages. An award of attorney fees is appropriate.

### 4. The difficulty of the case

As mentioned above, this case involved a large number of issues, depositions, motions and hearings, justifying the large number of hours worked by Ms. Reeser's attorneys. Further, the attorneys were asked to brief issues related to new areas of law and law outside this case (including HIPAA).

### 5. The expenses incurred

As detailed below, there were significant expenses incurred in this two-year-old case.

### 6. The nature and length of the professional relationship with the client

Ms. Reeser and both Mr. Flynn and Mr. Graham worked very closely on this case. Both attorneys passionately believed in their client's cause and have fought for that cause for years.

### III. AMOUNT OF COSTS AND ATTORNEY FEES

The itemization of the $315,133.32 in attorney fees is attached hereto (*Exhibit A*). It is derived by multiplying the number of hours worked (1,189.7 hours) by the reasonable hourly fee.

WHEREFORE, Plaintiff requests that this Court award her attorneys' fees of $315,133.32.

                          Respectfully submitted,

                          **MILLER COHEN, P.L.C.**

                          By: /s/ Adam C. Graham
                                Adam C. Graham (P79361)
                                *Attorneys for Plaintiff*
                                600 W. Lafayette Blvd., 4th Floor
                                Detroit, Michigan 48226
Dated: June 15, 2016                (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

       Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>Adam C. Graham (P79361)<br>*Attorneys for Plaintiff*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226-0840<br>(313) 964-4454 | **VARNUM LLP**<br>Terrance J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>*Attorneys for Defendant*<br>160 W. Fort St., 5th Floor<br>Detroit, MI 48226<br>(313) 481-7300 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on *June 15, 2016*, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

          Respectfully submitted,

          **MILLER COHEN, P.L.C.**

          By: /s/ Adam C. Graham
              Adam C. Graham (P79361)
              *Attorneys for Plaintiff*
              600 W. Lafayette Blvd., 4th Floor
              Detroit, Michigan 48226
              (313) 964-4454