## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................vi

INTRODUCTION ..........................................................................................1

ARGUMENT ..................................................................................................2

I.      Plaintiff Was Not A "Prevailing Party" And Therefore Is Not Entitled To An Award Of Any Attorneys' Fees. ..........................................................2

II.     Attorneys' Fees Under The WPA Are Recoverable Only Where The Court Determines That Such An Award Meets the Statute's Requirement of "Appropriate." ..............................................................3

III.    Even If This Court Determines That An Award of Attorneys' Fees Is Appropriate Under The Statute, The Amount Plaintiff Requests Must Be Drastically Reduced. ..............................................................5

        A.      The Inflated Hourly Rates Requested By Plaintiff's Counsel Are Unreasonable. ..........................................................6

        B.      This Case Was Not Complicated And Plaintiff's Attorneys Spent Unnecessary And Excessive Time Due To Their Unreasonableness And Their Client's Misconduct. ............................9

        C.      Entries For Time Which Is Excessive, Redundant, Inconsistent, Block Billed And/Or Was For Clerical Tasks Must Be Disallowed. ..........................................................12

                1)      Excessive and Redundant Entries................................12

                2)      Inconsistent Entries.......................................16

                3)      Block Billed Entries.......................................16

                4)      Entries For Clerical Work................................18

        D.      Numerous Time Entries are Vague And Must Be Excluded. .............19

i

E.    The Request for Attorneys' Fees for Ada Verloren Must Be Denied Because The Request Does Not Comply with E.D. Mich. LR 54.1.2 and Her Affidavit Was Untimely Filed ..................21

F.    Plaintiff's Request For Fees Must Be Drastically Reduced To Reflect The Poor Results Achieved. ...................................................23

CONCLUSION ....................................................................................................25

CERTIFICATE OF SERVICE ..............................................................................26

# INDEX OF AUTHORITIES

## Cases

*ACLU v. Barnes,* 168 F.3d 423 (11th Cir. 1999) ......................................................13

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000) ...........................6

*Auto Alliance Inter., Inc. v. U.S. Customs Service,* 155 Fed. Appx. 226 (E.D. Mich. 2005) ........................................................................................................................18

*Blum v. Stenson*, 465 U.S. 886 (1984) ......................................................................6

*Blum*, 465 U.S. at 896 n. 11 .....................................................................................7

*Chad Youth Enhancement Ctr., Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-9545, 2010 WL 4007300 (M.D. Tenn. Oct. 12, 2010 ..............................................................18

*Collister v. Sunshine Food Stores, Inc.*, 166 Mich. App. 272, 419 N.W.2d 781 (1988) ........................................................................................................................24

*Crown Enterprises, Inc. v. City of Romulus*, Docket No. 286525, 2011 WL 1687625 (Mich. Ct. App. May 3, 2011) .....................................................................24

*Dallas v. Commr. of Soc. Sec.*, No. 1:13-CV-00591, 2014 WL 1767815 (N.D. Ohio May 2, 2014) ..............................................................................................................13

*Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, No. 3:05CV7153, 2006 WL 2404140 (N.D. Ohio Aug. 18, 2006) .............................................................................17

*Dresselhouse v. Chrysler Corp.*, 177 Mich. App. 470 N.W.2d 705 (1989) ..............2

*E.E.O.C. v. E.J. Sacco*, 102 F. Supp. 2d 413 (E.D. Mich. 2000) ...........................15

*EEOC v. Whirlpool Corp.*, No. 3:06-CV-0593, 2011 WL 3321291 (M.D. Tenn. Aug. 2, 2011). .............................................................................................................19

*Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 884 (E.D. Mich. 2010) ..........15

*Fialka-Feldman v. Oakland Univ. Bd. Of Trustees*, No. 08-14922, 2010 WL 2572768 .......................................................................................................................8

*Forest City Enterprises, Inc. v. Leemon Oil Co.*, 228 Mich. App. 57 (1998) ...........2

*Gibson v Scott*, No. 2:12-CV-1128, 2014 WL 661716 (S.D. Ohio Feb. 19, 2014).19

*Gomery v. Crest Fin., Inc.*, No. 250881, 2005 WL 658818 (Mich. Ct. App. Mar. 22, 2005) .................................................................................................2

*Granzeier v. Middleton*, 173 F.3d 568 (6th Cir. 1999)............................................12

*Gratz v. Bollinger*, 353 F. Supp. 2d 929, 938 (E.D. Mich. 2005) ..........................24

*Heath v. Metro. Life Ins. Co.*, No. 3:09-cv-0138, 2011 WL 4005409 M.D. Tenn. Sept. 8, 2011).............................................................................................21

*Helfman v. GE Group Life Assurance Co.*, No. 06-13528, 2011 WL 1464678 (E.D. Mich. April 18, 2011) ................................................................................18

*Helfman*, 2011 WL 1464678...................................................................................21

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...........................................................23

*Hensley v. Eckerhart*, 461 U.S. 424 (1983). ..........................................................12

*Hensley*, 461 U.S. at 433........................................................................................20

*Hensley*, 461 U.S. at 437........................................................................................19

*Imwalle v. Reliance Med. Prods.*, 515 F.3d 531 (6th Cir. 2008)............................20

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) ....13

*Konstantinov v. Findlay Ford Lincoln Mercury*, No. 04-CV-74928, 2008 WL 2922621, at *1 (E.D. Mich. July 28, 2008) ..................................................22

*Missouri v. Jenkins*, 491 U.S. 274 (1989)...............................................................19

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) ..................................................20

*Project Vote v. Blackwell, No. 06-CV-1628*, 2009 WL 917737 (N.D. Ohio Mar. 31, 2009) ...........................................................................................................17

*Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999)..........................................................5

*Richard v. Oak Tree Grp. Inc.*, No. 1:06-362, 2009 WL 3234159 (W.D. Mich. Sept. 30, 2009)..............................................................................................24

Smith v. Khouri, 751 N.W.2d 472 (Mich. 2008).......................................................5

*Stamp v. Hagerman*, 181 Mich. App. 332 N.W.2d 849, 851-52 (1989) ..................2

*Sykes v. Anderson*, 2008 WL 4776837 (E.D. Mich. Oct. 31, 2008)........................15

*Terry v. Al-Naimi*, No. 07-141-30, 2009 WL 728542, at * (E.D. Mich. March 19, 2009) ............................................................................................................................8

*Tinch v. City of Dayton*, 199 F. Supp. 2d 758 (S.D. Ohio 2002)............................16

*Ullery v. Sobie,* 196 Mich.App. 76 (1992).................................................................3

## **Statutes**

M.C.L. §37.2802 .........................................................................................................2

MCL §15.364 ...............................................................................................................4

MSA 3.548(802) ..........................................................................................................2

## **Rules**

ED Mich LR 54.1.2............................................................................................... vi, 21

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.     Whether Plaintiff has failed to demonstrate that she is a prevailing party entitled to any attorneys' fees?

II.    Whether Plaintiff has failed to meet her burden to support the reasonableness of her request for attorneys' fees in the amount of $315,133.32?

III.   Whether Plaintiff's request for attorneys' fees is unreasonable due to inflated billing rates, considering the experience level of counsel and because the claims at issue were garden variety retaliation and whistleblower claims?

IV.    Whether Plaintiff's counsels' time records including excessive and redundant entries, inconsistent entries, block billed entries, entries for clerical work and vague entries with no detail relating to the work performed, or vague entries describing the work but without sufficient detail to discern its purpose or activity, should be disallowed or significantly reduced since they are inadequate to support her petition, as a matter of law?

V.     Whether Plaintiff's request for attorneys' fees for such activities as conducting internal office meeting among attorneys and support staff and overstaffing depositions are unreasonable and should be disallowed?

VI.    Whether Plaintiff's request for attorneys' fees for Ada Verloren should be disallowed because the request does not comply with ED Mich LR 54.1.2 and her supporting affidavit was untimely filed in violation of the Local Rule?

VII.   Whether Plaintiff's request for attorneys' fees should be significantly reduced to reflect the limited degree of success on the merits, where Plaintiff sought more than $730,000 at trial, but was awarded only $3,200 on her whistleblower claim, nothing for her FLSA retaliation claim and was awarded no non-economic damages?


Defendant Henry Ford Health System answers "yes" to each of these questions.

vi

## INTRODUCTION

Plaintiff Natalie Reeser's ("Plaintiff") request for attorneys' fees and costs in the amount of $315,133.32 is excessive and unreasonable and should be denied in its entirety, or at least, drastically reduced to a nominal award.

Plaintiff foolishly rejected Defendant's pretrial settlement offers of $10,000 and $15,000.  At trial, Plaintiff sought in excess of $730,000 in damages.  The jury found in favor of Defendant on the FLSA claim, and awarded Plaintiff only $3,200 in economic damages on her WPA claim.  Plaintiff was awarded no non-economic damages.  In addition, this Court found the Plaintiff's proofs at trial failed to establish her entitlement to a jury instruction on punitive damages.

Despite this verdict, Plaintiff now seeks a ridiculously excessive $315,133.32 in attorneys' fees.  The WPA allows for an award of attorneys' fees only if the Court determines that an award is appropriate. An award is not appropriate here because Plaintiff was not a prevailing party since she did not receive a judgment in an amount greater than the offers made by Defendant. Further, Plaintiff did not achieve a level of success sufficient to justify the amount of fees sought by her counsel; the amount of time spent by counsel was unreasonable, undocumented, and billed at inflated hourly rates.  The fees requested must also be reduced as a result of her attorneys' vague and block-billed entries, and time spent on clerical matters and interoffice "conferences," should be

1

excluded in their entirety.  Plaintiff is obviously attempting to turn a failed case into a grossly inappropriate windfall for her attorneys.

## **ARGUMENT**

### I.    **Plaintiff Was Not A "Prevailing Party" And Therefore Is Not Entitled To An Award Of Any Attorneys' Fees.**

A party must be a "financially successful or prevailing party" to be entitled to an award of fees and costs under the WPA.  *Gomery v. Crest Fin., Inc.*, No. 250881, 2005 WL 658818, at *1 (Mich. Ct. App. Mar. 22, 2005)[1] under M.C.L. § 37.2802;  MSA 3.548(802);    *Dresselhouse v. Chrysler Corp.*, 177 Mich. App. 470, 483, 442 N.W.2d 705 (1989).  "In order to be considered the prevailing party, [the party is] required to show at the very least that its position was improved by the litigation.  Under the 'improved position' test, a plaintiff's position 'improves' when the plaintiff receives a judgment 'in an amount greater than the offer made by defendants.'"  *See Gomery, supra; see also Stamp v. Hagerman*, 181 Mich. App. 332, 338, 448 N.W.2d 849, 851-52 (1989) (finding plaintiff did not prevail because the adjusted verdict was less than the offer made by defendants under the court rule).  *Forest City Enterprises, Inc. v. Leemon Oil Co.*, 228 Mich. App. 57, 81, 577 N.W.2d 150 (1998) (recovery of some damages is not enough; in order to be considered a prevailing party, that party must show, at the very least, that its

---

[1] Unpublished cases are attached hereto as Exhibit 1.

position was improved by the litigation); *Ullery v. Sobie,* 196 Mich. App. 76, 82, 492 N.W.2d 739 (1992); *Stamp supra.*

During a settlement conference with Magistrate Judge Mona Majzoub on March 11, 2016, Defendant offered $10,000 to settle this matter, which Plaintiff rejected. (Ex. 2, Miglio Affidavit) On May 6, 2016, Defendant offered $15,000 to settle the case. (*Id*; Ex. 3, Miglio May 6, 2016 email) Plaintiff rejected and countered with an unreasonable demand of $100,000. (Ex. 2, Miglio Affidavit) While Plaintiff ridiculously sought $730,000 at trial, the jury awarded her a paltry $3,200, significantly less than Defendant's settlement offers of $10,000 and $15,000. Thus, Plaintiff cannot, as a matter of law, be considered the prevailing party, where she failed to secure a judgment "in an amount greater than the offer made by defendants." *See Gomery*, *supra*. Plaintiff's request for attorneys' fees must be denied in its entirety.

## II. Attorneys' Fees Under The WPA Are Recoverable Only Where The Court Determines That Such An Award Meets the Statute's Requirement of "Appropriate."

Even if Plaintiff could be considered a prevailing party, this Court should nonetheless deny her Motion for attorneys' fees in its entirety. The WPA provides in relevant part:

> A court **may** also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, **if the court determines that the award is appropriate**.

*See* MCL §15.364 (emphasis added).

An award of attorneys' fees under the WPA is not mandatory, even to a prevailing party. A court may award attorneys' fees, but only if it determines that such an award is appropriate. Here, there are substantial reasons to deny Plaintiff a fee award.

First, as set forth more fully in Defendant's Post Judgment Motion for Discovery Sanctions, Plaintiff flagrantly obstructed the discovery process by: (1) refusing to provide information concerning her hospitalization for mental health treatment, and (2) refusing to produce documents and information during discovery, which she produced for the first time at the commencement of trial in response to Defendant's trial subpoena.

Second, the Court should not reward Plaintiff for her inappropriate conduct. As this Court will recall, Plaintiff engaged in highly inappropriate conduct at trial. Plaintiff made faces at witnesses, verbally assaulted witnesses when they were done testifying, falsely accused defense counsel of abusing and harassing her during her deposition, and refused to answer questions on the stand, thus requiring the Court to direct her to respond.

Third, as this Court will undoubtedly conclude, the submission by Plaintiff and her attorneys of an inflated fee request in excess of $315,000 after essentially

losing the case, constitutes overreaching and continued bad faith. Accordingly, an award of attorneys' fees is <u>not</u> appropriate under the statute.

### III. Even If This Court Determines That An Award of Attorneys' Fees Is Appropriate Under The Statute, The Amount Plaintiff Requests Must Be Drastically Reduced.

"The primary concern in an attorney fee case is that the fee awarded be reasonable. A reasonable fee is 'one that is adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys.'" *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Plaintiff bears "the burden of proving the reasonableness of the requested fees[.]" *Smith v. Khouri,* 481 Mich. 579, 585, 751 N.W.2d 472, 478 (Mich. 2008). To start, a court is to determine the "fee customarily charged in the locality for similar legal services[.]" *Id*. at 479. A court should look to "reliable surveys or other credible evidence of the legal market" to make such a determination. *Id*. After making findings on that hourly rate, a court is to multiply that number by the reasonable number of hours expended on the case. *Id*. That total is to serve as a trial court's starting point in calculating reasonable attorneys' fees. *Id*. From that total, a court then is to look at other factors to determine whether to make adjustments to that initial figure. *Smith,* 751 N.W.2d at 478–79. Those factors include (1) the skill, time, and labor involved, (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer, (3) the fee customarily charged in that locality for

similar services, (4) the amount in question and the results achieved, (5) the expense incurred, (6) the time limitations imposed by the client or the circumstances, (7) the nature and length of the professional relationship with the client, (8) the professional standing and experience of the attorney, and (9) whether the fee is fixed or contingent. *See Gomery*, 2005 WL 658818, at *2 (the *Wood* factors).

Plaintiff's bad faith conduct in seeking an exorbitant amount of attorney fees is an attempt to achieve a wholly undeserved reward for essentially losing the case. Even if the Court were to decide that Plaintiff is entitled to an award of fees, her request must be drastically reduced.

### A. The Inflated Hourly Rates Requested By Plaintiff's Counsel Are Unreasonable.

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (finding that "the court should deem the 'relevant community' for fee purposes to constitute the legal community within the court's territorial jurisdiction; thus, the 'prevailing market rate' is the rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record"). The burden is on the fee applicant "to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the

requested rates are in line with those prevailing in the community for similar services by lawyers of *reasonably comparable skill, experience, and reputation*." *Blum*, 465 U.S. at 896 n.11 (emphasis added).

Plaintiff points to the "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report" ("2014 Report") to support her attorneys' requested hourly rates.   (Motion, Exhibit B)   However, based upon the 2014 Report, all four attorneys have requested hourly rates far above the median rates for attorneys with comparable skill, experience, and reputation:

- Keith Flynn, the lead attorney in this case, requests an hourly rate of $275. Flynn has been practicing for five years.  The median rate in the 2014 Report for an attorney with 3-5 years of practice is $200.

- Adam Graham requests an hourly rate of $250. Graham has been licensed for one year, and was not even a licensed attorney when this case was filed in 2014.  The median rate in the 2014 Report for an attorney with one year of practice is $189.

- Ada Verloren requests an hourly rate of $275.  Verloren has been practicing for 18 years.  The median rate in the 2014 Report for an attorney with 16-25 years of practice is $269.[2]

- Richard Mack requests an hourly rate of $300.  Mack has been practicing for 17 years.  The median rate in the 2014 Report for an attorney with 16-25 years of practice is $269.

Moreover, the attorneys' affidavits do not substantiate that they have the skill, experience or reputation to justify the higher rate.[3]

---

[2] The fees request for Verloren's and Mack's time should be excluded in their entirety as addressed below.

Courts have relied on the most recent State Bar Report to determine reasonable billing rates in similar circumstances. *See, e.g., Bailey v. Scoutware, LLC*, No. 12-10281, 2014 WL 11309770 (E.D. Mich. Aug. 19, 2014) (setting $250 as a reasonable rate for attorneys working in Detroit and Downtown Detroit and for those attorneys with twenty-six to thirty-five years of experience); *Fialka-Feldman v. Oakland Univ. Bd. Of Trustees*, No. 08-14922, 2010 WL 2572768, at *5 (E.D. Mich. June 23, 2010) (setting reasonable billing rates in civil rights matter practicing between 30 and 39 years at $200.00 per hour based on 2007 survey); *Terry v. Al-Naimi*, No. 07-141-30, 2009 WL 728542, at * (E.D. Mich. March 19, 2009) (finding that $200 hourly rate for an attorney in the Detroit area with under three years' experience is excessive and reducing it to $150).

Plaintiff's attorneys argue that their claimed hourly rates are reasonable citing to the 2014 Report for billing rates for attorneys who practice in downtown Detroit in the field of employment law.[4] (Motion, p. 6)  This argument is without

---

[3] The Court should utilize <u>at most</u> the "median" rate set forth in the 2014 Report in calculating rates for Plaintiff's counsel, because the median rate more accurately reflects the middle rate charged by attorneys in the same locality for similar services. As the Report explains "[t]he median is the middle value in a series" and "[b]y definition, half the numbers are greater, and half are less than the median."  "Use of the median as a statistical metric of central tendency reduces the effects of 'outliers'…[m]edian values are utilized throughout the survey results to denote the measure of central tendency." (Motion, Ex. B)

[4] Plaintiff suggests that Miller Cohen is a "well-renowned" labor and employment firm and that two of its attorneys have been recognized as "Super Lawyers" and two have been recognized as "Rising Stars." (Motion, p. 5)  While

merit.  Neither the size of the firm, the practice area, nor the location of the office

establishes the *skill level, experience, or reputation* of an attorney. To claim that

these attorneys are entitled to rates more than $60-$75 above the median for

attorneys having their level of experience, simply because that they work at a firm

in downtown Detroit and practice employment law, is utterly ridiculous.

Accordingly, based on the 2014 Report, Flynn's rate should be reduced from

$275 to at most $200, Graham's rate should be reduced from $250 to at most $189,

and Mack and Verloren's rates should be reduced from $300 and $275,

respectively, to at most $269.  This reduces the amount sought by Flynn from

$172,865 to $125,720.  Graham's fees would be reduced from $114,248.32 to

$87,062.85; Verloren's fees would be reduced from $23,265 to $22,757.40, and

Mack's fees would be reduced from $4,755 to $4,263.65.  Using appropriate hourly

rates, with no other reductions, reduces Plaintiff's fee request by $75,329.42.

### B.    This Case Was Not Complicated And Plaintiff's Attorneys Spent Unnecessary And Excessive Time Due To Their Unreasonableness And Their Client's Misconduct.

Plaintiff asserts that the issues in this lawsuit were "complicated" and that a

significant portion of time expended on the litigation was due to the actions of

Defendant, thus making her requested fees "eminently reasonable."  (Motion, p. 9)

---

Miller Cohen attorneys may have received these accolades in 2012, neither Flynn
nor Graham have been recognized as "Super Lawyers" or "Rising Stars." Neither
has any significant trial experience and in any event, such accolades are not a
substitute or a measure of skill, experience or reputation of either attorney.

Plaintiff complains she was "constantly forced to reply to motion after motion after motion." (Motion, p. 9.) ***In fact, the majority of the motions Defendant filed were required because of <u>Plaintiff's</u> failure to comply with discovery rules.*** Specifically, Defendant was forced to file three motions to compel and two motions to strike Plaintiff's claim for emotional and mental distress damages, all necessitated by Plaintiff's deliberate flaunting of her discovery obligations. If Plaintiff or her counsel had been forthcoming during discovery, had produced requested documents, and disclosed her mental health treaters as required, Defendant would not have been required to file these motions. In addition, Defendant was required to file a number of motions *in limine* before trial due to Plaintiff's exorbitant claims for lost wages and mental distress damages. In sum, much of the "time" and "labor" that was expended during the course of the litigation was due to Plaintiff's and her attorneys' failure to cooperate in discovery. No expert witnesses, statistical evidence, or complicated proofs were involved in this case. No specialized skill was necessary to prosecute Plaintiff's garden variety retaliation claims. Plaintiff's attorneys should not now be rewarded for numerous instances when they spent unnecessary and excessive time:

- *Time spent on HIPAA*. Plaintiff's claim that the case was "complex" because it involved HIPAA is absurd. It was Plaintiff who violated HIPAA and Defendant's policy concerning HIPAA-protected information when she admitted she removed confidential information regarding patients from her work location. This included confidential patient information contained in emails, which Plaintiff produced to Defendant on August 1, 2014. (Ex. 4,

emails produced by Plaintiff as well as patient sign in sheets.   Defendant's policy provides that removing confidential patient information for personal benefit is a terminable offense.  (Ex. 5, HFHS System-Wide Corrective Program HR Policy No. 5.17)   The time Plaintiff's attorneys spent on researching HIPAA and Defendant's after acquired evidence defense was due to their own client's misconduct! Moreover, Plaintiff's attorneys wasted at least 13.5 hours researching and crafting an argument that she had not violated HIPAA in an effort to exclude evidence of her misconduct from trial, when the only issue was whether she violated Defendant's policy. Plaintiff should not be rewarded with attorneys' fees for an issue that arose solely due to her misconduct.  This entailed 12.7 hours for total claimed fees of $3,325.

- *Plaintiff's Motion to Amend the Complaint (ECF Dkt. #47) and Reply Brief (ECF Dkt. #51).*  Plaintiff did not sue the correct party. Plaintiff's attorneys could have avoided this ridiculous mistake with a simple search for Henry Ford Hospital on the Michigan Department of Licensing and Regulation website which reveals it is not a corporation. Defendant put Plaintiff on notice that she named the wrong Defendant in Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses (ECF Dkt. #6) as well as its discovery responses.  (Ex. 6, Discovery Responses.)  Despite this, Plaintiff waited a year to seek to Amend her Complaint, and then amended it a second time due to her own clerical errors. The only change to the Complaint was the name of the Defendant.  This entailed 24.2 hours, for total claimed fees of $6437.50, **none of which should have been expended**.

- *Opposing a four-day extension of the dispositive motion filing date.* Defendant was forced to file a Motion to Extend the deadline for filing dispositive motions by four days due to the late arrival of deposition transcripts, after Plaintiff's counsel unreasonably refused to agree.  (ECF Dkt. #37)   Plaintiff's counsel ridiculously opposed the Motion with a response brief and exhibits that totaled 100 pages!  (ECF Dkt #38)  The Court granted Defendant's motion.  (ECF Dkt. #40)  This example of unprofessional conduct entailed 10.5 hours, for total claimed fees of $2,812.50 and must be excluded.

- *Defendant's motion to compel an examination of Plaintiff's phone.* Defendant was forced to file a Motion to Compel Inspection of Original Documents and Forensic Examination of Plaintiff's Cellular Phone (ECF Dkt. #34), as a result of Plaintiff's failure to produce documents. The

11

Magistrate granted Defendant's Motion (ECF Dkt. #48) and the forensic examination revealed documents that Plaintiff failed to produce in response to discovery requests. All fees associated with opposing Defendant's Motion and the forensic exam of Plaintiff's phone must be excluded since the motion was necessitated by Plaintiff's own misconduct.[5]  This entailed 58.5 hours, for total claimed fees of $15,085.  (Ex. 7)

In sum, 105.9 hours, for total claimed fees of $27,660, for legal work that did not need to be performed, but for Plaintiff's misconduct and her attorneys' unreasonableness, should be excluded.

### C.   Entries For Time Which Is Excessive, Redundant, Inconsistent, Block Billed And/Or Was For Clerical Tasks Must Be Disallowed.

Assuming she is entitled to any attorney fees, Plaintiff has the burden to prove that the number of hours expended by her attorneys on the litigation was reasonable. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).  Here, the majority of Plaintiff's attorneys' time entries are excessive, redundant, block billed, and/or clerical tasks, which are not recoverable.

### 1)   Excessive and Redundant Entries.

Plaintiff's attorneys have a duty to make a good faith effort to exclude from their fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  They failed to do so. Significantly, "[c]ourts are *obligated* to prune unnecessary hours from fee petitions

---

[5]  Plaintiff's refusal to cooperate in discovery is also the subject of Defendant's Post Judgment Motion for Discovery Sanctions.

because, '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Dallas v. Commr. of Soc. Sec.*, No. 1:13-CV-00591, 2014 WL 1767815 (N.D. Ohio May 2, 2014) quoting *ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).   A Court must exclude from a fee award hours that were not "reasonably expended."   *See Hensley*, 461 U.S. at 434.

The *Reed* court explained:

> Although hours claimed or spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. *If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.*

*See Reed, supra*, quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).   The *Reed* court concluded that, "[s]tated differently, a reasonable fee is one predicated, in part, on time required to resolve an issue, not the time actually expended." *Id.*

For example, the following claimed fees are incredibly excessive and/or redundant and must be disallowed or drastically reduced:

- Flynn spent 13 hours drafting the two-count Complaint and another 7 hours engaged in research related to the Complaint ($5,500);

13

- Flynn spent 7.5 hours drafting a Rule 26(f) plan and attending the Rule 26(f) conference ($1,925);

- Verloren, who was licensed to practice in 1997, spent 9.5 hours drafting interrogatories and requests to produce. These were form discovery requests, which included 11 interrogatories and 38 document requests ($2,612.50);

- Flynn and Verloren spent a combined 27.2 hours drafting a Motion to Compel, a Reply brief, and resolved/unresolved issues ($7,480);

- Verloren spent 8 hours reviewing Defendant's supplemental discovery responses ($2,200);

- Flynn and Graham allegedly spent 120.6 hours responding to Defendant's Motion for Summary Judgment, including 23 hours of time spent by Flynn preparing for and attending the hearing ($31,570). (Ex. 8)[6]

The amount of time spent by two or three attorneys on these tasks was redundant and excessive, and absolutely unreasonable. If this Court determines that any fees should be awarded, it should exclude these activities which totaled 395.9 hours and $106,680 in claimed fees. (Ex. 8)

Flynn and Graham also spent an incredibly excessive amount of time "conferencing," "meeting," "discussing," or "strategizing." They have a combined total of 84 such entries (41 for Flynn and 43 for Graham). In total, Graham and Flynn billed 178.25 hours, or $47,850 in claimed attorneys' fees for

---

[6] Exhibit 8 contains all excessive time. The fees set forth above are simply a representative sample of Plaintiff's counsels' excessive and/or redundant time.

"conferencing," "meeting," "discussing," or "strategizing." (Ex. 9)  Moreover, it is impossible to identify what was the subject of any of the sessions, because the time entries either do not identify the subject matter or Plaintiff's counsel has improperly block billed the time.[7]  (*Id*.)  As such, this Court should exclude the 178.25 hours and $47,850 because Plaintiff has not met her burden to prove that the number of hours expended was reasonable.  *See Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 884 (E.D. Mich. 2010) (stating that courts have reduced fee awards where the requested fee "reflected duplication of services, excessive time for simpl[e] or routine tasks, the use of too many attorneys, excessive conferencing, unnecessary consultant work, or the performance of clerical tasks by legal professionals.")

This Court has also held that time billed by staff other than the essential participating lawyer at a deposition is unreasonable and not recoverable.  *See E.E.O.C. v. E.J. Sacco*, 102 F. Supp. 2d 413, 420-21 (E.D. Mich. 2000); *Sykes v. Anderson*, 2008 WL 4776837 (E.D. Mich. Oct. 31, 2008).  Graham billed 7.0 hours, or $1,750 for attendance at the Jill Hood deposition on May 5, 2015.  Graham only attended the deposition; he did not depose Hood.  The $1,750 in fees

---

[7] Every time entry by Flynn for "strategy" sessions was block-billed and 24 were block billed by Graham.  (Ex. 9)  Eight of Flynn's time entries do not indicate with whom he was strategizing.  (*Id*.)

sought by Graham for simply being present is not recoverable.[8] A total amount of 574.15 hours for $154,530 in claimed fees must be excluded for excessive and redundant entries.

### 2)      Inconsistent Entries.

Courts have reduced the number of hours in a fee request when finding that counsel did not record their time consistently and contemporaneously with the expenditure of hours.  See, e.g., *Tinch v. City of Dayton*, 199 F. Supp. 2d 758, 764 (S.D. Ohio 2002).  Comparing the time entries for the four attorneys on this matter reveals numerous inconsistencies and casts substantial doubt on whether the entries were prepared contemporaneously with the <u>alleged</u> legal services.  For example, on 15 entries, Flynn indicated that had conferenced or met with Graham, Verloren, or Mack, *but none of these other attorneys had any time billed to conferencing or meeting on that same day.*  (Ex. 10)  Graham had 24 similar un-matched entries. (*Id.*)  Due to their inconsistent and questionable nature, these time entries, totaling 66.6 hours, or $17,357.50 in fees, must be excluded.

### 3)      Block Billed Entries.

Block billing refers to the time-keeping method by which each attorney enters the total daily time spent working on a matter, rather than itemizing the time

---

[8] Indeed, the amount of time spent by Graham on most matters was excessive.

expended on specific tasks.  Block billing entries fail to show a breakdown of the time spent on each task "rendering it impossible for the Court to ascertain with a high degree of certainty, the time spent on each individual task." *Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, No. 3:05CV7153, 2006 WL 2404140, at *4 (N.D. Ohio Aug. 18, 2006).

All of Mack's time entries except three were block billed, and must be excluded.  (Ex. 11)  One entry by Verloren was block billed.  (*Id*.)  Of Graham's 182 time entries, 63 were block billed.  (*Id*.)  Of Flynn's 252 time entries, 111 entries were block billed.  (*Id*.)  In total, Plaintiff's counsel block billed 545.25 hours of time, resulting in total claimed fees of $144,905.  (*Id*.)

Because these entries do not identify how much time was spent on each task, it is impossible for this Court to determine whether a reasonable quantity of time was expended on each task.  Therefore, Plaintiff has failed to meet her burden of demonstrating to this Court "with a high degree of certainty, the time spent on each individual task," *Disabled Patriots* at *4, and all 545.25 hours of block billed entries should be excluded. Alternatively, this Court has the discretion "to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when the fee documentation is voluminous." See, e.g., *Project Vote v. Blackwell, No. 06-CV-1628*, 2009 WL 917737, at *6 (N.D. Ohio Mar. 31, 2009) (citing *Alliance Int'l Inc. v. United States Customs Serv.*, 155

Fed. Appx. 226, 228 (6th Cir. 2005).  The Sixth Circuit has made clear that significant reductions in time are appropriate where block billing is used.  See, e.g., *Auto Alliance Inter., Inc. v. U.S. Customs Service,* 155 Fed. Appx. 226 (E.D. Mich. 2005) (affirming 25% overall reduction for excessive and block billing).

In this matter, at a minimum, a substantial percentage adjustment is appropriate because numerous time entries contain multiple deficiencies (i.e., an entry may be both vague and contain block billing).  Should the Court award any fees, Defendant requests the Court to exclude, at a minimum, 40% of the 545.25 hours of time (or 218.10 hours) totaling claimed fees of $57,962 associated with block-billed entries.  *Id*. at 228.  *See also Helfman v. GE Group Life Assurance Co.*, No. 06-13528, 2011 WL 1464678, at *8 (E.D. Mich. April 18, 2011) (granting a reduction of twenty percent across the board in light of the 'block billing' and vague entries included in the billing records"); *Chad Youth Enhancement Ctr., Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-9545, 2010 WL 4007300, at *3 (M.D. Tenn. Oct. 12, 2010 (reducing a fee amount by twenty-five percent overall "[t]o account for any excessiveness, duplication, redundancy, and block billing").

### 4)   Entries For Clerical Work.

Courts have consistently declined to award fees for hours billed by attorneys for clerical tasks or which constitute overhead costs normally expected in legal practice.  See, e.g., *EEOC v. Whirlpool Corp.*, No. 3:06-CV-0593, 2011 WL

3321291, at *7 (M.D. Tenn. Aug. 2, 2011).  The Court in *Gibson v Scott*, No. 2:12-CV-1128, 2014 WL 661716 (S.D. Ohio Feb. 19, 2014) explained why it reduced the plaintiff's attorneys' fee request:

> Plaintiff's counsel has attempted to bill for time associated with non-legal services, such as "organiz[ing] file," "get check for public records," "copy and send documents to client," and "get notebooks and dividers." The Court will not award attorney's fees for these services, as purely clerical or secretarial tasks should not be billed (even at a paralegal rate), because "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 437; *see Missouri v. Jenkins*, 491 U.S. 274 (1989).

Plaintiff seeks reimbursement for numerous clerical tasks performed by attorneys.  Graham billed 9.6 hours for clerical tasks for total claimed fees of $2,400, including entries such as "prepare MSJ exhibits," and "call to court, deliver documents to court."  (Ex. 12)  Flynn block billed 6.0 hours of clerical tasks, including time for "prepped notes" and "put together trial binder" for total claimed fees of $1,650.  Graham and Flynn billed 15.6 hours for clerical tasks resulting in claimed fees of $4,050.  The Court must exclude all hours and fees for clerical tasks performed by attorneys, which total 15. 6 hours or $4,050 in claimed fees.

### D.    Numerous Time Entries are Vague And Must Be Excluded.

Documentation offered in support of hours charged "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution

of the litigation." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008) ("[C]ounsel need not record in great detail each minute he or she spent on an item, [but] the general subject matter should be identified") (internal quotations and citations omitted).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) (finding that the attorney seeking compensation has the burden of documenting the number of hours spent on the case and maintaining records in a way that would allow a court to determine how much time was spent on each claim).

All of Mack's time is vague and must be excluded; his time totals 15.85 hours for $4,755 in claimed fees.[9]  For example, Mack's time consisted of entries that read "Review matters in file, discuss matters in file with associates," "Review emails" or "Review matters in preparation for trial."  (Ex. 13)  As such, Mack's time entries do not provide any detail to enable the court to determine with a high degree of certainty that his hours were actually and reasonably expended in the prosecution of the litigation.  *Imwalle, supra*.  Plaintiff has therefore not met her burden as to these claimed fees.

---

[9] Mack never appeared in Court for any portion of trial or to argue a Motion; he had no substantive contact with Defendant's counsel.

Verloren has ten vague entries, for 20.2 hours for $5,555 in claimed fees for "email client re: waivers" or "review pleadings and documents." (Ex. 13) Flynn charged $72,490 for 263.6 hours of claimed fees for vague time, i.e, "letter to client," "email client," "spoke with client," or "met with client." (*Id*.) Graham's claimed fees totaled $9,300 for 19 hours of vague and undefined work. (*Id*.)

In total, Plaintiff submitted 336.85 hours in vague time entries totaling claimed fees of $92,100. (Ex. 13) The Court should disallow these hours, or in the alternative, exclude least 35%, or 117.9 hours, because Plaintiff has not remotely met her burden to prove that the number of hours expended on these tasks was reasonable. *See, e.g., Helfman*, 2011 WL 1464678, at *8 (20% reduction for vague billing); *Heath v. Metro. Life Ins. Co.*, No. 3:09-cv-0138, 2011 WL 4005409, at *10-11 M.D. Tenn. Sept. 8, 2011)(20% reduction for vague time entries).

### E.    The Request for Attorneys' Fees for Ada Verloren Must Be Denied Because The Request Does Not Comply with E.D. Mich. LR 54.1.2 and Her Affidavit Was Untimely Filed

Verloren's claimed fees total $23,265.00 for 84.6 hours of work. However, Plaintiff failed to file a timely affidavit for Verloren's work, as <u>required</u> by the Local Rules. E.D. Mich. LR 54.1.2 states in relevant part:

> (b) . . . ***The motion shall also be supported by an affidavit of counsel*** setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award.

21

*See* E.D. Mich. LR 54.1.2(b) (emphasis added).

The Local Rule provides that the affidavit must be provided with the Motion for Attorneys' Fees. *Id*. However, on June 23, 2016, eight days after Plaintiff's Motion for Attorney's Fees was filed, and a week after same was due, Plaintiff submitted the Affidavit of Ada Verloren, which was dated June 22, 2016, and was notarized in Johannesburg, South Africa. (Ex. 14) In her Motion, Plaintiff claimed that Verloren's Affidavit would be submitted at a later date because she was out of the country. (Motion, p. 5) There is no provision in the Local Rule giving the moving party an extension for good cause, nor did Plaintiff seek an extension. Obviously, being out of the country was simply an excuse for an untimely filing. Verloren's Affidavit was simply untimely and should be stricken. *See Konstantinov v. Findlay Ford Lincoln Mercury*, No. 04-CV-74928, 2008 WL 2922621, at *1 (E.D. Mich. July 28, 2008) (This Court struck a plaintiff's untimely affidavits in support of a motion for new trial where the affidavits were to be filed with the motion and the three affidavits were filed thirteen days late). Accordingly, Plaintiff's request for reimbursement for attorneys' fees for Verloren in the amount $23,265 is deficient and should be denied.

**F.      Plaintiff's Request For Fees Must Be Drastically Reduced To Reflect The Poor Results Achieved.**

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) the United States Supreme Court held that "the fee applicant bears the burden of establishing entitlement to an award."  It further held:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith . . . . ***[T]he most critical factor is the degree of success obtained.***  (Emphasis added)
>
> \*\*\*
>
> The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.

*Id*. at 436.

A plaintiff who achieves only limited success may thus recover only limited fees. Plaintiff obtained a result in this case that was plainly dismal since:

1)     she failed to prevail altogether on her FLSA retaliation claim;

2)     the jury completely rejected her claims that Defendant caused her to suffer extreme emotional distress (for which she claims she sought therapy and took anti-depressants), caused her to lose her fiancé and her hair, forced her to become a shut in and destroyed her life;

3)     she failed to offer enough evidence for the Court to even give a jury instruction on punitive damages;

4)     she was obviously unable to convince the jury that she mitigated her damages; and

5)     she was not awarded any future damages, but only $3,200 in economic damages on her WPA claim.  (Ex. 15, Jury Verdict Form)

Indeed, the damages awarded by the jury were less than .5% of the $730,000 Plaintiff sought at trial, less than 33% of what Defendant offered at the Settlement Conference with Magistrate Majzoub, and less than 22% of what Defendant offered before trial.   *See Richard v. Oak Tree Grp. Inc.*, No. 1:06-362, 2009 WL 3234159, at *4 (W.D. Mich. Sept. 30, 2009) (attorneys' fee request reduced by eighty-five percent in part because plaintiffs only prevailed on a minor claim, and were awarded minimal statutory damages of $50.00, such that the award of $20,550.00 in attorney's fees "would be a windfall to plaintiff's attorney"); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 938 (E.D. Mich. 2005) (reducing award of attorneys' fees by fifty percent to account for plaintiffs' limited success on a lawsuit with "historical significance."); *Crown Enterprises, Inc. v. City of Romulus*, Docket No. 286525, 2011 WL 1687625 (Mich. Ct. App. May 3, 2011) (award of $186,679 to owner of a truck terminal as an attorney's fee was unreasonable based on the degree of success obtained by owner in suit against city); *Collister v. Sunshine Food Stores, Inc.*, 166 Mich. App. 272, 419 N.W.2d 781 (1988) (court reduced attorneys' fees from more than $15,000 to $2,000 because fees were "clearly excessive in light of skill, time and labor involved; the amount in question, the expenses incurred, and the non-complicated case involved . . . in light of the limited success plaintiff achieved, the award was not an abuse of discretion.")

## CONCLUSION

As a result of the paltry jury verdict, and because of the way that Plaintiff's counsel improperly billed their time, it is impossible for the Court to determine from the billing statements the amount of hours reasonably expended on the single claim for which Plaintiff received $3200.   Therefore, for the reasons set forth above, this Court should deny Plaintiff's Motion for Attorneys' Fees in its entirety.

Should the Court determine that any fees may be awarded, it should first make the exclusions from Plaintiff's claimed hours as set forth above, then reduce any remaining hours by at least 95% due to Plaintiff's lack of success. A reasonable hourly rate as described in section III.A must then be applied to any remaining hours.

Respectfully submitted,

**VARNUM LLP**

BY:   /s/ *Terrence J. Miglio*
      Terrence J. Miglio (P30541)
      Barbara E. Buchanan (P55084)
      Attorneys for Defendant
      160 W. Fort Street, Fifth Floor
      Detroit, MI  48226
      (313) 481-7300
      tjmiglio@varnumlaw.com
      bebuchanan@varnumlaw.com

Dated:  July 12, 2016

## CERTIFICATE OF SERVICE

I certify that on July 12, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

/s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)

26