Exhibit 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

_____/

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

_____/

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

NOW COMES the above-named Defendant, HENRY FORD HOSPITAL, by and through its attorneys, VARNUM LLP, and for its Supplemental Responses to Plaintiff's First Interrogatories to Defendant, states as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

**A.**   **Relevance:**

Defendant generally objects to each discovery request on the ground that it

seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**B.    Vagueness:**

Defendant generally objects to the language of each discovery request to the extent that it or its terms are vague, ambiguous, incomplete, misleading, uncertain, incomprehensible, assumes facts not asserted by Defendant, or otherwise not specified with reasonable particularity.  Defendant further generally objects to any request (or part of a request) that is susceptible to more than one interpretation, understanding, or meaning that may render any related response inadvertently misleading, incomplete, or otherwise non-responsive.

**C.    General:**

1.    Defendant generally objects to each discovery request to the extent that it or any of its terms is ambiguous, vague, over broad, unduly burdensome, harassing, vexatious, or otherwise seeks documents or information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence at the time of such request or otherwise.

2.    Defendant objects to Plaintiff's First Set of Interrogatories to the extent they require Defendant to produce any documents previously produced by Defendant, received from Plaintiff, or available to Plaintiff through public records.

2

3.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent that they require Defendant to create documents.

**D.    Business Records:**

Defendant reserves the right to respond to each discovery request by making information available for Plaintiff's inspection and copying in the manner and form in which such information is regularly maintained, assembled, and/or collected by Defendant in the usual course of business. Such information accordingly may be made available for Plaintiff's inspection and copying in, *e.g.,* hard copy, microfiche, microfilm copy, computer-generated or other form and may be variously collected and assembled by individual, department, organization, year, month, week, or otherwise as that information is regularly, usually, and/or routinely maintained by Defendant in the usual course of business. Defendant alternatively reserves the right in its sole discretion to organize and label any responsive documents in a manner that generally or specifically corresponds with the categories in Plaintiff's requests.

**E.    Inspection and Copying:**

Defendant reserves the right to respond to each request by making responsive information available for Plaintiff's inspection and copying during normal business hours at a location to be determined by Defendant as well as subject to reasonable limitations. Such discovery materials selected for copying by

3

Plaintiff shall be Bates-stamped with a discreet prefix (which distinguishes those materials which may have been produced by Defendant to Plaintiff from other materials produced, *e.g.,* by Plaintiff to Defendant), and each party shall bear its own copying, shipment, and storage or other related costs. No original documents shall be removed from any document inspection site, and Plaintiff shall return Defendant's files to it in the same condition and order as those files and their contents had been provided to Plaintiff by Defendant.

**F.**     **Competence:**

Defendant reserves the right and opportunity to object to the competence, relevance, materiality, use, and/or admissibility of any response or document as evidence for any purpose in any proceeding, including without limitation, the trial of this, or any other action.

**G.**     **Revision/Supplementation:**

Defendant reserves the right and opportunity to revise, correct, supplement, or otherwise qualify or complete any of Defendant's responses, in whole or in part.

**H.**     **Privilege:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the attorney-client privilege.

4

**I.**     **Work Product:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the work product doctrine.

**J.**     **Personal/Confidential Information:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to release any information without proper authorizations concerning the identity, or other personal or confidential information related to non-parties to this lawsuit.

Without waiving any objections and otherwise, Defendant objects and answers Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORIES:**

**INTERROGATORY NO. 1:** State the name, address, telephone number, title, position and occupation of each person who answered, prepared or was consulted in the preparation of the responses to these interrogatories.

**RESPONSE:**

See General Objections. Without waiving any objections, Defendant states: Joseph Clayton with the assistance of counsel for Defendant. This individual may be contacted through counsel for Defendant. As to objections, counsel for Defendant.

5

**INTERROGATORY NO. 2:** Please identify the reason(s) why Plaintiff was suspended and terminated.

**RESPONSE:**

See General Objections. Without waiving any objections, Defendant states: Plaintiff had a history of performance deficiencies. The events that precipitated her termination were as follow:   on February 25, 2014, Plaintiff abandoned her position by leaving her post without receiving prior approval. She was suspended pending investigation. After the investigation confirmed that Plaintiff had failed to follow proper procedure for leaving her job site unattended, on March 7, 2014 she was given the option of resigning in lieu of termination or being terminated for job abandonment. Plaintiff failed to submit a statement of intent to resign and on March 12, 2014, was terminated for job abandonment.

**INTERROGATORY NO. 3:** As to Plaintiff, please identify:

a.    All persons who made, or participated in, the decision to terminate Plaintiff;

b.    The nature of the input;

c.    The dates on which any discussions regarding the decision took place;

d.    Witnesses/participants to each discussion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, vague, and seeks information that is neither relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Discovery Request because it is premature in that discovery has only recently begun and each person who may have had discussions regarding Plaintiff's employment status cannot fully be known until Defendant has had a complete opportunity to discover all facts regarding this matter.

**SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 3 on the basis that it is vague and ambiguous specifically with respect to its use of the terms "made or participated in". Without waiving any objections Defendant states: The decision to terminate Plaintiff's employment resulted from her failure to exercise an option to resign. Jill Hood and Fiona Bork participated in the decision to offer Plaintiff the options to resign or be terminated.

**INTERROGATORY NO. 4:** Identify all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the *Whistleblower Protection Act*, the *Fair Labor Standards Act*, and retaliation. As to each lawsuit, identify:

a.      The court in which the actions was filed, the case name and the case number;

b.      The names of all plaintiffs and all defendants, including third-party plaintiffs or third-party defendants;

c.      The subject matter of the claims and the outcome of the litigation.


**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 5:** State whether Defendant or any of its subsidiaries or affiliates in Henry Ford Health System received any employee complaints about lunch breaks or non-payment for time worked during the past five (5) years.

8

a.    Produce a copy of such complaints.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO 6:** Identify all employees terminated within the past five (5) years, and as to each employee identify:

a.    Name;

b.    Job title;

c.    Dates of employment; and

d.    Reason for termination.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO 7:** State whether Laboratory Sales Manager Fiona Bork was informed of Plaintiff's intention to file paperwork with the State of Michigan regarding unpaid lunch hours, and if so:

    a.     By whom;

    b.     When;

    c.     The participants in every discussion; and

    d.     Produce all e-mails, notes, documents, or reports by Ms. Bork or between Ms. Bork and any other employee regarding Plaintiff's employment.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 7 on the basis that it is vague and ambiguous including its use of the terms "intention" and "paperwork". Without waiving any objections, Defendant states: Ms. Bork was not aware that Plaintiff filed a complaint concerning unpaid lunch hour before such a complaint was filed.

**INTERROGATORY NO 8:** State the nature of the relationship between Henry Ford Hospital, Henry Ford Medical Laboratories and Henry Ford Health System.

a.    Identify all persons with knowledge to testify as to this response.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: Henry Ford Medical Laboratories is an assumed name for Henry Ford Health System.


**INTERROGATORY NO 9:** Identify any and all phone numbers and the phone company, including work, home and cell, from which Fiona Bork made or received any telephone calls during the period January 1, 2014 to February 28, 2014.

a.    For each number listed, please identify the person to whom the call or text was made or from whom the call or text was received.

b.     If any of the individuals identified above are or were ever Henry Ford

employees, identify those individuals.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request

because it is overly broad, ambiguous, burdensome and seeks information that is

neither relevant to the subject matter of this litigation nor reasonably calculated to

lead to the discovery of admissible evidence.


**INTERROGATORY NO 10:** In Defendant's Answer to Plaintiff's

Complaint, Defendant denies as untrue allegations in Plaintiff's Complaint. For

each allegation that Defendant denies as untrue:

  a.  Identify all assertions in each paragraph that are untrue;

  b.  Identify all persons with knowledge of the truth or falsity of the

      assertions;

  c.  Identify what is untrue, in the Defendant's estimation, about any or all

      of the assertions; and

  d.  Identify the source of knowledge regarding this truth or falsity.

**RESPONSE:**

See General Objections. In addition, Defendant objects to Interrogatory No.

10 because it is premature in that discovery in this civil action has only recently

begun and the factual basis supporting Defendant's Affirmative Defenses cannot be fully known until it has had a complete opportunity to discover all facts surrounding Plaintiff's allegations made in her Complaint.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states:  Henry Ford Hospital is not a for profit corporation, Plaintiff was terminated for legitimate non-discriminatory and non-retaliatory reasons, Plaintiff's Complaint is without merit. In addition see documents produced in response to Plaintiff's First Set of Requests For Production of Documents.

**INTERROGATORY NO 11:** Notwithstanding your witness list, please identify the name, address and telephone number of all persons you may call as either an expert or a non-expert witness at trial.  For each person listed, please state:

   a)  The subject matter about which the person is expected to testify, including information that the expert is expected to provide;

   b)  The substance of the facts and opinions to which the person is expected to  testify or that the person will provide;

   c)  For each expert witness, a summary of the grounds for each opinion;

d)      Whether the expert has made any written report or statement regarding the substance of his/her opinion and/or proposed testimony.  If so, please identify said report or statement.

**RESPONSE:**

See General Objections. In addition, Defendant has not yet made a determination as to what witnesses it will call at trial, and will provide its Witness List in accordance with the Court's Scheduling Order.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states: Defendant may call any of the persons listed on its witness list.

Respectfully submitted,

**VARNUM LLP**

By: _____
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Suite 350
Novi, MI 48375
(248) 567-7400

Dated:  October 27, 2014

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, I caused the foregoing documents to be served upon all parties of record by placing said documents in an envelope with proper postage affixed thereto and placing same in the U.S. Mail.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

      Plaintiff,

v.

HENRY FORD HOSPITAL,

      Defendant.

Hon. George Caram Steeh
Case No.: 2:14-cv-11916

                                    /

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 600 W. Lafayette Blvd., 4th Floor | Attorneys for Defendant |
| Detroit, MI 48226 | 39500 High Pointe Blvd., Ste. 350 |
| 313-964-4454 | Novi, MI 48375 |
| kflynn@millercohen.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

                                    /

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

    NOW COMES the above-named Defendant, HENRY FORD HOSPITAL,

by and through its attorneys, VARNUM LLP, and for its Second Supplemental

Responses to Plaintiff's First Interrogatories to Defendant, states as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

A.   **Relevance:**

Defendant generally objects to each discovery request on the ground that it

seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**B.    Vagueness:**

Defendant generally objects to the language of each discovery request to the extent that it or its terms are vague, ambiguous, incomplete, misleading, uncertain, incomprehensible, assumes facts not asserted by Defendant, or otherwise not specified with reasonable particularity. Defendant further generally objects to any request (or part of a request) that is susceptible to more than one interpretation, understanding, or meaning that may render any related response inadvertently misleading, incomplete, or otherwise non-responsive.

**C.    General:**

1.      Defendant generally objects to each discovery request to the extent that it or any of its terms is ambiguous, vague, over broad, unduly burdensome, harassing, vexatious, or otherwise seeks documents or information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence at the time of such request or otherwise.

2.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent they require Defendant to produce any documents previously produced by Defendant, received from Plaintiff, or available to Plaintiff through public records.

2

3.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent that they require Defendant to create documents.

**D.     Business Records:**

Defendant reserves the right to respond to each discovery request by making information available for Plaintiff's inspection and copying in the manner and form in which such information is regularly maintained, assembled, and/or collected by Defendant in the usual course of business.  Such information accordingly may be made available for Plaintiff's inspection and copying in, *e.g.,* hard copy, microfiche, microfilm copy, computer-generated or other form and may be variously collected and assembled by individual, department, organization, year, month, week, or otherwise as that information is regularly, usually, and/or routinely maintained by Defendant in the usual course of business.  Defendant alternatively reserves the right in its sole discretion to organize and label any responsive documents in a manner that generally or specifically corresponds with the categories in Plaintiff's requests.

**E.     Inspection and Copying:**

Defendant reserves the right to respond to each request by making responsive information available for Plaintiff's inspection and copying during normal business hours at a location to be determined by Defendant as well as subject to reasonable limitations.  Such discovery materials selected for copying by

Plaintiff shall be Bates-stamped with a discreet prefix (which distinguishes those materials which may have been produced by Defendant to Plaintiff from other materials produced, *e.g.,* by Plaintiff to Defendant), and each party shall bear its own copying, shipment, and storage or other related costs. No original documents shall be removed from any document inspection site, and Plaintiff shall return Defendant's files to it in the same condition and order as those files and their contents had been provided to Plaintiff by Defendant.

**F.**    **Competence:**

Defendant reserves the right and opportunity to object to the competence, relevance, materiality, use, and/or admissibility of any response or document as evidence for any purpose in any proceeding, including without limitation, the trial of this, or any other action.

**G.**    **Revision/Supplementation:**

Defendant reserves the right and opportunity to revise, correct, supplement, or otherwise qualify or complete any of Defendant's responses, in whole or in part.

**H.**    **Privilege:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the attorney-client privilege.

**I.**   **Work Product:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to produce or disclose any information or documents that fall within the work product doctrine.

**J.**   **Personal/Confidential Information:**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they can be construed to require Defendant to release any information without proper authorizations concerning the identity, or other personal or confidential information related to non-parties to this lawsuit.

Without waiving any objections and otherwise, Defendant objects and answers Plaintiff's First Set of Interrogatories as follows:

## INTERROGATORIES:

**INTERROGATORY NO. 1:** State the name, address, telephone number, title, position and occupation of each person who answered, prepared or was consulted in the preparation of the responses to these interrogatories.

**RESPONSE:**

See General Objections. Without waiving any objections, Defendant states: Joseph Clayton with the assistance of counsel for Defendant. This individual may be contacted through counsel for Defendant. As to objections, counsel for Defendant.

**INTERROGATORY NO. 2:** Please identify the reason(s) why Plaintiff was suspended and terminated.

**RESPONSE:**

See General Objections. Without waiving any objections, Defendant states: Plaintiff had a history of performance deficiencies. The events that precipitated her termination were as follow:   on February 25, 2014, Plaintiff abandoned her position by leaving her post without receiving prior approval. She was suspended pending investigation. After the investigation confirmed that Plaintiff had failed to follow proper procedure for leaving her job site unattended, on March 7, 2014 she was given the option of resigning in lieu of termination or being terminated for job abandonment. Plaintiff failed to submit a statement of intent to resign and on March 12, 2014, was terminated for job abandonment.

**INTERROGATORY NO. 3:** As to Plaintiff, please identify:

a.      All persons who made, or participated in, the decision to terminate Plaintiff;

b.      The nature of the input;

c.      The dates on which any discussions regarding the decision took place;

d.      Witnesses/participants to each discussion.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, vague, and seeks information that is neither relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Discovery Request because it is premature in that discovery has only recently begun and each person who may have had discussions regarding Plaintiff's employment status cannot fully be known until Defendant has had a complete opportunity to discover all facts regarding this matter.

**SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 3 on the basis that it is vague and ambiguous specifically with respect to its use of the terms "made or participated in". Without waiving any objections Defendant states: The decision to terminate Plaintiff's employment resulted from her failure to exercise an option to resign. Jill Hood and Fiona Bork participated in the decision to offer Plaintiff the options to resign or be terminated.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 3 on the basis that it is vague and ambiguous specifically with respect to its use of the terms "made or participated in". Without waiving any objections Defendant states: The

7

termination of Plaintiff's employment resulted from her failure to exercise an option to resign. Jill Hood and Fiona Bork participated in the decision to offer Plaintiff the option to resign or be terminated. This decision was reached in a conversation between Ms. Hood and Ms. Bork on or about March 5, 2014.

**INTERROGATORY NO. 4:** Identify all lawsuits against Henry Ford Hospital or any of its subsidiaries or affiliates within the past five (5) years alleging violations of the *Whistleblower Protection Act*, the *Fair Labor Standards Act*, and retaliation. As to each lawsuit, identify:

a.   The court in which the actions was filed, the case name and the case number;

b.   The names of all plaintiffs and all defendants, including third-party plaintiffs or third-party defendants;

c.   The subject matter of the claims and the outcome of the litigation.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8

**SUPPLEMENTAL RESPONSE**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Defendant states that it is not aware of any lawsuits filed in the last 5 years by employees within Defendant's Henry Ford Medical Laboratories, alleging violations of the Whistleblowers Protection Act or the Fair Labor Standards Act.

**INTERROGATORY NO. 5:** State whether Defendant or any of its subsidiaries or affiliates in Henry Ford Health System received any employee complaints about lunch breaks or non-payment for time worked during the past five (5) years.

    a.    Produce a copy of such complaints.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Defendant states that it is not aware of any complaints by employees within Henry Ford Medical Laboratories within the last 5 year, other than Plaintiff, for non-payment of time worked during a lunch break.

**INTERROGATORY NO 6:** Identify all employees terminated within the past five (5) years, and as to each employee identify:

    a.     Name;

    b.     Job title;

    c.     Dates of employment; and

    d.     Reason for termination.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10

## SUPPLEMENTAL RESPONSE:

Without waiving any objections, Defendant states the following employees with Henry Ford Medical Laboratories were terminated for Job Abandonment within the last 5 years:

1. a. Natalie Kristen Reeser; b. Lab Service Rep Outreach; c. 5/16/2011-3/12/2014; d. Job Abandonment.

2. a. Deborah Ann Woodall; b. Lab Assistant; c. 11/19/2012-11/29/2012; d. Job Abandonment.

3. a. Hather Adamo; b. Lab Assistant; c. 1/24/2011-5/6/2011; d. Resigned in Lieu of Termination for Job abandonment.

4. a. Rachel R. Holloman; b. Lab Assistant; c. 11/30/2009-12/21/2010; d. Resign in Lieu of Termination for Job abandonment. Also falsified records.

5. a. Stephanie Robin Hope; b. Lab Service Rep Outreach; c. 10/8/2012-10/19/2013; d. Resign in Lieu of Termination for Job abandonment. Also violated cell phone policy.

6. a. Erik Lickteig; b. Lab Service Rep Outreach; c. 7/2/2012-2/22/2013; d. Resigned in Lieu of Termination, for Job Abandonment.

7. a. Shantae Stewart; b. Lab Assistant; c. 9/18/2006-12/7/2012; d. Job Abandonment. Also falsified records.

**INTERROGATORY NO 7:** State whether Laboratory Sales Manager Fiona Bork was informed of Plaintiff's intention to file paperwork with the State of Michigan regarding unpaid lunch hours, and if so:

    a.     By whom;

    b.     When;

    c.     The participants in every discussion; and

    d.     Produce all e-mails, notes, documents, or reports by Ms. Bork or between Ms. Bork and any other employee regarding Plaintiff's employment.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 7 on the basis that it is vague and ambiguous including its use of the terms "intention" and "paperwork". Without waiving any objections, Defendant states: Ms. Bork was not aware that Plaintiff filed a complaint concerning unpaid lunch hour before such a complaint was filed.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendant further objects to Interrogatory No. 7 on the basis that it is vague and ambiguous including its use of the terms "intention" and "paperwork". Without waiving any objections, Defendant states: Ms. Bork was not aware of Plaintiff's intention to file a complaint with the State of Michigan concerning unpaid lunch hour until after such a complaint was filed. In further answering, Defendant states it has not located additional non-privileged documents responsive to Interrogatory 7(d), other than documents that have been produced in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO 8:** State the nature of the relationship between Henry Ford Hospital, Henry Ford Medical Laboratories and Henry Ford Health System.

a.    Identify all persons with knowledge to testify as to this response.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request because it is overly broad, ambiguous, burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: Henry Ford Medical

Laboratories is an assumed name for Henry Ford Health System.

**SECOND SUPPLEMENTAL RESPONSE:**

Without waiving any objections, Defendant states: Henry Ford Medical

Laboratories and Henry Ford Hospital are assumed names for Henry Ford Health

System.

**INTERROGATORY NO 9:** Identify any and all phone numbers and the

phone company, including work, home and cell, from which Fiona Bork made or

received any telephone calls during the period January 1, 2014 to February 28,

2014.

     a.     For each number listed, please identify the person to whom the call or

text was made or from whom the call or text was received.

     b.     If any of the individuals identified above are or were ever Henry Ford

employees, identify those individuals.

**RESPONSE:**

See General Objections. Defendant further objects to this Discovery Request

because it is overly broad, ambiguous, burdensome and seeks information that is

neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## SUPPLEMENTAL RESPONSE:

Without waiving any objections, Defendant states: Fiona Bork's personal cell phone records reflect no calls made to or from Plaintiff's personal or work cell phone during the time period of January 1, 2014 to February 28, 2014. Ms. Bork made one call from her personal cell phone to the landline 586-228-2774 on February 27, 2014.  With respect to Fiona Bork's work cell phone number, 248-372-1300, see text message details, and Call Detail Inquiry Report excerpts, Bates Nos. HFH 528 to HFH 532, attached hereto.


**INTERROGATORY NO 10:**  In Defendant's Answer to Plaintiff's Complaint, Defendant denies as untrue allegations in Plaintiff's Complaint. For each allegation that Defendant denies as untrue:

   a.  Identify all assertions in each paragraph that are untrue;

   b.  Identify all persons with knowledge of the truth or falsity of the assertions;

   c.  Identify what is untrue, in the Defendant's estimation, about any or all of the assertions; and

   d.  Identify the source of knowledge regarding this truth or falsity.

**RESPONSE:**

See General Objections. In addition, Defendant objects to Interrogatory No. 10 because it is premature in that discovery in this civil action has only recently begun and the factual basis supporting Defendant's Affirmative Defenses cannot be fully known until it has had a complete opportunity to discover all facts surrounding Plaintiff's allegations made in her Complaint.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states: Henry Ford Hospital is not a for profit corporation, Plaintiff was terminated for legitimate non-discriminatory and non-retaliatory reasons, Plaintiff's Complaint is without merit. In addition see documents produced in response to Plaintiff's First Set of Requests For Production of Documents.

**INTERROGATORY NO 11:** Notwithstanding your witness list, please identify the name, address and telephone number of all persons you may call as either an expert or a non-expert witness at trial. For each person listed, please state:

   a)   The subject matter about which the person is expected to testify, including information that the expert is expected to provide;

16

      b)     The substance of the facts and opinions to which the person is expected to testify or that the person will provide;

      c)     For each expert witness, a summary of the grounds for each opinion;

      d)     Whether the expert has made any written report or statement regarding the substance of his/her opinion and/or proposed testimony. If so, please identify said report or statement.

**RESPONSE:**

See General Objections. In addition, Defendant has not yet made a determination as to what witnesses it will call at trial, and will provide its Witness List in accordance with the Court's Scheduling Order.

**SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states: Defendant may call any of the persons listed on its witness list.

**SECOND SUPPLEMENTAL RESPONSE:**

Without waiving any objections Defendant states that the following persons may be called as witnesses at trial:

| | | |
|---|---|---|
| 1. | Jackie Allen<br>Kidney & Hypertension Center P.C.<br>15945 19 Mile Road, Suite 206<br>Clinton Twp., Michigan 48038 | Ms. Allen may testify to any communications she has had with Plaintiff since Plaintiff's termination, and sending Plaintiff the new lunch policy. |

2.  Maria Anger
    Henry Ford Medical Laboratories
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Anger may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices.

3.  Marguerite Bayer
    State of Michigan
    LARA
    Wage and Hour Division
    7150 Harris Drive
    P.O. Box 30476
    Lansing, Michigan 48909

    Ms. Bayer may testify to the investigation of Plaintiff's complaint to the State of Michigan Wage and Hour Division.

4.  Fiona Bork
    Henry Ford Medical Laboratories
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Bork may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices.

5.  Nawaal Elhaddi
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Elhaddi may testify to Defendant's policies, procedures, work rules, and business practices.

6.  Alicia Estell
    Henry Ford Medical Laboratories
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Estell may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules.

7.  Berjoh Fullilove
    Henry Ford Medical Laboratories
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Fullilove may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules.

8.  Dr. Mohammad Ghaffarloo
    Henry Ford Health System
    15945 19 Mile Road, Suite 100
    Clinton Twp., Michigan 48038

    Dr. Ghaffarloo may testify to Plaintiff's medical treatment.

9.  Julisa Garcia
    Henry Ford Medical Laboratories
    Henry Ford Health System
    2799 W. Grand Blvd.
    Detroit, Michigan 48202

    Ms. Garcia may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules.

18

| | | |
|---|---|---|
| 10. | Denise Goldsmith<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Goldsmith may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 11. | Luain Hajjar<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Hajjar may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 12. | Judy Hale<br>Address unknown | Ms. Hale may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 13. | Ernestine Hawkins<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Hawkins may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 14. | Jill E. Hood, PHR<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Hood may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |
| 15. | Shameeka Johnson<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Johnson may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 16. | Tanisha Jordan<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Jordan may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 17. | Reza Kahnamouei, M.D.<br>43361 Commons Drive<br>Clinton Twp., Michigan 48038 | Dr. Kahnamouei may testify to Plaintiff's medical treatment. |
| 18. | Mario Krueger<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Mr. Krueger may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |

| | | |
|---|---|---|
| 19. | Deserie Miller<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Miller may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 20. | Kathy Oswald<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Oswald may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |
| 21. | Rebecca Pilarski<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Pilarski may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |
| 22. | Nick Pizzurro<br>Address unknown | Mr. Pizzuro may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 23. | Natalie K. Reeser<br>69156 Florence Drive<br>Richmond, Michigan 48062 | It is unknown as to what Plaintiff may testify about how she walked off the job in violation of Defendant's policy. |
| 24. | John Rosati<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Mr. Rosati may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, and work rules. |
| 25. | Debra Temrowski<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Temrowski may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |
| 26. | John Waugh<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Waugh may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |
| 27. | Martha Wiseheart<br>Henry Ford Medical Laboratories<br>Henry Ford Health System<br>2799 W. Grand Blvd.<br>Detroit, Michigan 48202 | Ms. Wiseheart may testify to Plaintiff's job duties and performance and Defendant's policies, procedures, work rules, and business practices. |

Respectfully submitted,

**VARNUM LLP**

By: _____
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Suite 350
Novi, MI 48375
(248) 567-7400

Dated:  December 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2014, I caused the foregoing documents to be served upon all parties of record by placing said documents in an envelope with proper postage affixed thereto and placing same in the U.S. Mail.

Rosanne M. Frank