# EXHIBIT B

# MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW

600 WEST LAFAYETTE BLVD.
FOURTH FLOOR
DETROIT, MICHIGAN 48226-0840

(313) 964-4454
FAX (313) 964-4490
TOLL FREE (IN MICHIGAN) 1-800-221-6021
E-MAIL: YOURLAWYERS@MILLERCOHEN.COM
WWW.MILLERCOHEN.COM

ALLEN PARK OFFICE:
6715 PARK AVENUE
ALLEN PARK, MICHIGAN 48101

(313) 383-2422

BRUCE A. MILLER
NORTON J. COHEN
RICHARD G. MACK, JR.
ANDREA HAMM
ROBERT D. FETTER
ADA VERLOREN
KEITH D. FLYNN
TERI L. DENNINGS
JACK W. SCHULZ

JOHANNA L. KONONEN
OF COUNSEL

August 15, 2014

**THIS CORRESPONDENCE IS MADE PURSUANT TO FRE 408**

**VIA U.S. FIRST CLASS MAIL**

Mr. Terrance J. Miglio
**Varnum LLP**
39500 High Pointe Boulevard, Suite 350
Novi, Michigan 48375

    Re:    *Natalie Reeser v. Henry Ford Hospital*
             USDC Case No.: 2:14-cv-11916-GCS-MJH (*Hon. George Caram Steeh*)
             Our File No.:14-15246

Dear Mr. Miglio:

        During our telephone conference and at the 26(f) conference, the subject of early settlement was brought up. Considering that the parties are beginning to more fully engage in the discovery process, now seems like a good time to readdress the subject of settlement.

        As you should be aware by now, my client alleges that Henry Ford Hospital terminated her for reporting wage and hour issues to the State of Michigan. By now, you may have reviewed the documents produced by Ms. Reeser pursuant to Defendant's initial document requests. Those documents include correspondence between Ms. Reeser and management reporting these concerns regarding Henry Ford's unlawful lunch policy and stating that she was going to report her employer to the State. Similarly, when Ms. Reeser is deposed, you will hear about several occasions where Ms. Bork, her direct supervisor, contacted her to directly threaten, intimidate, and coerce Ms. Reeser in regards to her reporting, including the morning of Ms. Reeser's termination.

        Also included in the documents provided in discovery are documents reflecting Henry Ford's policy on lunch breaks—a policy that was altered to require all employees to take their lunch breaks. Yet, Henry Ford's only proffered rationale for Ms. Reeser's termination was because she left the facility to take her lunch break. Simply put, such an explanation violates Defendant's own amended policy and is mere pretext for retaliation.



MILLER COHEN, P.L.C.

Mr. Terrance J. Miglio
**Varnum LLP**
August 15, 2014
Page Two

There is little doubt that Henry Ford will attempt to dispute these facts. However, what is beyond dispute is that Ms. Reeser already possesses enough evidence to warrant the denial of a dispositive motion. That leaves only two alternatives: (1) early settlement that limits the liability and cost of litigation; or (2) jury trial.

The latter alternative will likely lead to significant liability for your client. Ms. Reeser is owed back-pay, front-pay, and damages for emotional distress and pain and suffering, as well as interest and attorney fees. Ms. Reeser has been incredibly traumatized by your client's misconduct. The stress that this discharge has caused her has led to depression and anxiety in every facet of her life. She stays awake at night thinking about how she has been wronged by your client. Your client's decision to terminate her has left her feeling exposed, vulnerable, and victimized. There is no way to fully account for the damages Ms. Reeser has incurred mentally and emotionally, but a jury is unlikely to let your client's misconduct go without attempting to adequately compensate Ms. Reeser for this trauma. In one whistleblower case that was recently litigated by my firm, we were successful in reaching a jury verdict surpassing $700,000 with over half of that award representing non-economic damages.

Considering your client's substantial liability as well as the expense of moving forward with litigation, your client would be wise to settle this matter. Similarly, Ms. Reeser desires to move on with her life. In the hope of resolving this matter early on and limiting the expenses incurred by both parties, Plaintiff proposes to resolve this matter for the sum total of $50,000. This offer will remain open for ten days from the date of this letter.

Please advise.

Sincerely,

**MILLER COHEN, P.L.C.**

Keith D. Flynn, Esq.

KDF/db

cc: Mr. Bruce A. Miller
    Ms. Natalie Reeser