# EXHIBIT D

2009 WL 2136879
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

Rose CARLSON, Plaintiff-Appellee,
v.
OPTIMA OIL ENTERPRISES, INC., and Ali Damsaz, Defendants-Appellants.

Docket Nos. 279603, 285853.
|
July 16, 2009.

Washtenaw Circuit Court; LC No. 06-000571-CD.

Before: METER, P.J., and MURRAY and BECKERING, JJ.

**Opinion**

PER CURIAM.

 *1 In Docket No. 279603, defendants appeal as of right the trial court's July 11, 2007, order awarding plaintiff attorney fees, costs, and interest pursuant to the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.* In particular, defendants dispute the validity and the amount of the attorney fee award. In Docket No. 285853, defendants appeal on leave granted the trial court's denial of their motion for a directed verdict of plaintiff's WPA claim. This Court consolidated the separate appeals for a decision. We affirm.

Plaintiff was terminated from her job after she cooperated with the Michigan Department of Agriculture's investigation of the gas station she managed on behalf of defendants. Plaintiff filed a complaint alleging that she was terminated in violation of the WPA and the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.* The case proceeded to trial and the jury found that defendants violated the WPA, but not the ELCRA. The jury awarded plaintiff $36,537 for past economic loss, $75,000 for future economic loss, and $18,200 for her past noneconomic loss, resulting in a total award of $129,737.

I

Defendants argue that plaintiff was not entitled to an attorney fee award because she lost her ELCRA claims and there was insufficient evidence to support the WPA claim upon which she was successful. Alternatively, defendants assert that the attorney fee award was excessive and unreasonable because it amounts to almost one-half the verdict amount and because the majority of plaintiff's attorney's time spent on the case was in connection with the ELCRA claims, which were rejected by the jury.

Generally, attorney fees are not recoverable unless expressly authorized by statute, court rule, judicial exception or contract. *Haliw v. Sterling Hts.,* 471 Mich. 700, 707, 691 N.W.2d 753 (2005). The WPA provides that attorney fees may be awarded to a successful plaintiff. MCL 15.364 states that, in addition to other remedies, "[a] court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." In other words, in awarding costs and attorney fees under the WPA, the trial court is merely required to determine that "the award is appropriate."

This Court reviews for an abuse of discretion the trial court's decision to award attorney fees and its determination of the reasonableness of the fees requested. *Windemere Commons I Ass'n v. O'Brien,* 269 Mich.App. 681, 682, 713 N.W.2d 814 (2006). An abuse of discretion occurs when the trial court chooses a decision falling outside the range of reasonable and principled outcomes. *Maldonado v. Ford Motor Co.,* 476 Mich. 372, 388, 719 N.W.2d 809 (2006). The factual findings underlying an award of attorney fees are reviewed for clear error, *Solution Source, Inc. v. LPR Assoc. Ltd. Partnership,* 252 Mich.App. 368, 381, 652 N.W.2d 474 (2002), and underlying questions of law are reviewed de novo, *Hines v. Volkswagen of America, Inc.,* 265 Mich.App. 432, 438, 695 N.W.2d 84 (2005). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court ... is left with a definite and firm conviction that a mistake was made." *Solution Source, supra* at 381-382, 652 N.W.2d 474.

 *2 When assessing the reasonableness of attorney fees, the trial court should consider the following nonexclusive list of factors: " '(1) the professional standing and

experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.' " *Wood v. Detroit Automobile Inter-Ins Exch.,* 413 Mich. 573, 588, 321 N.W.2d 653 (1982, quoting *Crawley v. Schick,* 48 Mich.App. 728, 737, 211 N.W.2d 217 (1973) (citations omitted).[1] In this case, the trial court not only stated on the record that it considered the *Wood* factors, its comments clearly indicate that it considered these factors while exercising its discretion to determine a reasonable amount of fees:

> First of all, with regard to the hourly rate I am going to find given the complexity of the case, counsel's qualifications and other matters that the hourly rate of two fifty is, is appropriate and is reasonable.
>
> I have spent some time reviewing the hours proposed to be charged by counsel with an eye toward reasonableness and I am going to award attorney fees in this matter in the total amount of sixty thousand eight hundred and forty-one dollars and eighty eight cents. Frankly, that is calculated on the rate requested by counsel but I have found that not all of the hours as, as billed were reasonably expended for purposes of this motion at least.

Since the trial court made adequate findings of fact regarding the *Wood* factors, it cannot be said that the court abused its discretion when determining the appropriate amount of a reasonable attorney fee award. Defendants nevertheless contend that the trial court's award was unreasonably disproportionate to the amount of actual success plaintiff achieved at trial since plaintiff did not recover on her ELCRA claims. While a trial court may reduce an award of attorney fees on the basis of a plaintiff's limited success, it is not required to do so. *Schellenberg v. Rochester Michigan Lodge No. 2225, of Benevolent & Protective Order of Elks,* 228 Mich.App. 20, 45-47, 577 N.W.2d 163 (1998). Here, the trial court did indeed reduce the attorney fees award by approximately $10,000. Since the majority of plaintiff's case was either dedicated to the WPA claim, or involved facts and witnesses that overlapped in support of the WPA claim, the trial court did not abuse its discretion by not further reducing plaintiff's award of attorney fees based on her limited success at trial.

Further, contrary to defendants' assertion, there is no requirement that a court must decrease an attorney fee award based on the amount of the jury verdict. Instead, the consideration is whether the attorney fees are reasonable. *Wood, supra.* Illustratively, in *Grow v. WA Thomas Co.,* 236 Mich.App. 696, 701-702, 715, 601 N.W.2d 426 (1999), another employment case (although not pursuant to the WPA), this Court upheld an award of attorney fees in the amount of approximately $43,000 where the jury verdict was approximately $80,000-thus demonstrating that it is not necessarily an abuse of discretion to award attorney fees in an amount that equates to approximately 50% of the jury verdict.

**\*3** Given that attorney fees may be awarded to a successful plaintiff pursuant to the WPA, MCL 15.364, and the trial court sufficiently applied the *Wood* factors in reviewing plaintiff's request for attorney fees, we hold that the trial court did not abuse its discretion in awarding plaintiff $60,841.88 in attorney fees.[2]

II

Defendants also argue that the trial court erred in denying their motion for a directed verdict on plaintiff's WPA claim. We disagree.

Preliminarily, we reject plaintiff's assertion that defendants sought a directed verdict only as to that part of her WPA claim pertaining to her *reporting* violations to the Department of Agriculture, but not as to her *participation* in the investigation itself. Plaintiff reads the record too narrowly. Although defense counsel's argument in support of the motion mentioned the reporting aspect only, it is clear that counsel sought the dismissal of the WPA claim in its entirety. It is equally clear that plaintiff's counsel understood that to be the case in arguing against the motion at trial. Thus, defendants have preserved their challenge to the WPA claim in full.

> This Court reviews de novo the grant or denial of a motion for a directed verdict. The trial court must consider the evidence in the light most favorable to the nonmoving party and make all reasonable inferences in favor of the nonmoving party; a directed verdict is proper

only when no factual question exists upon which reasonable minds may differ. [*Dykema Gossett, PLLC v. Ajluni,* 273 Mich.App. 1, 11, 730 N.W.2d 29 (2006), aff'd in part and vacated in part on other grounds 480 Mich. 913, 739 N.W.2d 629 (2007).]

When the evidence could lead reasonable jurors to disagree, the court may not substitute its judgment for that of the jury. *Moore v. Detroit Entertainment, LLC,* 279 Mich.App. 195, 202, 755 N.W.2d 686 (2008). Directed verdicts are viewed with disfavor. *Berryman v. K Mart Corp.,* 193 Mich.App. 88, 91, 483 N.W.2d 642 (1992).

The WPA is a remedial statute and "is to be liberally construed to favor the persons the Legislature intended to benefit." *O'Neill v. Home IV Care, Inc.,* 249 Mich.App. 606, 614, 643 N.W.2d 600 (2002). "[T]he WPA was enacted to remove barriers to an employee who seeks to report violations of the law, thereby protecting the integrity of the law and the public at large." *Id* ., citing *Hopkins v. City of Midland,* 158 Mich.App. 361, 374, 404 N.W.2d 744 (1987). MCL 15.362 prohibits an employer from treating an employee adversely because the employee "reports or is about to report ... a violation or a suspected violation of a law or regulation or rule ... unless the employee knows that the report is false, or ... is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action." "To establish a prima facie case under [the WPA], a plaintiff must show that (1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." *West v. Gen. Motors Corp.,* 469 Mich. 177, 183-184, 665 N.W.2d 468 (2003) (footnote omitted). If a plaintiff is successful in establishing a prima facie case under the WPA, the burden shifts to the defendant to establish a legitimate business reason for the adverse employment action. *Roulston v. Tendercare (Michigan), Inc.,* 239 Mich.App. 270, 280-281, 608 N.W.2d 525 (2000). Once the defendant produces such evidence, the plaintiff has the burden to establish that the employer's proffered reasons were a mere pretext for the adverse employment action. *Id.* at 281, 608 N.W.2d 525.

**\*4** Defendants argue that they were entitled to a directed verdict because there was insufficient evidence to find that plaintiff engaged in an activity protected under the WPA, or that a causal connection existed between the protected activity and her discharge. We disagree. The evidence at trial, when viewed in the light most favorable to plaintiff, established that she telephoned the health department and participated in the Department of Agriculture's inspection of defendants' gas station. When the Department of Agriculture's agent arrived at the station, plaintiff informed him about the ongoing rodent problems, pointed out the gasoline smell, and showed him the black mold and standing water in the basement. According to plaintiff, she "described to him [the agent] in detail everything that was going on." When the agent left the station for a short time to clean up and prepare his report, he directed plaintiff not to allow anyone to move the products that were damaged or defiled by the rodents. Later, when the agent spoke with defendant Ali Damsaz, the agent indicated that plaintiff "had pointed out what was going on" at the station. Damsaz telephoned plaintiff about the investigation the same afternoon. He was angry and screaming at her, asking why she had telephoned the agent and told him about the health and safety problems. Damsaz accused plaintiff of being fat, lazy, and bad for the store, and terminated her employment.

The evidence was sufficient to establish a factual question upon which reasonable minds could differ as to whether plaintiff's participation in the health and safety investigation at defendants' gas station constituted a protected activity, and whether her discharge was causally connected to the activity. Thus, defendants were not entitled to a directed verdict on plaintiff's WPA claim.

Affirmed.

**All Citations**

Not Reported in N.W.2d, 2009 WL 2136879

Footnotes

1     In *Univ Rehabilitation Alliance, Inc. v. Farm Bureau Gen. Ins. Co.,* 279 Mich.App. 691, 700-701 n. 3, 760 N.W.2d 574 (2008), this Court addressed the limited applicability of the Michigan Supreme Court's recent ruling in *Smith v. Khouri,* 481 Mich. 519, 751 N.W.2d 472 (2008), in determining the reasonableness of an attorney fee:

> We acknowledge that our Supreme Court has recently held in a plurality opinion that a trial court, when determining a reasonable attorney fee as part of case-evaluation sanctions under MCR 2.403(O), must first determine a "baseline" fee by multiplying the reasonable hourly rate-the fee customarily charged in the locality for similar legal services-by the reasonable number of hours necessitated by case-evaluation rejection. [*Smith, supra* at 522, 751 N.W.2d 472] (opinion by TAYLOR, C.J.). This "baseline" reasonable fee may then be adjusted upward or downward according to the factors in *Wood* and MRPC 1.5(a). *Smith* does not affect our analysis in this case of the question whether the trial court abused its discretion when determining a reasonable attorney fee under MCL 500.3148(1). First, *Smith* addressed MCR 2.403(O)(6)(b), which explicitly requires that the reasonable-attorney-fee portion of actual costs be based on a reasonable hourly or daily rate as determined by the trial court....

> Furthermore, as plaintiff points out, defendants did not call into question the trial court's selection of $250 as a reasonable hourly rate.

2     In their statement of the questions presented, defendants challenge the trial court's award of "attorney fees, costs and interest," but defendants' argument is limited to the award of attorney fees. Any challenge to the award of costs and interest is therefore abandoned. *Prince v. MacDonald,* 237 Mich.App. 186, 197, 602 N.W.2d 834 (1999).

---

**End of Document**          © 2016 Thomson Reuters. No claim to original U.S. Government Works.