# EXHIBIT I

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4480 Filed 07/28/16 Page 2 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

2006 WL 2404140
Only the Westlaw citation is currently available.
United States District Court,
N.D. Ohio,
Western Division.

DISABLED PATRIOTS Of AMERICA and
Michael Miles, Individually, Plaintiff,
v.
GENESIS DREAMPLEX, LLC, Defendant.

No. 3:05 CV 7153.
|
Aug. 18, 2006.

**Attorneys and Law Firms**

Lawrence A. Fuller, Fuller, Fuller & Associates, Miami, FL, Owen Benton Dunn, Jr., Toledo, OH, for Plaintiff.

Karyn McConnell Hancock, Toledo, OH, for Defendant.

MEMORANDUM DECISION AND ORDER

VERNELIS K. ARMSTRONG, Magistrate Judge.

 *1 The parties have consented to have this discrimination case filed pursuant to the Americans with Disability Act (ADA) of 1990, 42 U.S.C. § 12101 *et seq* transferred to the docket of the undersigned Magistrate for purposes of entering final judgment. Pending is Plaintiff's Motion for Attorney Fees (Docket No. 25) to which Defendant filed an Opposition (Docket No. 29) and Plaintiff filed a Reply (Docket No. 34). For the reasons that follow, the Magistrate grants Plaintiff's Motion for Attorney Fees.

*FACTUAL BACKGROUND*

Plaintiff Michael Miles is a Findlay, Ohio resident (Docket No. 1, ¶ a). Plaintiff Disabled Patriots of America (Disabled Patriots) is a not for profit corporation formed under Florida law with its principal place of business in Lake Worth, Florida (Docket No. 1, ¶ b). Defendant, a limited liability corporation, is a hotel and conference center located in Toledo, Ohio (Docket No. 1, ¶ c). Plaintiff Miles visited Defendant's hotel and conference center and discovered several architectural barriers that (1) presented concerns for his safety and (2) impeded his use of the services offered by the facility. Plaintiffs conducted a preliminary inspection and discovered that the facility was not in compliance with the ADA requirement that public facilities have accessible facilities by January 26, 1992. In particular, Defendant had, *inter alia,* failed to adequately designate disabled use spaces, provide adequate edge ramps, provide adequate access to goods and services including lavatories and guest rooms, or generally accommodate disabled persons (Docket No. 1). Consequently, Defendant Miles filed this lawsuit seeking compensatory damages, declaratory and injunctive relief, and attorney fees and costs. The parties entered a consent agreement that was approved by the Court on March 3, 2006 (Docket No. 24). The parties agreed to refer the matters of the amount of fees, litigation expenses and costs to the undersigned Magistrate Judge. These issues are addressed as follows.

*ATTORNEY FEE STANDARDS*

The ADA provides that "[i]n any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." 42 U.S.C. § 12205. A district court's decision to grant or deny attorney's fees is reviewed for an abuse of discretion. *Fogerty v. MGM Group Holdings Corp.,* 379 F.3d 348, 357 (6th Cir.2004). In order for a plaintiff to receive attorneys' fees in a civil rights action, the plaintiff must be the prevailing party. 42 U.S.C. § 12205 (Thomson/West 2006). A plaintiff may be considered a prevailing party if the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart,* 103 S.Ct.1933, 1939 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Texas State Teachers Association v. Garland Independent School District,* 109 S.Ct. 1486, 1493 (1989), such that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff," *Farrar v. Hobby,* 111-12, 113 S.Ct. 572-573 (1992); *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir.2005).

 *2 It is well settled that the "lodestar" approach is the proper method to determine the amount of

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4481 Filed 07/28/16 Page 3 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

reasonable attorneys' fees. *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir.1995) (citations omitted). In applying the lodestar approach, "[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id. (citing Hensley,* 103 S.Ct. at 1939). There is a "strong presumption" that the lodestar figure represents a reasonable fee. *Id.* at 1401-1402 *(citing Pennsylvania v. Delaware Valley Citizen's Council,* 106 S.Ct. 3088, 3098 (1986); see also *Roland v. Johnson,* 978 F.2d 1339 (6th Cir.1992)).

Once the lodestar approach is calculated, the fee may be adjusted in consideration of a number of factors, including "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.,* 424 F.Supp.2d 962, 965-966 (E.D.Mich.2006) (*citing Doran v. Corte Madera Inn Best Western,* 360 F.Supp.2d 1057, 1061 (N. D.Cal.2005)).

When counsel seeks compensation for an excessive number of hours, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application. *Id.* at 969. In the case of *Disabled Patriots v. Taylor Inn,* a 40% reduction was deemed reasonable based on the ambiguities in the invoice and the bundling of otherwise discrete tasks. *Id.*

### DISCUSSION

Plaintiffs seek an award of $25,814.16 which consists of $18,228 in attorney fees, $5,950 in expert witness fees and $1,636.16 in litigation expenses [1] (Docket No. 25). Defendant argues that the number of hours spent by Plaintiffs' counsel on redundant and routine matters was excessive, the hours spent by counsel, the paralegal and expert are duplicative, the hourly rates charged by counsel do not comport with prevailing rates in the Toledo, Ohio, legal community, the expert fee is unreasonable and the request for expenses is not substantiated.

The terms of the Consent Decree indicate that Defendant agreed to make substantial changes to the premises that comply with ADA regulations. In doing so, Defendant waived any defenses and gave up something it may have otherwise won if this case proceeded to trial. The compromise directly benefits Plaintiffs. Consequently, Plaintiffs are the prevailing parties in this litigation. Plaintiffs, as prevailing parties, are entitled to reasonable attorney fees, expert fees and costs.

### I. Amount of Legal Fees

*Mr. Fuller's Hourly Rate*

**\*3** Plaintiffs argue that the issues in this case are complex, that it would be difficult to find competent and skilled counsel in the Toledo area able to undertake the "risk and expense of this type of civil rights action and that all services provided in this case were unique and tailored to their client's needs. Thus, Mr. Fuller is entitled to an hourly fee of $325. Defendant contends that co-counsel Owen Dunn could have provided equally skilled representation as he did in *Disabled Patriots of American, Inc. v. Suemar Realty, Inc,* Case No. 3:04CV7137 and *Disabled Patriots of America, Inc. v. Lane Toledo,* Case No. 1:04-CV-00538.

In determining the reasonableness of Mr. Fuller's request for an hourly rate of $325, the court must consider the prevailing market rates in the relevant community for similar services by attorneys with comparable skill, experience and reputation. *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.* 424 F.Supp.2d 962, 966 (E.D.Mich.2006) *(citing Fuhr v. School Dist. of Hazel Park, supra,* 364 F.3d at 762). Proof of prevailing market rates may be demonstrated in a number of ways, including: (1) affidavits of other attorneys or experts; (2) citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases; (3) references to fee award studies showing reasonable rates charged or awarded in the relevant community; (4) testimony of experts or of other attorneys in the relevant community; (5) discovery rates charged by the

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4482 Filed 07/28/16 Page 4 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

opposition party; and (6) reliance on the court's own expertise to recognize applicable prevailing rates. *Parker v. Secretary of Department of Health and Human Services,* 1992 WL 191102, *1 (Cl.Ct.1992). (*citing* NEWBERG, ATTORNEY FEE AWARDS 198 (1986)).

Plaintiffs failed to submit affidavits or testimony of the prevailing rates in this community but do cite prior precedent showing reasonable rate adjudication. In addition, the Magistrate relies upon the Court's own expertise to determine the applicable prevailing rates. Attorney Christopher Parker attested in *Cox v. Sandusky City Schools,* Case No. 3:00 CV 7657 (N.D.Ohio 2000), that lead counsel in the Toledo area with specialties in employment law billed at $200 per hour (Docket No. 136, Exhibits B, C, D, & E). Attorney William Connelly attested that the rates for attorneys in the local economy with at least twenty six years of experience and specialized practices of law, were entitled to fees in the range of $175 to $250 per hour. *See Hess v. City of Toledo,* 139 Ohio App.3d 581, 585, 744 N.E.2d 1236, 1238 (2000). Plaintiffs' counsel cite the court's approval of a $335 hourly attorney fee in *Sandusky v. Blackwell,* 361 F.Supp.2d 688 (2005). Chief Judge Carr found that the Sandusky case presented novel and difficult questions. *Id.* at 697. This case, however, presented routine issues regularly litigated in ADA cases and fails to justify the award of a $325 hourly fee.

**\*4** The Magistrate is persuaded by the testimony in *Hess* that the $250 hourly rate charged by similarly situated practitioners in this community is reasonable given lead counsel's expertise and skill. Adjusting this three-year old figure for inflation, the hourly rate is increased to $275 [2]. For these reasons, Plaintiffs are awarded fees which shall be calculated at $275 per hour.

### *Mr. Fuller's Hours*
Mr. Fuller requests that he be compensated for 50.10 hours of services provided for Plaintiffs in this case. Defendant argues that the time Mr. Fuller spent was excessive due to the repetitive nature of previous filings made by Plaintiff as well as tasks performed by Mr. Dunn [3].

The court must decide the reasonable amount of time spent on each task. *Cleveland Area Bd. Of Realtors v. City of Euclid,* 965 F.Supp. 1017, 1020 (N. D.Ohio 1997) (total requested hours were reduced by 10% for insufficient documentation). The district court is empowered to reduce the award when the documentation of hours is inadequate. *Id. (citing Hensley, supra,* 103 S.Ct. at 1939). Counsel is not expected to record in great detail how he or she spent every minute; however, the general subject matter must be identified. *Id. (citing Hensley, supra,* at 1941 n. 12). The documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id. (citing United Slate, Tile & Composition Roofers v. G & M Roofing,* 732 F.2d 495, 502 n. 2 (6th Cir.1984)).

After careful review of the billing records, the Court found numerous entries made by counsel that were "lumped" together thereby rendering it impossible for the Court to ascertain with a high degree of certainty, the time spent on each individual task. In some instances, the hours spent by counsel duplicated the hours spent by Mr. Dunn.

Plaintiffs' claim that Mr. Fuller spent 1.6 hours on March 16, 2005 to prepare a complaint and summons along with several other tasks. Since Mr. Fuller filed similar complaints in *Disabled Patriots v. Hotel Ventures,* Case No. 3:05 CV 7154 and *Disabled Patriots v. Toledo Hotel Investors,* Case No. 3:04 CV 7138, it is difficult to ascertain the amount of time spent preparing the complaint and summons for this case. Therefore, the total request is reduced by 30% or .48 hours.

Defendant argues that the time spent to prepare a Consent Decree and a Motion for Summary Judgment was an effort to collect additional attorney fees. Plaintiffs contend that preparation for the Consent Decree and the Motion for Summary Judgment was necessary. The Magistrate finds that it was within Plaintiffs' best interest to pursue summary judgment in the event settlement discussions were unsuccessful. The preparation of a Consent Decree memorializing the parties' agreement was equally in the parties' best interest. The hours expended preparing these documents is reasonable. Likewise, the hours spent preparing discovery requests produced by Plaintiffs is reasonable in light of the circumstances.

**\*5** Additionally, Defendant argues that the Consent Decree and Motion for Summary Judgment are boilerplate and the time spent in preparing them

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4483 Filed 07/28/16 Page 5 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

was excessive. After reviewing other Consent Decrees prepared by Plaintiffs in past cases, *e.g.* Case No. 1:05-CV-02466-PAG *Disabled Patriots of America v. Brighton Manor Company,* the court finds some similarity in content, however, the majority of the Consent Decree is case specific. Therefore, the hours spent by Plaintiffs' counsel preparing the Consent Decree are reasonable.

Defendant contends that the time expended by Plaintiffs' counsel reviewing the website is contrived since they have no website. Plaintiffs contend that Defendant's website is discoverable upon a Google search. The Magistrate finds that the time spent analyzing Defendants web site is reasonable [4].

Defendant alleges that Plaintiffs' Applications for Attorney's Fees in Case No. 3:04CV7137, *Disabled Patriots v. Suemar Realty, Inc.* and Case No. 1:04-CV-00538 *Disabled Patriots, Inc. v. Lane Toledo* are identical to the Application for Attorney's Fees to the case at bar. The Magistrate finds that the applications used in the two previous cases used much of the same research and case law. The documents used and the research done closely duplicate previous cases filed with the court, thus the hours spent preparing are excessive. The Court reduces Plaintiffs' request for 5.2 hours to prepare the application for fees by 30% or 1.56 hours.

Defendant alleges that the Application for Fees lacks adequate explanation for the numerous conferences between Mr. Fuller, Mr. Dunn and the expert witness, Mr. Pedraza. Plaintiffs believe that the conversations are cited with adequate detail. The Magistrate reviewed time requests submitted from Mr. Fuller and Mr. Dunn and finds that little or no detail is given about each phone call, with the exception of one. The phone conversation on August 22, 2005 goes beyond stating "phone call with Mr. Pedraza" and adds the phrase, "to discuss his inspection of the premises." This is enough to satisfy the court's specificity requirement and will not be reduced. However, the documentation of the remaining telephone calls lacks adequate detail from which the Court can determine if the telephone calls were actually and reasonably expended in the prosecution of this litigation. The Court reduces time spent "conferencing" with Mr. Pedraza by 30% as follows:

| Date | Time Spent |
| --- | --- |
| October 3, 2004: | 0.30 |
| February 8, 2005: | 0.90 |
| July 1, 2005: | 1.40 |
| August 9, 2005: | 1.30 |
| August 15, 2005: | 1.00 |
| August 16, 2005: | 0.40 |
| September 6, 2005: | 0.90 |
| October 3, 2005: | 0.70 |
| October 12, 2005: | 1.30 |
| October 17, 2005: | 0.80 |
| October 19, 2005: | 1.00 |
| November 1, 2005: | 1.10 |
| November 11, 2005: | 3.00 |
| January 3, 2006: | 0.60 |

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4484 Filed 07/28/16 Page 6 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

| Date | Time Spent |
| --- | --- |
| March 3, 2006: | 1.00 |

Total Reduction: 15.7 x 30% = 4.71 hours

Defendant challenges the fees requested for telephone conferences with Ms. Gallagher, President of Disabled Patriots. The Court finds that Ms. Gallagher is party to the suit and therefore a telephone call between the parties is reasonable. However, Plaintiffs' counsel fails to state with particularity the subject of the calls. Again, the calls are "lumped" with other tasks. Therefore, the time recorded as a phone call between Ms. Gallagher and Mr. Fuller is reduced by 30% as follows:

| Date | Time Spent |
| --- | --- |
| October 10, 2004: | 0.20 |
| March 17, 2005: | 0.60 |
| August 9, 2005: | 1.30 |
| November 1, 2005 | 1.10 |

Total Reduction: 3.2 x 30% =.96 hours

*6 Defendant states on several occasions time listed by Mr. Fuller, where co-counsel conversed, was not recorded by Mr. Dunn. On July 8, 2005 it appears that Mr. Fuller lists "phone call(s) with co-counsel, Owen Dunn," while Mr. Dunn lists "spoke with Tracie Dickerson at Fuller, Fuller & Associates regarding our response to Order to Show Cause." Clearly, the court finds some discrepancy and therefore the time listed by Mr. Fuller and Mr. Dunn is reduced by 30%.

On August 24, 2005, Mr. Fuller lists "Reviewing note from Mr. Dunn." While under Mr. Dunn's account for that day and several days prior no reference is made regarding a note written to Mr. Fuller. Therefore, due to the discrepancy in accounted time and the Court's inability to determine which note is referenced, the time spent by Mr. Fuller to review the note is reduced by 30%.

On September 7, 2005 Mr. Fuller listed, "prepar[ed] note to co-counsel." Again this "note" does not state any specificity and does not appear in Mr. Dunn's requested time. Thus, time spent to prepare the note is also reduced by 30%.

Finally, on November 17, 2005 Mr. Fuller stated he "review[ed] letter from co-counsel with attachment." There was no preparation of a letter on the part of Mr. Dunn and what was contained in the letter lacks specificity. This time spent is therefore stricken as well. As noted before, Plaintiffs' counsel "lumps" tasks together, thus the court reduces time spent on each day by 30% as follows:

| Date | Time Spent |
| --- | --- |
| July 8, 2005: | 1.50 |
| August 24, 2005: | 0.30 |
| September 7, 2005: | 2.00 |
| November 17, 2005: | 0.20 |

Total Reduction: 4 x 30% = 1.2 hours

In conclusion, the Magistrate reduces Mr. Fuller's hours by 8.91.

*Mr. Dunn's Hourly Rate*

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4485 Filed 07/28/16 Page 7 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

Plaintiffs contend that the hourly rate of $275 requested by Mr. Dunn was reasonable. Defendant contends that the hourly rate does not comport with Mr. Dunn's experience and directs the Court to consider the case of *Preferred Properties, Inc. v. Indian River Estates, Inc.,* Case No. 3:99 CV 7342 (N.D.Ohio Oct. 11, 2000) and theories on attorney fee awards included in an affidavit by Daniel J. Steinbock as support.

In calculating the reasonable hourly rate, the court must consider the prevailing market rates in the relevant community for similar services by attorneys with comparable skill, experience and reputation. *Geier v. Sundquist,* 372 F.3d 784, 796-797 (6th Cir.2004) *(citing Geier v. Sundquist,* 227 F.Supp.2d 881, 886 (M.D .Tenn.2002)). It is the burden of the fee applicant to submit evidence supporting the number of hours expended and the hourly rates claimed. *Hensley,* 103 S.Ct. at 1940.

Although Plaintiffs cite *Sandusky v. Blackwell* to support the reasonableness of their fee requests, Chief Judge Carr characterized the issues in the *Sandusky* case as being "novel and difficult" unlike the routine issues in this case. 361 F.Supp.2d at 697. As previously discussed, litigators with twenty six years of experience and stellar reputations as litigation counsel for specialities were awarded attorney fees within a range of $175 to $250 per hour. *Cox v. Sandusky City Schools,* Case No. 3:00 CV 7657, Docket No. 158.

**\*7** While Mr. Dunn's resume boosts an impressive academic background, he was admitted to the Ohio bar in May, 2002; therefore, he has less than five years of experience as a practicing attorney (Docket No. 25). Based upon his experience level and the nature of this case, the Magistrate finds that a fee of $175 per hour is more reasonable for his work in Genesis Dreamplex.

*Mr. Dunn's Hours*
Plaintiffs claim that Mr. Dunn expended 13.82 hours in preparing their case for trial. Defendant argues that the time spent on April 6, 2005 to review the Complaint, sign it, make copies and place it in a file are excessive. Plaintiff states that the Complaint contains a "list of 24 barriers to access and ADA violations that are specific to the Quality Hotel-Genesis."

After review of the Complaint, the court examined Complaints from the other cases filed by Plaintiff, in particular Case No. 3:04CV7137, *Disabled Patriots v. Suemar Realty,* and Case No. 1:04-CV-00538, *Disabled Patriots of America, Inc. v. Lane Toledo.* The Court finds the Complaint to be very similar to the Complaints in the cases listed above. The two hours claimed by Mr. Dunn for such review is excessive and reduced by 30% or .6 hours.

According to Defendant, Mr. Dunn expended several hours performing clerical duties. Plaintiff's reply does not address this issue. Mr. Dunn performed such duties as preparing a case file, mailings, filing and faxes on the following dates: April 6, July 21, August 11, August 15, August 22, September 8, October 24, and November 22, 2005; and January 27 and January 31, 2006.

This Court has previously found that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Cleveland Area Bd. of Realtors v. City of Euclid,* 965 F.Supp. 1017, 1022 ("attention to file and setting up of litigation files ... fax[ing]" are considered to be secretarial tasks and cannot be billed at attorney rates) *(citing Missouri v. Jenkins,* 491 U.S. 274 (1989)). To remedy this improper designation, the court in *Cleveland Area Bd. of Realtors* deducted 2% from the amount of fees requested. *Id.* The Magistrate adopts this district court precedent and reduces the time spent to review the Complaint to one hour and the time spent performing clerical tasks by 2%. There were 7.04 hours expended completing clerical tasks. Such amount reduced by 2% totals a deduction of .14 hours.

Defendant also contends on June 17, and August 15, 2005 there were several discrepancies with listed time by Plaintiffs' counsel. Specifically, the overall time spent and hours listed by co-counsel do are inconsistent. Plaintiffs do not address this claim in their reply.

Upon review of Mr. Dunn's and Mr. Fuller's tasks and hours, the Court finds that on August 15, 2005 the tasks listed are inconsistent. The inspection lasted 1.5 hours in one request and two hours in another. The Court strikes the additional 0.05 hour. Equally, time spent claimed on June 17, 2005 for an inspection is excessive and reduced by 30%.

| Date | Time Spent |
|---|---|

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4486 Filed 07/28/16 Page 8 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

| June 17, 2005 | 0.50 |
|---|---|
| August 15, 2005 | 2.0 |

Total Reduction: 2.5 x 40% = 1.54 hours

 **\*8** In conclusion, the Magistrate disallows 2.33 of the hours requested by Plaintiffs for work performed by Mr. Dunn. Accordingly, of the 13.82 hours requested, Plaintiffs are entitled to fees for 11 .49 hours.

## II. Costs

*Expert Fees*
Plaintiffs claim that all hours expended by the expert, Dave Pedraza are reasonable. Defendant argues that the hours spent are unreasonable and inadequately cited.

In any action commenced pursuant to the ADA, the prevailing party may recover reasonable fees paid to an expert witness. 42 U.S.C. § 12205 (Thomson/ West 2005). Mr. Pedraza is a certified contractor by the State of Florida and is President and Registered Agent of ADA Compliance Team. *See Disabled Patriots v. Taylor Inn Enterprises, supra,* 424 F.Supp.2d at 967 fn. 2. He has extensive experience particularly as it relates to modification of existing buildings to accommodate disabled persons; however, the Court takes issue with the invoices submitted by the ADA Compliance Team. The descriptions of tasks and the amount of time spent on each task are minimal at best. First, the invoice states "Travel to and from location to perform additional ADA inspection." (Docket 25, Exhibit 12). The Court cannot ascertain if this is travel to and from Florida or travel limited to the Toledo area. Second, none of the items on the invoice give detail as to how much time each task took.

The Court is unable to determine if sending Mr. Pedraza from Florida twice to inspect a hotel in Ohio is reasonable. His account for time spent inspecting the property site is ambiguous and lacks the necessary specificity for the Court's evaluation of reasonableness. Therefore, if the travel time recorded is travel to and from Florida, the Court finds this request for travel to be unreasonable. Accordingly, this Court adopts the hourly rate awarded by the United States District Court in Southern Michigan and finds that a more reasonable hourly rate for Mr. Pedraza is $100. *See Id.* at 967.

| Expert Fee February 8, 2005 | 17 hours x $100 per hour |
|---|---|
| Expert Fee August 31, 2005 | 17 hours x $100 per hour |
| Total | 34 hours, $3400 |

*Additional Costs*
Plaintiffs contend that the amount requested for costs is reasonable. Defendant argues Plaintiffs did not substantiate costs requested. Specifically, Defendant points to the March 18, 2005 title search, the March 18, 2005 re-inspection fee to disability group, the April 11, 2005 service of process and multiple telephone, postage, long distance faxing, courier service, photocopying and filing.

After reviewing the documents submitted by Plaintiff, the court agrees with Defendant regarding the re-inspection fee to a disability group. Defendant states that this fee is a cost for re-inspection of the premises. However, the court finds that this re-inspection fee is not listed on Mr. Pedraza's invoice. Also, there are no other presented reasons why this cost was listed, who the disability group was and why they billed $750 for a re-inspection fee. Therefore, the $750 for a re-inspection fee to disability group is stricken. The remainder of costs, $886.16, listed by Plaintiffs appears to be reasonable given the twelve months spent on the case and the nature of the case (Docket No. 34, Exhibit 1, pp. 4-6).

 **\*9** In conclusion, Plaintiffs' Motion for Attorney Fees is granted. Plaintiffs are awarded attorney fees and costs as follows: $11,327.25 for Mr. Fuller, $2,010.75 for Mr. Dunn, expert costs of $3,400 and other costs of $886. The total award to Plaintiffs is $ 17,764.

Case 2:14-cv-11916-GCS-SDD ECF No. 125-9, PageID.4487 Filed 07/28/16 Page 9 of 9

Disabled Patriots of America v. Genesis Dreamplex, LLC, Not Reported in F.Supp.2d...

IT IS ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 2404140

Footnotes

| | |
|---|---|
| 1 | Plaintiffs projected that they would incur additional attorney fees and costs of $2400 if the Court conducted an evidentiary hearing on the merits of their request for attorney fees. Since such hearing was not required, this amount is disallowed. |
| 2 | The inflation calculator shows that $250 in 2003 has the same buying power as $275 in 2006. United States Department of Labor, Consumer Price Index, *www.bls.gov.ifn* |
| 3 | The Court's docket indicates that Disabled Patriots is a named plaintiff in approximately twenty cases with the Fuller firm appearing as counsel. |
| 4 | Plaintiff has a viewable website as *www.dotoledo.org* |

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.