UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

      Plaintiff,

v.

**HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL**,

      Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b)**

At trial, Plaintiff failed to produce any evidence to meet <u>her</u> burden to prove that similarly situated employees who did not engage in protected activity were treated more favorably than her when they abandoned their jobs. Rather, all Plaintiff can point to is her own unsupported testimony and opinion, which is not enough to overcome the unrefuted testimony provided by Defendant at trial. Defendant's Renewed Motion must be granted.

**A.     Plaintiff Failed To Meet Her Burden Because She Failed To Present Evidence That Any Similarly Situated Employee Was Treated Differently For Job Abandonment.**

In order to prevail on her WPA claim, Plaintiff was required to show that there was a causal connection between her "complaint" and her suspension/termination for admittedly leaving her worksite without obtaining prior authorization. Plaintiff could do so by showing that a similarly situated individual who did not engage in protected activity was treated in a more favorable manner by HFHS. *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999). To be similarly situated in a disciplinary context, "the plaintiff must show that the 'comparables' are similarly-situated *in all respects*." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992) (emphasis in original).

Plaintiff failed to produce <u>any</u> evidence at trial that any similarly situated employee (who had not engaged in protected activity) was <u>not</u> terminated for leaving a worksite without prior authorization. To the contrary, the evidence clearly showed that five other employees supervised by Ms. Bork were terminated for leaving a site without authorization. In addition, there was <u>unrefuted</u> testimony from two HFHS Human Resources representatives that job abandonment always results in termination and that employees throughout HFHS have been terminated for that offense. **Plaintiff offered no evidence to the contrary**.

Plaintiff claims in her Response that she presented "evidence" that she did not engage in misconduct. (Response, p. 12) She claims that she "stated at trial" that she did not abandon her job. (Response, p. 16) She relies exclusively on her own testimony to support her claim that she did not abandon her job. (Response, p. 16) Such an assertion is simply a fabrication. <u>Plaintiff admitted over and over that she did not have authorization to leave the site.</u>

At trial, Plaintiff pointed to four other employees who Fiona Bork testified were terminated for job abandonment, and argued **without any supporting evidence** that these employees would not have been terminated for job abandonment if they had not had previous discipline on their record. In the face of unrefuted testimony that the employees' job abandonment was the precipitating reason for their discharge, Plaintiff failed to meet her burden.[1] There is no legal basis for a plaintiff to offer her subjective opinion about an employer's work rules and disciplinary actions as a substitute for introducing **evidence of similarly situated employees who were treated differently.**

---

[1] If an employee who had been disciplined for attendance rule violations subsequently commits a theft from his employer and is terminated for the theft, the existence of previous discipline does not mean that the employee would not have been terminated for the theft alone. Similarly, where an employee is involved in an incident where he commits multiple rule violations including theft, the fact that he committed other rule violations does not mean that the theft alone was not grounds for termination. Plaintiff made both of these improper arguments.

3

In *Noble v. Brinker Intern., Inc.*, 391 F.3d 715 (6th Cir. 2004), the court reversed the denial of the defendant's renewed JMOL, holding that the employee failed to identify a similarly situated employee outside the protected class who was not terminated for similar wrongdoing. The court held that:

> [i]t is the plaintiff's burden to establish that a similarly situated person outside the protected class was treated more favorably than he. Noble had the benefit of full discovery, but at trial he was unable to produce a single person who fit this description. **Generalized allegations unsupported by evidence are insufficient to meet the plaintiff's burden. Noble simply failed to present any evidence of a similarly situated individual outside the protected class who was treated more favorably than he.**

*Noble*, 391 F.3d at 731 (emphasis added) (internal citations omitted).

Plaintiff, in her Response, made no effort to address or refute *Noble*. Instead, she made irrelevant arguments pertaining to the Court's opinion on Defendant's Motion for Summary Judgment. Plaintiff has failed to meet <u>her</u> burden to establish that a similarly situated person was treated more favorably than her, but can only present generalized allegations unsupported by any evidence. Defendant's Renewed Motion must be granted.

### B. Plaintiff Offered No Evidence That Her Job Abandonment Should Have Been Governed By Defendant's Attendance Policy As Opposed To The HFML Policy And HFHS' Corrective Action Policy.

Plaintiff has persisted in her unsupportable argument throughout this litigation and at trial that her <u>admitted</u> job abandonment should have been

4

governed by HFHS' Attendance Policy, a completely different policy from the HFHS Corrective Action Policy and "Code of Conduct" provision within the HFML Policy.

At trial, Plaintiff improperly asserted her opinion that job abandonment should be treated less seriously than a Code of Conduct violation, but instead as an "attendance violation" under the Attendance Policy – an argument which had <u>no</u> supporting evidence. Every one of Defendant's witnesses testified, and the face of the policies themselves established, that job abandonment was <u>not</u> an attendance violation. The HFML Policy (Exhibit 118) specifically separated "job abandonment" from attendance issues, consistent with HFHS system-wide policies. (*Id.*)

In her Response, Plaintiff continues to argue that her misconduct was not properly deemed job abandonment. (Response, pp. 15-16) However, Plaintiff provided no explanation or evidence to support her contention that job abandonment should be governed by the Attendance Policy, and provided no reference to any testimony at trial that supported her argument. HFHS – not Plaintiff – determines under what policy discipline should be administered. There is no legal basis for a plaintiff in a termination case to be able to select the work rule she claims she should have been disciplined under in the absence of any evidence that the employer has applied it to her misconduct. Further, a plaintiff

5

does not raise a factual dispute by alleging that an employer made a poor business decision. *Dubey v. Stroh Brewery Co.*, 185 Mich. App. 561, 566; 462 N.W.2d 758 (1990); *see also McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

As such, because Plaintiff failed to provide any evidence that her job abandonment should have been governed by HFHS' Attendance Policy rather than its Code of Conduct, Defendant's Renewed Motion should be granted.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests this Court grant its renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b).

                                          Respectfully submitted,
                                          VARNUM LLP

                                          By:   */s/ Terrence J. Miglio*
                                                  Terrence J. Miglio (P30541)
                                                  Barbara E. Buchanan (P55084)
                                                  Attorneys for Defendant
                                                  160 W. Fort, 5th Floor
                                                  Detroit, MI  48226
Dated: July 29, 2016                        (313) 481-7300

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

          /s/ Terrence J. Miglio
          Terrence J. Miglio (P30541)