UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

                                      CASE NO. 14-CV-11916
v.                                      HONORABLE GEORGE CARAM STEEH

HENRY FORD HEALTH SYSTEM,
d/b/a HENRY FORD HOSPITAL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW ( Doc. 116)**

      In this retaliatory discharge suit, plaintiff Natalie Reeser alleged that her employer, defendant Henry Ford Health System, terminated her in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 291 *et seq.*, and Michigan's Whistleblower's Protection Act ("WPA"), M.C.L. § 15.362, for reporting defendant's failure to pay her for lunch breaks to the Michigan Department of Licensing and Regulatory Affairs ("LARA"). The court conducted a seven day jury trial. At the conclusion of the proofs, defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), which the court denied. The eight member jury then returned a unanimous verdict in favor of plaintiff on her state law WPA claim, but returned a unanimous no cause verdict as to her FLSA claim. Now before the court is defendant's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Based on the court's intimate awareness of the facts of this case after presiding

over a seven-day jury trial, and having carefully considering the written briefs, the court determines that oral argument would not significantly aid the decisional process and thus, no hearing will be held pursuant to Local Rule 7.1(f)(2).

## A. Standard of Law

A motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 is decided in the district court's discretion. *Brown v. Village Green Mgmt. Co.*, 342 F.3d 620, 626 (6th Cir. 2003). In addressing a supplemental state law claim, when a motion for judgment as a matter of law challenges the sufficiency of the evidence, the district court must apply "the standard of review used by the courts of the state whose substantive law governs the action." *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 360 (6th Cir. 2006); see *Silver Cloud, Inc. v. Quikut Div. of Scott Fetzer Co.*, 35 F.3d 566, 1994 WL 464249, at *3 (6th Cir. 1994) (table only). Because the claim here arose under Michigan's WPA, Michigan law controls.

The Michigan counterpart to a motion for judgment as a matter of law is a motion for judgment notwithstanding the verdict. Under Michigan law, on a motion for judgment notwithstanding the verdict, the court must view "'the evidence and all legitimate inferences in the light most favorable to the nonmoving party'" and the may only grant the motion if "reasonable minds could not differ on any question of material fact." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (quoting *Elozovic v. Ford Motor Co.*, 472 Mich. 408, 418 (2005)). Also, the court grants the nonmoving party "every reasonable inference, and resolv[es] any conflict in the evidence in that party's favor to decide whether a question of fact existed." *Derbabian*

*v. S. & C. Snowplowing, Inc.*, 249 Mich. App. 695, 702 (2002). "If reasonable jurors could have honestly reached different conclusions, the jury's verdict must stand." *Zantel Mktg. v. Whitesell Corp.*, 265 Mich. App. 559, 568 (2005).

### B. Analysis

Defendant argues that judgment as a matter of law is warranted here because plaintiff was allegedly terminated for job abandonment, and thus, plaintiff cannot satisfy the causal connection necessary between her termination and her protected activity to support her retaliation claim. Viewing the evidence and all legitimate inferences in the light most favorable to plaintiff, the court finds that reasonable minds could differ as to the conclusions to be drawn from the evidence. *Ridgway v. Ford Dealer Serv., Inc.*, 114 F.3d 94, 97 (6th Cir. 1997). Contrary to defendant's arguments, reasonable minds could find that plaintiff was terminated for reporting alleged violations of the FLSA to the LARA.

At trial, plaintiff testified that on the day of her suspension, her supervisor Fiona Bork told her she would be "sorry" for reporting her claim on unpaid wages to the State. Although defendant very much disputes whether such a statement was ever made, viewing the testimony and all legitimate inferences that may be drawn from it in the light most favorable to plaintiff, and giving some deference to the jury's determination of witness' credibility, *see Johnson v. Corbet*, 423 Mich. 304, 314 (1985), the court finds that reasonable jurors could have believed plaintiff's testimony. Also, plaintiff introduced evidence that the stated reason for her termination, "job abandonment" was pretext for retaliation because (1) her lunch break was authorized, (2) she was entitled

to less serious sanctions under the progressive discipline policy, (3) close temporal proximity existed between her termination and her protected activity, and (4) similarly situated employees were treated more favorably than her for similar alleged misconduct.  Plaintiff also relied on  emails and deposition testimony of defendant's employees which she asserted demonstrated evidence of retaliation.  While defendant vigorously disputed the above proofs at trial, which the jurors were free to reject, the court cannot find that the proofs submitted by plaintiff were so refuted by defendant that the only possible verdict the jurors could have reached was a no cause verdict in favor of the defendant.

Finally, the court considers defendant's claim that plaintiff did not engage in protected activity under the WPA because she did not report the FLSA violation until two days after her suspension.  That allegation was very much in dispute at trial.  Plaintiff testified at trial that she reported the FLSA violation to LARA prior to her suspension.  Also, plaintiff sought to prevail on her WPA claim under the theory that she was about to report the violation to a public body, which is a permissible basis for a WPA claim.  M.C.L. § 15.362.  Plaintiff testified that she notified her employer that she was about to report the violation to the State.  Also, plaintiff admitted into evidence an e-mail she sent to Jill Hood, human resources business partner, prior to her suspension, stating that "I have no choice but to file the paperwork with the state." (Doc. 119, Ex. A, Plaintiff's Trial Exhibit 29).  Given this evidence, the court finds that reasonable jurors could honestly conclude that plaintiff engaged in protected activity under the WPA.

## C. Conclusion

Because reasonable minds could differ as to the conclusions to be drawn from the evidence, the court will not substitute its judgment for that of eight unanimous jurors, and defendant's renewed motion for judgment as a matter of law (Doc. 116) is DENIED.

IT IS FURTHER ORDERED that plaintiff's request that defendant be sanctioned for the filing of the motion is summarily DENIED.

IT IS SO ORDERED.

Dated: August 17, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---