UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

                              CASE NO. 14-CV-11916
v.                             HONORABLE GEORGE CARAM STEEH

HENRY FORD HEALTH SYSTEM,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART**
**PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 112)**

Plaintiff Natalie Reeser brought this lawsuit alleging retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 291 *et seq.*, and Michigan's Whistleblower's Protection Act ("WPA"), M.C.L. § 15.362, for reporting defendant Henry Ford Health System's ("HFHS") failure to pay her for lunch breaks to the Michigan Department of Licensing and Regulatory Affairs ("LARA"). Prior to trial, defendant offered $10,000 to $15,000 to settle the case, but made no formal offer of judgment. A jury returned a verdict of no cause on the FLSA retaliation claim, but awarded damages for lost wages and fringe benefits in the amount of $3,200 on the WPA retaliation claim. The jury awarded no emotional distress damages. Now before the court is plaintiff's request for attorney fees. Plaintiff seeks fees in the amount of $315,133.32. For the reasons set forth below, and giving due consideration to the modest nature of plaintiff's partial victory at trial, the court shall award attorneys' fees in the amount of $10,000.

-1-

## A. Standard of Law

The WPA provides the court with discretion to award attorneys' fees to a prevailing complainant. Specifically, Michigan Compiled Laws § 15.364 provides in relevant part, "[a] court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." Attorney fees to prevailing plaintiffs in WPA cases are not mandatory, but are within the court's discretion. *See Heckmann v. City of Detroit*, No. 267391, 2007 WL 1989518, at *10 (Mich. Ct. App. July 10, 2007); *Lease Acceptance Corp. v. Adams*, 724 N.W.2d 724, 733, n.8 (Mich. Ct. App. 2006); *Gomery v. Crest Fin., Inc.*, No. 20881, 2005 WL 658818, at *1-2 (Mich. Ct. App. Mar. 22, 2005). Plaintiff bears the burden of proving the reasonableness of the requested fee. *Smith v. Khouri*, 481 Mich. 519, 528-29 ( 2008). In determining a reasonable fee, the court considers the following non-exhaustive list of factors: "(1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Wood v. Detroit Auto. Inter-Ins. Exch.*, 413 Mich. 573, 588 (1982) (internal quotation marks and citation omitted). It would indeed be within this court's discretion to deny attorneys' fees altogether. However, in its discretion and for the reasons stated below, this court will award a modest attorneys' fee.

B.  Analysis

**1.  Prevailing Party Analysis Inapplicable**

Defendant argues that plaintiff does not qualify as a prevailing plaintiff because she did not recover more than it offered to settle the case, and thus, is not entitled to any attorney fees as a matter of law.  In support of its position, defendant relies on *Gomery, supra,* 2005 WL 658818, at *1-2.  Such reliance is misplaced.  *Gomery* involved a formal offer of judgment in compliance with certain Michigan court rules which provide for cost shifting to the prevailing party.  In *Gomery*, the court noted that a party must be a "financially successful or prevailing party" to be eligible for an award of fees and costs under the WPA.  2005 WL 658818, at *1.  A plaintiff is considered a prevailing party if her position is improved by the litigation.  *Id.*  A plaintiff's position is improved when she receives a judgment "in an amount greater than the offer made by defendants."  *Id.*  Defendant argues that here, plaintiff's position was not improved by the litigation because the jury awarded plaintiff only $3,200, significantly less than defendant's pre-trial settlement offers of $10,000 and $15,000.  (Doc 121, Pg ID 3898). However, the test referred to in *Gomery* applies to cases where the defendant has made a formal offer of judgment in accordance with Michigan court rules. The *Gomery* court specifically noted that settlement offers were not to be considered, only formal offers of judgment.  2005 WL 658818, at *1.

Here, the defendant made settlement offers during pre-trial negotiations, but did not make any formal offers to stipulate to the entry of a judgment.  *See* Fed. R. Civ. P. 68; Mich. Ct. R. 2.405.  While it is certainly debatable whether Michigan fee shifting rules could ever apply to this federal case, even if they did, *Gomery* does not render

plaintiff ineligible for attorneys' fees here where no formal offer of judgment was ever made. Even so, although the settlement offers defendant made in this case do not preclude an award of fees per se, they are nevertheless one factor that the court considers in its analysis below.[1]

## 2.     Evaluation of Factors Weighs in Favor of Modest Attorney Fee Award

Considering all of the factors to be weighed in determining an appropriate fee award, the court determines that plaintiff's counsel is entitled to only a modest fee. Most significantly, the court finds that the modest results achieved and the unnecessary protraction of the litigation outweigh the other factors. Plaintiff's counsel's expenditure of 1,189.7 hours of time on this case was not reasonable given the weakness of Plaintiff's damages evidence and the size of her ultimate recovery. Likewise, although the parties dispute the amount of hourly fees, the court's determination of an appropriate hourly fee is irrelevant here because plaintiff's limited recovery necessitates a significant fee reduction. Even if the court were to accept the hourly billing rate sought by plaintiff's counsel, the court cannot sanction the extensive time expended.

This court recognizes plaintiff's attorneys' experience and professional reputation; however, the total attorneys' fees requested are unreasonable. The case could have been more straightforward and handled more efficiently. Any complexities in the lawsuit were the result of a lack of cooperation between the parties, the filing of numerous *in limine* and discovery motions that the parties should have been reasonably

---

[1]Defendant also argues that no attorney fees should be awarded as a sanction for discovery abuses. That is the subject of a separate motion and forms no basis of the court's analysis here. Also, the court has not considered defendant's argument that plaintiff herself engaged in misconduct at trial in reaching its decision here.

expected to resolve on their own, and the otherwise overly litigious conduct of counsel for both parties. Recognizing that defendant significantly contributed to the unnecessary complexities of what should have been a more streamlined case, the court does not base its decision here solely on the fact that the hours plaintiff's counsel expended on the case were clearly excessive. The court's decision here is rooted primarily on the need for proportionality between the costs of representation and the ultimate success of the prevailing party.

In determining the fee award, defendant urges the court to consider its settlement offers of $10,000 and $15,000. Plaintiff had made a settlement demand of $50,000 in August, 2014, and defendant did not make a counter offer until two years later. Given this significant delay in settlement negotiations, plaintiff argues that her decision to proceed to trial was reasonable. Plaintiff's argument might have persuasive value should her ultimate recovery have exceeded or approximated defendant's settlement offer. Defendant appears to have staked its settlement position on its belief that plaintiff's case lacked merit, and was worth at most, a nuisance value. Given the fact that the jury issued a no cause verdict on the FLSA claim, awarded a pittance on the lost wages claim under the WPA, and awarded no emotional distress damages on the WPA claim, defendant appears to be vindicated on its analysis of the minimal to non-existent settlement value of the case. The $3,200 lost wages award is less than 33 percent of what defendant offered at the pre-trial settlement conference and less than 22 percent of what defendant offered before trial.

Contrary to plaintiff's position, defendant cannot be faulted for not offering more to settle the case than it did, or for not making a counter-offer sooner, when the jury

clearly agreed with its conclusion that plaintiff's claim was worth very little. Thus, although the court agrees with plaintiff that defendant did not engage in any meaningful settlement negotiations until the eve of trial, the fact remains that those settlement offers did exceed the ultimate value of the case as determined by the jury. For this reason, defendant cannot be faulted for maintaining its conviction that the case had little – to no settlement value. Thus, the court considers plaintiff's rejection of defendant's settlement offer as one factor, among many, for awarding modest fees.

Most significantly, the court bases its decision here on plaintiff's nominal recovery. The law is well settled that the court may reduce an award of attorney fees on the basis of a plaintiff's limited success. *Carlson v. Optima Oil Enter., Inc.*, No. 2579603, 2009 WL 2136879, at *2 (Mich. Ct. App. July 16, 2009) (citing *Schellenberg v. Rochester Mich. Lodge No. 2225*, 228 Mich. App. 20, 45-47 (1998)). In fact, the Sixth Circuit has stressed that the degree of success obtained is the most critical factor to determining a reasonable fee. *McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495 (6th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). One way to think about the degree of success is to compare the damages awarded to the amount sought. *Id.* (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "Few, if any, reasonable litigants would call a monetary judgment that comes in well under the money offered to settle the case a success." *Id.* Numerous courts have reduced attorney fee awards based on a plaintiff's limited success. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 938 (E.D. Mich. 2005) (imposing 50 percent reduction given plaintiff's limited success); *Collister v. Sunshine Food Stores, Inc.*, 166 Mich. App. 272 (1988) (awarding $2,000 in attorney fees where plaintiff recovered $6,400); *Richard v. Oak Tree Grp. Inc.*, No. 1:06-CV-362,

2009 WL 3234159, at *4 (W.D. Mich. Sept. 30, 2009) (decreasing attorney fee award by 85 percent to $3,082 where plaintiff recovered minimal statutory damages).

Here, the jury awarded plaintiff less than 0.5 percent of the $730,000 plaintiff sought at trial and significantly less than defendant offered to settle the case. Accordingly, the court determines that plaintiff is entitled to a reduced attorney fee award that is proportional to plaintiff's mild success in the case. The court determines that an award of $10,000 is appropriate, and notes that this amount is over three times the amount of the jury verdict. The court finds this award to be consistent with the remedial aim of the WPA, given the unique circumstances of this case where plaintiff recovered, in defendant's words, a "paltry" amount.

### D. Conclusion

Based largely on the very modest results of the lawsuit, and for the additional reasons set forth above, this court grants, in part, plaintiff's motion for attorney fees (Doc. 112) and awards plaintiff attorneys' fees in the amount of $10,000.

**IT IS SO ORDERED**.

Dated: August 17, 2016

                                                       s/George Caram Steeh
                                                      GEORGE CARAM STEEH
                                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 17, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk