# EXHIBIT D

2010 WL 1254607
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Michigan,
Southern Division.

David MacDONALD, Plaintiff,
v.
UNITED PARCEL SERVICE, Defendant.

No. 07-12022.
|
March 26, 2010.

**Attorneys and Law Firms**

Deborah L. Gordon, Deborah L. Gordon Assoc., Bloomfield Hills, MI, for Plaintiff.

Bonnie L. Mayfield, Dykema Gossett, Bloomfield Hills, MI, F. Arthur Jones, II, Dykema Gossett, Ann Arbor, MI, for Defendant.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO TAXED BILL OF COSTS AND GRANTING PLAINTIFF'S MOTION FOR A STAY PENDING APPEAL WITH RESPECT TO TAXATION OF COSTS*

MARIANNE O. BATTANI, District Judge.

\*1 Before the Court is Defendant United Parcel Service, Inc.'s Objections to Taxed Bill of Costs (Doc. No. 72) and Plaintiff's Motion for Stay Pending Appeal With Respect to Taxation of Costs (Doc No. 67). For the reasons that follow, the Court **GRANTS in part and DENIES in part,** Defendant's Objections to Taxed Bill of Costs, and **GRANTS** Plaintiff's Motion for a Stay Pending Appeal with Respect to Taxation of Costs.

**I. BACKGROUND**

The Court awarded United Parcel Service, inc. (UPS) summary judgment on all of the claims brought by its former employee, Plaintiff David MacDonald.

Thereafter, Defendant Defendants filed a Bill of Costs requesting $18,380.53. After reviewing the Bill of Costs, the Clerk taxed costs in the amount of $7,670.43. *See* Doc. No. 66. Thereafter, Defendant filed its Corrected Objection to the Bill of Taxable Costs.

Defendant objects to the denial of nonexpedited costs for the deposition of David MacDonald, Balbir Gandhi, M.D., Phil Siegel, Alice Tkachuk, Thomas Hooper, and Earl Bowen, as well as the court report's appearance fee and cost of the transcript of the video deposition of Bowen. In addition, Defendant objects to the denial of printing fees in the amount of $294.00, for the printing of documents from the electronic filing system and pleadings and other papers served by the parties. UPS further objects to the Clerk's denial of statutory witness fees of $40.00 for Mongkol Mong, M.D., Richard Gelb, Ph.D, and Balbir Gandhi, M.D. Finally, UPS objects to the Clerk's denial of copying fees in the amount of $794.60, which included the cost of copying documents produced to Plaintiff pursuant to his discovery requests, deposition exhibits, and documents necessarily provided to Plaintiff's counsel.

Plaintiff did not file an objection to Defendant's Bill of Costs, and did not file a response to Defendant's Corrected Objection to the Bill of Taxable Costs.

**II. STANDARD OF REVIEW**

Title 28 U.S.C. § 1920 provides the basic rule for what costs may be taxed in federal court. It reads: "A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.1920.

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BTD Products, Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 419 (6th Cir.2005). With this standard in mind, the Court assesses the merits of the objections.

### III. ANALYSIS

#### A. Bill of Costs

#### 1. Court Reporter Fees

**\*2** Defendant initially sought $16,020.64 in court reporter fees. The Clerk allowed $7,250.43, noting that expedited surcharges were not permitted and that the identified depositions were not taxable because there were not used by UPS in support of its motion for summary judgment. *See* Doc. No. 66. The Clerk denied the costs for the video deposition of Bowen because it was not used in court proceedings. *Id.*

Defendants seeks costs for those court reporter fees, arguing that they were "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2). Allowable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2), and the costs of taking and transcribing depositions reasonably necessary for the litigation typically are allowed to the prevailing party. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.*

The Court is satisfied that the depositions for which Defendant seeks reimbursement were necessarily obtained to advance its successful motion for summary judgment. However, the Court declines to award Defendant $1,016.54 for the video deposition of Bowen. *See* Bill of Costs Handbook II G 1(c) (allowing costs for a **court ordered** video deposition) (emphasis added). Accordingly, the Court awards Defendant $277.55 in nonexpedited charges for the deposition of David MacDonald; $346.16 for the Deposition of Balbir Gandhi; $383.85, for the deposition of Phil Siegel; $1,270.47 for the deposition of Alice Tkachuk; $533.00 for the deposition of Thomas Hooper; and $123.72 for the court reporter's appearance at the video deposition of Bowen as well as $364.00 for the stenographic transcript.

#### 2. Printing Fees

The Clerk denied Defendant's request for $294.00 in printing fees in accordance with Section II, E, Bill of Costs Handbook. According to the Handbook, "These fees and disbursements usually do not become involved in trial court proceedings. The Court of Appeals taxes these fees and disbursements and includes them in its mandate. These taxed costs are in addition to those recoverable in the trial court."

According to UPS, the printing fees found at Column 3 of Part D include costs for the printing of documents from the Court's Electronic Court Filing systems and pleadings and other papers served by the parties. The cost of printing documents for a litigant's own use is not recoverable. *Id.* Therefore, the Court denies Defendant's request of $294.00.

#### 3. Witness Fees

UPS objects to the Clerk's denial of statutory witness fees of $40.00 each for Mong, Gelb, and Gandhi. The basis for the Clerk's denial of a witness fee for Gandhi was that the deposition was not used by Defendant, and no appearance was made by the witness. As for Gelb and Mong, the Clerk noted that the date the witnesses testified as identified in the bill of cost, did not match the job dates on the deposition invoices. Moreover, no court hearing was held on the date identified. *See* Doc. No. 66.

**\*3** According to UPS, Dr. Gandhi was Plaintiff's treating physician, and UPS used the deposition to analyze Plaintiff's disability claim. As to Mong and Gelb, UPS notes that the date of their testimony is indicated on the court reporters' invoices, but also on the attached pages of the deposition transcripts. These fees were incurred.

The Court finds that the witness fees requested in Defendant's Bill of Costs to be taxable pursuant to 28 U.S.C. § 1920(3). Thus, the Court finds that Defendants are entitled to $120.00 in taxable witness fees.

#### 4. Exemplification and Copy Fees

Defendant's request for $794.00 in Exemplification and Copy Fees was denied by the Clerk because no prior court order authorizing the recovery was issued. *See* Doc. No. 66. UPS asserts that it only billed for the cost of copying documents produced to Plaintiff pursuant to his discovery requests, deposition exhibits, and documents that were necessarily provided to Plaintiff's counsel.

Section F of the Bill of Costs Handbook provides that the cost of obtaining "papers necessarily obtained for use in a case ... are **not** recoverable ... unless counsel has previous secured an order authorizing the recovery of these costs. Routine copy expenses; those made for service, filing or for the convenience of counsel are not taxable within the discretion of the taxation clerk."

The Court finds that two of the costs identified should be taxed: $135.30 for courtesy copies and other submissions to chambers and $532.00 for documents produced and sent to Plaintiff.

### B. Stay Pending Appeal

The Bill of Costs Handbook states that the Clerk will tax costs even if the case is appealed, unless a stay pending the appeal has been issued by the Court. Nevertheless, the parties also can agree "in writing (to the Clerk) if they wish to defer the taxation of the costs until the conclusion of the appellate proceedings." (E.D. Mich. Bill of Costs Handbook).

Here, the parties have not agreed to defer the taxation of the costs and no stay pending any post-judgment proceedings has been entered by the Court. Plaintiff advances his request based on the financial disparity of the parties. He is unemployed and asserts that UPS' refusal to postpone taxation proceedings demonstrates it desire to punish him for this litigation. In response, Defendant maintains that Plaintiff should post a bond.

The Court in its discretion finds Plaintiff has present a sufficient basis for granting the requested relief. Further, given the financial disparity of the parties, the Court declines to order a bond.

### IV. CONCLUSION

The Court **GRANTS in part and DENIES in part** Defendant's Corrected Objection to Taxed Bill of Costs. The Court awards $3298.75 in court reporter fees; $120.00 in witness fees; $667.30 in Exemplification and Copy Fees. The Court **GRANTS** Plaintiff's Motion for a Stay Pending Appeal with Respect to Taxation of Costs.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1254607

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.