UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Stephanie Dawkins Davis

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort, 5th Floor |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI 48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

**PLAINTIFF'S MOTION TO REVIEW
THE ACTION OF THE TAXATION CLERK**

    NOW COMES Plaintiff, NATALIE REESER, by and through her attorneys, MILLER COHEN, P.L.C., with her Motion to Review the Action of the Taxation Clerk and states as follows:

    1.    On June 16, 2016, after prevailing at trial, Plaintiff timely filed a Bill of Costs with the Clerk of the Court.

    2.    In this document, Plaintiff requested $554.84 in service fees, $4,247.06 in court reporter fees, $278.83 in witness fees, $726.50 in exemplification and copy fees, $400 in docket fees and $5,208.37 in other costs (*Exhibit A*).

3. On August 19, 2016, the Clerk of the Court taxed costs in the amount of $412, only taxing Plaintiff's filing fees and $12 for witness attendance fees paid to Jill Hood (*Exhibit B*).

4. In this document, the Clerk denied service fees for service of summons and complaint ($35, $60, and $275), and service fees for process service to Henry Ford Hospital ($20). *Id.*

5. The Clerk denied service fees for process service to Chanda Gibson ($60), Desiree Miller ($19.84), and Henry Ford Health System ($25). *Id.*

6. The service fees for process service as to Henry Ford Health System ($60) were not taxed. *Id.*

7. None of the court reporter fees ($4,247) were taxed "as the bill of costs fails to document how the corresponding deposition transcripts were used." *Id.*

8. Mileage costs for Jill Hood were denied because "page 2 fails to show the proper mileage calculations." *Id.*

9. All other witness fees were denied because the bill of costs did not document attendances at trial or deposition. *Id.*

10. All exemplification and copy fees ($726.50) were denied because of the absence of a court order authorizing recovery. *Id.*

11. Finally, the clerk denied delivery costs ($80), computerized research costs ($4,977.84), travel expenses ($98.52), and UPS costs ($52.01).

12. On August 17, 2016, this court entered an order denying Defendant's Renewed Motion for Judgment as a Matter of Law (*Exhibit C*).

13. On August 24, 2016, Plaintiff filed an amended bill of costs, adding additional documentation and explanation, notifying the Clerk that the Deposition of Natalie Reeser was (1) utilized in a post-judgment motion filed after the conclusion of trial, (2) necessarily obtained for use in the case under 28 U.S.C. §1920(2), and (3) used in various motions, including Plaintiff's Response to Defendant's Motion for Summary Judgment; the Deposition of Jill Hood was (1) used for impeachment purposes at trial, (2) necessarily obtained for use in the case under 28 U.S.C. §1920, and (3) used in various motions, including Plaintiff's Response to Defendant's Motion for Summary Judgment; the Deposition of Martha Wiseheart was (1) necessarily obtained for use in the case under 28 U.S.C. §1920 and (2) used in various motions, including Plaintiff's Response to Defendant's Motion for Summary Judgment; and the Deposition of Fiona Bork was (1) used for impeachment purposes at trial, (2) necessarily obtained for use in the case under 28 U.S.C. §1920, and (3) used in various motions, including Plaintiff's Response to Defendant's Motion for Summary Judgment (*Exhibit D*).

14. In addition, each of these transcripts was used by the court in denying Defendant's Motion for Summary judgment (*Exhibit E*). This alone can be a proper basis to award costs for the transcripts. See *Merrick v. N. Nat. Gas Co., Div. of Enron*

*Corp.*, 911 F.2d 426, 435 (10th Cir. 1990); *Brown v. Inter–Ocean Ins. Co.*, 438 F.Supp. 951, 955 (N.D.Ga.1977); *Fitchett v. Stroehmann Bakeries, Inc.*, No. CIV. A. 95-284, 1996 WL 47977, at *4 (E.D. Pa. Feb. 5, 1996) (attached as *Exhibit F*).

15.     Local Rule 54.1 states "A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the Court's web site."

16.     **However, the rule notes "[a] post-judgment motion that extends the time to appeal also extends the time to file a bill of costs under this rule until 28 days after the Court rules on the post-judgment motion."** *Miltimore Sales, Inc v International Rectifier, Inc*, **412 F3d 685 (6th Cir 2005) (emphasis added).**

17.     Parties have the ability to file an amended bill of costs and courts have allowed an amendment to occur more than five (5) months after the submission of the initial bill of costs, even outside of the time allowed by Local Rule. See *Ambat v. City & Cty. of San Francisco*, No. C 07-03622 SI, 2012 WL 2598278, at *4 (N.D. Cal. July 5, 2012) (attached as *Exhibit G*).

18.     In this case, Plaintiff filed the amended bill of costs within 7 days of the court entering an order denying Defendant's Renewed Motion for Judgment as a Matter of Law, a post-judgment motion that extended the time to appeal.

4

19. However, instead of reviewing the amended bill of costs, the clerk simply stated "[a]ccording to the Bill of Costs Handbook, 'after the taxation clerk has taxed costs, counsel for either side may, within seven days, file a motion to review the action by the taxation clerk and request review by the Court.' (Bill of Costs Handbook, Section I,B, page 1) Pursuant to the above, the taxation clerk will not re-tax costs" (*Exhibit H*).

20. The situation in this case is similar to the situation presented in City of *Sterling Heights v. United Nat'l. Ins. Co.*, No. 03-72773, 2008 WL 920135, at *3 (E.D. Mich. Apr. 3, 2008) (attached as *Exhibit I*). In that case, the plaintiffs filed "an amended bill of costs to add additional references and citations requested by the Clerk." Id. at *2 (emphasis added). In making its' ruling the court noted "The Bill of Costs Handbook, revised in November 2007, expressly provides on its cover that it is not to be cited as legal authority." Id. at *3. Accordingly, "reliance on the Handbook, as opposed to Fed.R.Civ.P. 54 or 28 U.S.C. § 1920, as the appropriate legal authority is misplaced." Id. Ultimately, the court decided that costs related to deposition transcripts used to oppose a motion in limine and for a motion for summary judgment were taxable. Id. at *5-6. The court added $9,119.06 to the taxable costs allowed by the Clerk. Id. at *6.

21. Therefore, Plaintiff brings this motion to review the clerk's taxation of the amended bill of costs, or, in the alternative, the bill of costs.

22. "Federal Rule of Civil Procedure 54(d) creates the presumption that the prevailing party shall be allowed to recover costs other than attorneys fees. FED. R. CIV. P. 54(d). To rebut the presumption under Rule 54(d), the objecting party must show that either the costs fall outside the statutory scope of 28 U.S.C. § 1920 or the amounts of the costs are unreasonable or unnecessary." *Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 WL 687097, at *1 (W.D. Tenn. Mar. 11, 2008) (citing *BDT Prods., Inc. v. Lexmark Int'l., Inc.*, 405 F.3d 415, 417 (6th Cir.2005)) (reversed on other grounds) (attached as *Exhibit J*).

23. "**Decisions of the clerk of court as to costs are reviewed *de novo* by the district court. The district court has broad discretion in allowing or disallowing items as costs.**" *Id.* (emphasis added).

24. With regard to service fees, Plaintiff supplied a cost breakdown of service costs on Doc #132 page id 4617 of the Bill of Costs, the billing entry of the service costs on Doc #132 page id 4621, and the summons and complaint return of service for the listed items on Doc #132 page id 4630-4635. These documents were also provided in the initial bill of costs.

25. With regard to deposition transcripts, Plaintiff has provided a breakdown of the use of transcripts on Doc. #132, page id 4616. Further, as stated above, the transcripts used were (1) necessarily obtained for use in the case under 28

U.S.C. §1920 and (2) utilized by the court in ruling on Defendant's Motion for Summary Judgment.

26. Plaintiff provides a proper mileage breakdown on page 2 of the Bill of Costs. There is no basis to deny these costs.

27. The Court is well aware of the witnesses' attendance at depositions and trial and should grant costs that were used to reimburse witness costs.

28. Plaintiff asks that the court enter an order authorizing the recovery of copy fees in this case, as the amount requested is reasonable.

Plaintiff sought concurrence, which was not obtained at the time of filing.

WHEREFORE, and for the above-stated reasons, Plaintiff requests that Plaintiff's Motion be granted and the costs requested awarded.

>Respectfully submitted,
>**MILLER COHEN, P.L.C.**
>By: /s/ Adam C. Graham
>   Richard G. Mack, Jr. (P58657)
>   Keith D. Flynn (P74192)
>   Adam C. Graham (P79361)
>   *Attorneys for Plaintiff*
>   600 W. Lafayette Blvd., 4th Fl.
>   Detroit, MI 48226
>   (313) 964-4454

Dated: August 26, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

          Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH

Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., Ste. 500 |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI 48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION**
**TO REVIEW THE ACTION OF THE TAXATION CLERK**

    Plaintiff's relies on her Motion to Review the Action of the Taxation Clerk.

    WHEREFORE, Plaintiff prays that the court grant her Motion to Review the Action of the Taxation Clerk.

                Respectfully submitted,
                **MILLER COHEN, P.L.C.**
                By: /s/ Adam C. Graham
                      Richard G. Mack, Jr. (P58657)
                      Keith D. Flynn (P74192)
                      Adam C. Graham (P79361)
                      *Attorneys for Plaintiff*
                      600 W. Lafayette Blvd., 4th Fl.
                      Detroit, MI 48226
Dated: August 26, 2015           (313) 964-4454

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

        Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Richard G. Mack, Jr. (P58657) | Terrance J. Miglio (P30541) |
| Keith D. Flynn (P74192) | Barbara E. Buchanan (P55084) |
| Adam C. Graham (P79361) | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 160 W. Fort St., Ste. 500 |
| 600 W. Lafayette Blvd., 4th Floor | Detroit, MI 48226 |
| Detroit, MI  48226-0840 | (313) 481-7300 |
| (313) 964-4454 | |

## CERTIFICATE OF SERVICE

I hereby certify that on *August 26, 2016,* I caused to be electronically filed the foregoing paper with the Court using the ECF system, which will send notification of such filing to ECF participants

        Respectfully submitted,
        **MILLER COHEN, P.L.C.**
        By: /s/ Adam C. Graham
            Adam C. Graham (P79361)
            *Attorneys for Plaintiff*
            600 W. Lafayette Blvd., 4th Fl.
            Detroit, MI 48226
            (313) 964-4454