# EXHIBIT F

1996 WL 47977
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Milton G. FITCHETT
v.
STROEHMANN BAKERIES, INC.

No. CIV. A. 95–284.
|
Feb. 5, 1996.

MEMORANDUM

PADOVA, J.

*1 Plaintiff, Milton Fitchett, appeals from the Clerk's Taxation of Costs following an unsuccessful civil rights suit he filed against his former employer, Defendant, Stroehmann Bakeries, Inc. ("Stroehmann"). For the following reasons, I will affirm in part and reverse in part the Clerk's Taxation of Costs.

I. *FACTS*

On January 17, 1995, Plaintiff filed suit against Defendant alleging racial discrimination and retaliatory discharge. On June 14, 1995 Defendant filed a motion for summary judgment which this Court granted. On October 2, 1995, Defendant filed a Bill of Costs requesting reimbursement for the following expenditures incurred procuring documents, transcribing depositions, and filing papers with the Court:

| | |
|---|---:|
| Edward Bajkowski Deposition | 136.50 |
| Barry Fields Deposition | 369.75 |
| Milton Fitchett (1) Deposition | 516.20 |
| Milton Fitchett (2) Deposition | 445.50 |
| Kathleen Gannitto Deposition | 139.20 |
| Kathleen Ryan Deposition | 356.70 |
| Sigmund Wisowaty Deposition | 493.00 |
| Videotape of Fitchett Deposition (1) | 370.00 |
| Videotape of Fitchett Deposition (2) | 200.00 |
| Summary Judgment Motion and Memoranda | 24.84 |
| Summary Judgment Appendix | 86.76 |
| Reply Memorandum | 7.92 |
| Supplemental Appendix | 12.60 |
| Pre-Trial Memorandum | 5.40 |
| Proposed Jury Instructions | 9.72 |
| Documents Produced by Defendant | 96.24 |
| Cab Travel to E. Bajkowski Deposition | 5.00 |
| Cab Travel to S. Wisowaty Deposition | 5.00 |
| Subpoena for Barry Fields | 40.00 |

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4953 Filed 08/26/16 Page 3 of 10

Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)

| | |
|---|---|
| Total | $3,320.23 |

*See* Def.'s Bill of Costs (Wall Aff.). The Clerk of the Court disallowed the expenses incurred in videotaping Milton Fitchett's Deposition and filing papers with the Court [1] and rejected Defendant's request for cab fare. The Clerk of the Court taxed the remaining costs.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) authorizes this Court to tax costs. "Except when express provision therefor is made either in a state of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). "Rule 54 creates a presumption that the prevailing party will receive costs." Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1242 (7th Cir.1985), *overruled on other grounds by* Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261 (7th Cir.1989) (citation omitted). The Court should award the prevailing party costs unless such a result would be "inequitable." Smith v. Southeastern Pennsylvania Trans. Auth., 47 F.3d 97, 99 (3d Cir.1995) (finding the court should deny costs as a penalty for some defection by the prevailing party, i.e. "calling unnecessary witnesses, bringing unnecessary issues or otherwise encumbering the record, or delaying in raising objection fatal to the plaintiff's case") (citations omitted).

While the district court enjoys the discretion to tax costs, it must explain its conclusions on the record. Pearlstine v. United States, 649 F.2d 194, 198–99 (3d Cir.1981). Such discretion, however, is not without limitation. The district court may not tax costs unless they are explicitly mentioned in 28 U.S.C.A. § 1920 (West 1994). Barber v. Ruth, 7 F.3d 636, 644 (7th Cir.1993); In Re Philadelphia Mortgage Trust, 930 F.2d 306, 307–310 (3d Cir.1991) (both cases relying on Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987)). Section 1920 delineates which costs the Court may tax:

*2 A judge or clerk of any court of the United States may tax as costs the following:

(a) fees of the clerk and marshal;

(b) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under section 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920 (West 1994).

## A. ECONOMIC ISSUES

Plaintiff first argues that the relative economic inequality between himself and Defendant, a corporation, makes taxing the costs associated with this litigation inequitable under the circumstances. The United States Court of Appeals for the Third Circuit has rejected this argument. *See* Smith, 47 F.3d at 99. Plaintiff cannot protest the taxation of costs solely on the basis that prevailing Defendant enjoys significantly greater wealth. In *Smith,* the district court reduced the costs taxed in favor of a corporate defendant against the plaintiff in a civil rights suit because of the disparity in the party's financial resources. The Court of Appeals reversed, finding the district court exceeded its equitable discretion; it rejected the "proposition that it is inequitable to tax costs in favor of a prevailing party with substantially greater wealth than the losing party.... If the losing party can afford to pay, the disparity in the parties' financial resources seems to us to be irrelevant." Smith, 47 F.3d at 99–100.

Similarly, Plaintiff contends his lack of financial resources should preclude the court from taxing costs. This argument must be rejected, however, because Plaintiff fails to substantiate his inability to pay. Plaintiff's appeal does not contain any submissions documenting his alleged indigence. While the court "has discretion to consider

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4954 Filed 08/26/16 Page 4 of 10

Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)

the losing party's inability to pay when reviewing the taxation of costs, the party asserting the lack of funds must demonstrate his indigence." *McGuigan v. CAE Link Corp.,* 155 F.R.D. 31, 34 (N.D.N.Y.1994) (citations omitted). "If the party cannot afford to pay, it is not automatically exempted from the taxation of costs." *Smith,* 47 F.3d at 100 (taxing costs where "the losing party in this case does not claim to be indigent and the record does not establish that she is unable to pay the full measure of costs"). *See Maldonado v. Parasole,* 66 F.R.D. 388, 390–391 (E.D.N.Y.1975) (rejecting losing indigent plaintiff's objections to the taxation of costs where "there [was] a failure to show any hardship created by the awarding of costs, other than that the plaintiff would rather not pay them").

*3 Plaintiff contends the Court should not tax the costs associated with this lawsuit because, in filing this action, Plaintiff merely pursued his rights, in good faith, to be free from racial discrimination. I disagree. The good faith pursuit of rights, alone, does not provide sufficient basis to avoid the taxation of costs. *See Hudson,* 758 F.2d at 1242 (requiring "the losing party [to] demonstrate more than his good faith conduct in the litigation" in order to rebut the presumption that the prevailing party will receive costs) (citation omitted); *Reagan v. Bankers Trust Co.,* 863 F.Supp. 1511, 1521 (D.Utah 1994) (stating "the mere fact that a party has litigated in good faith is not sufficient reason to absolve a party from imposition of costs") (citing *Martin v. Frontier Sav. and Loan Ass'n,* 510 F.Supp. 1062, 1069 (W.D.Okla.1981) and *Popeil Bros, Inc. v. Shick Elec., Inc.,* 516 F.2d 772, 776 (7th Cir.1975)); *McGuigan,* 155 F.R.D. at 34 (finding "a court cannot refuse to award costs simply because the losing party acted in good faith") (citing *Phillips v. Cameron Tool Corp.,* 131 F.R.D. 151, 153 (S.D.Ind.1990)); *Maldonado,* 66 F.R.D. at 390 (stating "good faith litigation does not absolve a party from imposition of costs").

B. *SPECIFIC OBJECTIONS*

Plaintiff objects to specific items taxed in the Bill of Costs submitted by Defendant. I will address each *seriatim.*

1. *DEPOSITION TRANSCRIPTS*

Plaintiff raises several objections to the taxation of certain costs associated with the depositions taken in this case. Section 1920(2) taxes "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C.A. § 1920(2). "The district court has discretion in determining whether or not a deposition was necessarily obtained within the meaning of the statute, and the court's determination depends upon a factual evaluation of the case by the district judge in terms of the case's progress in his court." *Jeffries v. Georgia Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga.1981), *cert. denied,* 459 U.S. 971, 103 S.Ct. 302 (1982) (citation omitted). *See Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993) (stating "[w]hether a deposition or copy was necessarily obtained for use in a case is a factual determination to be made by the district court; we accord great latitude to this determination"), *cert. denied,* 114 S.Ct. 1303 (1994).

Courts display little consistency in their definition of "necessarily obtained;" its true meaning has been the subject of considerable controversy. *Hudson,* 758 F.2d at 1243 (citations omitted). In light of this controversy, "several general principles may be distilled." *Barber,* 7 F.3d at 645. "First, transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Id.* Second, the party requesting the costs need not introduce the deposition at trial. Rather, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Id.* (citations omitted). *See Coats,* 5 F.3d at 891 (allowing costs if, when taken, "a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery") (citation omitted); *Jeffries,* 90 F.R.D. at 63 (stating "a deposition need not be used at trial to be considered necessarily obtained") (citation omitted). Third, the deposition must have been taken for more than just the convenience of the deposing attorney. *Hudson,* 758 F.2d at 1243. *See Barber,* 7 F.3d at 645 (stating "courts may not tax the costs of transcripts of depositions provided merely for the convenience of the requesting attorney").

*4 Depositions used in support of a motion for summary judgment are necessarily obtained for use in a case. "The fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case." *Hudson,* 758 F.2d at 1243 (citations omitted). In assessing a motion for summary judgment, the court conducts a "careful and thorough examination

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4955 Filed 08/26/16 Page 5 of 10

Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)

of the record to assure that no issues of fact remain that would make summary judgment inappropriate. Depositions are useful in performing that examination." *Jeffries,* 90 F.R.D. at 64 (taxing costs associated with taking depositions where the court relied on them in resolving a motion for summary judgment) (citation omitted). "The depositions cannot be said to have been obtained unnecessarily even if they were not strictly essential to the court's resolution of the case." *Id.* See *Merrick v. N. Natural Gas Co.,* 911 F.2d 426, 434 (10th Cir.1990) (taxing costs of depositions relied on by court in granting motion for summary judgment); *Felts v. Nat'l Account Sys. Ass'n, Inc.,* 83 F.R.D. 112, 113 (N.D.Miss.1979) (disallowing taxation of costs of depositions where they were not "obtained for use in presenting the court with the motion for summary judgment").

In the instant case, Defendant's Bill of Costs requests the Court to tax expenses incurred in taking the following depositions: Edward Bajkowski, Barry Fields, Milton Fitchett, Kathleen Gannitto, Kathleen Ryan, and Sigmund Wisowaty. This Court relied on these depositions in disposing of Defendant's Motion for Summary Judgment, making them more than "reasonably necessary" for use in this case. The Court depended, almost exclusively, on these depositions to ensure that no genuine issues of material fact existed. Specifically, the Court looked to the Wisowaty and Bajkowski depositions on the issues of discriminatory conduct, harassment, and retaliatory discharge. The Gannitto and Ryan depositions were equally important to the issue of retaliatory discharge. Finally, in alleging racial discrimination, harassment, and retaliatory discharge, Plaintiff's deposition was, more than any other, necessarily obtained for use in the case. *See Hudson,* 758 F.2d at 1244 (stating "we conceive of few, if any, situations in which a defendant's costs from taking a plaintiff's deposition in private suit between individual litigants would not be reasonably necessary for use in the case"). Accordingly, the costs associated with the Wisowaty, Bajkowski, Gannitto, Ryan, and Fitchett depositions will be taxed.

The deposition of Barry Fields presents a different situation. Defendant attached two pages to the Motion for Summary Judgment from Fields' deposition. The information contained therein, however, was completely irrelevant to the disposition of the Motion and without effect on the Court's decision. Thus, I will disallow the costs associated with the Fields deposition. *See Merrick,* 911 F.2d at 435 (taxing the "costs of deposing three key players whose depositions ... were the only ones actually utilized by the court in considering ... the motion for summary judgment"); *Brown v. Inter–Ocean Ins. Co.,* 438 F.Supp. 951, 955 (N.D.Ga.1977) (taxing costs where "the court relied heavily on the depositions in reaching its decisions and therefore [such] depositions were necessarily obtained").

### 2. EXPEDITED TRANSCRIPTS

**\*5** Plaintiff also objects to the taxation of the deposition transcripts by arguing that Defendant unnecessarily received them on an expedited basis. According to Plaintiff, this resulted in Defendant paying a premium price for the transcripts.[2] The exigencies and deadlines which inevitably arise in litigation may justify the extra cost associated with a rushed delivery of a deposition transcript. Taxing such costs is appropriate, unless they are incurred for no other reason than the convenience of the attorneys. The case of *Fogleman v. Aramco,* 920 F.2d 278 (5th Cir.1991), supports this proposition. There, the Court noted that the extra cost of obtaining a trial transcript on an expedited basis was not taxable "unless prior court approval of the expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Id.* at 286. The Court applied the same reasoning to a deposition transcript obtained on an expedited basis and disallowed the costs associated therewith because the deposing party had two years to take the deposition. The Court concluded the transcript was obtained on an expedited basis solely for the convenience of the attorneys.

In the instant case, the Rule 16 Scheduling Order listed the discovery deadline as May 31, 1995. The deadline for dispositive motions fell on June 14, 1995, only two weeks after the discovery deadline. Because Defendant had two weeks in which to prepare a motion for summary judgment, it was reasonable to expedite delivery of the deposition transcripts. Such expedition was not solely for Defendant's convenience. *See Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363 (5th Cir.1983) (disallowing the taxation of the costs of daily transcripts (at daily copy rates) where the additional expense was merely for defendants' convenience); *McGuigan,* 155 F.R.D. at 35 (taxing costs in light of expedited delivery

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4956 Filed 08/26/16 Page 6 of 10

Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)

where "the depositions in question were taken within a week of a scheduled trial date, and so quick delivery was necessary").

### 3. COPYING COSTS

Plaintiff also objects to taxing the costs of copies of deposition transcripts obtained in addition to the originals. Plaintiff fails to specify, however, which deposition transcripts were duplicated. Furthermore, the Bill of Costs does not list copy charges for deposition transcripts. The Bill of Costs does list expenses incurred for "Documents Produced by Defendant" and printing three copies of the Appendix and Supplemental Appendix attached to Defendant's Motion for Summary Judgment. The Appendix contained selective portions of deposition transcripts.

The Court may tax the costs associated with obtaining copies of documents. Section 1920(4) specifically authorizes the court to tax copies necessarily obtained for use in the case. "A deposition copy obtained for use during the trial or for trial preparation, rather than mere convenience of counsel, may be included in taxable costs." *Coats,* 5 F.3d at 891 (citation omitted). *See Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994) (finding "before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation") (citation omitted); *Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990) (taxing the cost of 160,000 papers obtained by Haagen–Dazs for use in its successful motion for summary judgment even though they were not introduced into evidence, not made a part of the record, and not introduced at trial). I have already determined that the deposition transcripts were necessarily obtained for use in this case because the Court relied on them in deciding Defendant's Motion for Summary Judgment. Considering the importance of the depositions and § 1920(4)'s specific authorization to tax copy costs, the copies of depositions procured by Defendant shall be taxed to Plaintiff.

*6 Similarly, costs associated with the Motion's appendices are taxable. The appendices were "exhibits" in support of the Motion. Costs incurred compiling exhibits in support of a motion for summary judgment are generally taxable.[3] In *Haroco v. American Nat'l Bank & Trust of Chicago,* 38 F.3d 1429, 1441 (7th Cir.1994), the United States Court of Appeals for the Seventh Circuit taxed the costs associated with "preparation, copying, and collating of an exhibit to the bank's motion for summary judgment" because these fees "fall squarely within the language of [§ 1920(4) taxing fees for papers necessarily obtained for use in the case]." *See Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976) (taxing costs of copies presented to the court on its order as well as exhibits and documents prepared for consideration of a summary judgment motion because they were necessarily obtained for use in the case); *Olga's Kitchen of Hayward, Inc. v. PAPO,* 108 F.R.D. 695, 712 (E.D.Mich.1985) (taxing duplication of exhibits "even where there is no detailed description of how each document copy was used; several courts have accepted the movant's attorney's certification of the copies as necessary to the case as sufficient to permit taxation"). Defendant's attorney has certified under penalty of perjury that he has provided an accurate description of the costs.[4] Accordingly, the costs incurred in copying the Appendix, Supplemental Appendix, and "Documents" should be taxed.

### 4. VIDEOTAPED DEPOSITIONS

Plaintiff objects to the taxing of costs associated with videotaping of his deposition. The Bill of Costs also requests reimbursement for expenses incurred in preparing a transcript of Plaintiff's deposition in conjunction with the videotape. The taxing of videotaped depositions presents a heavily litigated issue, and courts have generally taken three different approaches.

Under the first approach, courts refuse to tax costs associated with videotaping depositions because § 1920 does not specifically authorize courts to tax this expense. *See Coats,* 5 F.3d at 891. Under an alternative method, courts tax both the videotaping and transcription costs. *See Meredith v. Schreiner Trans., Inc.,* 814 F.Supp. 1004, 1006 (D.Kan.1993) (reasoning that if there is a legitimate reason for obtaining both copies, i.e. they are necessarily obtained for use in the case, then costs associated with both should be taxed).

The third alternative compels the Court to make a choice; it can tax either costs associated with the videotaping or costs incurred in preparing a transcript. *Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990). *See Barber,* 7 F.3d at 645 (interpreting Rule 30(b)(4) as authorizing the videotaping of depositions in

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4957 Filed 08/26/16 Page 7 of 10

Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)

lieu of their stenographic transcription); *Weseloch–Hurtig v. Hepker,* 152 F.R.D. 198, 200–201 (D.Kan.1993) (noting that while may courts allow taxing of costs for videotaping depositions, they do not necessarily allow the cost of transcribing the depositions). A decision in this Circuit has taken this approach. *See Macario v. Pratt & Whitney Canada, Inc.,* No. Civ. 90–3906, 1995 WL 649160, at *2 & n. 1 (Nov. 1, 1995 E.D. Pa.) (reasoning that because a videotaped deposition procured to be introduced at trial was necessary to the case, the transcript of the deposition was obtained merely for the convenience of counsel) (citing *Barber,* 7 F.3d at 645; *Sack v. Carnegie Mellon Univ.,* 106 F.R.D. 561, 564 (W.D.Pa.1985)).

*7 I adopt the approach articulated in *Macario* because it comports with a recent amendment to Fed.R.Civ.P. 30(b)(4). The old Rule 30(b)(4) stated: "the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means." *Milwaukee Concrete Studios v. Greeley Ornamental Concrete Prods., Inc.,* 140 F.R.D. 373, 380 (E.D.Wis.1991) (citing 1991 version of Fed.R.Civ.P. 30(b)(4)). The new language in Rule 30(b)(4) states: "if the deposition is recorded other than stenographically;" parties no longer need to obtain leave of court. They may videotape depositions at their own discretion. The Advisory Committee Notes accompanying the 1993 Amendment explain the change:

> The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by non-stenographic means without first having to obtain permission of the court or agreement from other counsel.... New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56. Objections to the non-stenographic recording of a deposition, when warranted by the circumstances, can be presented to the Court under Rule 26(c).

Notes of Advisory Committee on Rules, 1993 Amendment. The new Federal Rule leaves the parties the option of videotaping a deposition. The rule does require a transcript of the videotaped deposition if it is offered, as it was in the instant case, in conjunction with a dispositive motion. Nonetheless, the rule only imposes this requirement after the party has chosen, on its own accord and at its own discretion, to videotape the deposition. This Court's Rule 16 Scheduling Order provides attorneys with the same option. In the instant case, the Order stated:

> 12. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of *any witness* whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness *will not be ground to delay* the commencement of progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file, with the Court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

The Order expects the use of oral *or* video depositions and provides counsel with the option of employing either method. If attorneys choose to pursue this approach on their own initiative—for example, as a trial tactic—they should bear the costs associated with this decision.[5]

### 5. *CAB FARE*

*8 Defendant cannot tax Plaintiff for travel expenses, specifically cab fare, associated with the Wisowaty and

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4958 Filed 08/26/16 Page 8 of 10

*Fitchett v. Stroehmann Bakeries, Inc.*, Not Reported in F.Supp. (1996)

Bajkowski depositions. *See Meredith,* 814 F.Supp. at 1006 (citations omitted) (finding "counsel's travel and lodging expenses associated with the taking of depositions and during trial are disallowed because they are not authorized by statute"); *DiCecco v. Dillard House, Inc.,* 149 F.R.D. 239, 240 (N.D.Ga.1993) (citations omitted) (noting "travel expenses ... incurred in connection with taking ... depositions .... are not taxed as a cost .... [in the absence of] extraordinary and compelling circumstances").

### 6. *COURT DOCUMENTS*

This Court cannot tax Plaintiff for costs Defendant experienced in copying and preparing court papers. As in *Levin v. Parkhouse,* 484 F.Supp. 1091, 1096 (E.D.Pa.1980), these expenses refer to "copying expenses accumulated in the course of pursuing legal research and of furnishing multiple copies of court papers. It does not appear to refer to fees for copies of papers necessarily obtained for use in the case .... [it is] essentially a cost of doing business." Accordingly, the costs associated with the Summary Judgment Motion and Memorandum, Reply Memorandum, Pre–Trial Memorandum, and Proposed Jury Instructions should not be taxed.

### 7. *SUBPOENA FEE*

Defendant requested the Court tax Plaintiff for costs incurred in serving a subpoena on Barry Fields. The United States Circuit Courts of Appeals are divided over the issue of whether § 1920(1) empowers courts to tax the cost of special process servers. "The Eighth Circuit has ruled that a prevailing party cannot recover the costs of hiring a special process server because § 1920 contains no provision for such expenses." *Griffith v. Mt. Carmel Medical Ctr.,* 157 F.R.D. 499, 507 (D.Kan.1994) (citation omitted). The United States Court of Appeals for the Ninth Circuit has "rejected the Eighth Circuit's ruling ... reasoning that because Federal Rule of Civil Procedure 4(c) expressly contemplates private parties being employed as process serves ... [and] Congress exhibited an intent to generally make service of process taxable under § 1920(1)," the courts should tax the cost of private process servers. *Id.* (finding a bulk of lower court authorities favored this analysis and noting an increase in the substitution of private process servers for U.S. Marshals in recent years). *See McGuigan,* 155 F.R.D. at 35 (finding "[t]he costs of private process servers are generally recoverable under 28 U.S.C. § 1920(1)") (citation omitted). I agree with the analysis in *Griffith* and adopt this approach. Accordingly, the subpoena fee should be taxed to Plaintiff. However, the costs should only be taxed to the extent that they do not exceed the fee that would have been incurred had the Marshals served the subpoena. *See Griffith,* 157 F.R.D. at 508.[6]

### III. *CONCLUSION*

The following is a revised list of the costs to be taxed and disallowed:

| | |
|---|---:|
| Edward Bajkowski | 136.50 |
| Barry Fields | 369.75 |
| Milton Fitchett (1) | 516.20 |
| Milton Fitchett (2) | 445.50 |
| Kathleen Gannitto | 139.20 |
| Kathleen Ryan | 356.70 |
| Sigmund Wisowaty | 493.00 |
| Videotape of Fitchett Deposition (1) | 370.00 |
| Videotape of Fitchett Deposition (2) | 200.00 |
| Summary Judgment Motion and Memoranda | 24.84 |
| Summary Judgment Appendix | 86.76 |

| | |
|---|---:|
| Reply Memorandum | 7.92 |
| Supplemental Appendix | 12.60 |
| Pre-Trial Memorandum | 5.40 |
| Proposed Jury Instructions | 9.72 |
| Documents Produced by Defendant | 96.24 |
| Cab Travel to E. Bajkowski Deposition | 5.00 |
| Cab Travel to S. Wisowaty Deposition | 5.00 |
| Subpoena for Barry Fields | 40.00 |
| Total | $2322.70 |

*9 An appropriate Order follows.

### ORDER

AND NOW, this 1st day of February, 1996, upon consideration of Defendant's Bill of Costs (Doc. No. 21), Plaintiff's objections thereto (Doc. No. 22), the Clerk's Taxation of Costs and Judgment Order (Doc. Nos. 23 & 24), Plaintiff's Appeal From Clerk's Taxation of Costs (Doc. No. 25), and Defendant's response thereto (Doc. No. 26), IT IS HEREBY ORDERED THAT:

1. The Clerk's Taxation of Costs is AFFIRMED IN PART and REVERSED IN PART in accordance with the accompanying Memorandum.

2. JUDGMENT is ENTERED for Defendant, Stroehmann Bakeries against Plaintiff, Milton G. Fitchett for $2,322.70.

**All Citations**

Not Reported in F.Supp., 1996 WL 47977

Footnotes

1 Specifically, the Clerk refused to tax costs associated with the Summary Judgment Motion and Memoranda, Summary Judgment Appendix, Reply Memorandum, Supplemental Appendix, Pre-trial Memorandum, and Proposed Jury Instructions. The Clerk did tax costs associated with "Documents Produced by Defendant."

2 Neither Plaintiff nor Defendant indicates which transcripts were received on an expedited basis. I will assume Defendant received all transcripts on an expedited basis because the appeal objects to the "taxation of costs of deposition transcripts which included additional costs for expedited copies." See Pl.'s Appeal From Clerk's Taxation of Costs.

3 To the extent the appendices contained copies of deposition transcripts, those copies are also taxable as exhibits.

4 Considering both Defendant's attorney's certification that the documents requested in the Bill of Costs were necessarily incurred in the case and the language of § 1920(4) authorizing the Court to tax copying costs, the expenses incurred for "Documents Produced by Defendant" shall be taxed. Alternatively, they could be taxed as exhibits accompanying the Motion for Summary Judgment.

5 I note Garonzik v. Whitman Diner, No. 93–1840, 1995 WL 784944, (Dec. 18, 1995 D. N.J.) which confronted the same issue and reached a different result.

Case 2:14-cv-11916-GCS-SDD ECF No. 134-8, PageID.4960 Filed 08/26/16 Page 10 of 10

**Fitchett v. Stroehmann Bakeries, Inc., Not Reported in F.Supp. (1996)**

| | |
|---|---|
| | There, the Court read the Advisory Committee Notes accompanying the new version of Rule 30(b)(4) as imposing an obligation on the parties to provide a transcript. The Court concluded that "under the revised rules, it is clear that a transcript of a video deposition is not 'for the convenience of counsel,' but rather is an express obligation." *Id.* at *4. Accordingly, the Court taxed both videotaping and transcription costs. My Rule 16 Scheduling Order, however, compels a different conclusion. The Order does not require the attorneys to videotape the deposition—they do so at their own election, incurring the economic consequences of that determination. |
| 6 | As of February 1, 1996, the fee for employing a United States Marshall to serve process is $40.00 plus milage for the first two hours and $20.00 per hour for every hour thereafter until process is served. |

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.