# EXHIBIT J

BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415 (2005)
61 Fed.R.Serv.3d 501, 2005 Fed.App. 0185P

---



KeyCite Red Flag - Severe Negative Treatment

Abrogated by  Taniguchi v. Kan Pacific Saipan, Ltd.,  U.S.,  May 21, 2012

405 F.3d 415
United States Court of Appeals,
Sixth Circuit.

BDT PRODUCTS, INC.; Buro–Datentechnik
GMBH & Company KG, Plaintiffs–Appellants,

v.

LEXMARK INTERNATIONAL,
INC., Defendant–Appellee.

No. 03–6587.
|
Submitted: Dec. 9, 2004.
|
Decided and Filed: April 20, 2005.

**Synopsis**
**Background:** Consultant sued printer manufacturer for misappropriation of trade secrets and breach of implied-in-fact contract. The United States District Court for the Eastern District of Kentucky, Joseph M. Hood, J., 274 F.Supp.2d 880,granted summary judgment for manufacturer, affirmed, 124 Fed.Appx. 329. The District Court granted manufacturer's bill of costs seeking approximately $350,000, and consultant appealed taxing of costs in several categories.

**Holdings:** The Court of Appeals, Gibbons, Circuit Judge, held that:

[1] consultant was not unduly prejudiced by fact that District Court chose to bypass clerk and tax costs itself, without giving formal notice that it would do so or reasons for doing so, and

[2] District Court did not abuse its discretion by taxing costs of translations, videotaped depositions, and electronic scanning and imaging.

Affirmed.

Rogers, Circuit Judge, filed dissenting opinion.

West Headnotes (5)

[1] **Federal Courts**
 Costs and attorney fees

On appeal from award of costs, if statutory authority exists for particular item to be taxed as cost, Court of Appeals reviews for clear abuse of discretion district court's determination that cost is reasonable and necessary. 28 U.S.C.A. § 1920; Fed.Rules Civ.Proc.Rule 54(d), 28 U.S.C.A.

20 Cases that cite this headnote

[2] **Federal Courts**
 Costs and attorney fees

Party against whom costs were taxed was not unduly prejudiced by fact that district court chose to bypass clerk and tax costs itself, without giving formal notice that it would do so or reasons for doing so; court possessed inherent statutory authority to act on motions for costs prior to any action by clerk, and, to extent that party was deprived of opportunity to state its objections to specific items more completely, it had opportunity to do so on appeal. 28 U.S.C.A. § 1920; Fed.Rules Civ.Proc.Rule 54(d), 28 U.S.C.A.

35 Cases that cite this headnote

[3] **Federal Civil Procedure**
 Particular items

Federal district court did not abuse its discretion by taxing prevailing party's translation costs; such costs fit within statutory authorization for "interpreters." 28 U.S.C.A. § 1920(6).

48 Cases that cite this headnote

[4] **Federal Civil Procedure**
 Depositions

Federal district court did not abuse its discretion by taxing videotaped deposition

61 Fed.R.Serv.3d 501, 2005 Fed.App. 0185P

expenses, without prevailing party's having shown necessity for use, as opposed to taxing only expenses of deposition transcripts; taxing of costs was not restricted to transcripts only under governing statute, and party being taxed had burden of showing that taxing of costs was improper in given instance. 28 U.S.C.A. § 1920.

55 Cases that cite this headnote

**[5]    Federal Civil Procedure**
        Stenographic costs

Federal district court did not abuse its discretion by taxing prevailing party's costs of electronic scanning and imaging, since those activities could be interpreted as "exemplification and copies of papers" under authorizing statute. 28 U.S.C.A. § 1920(4); Fed.Rules Civ.Proc.Rule 54(d), 28 U.S.C.A.

41 Cases that cite this headnote

**Attorneys and Law Firms**

**\*416  ON BRIEF:** Matthew V. Herron, Meisenheimer, Herron & Steele, San Diego, California, for Appellants. Charles E. Shivel, Jr., William L. Montague, Jr., John B. Park, Stoll, Keenon & Park, Lexington, Kentucky, for Appellee.

Before: MERRITT, GIBBONS, and ROGERS, Circuit Judges.

**OPINION**

GIBBONS, Circuit Judge.

The district court granted Lexmark's motions for summary judgment in the underlying litigation and entered judgment in favor of Lexmark on September 2, 2003.[1] On October 2, 2003, Lexmark submitted its bill of costs seeking $348,303.41. BDT filed objections to Lexmark's bill of costs on October 16, 2003. The district court rejected BDT's objections and ordered the clerk to tax the costs as laid out in Lexmark's bill of costs, which the clerk did on November 7, 2003. BDT now appeals that

order of the district court. For the reasons set forth below, we affirm the decision of the district court.

**I.**

Lexmark, as the prevailing party in the underlying litigation, filed a bill of costs other than attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(1).[2] Lexmark provided two attorney declarations along with a spreadsheet with the claimed costs and underlying invoices. Lexmark also provided a spreadsheet listing the vendor for each charge, billing information, comments, and the amount for each charge. The district court taxed the costs itself, thus bypassing the taxing of costs by the clerk.

BDT objected to three categories of charges: translating expenses, charges related to videotaped depositions, and copying and scanning costs. BDT argued that Lexmark did not indicate which documents were translated, why those documents were translated, or how the documents were used in the case. BDT also argued that Lexmark made no attempt to separate charges for depositions actually used in the defense of the case or to identify which documents were copied and used. **\*417**  The district court ordered the clerk to tax the full $348,303.41 requested in Lexmark's bill of costs.

**II.**

**[1]**    Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). When reviewing an award of costs on appeal, this court must first "determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Baker v. First Tenn. Bank Nat'l Ass'n,* 142 F.3d 431, 431 (6th Cir.1998)(citing *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 642 (7th Cir.1991)). "As long as statutory authority exists for a particular item to be taxed as a cost, we [do] not overturn a district court's determination that the cost is reasonable and necessary, absent a clear abuse of discretion." *Id.*

## A.

Rule 54(d) of the Federal Rules of Civil Procedure establishes that the prevailing party shall be allowed to recover its costs unless the court directs otherwise. [3] Costs that may be taxed are specified in 28 U.S.C. § 1920. [4] The usual procedure is for the clerk to fix the costs, after which a motion may be made for judicial review of the clerk's decision. The motion must be served within five days after the clerk has taxed the costs. Fed.R.Civ.P. 54(d)(1). "The function of the court in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 3d § 2679 (1998). "However, several courts have rejected that suggestion either implicitly or explicitly and have acted on motions relating to costs prior to any action by the clerk." *Nelson v. Darragh Co.,* 120 F.R.D. 517, 518 (W.D.Ark.1988) (holding that the trial court may act before the clerk taxes costs). One rationale for court action prior to a determination by the clerk is that the language of Rule 54—"may be taxed by the clerk"—is permissive rather than mandatory. Fed.R.Civ.P. 54(d)(1). *See Deering, Milliken & Co. v. Temp–Resisto Corp.,* 169 F.Supp. 453, 456 (S.D.N.Y.1959); *Nelson,* 120 F.R.D. at 518.

**\*418** **[2]** In the present case, BDT argues that it was not given the one-day notice that the costs were to be taxed or the opportunity to present its objections to the court because the court bypassed the clerk and taxed the costs itself. The district court did not explicitly state its reasons for bypassing the clerk, but rather stated that "[b]eing sufficiently advised, the Court shall now take up this matter." In its reply brief, BDT urges the court to "hold that the district court must advise the parties of its intention to depart from the procedure outlined by Rule 54(d) and give the parties a reasonable time to present their arguments to the court before the taxation of costs." BDT is essentially arguing that "the ground rules should be clear before the district court decides to bypass the clerk."

BDT alleges that it suffered prejudice as a result of the costs being taxed by the district court as opposed to the clerk because there was no opportunity to state the bases for its objections. [5] Specifically, BDT claims that it "only

filed its [o]bjections as a courtesy to the clerk to identify the items in dispute; the [o]bjections were not intended as a legal brief on why the items should not be taxed." It also claims that it did not receive one day's notice before the taxation nor the opportunity to contest the action.

Lexmark argues that BDT was given notice when Lexmark served its bill of costs to BDT on October 2, 2003. Lexmark's position is that the clerk was authorized to tax costs anytime after October 6, 2003. *See United States v. Carson,* 52 F.3d 1173, 1190 (2d Cir.1995) (noting that per Rule 6(e), service of bill of costs by mail adds three days to the one-day notice required by Rule 54(d)). BDT did not file objections to Lexmark's bill of costs until October 16, 2003. Lexmark filed its response to BDT's objections on October 31, 2003. BDT did not object or reply to Lexmark's response. The district court's memorandum opinion and order was filed and the costs were taxed by the clerk on November 7, 2003.

Lexmark further argues that "the fact that the district court and not the clerk addressed the issue of taxation of costs in the first instance is of no consequence," because taxation of costs by the clerk is subject to *de novo* review by the district court. *See Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) (holding that on review of the clerk's taxation of costs, "it was [the district judge]'s responsibility to decide the cost question himself"). Lexmark also argues that the language of Rule 54 is permissive and that 28 U.S.C. § 1920 expressly provides that either a "judge or clerk" may tax costs. Lexmark urges the court to hold that "Rule 54(d) ... does not operate to divest the district court of its statutory and inherent authority to award costs without action by the clerk."

BDT is correct in its assertion that there is no controlling case authority on this issue. We adopt the reasoning of *Nelson* and *Deering, Milliken* and hold that the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk based on the permissive language of Rule 54, the **\*419** language of § 1920, and the fact that any decision by the clerk would have been subject to *de novo* review by the district court.

## B.

The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920. The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs. *See Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.1977). The Supreme Court has held that "federal courts are bound by the limitations set out in ... § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). *See also Trepel v. Roadway Express, Inc.,* 266 F.3d 418, 427 (6th Cir.2001). However, "[i]t is generally recognized that courts may interpret the meaning of items listed in ... § 1920." Kurtis Kemper, Annotation, *Taxation of costs associated with videotaped depositions under 28 U.S.C.A. § 1920 and Rule 54(d) of Federal Rules of Civil Procedure,* 156 A.L.R. Fed. 311 (2004).

BDT argues that the district court abused its discretion by taxing as costs items not authorized by § 1920. BDT specifically takes issue with translation costs, deposition expenses, and copying charges claimed by Lexmark.

 [3]    BDT acknowledges that § 1920(6) permits taxation of costs for interpreters but argues that translating costs are not taxable under § 1920 because they are not listed in the statute. Because courts may interpret the meaning of items listed in § 1920, costs related to translation fit under the statute. The definition of interpret expressly includes to "translate into intelligible or familiar language." Webster's Third New International Dictionary 1182 (1981). There is also case law holding that translation costs are taxable under § 1920. *See Oetiker v. Jurid Werke, GmbH,* 104 F.R.D. 389, 393 (D.D.C.1982) (holding that the court does have the power to tax costs of translation of foreign documents as long as they were necessary for proper determination of issues presented and of material aid to the court in resolving disputed issues of fact); *Quy v. Air Am., Inc.,* 667 F.2d 1059, 1065–66 (D.C.Cir.1981) (finding that translation services fall within the meaning of "interpreters"). The district court did not abuse its discretion in taxing costs for translation.

 [4]    BDT next argues that the district court abused its discretion in taxing all of the deposition expenses without any showing of necessity for use in the case. BDT also takes issue with the district court's taxing of charges beyond just the transcripts of the video depositions, including charges for video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts.

Section 1920(2) provides for the taxation of fees of the "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Though the district court did not address the necessity requirement in the deposition context, it did address necessity with regard to copying costs and stated that BDT has "not offered any explanation of how these documents fall outside of the broad reach of necessity contemplated by § 1920(2) nor is the court convinced that the amount claimed is unreasonable." BDT argues that Lexmark's statements that the listed costs were "actually and necessarily performed" does not explain "why a particular deposition was taken, why the testimony was necessary, or why it was reasonably anticipated that the deposition would be used." BDT does not **\*420** address which depositions fall outside the reach of necessity.[6] "[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 3d § 2679 (1998). The district court did not abuse its discretion in taxing the deposition expenses.

The district court cited *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471 (10th Cir.1997), for the proposition that videotape depositions are taxable under § 1920. *Tilton* held that it was proper to tax both the cost of videotaping and transcribing a deposition. 115 F.3d at 1477. Therefore, the costs beyond transcription are taxable under the rationale of *Tilton,* and the district court is affirmed.

 [5]    Section 1920(4) allows for recovery of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." BDT alleges that the district court "taxed all of the costs requested even though the record is devoid of evidence that the copies were necessary for 'use' in the case" and "improperly placed the burden on BDT when it should have disallowed the copy expenses because Lexmark did not provide the information on which the court could apply section 1920(4)." BDT also argues that costs related to electronic scanning and imaging of documents should not have been taxed because recovery of those costs is not authorized by § 1920. The district court stated that "[t]he declarations accompanying [d]efendant's bill of costs establish that these costs 'were necessarily incurred in this case.' " Furthermore, electronic scanning and imaging could be interpreted as "exemplification and copies of papers."

**BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415 (2005)**

61 Fed.R.Serv.3d 501, 2005 Fed.App. 0185P

There was no abuse of discretion in taxing the copying costs; therefore, we affirm the district court.

As a final note the district court stated,

> Bearing in mind the voluminous record created, the number of witnesses necessarily deposed in this matter, the length of time that this matter was pending before this Court, and this Court's review of the supporting documents, it is the opinion of the Court that the costs submitted as taxable are hardly unreasonable.

This statement, along with the fact that the costs BDT objects to are covered by § 1920, demonstrates that the district court was within its broad discretion in taxing costs. *See Wilkerson v. Johnson,* 699 F.2d 325, 330 (6th Cir.1983).

### III.

For the foregoing reasons, the judgment of the district court is affirmed.

ROGERS, Circuit Judge, dissenting.

I respectfully dissent. Making preliminary broad objections to the court award of costs should not preclude the opportunity to object to a clerk's proposed bill of costs, unless court procedures make clear that litigants will forfeit their procedural rights in that way.

It is true that the district court has discretion to award costs without action by the clerk, as the cases cited by the majority hold. But where exercise of that power effectively eliminates the chance to make a detailed objection to each element of the bill of costs, exercise of the power may amount to an abuse of discretion. The cases cited by the majority are not to the contrary. In *Deering, Milliken & Co. v. Temp–Resisto Corp.,* there was no question **\*421** as to the correctness of the items or the amounts in the bill of costs sought to be taxed, and accordingly, the decision to bypass the clerk did not result in a loss of the opportunity to object to specific items. 169 F.Supp. 453, 454 (S.D.N.Y.1959). In *Nelson v. Darragh Co.,* the district court denied a motion to quash a bill of costs, but the order reflects only that the court ordered the submission of an amended bill of costs. 120 F.R.D. 517, 520 (W.D.Ark.1988). The cases cited in *Nelson* also do not appear to have involved a contention that the district court's action bypassed the ability of the taxed party to object to elements of the bill of costs. *E.g., Syracuse Broadcasting Corp. v. Newhouse,* 32 F.R.D. 29, 29 (N.D.N.Y.1963), *aff'd,* 319 F.2d 683 (2d Cir.1963) (parties agreed to bypass clerk).

The costs assessed in this case were very large, and in some categories they appear greater than warranted. While I agree that we should generally defer to the exercise of discretion by the district court, doing so would sit much more comfortably if the taxed party had clearly been given the chance to object as provided for in Fed.R.Civ.P. 54(d).

**All Citations**

405 F.3d 415, 61 Fed.R.Serv.3d 501, 2005 Fed.App. 0185P

### Footnotes

1 The judgment is the subject of the appeal in case number 03–6293.

2 According to appellee's brief, Lexmark also filed a motion asking the district court to award reasonable attorneys' fees and nontaxable costs pursuant to Federal Rule of Civil Procedure 54(d)(2). The district court stayed the motion pending the outcome of BDT's appeal of the underlying judgment.

3 Fed.R.Civ.P. 54(d)(1) states:

> Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one

BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415 (2005)

61 Fed.R.Serv.3d 501, 2005 Fed.App. 0185P

4

day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

28 U.S.C. § 1920 states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

5

BDT argues, and the dissent agrees, that it was never given an opportunity to fully articulate its objections to the assessment of costs. If indeed BDT was deprived of the opportunity to state its objections more completely in the district court, it has now had the full opportunity to brief and argue all objections on appeal. Yet, BDT has failed to present any persuasive argument that the district court was incorrect in its conclusions or abused its discretion. Given this failure, any additional opportunity to present objections in the district court would have been futile.

6

BDT's omission of any precise objection to particular depositions in its effort to convince this court that the district court abused its discretion strongly suggests that BDT would have added nothing to its objections in the district court if it had been given another opportunity to object.

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2016 Thomson Reuters. No claim to original U.S. Government Works.