# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

    Plaintiff,

v

**HENRY FORD HEALTH SYSTEM d/b/a HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

---

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Adam C. Graham (P79361)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226-0840
(313) 964-4454
kflynn@millercohen.com

**VARNUM LLP**
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
*Attorneys for Defendant*
160 W. Fort, 5th Floor
Detroit, MI  48226
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

---

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW THE ACTION OF THE TAXATION CLERK

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUES PRESENTED .............................................................. iv

    I.    INTRODUCTION ................................................................................ 1

    II.    PROCEDURAL BACKGROUND ...................................................... 1

    III.    ARGUMENT ....................................................................................... 2

        A.    The Taxation Clerk Properly Taxed Plaintiff's First Bill Of Costs And Properly Declined to Re-Tax Costs ...................... 2

        B.    Even If This Court Allows Plaintiff's Amended Bill Of Costs To Be Re-Taxed, The Amount Of Costs Sought Should Be Substantially Reduced ............................................... 5

            1.    Plaintiff's Private Process Server Fees Are Not Taxable ................................................................................ 5

            2.    Plaintiff Failed To Provide Support For Numerous Witness Fees .................................................................... 6

            3.    Plaintiff Cannot Recover Costs For Computerized Research ............................................................................ 6

            4.    Plaintiff Did Not Obtain An Order To Recover Costs For Copies/Document Production And Therefore Such Costs Must Be Denied. ........................ 7

            5.    Plaintiff Cannot Recover Postage Fees and Delivery Costs Without Necessary Support .................... 7

    IV.    CONCLUSION .................................................................................... 8

# **INDEX OF AUTHORITIES**

## **Cases**

*Ambat v City & Cty. Of San Francisco*, No. C 07-03622 SI, 2012 WL
    2598278 (N.D. Cal. July 5, 2012)..................................................................3

*City of Sterling Heights v. United Nat'l Ins. Co.,* No. 03-72773, 2008 WL
    920135 (E.D. Mich. Apr. 3, 2008) ............................................................1, 3

*Cofield v. Crumpler*, 179 F.R.D. 510 (E.D. Va. 1998)...............................................5

*Contract Design Grp., Inc. v. Wayne State Univ.*, 2014 WL 3891675
    (E.D. Mich. Aug. 7, 2014)...........................................................................4

*Crues v. KFC Cor*p., 768 F.2d 230 (8th Cir. 1985)...................................................6

*Feldman v. Olin Corp.,* No. CIV. 09-168-GPM, 2011 WL 711054
    (S.D. Ill. Feb. 22, 2011)...............................................................................7

*Montgomery v. Aetna Plywood, Inc*., 231 F.3d 399 (7th Cir. 2000) .........................7

*Perry v. Randstad General Partner (US) LLC*, 2016 WL 4076476
    (E.D. Mich. Feb. 1, 2016)...........................................................................4

*Pion v. Liberty Dairy Co*., 922 F.Supp. 48 (W.D. Mich. 1996) ................................6

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian
    Constr. Corp*., 95 F.3d 153 (2d Cir.1996)......................................................5

*Warkentin v. Federated Life Ins. Co.*, No. 1:10-CV-00221-SAB,
    2015 WL 3833857 (E.D. Cal. June 19, 2015).................................................4

*Zdunek v. Washington Metro. Area Transit Aut*h., 100 F.R.D. 689
    (D.D.C.1983) ..............................................................................................6

## **Statutes**

28 U.S.C. § 1920.......................................................................................................1

28 USC § 1821..........................................................................................................6

28 USC § 1920(3) .....................................................................................................6

## **Other Authorities**

10 Write, Miller and Kane, *Federal Practice and Procedure*, Civil 2d § 2678 at 376 (2d Ed. 1983) .................................................................................6

## **Rules**

Fed. R. Civ. P. 4(c)(1) ..............................................................................5

Fed. R. Civ. P. 45(b)(2) ............................................................................6

# STATEMENT OF ISSUES PRESENTED

I. **WHETHER THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REVIEW THE ACTION OF THE TAXATION COURT BECAUSE HER COSTS WERE ALREADY TAXED?**

Henry Ford Health System answers: "yes."

The Court should answer: "yes."

II. **IF THE COURT CHOOSES TO REVIEW THE TAXATION CLERK'S ACTIONS, WHETHER PLAINTIFF'S REQUESTED COSTS SHOULD BE REDUCED?**

Henry Ford Health System answers: "yes."

The Court should answer: "yes."

## I.     INTRODUCTION

After filing two deficient bills of costs seeking non-taxable costs, Plaintiff now seeks review and reversal of the proper actions of the Taxation Clerk. Plaintiff's Motion should be denied in its entirety. Not only did Plaintiff fail to properly file the *first* Bill of Costs, her second Bill of Costs and the instant Motion improperly seek non-taxable costs.  Plaintiff has wasted enough of the Court's and Clerk's time and resources. However, should the Court countenance Plaintiff's deficient and negligent efforts to recover costs and challenge the Clerk's proper actions, the costs requested by Plaintiff should be substantially reduced in accordance with prevailing authority.

## II.    PROCEDURAL BACKGROUND

A prevailing party may recover a sum certain with costs through the filing of a proper Bill of Costs with the Clerk of the Court no later than 28 days after entry of judgment. E.D. Mich. LR 54.1. "The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable federal law including proofs of necessities." 28 U.S.C. § 1920, *see also City of Sterling Heights v. United Nat'l Ins. Co.,* No. 03-72773, 2008 WL 920135, at *2 (E.D. Mich. Apr. 3, 2008). All costs are to be taxed by the clerk in accordance with Fed. R. Civ. P. 54(d)(1).

In this case, judgment was entered on May 19, 2016. On June 16, 2016, Plaintiff filed an improper and deficient Bill of Costs with the Clerk of the Court, disregarding the straightforward requirements outlined in the Bill of Costs Handbook ("Handbook"), applicable statute, and case law. (Ex. 1, Handbook) Plaintiff's Bill of Costs lacked the all of the required documentation for costs which were sought in the amount of $11,372.74. Thus, on August 19, 2016 the Clerk correctly taxed costs in the amount of $412.00, which covered Plaintiff's filing fees and one witness attendance fee. (Ex. 2, Taxed Bill of Costs 8/19/16)

After the Clerk taxed costs, on August 24, 2016, Plaintiff filed a second Bill of Costs, this time, attaching some supporting documentation. The Clerk properly denied Plaintiff's second attempt to file a Bill of Costs, stating that according to the Handbook, "**after the taxation clerk has taxed costs**, counsel for either side may, within seven days, file a motion to review the action by the taxation clerk and request review by the Court." [*Emphasis added*](Ex. 3, Taxed Bill of Costs, 8/25/16)

III.   ARGUMENT

   A. The Taxation Clerk Properly Taxed Plaintiff's First Bill Of Costs And Properly Declined to Re-Tax Costs

Plaintiff does not seek review of the Clerk's initial taxation of costs. Instead she argues that her *second* Bill of Costs is timely and should be accepted. Ignoring the fact that her *first* Bill of Costs was deficient and that the Taxation Clerk's action

2

Case 2:14-cv-11916-GCS-SDD   ECF No. 135, PageID.4999   Filed 09/09/16   Page 8 of 14

was proper, she argues that her *second* Bill of Costs should be considered because Defendant's Renewed Motion for Judgment filed on July 12, 2016, extended the time to file a Bill of Costs. However, Plaintiff fails to understand that her costs were *already* taxed by the Clerk of the Court, and that she exhausted her right to recover costs upon filing her *first* Bill of Costs. Plaintiff's only recourse was to request the Court to review the Clerk's taxation of Plaintiff's *first* Bill of Costs. Plaintiff's *first* Bill of Costs was appropriately taxed and therefore, this Court should deny Plaintiff's Motion to Review the Action of the Taxation Court.

Plaintiff relies on distinguishable and non-binding case law in an attempt to support her claim that a late, amended bill of costs is acceptable in this jurisdiction after costs have been taxed. In *Ambat v City & Cty. Of San Francisco*, No. C 07-03622 SI, 2012 WL 2598278, at *4 (N.D. Cal. July 5, 2012), the court allowed an amendment of the bill of costs five (5) months after the submission of the initial bill of costs **only** because the parties' amendment significantly reduced the costs initially sought. Additionally, in *City of Sterling Heights v. United Nat'l Ins. Co.,* No. 03-72773, 2008 WL 920135, at *2 (E.D. Mich. Apr. 3, 2008), a party filed an amended bill of costs to include additional information *prior* to the Clerk taxing costs. Neither case is applicable here.

3

The circumstances in this case are similar to *Perry v. Randstad General Partner (US) LLC*, 2016 WL 4076476 * 1 (E.D. Mich. Feb. 1, 2016)[1] where the clerk declined to tax defendant's costs for lack of supporting information and, likewise, declined to re-tax defendant's revised bill of costs. The defendant brought a motion to review the action of the taxation clerk for denying to tax costs. The Court stated that it "is not inclined to tax court reporter costs in light of Defendant's 'failure to follow the basic instructions of the Bill of Costs Form and Bill of Costs Handbook.'" *Id. quoting Contract Design Grp., Inc. v. Wayne State Univ.*, 2014 WL 3891675 at *2 (E.D. Mich. Aug. 7, 2014), rev'd in part on other grounds, 2015 WL 9001150 (6th Cir. Dec. 16, 2015). The Court further stated that "'allowing such a cost would undermine the rules in the Court's Bill of Costs Handbook.'" *Id.* Here, the Court should not reward Plaintiff for failing to follow the most basic instructions. To do so would clearly undermine the rules.

Moreover, Plaintiff has offered no explanation as to why the required documentation was not submitted with Plaintiff's first Bill of Costs. The obvious conclusion is that Plaintiff was reckless and ignored the Handbook's instructions. See for example, *Warkentin v. Federated Life Ins. Co.*, No. 1:10-CV-00221-SAB, 2015 WL 3833857, at *3 (E.D. Cal. June 19, 2015), where the Court declined defendant's amended documentation to support deposition transcript costs when

---

[1] Defendant's unpublished cases are attached as Ex. 4.

4

they were not included in the original request and failed to address why the documentation was not available earlier.

Accordingly, the Court should deny Plaintiff's Motion to have the action of the Taxation Clerk reversed.

### B. Even If This Court Allows Plaintiff's Amended Bill Of Costs To Be Re-Taxed, The Amount Of Costs Sought Should Be Substantially Reduced

Plaintiff's Bill of Costs requests a total cost of $11,372.74. Plaintiff's costs include: fees of service of summons and subpoenas, computerized research, filing fees, court reporter fees, witness fees, document production/copies and travel expenses. Not surprisingly, despite Plaintiff's attempt to revise and support her request for costs, more than half of Plaintiff's costs are not taxable.

#### 1. Plaintiff's Private Process Server Fees Are Not Taxable

Plaintiff includes process service fees in her Bill of Costs. Plaintiff submitted one invoice from a private company, Independent Express, to support her request for process service costs. Although the Handbook allows for service fees for summons and other initial process to be taxed, most district courts do not extend this to *private* process servers. Fed. R. Civ. P. 4(c)(1), *Cofield v. Crumpler*, 179 F.R.D. 510, 515 (E.D. Va. 1998), *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 172 (2d Cir.1996)(holding that plain language of section 1920 does not allow taxing as costs private process fees); *Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir.

5

1985)(same); *Pion v. Liberty Dairy Co.,* 922 F.Supp. 48, 53 (W.D. Mich. 1996)(same); *Zdunek v. Washington Metro. Area Transit Auth.,* 100 F.R.D. 689, 692 (D.D.C.1983)(same). Thus, Plaintiff's request for $184.84 for private process service fees should not be taxed.

### 2. Plaintiff Failed To Provide Support For Numerous Witness Fees

"If a witnessed is deposed, but the transcript is not used at trial or in support of a motion, the taxation clerk will not tax the fees and disbursements as to the witness." 28 USC § 1821; 28 USC § 1920(3), Fed. R. Civ. P. 45(b)(2). Plaintiff provided *no* support that the witness fees extended toward Desiree Miller, Chanda Gibson, Debra Reeser and Henry Ford Health System were used at trial or in support of a motion. Therefore her request for $278.83 in fees for these witnesses should be denied.

In addition, "expenses of witnesses who are themselves parties to the case" are not taxable. 10 Write, Miller and Kane, *Federal Practice and Procedure*, Civil 2d § 2678 at 376 (2d Ed. 1983). Therefore, Plaintiff cannot seek reimbursement for witness fees spent on herself *i.e.* lodging. Accordingly, $98.58, allegedly for Plaintiff's lodging, should be denied.

### 3. Plaintiff Cannot Recover Costs For Computerized Research

The Handbook specifies that computerized legal research charges are not taxable. See, Ex. 1, p. 7. ("Computerized legal research costs are recoverable only

as part of an attorney fee award and not as costs of the suit.") *Feldman v. Olin Corp.,* No. CIV. 09-168-GPM, 2011 WL 711054, at *2 (S.D. Ill. Feb. 22, 2011), *Montgomery v. Aetna Plywood, Inc*., 231 F.3d 399, 409-10 (7th Cir. 2000). Nonetheless, Plaintiff seeks $4,977.84, in computerized research. These costs must be denied.

### 4. Plaintiff Did Not Obtain An Order To Recover Costs For Copies/Document Production And Therefore Such Costs Must Be Denied.

Plaintiff seeks $726.50 for general copy and document production expenses. The Handbook provides: "The cost of....copies of papers necessarily obtained for use in a case... are **not** recoverable within the discretion of the taxation clerk **unless** counsel has previously secured an order authorizing the recovery of these costs." (Ex. 1, p. 5)[*emphasis in original*]. The Handbook also states that routine copy expenses done for the convenience of counsel are not taxable. (*Id.*) In addition, Plaintiff attached no documentation as to why the copies/document productions were necessary. Thus, Plaintiff cannot recover the $726.05 she seeks in document production/copy costs.

### 5. Plaintiff Cannot Recover Postage Fees and Delivery Costs Without Necessary Support

"Fees for postage, delivery and notary fees (other than summons, subpoenas and court reporter charges)" are not taxable. (Ex. 1, p. 7)  Therefore, Plaintiff cannot recover for the $52.01 in UPS overnight postage costs or $80.00 in area

7

delivery to Spectrum Computer Forensics cost. Plaintiff merely provided receipts for UPS overnight postage, however she failed to provide any documentation as to what was sent via UPS. Plaintiff is required to show that either a summons or subpoena was sent via UPS or delivery to recover the charge. Accordingly, $132.01 sought for postage fees and delivery costs should be denied.

## IV. CONCLUSION

For the foregoing reasons Defendant respectfully requests that this Court deny Plaintiff's Motion to Review the Action of the Taxation Clerk. Should the Court decide to review and overturn the Taxation Clerk's action, $6,195.34 in costs sought by Plaintiff should be denied.

Respectfully submitted,

VARNUM LLP

By: /s/ Terrence J. Miglio
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
*Attorneys for Defendant*
160 W. Fort, 5th Floor
Detroit, MI 48226
(313) 481-7300
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Dated: September 9, 2016

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

              /s/ Terrence J. Miglio
            Terrence J. Miglio (P30541)