2016 WL 4076476
United States District Court,
E.D. Michigan, Southern Division.

Judith Perry, Erin Lane, Suhaima Choudhury, and Aimee Dooling, Plaintiffs,
v.
Randstad General Partner (US) LLC, Defendant.

Case No. 14-11240
|
Signed 02/01/2016

**Attorneys and Law Firms**

Jennifer Lossia McManus, Barry S. Fagan, Dib and Fagan, P.C., Royal Oak, MI, Jordan M. Lewis, Kelley Uustal, PLC, Fort Lauderdale, FL, for Plaintiffs.

Alexis P. Robertson, Gerald L. Maatman, Jr., Natascha B. Riesco, Jennifer A. Riley, Seyfarth Shaw LLP, Chicago, IL, Jeffrey B. Morganroth, Morganroth & Morganroth, Birmingham, MI, Jeffrey M. Thomson, Morganroth and Morganroth, Southfield, MI, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO REVIEW ACTION OF TAXATION CLERK

John Corbett O'Meara, United States District Judge

*1 Before the court is Defendant's motion to review the action of the taxation clerk, who denied Defendant's request to tax costs. Plaintiffs have submitted a response.

Defendant submitted a bill of costs on January 4, 2016, seeking reimbursement for certain fees of the clerk and court reporter fees in the amount of $8,596.65. The clerk declined to tax costs, stating that "fees for five certificates of good standing ... and three attorney applications are not taxable pursuant to the Bill of Costs Handbook." Docket No. 109. The clerk further explained that the court reporter fees were not taxable because "the bill of costs does not document how the corresponding deposition transcripts were used" as required by the Bill of Costs Handbook. Id. Defendant submitted an amended bill of costs. The clerk declined to "re-tax costs" and directed Defendant to the Bill of Costs Handbook: "after the taxation clerk has taxed costs, counsel for either side may, within seven days, file a motion to review the action by the taxation clerk and request a review by the Court." Bill of Costs Handbook at 1.

Defendant has not demonstrated that the certificates of good standing and attorney application fees are taxable pursuant to 28 U.S.C. § 1920. Further, the court is not inclined to tax court reporter costs in light of Defendant's "failure to follow the basic instructions of the Bill of Costs Form and Bill of Costs Handbook." Contract Design Grp., Inc. v. Wayne State Univ., 2014 WL 3891675 at *2 (E.D. Mich. Aug. 7, 2014), rev'd in part on other grounds, 2015 WL 9001150 (6th Cir. Dec. 16, 2015). "Allowing such a cost would undermine the rules in the Court's Bill of Costs Handbook." Id.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to review action of taxation clerk is DENIED.

**All Citations**

Slip Copy, 2016 WL 4076476, 2016 Wage & Hour Cas.2d (BNA) 27,793

---

KeyCite Red Flag - Severe Negative Treatment
Reversed in Part by Contract Design Group, Inc. v. Wayne State University, 6th Cir.(Mich.), December 16, 2015

2014 WL 3891675
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

CONTRACT DESIGN GROUP, INC., a Michigan corporation, and Robert Murray, Plaintiffs,
v.
WAYNE STATE UNIVERSITY, the Wayne State University Board of Governors; James R. Sears, in his individual and official capacity; Joan M. Gossman, in her individual and official capacity; and John L. Davis, in his individual and official capacity, jointly and severally, Defendants.

No. 2:10–cv–14702.
|
Signed Aug. 7, 2014.

**Attorneys and Law Firms**

David M. Zack, Don W. Blevins, Mark L. McAlpine, McAlpine and Assoc, Auburn Hills, MI, for Plaintiffs.

Edward J. Wloszek, III, John M. Sier, Susan H. Zitterman, Kitch Drutchas Wagner Valitutti and Sherbrook, Detroit, MI, for Defendants.

### ORDER DENYING PLAINTIFFS' MOTION FOR COSTS AND REVIEW OF THE CLERK'S TAXATION OF COSTS [# 223]

GERSHWIN A. DRAIN, District Judge.

### I. Introduction

*1 Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of procedural due process, account stated, and breach of contract. *See* Dkt. # 202. Presently before the Court is Plaintiffs' Motion for Taxation of Costs and Review of the Clerk's Taxation of Costs. Oral argument will not assist the Court in resolving this issue. Therefore, oral argument on this Motion scheduled for August 11, 2014 is cancelled pursuant to Local Rule 7.1(f). For the reasons that follow, the Court DENIES the Plaintiff's Motion for Taxation of Costs.

### II. Factual Background

On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1. See Dkt. # 248. The jury found that the Defendants violated Murray's procedural due process rights and awarded him $100,000. The jury found CDG established an account stated, and awarded CDG $200,000 for this claim. Last, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim. On May 13, 2014, Plaintiffs submitted a Bill of Costs. *See* Dkt. # 214. This Court provides prevailing parties with a form that directs them to submit itemization and documentation for their requested costs. Plaintiffs submitted invoices only. The clerk denied $145.00 in service fees, $18,532.23 in court reporter fees, $2,928.83 in printing fees, and $483.78 in witness fees for lack of sufficient documentation.

### III. Law and Analysis

#### A. Standard of Review

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the clerk of the court taxes costs as provided in the Bill of Costs Handbook. *See* Fed.R.Civ.P. 54(d)(1); E.D. Mich. L.R. 54.1. Costs are limited to the reimbursable costs listed in the 28 U.S.C. § 1920.[1] There is a "strong presumption" in favor of awarding costs to the prevailing party, and Rule 54(d)(1) contemplates the award. The court can review the clerk's action upon motion by a party. *Reardon v. Forest Pharm., Inc.,* 3:11–CV–274, 2013 WL 3322245, at * 1 (S.D.Ohio July 1, 2013); *see Reger v. The Nemours Found.,* 599 F.3d 285, 288 (3rd

Cir.2010); *see also In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462 (3rd Cir.2000).

[1] (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The court's review of the determination of costs is *de novo. Reardon,* 2013 WL 3322245, at * 1. When reviewing the clerk's taxing of costs, the court may consider factors such as the prevailing party's unclean hands, bad faith, delay tactics, failure to comply with process in the litigation. *In re Paoli,* 221 F.3d at 462–63. The court can also consider the losing party's inability to pay. *Id.*

### B. Plaintiffs Motion

**\*2** The first cost Plaintiffs seek to tax is service fees. This is a taxable cost. *See* § 1920(1). The district court has the discretion to tax private server fees "to the extent the private[ ] fees do not exceed the United States Marshals' fees." *Arrambide v. Wal–Mart Stores, Inc.,* 33 F.App'x 199, 203 (6th Cir.2002). These fees are for service of trial subpoenas for witnesses who have testified at trial and for deposition subpoenas in which the deposition's transcript was a taxable cost. *See* E.D. Mich. Bill of Costs Handbook, § II B.1(b-c). Plaintiffs submitted an invoice requesting taxation of $185.00 in service fees. The clerk, however, only taxed $40.00 because it could not "determine what was served as to the invoices[.]" *See* Taxed Bill of Costs, Dkt. # 216. The Plaintiffs' invoices lacked the specifics required by the Court's Bill of Costs Handbook. Plaintiffs seek the remaining $105.00. This fee was for service on Ray Williams for a deposition. Plaintiffs argue this is taxable because it was service for a deposition of which the transcript was taxed as a cost. *See* E.D. Mich. Bill of Costs Handbook, § II B.1(c). Plaintiffs argue the deposition was necessary for the case. *See Hygiene Prods. Aktiebolag v. First Quality Baby Prods.,* LLC, No. 1:10 CV–00122, 2013 WL 5934141, at \*2 (W.D.Ky. Nov. 5, 2013). The Court agrees with the clerk. The plaintiff's invoice lacks specificity required by its Bill of Costs Handbook. Thus, the Court will not tax the remaining $105.00 for service fees.

Second, the Plaintiffs move for taxation of court reporter fees for $18,532.23. *See* Taxed Bill of Costs, Dkt. # 216. The clerk denied this cost because Plaintiffs failed to explain how they used the transcripts. The court may tax all or part of the court reporter fees for use transcripts that were necessary for use in the case. § 1920(2).

Plaintiffs argue the transcripts were used to support motions and in trial. Plaintiffs assert the costs of transcribing depositions that are "reasonably necessary" for trial are an allowable cost for the prevailing party. *Sales v. Marshall,* 873, F.2d 115, 120 (6th Cir.1989). Whether the transcript was necessary is determined at the time of deposition. *Id.* Second, they argue the certain transcripts were for depositions noticed by Defendants. *Hygiene Prods. Aktiebolag,* 2013 WL 5934141, at \*2. This Court's Bill of Costs handbook directs counsel to inform the clerk of the title of the motion that transcript supports or the date on which it was read into the record. *See* E.D. Mich. Bill of Costs Handbook, § II C. Plaintiffs failed to do this for their deposition transcripts. Instead, they submitted several invoices to the clerk. For failure to follow the basic instructions of the Bill of Costs Form and Bill of Costs Handbook, the Court will not tax the costs of the transcripts. Allowing such a cost would undermine the rules in the Court's Bill of Costs Handbook.

**\*3** Third, Plaintiffs seek taxation of witness fees for $483.78. Witness fees are taxable costs. § 1920(3). 28 U.S.C. § 1821 defines the taxable witness costs: 1) an attendance fee at trial of $40/day, 2) travel expenses; and 3) a subsistence allowance. 28 U.S .C. § 1821(b)-(d). The Bill of Costs Handbook allows taxation of witness fees if the witness testifies at trial or their deposition is used at trial or in support of a motion. *See* E.D. Mich. Bill of Costs Handbook, § II E. This Court's handbook does not allow taxation of fees for people who are subpoenaed, but do not testify or deposed but the transcript is not used at trial or in a motion. *Id.* The Plaintiffs sought fees for Raymond Williams ($55.00); George Dorset ($58.43); Joel Quiroz ($78.00); John Finn ($151.44); and Tara Bride ($140.91). However, the Plaintiffs failed to specify whether the witnesses testified at trial or whether their deposition was used at trial or in a motion. The clerk denied these fees because their deposition transcripts were not taxable. *See* Taxed Bill of Costs, Dkt. # 216. Further, the submission

Case 2:14-cv-11916-GCS-SDD ECF No. 135-5, PageID.5024 Filed 09/09/16 Page 4 of 13
Contract Design Group, Inc. v. Wayne State University, Not Reported in F.Supp.3d (2014)
2014 WL 3891675

of invoices alone does not follow the guidelines in the Court's Bill of Costs Handbook. The Court will not tax these costs.

Last, Plaintiffs seek to tax $2,928.83 in copying costs. The costs of copying materials that are "necessarily obtained for use in the case are taxable. § 1920(4). Cost related to "scanning and imaging" of documents are a taxable cost in the Sixth Circuit. *BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir.2005). The clerk denied these costs. *See* Taxed Bill of Costs, Dkt. # 216. This Court's Bill of Costs Handbook states such costs are "not recoverable within the discretion of the taxation clerk unless counsel has previously secured an order authorizing [their] recovery[.]" *See* E.D. Mich. Bill of Costs Handbook, § II F. In the absence of an order from this Court, the clerk correctly denied copying costs as a taxable cost. The Court did not issue such an order. Thus, the Court will not tax copying costs.

### IV. Conclusion

For the aforementioned reasons, the Court will not tax costs denied by the clerk. Plaintiffs' Motion for Costs and Review of the Clerk's Taxation of Costs [# 223] is DENIED.

***ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL OR REMITTITUR [# 217] AND DENYING DEFENDANTS' MOTION FOR JUDGMENT OR PARTIAL JUDGMENT AS A MATTER OF LAW [# 218]***

### I. Introduction

Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of procedural due process, account stated, and breach of contract. *See* Dkt. # 202. Presently before the Court are Defendants' Motion for a New Trial or Remittitur pursuant to Rule 59(a) of the Federal Rules of Civil Procedure and Motion for a Full or Partial Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. The parties have briefed the Motions and the Court heard oral argument on the Motions on August 4, 2014. For the reasons that follow, the Court should DENY the Defendants' Motions.

### II. Factual Background

*4 On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1. *See* Dkt. # 248. The jury found that the Defendants violated Murray's procedural due process rights and awarded him $100,000. The jury found CDG established an account stated, and awarded CDG $200,000 for this claim. Last, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim.

### III. Analysis

#### A. Standard of Review

District court judges have broad discretion when ruling on Rule 59 motions. *In re Saffady,* 524 F.3d 799, 808 (6th Cir.2008). When reviewing a motion under Rule 59(a) for a new trial, the court reviews the jury's verdict for an erroneous result. *Holmes v. City of Massillon, Ohio,* 78, F.3d 1041, 1045–46 (6th Cir.1996). An erroneous result is present when the jury's verdict is against the weight of the evidence, the damages are excessive, or the trial was unfair to the movant. *Id.* at 1046. The trial court must review the evidence in a light most favorable to the prevailing party when deciding whether the award is the result of passion, prejudice, or the evidence does not support it. *Mid–Michigan Computer Sys., Inc. v. Marc Glassman, Inc.,* 416 F.3d 505, 509 (6th Cir.2005); *see also Gregory v. Shelby Cnty.,* 220 F.3d 433,443 (6th Cir.2000). When some credible, competent evidence supports a verdict, the district court can properly deny the motion. *Anchor v. O'Toole,* 94 F.3d 1014, 1021 (6th Cir.1996) (stating the appellate court reviews a denial of a motion for new trial for abuse of discretion).

The court may grant a judgment as a matter of law if it finds there is no "legally sufficient basis" to find for the non-movant on an issue. Fed.R.Civ.P. 50(a)(1). If there is only one "reasonable conclusion as to the verdict," or the evidence at trial fails to create a genuine resolution for fact for the jury, the court may grant a Rule 50(b) motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court, however, may not weigh evidence or determine whether evidence is credible. *Jackson v. Quanex Corp.,* 191 F.3d 647, 657 (6th Cir.1999). After viewing the evidence in a light most favorable to the non-movant, if a reasonable trier of fact can only come to one conclusion, the court should grant the motion. *Jordan v. City of Cleveland,* 464 F.3d 584, 594 (6th Cir.2006).

**B. Defendants' Motions**

**1. Defendants' Motion for a New Trial or Remittitur**
Defendants argue that the jury's verdict was punitive and the result of prejudice, and exceeds the specific amount pled. The jury awarded CDG $450,000 for the account stated and breach of contract claims, but CDG pled damages of $143,837.19 on the account stated claim only. Defendants argue the jury's award to Murray for emotional damages was excessive as well because it was against the weight of evidence.

**\*5** Defendants argue that the state of Michigan's standard for a new trial remittitur should apply. If this case was before this Court on diversity, that would be correct. This case, however, is before this Court because it involves a constitutional issue, whether Plaintiffs were deprived of due process. Therefore, the factors and standard discussed above apply.

A Rule 59 motion requires the Court weigh the evidence against the verdict. The parties presented evidence of damages. CDG offered the expert testimony of their accountant regarding the value the general contract to CDG's business. He stated the contract at issue in the breach claim was worth up to $25,910 per month, and the contract was terminated twenty-four months before its expiration date. CDG's expert testified that this contract could have produced over $624,000 in gross profits for CDG. In response to that testimony, Wayne's expert offered testimony that called into question CDG's expert's calculation on the contract, particularly his conclusion on gross rather than net profit. Wayne's expert offered a thorough explanation of why CDG's expert produced calculations that were inaccurate and overvalued the contract. The jury weighed the evidence of both parties on this issue, and concluded that CDG suffered a loss of $250,000 on this count. Credible evidence supports this claim and the Court DENIES the Defendants' Motion for a New Trial or Remittitur on the breach of contract claim.

The jury returned a verdict for Plaintiffs on their account stated claim. Plaintiffs alleged they performed work for Defendants outside of blanket contracts on a lump sum basis totaling $143,837.19. *See* Dkt. # 126 at 16–17. The jury awarded CDG $200,000 on this claim. *See* Skt. # 202. Defendants argue this claim is duplicative of the breach of contract claim. This argument is unavailing for the same reasons it was unavailing when Defendants made it in their summary judgment motion. Factual issues existed as to which agreement covered this work. *See* Dkt. # 126 at 17. The jury weighed evidence of this dispute, and concluded that work on the account stated claim was done outside the blanket contracts. An account stated claim is a claim to enforce a contract. *Fisher Sand & Gravel Co. v. Neal A. Newbie, Inc.,* 494 545, 558, 837 N.W.2d 244 (2013). The claim "supersed[es] and merg[es] antecedent causes of action represented by the particular items included in the computation. *Id.* at 558 (citing 13 Corbin, Contracts (rev. ed.) § 72.4, pp. 466–67). When the jury found that Plaintiffs had established an account stated, the claim became an action to enforce a separate contractual obligation from the blanket contracts.

Plaintiffs argue that consequential damages are allowable for the breach of contract, which evolved from the account stated claim. That assertion is correct if certain conditions apply. *See Lawrence v. Will Darrah & Assoc., Inc.,* 445 Mich. 1, 11–12, 516 N.W.2d 43 (1994). Consequential damages are appropriate when injuries that result from the breach are foreseeable and a consequence of the breach. *McNeal v. Tuori,* 107 Mich.App. 141, 150, 309 N.W.2d 588 (Mich.Ct.App.1981). Plaintiffs offered testimony that the lack of payment on the account stated had a negative effect on cash flow and caused CDG to fail to pay outstanding obligations. In a commercial context, it is foreseeable that a failure to pay invoices for which work was completed will lead to series of financial hardships for the party who has completed the work. The award is not excessive, and evidence in the record supports the jury's decision. Therefore, the Court DENIES the Defendants'

Motion for New Trial or Remittitur on the account stated claim.

**\*6** The jury awarded Murray $100,000 in emotional damages on his denial of procedural due process claim. Plaintiffs can recover emotional damages on a procedural due process claim. *Carey v. Piphus,* 435 U.S. 247, 263, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). If the plaintiff can demonstrate to the trier of fact that the denial of due process caused emotional distress, then emotional damages are recoverable. *Id.* In order to determine whether Defendants violated Murray's due process rights the jury was instructed to determine if Wayne's debarment policy was correctly followed rather than the more demanding constitutional standard. The jury found Wayne had not followed its own policy and violated Murray's and CDG's procedural due process rights. *See* Dkt. # 202. Murray then testified that the denial of procedural due process rights caused his business to suffer, which caused personal and business relationships to deteriorate. Murray sought professional counseling to deal with the emotional consequences of his denial of due process. Taking all of this evidence into account, the jury reasonably awarded Murray $100,000. Therefore, the Court DENIES the Defendants' Motion for New Trial or Remittitur on emotional damages.

### 2. Defendants' Motion for a Full or Partial Judgment as a Matter of Law

The Defendants argue that after viewing the evidence presented at trial, the only conclusion a reasonable trier of fact can come to is that no violation of procedural due process or breach of contract occurred. Defendants move for a partial or full judgment as a matter of law arguing that the account stated and breach of contract claims should merge into one claim and the award should be $143,873.19. Defendants also argue that there was no deprivation of a property or liberty interest or procedural due process violation. Last, the Defendants argue they are entitled to a judgment as a matter of law on the account stated and breach of contract claims because Plaintiffs failed to comply with conditions precedent in the contracts, and the Court erred by failing to include a jury instruction on this issue.

For the reasons addressed in the above analysis of the Rule 59 motion, the Courts finds that the jury was given sufficient evidence to determine whether CDG had performed work outside of the blanket contracts on a lump-sum basis. The finding of an account stated created a breach independent of the blanket contracts. The jury also herd competing testimony on the value of the blanket contract to CDG. The jury had credible evidence on the value of two separate claims. When viewed in a light most favorable to the Plaintiffs, the jury could have reached more than one conclusion on those two claims. Therefore, the Court DENIES the Defendants' Rule 50 Motion for the account stated and breach of contract claims.

Defendants vigorously argue that the Plaintiffs waived any interests in their contracts because of the way their counsel characterized them at trial and Plaintiffs' alleged fraudulent behavior. This is not the proper way to waive a constitutionally protected interest. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (stating one must "intentional[ly] abandon a known right or privilege). The parties stipulated that Wayne awarded CDG the blanket contract. *See* Dkt. # 172. By stipulating CDG had this publically bid contract, the parties acknowledged CDG had a constitutionally protected right. *See Expert Masonry, Inc. v. Boone Cnty., Ky.,* 440 F.3d 336, 348 (6th Cir.2006). There is no evidence that CDG waived this right. When Wayne debarred Plaintiffs, it owned them due process. The jury weighed the evidence of both parties' conduct regarding the contracts, and concluded that Wayne, by not following its own policy, failed to provide Plaintiffs with process due to them under the Constitution.

**\*7** Defendants argue compliance with the State of Michigan's Prevailing Wage Act was a condition precedent to payment. This required CDG to submit certified payrolls. However, CDG did not have employees working at Wane. The parties presented evidence regarding CDG's compliance with the statute. Any failure to give an instruction was harmless. The jury could have concluded CDG violated the act and Wayne was not in breach of contract. When viewed in a light most favorable to Plaintiffs, the jury could have concluded that Wayne's correspondence with Plaintiffs before its meeting and its meeting with Plaintiffs was sufficient and Wayne's evidence regarding the Prevailing Wage Act justified non-payment. Wayne's witnesses testified that it did not follow its own policy, and CDG offered into evidence a letter from the state of Michigan concluding that the Prevailing Wage Act did not apply its work at Wayne. The great weight of the evidence supports the jury's findings. Both sides vigorously litigated this case

and submitted a copious amount of evidence to the jury. The Court cannot conclude that the jury could have reached only one conclusion given these facts. Therefore, the Court DENIES the Defendants' Rule 50 Motion as to the Plaintiffs' procedural due process claim.

### IV. Conclusion

For the above mentioned reasons, Defendants' Motion for a New trial or Remittitur [# 217] is DENIED and Defendants' Motion for a Partial or Full Judgment as a Matter of Law [# 218] is DENIED.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 3891675

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:14-cv-11916-GCS-SDD ECF No. 135-5, PageID.5028 Filed 09/09/16 Page 8 of 13
Warkentin v. Federated Life Ins. Co., Not Reported in F.Supp.3d (2015)
2015 WL 3833857

2015 WL 3833857
Only the Westlaw citation is currently available.
United States District Court,
E.D. California.

Keith WARKENTIN, Plaintiff,
v.
FEDERATED LIFE INSURANCE
COMPANY, Defendant.
and Related Counterclaims.

No. 1:10–cv–00221–SAB.
|
Signed June 18, 2015.
|
Filed June 19, 2015.

**Attorneys and Law Firms**

Wade M. Hansard, McCormick Barstow Sheppard Wayte & Carruth LLP, Fresno, CA, for Plaintiff.

Daniel Paul Costa, Costa Law Firm, Gold River, CA, for Defendant.

ORDER DENYING
DEFENDANT'S BILL OF COSTS

STANLEY A. BOONE, United States Magistrate Judge.

I.

RELEVANT PROCEDURAL HISTORY

*1 On March 28, 2012, the Court issued a written order granting summary judgment in favor of Defendant on all claims. (ECF No. 62.) Defendant submitted a bill of costs on April 10, 2012 seeking 52,449.59 in costs. On September 9, 2012, the magistrate judge assigned to the action issued an order re objections to the bill of costs. The order considered all the category of costs and granted $2,902.29 in costs, disapproving the remaining requests.

On December 2, 2014, the Ninth Circuit remanded this case to this Court to apply the correct legal standard to the motion for summary judgment. (ECF No. 121.) On May 15, 2015, an order issued granting Defendant's motion for summary judgment and judgment was entered in favor of Defendant. (ECF No. 144.) Defendant submitted a bill of costs on May 29, 2015, seeking $52,449.59 in costs. (ECF No. 146.) Plaintiff filed objections to the bill of costs on June 5, 2015. (ECF No. 147.) Defendant filed a response on June 12, 2015. (ECF No. 152.)

II.

LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "unless ... a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." L.R. 292(a); *see also Grove v. Wells Fargo Financial California, Inc.,* 606 F.3d 557, 579 (9th Cir.2010) (the full extent of the court's power to shift litigation costs is defined by section 1920, absent express statutory authority). Under 28 U.S.C. § 1920 the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of MexicanAmerican Educators v. State of California,* 231 F.3d 572, 591 (9th Cir.2000); *see also In re Paoli R.R. Yard PCB Litigation (In re Paoli),* 221 F.3d 449, 458 (3d Cir.2000) (the phrase " 'unless the court otherwise directs' makes the allowance of

costs discretionary"). To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances. *In re Paoli,* 221 F.3d at 462–63; *Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir.2003) ("losing party must show why costs should not be awarded"). The district court may apportion costs between the winning and losing parties, including apportioning costs between multiple plaintiffs or defendants on the same side. *In re Paoli,* 221 F.3d at 469.

### III.

### Discussion

***2** In the September 9, 2012 order addressing the objections to the bill of costs, Judge Beck found that Plaintiff had not demonstrated that he is incapable of paying Defendant's "limited costs in the future." (ECF No. 102 at 5.) Therefore, Judge Beck found that Plaintiff had not overcome the presumption of Rule 54(d)(1). Judge Beck then addressed each category of costs on the merits.

Defendant's request for deposition transcripts and witness fees was granted in part. Defendant did not submit any receipts or other documentation for the deposition transcripts so the request was denied. The court awarded the witness fees in the amount of $2,093.29.

Defendant's request for $716.30 for document copying was granted.

Defendant requested costs of $1,155.00 for legal consults for record review and chronology; costs for surveillance of Plaintiff in the amount of $10,947.13; expert fees in the amount of $28,677.00; and attorney travel expenses in the amount of $1,609.83. These costs were denied as they fell outside of the categories enumerated in 28 U.S.C. § 1920 and are not allowable costs.

The Court granted Defendant's request for transcript costs of $92.70.

In all, the Court awarded costs of $2,902.29.

Defendant now submits a second bill of costs seeking those same costs previously considered by Judge Beck as well as an additional $375.39 for mileage to attend depositions in this action. (ECF No. 146.) Plaintiff objects to the bill of costs on the grounds that Defendant is seeking the same costs that were ruled upon in the September 9, 2012 order and that order constitutes law of the case. Defendant counters that Plaintiff has not paid the prior costs that were awarded and argues that costs are appropriate due to the settlement offers that were made in August 2014.

Given that Judge Beck addressed the actual costs on the merits the court construes Defendant's bill of costs as a motion for reconsideration. Under Rule 60(b), a district court may grant relief from its previous orders in the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or [¶] (6) any other reason that justifies relief." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). Moreover, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal quotation marks and citation omitted).

"Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir.2006) (quoting *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir.2005)) (internal quotations omitted). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion.' " *Id.* (quoting *Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002)).

**\*3** Requests for reconsideration are also governed by Local Rule 230(j) which states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Defendant argues that costs should be awarded because costs were incurred in addressing Plaintiff's motions for reconsideration and the action was remanded on appeal. However, the Ninth Circuit ordered that each party was to bear its own costs on appeal. (ECF No. 127.) Further, the costs that Defendant is seeking were those incurred prior to the April 10, 2012 bill of costs being filed.

Defendant has not demonstrated any grounds for reconsideration of the September 9, 2012 order awarding costs. The costs for which Plaintiff seeks reimbursement are those same costs which Judge Beck found to fall outside of those categories of reimbursable costs. Further, Defendant seeks reimbursement for deposition costs that were not awarded because no documentation was provided with the September 9, 2012 bill of costs. While Defendant has now provided the documentation for the deposition transcripts that were not included in the original request, Defendant waited over two and one half years to seek reconsideration of the order denying the request for costs in part and has not addressed why this documentation was not available earlier. Finally, the current bill of costs seeks an additional $375.39 for mileage that should have been included in the original bill of costs and was not requested. The Court finds that Defendants has not provided any ground to reconsider the prior order awarding costs in this action.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Defendant's bill of costs, filed May 29, 2015, which the Court construes as a motion for reconsideration, is HEREBY DENIED.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3833857

---

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 711054
Only the Westlaw citation is currently available.
United States District Court,
S.D. Illinois.

David FELDMAN, Plaintiff,
v.
OLIN CORPORATION, Olin Brass, and Global Brass and Copper, Inc., Defendants.

Civil No. 09–168–GPM.
|
Feb. 22, 2011.

**Attorneys and Law Firms**

Noelle Brennan, Sarah M. Brown, Noelle Brennan & Associates, Ltd., Chicago, IL, for Plaintiff.

Christopher M. Blaesing, Rebecca R. Jackson, Travis Herbert Campbell, Bryan Cave, St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, District Judge.

**\*1** On November 29, 2010, this Court granted Defendants' motions for summary judgment. The Court also granted a motion for attorney fees and costs filed by Defendant Global Brass and Copper, Inc. (GBC) for Plaintiff's failure to properly release said Defendant from this lawsuit. Defendants jointly seek costs under Federal Rule of Civil Procedure 54(d) in the amount of $33,341.24. GBC seeks attorney fees in the amount of $1,475.00 to reflect the expense incurred in preparing and filing its motion for summary judgment. Plaintiff objects to both requests and asks the Court to stay enforcement of the proceedings pending the outcome of the appeal already filed in this case.

The Court granted GBC its costs and fees under both Federal Rule of Civil Procedure 11 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). Plaintiff challenges GBC's submission for fees under Title VII as untimely under Rule 54(d)(2)(B)(i), which provides that unless a statute or a court order provides otherwise, the motion for attorney fees must be filed no later than 14 days after the entry of judgment. GBC did not move for fees when it filed its submission; it actually moved for fees *before* judgment was entered. This objection is overruled, as GBC's submission was timely. [1] Plaintiff also challenges the award of fees under Rule 11 as improper. The Court declines to reconsider its order granting fees to GBC; therefore, this objection likewise is overruled. [2] GBC's submission of fees in the amount of **$1,475.00** is **APPROVED.** Because these fees were incurred as a result of Plaintiff's counsel's conduct, Plaintiff's counsel is **ORDERED** to pay such fees to Global Brass and Copper, Inc., c/o Bryan Cave LLP.

[1] If anything, the Court erred in failing to include a fee submission deadline in its November 29th Order.

[2] The Court is puzzled by the statement that Plaintiff "strongly objects" to the award of GBC's fees based on arguments already presented—and rejected—on the issue. This Court presumes that any objection filed by a party and considered by this Court would be "strong."

Plaintiff filed two objections to Defendants' bill of costs: (1) computerized research is not recoverable or, alternatively, the amount requested is unreasonable and (2) the amount requested for copies is unreasonable. Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Local Rule of the United States District Court for the Southern District of Illinois 54.2 further governs the taxation of costs in this district. Rule 54(d) establishes a presumption that the prevailing party is entitled to costs. *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 427 (7th Cir.2000). The Seventh Circuit Court of Appeals has stated that in light of this presumption, the district court's discretion is "narrowly confined." *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221–22 (7th Cir.1988). In general, "only misconduct by the prevailing party worthy of a penalty ... or the losing party's inability to pay will suffice to justify denying costs." *Id.* at 222; *see also Contreras v. City of Chicago,* 119 F.3d 1286, 1295 (7th Cir.1997).

**\*2** The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are allowed to interpret the meaning of the phrases used in that section. *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 454 (7th

Case 2:14-cv-11916-GCS-SDD ECF No. 135-5, PageID.5032 Filed 09/09/16 Page 12 of 13
Feldman v. Olin Corp., Not Reported in F.Supp.2d (2011)
2011 WL 711054

Cir.1998). Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for which the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. After a district court determines that the requested costs are statutorily recoverable under § 1920, the court then must determine whether such costs were both reasonable and necessary. Cengr, 135 F.3d at 454. The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial. Id. at 455.

Defendants submitted a request for $20,306.04 in costs for computerized research used to support its motions for summary judgment. There is significant Seventh Circuit authority holding that computerized legal research costs are recoverable only as part of an attorney fee award and not as costs of suit. See generally Tchemkou v. Mukasey, 517 F.3d 506, 512–13 (7th Cir.2008) ("costs of computerized legal research are recoverable as part of an attorney-fee award"); Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 409–10 (7th Cir.2000) ("Computer research charges are considered a form of attorneys' fees;" therefore, the district court did abuse its discretion or otherwise err in excluding such charges from the expenses awarded to class counsel); Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 526 (7th Cir.1995) (including computerized legal research costs as attorney fees awarded under the Racketeer Influenced and Corrupt Organizations Act and the Illinois Consumer Fraud and Deceptive Business Practices Act); Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440–41 (7th Cir.1994) (costs of computerized legal research are recoverable as attorney's fees and may not be recovered as costs); McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir.1990) ("The district court's denial of Stone's request for computerized research as part of its costs was not an abuse of discretion because such expenses are more akin to awards under attorneys fees provisions than under costs."); but see Little v. Mitsubishi Motors N.A., Inc., 514 F.3d 699, 702 (7th Cir.2008) (per curiam) (finding, in reviewing challenge to award of costs for copies, computerized research, summonses, subpoenas, delivery services, and a video-recorded deposition, that "[a]ll of the above costs are authorized by § 1920").

**\*3** In *Haroco,* the Court of Appeals considered whether computerized legal research is recoverable as an element of costs under § 1920, even though the plaintiffs did not argue in the district court that inclusion of such costs was improper, stating: "Nevertheless we find this to be an issue of pure statutory construction and an important one at that." 38 F.3d at 1440. The Court continued:

> Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries. In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently. If this research had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs.
>
> Recognizing this, we have previously held that computer research costs "are more akin to awards under attorney's fees provisions than under costs." *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir.1990). In fact such costs are indeed to be considered attorney's fees. The added costs of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as "costs."

*Haroco,* 38 F.3d at 1440–41.

This Court is unable to reconcile the rationale in *Haroco* with the holding in *Little,* upon which Defendants rely. A

district court in the Northern District of Illinois declined to follow *Little* because, in *Little,* the Court of Appeals upheld the district court's decision without reference to the significant contrary authority cited above. *See Cleary v. Philip Morris Inc.,* No. 09 C 1596, 2010 WL 4039793 (N.D.Ill. Oct.14, 2010). In *Cleary,* the court relied upon *Haroco* rather than *Little* because the district court in *Little* relied upon *Burda v. M. Ecker Co.,* 2 F.3d 769 (7th Cir.1993), which was a sanctions decision rather than a costs decision. By contrast, as cited by Defendants, other district courts have relied upon *Little* in awarding costs for computerized legal research as recoverable costs under § 1920. In its discretion, this Court declines to do so because such costs are more akin to attorney fees. *See McIlveen,* 910 F.2d 1584 (finding that district court did not abuse its discretion in declining to include computerized legal research in costs awarded under § 1920). Because the costs of computerized research are not specifically enumerated in § 1920 and this Court declines to interpret the statute such that they are included, there is no need to review the reasonableness of the charges submitted by Defendants. Plaintiff's objection to the inclusion of computerized legal research fees is sustained, and the bill of costs submitted by Defendants shall be reduced by $20,306.04.

**\*4** Defendants submitted costs in the amount of $5,578.00 for copies of pleadings and document production served on Plaintiff. Plaintiff asks that this amount be reduced to $2,607.20 to exclude fees for documents that were produced on July 12, 2010. Specifically, Plaintiff claims that Defendants produced "29,709 pages of random, indecipherable and unusable printouts" (Doc. 116, p. 7). Defendants persist in their submission because these pages were produced in response to Plaintiff's production request and because defense counsel repeatedly warned Plaintiff's counsel of the voluminous nature and questionable relevance of the documents (*see* Doc. 117–1, 117–2, 117–3). Plaintiff's objection to the production of these documents comes too late. Plaintiff did not object at the time they were produced. Plaintiff did not file an objection with the Court that the production was unresponsive to the request. Only now that Plaintiff must pay for the cost of such production does he object. The objection is overruled.

As detailed above, Plaintiff's objections to Defendants' bill of costs are sustained in part and overruled in part. Defendants Olin Corporation, Olin Brass, and Global Brass and Copper, Inc., are entitled to recover costs from Plaintiff David Feldman in the amount of **$13,035.20.**

Plaintiff's request to stay enforcement of this order under Federal Rule of Civil Procedure 62(d) is **granted.** Upon Plaintiff's filing of a supersedeas bond in the amount of **$15,000.00** with the Clerk of this Court and this Court's approval of said bond, [3] enforcement of the attorney fees and costs awards shall be stayed.

[3]   Defendants may be entitled to interest on the attorney fees and costs awards. *See generally Fleming v. Kane County, Illinois,* 898 F.2d 553 (7th Cir.1990); *Ohio–Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646 (7th Cir.1985).

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 711054

---