## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

**NATALIE REESER**,

        Plaintiff,

v

**HENRY FORD HOSPITAL**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW THE ACTION OF THE TAXATION CLERK**

NOW COMES Plaintiff, Natalie Reeser, by her attorneys, MILLER COHEN, P.L.C., with her Reply to Defendant's Brief in Opposition to Plaintiff's Motion to Review the Action of the Taxation Clerk and for her Reply states as follows:

### INTRODUCTION

Defendant admits that a Plaintiff can amend her Bill of Costs and that Plaintiff's amendment was timely, filed within 28 days of the Court's Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law, yet seeks to deny Plaintiff an opportunity to submit information related to her costs because "costs were already taxed."[1] Nothing in the Bill of Costs Handbook or any local rule bars

---

[1] Def.'s Brief in Opposition, p. 2

1

recovery of costs in this situation. In fact, in *Michigan First Credit Union*, **this very Court awarded costs** where the clerk "rejected over half of [Plaintiff's] requested court reporter costs because . . . [Plaintiff] failed to submit proper invoices/receipts and/or failed to demonstrate that certain transcripts were 'necessarily obtained for trial'" in an original bill of costs.[2] This Court found it sufficient that Plaintiff's "motion present[ed] supplemental invoices/receipts and argument concerning why certain transcripts were necessarily obtained for trial." *Id.*[3] Here, Plaintiff provided additional documents in the Amended Bill of Costs attached to Plaintiff's Motion as an exhibit. This case is no different than *Michigan First Credit Union*.[4]

## I. ARGUMENT

**A. The Federal Rules Are Legal Authority, the Bill of Costs Handbook Is Not to Be Cited as Legal Authority**

Federal Rule of Civil Procedure 54(d)(1) clearly provides that "[u]nless a federal statute, these rules or a court provides otherwise, costs – other than attorney's

---

[2] *Michigan First Credit Union v. Cumis Ins. Soc. Inc.*, No. 05-CV-74423, 2009 WL 1664088, at *11 (E.D. Mich. June 15, 2009), *aff'd*, 641 F.3d 240 (6th Cir. 2011) (attached as *Exhibit A*)

[3] In that case, the Plaintiff provided updated documents in its Motion to Review the Clerk's Actions **filed after the taxation of costs by the Clerk**. Judge Steeh's decision in *Michigan First Credit Union* was upheld by the Sixth Circuit.

[4] **If anything, Plaintiff has gone further than the Plaintiffs in that case to provide documentation of costs** by submitting an amended bill of cost in addition to attaching documents and providing argument in Plaintiff's Motion (See Plaintiff's Amended Bill of Costs p. 3 attached as *Exhibit B*). Despite this, Defendant now seeks to deny Plaintiff's costs in the same way it attempted to deny Plaintiff's attorneys' fees, Plaintiff's emotional damages, Plaintiff's backpay, and every other category of damages available to a plaintiff.

fees – should be allowed to the prevailing party."[5] As discussed in Plaintiff's Motion, "reliance on the Handbook . . . as the appropriate legal authority is misplaced." *City of Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2008 WL 920135, at *3 (E.D. Mich. Apr. 3, 2008) (attached as *Exhibit C*). Even the handbook itself provides "that it is **not to be cited as legal authority**." *Id.* at *3.[6] Defendant's reliance on the handbook as authority to suggest that Plaintiff cannot submit documentation in an amended bill of costs is misplaced.

**B.     Plaintiff May Submit Information After the Clerk Has Taxed Costs**

As the Court's decision in *Michigan First Credit Union* makes clear, costs should be recoverable to the prevailing party even when supplemental information is submitted after the taxation of costs. See *Michigan First Credit Union* at *11. In that case, this Court noted that the Plaintiff was "presumed entitled to recover its costs" and awarded copying fees and court reporter costs because "the **supplemental**

---

[5] The Sixth Circuit has held that this Rule "creates a presumption in favor of awarding costs at the discretion of the trial court." *White & White, Inc. v. Am. Hos. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).
[6] Even the case cited by Defendant, *Perry v. Randstad General Partner (US) LLC*, 2016 WL 4076476 *1 (E.D. Mich. Feb. 1, 2016), **does not suggest that an amended bill of cost cannot be submitted after costs are taxed -** it merely concludes that a judge can use his discretion to deny costs. This decision also doesn't discuss additional documentation submitted with a Motion to Review a Clerk's Action or determine if such information can be considered in the determination of costs, as was the case in *Michigan First Credit Union* and as should be the case here.

3

**amounts requested** . . . are reasonable." *Id.* (emphasis added).[7][8]

### C. Plaintiff's Deposition Costs and Copying Costs are Reasonable

Defendant does not dispute that the depositions Plaintiff seeks reimbursement for (Natalie Reeser, Jill Hood, Martha Wiseheart and Fiona Bork) are taxable or that the reasons provided in Plaintiff's Amended Bill of Costs, attached as an exhibit to Plaintiff's Motion to Review the Action of the Taxation Clerk, are inappropriate.[9][10]

Plaintiff seeks $726.50 for copying costs. Plaintiff provided copies of receipts and invoices in the Bill of Costs, Amended Bill of Costs, and in Exhibit A to

---

[7] See also *Healy ex rel. Healy v. Sears, Roebuck & Co.*, 2009 WL 2392394, at *2 (E.D. Mich. Aug. 3, 2009) ("The costs of transcripts are taxable pursuant to § 1920, provided they are 'necessarily obtained for use in the case.' 28 U.S.C. § 1920(4). Where a party seeks court reporter fees associated with transcripts, the Handbook advises counsel to provide the taxation clerk with the title of the motion for which the transcripts were used and the date the motion was filed. Sears failed to provide this information when it submitted its Bill of Costs, however, it now has provided the Court with this information. As portions of the transcripts of Margaret Healy, Diane Konen, Jennifer Cherget, and Edward Rogers were submitted in support of Sears' summary judgment motion, the court reporter fees associated with those transcripts should be taxed against Plaintiff.") (attached as *Exhibit D*)

[8] Defendant's argument that Plaintiff did not obtain a court order for copying costs is not persuasive. As Plaintiff's Motion stated, Plaintiff is now seeking an Order awarding those costs. In *Michigan First Credit Union*, the clerk denied copying costs "as such costs are not taxable absent a court order." *Id.* at *10. This statement did not bar this court from granting copying costs in its Order. *Id.* at *11.

[9] This is not surprising given all of the depositions were used in numerous motions throughout the case, including Plaintiff's Response to Defendant's Motion for Summary Judgment, as detailed on page 3 of Plaintiff's Amended Bill of Cost (attached as *Exhibit B*). As the Court is well aware, Jill Hood and Fiona Bork's depositions were also used for impeachment purposes at trial.

[10] It is Plaintiff's position that costs should also be awarded pursuant to 28 U.S.C. Sec. 1920, because the transcripts were necessarily obtained for use in the case at the time it was ordered. See *MacDonald v. United Parcel Serv.*, 2010 WL 1254607 (E.D. Mich. Mar. 26, 2010) (attached as *Exhibit E*).[10] The costs Plaintiff does request for deposition transcript costs, $4,247.06, are reasonable.

4

Plaintiff's Motion to Review the Action of the Taxation Clerk. Despite this, Defendant objects to these costs because of insufficient detail.[11] Clearly, these documents were necessarily obtained for use in the case.

**D.     Defendant Seeks to Deny Plaintiff Witness Fees Paid to Witnesses Defendant Knows Testified At Trial and Fees Paid to Defendant**

Plaintiff requests $278.83 for four witnesses. As this Court, and Defendant, are well aware Desiree Miller and Debra Reeser testified at trial as witnesses for Plaintiff. Now Defendant seeks to deny costs paid to these witnesses while knowing full well that these costs were expended to bring the witnesses to trial. Defendant also does not want to repay costs that Plaintiff paid to have **its agents** testify at trial. Although these witnesses were not called, as the parties eventually stipulated to the authenticity of Henry Ford Health System records, at the time this money was paid **to Defendant** it was necessarily expended for use in the case.[12] Therefore, the Court should award witness fees of $278.83.

---

[11] Although Plaintiff believes the document submitted is sufficient, Plaintiff concedes that portions of the invoices provided as the scanned exhibit were covered up by the receipts which were included on top of them. The area covered up does include additional detail regarding the purpose of the copying. Therefore, Plaintiff is submitting the invoices again without the receipts to show that the copying costs incurred include: fees for Plaintiff's Sprint cell phone records, health care records, and employment records - all of which were requested or subpoenaed by Defendant (Attached as *Exhibit F*).

[12] Plaintiff concedes that Chanda Gibson did not in fact testify at trial, however, at the time her witness fee was paid it was necessarily expended for use in the case. See *Whitesell Corp. v. Whirlpool Corp.*, 2010 WL 1875508, at *3 (W.D. Mich. May 10, 2010) ("necessity is not determined by whether a witness testifies at trial.") (Attached as *Exhibit G*)

5

### E. Plaintiff's Computerized Research Costs are Allowable in the Sixth Circuit and Should Be Awarded

Contrary to Defendant's assertion, computerized research is permitted as an awardable cost in the Sixth Circuit and the Bill of Costs Handbook does not prohibit such an award. See *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 773 (E.D. Mich. 2014).[13] The Court should award Plaintiff computerized research costs in the amount of $4,977.84.

### F. Private Service Costs Are Allowed in the Sixth Circuit

In *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002), the Sixth Circuit discussed and adopted the Seventh Circuit's holding in *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996), which concluded "it is irrelevant who delivers the papers, provided the total outlays do not exceed what the marshal would have charged."[14] Plaintiff has provided clear receipts for the process servers and has detailed these costs in the Bill of Costs and the Amended Bill of Costs, attached to Plaintiff's Motion.[15] Plaintiff should be awarded the process service costs requested.

---

[13] In *Potter*, the Court reviewed a number of cases in which district court judges in the Sixth Circuit awarded costs for computer legal research. *Id.* In awarding plaintiff their computerized research costs, the Court noted "[t]he undersigned believes those judges who have awarded the costs of computerized research are in the majority and the reasons for doing so are well founded. Plaintiff is awarded their costs for computerized research, which the undersigned finds are reasonable given the length and complexity of the litigation." *Id.*[13]

[14] The Sixth Circuit "[held] that a district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees." *Id.*

[15] Plaintiff spent $554.84 in process server fees to serve eight individuals. This is detailed on Page 3 of Plaintiff's initial Bill of Costs. The US Marshall's Service

6

### G. Both Parties Agree Plaintiff is Owed at Least $5,177.40 in Costs

Even Defendant suggests that if the Court Grants Plaintiff's Motion to Review the Action of the Taxation Clerk, the Court should award $5,177.40. At a minimum, the Court should increase the award to this figure. However, this figure would disallow costs which should be granted including copying costs, witness fees, computerized research and other fees necessarily expended for use in the case.[16]

### II. CONCLUSION

WHEREFORE, Plaintiff requests that this Court award her costs of $11,372.74.

Respectfully submitted,
**MILLER COHEN, P.L.C.**
By: /s/ Adam C. Graham
　　Adam C. Graham (P79361)
　　*Attorneys for Plaintiff*
　　600 W. Lafayette Blvd., 4th Fl.
　　Detroit, MI 48226
　　(313) 964-4454

Dated: September 16, 2016

---

charges a rate of $65 an hour for service. If it took the Marshall the minimum time to serve all eight, this would have cost $520. In addition, the US Marshalls Service charges .575 cents per mile of travel. 67.2 Miles were travelled to serve individuals in this case, this would have cost Plaintiff an additional $38.64. The total cost for the US Marshall would have been $558.64, approximately four dollars more than our private server. (See *Exhibit H*)

[16] Although Plaintiff was the prevailing party in this case, Defendant seeks to force Plaintiff to pay for the jury verdict in her favor. In this two year case, Plaintiff expended $11,372.74 in costs, a reasonable amount for such lengthy litigation. A denial of costs which achieves such a result advocated by Defendant cannot be in the interests of justice.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION**

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Judge Stephanie Dawkins Davis

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

**CERTIFICATE OF SERVICE**

I hereby certify that on *September 16, 2016,* I caused to be electronically filed the foregoing paper with the Court using the ECF system, which will send notification of such filing to ECF participants

           Respectfully submitted,
           **MILLER COHEN, P.L.C.**
           By: /s/ Adam C. Graham
               Adam C. Graham (P79361)
               *Attorneys for Plaintiff*
               600 W. Lafayette Blvd., 4th Fl.
               Detroit, MI 48226
               (313) 964-4454