# EXHIBIT D

Case 2:14-cv-11916-GCS-SDD ECF No. 138-5, PageID.5069 Filed 09/16/16 Page 2 of 3

Healy ex rel. Healy v. Sears, Roebuck & Co., Not Reported in F.Supp.2d (2009)

2009 WL 2392394
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Michigan,
Southern Division.

John HEALY, by Margaret HEALY,
his Legal Guardian, Plaintiff,
v.
SEARS, ROEBUCK & CO., Defendant.

No. 08–14320.
|
Aug. 3, 2009.

**Attorneys and Law Firms**

Scott E. Combs, Novi, MI, for Plaintiff.

Charles C. Dewitt, Jr., Littler Mendelson PLC, Detroit, MI, for Defendant.

*OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS AND GRANTING DEFENDANT'S OBJECTIONS TO ENTRY OF TAXABLE COSTS*

PATRICK J. DUGGAN, District Judge.

\*1 Margaret Healy, mother and legal guardian of John Healy ("Plaintiff"), initiated this action in state court against Defendant Sears Roebuck and Company ("Sears"), alleging handicap discrimination in violation of Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1101–37.1607. On October 10, 2008, Sears removed Plaintiff's complaint to this Court based on diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. Sears thereafter filed a motion for summary judgment, which this Court granted in an Opinion and Order entered on July 21, 2009 On the same date, the Court entered a judgment in favor of Sears and against Plaintiff.

On July 24, 2009, Sears filed its Bill of Costs, seeking costs in the amount of $1,298.50. This total reflects the $350 removal filing fee and $948.50 in court reporter fees. The Clerk of the Court taxed costs against Plaintiff in the amount of $350 on July 24, 2009. The Clerk of the Court indicated that the court reporter fees were not allowed because "there is no documentation showing how the deposition transcripts were used."

Currently before the Court are Plaintiff's and Sears' timely objections to the entry of taxable costs. Plaintiff argues that it should not be taxed for the removal filing fee because removal was voluntary and the complaint was properly filed initially in state court. Sears argues that costs should have been taxed for the court reporter fees because the deposition transcripts were used in support of its summary judgment motion.

Rule 54(d) of the Federal Rules of Civil Procedure provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costsother than attorney's feesshould be allowed to the prevailing party." The Sixth Circuit has described this rule as "establish[ing] a norm of action: prevailing parties are entitled to their costs as of course." *Goostree v. State of Tennessee,* 796 F.2d 854, 863 (1986) (citation omitted). Departures from this rule are permitted, nevertheless, " '... the court's discretion is more limited than it would be if the rule were nondirective.' " *Id.* (quoting *Coyne–Delaney Co. v. Capital Dev. Bd. of State of Illinois,* 717 F.2d 385, 392 (7th Cir.1983)). " 'It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Id.* (quoting *Lichter Found., Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir.1959)).

Pursuant to 28 U.S.C. § 1920(1), fees of the clerk are taxable. The United States District Court for the Eastern District of Michigan Bill of Costs Handbook ("Handbook") expressly includes the removal filing fee as fees of the clerk. Plaintiff fails to overcome the presumption that this cost should be awarded in this matter. There is nothing in the Handbook or the federal statute that prohibits the award of removal filing fees or treats the award of such fees differently because the removal is "voluntary." [1]

\*2 The costs of transcripts are taxable pursuant to § 1920, provided they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Where a party seeks court reporter fees associated with transcripts, the Handbook advises counsel to provide the taxation clerk with the title of the motion for which the transcripts were used and

Case 2:14-cv-11916-GCS-SDD ECF No. 138-5, PageID.5070 Filed 09/16/16 Page 3 of 3

Healy ex rel. Healy v. Sears, Roebuck & Co., Not Reported in F.Supp.2d (2009)

the date the motion was filed. Sears failed to provide this information when it submitted its Bill of Costs, however, it now has provided the Court with this information. As portions of the transcripts of Margaret Healy, Diane Konen, Jennifer Cherget, and Edward Rogers were submitted in support of Sears' summary judgment motion, the court reporter fees associated with those transcripts should be taxed against Plaintiff.

The Court therefore concludes that costs should be taxed against Plaintiff in the full amount requested by Sears.

Accordingly,

**IT IS ORDERED,** that Plaintiff's objection to the taxed bill of costs is **DENIED** and Sears' objection to the taxed bill of costs is **GRANTED;**

**IT IS FURTHER ORDERED,** that costs are taxed against Plaintiff in the amount of $1,298,50.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 2392394

Footnotes

1 If a plaintiff "voluntarily" files a lawsuit in federal court and prevails, that plaintiff is entitled to recover the filing fee as part of the costs. If a defendant "voluntarily" removes a case to federal court, pays the filing fee, and prevails, there is no reason such defendant should not be entitled to recover the filing fee as part of the costs.

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.