UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,

        Plaintiff,

                                                  CASE NO. 14-CV-11916
v.                                    HONORABLE GEORGE CARAM STEEH

HENRY FORD HEALTH SYSTEM,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**

Now before the court is defendant Henry Ford Health System's sealed motion for discovery sanctions. Although the parties filed their papers in connection with this motion under seal, the court does not deem it necessary to seal this order given that most of the matters herein are part of the public record, and general references to plaintiff's medical care does not warrant deviation from the general rule that court proceedings are open to the public. Defendant seeks attorney fees and costs for (1) filing its motion to compel inspection of original documents and for a forensic examination of plaintiff's cell phone, (2) filing its motion to strike plaintiff's claim for mental and emotional distress damages, (3) for seeking to secure inpatient psychological treatment records during trial. The court recognizes that it has broad discretion to impose the sanctions sought under Federal Rule of Civil Procedure 37, but does not find that the harsh sanctions sought are justified under the circumstances of this case. In assessing the appropriateness of the attorney fees and costs sought, the court is mindful that at trial plaintiff received a no cause verdict on her Fair Labor Standards Act claim, only nominal damages in the amount of $3,200 on her

Whistleblowers' Protection Act claim, and no emotional distress damages. Even if plaintiff should have been more forthright in timely responding to discovery requests, plaintiff's error was harmless.

First, defendant claims it was forced to conduct and pay for a forensic examination of plaintiff's cell phone to obtain records that plaintiff should have produced. This discovery dispute was previously adjudicated by Magistrate Judge Michael J. Hluchaniuk who ruled that defendant was to pay for the forensic examination and denied costs. Defendant did not timely appeal that ruling and this court will not reconsider that matter now.

Second, defendant also claims that plaintiff produced some fourteen original documents on the first day of trial in response to a trial subpoena that were never previously produced. Plaintiff's counsel responds that it had previously reached out to defense counsel to attempt to reach a mutually agreeable resolution of how best to produce the original documents over a year prior to the trial. Indeed, plaintiff has submitted a copy of an e-mail dated April 6, 2015 to this effect. (Doc. 127, Ex. B). Plaintiff's counsel further points out that many if not most of the documents produced in response to defendant's subpoena were produced as part of the forensic examination of her telephone, other documents were markedly similar to those that had already been produced, and several were wholly irrelevant, one in particular consisting of a test result from plaintiff's visit to her gynecologist. In evaluating whether plaintiff's late production of a handful of original documents not produced prior to the first day of trial warrants the imposition of monetary sanctions, it is significant that defendant introduced over 300 exhibits at trial consisting of thousands of pages of materials, most produced by the plaintiff. Given the voluminous

paper discovery that took place, plaintiff's inadvertent omission of approximately a dozen original documents does not warrant the harsh sanctions that defendant seeks here.

Also, defendant claims that the documents produced late included plaintiff's 2014 tax return.  It seems that the omission of this document – which would have been important to plaintiff's lost wage claim – would have been obvious to defendant prior to trial and could easily have been the subject of a motion to produce.

Third, defendant argues that it should be awarded monetary sanctions because plaintiff failed to identify the hospital or hospitals where she sought psychiatric treatment, causing it to engage in expensive discovery practice by preparing a court order compelling the production of hospital records and serving that order on a number of Northern Michigan hospitals. The court has previously considered the appropriate sanction for plaintiff's failure to fully disclose information relating to her emotional distress damages.  The court barred plaintiff's late disclosed therapist from testifying at trial, and denied without prejudice defendant's motion to bar plaintiff from seeking emotional distress damages at trial, reserving the matter for consideration post-trial, and warning plaintiff that should any emotional distress damages be granted, the court might set aside any such award as a discovery sanction.  (Doc. 102).

At trial, plaintiff and her mother both testified under oath that they were unable to remember the Northern Michigan hospital where plaintiff received psychiatric treatment. In connection with its motion for sanctions here, defendant represents that it obtained records from two hospitals where plaintiff treated from the years 2002 and 2003, and at a third that treated plaintiff at an undisclosed time.  Not all of the treatment involved psychiatric care; one of the visits was for uterine bleeding.  Given the timing of the care at

issue, which occurred over thirteen years prior to the trial, the court cannot conclude that it must discount the trial testimony of plaintiff and her mother. In any event, at trial, the jury found that plaintiff was not entitled to any emotional distress damages. Given this trial result, the court does not deem it necessary to award monetary sanctions against plaintiff.

For the reasons set forth above, defendant's motion for discovery sanctions (Doc. 123) is DENIED.

**IT IS SO ORDERED**.

Dated: October 21, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 21, 2016, by electronic and/or ordinary mail.

s/David Parker
Deputy Clerk