UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE REESER,                    CASE NO. 14-CV-11916
                                   HON. GEORGE CARAM STEEH
            Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

            Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO REVIEW ORDER OF TAXATION CLERK (Doc. 134)

Plaintiff Natalie Reeser timely filed a bill of costs with the taxation clerk on June 19, 2016 seeking $11,415.60[1] in costs.  On August 19, 2016, the clerk awarded costs for the civil filing fee and the witness fee of Jill Hood in the total amount of $412.  The clerk denied the remaining fees sought as improperly documented or unavailable under the Bill of Costs Handbook.  (Doc. 130).  Rather than appeal that order to this court, plaintiff refiled another bill of costs with the taxation clerk on August 24,

_____

[1] The bill of costs actually states that the total amount sought is $11,372.74 but the costs claimed actually amount to $11,415.60 as stated in the Clerk's Taxed Bill of Costs.

2016, seeking the exact same amount based on identical claims, but this time, submitting some supporting documentation. (Doc. 132). The taxation clerk summarily denied the bill of costs on the basis that plaintiff's only recourse was to appeal the order denying its requested costs to this court within seven days after the taxation of costs. (Doc. 133). On August 26, 2016, plaintiff then filed the motion now before the court for review of the taxation clerk's orders: the one granting in part, and denying in part, her original bill of costs, and the second order denying her amended bill of costs. (Doc. 134). Plaintiff argues that the amended bill of costs was timely because this court denied defendant's renewed motion for judgment as a matter of law on August 17, 2016, which restarted the clock for the filing of its bill of costs. *See Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 687-90 (6th Cir. 2005). Given this scenario, and because the instant motion was filed within seven days of the taxation clerk's order deciding plaintiff's original bill of costs, the court will review plaintiff's amended bill of costs and will not treat the motion as time-barred.

Federal Rule of Civil Procedure 54(d)(1) provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." The Sixth Circuit has held that rule 54(d)(1) "creates a presumption in favor of

awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*,  786 F.2d 728, 730 (6th Cir. 1986).  Our Local Rule 54.1 further provides that "the clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook."

Defendant objects to plaintiff's bill of costs for several reasons.  First, defendant faults plaintiff for failing to properly document her requests in her original bill of costs as required by the Bill of Costs Handbook, and argues that plaintiff should not be allowed to submit documentation now where she has failed to provide any excuse for her failure to do so previously. Defendant's point is well taken and other courts within this district have denied motions to set aside the taxation clerk's order on this basis.  *See e.g. Perry v. Randstad Gen'l Partner (US) LLC*, No. 14-12240, 2016 WL 4076476, at *1 (E.D. Mich. Feb. 1, 2016).   But keeping in mind the presumption in favor of awarding costs, in its discretion, this court shall consider plaintiff's motion for review of the taxation clerk's order on the merits.

The court turns now to defendant's other objections: (1) plaintiff's private server fees are not taxable; (2) plaintiff failed to provide support for numerous witness fees; (3) plaintiff cannot recover for computer research;

(4) plaintiff cannot recover copying costs as she lacked court authorization for their recovery; and, (5) plaintiff's fees for postage and delivery should be denied for lack of proper documentation. Defendant does not object to docket fees or court reporter fees. The court considers each argument below.

Defendant argues that private server fees are not taxable. However, the Sixth Circuit has held that private server fees are taxable so long as they do not exceed the fees charged by the Marshal. *Arrimbide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). Defendant has not argued that the private servers plaintiff used charged more than the Marshal would have charged. Accordingly, plaintiff's private server fees may be taxed in the amount of $554.84.

Next, defendant argues that plaintiff should not be awarded costs for four witness fees as plaintiff failed to provide proof that the witness fees extended toward Desiree Miller, Chanda Gibson, Debra Reeser and Henry Ford Health System were used at trial or in support of a motion, and thus, the $278.83 in fees sought should be disallowed. The clerk denied witness fees except the witness fee to Jill Hood in the amount of $12 because plaintiff failed to show the proper mileage calculations on form AO 133. The court has carefully reviewed plaintiff's amended bill of costs and finds

that it too is deficient. On the amended bill of costs, plaintiff submitted the same AO 133 and again, the mileage calculations are improper. It appears that some of the calculations used 2015 mileage rate rather than the 2016 rate; other calculations are unclear and fail to indicate how plaintiff arrived at the numbers she did, but it is clear she did not use the 2016 rate. Also, in addition to the form AO 133, plaintiff also submitted a summary of costs, including "witness fees" for the court. That summary does not correlate with the form AO 133 and improperly lists plaintiff herself as a witness. Based on this improper and confusing documentation, the court affirms the taxation clerk's denial of all witness fees other than the attendance fee for Jill Hood.

Although the clerk only taxed $12 for Hart's attendance, and the papers are somewhat ambiguous, but it appears that plaintiff seeks $12 for testimony on three different occasions, for a total of $36. Accordingly, the court shall award $36 for witness fees for Hart's appearance. Also, the $98.52 claimed for plaintiff's lodging may not be awarded because expenses of witnesses who are themselves parties to the case are non-taxable and are not allowed under § 1920. *See* Bill of Costs Handbook § II(E)(2)(a).

Defendant also argues that plaintiff may not recover computerized

5

research sought in the amount of $4,977.84.  The Bill of Costs Handbook § II(K)(2)(c) clearly provides that computerized research is not a taxable cost. Moreover, under 28 U.S.C. § 1920, such costs are not taxable.  Plaintiff's argument that the Sixth Circuit allows the taxation of computerized research costs is misplaced.  Plaintiff relies upon *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737 (E.D. Mich. 2014) to support this proposition.  *Potter* involved an award of costs by the district court under a fee-shifting provision of ERISA, and the court specifically recognized that such costs are "non-taxable" under § 1920.  *Id.* at 770-72.

Defendant also objects to the $726.50 plaintiff seeks for document production and copying expenses.  28 U.S.C. § 1920(4) allows for the recovery of photocopying costs in certain circumstances.  Copies prepared for the court or opposing counsel are allowed, but costs incurred solely for the convenience of counsel are not.  *Lensing v. Potter*, No. 1:03-cv-575, 2015 WL 10892073, at *18 (W.D. Mich. Aug. 20, 2015); *Grady v. Bunzl Packaging Supply Co.*, 161 F.RD. 477, 479 (N.D. Ga. 1995).  The party seeking to recoup copy costs must show that the copies were "reasonably necessary for use in the case" but the prevailing party may not "recover costs for materials that merely added to the convenience of counsel."  *In re Williams Sec. Lit.-WCG Subclass*, 558 F.3d 1144, 1147, 49 (10th Cir. 2009)

(internal quotation marks and citation omitted); *see Freeman v. Blue Ridge Paper Prod., Inc.*, 624 F. App'x 934, 942 (6th Cir. 2015) (allowing copying costs for courtesy copies required by the court). Here, plaintiff has submitted invoices for photocopying of telephone records and human resource information from plaintiff's prior employers, but plaintiff has not stated the purpose of such copying, and whether those copies were produced to opposing counsel or the court. Because plaintiff has not stated the purpose of the photocopying, other than a general averment that "the documents were necessarily obtained for use in the case," (Doc. 138 at 5), the court will not tax costs for copying expenses.

Finally, the court considers defendant's argument that fees for postage and delivery in the amount sought of $132.01 is not taxable. Postage and courier services are not properly awarded as costs under § 1920. *Hadix v. Johnson*, 322 F.3d 895, 900 (6th Cir. 2003); *El-Fadl v. Cent. Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995) (collecting cases holding that costs for courier services and postage are not taxable costs). Accordingly, plaintiff's claim for postage and delivery services are not taxable. In accordance with this order, a summary of the costs to be taxed is set forth below:

| TAXED BILL OF COSTS | | AMOUNT REQUESTED | AMOUNT ALLOWED |
|---|---|---|---|
| A | Fees of the Clerk | | |
| B | Service Fees | $554.84 | $554.84 |
| C | Court Reporter Fees | $4,247.06 | $4,247.06 |
| D | Printing Fees | | |
| E | Witness Fees | $278.83 | $36 |
| F | Exemplification & Copy Fees | $726.50 | $0.00 |
| G | Docket Fees | $400.00 | $400.00 |
| H | Costs on Mandate of Appeal | | |
| I | Court-appointed experts | | |
| J | Interpreters and Services | | |
| K | Other Costs | $5,208.37[2] | $0.00 |
| | | $11,415.60[3] | $5,237.90 |

[2] Plaintiff states "other costs" are $4,208.37 but this appears to be a typographical error as the original bill of costs list the "other costs" as $5,208.37 which represents the sum of computerized research in the amount of $4,977.84, plaintiff's lodging expense of $98.52, postage fee of $52.01, and delivery fees of $80.
[3] Plaintiff lists the total as $11,372.74, but this appears to be a mathematical error.

For the reasons set forth above and as summarized in the above table, plaintiff's motion to review taxation of costs  (Doc. 134) is GRANTED IN PART in that service fees in the amount of $554.84, court reporter fees in the amount of $4,247, witness fees in the amount of $36, and docket fees in the amount of $400, are allowed in the total amount of $5,327.90, and DENIED IN PART in that copying costs in the amount of $726.50, other witness fees in the amount of $242.83, and other expenses in the amount of $5208.37 for computerized research, plaintiff's own lodging expenses, postage and delivery fees are non-taxable and are not awarded. Accordingly, the Clerk is DIRECTED to tax the sum of $5,237.90 in costs against defendant.

**IT IS SO ORDERED.**

Dated:  November 17, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
| :---: |
| Copies of this Order were served upon attorneys of record on November 17, 2016, by electronic and/or ordinary mail. |
| s/Marcia Beauchemin<br>Deputy Clerk |