## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

**NATALIE REESER**,

            Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**,

            Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES POST-JUDGMENT AND ON APPEAL

**NOW COMES** Plaintiff Natalie Reeser, by and through her attorneys **MILLER COHEN, P.L.C**., and for her First Supplemental Motion for Attorneys' Fees, states as follows:

1.      On May 18, 2016, the jury in this matter found in favor of Plaintiff, Natalie Reeser, in the amount of $3,200. This Court subsequently entered judgment for Plaintiff and against Defendant on May 19, 2016.

2.      Consistent with the Local Rules for the United States District Court for the Eastern District of Michigan, Plaintiff filed her Motion for Attorneys' Fees on June 15, 2016.

1

3.     After Plaintiff filed this Motion, Defendant filed a renewed Motion for Judgment (Dkt. 115), a corrected renewed Motion for Judgment (Dkt. 116), and a Motion for Post-Judgment Discovery Sanctions (Dkt. 123).

4.     Plaintiff was required to respond to these lengthy motions, both of which were denied.

5.     In addition, Plaintiff filed an appeal (Dkt. 136) of the Court's decision on Plaintiff's Motion for Attorneys' Fees (Dkt. 129).

6.     Before the Sixth Circuit, Plaintiff was required to participate in a mediation conference, file an appellate brief and reply brief, and respond to a Motion to Strike filed by the Defendant.

7.     At the October 17, 2016 mediation conference, counsel for the Parties met via conference call in an attempt to settle post-judgment disputes. In this discussion, Plaintiff's counsel warned Defendant that Plaintiff would seek attorneys' fees for additional time expended on the case.

8.     On June 8, 2017, the Sixth Circuit vacated the earlier award of attorneys' fees and remanded for a recalculation of the fees (*Exhibit A*).

9.     In its Opinion, the Sixth Circuit asked Henry Ford's counsel to show cause why he should not be sanctioned. *Id.* The show cause was related to Defendant's decision to file a Motion to Strike with the Sixth Circuit, but the Sixth Circuit noted that "Henry Ford used the motion in a similarly inappropriate fashion

below, where it filed three separate motions to strike specific claims from Reeser's complaint." *Id.* at 9. In addition, the Sixth Circuit found "Henry Ford's counsel initiated much of the dilatory conduct" and engaged in "antagonistic behavior" before the District Court. *Id.* at 10.

10.    Now that the Court has issued its judgment, Plaintiff files this Supplemental Motion for Attorneys' Post-Judgment Fees and Fees on Appeal. For her Motion, Plaintiff requests $45,260.00 in attorneys' fees for time spent filing her Motion for Attorneys' Fees and Reply Brief, responding to Defendant's Post-Judgment Motions, and time spent and on Appeal. (*Exhibit A*) The amount requested is $275 per hour for time spent on this case by Keith Flynn and $250 per hour for time spent on this case by Adam Graham.

11.    The Whistleblower Protection Act provides a court with discretion to award "reasonable attorney fees." MCL § 15.364.

12.    The Sixth Circuit allows parties to recover attorneys' fees for time spent litigating an attorneys' fees award, which is also referred to as "fees for fees." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006). Although the Sixth Circuit previously placed a cap on "fees for fees"[1] litigation at 3% of the hours in the main case when the issue was submitted on the papers without

---

[1] "Fees for fees" is a reference to receiving attorneys' fees for time spent litigating an attorneys' fees award.

a trial and 5% of the hours in the main case when a trial was necessary unless there were unusual circumstances, *see Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986), the Sixth Circuit recently eliminated the cap on attorneys' fees even in the absence of unusual circumstances, *see The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016) (abrogating *Coulter*). Therefore, Plaintiff is entitled to the full fee for having to litigate her request for attorneys' fees.

13.     Plaintiffs that are successful on appeal may request fees for the time spent pursuing the appeal. *See e.g.*, *Clements v. Prudential Protective Servs., LLC*, 659 F. App'x 820, 827 (6th Cir. 2016) ("[I]t is . . . [hard] to imagine that Clements's attorneys would not be entitled to compensation for the hours they spent . . . pursuing a successful appeal.").

14.     It is appropriate for Plaintiff to seek attorneys' fees on appeal with this Court. *Schellenberg v. Rochester Michigan Lodge No. 2225, of Benev. & Protective Order of Elks of U.S.A.*, 228 Mich. App. 20, 56, 577 N.W.2d 163, 179 (1998) (finding that it is proper to award appellate attorney fees under Michigan's Civil Rights Act, M.C.L. § 37.2802; M.S.A. § 3.548(802) (citing *McLemore v. Detroit Receiving Hosp.*, 196 Mich.App. 391, 402-403, 493 N.W.2d 441 (1992)). The Michigan Court of Appeals has held that "case law interpreting MCL 37.2802 under the Elliott-Larsen Civil Rights Act (CRA) is applicable to MCL 15.364 [the WPA]."

4

*Gomery v. Crest Fin., Inc.*, No. 250881, 2005 WL 658818, at *1 (Mich. Ct. App. Mar. 22, 2005) (attached as *Exhibit B*).

15.     Plaintiff sought but was unable to receive concurrence in the relief requested by this Motion.

16.     Plaintiff is aware that the Sixth Circuit has issued a mandate and has withdrawn this mandate. If the District Court find that it lacks jurisdiction to hear this motion, Plaintiff would ask that the Court defer its ruling until such jurisdiction is conferred.

WHEREFORE, and for the reasons stated above, Plaintiff respectfully requests that the Court award Plaintiff $45,260.00 in attorneys' fees for time spent litigating the appeal, time spent responding to Defendant's post-judgment motions, and time spent seeking attorneys' fees.

Respectfully submitted,

MILLER COHEN, P.L.C.

By: /s/ Adam C. Graham
    Keith D. Flynn (P74192)
    Adam C. Graham (P79361)
    *Attorneys for Plaintiff*
    600 W. Lafayette Blvd., 4th Floor
    Detroit, Michigan 48226
Dated: July 6, 2017    (313) 964-4454

## **TABLE OF CONTENTS**

**NAME**                                                                                    **PAGE**

INDEX OF AUTHORITIES...........................................................................ii, ii, iii

I.      INTRODUCTION ...........................................................................2

II.     ARGUMENT....................................................................................3

     A.      Awarding Ms. Reeser Attorney Fees For Responding To
           Post-Judgment Motions And Time Spent On Her
           Successful Appeal Is Appropriate Under The Law ..............................3

     B.      Ms. Reeser's Attorney Fees Are Reasonable ......................................4

     C.      The *Wood* and MRPC Factors Support Plaintiff's Fee
           Request .............................................................................................7

           1.      The Experience, Reputation and Ability of The
                 Attorneys .................................................................8
           2.      The Difficulty of the Case and the Novelty of the
                 Questions Involved ..................................................8
           3.      The Amount in Question and the Resulted Achieve .................9
           4.      The Expenses Incurred............................................................10
           5.      The Nature and Length of the Professional
                 Relationship with the Client......................................................10
           6.      The Likelihood, if Apparent to the Client, That the
                 Acceptance of the Particular Employment Will
                 Preclude Other Employment By the Lawyer............................10
           7.      The Time Limitations Imposed By the Cient or By
                 The Circumstances....................................................................11
           8.      Whether the Fee is Fixed or Contingent. ...................................11

III.    THE AMOUNT OF COSTS AND ATTORNEYS' FEES………………...11

# INDEX OF AUTHORITIES

<u>**CASES**</u>                                                                                               <u>**PAGE**</u>

*Bell v. Prefix, Inc.,*
    784 F. Supp. 2d 778, 783 (E.D. Mich. 2011)………………………………9

*Carlson v. Optima Oil Enterprises, Inc.*,
    No. 279603, 2009 WL 2136879, at *2 (Mich. Ct. App. July 16, 2009)……9

*Coulter v. State of Tenn.,*
    805 F.2d 146, 151 (6th Cir. 1986) .........................................................................3

*Clements v Prudential Protective Servs., LLC*,
    659 F. App'x 820, 827 (5th Cir. 2016) ..................................................................4

*Gomery v. Crest Fin., Inc.*,
    No. 250881, 2005 WL 658818 (Mich. Ct. App. Mar. 22, 2005).........................4

*Gratz v. Bollinger*,
    353 F. Supp. 2d 929, 937 (E.D. Mich. 2005) ......................................................9

*Kennard v Means Indus., Inc.,*
    No. 11-15079, 2014 WL 2892518, at *2 (E.D.Mich. June 26, 2014 ..................4

*Lamar Advert. Co. v. Charter Twp. Of Van Buren,*
    178 F. App'x 498, 502 (6th Cir. 2006) .................................................................3

*McLemore v Detroit Receiving Hosp.,*
    196 Mich.App. 391, 402-403, 493 N.W.2d 441 (1992) .........................................

*Reeder v. City of Wayne,*
    No. 15-CV-10177, 2016 WL 6524144, at *6 (E.E. Mich. Nov. 3, 2016)............5

*Reeser v Henry Ford Hospital,*
    No. 16-2303, 2017 WL 2471265, at *3 (6th Cir. June 8, 2017)...........................4

*Schellenberg v. Rochester Michigan Lodge No. 2225, of Bebev. & Protective Order of Elks of U.S.A.,*
228 Mich. App. 20, 56, 577 N.W.2d 163, 179 (1998)..........................................4

*The Ne. Ohio Coal. For the Homeless v. Husted,*
831 F.3d 686, 725 (6th Cir. 2016) ........................................................................3

*Wood v. Detroit Auto. Inter-Ins. Exch.,*
321 N.W.2d 653 (Mich. 1982)..............................................................................7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

**NATALIE REESER**,

                      Case No. 2:14-cv-11916-GCS-MJH

           Plaintiff,       Hon. George Caram Steeh

v

**HENRY FORD HEALTH
SYSTEM**,

           Defendant.

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

### BRIEF IN SUPPORT OF PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES POST-JUDGMENT AND ON APPEAL

    NOW COMES Plaintiff Natalie Reeser, by and through her attorneys MILLER COHEN, P.L.C., and for her Brief in Support of her First Supplemental Motion for Attorneys' Fees Post-Judgment and On Appeal, states the following:

1

# I.   INTRODUCTION

Plaintiff Natalie Reeser prevailed at trial against Defendants on her claim under the Michigan Whistleblowers' Protection Act ("WPA").  Under the WPA, Ms. Reeser is entitled to her costs and attorney fees. On June 15, 2016, Plaintiff filed a Motion for Attorneys' Fees with the United States District Court for fees associated with pursuing her claim through trial. The Court subsequently ruled on that Motion and awarded Plaintiff $10,000 in fees.

After the trial was concluded in this matter, Defendant filed a renewed Motion for Judgment (Dkt.115), a corrected renewed Motion for Judgment (Dkt. 116), and a Motion for Post-Judgment Discovery Sanctions. (Dkt. 123) Plaintiff was forced to respond to these lengthy motions which were ultimately denied.

Plaintiff filed an appeal of the Court's decision on her attorneys' fees to the Sixth Circuit Court of Appeals. (Dkt. 136) On June 8, 2017, the Sixth Circuit vacated the earlier award of attorneys' fees and remanded for a recalculation. (*Exhibit A*) In its Opinion, the Sixth Circuit asked Defendant's counsel to show cause why he should not be sanctioned for needlessly prolonging this litigation. *Id.* The court also noted counsel had used motions in an "inappropriate fashion below" with "antagonistic behavior" leading to "much of the dilatory conduct." *Id.* at 10.

Now, Plaintiff brings this Motion to seek to collect her attorneys' fees for the time spent responding to Defendant's Post-Judgment Motions, pursuing her

2

attorneys' fees, and on her successful appeal.

## II.   ARGUMENT

### A.   AWARDING MS. REESER ATTORNEY FEES FOR RESPONDING TO POST-JUDGEMENT MOTIONS AND TIME SPENT ON HER SUCCESSFUL APPEAL IS APPROPRIATE UNDER THE LAW

The Whistleblower Protection Act ("WPA") provides a court with discretion to award "reasonable attorney fees." MCL § 15.364.

The Sixth Circuit allows parties to recover attorneys' fees for time spent litigating an attorneys' fees award, which is also referred to as "fees for fees." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006). Although the Sixth Circuit previously placed a cap on "fees for fees"[2] litigation at 3% of the hours in the main case when the issue was submitted on the papers without a trial and 5% of the hours in main case when a trial was necessary unless there were unusual circumstances, *see Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986), the Sixth Circuit recently eliminated the cap on attorneys' fees even in the absence of unusual circumstances. *See The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016) (abrogating *Coulter*). Therefore, Plaintiff is entitled to the full fee for having to litigate both her request for attorneys' fees.

Plaintiffs that are successful on appeal may request fees for the time spent

---

[2] "Fees for fees" is a reference to receiving attorneys' fees for time spent litigating an attorneys' fees award.

3

pursuing the appeal. *See e.g.*, *Clements v. Prudential Protective Servs., LLC*, 659 F. App'x 820, 827 (6th Cir. 2016) ("[I]t is . . . [hard] to imagine that Clements's attorneys would not be entitled to compensation for the hours they spent . . . pursuing a successful appeal."). It is appropriate for Plaintiff to seek attorneys' fees on appeal with this Court. *See, Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006); *Schellenberg v. Rochester Michigan Lodge No. 2225, of Benev. & Protective Order of Elks of U.S.A.*, 228 Mich. App. 20, 56, 577 N.W.2d 163, 179 (1998) (finding that it is proper to award appellate attorney fees under Michigan's Civil Rights Act, M.C.L. § 37.2802; M.S.A. § 3.548(802) (citing *McLemore v. Detroit Receiving Hosp.*, 196 Mich.App. 391, 402-403, 493 N.W.2d 441 (1992)). The Michigan Court of Appeals has held that "case law interpreting MCL 37.2802 under the Elliott-Larsen Civil Rights Act (CRA) is applicable to MCL 15.364 [the WPA]." *Gomery v. Crest Fin., Inc.*, No. 250881, 2005 WL 658818, at *1 (Mich. Ct. App. Mar. 22, 2005) (attached as *Exhibit B*). Therefore, it is appropriate to award Plaintiff fees for responding to Defendant's Post-Judgement Motions and for the time spent on her successful appeal.

## B.    MS. REESER'S ATTORNEY FEES ARE REASONABLE

In determining reasonable attorneys' fees, the Court must first establish a lodestar. *Reeser v. Henry Ford Hospital*, No. 16-2303, 2017 WL 2471265, at *3 (6th Cir. June 8, 2017) (attached as Exhibit A). Plaintiff is requesting an hourly

rate for Keith Flynn of $275 per hour and a rate for Adam Graham of $250 per hour.[3]

Keith Flynn, the lead attorney in this case, has dedicated his legal career to the litigation of labor and employment law claims brought by unions and employees against their employers. He has successfully represented numerous other clients regarding FMLA Interference and other similar claims of wrongful termination. He is currently with the law firm of Miller Cohen, P.L.C. and is the Senior Associate of the firm. Out of the nine attorneys working for the firm, two have been recognized as "Super Lawyers" and two have been recognized as "Rising Stars" in Michigan Super Lawyer magazine. The firm has also been recognized in DBusiness Journal as top lawyers in Michigan.

Mr. Flynn graduated summa cum laude from Albion College with a Bachelor's degree in Political Science and Management. He then attended Michigan

---

[3] Roughly eight months ago, Judge Drain determined that Keith Flynn's hourly rate was $225 per hour. *Reeder v. City. of Wayne*, No. 15-CV-10177, 2016 WL 6524144, at *6 (E.D. Mich. Nov. 3, 2016) (Attached as Exhibit G). While $225 per hour exceeds the hourly rate that Defendant advocated for in response to Plaintiff's initial motion, respectfully, $225 is still below the average attorney practicing labor and employment law in the City of Detroit. See discussion *infra* 6-7. Since the decision in *Reeder* was issued on November 3, 2016, more than eight months ago, counsel in the matter at bar have been engaged in intense litigation for which the earlier decision in *Reeder* could not take into account in determining an appropriate, reasonable hourly rate. In addition, this opinion is unpublished, not controlling, and involved the award of attorneys' fees under a federal statue, the Family and Medical Leave Act, pursuant to federal law.

5

State University where he attained his Juris Doctorate cum laude and a Master's degree in Human Resources and Labor Relations. While at Michigan State, he served on the editorial board of the Michigan State Law Review. He has worked for the National Labor Relations Board in Detroit and acted as a member of the Bargaining Support Team at Michigan State University assisting in negotiating the first contract for a newly certified bargaining unit of non-tenured track faculty. Mr. Flynn is also a proud recipient of the Spirit of Detroit Award. In over six years of practice, he has successfully acted as lead counsel in several jury trials, administrative hearings, and arbitration. For more information from Mr. Flynn please see his affidavit attached as *Exhibit C*.

Adam Graham, the associate in this case, has practiced law for two and a half years and has practiced labor and employment law for more than two years. In this time, Mr. Graham has represented nearly 100 clients in labor and employment disputes and has litigated claims in the Eastern and Western Districts of Michigan, the Sixth Circuit Court of Appeals, Michigan's Circuit Courts, the Occupational Safety and Health Administration, the Department of Labor Office of Administrative Law Judges, the State of Michigan Administrative Hearing System, and in arbitration. Before practice, Mr. Graham served as a law clerk in a Michigan Circuit Court. Mr. Graham graduated with honors from the University of Michigan Law School and George Washington University. For more information from Mr. Graham,

please see his affidavit attached as *Exhibit D*.

According to the State Bar of Michigan's publication "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report," Ms. Reeser's attorney fee request is reasonable (*Exhibit E*). According to the survey, the average billing rate for an associate is $218 per hour (75th percentile of $250 per hour) and for a senior associate is $264 per hour (75th percentile of $300 per hour). *Id.* For a law firm the size of Miller Cohen P.L.C. (ten attorneys), the average billing rate is $273 per hour. *Id.* The average billing rate for a law firm located in Downtown Detroit (where Miller Cohen P.L.C. is located) is $304 per hour. *Id.* And the average billing rate for a plaintiff's attorney practicing employment law is $274 per hour. *Id.*

The hours expended in post-judgment litigation and on appeal is 173.75 hours. Of this, 55.9 hours were spent responding to Defendant's post-judgment motions and filing a Motion for Attorneys' Fees and 117.85 hours were spent on the successful appeal. This time reflects a reasonable expenditure of time, especially given the Sixth Circuit's finding that Defendant's counsel needlessly prolonged litigation through motion practice at both the trial level and appellate level.

## C. THE *WOOD* AND MRPC FACTORS SUPPORT PLAINTIFF'S FEE REQUEST

After determining a lodestar, the Court must consider the eight (8) factors enumerated in Michigan Rule of Professional Conduct 1.5 and *Wood v. Detroit Auto. Inter-Ins. Exch.*, 321 N.W.2d 653 (Mich. 1982):

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent.

*Reeser* at *3 (citing *Pirgu* at 264).

### 1.  The Experience, Reputation and Ability of the Attorneys

As discussed above, both Mr. Flynn and Mr. Graham have extensive experience in labor and employment law. Their firm, Miller Cohen, P.L.C. is a well-known and respected Labor and Employment firm. For additional information, please see the affidavits submitted as *Exhibit C* and *Exhibit D*.

### 2.  The Difficulty of the Case and the Novelty of the Questions Involved

This action was lengthy and involved. With the Appeal, it has now lasted over three (3) years, it involved numerous depositions and motions, and the outcome was only determined after a seven-day jury trial. The issue on appeal was an important issue, establishing with clarity the process by which to determine attorneys' fees under numerous statutes in Michigan.

### 3.  The Amount in Question and the Resulted Achieved

Here, Plaintiff was successful both at trial and on appeal. Plaintiff accomplished her goal of recovering actual damages. *Reeser* at *1. On appeal, Plaintiff was successful in establishing important precedent, which will assist whistleblowers in finding representation to assist them in pursuing their claims.

In *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011), the court found that "[a]lthough the jury awarded significantly less than requested, it does not change the nature of those damages from actual to nominal." *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011). "[T]he Court will not reduce Plaintiff's attorney's fees simply for a lack of success." *Id.* While a court may reduce a plaintiff's attorney's fee award if a plaintiff does not accomplish "the main goal" of her litigation, "main goal" refers to whether or not plaintiff prevails on the counts most important to her case, not the amount of the recovery. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005) ("While Plaintiffs now attempt to downplay the primacy of their argument that the use of racial preferences in undergraduate admissions always violates the Constitution, the Court agrees with Defendants that Plaintiffs' ***main goal*** in this litigation ***was to prevail on this issue***.") (emphasis added). Similarly, in *Carlson v. Optima Oil Enterprises, Inc.*, No. 279603, 2009 WL 2136879, at *2 (Mich. Ct. App. July 16, 2009), the Michigan Court of Appeals found that attorneys' fees may be reduced based on a plaintiff's "limited

9

success." However, "limited success" in this context refers to failing to prevail on a particular claim, not on the amount of a judgment. *Id.*

### 4.  The Expenses Incurred

Given opposing counsel's habit of using motions in an "inappropriate fashion," engaging in "dilatory conduct," and "antagonistic behavior," the amount spent responding to Defendant's Motions and on Appeal is reasonable. *Reeser* at *5. The hours expended were significant, but were expended to fight off frivolous motions that could have had a catastrophic impact on the case, including Defendant's renewed Motion for Judgment (Dkt.115), Motion for Post-Judgment Discovery Sanctions, and Motion to Strike.

### 5.  The Nature and Length of the Professional Relationship with the Client

As discussed above, Plaintiff's attorneys have represented her for over three (3) years in this matter, working with her through her moves and job changes. Ms. Reeser and both Mr. Flynn and Mr. Graham worked very closely on this case.

### 6.  The Likelihood, if Apparent to the Client, That the Acceptance of the Particular Employment Will Preclude Other Employment By the Lawyer

Plaintiff's attorneys have devoted over 1000 hours to this case and more than 140 hours post-judgment and on appeal. Had Plaintiff not been forced to try this issue and engage in this appeal, Plaintiff's attorneys could have litigated other cases resulting in additional revenue and far less cost.

**7. The Time Limitations Imposed By the Client or By the Circumstances**

Once again, Plaintiff and her attorneys' have been litigating this case for three (3) years. As a result of the acrimonious nature of Defendant's motion practice and the necessary appeal in the matter, her attorneys have had to forego other work and devote years of resources and attention that could have been used in pursuit of justice for even more clients that were wrongfully terminated.

**8. Whether the Fee is Fixed or Contingent**

Plaintiff's attorneys agreed to litigate her claim on a contingency basis and will receive only those fees awarded by the Court.

### III.   AMOUNT OF COSTS AND ATTORNEY FEES

The itemization of the $45,260.00 in attorney fees is attached hereto (*Exhibit F*).

WHEREFORE, Plaintiff requests that this Court award her attorneys' fees of $45,260.00.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/ Adam C. Graham
      Adam C. Graham (P79361)
      *Attorneys for Plaintiff*
      600 W. Lafayette Blvd., 4th Floor
      Detroit, Michigan 48226
Dated: July 6, 2017      (313) 964-4454

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATALIE REESER**,

                Plaintiff,

v

**HENRY FORD HEALTH
SYSTEM**,

                Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

---

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 39500 High Pointe Blvd., Ste. 350 |
| Detroit, MI 48226-0840 | Novi, MI 48375 |
| (313) 964-4454 Phone | (248) 567-7828 Phone |
| (313) 964-4490 Fax | (248) 567-7423 Fax |

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on *July 6, 2017*, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system, which will send

notification of such filing to all attorneys of record.

           Respectfully submitted,

           **MILLER COHEN, P.L.C.**

           By: /s/Adam C. Graham
                Adam C. Graham (P79361)
                *Attorneys for Plaintiff*
                600 W. Lafayette Blvd., 4th Floor
                Detroit, MI  48226

1