# EXHIBIT B

Gomery v. Crest Financial, Inc., Not Reported in N.W.2d (2005)
2005 WL 658818

KeyCite Yellow Flag - Negative Treatment
Distinguished by Reeser v. Henry Ford Health System, E.D.Mich.,
August 17, 2016

2005 WL 658818
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

Aileen GOMERY, Plaintiff/Counter-
Defendant-Appellee/Cross-Appellant,
v.
CREST FINANCIAL, INC., and Linda
Dargis-Giroux, Defendants/Counter-
Plaintiffs-Appellants/Cross-Appellees.

No. 250881.
|
March 22, 2005.

Before: SAAD, P.J., and SMOLENSKI and COOPER,
JJ.

[UNPUBLISHED]

PER CURIAM.

*1 Defendant Crest Financial, Inc. [1] appeals as of right
from an order granting plaintiff Aileen Gomery attorney
fees in this wrongful termination action. Plaintiff cross-
appeals from an order limiting her damages. We affirm the
trial court's order limiting plaintiff's damages. However,
we vacate the award of attorney fees and remand to allow
the trial court to make findings of fact regarding the
reasonableness of the awarded fees.

I. Facts and Procedural Background

This action arose when defendant terminated plaintiff's
employment in June of 2002. The termination occurred
one week after plaintiff threatened to contact the
Department of Labor regarding defendant's failure to pay
her accurate commissions. The termination also occurred
on the same day that plaintiff's doctor placed her on

leave due to work-related stress. As a result, plaintiff
filed suit alleging that she was terminated in violation
of the Whistleblowers' Protection Act (WPA) [2] and the
Worker's Disability Compensation Act. [3] Before trial,
the court granted defendant partial summary disposition
under MCR 2.116(C)(10) and limited plaintiff's damages
based on her failure to mitigate by accepting an offer
for similar employment. Following a three-day jury trial,
plaintiff was awarded $5,000. The trial court subsequently
awarded plaintiff $35,715 in attorney fees pursuant to
MCL 15.364.

II. Attorney Fees under the WPA

Defendant argues that the trial court abused its discretion
in awarding plaintiff $35,715 in attorney fees. Defendant
contends that plaintiff was not a prevailing party, that the
award was disproportionate to plaintiff's damages, and
that the trial court abdicated its responsibility to exercise
discretion in determining the reasonableness of the award.
We review a trial court's award of attorney fees under the
WPA for an abuse of discretion. [4]

We disagree with defendant's contention that plaintiff was
not a prevailing party. "In order to be considered the
prevailing party, [the party is] required to show at the very
least that its position was improved by the litigation." [5]
Under the "improved position" test, a plaintiff's position
"improves" when the plaintiff receives a judgment "in an
amount greater than the offer made by defendants." [6]
Defendant argues that plaintiff did not prevail because
the jury's award was very small compared to the amount
she sought during settlement negotiations. However, the
amount sought by plaintiff during settlement negotiations
is immaterial. Plaintiff was a prevailing party because the
judgment in her favor exceeded defendant's $500 offer of
judgment.

Furthermore, in awarding costs and attorney fees under
the WPA, the trial court is merely required to determine
that "the award is appropriate." [7] "Because the WPA is a
remedial statute, it is to be liberally construed to favor the
persons the Legislature intended to benefit." [8] Due to its
nearly identical language, this Court has held that case law
interpreting MCL 37.2802 under the Elliott-Larsen Civil
Rights Act (CRA) is applicable to MCL 15.364. [9] Under

Gomery v. Crest Financial, Inc., Not Reported in N.W.2d (2005)

2005 WL 658818

the CRA, "[t]o be considered a prevailing party, a plaintiff must receive at least some relief on the merits of plaintiff's claim, such as an award of damages, an injunction, or a declaratory judgment on a favorable consent decree or settlement." [10] As the jury verdict was in plaintiff's favor and she received some relief, she was also a prevailing party under the WPA.

**\*2** Therefore, the trial court had discretion to

> determine the reasonable amount of fees according to various factors, including (1) the skill, time, and labor involved, (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer, (3) the fee customarily charged in that locality for similar services, (4) the amount in question and the results achieved, (5) the expense incurred, (6) the time limitations imposed by the client or the circumstances, (7) the nature and length of the professional relationship with the client, (8) the professional standing and experience of the attorney, and (9) whether the fee is fixed or contingent. [11]

Defendant contends that the trial court's award was unreasonably disproportionate to the amount of actual success plaintiff achieved at trial. This Court has emphasized that "the [United States] Supreme Court has held that the degree of plaintiff's success is a 'crucial' factor in determining a proper award of attorney fees...." [12] A trial court *may* reduce an award of attorney fees on the basis of a plaintiff's limited success, [13] but is not required to do so. Therefore, the trial court did not abuse its discretion by failing to limit plaintiff's award of attorney fees based solely on her limited success at trial.

Defendant also contends that the trial court failed to engage in *any* consideration of the several factors. We agree. "[F]ailure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." [14] The trial court's opinion contains an accurate summary of the purposes of the WPA and the factors to be considered under *Grow,* as well as a similar set of factors under *Crawley v. Schick.* [15] However, the trial court's opinion contains no findings of fact regarding any of the factors. The trial court stated that "Plaintiff seeks to recover attorney fees in the amount of $36,180." The trial court reduced that amount by $465, because the trial court agreed with defendant that three items should not have been included on plaintiff's billing statement.

A "trial court need not detail its findings as to each specific factor considered." [16] However, the trial court is required to make findings of fact. [17] The trial court's bare conclusion that $35,715 was a reasonable amount of attorney fees is insufficient to show that it properly considered the reasonableness of plaintiff's requested fees. Accordingly, we must remand to allow the trial court to make a record of it findings regarding the reasonableness of the awarded fees. [18]

### III. Mitigation of Damages

Plaintiff argues that the trial court erroneously granted defendant partial summary disposition, on the grounds that she failed to mitigate her damages by declining a job offer in favor of seeking a better job. We disagree. This Court reviews a trial court's determination regarding a motion for summary disposition de novo. [19] A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. [20] "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in [the] light most favorable to the nonmoving party to decide whether a genuine issue of material fact exists." [21] Summary disposition is appropriate only if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. [22]

**\*3** Although a plaintiff is required to mitigate her damages, a plaintiff is not required "to make *all* efforts to eliminate the economic damages resulting from the wrongdoing. Rather, [she] is only required to make efforts that are reasonable under the circumstances to find employment." [23] A plaintiff is not required "to accept an unacceptable job" or "employment that he or she finds demeaning, particularly inconvenient, or otherwise unacceptable," but a plaintiff *is* obligated "to accept,

Case 2:14-cv-11916-GCS-SDD ECF No. 145-2 PageID.5154 Filed 07/06/17 Page 4 of 5

2005 WL 658818

if offered, employment that is substantially similar to that from which the plaintiff was fired." [24] Although a defendant cannot use the duty to mitigate as a "sword," a defendant is entitled to some measure of protection against unnecessary loss-a plaintiff does not have an unlimited right to pick and choose. [25]

Plaintiff stated at her deposition that she was presented with two job offers in October of 2002, one with Wells Fargo and one with John Adams Mortgage Company. Her later affidavit states that John Adams did not extend an offer until December. However, a party may not submit an affidavit contradicting earlier sworn testimony in order to create an issue of fact and defeat a motion for summary disposition. [26] Both plaintiff's deposition testimony and her affidavit state that she turned down these jobs solely because she was seeking a better one, not because she found them unacceptable. Therefore, there was no factual dispute that plaintiff voluntarily extended her period of unemployment merely because she wanted better, rather than like, employment. Accordingly, summary disposition was appropriate.

Affirmed in part. We vacate the trial court's award of attorney fees and remand for a factual determination regarding the reasonableness of the requested fees. We do not retain jurisdiction.

**All Citations**

Not Reported in N.W.2d, 2005 WL 658818

Footnotes

1   While both defendants are named as appellants, only Crest Financial actually has an interest in this appeal. Therefore, we will refer to Crest Financial as the singular defendant.
2   MCL 15.361 *et seq.*
3   MCL 418.101 *et seq.*
4   *O'Neill v. Home IV Care, Inc,* 249 Mich.App 606, 612; 643 NW2d 600 (2002).
5   *Citizens Ins Co of America v. Juno Lighting, Inc,* 247 Mich.App 236, 245; 635 NW2d 379 (2001).
6   *Stamp v. Hagerman,* 181 Mich.App 332, 337; 448 NW2d 849 (1989), citing *LaForest v. Grunow,* 43 Mich.App 254, 256; 204 NW2d 355 (1972).
7   MCL 15.364.
8   *O'Neill, supra* at 614.
9   *Id.* at 612-613.
10  *Meyer v. Center Line,* 242 Mich.App 560, 576; 619 NW2d 182 (2000).
11  *Grow v. WA Thomas Co,* 236 Mich.App 696, 714-715; 601 NW2d 426 (1999), citing *Wood v. DAIIE,* 413 Mich. 573, 588; 321 NW2d 653 (1982).
12  *Schellenberg v Rochester Michigan Lodge No 2225, of Benevolent & Protective Order of Elks of USA,* 228 Mich.App 20, 47; 577 NW2d 163 (1998), quoting *Collister v. Sunshine Food Stores, Inc,* 166 Mich.App 272, 275; 419 NW2d 781 (1988) (emphasis omitted).
13  *Id.* at 45-46.
14  *Rieth v. Keeler,* 230 Mich.App 346, 348; 583 NW2d 552 (1998), quoting *People v. Stafford,* 434 Mich. 125, 134 n 4; 450 NW2d 559 (1990).
15  *Crawley v. Schick,* 48 Mich.App 728, 737; 211 NW2d 217 (1973).
16  *Wood, supra* at 588.
17  *B & B Investment Group v. Gitler,* 229 Mich.App 1, 16; 581 NW2d 17 (1998), quoting *Howard v. Canteen Corp,* 192 Mich.App 427, 437; 481 NW2d 718 (1992).
18  See *JC Building Corp II v. Parkhurst Homes, Inc,* 217 Mich.App 421, 430-431; 552 NW2d 466 (1996).
19  *Beaudrie v. Henderson,* 465 Mich. 124, 129; 631 NW2d 308 (2001).
20  *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc,* 238 Mich.App 394, 397; 605 NW2d 685 (1999).
21  *Singer v. American States Ins,* 245 Mich.App 370, 374; 631 NW2d 34 (2001).
22  *MacDonald v. PKT, Inc,* 464 Mich. 322, 332; 628 NW2d 33 (2001).
23  *Morris v. Clawson Tank Co,* 459 Mich. 256, 264; 587 NW2d 253 (1998) (emphasis in original).
24  *Id.* at 265, citing *Ford Motor Co v. EEOC,* 458 U.S. 219, 231-232; 102 S Ct 3057; 73 L.Ed.2d 721 (1982).

Gomery v. Crest Financial, Inc., Not Reported in N.W.2d (2005)

2005 WL 658818

25    *Id.* at 265, 268.

26    *Dykes v. William Beaumont Hosp,* 246 Mich.App 471, 480; 633 NW2d 440 (2001).

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.