# EXHIBIT G

2016 WL 6524144
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Yasin Reeder, Plaintiff,
v.
County of Wayne, Defendant.

Case No. 15-cv-10177
|
Signed 11/03/2016

**Attorneys and Law Firms**

Adam Michael Taub, Keith D. Flynn, Miller Cohen P.L.C., Detroit, MI, for Plaintiff.

Cheryl Yapo, Wayne County Corporation Counsel, Detroit, MI, Randal M. Brown, Wayne County Corporation Counsel, 500 Griswold, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [62] AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES [70]

Hon. Gershwin A. Drain, United States District Court Judge

### I. INTRODUCTION

*1 This Family and Medical Leave Act (FMLA) case was tried before a jury in July 2016. At the conclusion of the six-day trial, the jury returned a verdict in favor of the Plaintiff on one count of FMLA Interference and awarded him $187,500.00 in past economic damages. Dkt. No. 58.

This matter is now before the Court on Plaintiff's and Defendant's post-trial motions for attorneys' fees and costs, accrued pre-judgment interest and post-judgment interest. *See* Dkt. No. 62, 70. Defendant responded in opposition to Plaintiff's Motion, to which Plaintiff replied. *See* Dkt. No. 64, 67. Similarly, Plaintiff responded in opposition to Defendant's Motion. *See* Dkt. No. 74. Defendant did not reply to Plaintiff's response.

The Court heard oral argument on this matter on October 31, 2016, and at the conclusion of the hearing, took the matter under advisement. Having had the opportunity to review the parties' briefs, supporting documents, and the entire record of this matter, and having reviewed and considered the oral arguments of counsel, the Court is now prepared to rule on this matter. For the reasons stated below, the Court grants Plaintiff's Motion and denies Defendant's Motion.

### II. DISCUSSION

Under the American Rule, "parties are ordinarily required to bear their own attorney's fees," "absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602–03, (2001). Nevertheless, Congress has provided that a "prevailing party" may be awarded attorney's fees under numerous statutes, including the Civil Rights Act of 1964, 78 Stat. 259, 42 U.S.C. § 2000e-5(k), and the Americans with Disabilities Act of 1990 (ADA), 104 Stat. 327, 42 U.S.C. § 12205. Whether fees are awarded is a matter within the Court's discretion. *See id.* Additionally, Congress designated that an award of attorney's fees, reasonable expert witness fees, and other costs is mandatory when the plaintiff has proved that the defendant violated the Family Medical Leave Act (FMLA). *See* 29 U.S.C. § 2617(a)(3); *Bond v. Abbott Labs.*, 188 F.3d 506 (6th Cir. 1999) (per curiam).

**A. Defendant's Motion for Attorneys' Fees**
Defendant seeks attorneys' fees under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 12205. The Court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs" for claims brought under the ADA. 42 U.S.C. § 12205. Similarly, the Court, "in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs," for claims under Title VII. 42 U.S.C. § 2000e-5(k).

Defendant asserts that because Plaintiff's Title VII, ADA, and FMLA retaliation claims did not result in a favorable jury verdict, it is entitled to attorneys' fees in the amount of $208,867.50. Dkt. No. 70, p. 3 (Pg. ID No. 1642).

A prevailing defendant must meet a stricter standard to qualify for a fee award than a prevailing plaintiff under civil rights statutes. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980). A defendant is entitled to fees when the plaintiff's action was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.*

*2 The Supreme Court specifically cautioned against granting awards of attorneys' fees too freely to prevailing defendants:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). *See also Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.").

In the present case, Plaintiff's complaint originally alleged ten claims for discrimination arising out of his mental disabilities of anxiety and depression, his employer's refusal to accommodate his medical restrictions, and claims that coworkers of other races with physical disabilities were granted accommodations. Dkt. No. 3.

Two of Plaintiff's claims—Counts V and IX[1] for race discrimination under Title VII and the Elliot-Larsen Civil Rights Act (ELCRA)—were dismissed upon Defendant's Motion for Summary Judgment. Dkt. No. 28, p. 36 (Pg. ID No. 563). The Court came to this conclusion by finding that Plaintiff had not carried the burden of establishing he was treated differently than "similarly situated" employees, not by any finding that such claims were frivolous, unreasonable, or without foundation. *See id.*

At trial, the Court granted Defendant's Motion for a Directed Verdict on two more claims, Counts VI and X, finding that Plaintiff failed to satisfy his burden to establish a prima facie case of racial retaliation under Title VII and ELCRA, respectively. *See* Dkt. No. 56. Again, the Court did not find that these claims had been groundless or without foundation. Rather, the Court found that the evidence presented did not meet the minimum standard required to proceed.

After deliberation, the jury determined that Defendant had interfered with Plaintiff's FMLA rights, and awarded him $187,500.00 in past economic damages. Dkt. No. 58. The jury returned a verdict in favor of Defendant on the five other remaining claims, arising under the ADA, Michigan Persons with Disabilities Civil Rights Act, and FMLA. *See id.*

*3 Defendant argues that the "only one claim [that was] assuredly not 'frivolous, unreasonable, or groundless,' " is the one "to which the jury returned a verdict in favor of Plaintiff." Dkt. No. 70, p. 8 (Pg. ID No. 1647). To accept such an argument would be to expressly disregard the Supreme Court's admonition that "a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment*, 434 U.S. at 421–22. The Court declines to engage in hindsight bias, particularly as the facts presented in this case do not warrant such an extreme sanction.

Plaintiff's conduct in filing and maintaining his civil rights claims does not rise to the level of a truly egregious case of misconduct that merits awarding attorney's fees to a defendant pursuant to 42 U.S.C. § 12205 and 42 U.S.C. § 2000e-5(k). Consequently, the Court DENIES Defendant's Motion for Attorneys' Fees [70].

**B. Plaintiff's Motion for Attorneys' Fees**

Plaintiff seeks an award of $ 182,255.00 for attorneys' fees for 692.6 hours of attorney time. Dkt. No. 62, pp. 2, 12 (Pg. ID No. 1430, 1440).

The FMLA provides that the Court, "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). Thus, an award of attorney's fees to a prevailing plaintiff under the FMLA is mandatory, leaving only the amount of the award within the discretion of the judge. Despite the mandatory nature of the fees, courts analyze motions for attorney's fees under the FMLA the same way as motions for discretionary attorney's fees under other civil rights statutes. *Clements v. Prudential Protective Servs.*, LLC, 100 F. Supp. 3d 604, 613–14 (E.D. Mich. 2015), aff'd, No. 15-1603, 2016 WL 4120679 (6th Cir. Aug. 3, 2016) (citing *Bell v. Prefix, Inc.*, 784 F.Supp.2d 778, 781 (E.D. Mich. 2011)).

The Sixth Circuit considers of the twelve-factor test first enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when analyzing the reasonableness of a requested fee. *Reed v. Rhodes*, 179 F.3d 453, 471–72 (6th Cir. 1999). The twelve Johnson factors are:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

488 F.2d at 717–19. The Court will apply the foregoing standards in determining the amount of Plaintiff's award of attorneys' fees in this case.

**1. Time and Labor**

The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

The present case spanned 18 months from the date of filing in January 2015, to the entry of the jury's verdict in July 2016. Defendant filed a motion for summary judgment in January 2016, which entailed briefing and oral argument. After the Court granted the motion in part and denied it in part, the parties were ordered to participate in private facilitation. After a settlement was unable to be reached, the parties took part in a six-day trial that resulted in a favorable verdict for Plaintiff and an award of $187,500.00. Plaintiff's attorneys report working a total of 692.6 hours on the case.

\*4 Plaintiff's attorneys' records do not break down the time spent litigating each individual claim. There were several interrelated claims, asserting discrimination and denial of benefits based on disability and race. Although Plaintiff prevailed only on his FMLA claim, and not on his race and disability discrimination claims, there claims seemed to share a common core of facts with his FMLA interference claim from the beginning to the conclusion of the case. More specifically, Plaintiff

seemed to consistently assert that he was denied FMLA benefits as a black employee with a mental disability, while white employees with physical disabilities were granted disability accommodations and FMLA benefits. Accordingly, his disability and discrimination claims were involved somewhat similar facts and evidence, all pertaining to Plaintiff's main claim that his employer interfered with his FMLA rights, which was the basis for the damages the jury awarded. Thus, it would be difficult for the Court to divide the hours expended, when it seems that counsel's time was "devoted generally to the litigation as a whole." *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (quoting *Hensley,* 461 U.S. at 433).

The documentation of hours illustrates that Mr. Flynn engaged in "block billing," wherein long periods of multiple types of work are described in a single entry. *See, e.g.*, Dkt. No. 62-2, pp. 29–32 (Pg. ID No. 1484–87) ("Reviewed pleadings and discovery responses in preparation for trial and researched evidentiary issues re doctors' notes and edited motions in limine and discussed trial strategy with Adam Taub" for 8 hours; "Reviewed new documents from D, spoke with D, reviewed voir dire, verdict form, and jury instructions and drafting powerpoint presentation" for 8 hours). Even entries that do not combine many different tasks are labeled with brief descriptions that do not provide much aid in determining exactly what work was performed. *See id.* (describing over 50 hours' worth of entries with the words "prepped client" from June 21, 2016 to July 6, 2016). Such types of entries make it difficult for the Court to determine the number of hours expended on discrete tasks, and whether that number of hours is reasonable. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005).

### 2. Novelty and Difficulty of the Questions

Here, the parties litigated a number of issues related to Plaintiff's case, with a focus on the FMLA claims throughout the entirety of the proceedings. Much of the proceedings dealt with whether the notice Plaintiff gave was adequate to apprise his employer of his request to take FMLA leave. Another issue that arose was the question of whether Plaintiff's prior arbitration precluded his ability to recover under federal civil rights statutes. The records submitted by Plaintiff's attorneys detail substantial preliminary research on the case, prior to even filing the complaint. *See* Dkt. No. 62, pp. 2–3, 24–25 (Pg. ID No. 1457–58, 1479–80).

### 3. Skill Required to Perform the Legal Service Properly

The FMLA is a complex and extensive statute. In the present case, the issues required better than average legal skills and the case required briefing on substantive motions, as well as trial skills. Plaintiff's attorneys exhibited the skills required and the jury awarded Plaintiff a considerable amount of damages. The verdict the jury rendered for past economic damages far exceeded the amount that Defendant had previously offered in settlement.

### 4. Preclusion of Other Employment

Plaintiff's attorneys assert that they work for a "well-renowned labor and employment law firm in Detroit representing numerous employees and labor unions in active litigation." [citation]

From the date of filing Plaintiff's complaint to the completion of the jury trial, the docket in the Eastern District of Michigan shows that Mr. Taub had at least three other cases and Mr. Flynn had at least six other cases in this Court. It is conceivable that had Plaintiff's attorneys not spent time on Plaintiff's case, they would have spent that time on other clients.

### 5. Customary Fee

*5 This district traditionally relies on State Bar of Michigan's Economics of Law Practice Survey ("the Survey") as evidence of a reasonable billing rate in this district. *Bell*, 784 F. Supp. 2d at 783 ("Michigan federal courts routinely use this publication as evidence of reasonableness in determining attorney's fees."). The most recent Survey was published in 2014.

According to the survey, the average billing rate for an associate is $218 per hour (25th percentile of $175 per hour; 75th percentile of $250 per hour). The average billing rate for a senior associate is $264 per hour (25th percentile of $200 per hour; 75th percentile of $300 per hour). This rate varies by the attorney's years of experience. An attorney who has practiced for one to two years makes an average of $189 per hour; an average of $205 per hour for three to five years of experience; and an average of $236 per hour for six to ten years of experience. The average billing rate for a law firm located in Downtown Detroit is $304 per hour. The average billing

rate for a plaintiff's attorney practicing employment law is $274 per hour.

### 6. Fixed or Contingent Fee

Plaintiff had a contingency-based fee arrangement with his counsel. The Court does not believe that the contingency agreement should affect the award of statutory attorney's fee. Accordingly, using an hourly fee is appropriate to determine reasonable attorneys' fees in this case.

### 7. Time Limitations Imposed

Plaintiff's counsel asserts that this fact is not relevant to the present case.

### 8. Amount Involved and Results Obtained

"The extent of a plaintiff's overall success must be considered in making an award of attorney fees." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). However, a reduction in fees based simply on a ratio of successful claims to claims raised is not permitted. *Id.* Indeed, the Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Deja Vu v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 421 F.3d 417, 423 (6th Cir. 2005).

Yet, as the Supreme Court noted in *Hensley*, there are some cases where a plaintiff achieves only partial success on interrelated and nonfrivolous claims that were raised in good faith. 461 U.S. at 436. ("Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill."). "[T]he most critical factor [in determining a fee award] is the degree of success obtained," such that an attorney should recover a fully compensatory fee for excellent results. *Id.* at 435–36. *See also Waldo v. Consumers Energy Co.*, 726 F.3d 802 (6th Cir. 2013) (finding an award of $400,000 in compensatory damages and $7.5 million in punitive damages on one of seven discrimination claims, sharing a common core of facts, was an excellent result).

In the present case, the jury awarded Plaintiff $187,500 in economic damages. This amount exceeded any settlement proposal offered by Defendant and is also more than double the amount of the case evaluation award ($70,000). Although the jury's award was significantly less than Plaintiff requested, the award was far from nominal. Furthermore, given the Sixth Circuit's repeated admonition that "a reduction in attorney fees [awarded to a prevailing plaintiff] is to be applied only in rare and exceptional cases where specific evidence in the record requires it," the Court hesitates to reduce the fee based on this factor in light of Plaintiff's success. *Waldo*, 726 F.3d at 822 (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005)) (alteration in original). Finding this case is neither rare nor exceptional, the Court will not reduce the attorney's fee request based on the success Plaintiff achieved.

### 9. Experience, Reputation, and Ability of the Attorneys

*6 Keith Flynn, the lead attorney in this case, is requesting a rate of $275 per hour. Mr. Flynn has practiced in the state of Michigan for six years. Mr. Flynn has been counsel in one prior jury trial before the present case. The assisting attorney on this case, Adam Taub, is requesting a rate of $250 an hour. Mr. Taub graduated from law school in May 2013 and less than three years of practice in Michigan, Massachusetts, and Connecticut after passing the bar exam in each state. This case was Mr. Taub's first jury trial.

### 10. Undesirability of the Case

The Court finds no reason to assume that this case, an ordinary employment-discrimination case, is inherently undesirable. *See Bell*, 784 F. Supp. 2d at 782.

### 11. Nature and Length of the Professional Relationship

Plaintiff's counsel asserts that this fact is not relevant to the present case.

### 12. Awards in Similar Cases

Plaintiff argues that *Baier v. Rohr-Mont Motors, Inc.*, No. 12 C 8234, 2016 WL 1247451 (N.D. Ill. Mar. 30, 2016), is a similar case. In *Baier*, a district court approved $389,166.57 in attorneys' fees after a jury found for an employee on six counts and awarded over a million dollars in compensatory and punitive damages. *Id.* Examining the facts present in *Baier*, the Court does not find that it is a similar case. The next case Plaintiff argues is similar is *Gilster v. Primebank*, 884 F. Supp. 2d 811, 878 (N.D. Iowa 2012). In *Gilster*, a jury awarded an employee $900,301

in damages after finding that her employer discriminated against her on basis of her sex and retaliated against her for reporting sexual harassment, in violation of Title VII and the Iowa Civil Rights Act. *Id.* The district court awarded the plaintiff a total of $161,418.24 in attorneys' fees on the case, "considering the exceptionally high 'degree of success obtained.' " *Id.* at 877–79. The Court also does not believe that *Gilster* is similar to the present case.

There are, however, several similar cases in the Eastern District of Michigan. In April 2015, following a jury award of $31,000 in damages in an employee's favor on a FMLA claim, this Court granted $77,233.50 in attorneys' fees. *Clements*, 100 F. Supp. 3d 604. The Court reduced the requested attorneys' fees by 10% for the employee's failure to prevail on Title VII and Michigan Elliott–Larsen Civil Rights claims, where counsel's billing records did not segregate out time spent on those claims as opposed to the FMLA claim. *Id.* In April 2012, this Court awarded an employee's counsel $57,366.64 in attorney's fees after a jury awarded the employee $57,000 in damages on a FMLA interference claim. *Garcia v. Renaissance Glob. Logistics, LLC*, No. 10-13122, 2012 WL 1130543, at *1 (E.D. Mich. Apr. 4, 2012). In August 2009, this Court awarded slightly over $100,000.00 in attorneys' fees to an employee who had been awarded over $275,000.00 in damages by a jury on her FMLA claim. *Mary-Jo Hyldahl v. AT & T*, No. 07-14948BC, 2009 WL 2567197 (E.D. Mich. Aug. 17, 2009).

Attorneys' fees are to be awarded at a reasonable rate under the FMLA. *See* 29 U.S.C. § 2617. "[A] reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 Fed.Appx. 498, 501 (6th Cir. 2006).

Based on the attorneys' years of practice, respective experience, location of practice, and area of practice, the Court will award Mr. Taub's hours at the rate of $175 per hour and Mr. Flynn's hours at the rate of $225 per hour. *See, e.g., Clements*, LLC, 100 F. Supp. 3d at 617 (awarding a rate of $250 per hour for attorneys practicing nine and 26 years; a rate of $200 per hour for attorneys practicing five years; and a rate of $165 per hour for an attorney practicing a few months in a FMLA case). The Court believes that such a rate is sufficient to encourage other competent attorneys to undertake similar legal representation and is commensurate with the skills and quality of lawyering provided.

*7 Additionally, the Court will reduce the time calculations slightly because some of the billing records utilize block billing instead of segregating out the work done on each specific claim. *See, e.g., Clements*, 100 F. Supp. 3d at 618 (reducing the total amount of fees requested for 391 hours of work by 10% for block billing); *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed.Appx. 226, 228 (6th Cir. 2005) (affirming 25% overall reduction for excessive and block billing for 510.25 hours requested). A large reduction is not warranted, given the fact that only one of the attorneys in the case engaged in this practice. Accordingly, the Court will reduce the request for fees by ten percent for the nearly 700 hours Plaintiff's attorneys requested.

Based on the hours requested by Mr. Taub (328.4) and Mr. Flynn (364.2), the rates determined by the Court for Mr. Taub ($175 per hour) and Mr. Flynn ($225 per hour), and in light of the slight reduction for block billing (10%), the Court arrives at a fee award of $125,473.50. [2]

### C. Costs

Plaintiff has also requested reimbursement of the costs incurred by his attorneys, which is contemplated under the FMLA. 29 U.S.C. § 2617(a)(3) ( "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."). Title 28, United States Code, Section 1920, circumscribes the types of costs district courts may tax. *See Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015).

In the present case, Plaintiff requests $7,038.95 in billable costs. Dkt. No. 65, p. 1 (Pg. ID No. 1565). As Defendant does not contest this amount, Dkt. No. 64, p. 4 (Pg. ID No. 1549), the Court will award Plaintiff costs in the full amount of costs requested, $7,038.95.

### D. Pre– And Post-Judgment Interest

*(1) Pre–Judgment Interest*

Under the FMLA, pre-judgment interest "at the prevailing rate" is mandatory. 29 U.S.C. § 2617(a)(1)(A)(ii); *Clements*, 100 F. Supp. 3d at 619. The determination

of the "prevailing rate" is committed to the discretion of the Court because the term is not defined in the statute. *Id.*; *Bell v. Prefix, Inc.*, 500 Fed.Appx. 473, 474 (6th Cir. 2012) ("The statute does not define 'the prevailing rate,' and trial courts have exercised their discretion to find different methodologies of calculation in different contexts."). District courts in the Sixth Circuit generally use the state statutory rate in calculating pre-judgment interest in FMLA cases. *Clements*, 100 F. Supp. 3d at 619.

Defendant does not contest the amount Plaintiff seeks in prejudgment interest, $6,379.14. Dkt. No. 64, p. 4 (Pg. ID No. 1549). Therefore, the Judgment in this case will reflect an award of compensatory damages in the amount of $187,500 plus an award of prejudgment interest in the amount of $6,379.14.

*(2) Post–Judgment Interest*

Title 28, United States Code, Section 1961, governs interest on money judgments obtained in the federal district court. Subsection (a) of Section 1961 provides that, "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The Court takes notice that the published rate for the week ending August 12, 2016 was 0.56%. *See* Federal Reserve Board, Selected Interest Rates, *available at* http://www.federalreserve.gov/releases/h15/20160815/default.htm. Plaintiff shall be entitled to post-judgment interest in this case at that amount.

### III. CONCLUSION

*8 For all of the reasons set forth in this Opinion and Order, and for the further reasons stated by the Court on the record on October 31, 2016,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees [70] is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees [62] is **GRANTED,** as follows:

**IT IS FURTHER ORDERED** that, in addition to the $187,500.00 compensatory damages awarded by the jury on July 12, 2016, Plaintiff shall be awarded pre-judgment interest in the amount of $6,379.14, for a total award of compensatory damages and pre-judgment interest in the amount of $193,879.14.

**IT IS FURTHER ORDERED** that Plaintiff shall also be awarded attorneys' fees in the amount of $125,473.50 and costs in the amount of $7,038.95, for a total award of fees and costs in the amount of $132,512.45.

**IT IS FURTHER ORDERED** that Plaintiff shall also be awarded post-judgment interest at the rate of 0.56% as provided in 28 U.S.C. § 1961.

Let Judgment be entered accordingly.

### IV. JUDGMENT

The Jury having rendered a verdict on July 12, 2016 in favor of Plaintiff Yasin Reeder and against Defendant Wayne County and awarding Plaintiff compensatory damages in the amount of $187,500.00; and the Court having this date entered an Opinion and Order Regarding Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest, and being otherwise fully advised in the premises,

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that **JUDGMENT** is hereby entered, in favor of Plaintiff Yasin Reeder and against Defendant Wayne County for compensatory damages and pre-judgment interest in the total amount of $193,879.14, plus attorneys' fees and costs in the total amount of $132,512.45, plus post-judgment interest accruing from the date of judgment forward at the rate of 0.56% as provided in 28 U.S.C. § 1961.

Dated: November 3, 2016.

**All Citations**

Slip Copy, 2016 WL 6524144

Case 2:14-cv-11916-GCS-SDD ECF No. 145-7, PageID.5229 Filed 07/06/17 Page 9 of 9
Reeder v. County of Wayne, Slip Copy (2016)
2016 WL 6524144

Footnotes

1 Defendant claims in its motion that the Court granted its Motion for Summary Judgment as to Count IV, which is incorrect. Dkt. No. 70, pp. 6–7 (Pg. ID No. 1645–46) ("In its Opinion and Order, this Court granted Defendant's Motion for Summary Judgment as to Counts V and IV of Plaintiff's Complaint which were Plaintiff's claims of race discrimination in violation of Title VII and ELCRA.").

2 $[ (328.4)(\$175) + (364.2)(\$225) ] \times 0.9 = \$139,415.00 \times 0.9 = \$125,473.50$

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.