# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

           Plaintiff,

v

**HENRY FORD HEALTH SYSTEM**
**d/b/a HENRY FORD HOSPITAL**,

           Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh
Magistrate Stephanie Dawkins Davis

| MILLER COHEN, P.L.C. | VARNUM LLP |
|---|---|
| Keith D. Flynn (P74192) | Terrence J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI  48226-0840 | Detroit, MI  48226 |
| (313) 964-4454 | (313) 481-7300 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................. iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................vi

INTRODUCTION ..................................................................................1

ARGUMENT ........................................................................................2

I.     Entitlement to Fees, In Any, Is Governed By State Law, And Under The WPA, Any Award Of Such Fees Is Discretionary...................................2

II.    Plaintiff's Request For "Fees for Fees" Is Premature Because Plaintiff Has Not Been Successful In Her Appeal.......................................................3

III.   Plaintiff Is Not Entitled To Post-Judgment Fees and "Fees For Fees" Under The WPA .................................................................................5

IV.    Even If An Award Of The Requested Attorneys' Fees Was Appropriate Under the WPA, Any Such Award Must Be "Reasonable"...................................8

V.     If This Court Awards Plaintiff Any Attorneys' Fees, The Amount Plaintiff Requests Must Be Significantly Reduced Due To Overinflated Rates And An Excessive Number Of Hours Charged. ..............9

       A.    The Requested Hourly Rates Are Inflated and Unreasonable ...........10

       B.    Excessive, Redundant, Block Billed And/Or Vague Time Entries Are Unreasonable And Must Be Eliminated Or Significantly Reduced. .......................................................14

             1.    Excessive and Redundant Entries. ...........................................14

             2.    Block Billed Entries.............................................................17

             3.    Numerous Time Entries Are Vague..........................................19

VI.    Application Of The *Pirgu* Factors Mandates, At Best, A Small Award.......21

       A.    The Experience, Reputation, And Ability Of The Lawyer Or Lawyers Performing The Services ......................................................21

       B.    The Difficulty of the Case................................................................21

i

C.     The Amount in Question and the Results Obtained ............................22

D.     The Expenses Incurred ........................................................................23

E.     The Nature and Length of the Professional Relationship with the Client ............................................................................................24

F.     The Likelihood, If Apparent To The Client, That Acceptance Of The Particular Employment Will Preclude Other Employment By The Lawyer ................................................................24

G.     The Time Limitations Imposed by the Client or by the Circumstances ...................................................................................24

H.     Whether The Fee Is Fixed Or Contingent ...........................................25

CONCLUSION .................................................................................................25

# INDEX OF AUTHORITIES

## Cases

*ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)..............................................14

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)..........................10

*Alliance Int'l Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226 (6th Cir. 2005)...................................................................................................18

*Auto Alliance Inter., Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226 (E.D. Mich. 2005)...................................................................................................17

*Bailey v. Scoutware*, LLC, No. 12-10281, 2014 WL 11309770 (E.D. Mich. Aug. 19, 2014) ..............................................................................................11

*Blum v. Stenson*, 465 U.S. 886 (1984) .....................................................................8

*Clements v. Prudential Protective Services, LLC*, 100 F.Supp.3d 604, 616 (2015)..................................................................................................11

*Crown Enterprises, Inc. v. City of Romulus*, Docket No. 286525, 2011 WL 1687625 (Mich. Ct. App. May 3, 2011) ......................................................22

*Dallas v. Commr. of Soc. Sec.*, No. 1:13-CV-00591, 2014 WL 1767815 (N.D. Ohio May 2, 2014) ............................................................................14

*Disabled Patriots of America v. Genesis Dreamplex, LLC*, No. 3:05 CV 7153, 2006 WL 2404140 (N.D. Ohio Aug. 18, 206) ...................................17

*Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 884 (E.D. Mich. 2010)..........16

*Fialka-Feldman v. Oakland Univ. Bd. Of Trustees*, No. 08-14922, 2010 WL 2572768 (E.D. Mich. June 23, 2010) ...........................................................11

*Gomery v. Crest Fin., Inc.*, No. 20881, 2005 WL 658818, at *1-2 (Mich. Ct. App. Mar. 22, 2005) ...................................................................................3

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)...................................14

*Gratz v. Bollinger*, 353 F. Supp. 2d 929 (E.D. Mich. 2005) ........................... 18, 22

*Haliw v City of Sterling Heights*, 471 Mich 700 (2005)...........................................6

*Heckmann v. City of Detroit*, No. 267391, 2007 WL 1989518 (Mich. Ct. App. July 10, 2007) .......................................................................3

*Helfman v. GE Group Life Assurance Co.*, No. 06-13528, 2011 WL 1464678 (E.D. Mich. April 18, 2011) .........................................................18

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)................................................8, 21

*Imwalle v. Reliance Med. Prods.*, 515 F.3d 531 (6th Cir. 2008)...........................19

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) .............................................................................................15

*Lease Acceptance Corp. v. Adams*, 724 N.W.2d 724, 733 (Mich. Ct. App. 2006) .................................................................................................3

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) .................................................19

*Northeast Ohio Coal. For the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016) .................................................................................................7

*Pirgu v. United Services Automobile Ass'n*, 499 Mich. 269, 279, 884 N.W.2d 257 (2016)........................................................................................8, 24

*Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp.3d 737 (E.D. Mich. 2014)..........................................................................................17

*Project Vote v. Blackwell*, No. 06-CV-1628, 2009 WL 917737 (N.D. Ohio Mar. 31, 2009) .......................................................................17

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)...............................................8

*Reeder v. County of Wayne*, Case No. 15-cv-10177, 2016 WL 6524144 (E.D. Mich. Nov. 3, 2016)..........................................................13

*Reeser v. Henry Ford Health System*, CASE NO. 14-CV-11916, 2016 WL 4374916 (E.D. Mich. August 17, 2016) .......................................3

*Reeser v. Henry Ford Hospital*, Case No. 16-2303, 2017 WL 2471265 (Sixth Circuit June 8, 2017)..............................................................2

*Smith v. Khouri,* 481 Mich. 579, 585, 751 N.W.2d 472 (Mich. 2008)....................9

*Spellen v. Board of Educ. For Dist. 111*, 69 F.3d 828 (7th Cir. 1995)....................4

*Terry v. Al-Naimi*, No. 07-141-30, 2009 WL 728542 (E.D. Mich. March 19, 2009) ..........................................................................................12

*Tinman v. Blue Cross Blue Shield*, Docket No. 322601, 2015 WL 5657544 (Mich. Ct. App. Sept, 24, 2015) ..................................................5

## **Statutes**

MCL §15.364 .............................................................................. 2, 6, 7

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.      Whether Plaintiff's request for "fees for fees" is premature and should not be considered by this Court, where there has been no definitive adjustment of the attorneys' fees awarded, and therefore Plaintiff cannot maintain that she has been successful?

II.     Whether post-judgment fees and "fees for fees" must be excluded from Plaintiff's request because (1) the WPA does not involve civil rights and the rationale used to support the award of "fees for fees" in civil rights cases is not applicable to the WPA; (2) an award of post-judgment and appellate attorneys' fees cannot be read into the statute language which does not provide for such awards; and (3) even if the WPA did allow for recovery of post-judgment attorneys' fees, such an award is in the discretion of the court, which should be denied here?

III.    Whether Plaintiff has failed to meet her burden to support the reasonableness of her request for attorneys' fees in the amount of $45,260?

IV.     Whether Plaintiff's request for attorneys' fees is unreasonable due to inflated billing rates, considering the experience level of counsel and because the claims at issue were garden variety retaliation and whistleblower claims?

V.      Whether Plaintiff's counsels' time records are unreasonable due to excessive and redundant entries, block billed entries, vague entries with no detail relating to the work performed, or vague entries describing the work but without sufficient detail to discern its purpose or activity, and should be disallowed or significantly reduced since they are inadequate to support her petition, as a matter of law?

VI.     Whether application of the *Pirgu* factors mitigates against the fee award sought by Plaintiff's counsel?

Defendant Henry Ford Health System answers "yes" to each of these questions.

## __INTRODUCTION__

Plaintiff now seeks to add another $45,260.00 dollars to her previous outrageous fees request for $315,133.32, all based upon a paltry verdict of $3200.00 after she rejected a settlement offer of $15,000.00. As with her original Motion for Attorney fees, the supplemental request seeks fees for which her attorneys spent unnecessary, excessive and duplicative time, billed at inflated rates, and attempted to document with improper block billings. **Plaintiff's request for fees now exceeds well over 112 times the amount of the verdict.** Moreover, while Plaintiff seems to suggest she prevailed on appeal, the Sixth Circuit rejected her most vehement argument:  that this Court erred in considering her rejection of the offer of settlement. According to the Sixth Circuit's opinion, Plaintiff could and should be awarded no more than this Court's original award of $10,000.00.

Plaintiff's legal arguments are also flawed. Plaintiff's request for attorney is pursuant to Michigan Whistleblower Protection Act ("WPA") and governed by state law, not federal law. Attorney fees are only available where the court determines an award to be "appropriate."  Post-judgment fees and "fees for fees" are not available under the WPA.  Even if an award of other fees would be appropriate, the eight factors the Sixth Circuit directed this Court to consider should result in an award no larger than the amount the Court originally awarded.

## <u>ARGUMENT</u>

### I.   Entitlement to Fees, If Any, Is Governed By State Law, And Under The WPA, Any Award Of Such Fees Is Discretionary

The Sixth Circuit held that"[w]hen a state statute authorizes the grant of attorneys' fees, state law governs both whether the fees should be awarded and the amount of those fees." *Reeser v. Henry Ford Hospital*, Case No. 16-2303, 2017 WL 2471265, at *2 (Sixth Circuit June 8, 2017).[1] Therefore, in the instant matter, state law applies to this request for attorneys' fees under the Michigan Whistleblower Protection Act ("WPA"). Under the WPA, however, attorneys' fees are recoverable only where the Court determines that such an award meets the statute's requirement of "appropriate." An award of attorneys' fees is not mandatory. As this Court has held:

> The WPA provides the court with ***discretion*** to award attorneys' fees to a prevailing complainant.  Specifically, Michigan Compiled Laws § 15.364 provides in relevant part, "[a] court ***may*** also award the complainant all or a portion of the costs of litigation, including **reasonable** attorney fees and witness fees, **if the court determines that the award is appropriate**."  Attorney fees to prevailing plaintiffs in WPA cases are not mandatory, but are within the court's discretion.  *See Heckmann v. City of Detroit*, No. 267391, 2007 WL 1989518, at *10 (Mich. Ct. App. July 10, 2007); *Lease Acceptance Corp. v. Adams*, 724 N.W.2d 724, 733, n.8 (Mich. Ct. App. 2006); *Gomery v. Crest Fin., Inc.*, No. 20881, 2005 WL 658818, at *1-2 (Mich. Ct. App. Mar. 22, 2005).

---

[1] Unpublished cases are attached hereto as Exhibit 1.

*See Reeser v. Henry Ford Health System*, Case No. 14-CV-11916, 2016 WL 4374916, at * 1 (E.D. Mich. August 17, 2016) (emphasis added). For the reasons set forth below, even if Plaintiff had properly supported her fee request, this Court is not required to award attorneys' fees under the WPA, and in fact, denial is appropriate given the facts and procedural history of this case.

## II.   Plaintiff's Request For "Fees for Fees" Is Premature Because Plaintiff Has Not Been Successful In Her Appeal

Plaintiff is seeking attorneys' fees for her response to two post-judgment motions, for her motion for attorneys' fees before this Court, and the time her counsel spent on appeal ("fees for fees"). (ECF Dkt. #145) Any request for "fees for fees" is premature, however, because this Court has not issued any rulings since its August 17, 2016 decision was vacated and remanded, and Plaintiff has not established that her efforts to obtain a greater fee have been successful. In fact, the the Court should award Plaintiff no more than the original award of $10,000 pursuant to the Sixth Circuit's decision.  Indeed, while Plaintiff claims that she was "successful" in her appeal, the Sixth Circuit expressly approved this Court's consideration of Defendant's prior settlement offers – which Plaintiff had claimed was an "error" by this Court.  *Reeser*, 2017 WL 2471265 at n. 1, quoting *Pirgu*, 884 N.W.2d at 264.

3

In *Spellen v. Board of Educ. For Dist. 111*, 69 F.3d 828 (7th Cir. 1995)[2], the district court reduced the plaintiffs' attorney fee request, and they appealed. On appeal, the Seventh Circuit vacated and remanded to the District Court for further consideration. The appellants then moved for attorney fees for their efforts on the appeal of the District Court's award. The Seventh Circuit held that the request for attorney fees on appeal was premature. The Court noted that appellants had not established that their efforts to obtain a fee greater than that originally awarded had been successful, because the Seventh Circuit's remand did not order a definitive adjustment of the attorneys' fees or result in a substantially successful defense by an appellee of fees previously awarded by the district court.

The same is true here. There has been no definitive adjustment of the attorneys' fees awarded, and therefore Plaintiff cannot maintain that she has been successful. In fact, this Court could and should, consistent with the Sixth Circuit's mandate and applicable law, hold the original fee award is legally sufficient or that less is appropriate. Thus, any request for "fees for fees" is premature and should not be considered by this Court.

---

[2] *Spellen* involved an award of attorneys' fees pursuant to federal law. Nevertheless, the facts of *Spellen* are very similar to the instant matter, making the Seventh Circuit analysis highly instructive to the matter before this Court.

### III.    Plaintiff Is Not Entitled To Post-Judgment Fees and "Fees For Fees" Under The WPA

The WPA does not entitle Plaintiff to post-judgment fees or "fees for fees" and these fees must be excluded from Plaintiff's request.

In *Tinman v. Blue Cross Blue Shield*, Docket No. 322601, 2015 WL 5657544 (Mich. Ct. App. Sept, 24, 2015), the plaintiffs asserted state law claims against BCBS for failing to properly pay health insurance claims. The trial court granted summary disposition in favor of plaintiffs. The case was appealed multiple times and the plaintiffs eventually sought a large attorney fee award, including "fees for fees," post-judgment fees and appellate fees. The state statute at issue permitted the Plaintiffs to recover reasonable attorneys' fees incurred in maintaining the action. The Wayne County Circuit Court granted over $800,000 in attorneys' fees and BCBS appealed.

The Court of Appeals reversed on the issue of "fees for fees." It reviewed two Michigan cases upon which the trial court relied in awarding "fees for fees." However, both of those Michigan cases were family law cases and the Michigan Court Rules specifically permit recovery of post-judgment fees in family law cases, so the Court of Appeals concluded those cases were not applicable. The Court of Appeals acknowledged that federal law permits the recovery of "fees for fees" in civil rights cases. The Court of Appeals ultimately concluded that the claims asserted by the plaintiffs were not akin to civil rights, and thus, the rationale

for permitting "fees for fees" did not apply. The Court struck all of the claimed "fees for fees." *See Tinman* at 22-24.

The Court of Appeals also reversed on post-judgment/appellate fees, relying on the Michigan Supreme Court's decision in *Haliw v. City of Sterling Heights*, 471 Mich 700, 702 (2005). In *Haliw*, the Michigan Supreme Court reviewed a Court of Appeals decision that permitted recovery of appellate fees as a case evaluation sanction. The Court of Appeals reasoned that because the court rule did not explicitly exclude appellate fees, they must be recoverable. The Supreme Court rejected this reasoning, holding that the 'American Rule' mandates that appellate fees and costs not be read into the court rule. The Supreme Court also noted that the case evaluation rule is "trial oriented" in that there is a nexus between acceptance or rejection of case evaluation and trial. The Supreme Court held that the same connection does not exist with an appeal, because "appellate attorney fees and costs are arguably 'necessitated by' a perceived erroneous trial court ruling." Based on the Supreme Court's decision in *Haliw*, the Court of Appeals held in *Tinman* that the statute did not expressly permit the recovery of appellate fees and the statute was 'trial oriented' with respect to attorneys' fees, so appellate fees were not recoverable.

The analysis in *Tinman* also applies here. Like the state statute in *Tinman* which provided a cause of action based on insurer's failure to pay for health

insurance claims, the WPA does not involve civil rights.[3] Accordingly, the rationale used to support the award of "fees for fees" in civil rights cases is not applicable because the WPA is not a civil rights act.

In addition, the "costs of litigation" provision in the WPA (MCL 15.364) is couched in "trial-oriented" terms:

> A court, in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, reinstatement of the employee, payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies.  A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

The text of this provision of the WPA is clear that the relief described is "trial-oriented." In other words, this provision describes the relief a court may award at the conclusion of a trial on the merits. As the Michigan Supreme Court held in *Haliw*, an award of post-judgment and appellate attorneys' fees cannot be 'read into' the statute. Where a statutory provision is "trial-oriented" and does not otherwise expressly authorize an award of post-judgment or appellate attorneys' fees, those fees may not be awarded by the court. Because the WPA is "trial-

---

[3] Mich Pub. Act 469 of 1980 (The Whistleblowers' Protection Act is "[a]n Act to provide protection to employees who report a violation or suspect violation of state, local, or federal law . . . "); *compare* Mich. Pub. Act 453 of 1976 (The Elliott-Larsen Civil Rights Act is "[a]n Act to define civil rights; to prohibit discriminatory practices, policies, and customs in the exercise of those rights based upon religion, race, color, national origin, age, sex, height, weight, familial status, or marital status . . . ."

oriented" and does not expressly authorize an award of post-judgment and appellate attorneys' fees, Plaintiff is not entitled to a supplemental award. Finally, even if the WPA did allow for recovery of post-judgment attorneys' fees and "fees for fees," such awards are in the discretion of the Court and should be denied.

## IV.   Even If An Award Of The Requested Attorneys' Fees Was Appropriate Under the WPA, Any Such Award Must Be "Reasonable"

Plaintiff's reliance on federal cases to support her claim that she is entitled to fees for post-judgment motions and "fees for fees" litigation is misplaced. Her request is governed by state law, as discussed *supra*.[4] The WPA provides for "***reasonable attorney fees*** and witness fees, if the court determines that the award is appropriate." *See* MCL §15.364 (emphasis added).

In *Pirgu v. United Services Automobile Ass'n*, 499 Mich. 269, 279, 884 N.W.2d 257 (2016), the Michigan Supreme Court held that the operative language . . . is the Legislature's instruction that an attorney is entitled to a *reasonable* fee." (emphasis added). In *Reeser*, the Sixth Circuit repeatedly noted that litigants are entitled to recover a "reasonable" attorney fee.  2017 WL 2471265, at *3.

Here, even if it were appropriate to award the requested fees, for the reasons set forth below, the fees are not reasonable, and must be significantly reduced.

---

[4] Contrary to Plaintiff's assertion based on *Northeast Ohio Coal. For the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016), the elimination of the cap for fees has no bearing on this matter.

**V.    If This Court Awards Plaintiff Any Attorneys' Fees, The Amount Plaintiff Requests Must Be Significantly Reduced Due To Overinflated Rates And An Excessive Number Of Hours Charged.**

The primary concern in an attorney fee case is that any fee awarded be *reasonable*. The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). "A reasonable fee is 'one that is 'adequate enough to attract competent counsel, but ... [does] not produce windfalls to attorneys.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (internal citation omitted)); *see also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The moving party "should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Plaintiff bears "the burden of proving the *reasonableness* of the requested fees[.]" *Smith v. Khouri,* 481 Mich. 579, 585, 751 N.W.2d 472, 478 (Mich. 2008) (emphasis added).

As the Sixth Circuit has set forth, "'a trial court must begin its analysis' by calculating the two figures that comprise the lodestar [the fee customarily charged in the locality for similar legal services multiplied by the reasonable number of hours expended in the case] and then 'must consider and briefly discuss on the record the remaining *Wood* factors and the factors in MRPC 1.5(a).'" *Reeser*, 2017

WL 2471265, at *3. The Sixth Circuit further noted that "the *Pirgu* court also distilled the *Wood* and MRPC 1.5(a) factors into a single eight-factor list." *Id*. Thus, per *Pirgu*, the court must consider: (1) the experience, reputation, and ability of the lawyer or lawyers performing the services; (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (3) the amount in question and the results obtained, (4) the expenses incurred; (5) the nature and length of the professional relationship with the client; (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer; (7) the time limitations imposed by the client or by the circumstances; and (8) whether the fee is fixed or contingent. *Pirgu*, 499 Mich. at 282.

## A.    The Requested Hourly Rates Are Inflated And Unreasonable

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum*, 465 U.S. 886 at 895; *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (finding that "the court should deem the 'relevant community' for fee purposes to constitute the legal community within the court's territorial jurisdiction; thus, the 'prevailing market rate' is the rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record"). The burden is on the fee applicant "to produce satisfactory evidence—in addition to the

attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of *reasonably comparable skill, experience, and reputation*." *Blum*, 465 U.S. at 896 n.11 (emphasis added).

Plaintiff seeks an award of $275 an hour for Flynn and $250 an hour for Graham. Both rates are unreasonable, given their years of experience and in comparison to attorneys with comparable skill and reputation.

Plaintiff points to the "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report" ("2014 Report") to support the requested hourly rates. (ECF Dkt. #145, Exhibit E) However, based upon the 2014 Report, both attorneys have requested hourly rates far above the median rates for attorneys with comparable skill, experience, and reputation:

- Flynn, the lead attorney in this case, requests an hourly rate of $275. Flynn was admitted to the Michigan Bar on November 3, 2010.  He has not practiced law in any other jurisdiction.  The median rate in the 2014 Report for an attorney with 6-10 years of practice is $225.

- Graham requests an hourly rate of $250. Graham was admitted to the Michigan bar on February 9, 2015, and was not even a licensed attorney when this case was filed in 2014.  The median rate in the 2014 Report for an attorney with 1-2 years of practice is $189.

Moreover, the attorneys' affidavits do not substantiate that they have the skill, experience or reputation to justify the higher rate.

Courts have relied on the most recent State Bar Report to determine reasonable billing rates in similar circumstances. *See, e.g., Clements v. Prudential*

*Protective Services, LLC*, 100 F.Supp.3d 604, 616 (2015) ($250 hourly rate for a 9-year attorney, $200 per hour for a 5-year attorney, and $165 hourly rate for an attorney who began practicing law in May 2014); *Bailey v. Scoutware*, LLC, No. 12-10281, 2014 WL 11309770 (E.D. Mich. Aug. 19, 2014) (in WPA claim, setting $250 as a reasonable rate for attorneys working in Detroit and Downtown Detroit and for those attorneys with twenty-six to thirty-five years of experience); *Fialka-Feldman v. Oakland Univ. Bd. Of Trustees*, No. 08-14922, 2010 WL 2572768, at *5 (E.D. Mich. June 23, 2010) (setting reasonable billing rates in civil rights matter practicing between 30 and 39 years at $200.00 per hour based on 2007 survey); *Terry v. Al-Naimi*, No. 07-141-30, 2009 WL 728542, at * (E.D. Mich. March 19, 2009) (finding that $200 hourly rate for an attorney in the Detroit area with under three years' experience is excessive and reducing it to $150).

Plaintiff's attorneys argue that their claimed hourly rates are reasonable citing to the 2014 Report for billing rates for attorneys who practice in downtown Detroit in the field of employment law.[5] (ECF Dkt. #145, Brief, p. 7) This argument is without merit. The size of the firm, the practice area, nor the location

---

[5] Plaintiff suggests that Miller Cohen is a "well-renowned" labor and employment firm and that two of its attorneys have been recognized as "Super Lawyers" and two have been recognized as "Rising Stars." (ECF Dkt. #145, Brief, p. 5)  While other Miller Cohen attorneys may have received these accolades, neither Flynn nor Graham have been recognized as "Super Lawyers" or "Rising Stars."  Such accolades are not a substitute or a measure of skill, experience or reputation of either attorney.

of the office establishes the skill level, experience, or reputation of an individual attorney. To claim these attorneys are entitled to rates more than $60-$75 above the median for attorneys having their level of experience simply because they work at a firm in downtown Detroit and practice employment law is ridiculous.

Most importantly, in 2016, Flynn was the lead attorney in a matter pending before Judge Gershwin Drain. Following a jury verdict in which the plaintiff prevailed on only one out of 10 claims (an FMLA interference claim), on August 9, 2016, Plaintiff filed a motion for attorneys' fees, seeking $182,255.00 for 694.4 hours of work for Flynn and another, even less experienced attorney. On November 11, 2016, Judge Drain issued his Order regarding Plaintiff's fees Motion. *See Reeder v. County of Wayne*, Case No. 15-cv-10177, 2016 WL 6524144 (E.D. Mich. Nov. 3, 2016). Much of the analysis conducted by Judge Drain – just eight months ago – is applicable here.

Flynn sought $275 an hour and his co-counsel $250 an hour. *Reeder* at *6. Judge Drain reduced those rates to $225 and $175, respectively, based on the "attorneys' years of practice, respective experience, location of practice, and area of practice" and comparing the requested rates to rates awarded in other FMLA matters. *Id*.

Despite the fact that just eight months ago, Judge Drain found that a reasonable rate for Flynn was $225 an hour, Flynn now argues that in eight months

13

he has gained enough experience to justify a rate of $275. At most, Flynn's rate should be $225. Judge Drain also held that a reasonable rate for another Miller Cohen attorney with less than three years' experience was $175. Graham has been practicing labor and employment law for two years. At most, Graham's rate should be $175, if not less. Accordingly, based on cited cases and the rate customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation, the requested hourly rates should be reduced to $225 per hour for Flynn and $175 per hour for Graham.

**B.    Excessive, Redundant, Block Billed And/Or Vague Time Entries Are Unreasonable And Must Be Eliminated Or Significantly Reduced.**

Plaintiff has the burden to prove that the number of hours expended by her attorneys on the litigation was reasonable. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). Here, many of Plaintiff's attorneys' time entries are excessive, redundant, block billed and/or vague and must be eliminated or at least substantially reduced.

**1.    Excessive and Redundant Entries.**

Plaintiff's attorneys have a duty to make a good faith effort to exclude from their fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. 424, 434 (1983). They failed to do so.  Significantly, "[c]ourts are obligated to prune unnecessary hours from fee petitions because, '[c]ourts are

not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Dallas v. Commr. of Soc. Sec.*, No. 1:13-CV-00591, 2014 WL 1767815 (N.D. Ohio May 2, 2014) quoting *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A Court must exclude from a fee award hours that were not "reasonably expended." *See Hensley*, 461 U.S. at 434.

The *Reed* court explained:

> Although hours claimed or spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.

*See Reed*, *supra*, quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). The *Reed* court concluded that, "[s]tated differently, a reasonable fee is one predicated, in part, on time required to resolve an issue, not the time actually expended." *Id*.

For example, the following claimed fees are excessive and/or redundant and must be disallowed or significantly reduced:

- While there appears to be no time billed for drafting Plaintiff's Motion for Attorneys' Fees, Flynn and Graham combined spent 24.9 hours drafting the Reply in support of the Motion for Attorneys' Fees, drafting a motion for leave to exceed page limit and research allegedly related to the Reply. Fees just related to the Reply brief totaled $6,517.50. (ECF Dkt. #145, Exhibit F)

- Combined, Flynn and Graham spent 23 hours: reviewing Defendant's Motion Filed Under Seal For Post-Judgment Discovery Sanctions, drafting and revising Plaintiff's Response to same, and reviewing Defendant's Reply, for fees totaling $6,112.50[6]. While Graham spent seven hours drafting the Response, Flynn claims to have spent 10 hours one day and 4 hours another day editing the Response brief. If true, Flynn spent double the amount of time editing the brief than it took Graham to draft the response! In contrast, Graham and Flynn billed a total of 5.0 hours reviewing Defendant's Renewed Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b) and drafting their Response to same. (ECF Dkt. #145, Exhibit F)

- Combined, Graham and Flynn claim 39.65 hours drafting their Appeal brief, for fees totaling $10,337.50. They claim 31.40 hours drafting the Reply in support of same, for fees totaling $8,050.00.[7] In total, Plaintiff seeks $18,387.50 in fees for drafting their Sixth Circuit Appellate Brief and Reply, nearly double what they were awarded by this Court. (ECF Dkt. #145, Exhibit F)

- Graham billed 3.0 hours, or $750, for attendance at the Sixth Circuit mediation call on October 17, 2016. Graham only sat in on the call. Flynn also claims three hours for the mediation call, but his three hours included preparing for and attending same. (ECF Dkt. #145, Exhibit F)

- Flynn claims to have spent 6 hours on April 19, 2017 "prepping for oral argument before Sixth Circuit and spoke to client." (ECF Dkt. #145, Exhibit F) Oddly though, at 3:43 PM on April 19, 2017, the Sixth Circuit cancelled oral argument, which was not scheduled to take place until two weeks later, on May 3, 2017. These fees totaled $1,650.00. (*Id*.)

---

[6] These figures are calculated using $275 for Flynn and $250 for Graham, rates which Defendant argues are unreasonable and inflated.

[7] Some of the entries were part of time that was block billed. Because it was impossible to determine how much time was spent on the individual tasks, if the entry referenced drafting the Response and/or Reply, the entire entry was included.

Flynn and Graham also spent an inordinate amount of time "conferencing," "meeting," "discussing," or "strategizing." They have a combined total of 16 such entries. (ECF Dkt. #145, Exhibit F) For all of the entries, it is nearly impossible to identify what was the subject of the sessions, because the time entries either do not identify the subject matter or Plaintiff's counsel has improperly block billed the time. (*Id*.) *See Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 884 (E.D. Mich. 2010) (stating that courts have reduced fee awards where the requested fee "reflected duplication of services, excessive time for simpl[e] or routine tasks, the use of too many attorneys, excessive conferencing, unnecessary consultant work, or the performance of clerical tasks by legal professionals."); *see also Auto Alliance Inter., Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226 (E.D. Mich. 2005) (affirming 25% overall reduction for general excessiveness in billing). Fees for these 16 entries should be eliminated.

## 2.    Block Billed Entries.

Block billing refers to the time-keeping method by which each attorney enters the total daily time spent working on a matter, rather than itemizing the time expended on specific tasks. Block billing entries "do not provide sufficient detail regarding the task performed." *Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp.3d 737, 743 (E.D. Mich. 2014).

17

The court must decide the reasonable amount of time spent on each task; "documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Disabled Patriots of America v. Genesis Dreamplex, LLC*, No. 3:05 CV 7153, 2006 WL 2404140, at *4 (N.D. Ohio Aug. 18, 206) (citations omitted). Because Plaintiff's block-billed entries do not identify how much time was spent on each task, it is impossible for this Court to determine whether a reasonable quantity of time was expended on each task. (*Id*.) This Court has the discretion "to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when the fee documentation is voluminous." *See, e.g., Project Vote v. Blackwell*, No. 06-CV-1628, 2009 WL 917737, at *6 (N.D. Ohio Mar. 31, 2009) (citing *Alliance Int'l Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005).

Courts have made clear that reductions in time are appropriate where block billing is used. *See, e.g., Helfman v. GE Group Life Assurance Co.*, No. 06-13528, 2011 WL 1464678, at *8 (E.D. Mich. April 18, 2011) (granting a reduction of twenty percent across the board in light of the 'block billing' and vague entries included in the billing records"); *Gratz v. Bollinger*, 353 F.Supp.2d 929, 939 (E.D. Mich. 2005) (10% reduction in fees appropriate due to block billing and vague

entries); *Disabled Patriots*, *supra* (reducing time spent by 30% on days where counsel "lumped" tasks together).

Flynn had nine time entries that were block billed; Graham had five block-billed time entries.  (ECF Dkt. #145, Exhibit F) Notably, on June 8, 2017, Graham charged 1.7 hours ($425) to "Review Sixth Circuit opinion and discuss with Keith Flynn." Flynn, also on June 8, 2017, billed .5 hours ($137.50) and noted "Reviewed Sixth Circuit Decision and discussed with AG." **It is absurd that Plaintiff's counsel is seeking $562.50 in fees for reviewing a Sixth Circuit decision and discussing it with each other**. **Even more astounding is that Graham billed three times more than Flynn for the exact same activity on the same day!**[8] All of the block billed entries should be completely excluded.

### 3.    Numerous Time Entries Are Vague.

Documentation offered in support of hours charged "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008) ("[C]ounsel need not record in great detail each minute he or she spent on an

---

[8] Despite having spent time on June 8, 2017 reviewing the Sixth Circuit decision and discussing it with Graham, on June 9, 2017, Flynn billed another hour ($275) for, once again, reviewing the Sixth Circuit decision.  Not only should this $275 be disallowed, such billing practices should give this Court pause, and truly question the accuracy and veracity of Plaintiff's billing records.

item, [but] the general subject matter should be identified") (internal quotations and citations omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004) (finding that the attorney seeking compensation has the burden of documenting the number of hours spent on the case and maintaining records in a way that would allow a court to determine how much time was spent on each claim).

Here, counsel has a number of time entries are vague. These include:

- 10/7/16 – Reviewed file re: settlement (.5)

- 10/12/16 – Call re: mediation (.5)

- 10/12/16 – Spoke with client re: mediation (.5)

- 11/9/16 – Research the Ohio State case (unclear of time spent, part of block billing)

- 11/10/16 – Research Smith cases (unclear of time spent, part of block billing)

- 12/19/16 – Research for reply brief (.5)

- 2/15/17 – Research for response to Motion to Strike (unclear of time spent, part of block billing)

- 2/16/17 – Research for motion response (1.2)

- 4/18/17 – Email case to Keith (.2)

Based on these vague descriptions, these entries should be excluded from any fee calculation. *See Hensley*, *Moore*, *supra*.

Thus, in order to calculate the "lodestar" the Court should use $225 (or less) per hour for Flynn and $175 (or less) an hour for Graham, multiplied by the number of hours this Court deems reasonable.

## VI. Application Of The *Pirgu* Factors Mandates, At Best, A Small Award

Having established the lodestar, Plaintiffs' counsels' requested fees should be substantially reduced even further, in light of the eight *Pirgu* factors.

### A. The Experience, Reputation, And Ability Of The Lawyer Or Lawyers Performing The Services

Despite the claims to the contrary, Plaintiff's counsel has approximately 6 years and 3 years of experience, respectively. This is not "extensive experience" as they suggest, and their limited experience does not justify an exorbitant fees award, and in fact, mitigates against the high hourly rates that they seek.

### B. The Difficulty of the Case

The original matter was a garden variety whistleblower claim and an FLSA overtime claim. No expert witnesses, statistical evidence, or complicated proofs were involved in this case. No specialized skill was necessary to prosecute Plaintiff's garden variety retaliation claims. The jury recognized there was no value to the FLSA claim, and awarded Plaintiff a mere $3,200.00 on her WPA claim.

Although somewhat protracted, there was nothing difficult or complicated regarding the fees litigation, and no novel legal theories were advanced. These facts also mandate, at best, a small fee award.

### C.     The Amount in Question and the Results Obtained

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) the United States Supreme Court held that "the fee applicant bears the burden of establishing entitlement to an award." It further held:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith . . . . *[T]he most critical factor is the degree of success obtained.* (Emphasis added)

*Id*. at 436.

A plaintiff who achieves only limited success may thus recover only limited fees. Plaintiff obtained a result in this case that was plainly dismal since:

1)   she failed to prevail altogether on her FLSA retaliation claim;
2)   the jury completely rejected her claims that Defendant caused her to suffer extreme emotional distress;
3)   she failed to offer enough evidence for the Court to even give a jury instruction on punitive damages;
4)   she was unable to convince the jury that she mitigated her damages;
5)   she was not awarded any future damages, but only $3,200 in economic damages on her WPA claim; and
6)   she rejected a settlement offer that would have given her over three times what the jury awarded her.

Indeed, the damages awarded by the jury were less than .5% of the $730,000 Plaintiff sought at trial, less than 33% of what Defendant offered at the Settlement Conference with Magistrate Majzoub, and less than 22% of what Defendant offered before trial.[9] *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 938 (E.D. Mich. 2005) (reducing award of attorneys' fees by 50% to account for plaintiffs' limited success on a lawsuit with "historical significance."); *Crown Enterprises, Inc. v. City of Romulus*, Docket No. 286525, 2011 WL 1687625 (Mich. Ct. App. May 3, 2011) (award of $186,679 to owner of a truck terminal as an attorney's fee was unreasonable based on degree of success obtained by owner in suit against city).

### D.    The Expenses Incurred

While Plaintiff claims that the exorbitant expenses are a result of Defendant's actions, such a claim belies the observations of the Sixth Circuit, which noted that "both parties are partly to blame for the acrimonious nature of this case" and found that the litigation was "contentious" and that the parties engaged in a "hostile discovery process." *Reeser*, 2017 WL 2471265 at * 1, 5. To find that the unreasonable expenses counsel allegedly incurred because of Defendant's behavior ignores the Sixth Circuit's finding that Plaintiff was also to blame.

---

[9] As noted *supra*, this Court's consideration of Defendant's settlement offers was expressly approved by the Sixth Circuit.

**E.     The Nature And Length Of The Professional Relationship With The Client**

While counsel and Plaintiff may have had a long relationship during the pendency of this litigation, there is no indication that such a fact mitigates in favor of a higher award, and in fact, Plaintiff has presented no evidence to support her claim that the length of her relationship with her attorneys should allow for a higher award. There is nothing to suggest that this factor is relevant here.

**F.     The Likelihood, If Apparent To The Client, That Acceptance Of The Particular Employment Will Preclude Other Employment By The Lawyer**

It is clear, based on the *Reeder* decision, that Plaintiff's counsel has had the opportunity to take on and litigate other cases, and that the fees litigation has not precluded them from accepting new clients. The fact that counsel has accepted and litigated other cases mitigates against a higher award.

**G.     The Time Limitations Imposed by the Client or by the Circumstances**

Because counsel has litigated other cases while this appeal has been pending, as noted *supra*, it is readily apparent that no time limitations have been imposed on counsel. The fact that counsel has accepted and litigated other cases mitigates against a higher award.

## H.    Whether The Fee Is Fixed Or Contingent

As the Court held in *Reeder*, Plaintiff had a contingency-based fee arrangement with his counsel (the same is true here). The Reeder court did not believe that the contingency agreement should affect the award of statutory attorney's fee. *Reeder*, 2016 WL 6524144 at *5. The same should be true here.

Additionally, "[t]he trial court may consider any additional relevant factors . . . and justify the relevance and use of any additional factors." *Pirgu v. United Servs. Auto. Ass'n.*, 499 Mich. 269, 281; 884 N.W.2d 257(2016). As such, this Court has the discretion to consider any other factor in considering Plaintiff's fee request, and Defendant's request for a significant reduction in same.

## CONCLUSION

For the reasons set forth above, should the Court determine that any fees may be awarded, it should grant, at most, a small award for the numerous reasons set forth above.

Respectfully submitted,
**VARNUM LLP**

BY:   /s/ *Terrence J. Miglio*
       Terrence J. Miglio (P30541)
       Barbara E. Buchanan (P55084)
       Attorneys for Defendant
       160 W. Fort Street, Fifth Floor
       Detroit, MI  48226
       (313) 481-7300
       tjmiglio@varnumlaw.com
Dated:  July 20, 2017       bebuchanan@varnumlaw.com

25

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/ Terrence J. Miglio*
Attorney for Defendant