# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**NATALIE REESER**,

    Plaintiff,

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

v.

**HENRY FORD HEALTH SYSTEM**,

    Defendant.

---

| | |
|---|---|
| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

---

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES POST-JUDGMENT AND ON APPEAL

I.  **The Purpose of the WPA and the Facts and Procedural History of this Case Support an Award of Fees**

The Whistleblower Protection Act ("WPA") provides a court with discretion to award "reasonable attorney fees." MCL § 15.364. However, the WPA "is to be liberally construed to favor the persons the Legislature intended to benefit."[1] The purpose of the WPA and "concerns regarding access to courts and prevention of wrongful conduct . . . **must** be considered in making a determination regarding the award of attorney fees and costs under M.C.L. § 15.352."[2]

Defendant argues this case presents a situation where "denial is appropriate given the facts and procedural history." Def.'s Resp. p. 3. The Sixth Circuit, however, found Defendant used motions in an "inappropriate fashion" and behaved in a "disingenuous" manner.[3] Yet, Defendant believes denial is appropriate.

II. **Plaintiff was Successful on Appeal and Should be Granted Supplemental Attorneys' Fees by this Court**

---

[1] *O'Neill v. Home IV Care, Inc.*, 249 Mich. App. 606, 614 (2002) (citing *Chandler v. Dowell Schlumberger Inc.*, 456 Mich. 395, 406 (1998)). "[T]he WPA was enacted to remove barriers to an employee who seeks to report violations of the law, thereby protecting the integrity of the law and the public at large." *Id.*

[2] *Id.* (citing *Hopkins v. City of Midland*, 158 Mich.App. 361, 374 (1987)) (emphasis added).

[3] *Reeser v. Henry Ford Hosp.*, No. 16-2303, 2017 WL 2471265, at *4 (6th Cir. June 8, 2017) (attached as *Exhibit A*). The Sixth Circuit noted the "overall antagonistic behavior" by Defendant's attorney and found "Henry Ford's counsel initiated much of the dilatory conduct." *Reeser* at *5. The Sixth Circuit also noted "Reeser's entire objective in filing this appeal was to be awarded more fees for . . . hours . . . accumulated in large part due to Henry Ford's obstructionist tactics" and the "motion to strike certainly seems to support Reeser's theory." *Id.*

1

Defendant argues that grant of attorneys' fees is inappropriate because Plaintiff was unsuccessful on appeal. Def.'s Resp. p. 3. This claim belies the judgment of the Sixth Circuit, which stated: "Her primary argument on appeal is that the district court did not follow the correct process required by Michigan law when it calculated this fee. **We agree**." *Reeser* at *1 (emphasis added).[4] Plaintiff was successful at trial and on appeal, therefore, it is appropriate to award fees.[5]

### III. Caselaw Defendant Cites for the Proposition that Plaintiff is Not Entitled to Fees for Fees Has Nothing to Do With Fees Under the WPA

As Plaintiff discussed in her brief, the Michigan Court of Appeals has found that it is proper to award appellate attorney fees under Michigan's Civil Rights Act, M.C.L. § 37.2802.[6] The Court of Appeals has also held that "case law interpreting MCL 37.2802 . . . is applicable to . . . [the WPA]."[7][8]

---

[4] Later, the Sixth Circuit determined that "[b]ecause the district court . . . abused its discretion in calculating Reeser's $10,000 fee award." *Id.* at *3.

[5] In *Spellan v. Bd. of Educ. for Dist. 111*, 69 F.3d 828, 829 (7th Cir. 1995), the only case cited by the Defendant on this issue, the **Circuit Court** found that it was unwilling to rule on a Supplemental Motion for Fees before the **District Court** made a determination on the initial fee request. Here, Plaintiff is not requesting fees from the Circuit Court, but from the District Court. A ruling is timely.

[6] *Schellenberg v. Rochester Michigan Lodge No. 2225, of Benev. & Protective Order of Elks of U.S.A.*, 228 Mich. App. 20, 56 (1998) (finding it proper to award appellate attorney fees under the CRA.

[7] *Gomery v. Crest Fin., Inc.*, No. 250881, 2005 WL 658818, at *1 (Mich. Ct. App. Mar. 22, 2005) (attached as *Exhibit B*).

[8] The cases cited by Defendant are not CRA cases or WPA cases. *Tinman v. Blue Cross Blue Shield*, Docket No. 322601, 2015 WL 5657544 (Mich. Ct. App. Sept. 24, 2015) (attached as *Exhibit C*) and *Haliw v. City of Sterling Heights*, 471 Mich 700 (2005). *Tinman* involved a case where the Plaintiff sought money damages for

## IV. Defendant's Claim That Plaintiff's Fees Are Unreasonable Is Meritless

In making a determination about the reasonableness of attorney fees, the Court must first determine a reasonable hourly rate and a reasonable number of hours. *Reeser v. Henry Ford Hosp.*, No. 16-2303, 2017 WL 2471265, at *3 (6th Cir. June 8, 2017). This Court previously stated it "recognizes plaintiff's attorneys' experience and professional reputation" and rightly did not reduce the rate for this reason.[9][10]

While Plaintiff acknowledges that many hours were spent on this litigation, much of this time was spent as a result of Defendant's use of "disingenuous" motions filed in an "inappropriate fashion", "dilatory conduct", and "overall antagonistic behavior." *Reeser*, 2017 WL 2471265, at *4-5. Plaintiff should not have her hours reduced due to Defendant's bad conduct below and on appeal.

## VI. Defendant's Objections to Plaintiff's Attorneys' Time Entries Are Disingenuous and Without Explanation

---

Defendant's failure to pay hospital emergency bills. *See Tinman*. *Haliw* was a slip and fall case. *See Haliw*. Defendant's position that the WPA is more like a slip and fall case than the CRA is disingenuous and runs contrary to the ruling in *Gomery*.

[9] *Opinion and Order Granting in Part Plaintiff's Motion* (Dkt. #129).

[10] Plaintiff also presented evidence of her attorneys' experience and reputation in Plaintiff's Supplemental Motion. Defendant cites *Reeder v. County of Wayne*, Case No. 15-cv-10177, 2016 WL 6524144 (E.D. Mich. Nov. 3, 2016) (attached as *Exhibit D*) for the proposition that Plaintiff's attorney Keith Flynn should be compensated at $225 an hour and Plaintiff's attorney Adam Graham should be compensated at $175 an hour. *Reeder* involved the award of fees under the Family and Medical Leave Act, a federal statute, not the WPA. Mr. Flynn has also gained experience since *Reeder* was decided more than eight months ago.

Mr. Graham was not counsel on *Reeder*. However, according to the State Bar of Michigan's publication "2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report," both requested rates are reasonable (*Exhibit E*).

3

### A. Plaintiff's Fees Are Not Excessive or Redundant

Defendant's counsel may suggest instances in which the time expended seems long, but "such anecdotal observation is not persuasive and does not overcome the deference that should be given to an attorney . . . claiming to have put in the number of hours listed in the billing statement."[11][12]

### B. Block Billed Entries Are Permitted in the Sixth Circuit

The Sixth Circuit has long held so long as the description of work is adequate, block-billing is sufficient.[13] It is not appropriate to deny fees for this reason.[14]

### C. Plaintiff's Time Entries Are Not Vague

Counsel "is not required to record in great detail how every minute of his [or

---

[11] *Harvard Drug Grp., LLC v. Linehan*, 2010 WL 3906094, at *11 (E.D. Mich. Sept. 3, 2010) (attached as *Exhibit F*).

[12] Defendant takes issue with Plaintiff's time defending Defendant's Motions - the same Motions the Sixth Circuit found were "inappropriate", "disingenuous", "dilatory", and "antagonistic." *Reeser*, 2017 WL 2471265, at *4-5. Defendant's counsel was nearly sanctioned – it would be a boon to Defendant to deny fees.

It is unclear why Defendant believes it was inappropriate for Plaintiff's counsel to spend 39.65 hours drafting the successful appeal brief. Defendant offers no evidence that this is an excessive amount of time for an appellate brief.

Defendant faults Plaintiff's counsel for preparing for oral argument before the Sixth Circuit before it cancelled the hearing, however the reason is unclear. Is six hours too long to prepare for oral argument? Defendant does not explain.

Defendant also suggests that the court should strike the approximately 8 times Mr. Flynn and Mr. Graham spoke about the appeal over the course of six months. It is unclear why meeting once or twice a month is excessive.

[13] *See Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 273 (6th Cir. 2007). "[T]he Sixth Circuit has never explicitly rejected the practice of block billing." *See Reply Brief*, Dkt. 125, for additional authorities.

[14] See Plaintiff's Reply to her Motion for Fees, page 18 (attached as *Exhibit G*).

4

her] time was expended," so long as Plaintiff "identif[ies] the general subject matter of [ ] time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983).[15]

## VII. As Discussed in Plaintiff's Supplemental Motion, the Factors Enumerated in *Pirgu* Support No Downward Reduction

After determining a lodestar, the Court must consider the eight (8) factors enumerated in Michigan Rule of Professional Conduct 1.5 and *Wood v. Detroit Auto. Inter-Ins. Exch.*, 321 N.W. 2d 653 (Mich. 1982). *Reeser*, 2017 WL 2471265, at *3 (citing *Pirgu v. United Services Automobile Ass'n*, 499 Mich. 269 (2016)).

### A. The Experience of the Attorneys and the Difficulty of the Case

Plaintiffs' attorneys have 6 and 3 years of experience, respectively.[16]

This case was made difficult through the "obstructionist tactics" of Defendant's counsel. *Reeser*, 2017 WL 2471265, at *5.[17] Therefore, the factors support the award of fees requested or an upward addition.

### B. The Amount in Question and the Expenses Incurred

It is "incorrect" to assume "there is any particular significance to the

---

[15] Defendant suggests entries such as "Research for motion response" and "spoke with client re: mediation" are vague, but what is vague about discussing mediation with Ms. Reeser. Greater detail would destroy attorney client privilege. Plaintiff's Reply to her initial Motion for Fees can provide context. *See Exhibit G*, p. 18.

[16] The rate requested by Mr. Flynn is below the 75th percentile hourly rate for an attorney with 6 years of practice. (*Exhibit E*, p. 4). The rate requested by Mr. Graham is at the 75th percentile for attorneys with 3 years of practice. Both attorneys have practiced nearly exclusively within the field of employment law their entire careers.

[17] Defendant's counsel was nearly sanctioned by the Sixth Circuit for conduct. *Id.*

5

relationship between the magnitude of actual damages and the magnitude of attorneys' fees."[18] In *Joyce*, the First Circuit acknowledged that "[f]ee-shifting provisions in general reflect a legislative judgment that the public as a whole has an interest in the vindication of the rights conferred by the statutes . . . over and above the value of a . . . remedy to a particular plaintiff." *Joyce* at 31 (*quoting City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).[19]

Defendant does not raise the issue of any attempted settlement on appeal and, despite numerous requests, the offer made occurred only after years of litigation. No offer ever included an agreement to pay fees. The amount awarded in attorneys' fees ($10,000), costs ($5,237.90), and the judgment ($3,200), is already nearly double the largest offer made by Defendant ($10,000).[20]

---

[18] *Cheng v. Romo*, 2014 WL 882796, at *2 (D. Mass. Mar. 6, 2014) (attached as *Exhibit H*) (*citing Joyce v. Town of Dennis*, 720 F.3d 12, 31 (1st Cir.2013)).

[19] Defendant relies on *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), a case which says nothing about the appropriateness of a reduction of an award based on the amount of the judgment. There, the Court reduced the award because Plaintiff "prevailed on only one of their six general claims." Here, Plaintiff prevailed on one of the two claims she advanced and both involved the same set of operative facts. *Crown Enterprises Inc. v. City of Romulus*, No. 286525, 2011 WL 1687625, at *3 (Mich. Ct. App. May 3, 2011) (attached as *Exhibit I*), makes clear that the question on this issue is not if plaintiff has achieved a certain level of success, but if "the plaintiff succeeded on 'any significant issue in litigation which achieve[d] **some** of the benefit the parties sought in bringing suit.'" (emphasis added). Plaintiff achieved success on a significant issue, a finding of liability against Henry Ford.

[20] With regard to the expenses incurred, Defendant offers an argument contrary to that in the brief submitted to the Sixth Circuit in Response to the Court's Order to Show Cause. (*Exhibit J*). There, Defendant's counsel acknowledges his "advocacy . . . pushed acceptable boundaries beyond the views of propriety . . . and . . . offers

6

**C.     Relationship, Other Employment, Time Limitations, and Fee**

A court must consider the length of time that attorneys have worked with a client and whether the time spent precluded work. This case was filed **more than 3 years ago**. Plaintiffs' attorneys spent a significant time developing a relationship with Ms. Reeser and were unable to represent clients due to the time required.

It is important to "ensure[] that attorneys working on a contingent fee basis are compensated sufficiently to ensure the incentive to take third-party actions on such a fee basis is protected." *See Kroll v. Hyster Co.*, 398 Mich. 281, 295 (1976).[21] For this reason, it is appropriate to grant the fees requested or increase the award.

## **CONCLUSION**

WHEREFORE, and for the reasons stated above, Plaintiff respectfully requests that the Court award Plaintiff $45,260.00 in attorneys' fees.

                              Respectfully submitted,
                              **MILLER COHEN, P.L.C.**

                         By:  /s/Adam C. Graham
                              Keith D. Flynn (P74192)
                              Adam C. Graham (P79361)
                              *Attorneys for Plaintiff*

Dated: August 3, 2017

---

this short Brief, not just as an apology to the Court, as well as to Plaintiff and to her attorneys" *Id.*, p. 1-2. Now, counsel argues "[w]hile Plaintiff claims . . . the exorbitant expenses are a result of Defendant . . . such a claim belies the observations of the Sixth Circuit . . ." Def.'s Resp., p. 23. These statements are contradictory.
[21] Under the WPA, an attorney must decide within 90 days of a client's termination whether to file suit, when aware of only 3 months of lost wages.

7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATALIE REESER**,

    Plaintiff,

v.

**HENRY FORD HEALTH SYSTEM**,

    Defendant.

Case No. 2:14-cv-11916-GCS-MJH
Hon. George Caram Steeh

| **MILLER COHEN, P.L.C.** | **VARNUM LLP** |
|---|---|
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Barbara E. Buchanan (P55084) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 600 W. Lafayette Blvd., 4th Floor | 160 W. Fort, 5th Floor |
| Detroit, MI 48226-0840 | Detroit, MI 48226 |
| (313) 964-4454 | (313) 481-7300 |

## CERTIFICATE OF SERVICE

I hereby certify that on *August 3, 2017*, the foregoing document (**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES POST-JUDGMENT AND ON APPEAL**) was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

                              Respectfully submitted,

                              **MILLER COHEN, P.L.C.**

                  By: /s/Adam C. Graham
                              Keith D. Flynn (P74192)
                              Adam C. Graham (P79361)
                              *Attorneys for Plaintiff*
                              600 W. Lafayette Blvd., 4th Floor
                              Detroit, Michigan 48226
                              (313) 964-4454

Dated: August 3, 2017