# EXHIBIT I

2011 WL 1687625
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

CROWN ENTERPRISES INC, Plaintiff–Appellee,
v.
CITY OF ROMULUS, Defendant–Appellant,
and
American Diesel Truck Repair Inc, Ruben Chacon, and Juan Molinia, Defendants.

Docket No. 286525.
|
May 3, 2011.

Wayne Circuit Court; LC No. 05–519614–CZ.

Before: BECKERING, P.J., and MARKEY and BORRELLO, JJ.

## ON REMAND

PER CURIAM.

*1 Plaintiff brought this action after the city of Romulus erected barriers to prevent plaintiff from using an unimproved, vacated street named Harrison Avenue for the purpose of accessing its truck terminal. The trial court dismissed all of plaintiff's legal theories except finding a violation of procedural due process under 42 USC 1983 in the city's initial action of precluding plaintiff's use of the easement without notice or an opportunity for hearing. This Court reversed, finding that plaintiff had abandoned its easement, and therefore, the city could not have deprived plaintiff of any property rights without due process. *Crown Enterprises, Inc v. City of Romulus,* unpublished opinion per curiam of the Court of Appeals issued May 20, 2010 (Docket No. 286525). Our Supreme Court reversed in an order that reads as follows:

> [W]e REVERSE the judgment of the Court of Appeals on the issue of the abandonment of an easement for the reasons stated in the Court of Appeals concurring opinion and on the issue of the overburdening of a servient estate. While the Court of Appeals was correct that the plaintiff's use of the easement overburdened the servient estate, it provided no support for the proposition that such an act results in an automatic extinguishing of the easement right when the owner of the servient estate is not the complaining party. Therefore, we REINSTATE the decision of the Wayne Circuit Court that the plaintiff had an easement right in Harrison Road, that the defendant interfered with that right without notice and an opportunity to be heard and that, as a consequence, the plaintiff's due process rights were violated. In addition, we REMAND this case to the Court of Appeals for consideration of whether the award of attorney fees under 42 USC 1988 was reasonable under all of the circumstances of this case. [*Crown Enterprises, Inc. v. City of Romulus,* 488 Mich. 1025, 1026, 792 N.W.2d 342 (2011).]

## I. STANDARD OF REVIEW

This Court stated the standard for appellate review of a trial court's award of attorney fees under 42 USC 1988 in our prior opinion. *Crown Enterprises, supra,* slip op at 8:

> When contemplating an award of attorney fees under 42 USC 1988(b),[2] a court must employ a two-step analysis. The court must first determine whether a plaintiff seeking attorney fees is the "prevailing party." *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ("no fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status"). Whether a plaintiff is a "prevailing party" is a question of law appellate courts review de novo. *Outdoor Systems, Inc. v. City of Clawson,* 273 Mich.App. 204, 209, 729 N.W.2d 893

*2

Second, an appellate court must review for an abuse of discretion the reasonableness of an attorney fee awarded to a "prevailing party." *Cramblit [v. Fikse,* 33 F.3d 633, 634 (C.A.6, 1994) ]. "Abuse of discretion exists only when a district court relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *DiLaura v. Ann Arbor Twp.,* 471 F.3d 666, 671 (C.A.6, 2006) (citations and quotation marks omitted).[3] The degree of success a plaintiff achieves is the most important factor in determining a reasonable attorney fees under 42 USC 1988. *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). When a plaintiff wins only nominal damages, a reasonable attorney may be no fee at all. *Id.* at 115; *Cramblit,* 33 F.3d at 635–636.

## II. FACTS AND PROCEEDINGS

In an opinion and order issued May 30, 2008, the trial court awarded plaintiff an attorney's fee of $186,679.58 for work on this case through the issuance of an injunctive order on February 17, 2006. The court determined that plaintiff was a "prevailing party" under § 1988:

> Plaintiff prevailed on its procedural due process claim when the court ruled that Defendant's placement of barricades on Harrison Avenue in 2005 constituted a procedural due process violation, providing a basis for a cause of action pursuant to 42 U.S.C. § 1983 and an award of attorney fees pursuant to § 1988. *Pouillon v. Little,* 326 F.3d 713, 716 (6th Cir.2003).

\* \* \*

> In the case at bar, the Court's order enjoining Defendant from interfering with Plaintiff's use of Harrison Avenue as ingress to and egress from its truck terminal resolved the dispute initiated by Defendant's barricade of Harrison Avenue and affected Defendant's behavior toward Plaintiff.

The trial court then determined a reasonable attorney's fee to award under § 1988. The trial court discussed *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and quoting *Hensley,* opined that "[w]here the plaintiff's successful and unsuccessful claims are based on 'a common core of facts' and 'related legal theories,' the lawsuit cannot be viewed as a series of discrete claims, and the court should focus on the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' " The trial court then parsed plaintiff's various claims as follows:

> Plaintiff alleged related claims seeking relief for the same course of conduct, Defendant's barricading of Harrison Avenue to prevent Plaintiff's use of the road to access its truck terminal. Plaintiff obtained relief, prevailing on the federal constitutional claim of a procedural due process violation when the Court granted its motion for preliminary injunctive relief and found that Defendant's placement of barricades to block access was without legal justification.... It is Plaintiff's success on the due process claim that entitles it to attorney's fees pursuant to § 1983 and § 1988.

> *3 Plaintiff's choice to pursue its easement rights under state law after establishing the due process violation and remedying the course of conduct that gave rise to this litigation, though successful, removes the easement claim from the purview of § 1988 attorney fee eligibility. Alternatively, Plaintiff cannot be considered a prevailing party entitling it to attorney's fees beyond February 17, 2006.

> Therefore, Plaintiff's total requested fee of $242,700.41 is reduced by $54,333.33, the latter figure reflecting all fees, in every category, incurred after February 17, 2006. Plaintiff's request for attorney's fees is granted in the amount $186,679.58.

Defendant filed a motion for reconsideration on June 13, 2008, which the trial court denied on June 19, 2008. This appeal followed.

## III. ANALYSIS

Applying the Supreme Court's analysis in *Farrar*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494, we conclude that the trial court correctly ruled that plaintiff achieved the status of "prevailing party" under § 1988. But we also conclude that the trial court abused its discretion by misapplying the legal principles discussed in *Farrar* and not limiting an award of an attorney's fee to the very limited success plaintiff achieved—the removal of the barricade on Harrison Avenue. *DiLaura*, 471 F.3d at 671.

The threshold question regarding the propriety of an award of an attorney's fee pursuant to 42 USC 1988 is whether a plaintiff is a "prevailing party." *DiLaura*, 471 F.3d at 671, citing *Texas State Teachers Ass'n*, 489 U.S. at 789. The Supreme Court has explained that the *degree* of a plaintiff's success in relation to its overall goals are relevant to the reasonableness of a fee award, not the eligibility for a fee award as the prevailing party. *Texas State Teachers Ass'n*, 489 U.S. at 790. The Court held that "[a] prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Id.* at 791. The Court further opined that "[i]f the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *Id* at 791–792.

In this case, plaintiff received a temporary restraining order (TRO), on July 27, 2005, ordering defendant to remove the barricades it had placed that prevented plaintiff's access to and from its truck terminal by way of Harrison Avenue. The TRO achieved some of the relief plaintiff sought in its original complaint that requested damages, as well as injunctive and declaratory relief. In granting the TRO, the trial court concluded that defendant's actions displayed "unconstitutional lack of due process taking [plaintiff's] property." At the conclusion of the case, the trial court formally ruled in plaintiff's favor that the barricading of Harrison Avenue violated plaintiff's procedural due process rights.

*4 Despite plaintiff's success regarding defendant's initial action of barricading Harrison Avenue, the question remains whether removal of the physical barricade was a "significant" claim or issue given that, although it was ordered removed, the legal barrier of defendant's zoning ordinance, which precluded plaintiff's use of its Harrison Avenue easement for truck traffic, remained unaffected by the litigation. The Supreme Court has noted that "a technical victory may be so insignificant ... as to be insufficient to support prevailing party status." *Texas State Teachers Ass'n*, 489 U.S. at 792. This might occur when "a legal claim can be characterized as purely technical or *de minimis*...." *Id.* In hearings on this issue, the trial court described plaintiff's success as more technical than substantive. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* at 792–793. Defendant argues, correctly, that the material relationship of the parties remained unaltered by this litigation because the city's zoning ordinance precluded plaintiff from using Harrison Avenue for truck traffic. On the other hand, plaintiff can correctly argue that defendant no longer acts to enforce its zoning ordinance without notice and an opportunity for a hearing.

In *Farrar*, the Court held that the civil rights plaintiff who had received only nominal damages was a "prevailing party" under § 1988 even though the plaintiff's *de minimis* success required that a "reasonable" attorney's fee award would be no award at all. *Farrar*, 506 U.S. at 105, 115. The Court explained:

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to 'affect the behavior of the defendant toward the plaintiff.' Only under these circumstances can civil rights litigation effect 'the material alteration of the legal relationship of the parties' and thereby transform the plaintiff into a prevailing party. In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. [*Id.* at 111–112 (citations omitted).]

Plaintiff satisfies this test because it obtained an enforceable judgment (the TRO), which modified defendant's behavior in a way that directly benefited plaintiff by removing the physical barricade that blocked its access to its property via Harrison Avenue.

Pertinent to this case, the *Farrar* Court observed that " 'the denial of procedural due process should be actionable for nominal damages without proof of actual injury.' " *Farrar*, 506 U.S. at 112, quoting *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Further, quoting *Carey*, 435 U.S. at 266, the Court opined that "awarding of nominal damages for the 'absolute' right to procedural due process 'recognizes the importance to organized society that [this] right be scrupulously observed' while 'remaining true to the principle that substantial damages should be awarded only to compensate actual injury.' " *Farrar*, 506 U.S. at 112. Therefore, the Court held that "a plaintiff who wins nominal damages is a prevailing party under § 1988," which "inquiry does not turn on the magnitude of the relief obtained." *Farrar*, 506 U.S. at 113–114. In this case, because the trial court determined that defendant's violation of plaintiff's right to procedural due process qualified for a nominal damage award, plaintiff satisfied the threshold query under § 1988 of being a "prevailing party."

**\*5** The next question is whether the trial court abused its discretion by awarding plaintiff all claimed attorney fees through the date the court issued a preliminary injunction on February 17, 2006. Was the court's award of $186,679 as an attorney's fee reasonable? "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114. " '[T]he degree of the plaintiff's overall success goes to the reasonableness' of a fee award...." *Id.*, quoting *Texas State Teachers Ass'n*, *supra* at 793. Indeed, when determining the reasonableness of an attorney's fee award under § 1988, " 'the most critical factor[,] ... is the degree of success obtained.' " *Farrar*, 506 U.S. at 114, quoting *Hensley*, 461 U.S. at 436. The *Farrar* Court further held that when a plaintiff seeking money damages achieves prevailing party status but wins only nominal damages, the only reasonable attorney's fee award may be no award at all. *Farrar*, 506 U.S. at 115. The Court explained:

> In some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his "absolute" right to procedural due process through enforcement of a judgment against the defendant. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action "must always be designed 'to *compensate injuries* caused by the [constitutional] deprivation.' " When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all. In an apparent failure to heed our admonition that fee awards under § 1988 were never intended to " 'produce windfalls to attorneys.' " the District Court awarded $280,000 in attorney's fees without "considering the relationship between the extent of success and the amount of the fee award." [*Farrar*, 506 U.S. at 115–116 (citations omitted).]

The Sixth Circuit Court of Appeals has followed *Farrar* by holding that in civil rights actions where a plaintiff primarily is seeking monetary damages but obtains only nominal relief with respect to their claims, a reasonable attorney's fee award was no fee at all. *Pouillon*, 326 F.3d at 717–718; *Cramblit*, 33 F.3d at 635–636. Under *Farrar* and its progeny in the Sixth Circuit Court of Appeals, if plaintiff had obtained only nominal damages on its federal claims, then the only reasonable attorney's fee under § 1988 would have been no fee at all. However, as we have noted already, plaintiff's case is distinguishable from *Farrar*, *Pouillon*, and *Cramblit*, because plaintiff obtained more than just nominal relief. Plaintiff also obtained equitable relief in the form of the trial court's order to remove the barricade blocking Harrison Avenue. However, this relief was obtained by the issuance of TRO at the end of July 2005. We conclude that the trial court abused its discretion by awarding plaintiff attorney's fees through the subsequent injunctive relief for ingress and egress because that relief was based on plaintiff's state law claim to an easement in Harrison Avenue. Plaintiff obtained relief for the procedural due process violation in July 2005 when the trial court issued the TRO for the removal of the barricades the city erected. Procedural due process does not guarantee any particular result on the merits but only requires "notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner." *Mettler Walloon, LLC v. Melrose Twp.*, 281 Mich.App. 184, 214, 761 N.W.2d 293

(2008). After the trial court ordered the removal of the barricades, plaintiff was accorded procedural due process regarding its easement and all other claims either party asserted. To the extent the trial court's determination in its February 17, 2006 order, "that placement of barricades by [defendant] to prevent access from Harrison was without legal justification," was a finding regarding a violation of due process, it resulted in only nominal damages so that "no attorney fee" is a reasonable attorney fee under § 1988. *Farrar,* 506 U.S. at 115–116.

*6 The only tangible success plaintiff achieved in this case, apart from the finding of a procedural due process violation warranting only nominal damages, was the July 2005 TRO ordering the city to remove the physical barricades it erected on Harrison Avenue. All of plaintiff's other state and federal claims were dismissed. Plaintiff initiated this lawsuit to enable it to use Harrison Avenue for the purpose of daily routing hundreds of commercial trucks to its truck terminal. Plaintiff succeeded early in the litigation by obtaining an order that the city remove the physical barrier to its planned use of Harrison Avenue for truck traffic, but the legal barrier of defendant's zoning ordinance and the substandard condition of Harrison Avenue remained unaffected by this litigation. Further, although plaintiff was successful in establishing its state law claim to an easement, it was unsuccessful in achieving its overall objective of securing the right to use Harrison Avenue for the purpose of daily routing hundreds of trucks to its truck terminal via Harrison Avenue without fully complying with defendant's ordinance. Consequently, in light of the very limited success that plaintiff achieved, and in light of the fact that the due process violation caused no real damages to plaintiff, we conclude the trial court abused its discretion by not limiting a reasonable attorney's fee under § 1988 to the legal fees plaintiff incurred through its obtaining the TRO that resulted in the removal of the barricades the city had erected without notice and an opportunity for a hearing. Such an award of reasonable attorney's fees under § 1988 would thus be limited to the " 'degree of success obtained.' " *Farrar,* 506 U.S. at 114, quoting *Hensley,* 461 U.S. at 436.

We reverse in part and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219 as neither party fully prevailed.

**All Citations**

Not Reported in N.W.2d, 2011 WL 1687625

Footnotes

2   42 USC 1988(b) provides in pertinent part: "In any action or proceeding to enforce [various federal statutes, including 42 USC 1983] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

3   Federal law governs plaintiff's federal constitutional right to due process and its 42 USC 1983 claim. *Markis v. City of Grosse Point Park,* 180 Mich.App. 545, 553, 448 N.W.2d 352 (1988). An abuse of discretion occurs under Michigan law when the trial court's decision is outside the range of principled outcomes. *Taylor v. Currie,* 277 Mich.App. 85, 99, 743 N.W.2d 571 (2007).

End of Document                                     © 2017 Thomson Reuters. No claim to original U.S. Government Works.