# EXHIBIT J

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

NATALIE REESER,

    Plaintiff-Appellant,

v.                                  Case No: 16-2303

HENRY FORD HOSPITAL,

    Defendant-Appellee.

---

On Appeal from the United States District Court
for the Eastern District of Michigan

---

**BRIEF OF COUNSEL FOR DEFENDANT-APPELLEE
HENRY FORD HOSPITAL IN RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE**

| | |
|---|---|
| MILLER COHEN, PLC | VARNUM LLP |
| Keith D. Flynn (P74192) | Terrance J. Miglio (P30541) |
| Adam C. Graham (P79361) | Attorneys for Defendant-Appellee |
| Attorneys for Plaintiff-Appellant | 160 W. Fort Street, Fifth Floor |
| 600 Lafayette Blvd. - 4th Fl | Detroit, MI  48226 |
| Detroit, MI 48226-0840 | (313) 481-7300 |
| (313) 964-4454 | (313) 481-7340 (Fax) |
| (313) 964-4490 (Fax) | tjmiglio@varnumlaw.com |
| kflynn@millercohen.com | |
| agraham@millercohen.com | |

Dated: June 22, 2017

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .................................................................................................................. 1

    I.   Undersigned Counsel's Advocacy Was Not Intended To Be Vexatious ......... 2

    II.  Counsel's Intent Was Not To Unreasonably Multiply The Proceedings ......... 4

    III.  Under Legal Authorities, An Additional Sanction Would Not Be Just ........ 5

Conclusion and Relief Requested ........................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Aston v. Tapco Intern. Corp.*,
  631 Fed Appx 292 (6th Cir 2015) ...................................................................... 6

*Cox v. Koninklijke Philips, N.V.*,
  647 Fed Appx 625 (6th Cir. 2016) ...................................................................... 6

*Hogan v Jacobson*,
  823 F.3d 872 (6th Cir. 2016) ............................................................................... 6

*Jones v. Continental Corp*,
  789 F.2d 1225 (6th Cir. 1986) ............................................................................. 5

*Red Carpet Studios Div. Of Source Advantage, Ltd. v. Sater*,
  465 F.3d 642 (6th Cir. 2006) ............................................................................... 6

*Waeschle v Dragovic*,
  687 F3d 292 (6th Cir 2012) ................................................................................. 7

**Statutes**

28 U.S.C. §1927 .................................................................................................. 1, 5, 7

**Rules**

F.R.A.P 38 ................................................................................................................ 1

F.R.C.P. 11 ............................................................................................................... 1

## INTRODUCTION

As a litigator in courtrooms across the country for 38 years, Undersigned Counsel has never been the subject of any disciplinary proceedings or the target of any federal or state sanctions sought under F.R.A.P 38, F.R.C.P. 11, 28 U.S.C. § 1927, a Michigan Court Rule, or any other disciplinary rules governing the conduct of attorneys. Needless to say, this Court's searing rebuke in its Opinion of June 8, 2017, which raises the possibility of a sanction against Counsel personally, has been a jarring experience.

It appears that Undersigned Counsel's vigorous advocacy on behalf of the Defendant-Appellee in a long-standing, exhausting and highly contentious case with a *de minimis* jury award may have, out of frustration with such a case, pushed acceptable boundaries beyond the views of propriety held by this Court, and for that no excuse is acceptable or offered.

In response to the Court's instructions for Counsel to Show Cause why a sanction should not be imposed, first and foremost, Undersigned Counsel humbly expresses his deep regret for any offense to the Court and high degree of personal contrition.

Counsel's advocacy on behalf of his client was intended to be zealous and tough, to be sure, but not vexatious or oppressive, or worse, improper. The Court's control-of-counsel message relayed by the Opinion of June 8 has been

received loud and clear. Undersigned Counsel offers this short Brief, not just as an apology to the Court, as well as to Plaintiff and to her attorneys, but also to petition the Court for a mitigating explanation in diminution of perceived wrongdoing. Undersigned Counsel's rationale for filing the Motion to Strike Plaintiff's Reply Brief or Leave to File a Sur Reply may clarify the record and serve to underscore that Counsel acted in good faith. The Court's finding that Defense Counsel may have gone too far by filing a Motion to either Strike Plaintiff's Reply Brief or for Leave to File a Sur Reply will hopefully be tempered by these explanatory notes.

I. **Undersigned Counsel's Advocacy Was Not Intended To Be Vexatious**

To say that this case has been hotly contested and litigated aggressively by both sides would be an understatement, an observation shared by this Court's June 8, 2017 Opinion (see Opinion, p 2, attached as Exhibit A; see also, p 10, noting that both parties share blame "for the acrimonious nature of this case"). In the heat of a battle where Plaintiff's Jury Verdict of $3,200, surely a success for the defense, was then the subject of an original attorney's fee request of $315,133.32, nearly 100 times greater than the Jury's damages award, Defense Counsel must remain vigilant. Counsel's intent in filing the Motion at issue was never to increase the costs or burdens of litigation on Plaintiff and her Counsel. Rather, after reviewing the Plaintiff's Reply Brief on Appeal, Defense Counsel believed

2

that there were additional arguments, largely as to issue preservation, that ought to be placed before this Court for more fully informed decision-making on the merits of the appeal, and no more than that. Undersigned Counsel only wanted to make a thorough, lawyerly presentation to aid this Court's review.

In hindsight, with the benefit of the Court's sagacious clarity, and after critical self-assessment, perhaps Defense Counsel should have focused his advocacy on a request to amend the Appellee Brief as a measure to address the issues. This would have put Defendant's views on issue preservation and the recent change in the law before the Court with less drama. Instead, Counsel, in a perhaps flawed analysis, saw two options: (1) move to strike arguments that Defense Counsel believed were not preserved, or (2) request an opportunity to file a short Sur Reply Brief on these issues. Defense Counsel now regrets the choice to raise those in a single motion requesting alternative relief, as it has resulted in a constellation of misunderstandings, some fair, for which Undersigned Counsel accepts his portion of responsibility. In similar situations in the future, the Court may be assured that Undersigned Counsel will apply the lessons of this day.

This Court disagreed with Undersigned Counsel's analytical choice and denied the Motion for alternative relief. The Court also ruled against Henry Ford Hospital on the substantive issue on appeal. Undersigned Counsel submits that the relief already awarded to Plaintiff and her counsel – a remand to the trial court to

re-consider the award of attorney's fees on a $3,200 jury verdict together with the Court's Internet-available opinion chastising the Undersigned Counsel's conduct and judgment – is, respectfully, appropriate relief under the circumstances such that additional sanctions on counsel would neither be just nor necessary.

**II.   Counsel's Intent Was Not To Unreasonably Multiply The Proceedings**

As a zealous advocate on behalf of the Appellee Henry Ford Hospital, Undersigned Counsel has attempted to represent his client aggressively but always squarely within the rules of professional ethics and in good faith. It appears that by asking this Court to either strike Plaintiff's Reply Brief or allow Appellee to file a Sur Reply to respond to arguments not previously addressed, this Court believes that Counsel's advocacy went too far.

Undersigned Counsel's rationale for filing a Motion to Strike or a Motion to file a Sur Reply was never intended to multiply the proceedings, to file improper motions, or to waste the time of Opposing Counsel or the Court with unnecessary complications. Rather, Counsel sought to strike arguments that Undersigned Counsel believed to be unpreserved. Importantly, Appellee did, alternatively, seek Leave of Court to file a short Sur Reply Brief so that this Honorable Court could benefit from more fully informed decision-making that Defendant Hospital's justified cause required.

4

Undersigned Counsel respectfully asserts that, because the Court rejected Defendant's Motion in its entirety and ultimately ruled in favor of Plaintiff on the merits of the attorneys' fees appeal, that the denial of the Motion is itself, appropriate relief. This is not a case where imposing an additional sanction on the lawyer for an unsuccessful litigation position would be appropriate.

### III. Under Legal Authorities, An Additional Sanction Would Not Be Just

The text of 28 U.S.C. §1927 provides, in full:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Interpreting Section 1927, the Sixth Circuit explained in *Jones v. Continental Corp*, 789 F.2d 1225, 1330 (6th Cir. 1986):

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least **when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims**, a trial court does not err by assessing fees attributable to such actions against the attorney.
> (Emphasis Supplied.)

Under the standard announced in *Jones, supra*, Undersigned Counsel's Motion to Strike or File A Sur Reply was not successful but that does not mean the

Motion was "needlessly obstructive" or "frivolous," of course. Undersigned Counsel also does not believe that the filing of the Motion to Strike or for Leave to File a Sur Reply "far exceed[ed] zealous advocacy" or was done recklessly as contemplated as warranting a sanction under *Red Carpet Studios Div. Of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

With much respect, Undersigned Counsel believes that this Honorable Court's resolution of the appeal in favor of Plaintiff the denial of the Motion to Strike or for Leave to File a Sur Reply, which will result in Plaintiff renewing her attorney's fee request in the District Court, are adequate forms of relief for Plaintiff and that additional duplicative sanctions would not be just. See, e.g., *Hogan v Jacobson*, 823 F.3d 872 (6th Cir. 2016) (sanctions denied against counsel for the party that lost the merits of the appeal where counsel's actions were not frivolous or in bad faith); *Cox v. Koninklijke Philips, N.V.*, 647 Fed Appx 625 (6th Cir. 2016) (denial of sanctions where arguments raised by counsel, though "unconvincing" and "particularly weak", were not frivolous) (Ex. B); *Aston v. Tapco Intern. Corp.*, 631 Fed Appx 292 (6th Cir 2015) (sanctions denied, finding that although counsel failed to establish a prima facie case for his claims, the case was not frivolous from the outset, and moreover, "the district court took appropriate action by dismissing [plaintiff's] claims") (Ex. B).

## Conclusion and Relief Requested

This Honorable Court is fair-minded, as seen in the case of *Waeschle v Dragovic*, 687 F3d 292, 296-297 (6th Cir 2012), where the Court exhibited a slow-to-anger patience with an attorney who was the target of a § 1927 sanctions request in a case where the attorney's conduct was, indisputably, far more egregious. There, the attorney failed to cite controlling precedent to this Court; this failure was all the more inexcusably odious because counsel there was the attorney-of-record in the very precedent he contumaciously failed to cite. Instead of imposing § 1927 sanctions on the attorney, even where controlling precedent meant that the plaintiff's claims had "no chance of success," this Court merely admonished the attorney without the exaction of sanctions. It is respectfully suggested that the consideration given to highly errant counsel in *Waeschl* should be given here.

The rebuke in this June 8, 2017 Opinion has startled Undersigned Counsel and has inexorably caused him to consider how he might better implement forceful and successful legal arguments to win, but never to offend. Undersigned Counsel offers a sincere apology to this Court, to Plaintiff and her attorneys, but requests that the Court decline to impose sanctions against him as it his view that no justice requires additional monetary sanctions or punishment for a lawyer with a 38 year unblemished record.

7

          Respectfully submitted,

          VARNUM LLP

          By: /s/ Terrence J. Miglio
          Terrance J. Miglio (P30541)
          *Attorney for Defendant-Appellee*
          160 W. Fort Street, Fifth Floor
          Detroit, MI   48226
          (313) 481-7300
          (313) 481-7340 (Fax)

Dated:   June 22, 2017    tjmiglio@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

        */s/Terrence J. Miglio*
        Terrence J. Miglio (P30541)